**Gallagher Will Continue To Suffer Irreparable Harm if Defendants Are Not Immediately Enjoined**

112.    By their actions, the Defendants have caused irreparable harm to Gallagher and threaten to cause additional irreparable harm unless enjoined.

113.    Without immediate injunctive relief, requiring Defendants, among other things, to (1) account for and immediately return all stolen data, (2) cease their interference with Gallagher customers and employees, (3) cease from any further use or disclosure of Gallagher confidential, proprietary, and/or trade secret data, (4) preserve all relevant evidence, (5) permit the inspection and forensic imaging and preservation of all electronic storage devices and email accounts to which the Individual Defendants have had access since January 1, 2007,  and (6) identify who has been given access to (and what use has been made of) the Gallagher data Defendants stole, copied, and/or destroyed, Gallagher will suffer immediate and irreparable harm, as Defendants will have the ability to further unlawfully raid Gallagher's employee base, unlawfully and unfairly steal Gallagher's customers, and use, disclose, retain, and destroy Gallagher data, causing Gallagher irreparable harm.

114.    Gallagher has a strong likelihood of success on the merits, based on the facts established.  It is difficult, if not impossible, to place a monetary value on the damage that would be done to Gallagher if Defendants are not enjoined.  Conversely, EPIC and the Individual Defendants would suffer no prejudice if enjoined under the circumstances, since they have no right to keep or use any Gallagher data still in their possession or solicit Gallagher clients in violation of their agreements and in an unfair and deceptive manner, and as preserving evidence and allowing the inspection of any computers or Electronic Storage Devices in their possession, pursuant to court ordered protocols, would cause minimal intrusion.

## COUNT ONE

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halblieb, Martin, Petty, Chua, and Middleton)**

115.    Gallagher realleges and incorporates by reference paragraphs 1 through 114 above.

116.    Gallagher's computers, computer network, servers and systems have network and

1    Internet capabilities and are used to provide insurance services in interstate commerce throughout

2    the United States and across state lines.  Gallagher has servers located outside the State of

3    California.  Defendants' computers routinely accessed or had access to Gallagher's computer

4    network, Gallagher's out of state servers and Gallagher's proprietary information.  Therefore,

5    Gallaghers' computers are protected computers under the Computer Fraud and Abuse Act.

6    117.    In taking the actions complained of, including accessing Gallagher servers and the

7    network for the purpose of misappropriating data, loading and running defragmentation programs

8    and deleting Gallagher's proprietary information from Gallagher's computers, Defendants Neil

9    Cohn, Halblieb, Martin, Petty, Chua, and Middleton, on behalf of and in furtherance of the

10   conspiracy with EPIC, knowingly and with intent to defraud, improperly accessed Gallagher's

11   protected computer without or exceeding authorization, resulting in loss or damage to Gallagher

12   in excess of $5,000.

13   118.    By their actions, Defendants, in furtherance of the conspiracy, also caused the

14   transmission of a program, information, code, or command which was designed to erase

15   proprietary Gallagher data contained within Gallagher's computers and cover-up their own

16   actions, and those of their co-conspirators, resulting in damage to a protected computer.

17   119.    Defendants' conduct was done knowingly, intentionally, and recklessly, with the

18   intent to cause damage and defraud, and caused actual damage to Gallagher, in violation of 18

19   U.S.C. §1030, including, without limitation, 18 U.S.C. §§1030(a)(4), (a)(5)(A)(i), (a)(5)(A)(ii),

20   and (a)(5)(A)(iii).

21   120.    As a direct, proximate and legal cause of this access and transmission, Gallagher

22   has sustained damages in an amount in excess of Five Thousand Dollars ($5,000), in an amount

23   to be proven at trial, and is further entitled to injunctive relief.

24   121.    Each of the aforementioned acts was done willfully and maliciously, with the

25   deliberate intent to injure Gallagher's business and, on information and belief, for Defendants'

26   financial gain, thereby entitling Gallagher to exemplary damages and/or attorneys' fees to be

27   proven at trial.

28

## COUNT TWO

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halblieb, Martin, Petty, Chua, and Middleton)**

122.    Gallagher realleges and incorporates by reference paragraphs 1 through 121 above.

123.    Gallagher maintains and owns a computer network, computer programs or software and a computer system as those terms are defined in California Penal Code §502 (collectively, "Computer System"), and which includes the computers and network provided by Gallagher to the Individual Defendants while they were employed by Gallagher and while they had lawful access to these computers and network.  On its Computer System, Gallagher maintains confidential and proprietary information, including the information described above.

124.    Without permission or authorization, and knowingly and without authorization, Defendants Neil Cohn, Halblieb, Martin, Petty, Chua, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC:

(a)    accessed and/or provided a means of accessing and/or assisted in providing a means of accessing Gallagher's Computer System and the data contained therein;

(b)    used and/or caused to be used Gallagher's Computer System and the data contained therein;

(c)    took, copied, and thereafter made use of data and supporting documentation from Gallagher's Computer System;

(d)    altered and deleted data contained in Gallagher's Computer System;

125.    Defendants engaged in these acts knowingly and intentionally, and on information and belief, for the purpose of defrauding, deceiving, extorting, and wrongfully obtaining and controlling Gallagher's money, property, and data.

126.    The conduct of the Defendants listed above violates California Penal Code §502, including, without limitation, California Penal Code §502(c)(1), (2), (3) (4), (6), and (7).

127.    As a direct, proximate and legal cause of each of Defendants' acts alleged herein, Gallagher has suffered compensatory damages in an amount to be proven at trial and is entitled to

Case No.

COMPLAINT OF A.J. GALLAGHER & CO., INC.; DEMAND FOR JURY TRIAL

1    an award of reasonable attorneys' fees, in an amount to be proven at trial.

2        128.    On information and belief, after knowingly accessing Gallagher's Computer

3    System and Gallagher's confidential and proprietary information without authorization or

4    permission, Defendants retained some or all of the data and other information that they obtained

5    from their unlawful conduct.  Accordingly, Gallagher is entitled to injunctive relief and other

6    equitable relief, including, without limitation, permanent injunctive relief and restitution and

7    disgorgement of any and all profits or other benefits that Defendants have obtained in connection

8    with their illegal conduct.

9        129.    Each of the aforementioned acts was done willfully and maliciously, with the

10   deliberate intent to injure Gallagher and with conscious disregard of Gallagher's rights, thus

11   entitling Gallagher to an award of punitive damages in an amount commensurate with

12   Defendants' conduct and appropriate to deter others from engaging in similar misconduct.

### COUNT THREE
**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et. seq.* – Against Defendants
EPIC, Neil Cohn, Halblieb, Martin, Petty, Chua, and Middleton, on behalf of and in
furtherance of the conspiracy with EPIC)**

16       130.    Gallagher realleges and incorporates by reference paragraphs 1 through 129 above.

17       131.    Gallagher enjoys an advantage over its existing and would-be competitors in

18   providing insurance brokerage and risk management services.

19       132.    As alleged above, Gallagher has developed and maintained valuable trade secret

20   information. Gallagher has made reasonable efforts under the circumstances to preserve the

21   confidentiality of its trade secrets.  Such information derives independent economic value from

22   not being generally known to the public or to other persons who can obtain economic value form

23   their disclosure or use.  Accordingly, the above-described information constitutes "trade secrets,"

24   under California's Uniform Trade Secrets Act, Cal. Civ. Code §3426 *et. seq.*

25       133.    Gallagher's current and former employees were and are under a duty both to keep

26   Gallagher's proprietary and confidential information secret, and not to use or disclose such

27   information other than for the benefit of Gallagher and with Gallagher's authorization.  In taking

28   this information from Gallagher and bringing it with them in their employment with EPIC, the

1   Individual Defendants, and EPIC, knew or should have known that they acquired such

2   information under circumstances giving rise to a breach of a duty to maintain its secrecy or limit

3   its use, and/or derived such information from or through a person who has such a duty and/or

4   through improper means.  Nevertheless, Defendants retained this information in unauthorized

5   fashion and on information and belief, have used and/or plan to use this information to benefit

6   themselves, EPIC, and other persons.  They have used and intend to use that information without

7   the express or implied consent of Gallagher.

8       134.    As described above, Gallagher is informed and believes that the Individual

9   Defendants and Gallagher have misappropriated, retained and are using Gallagher's trade secrets

10  without Gallagher's express or implied consent and/or used improper means to acquire

11  knowledge of the trade secrets.

12      135.    Defendants obtained the proprietary and confidential information described above

13  directly or indirectly from Gallagher and not from generally available information or through

14  their own independent research and efforts.

15      136.    Defendants' actions constitute misappropriation of Gallagher's trade secrets under

16  Cal. Civ. Code §3426 et seq.

17      137.    Defendants' wrongful conduct in misappropriating Gallagher's confidential

18  information, unless and until enjoined and restrained by order of this Court will cause great and

19  irreparable harm to Gallagher.  Gallagher is threatened with losing its confidential and proprietary

20  information, as well as current and potential business.

21      138.    Gallagher has no adequate remedy at law for the injuries currently being suffered,

22  and the additional injuries that are threatened, because it would be impossible to quantify in

23  dollars the losses described above when this matter is finally adjudicated, and Defendants will

24  continue to engage in their wrongful conduct and Gallagher will continue to suffer irreparable

25  injury that cannot be adequately remedied at law unless Defendants are enjoined from engaging

26  in any further such acts of misappropriation.

27      139.    In addition, as a direct and proximate cause of Defendants' misappropriation of

28  Gallagher trade secrets, Defendants have been unjustly enriched in an amount to be ascertained at

1    trial and Gallagher has sustained, and will continue to sustain, actual damages in an amount to be

2    proven at trial. Gallagher has also suffered irreparable harm as a result of Defendants' actions.

3         140.    Each of the acts of misappropriation was done willfully and maliciously by

4    Defendants, with the deliberate intent to injure Gallagher's business and improve their own

5    business and for financial gain, thereby entitling Gallagher to exemplary damages and/or

6    attorneys' fees to be proven at trial pursuant to Cal. Civ. Code §3246.3(c).

7    **COUNT FOUR**

8    **(Misappropriation of Other Employer Property—Cal Labor Code §2860 – Against Defendants  Neil Cohn, Halblieb, Martin, Petty, Chua, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

9

10         141.    Gallagher realleges and incorporates by reference paragraphs 1 through 140 above.

11         142.    The aforementioned acts of Individual Defendants constitute misappropriation of

12    employer property in violation of California Labor Code §2860.

13         143.    By engaging in the acts described above, Defendants, in furtherance of the

14    conspiracy, have acquired property belonging to Gallagher, including but not limited documents

15    and electronic information relating to Gallagher's business and customers, and have unjustly

16    retained and used such property in pursuit of unfair competition against Gallagher in violation of

17    the California Labor Code.

18         144.    Everything the Individual Defendants formerly employed by Gallagher obtained

19    through their employment with Gallagher belongs to Gallagher whether acquired lawfully or

20    unlawfully during or after the employment.

21         145.    Defendants' wrongful conduct in misappropriating Gallagher's property, unless

22    and until enjoined and restrained by order of this Court will cause great and irreparable harm to

23    Gallagher. Gallagher is threatened with losing its proprietary information, as well as current and

24    potential business.

25         146.    As a direct and proximate result of Defendants' actions alleged herein, Defendants

26    have caused Gallagher to suffer damages in an amount to be proven at trial.

27         147.    In addition, as a direct and proximate cause of Defendants' misappropriation of

28    Gallagher property, Defendants have been unjustly enriched in an amount to be ascertained at

Case No.

-39-    COMPLAINT OF A.J. GALLAGHER & CO., INC.; DEMAND FOR JURY TRIAL

1    trial and Gallagher has sustained, and will continue to sustain, actual damages in an amount to be

2    proven at trial. Gallagher has also suffered irreparable harm as a result of Defendants' actions.

3    **COUNT FIVE**

4    **(Conversion – Against Defendants EPIC, Neil Cohn, Halblieb, Martin, Petty, Chua, and**

5    **Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

6        148.    Gallagher realleges and incorporates by reference paragraphs 1 through 147 above.

7        149.    By engaging in the acts described above, Defendants wrongfully took possession

8    of property belonging to Gallagher, without permission or authorization, and retained, altered

9    damaged and/or destroyed some or all of said property.

10        150.    As a proximate result of Defendants' decision to retain property belonging to

11    Gallagher, and to convert it for his own use, benefit and financial gain, Defendants has caused

12    Gallagher to suffer damages in an amount to be proven at trial.

13        151.    On information and belief, Defendants continues to retain some or all of said

14    Gallagher property, thereby entitling Gallagher to injunctive relief.

15        152.    Each of these acts were done willfully and maliciously by Defendants, with the

16    deliberate intent to injure Gallagher's business and for Defendants' own financial gain, thereby

17    entitling Gallagher to exemplary damages and/or attorney's fees to be proven at trial.

18    **COUNT SIX**

19    **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**

20    **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
**Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

21        153.    Gallagher realleges and incorporates by reference paragraphs 1 through 152 above.

22        154.    The Executive Agreements entered into by Individual Defendants Amos, Wally

23    Brown, Michael Brown, Cohn, Dutto, English, Halbleib, Johnson, Martin, Phillips, Quinn,

24    Stinson, Wagener, and Watkins with Gallagher required them, among other things, to (a) devote

25    their efforts to Gallagher and not to simultaneously engage in competing employment or activities

26    that poses a conflict of interest; (b) maintain the secrecy of Gallagher's confidential and

27    proprietary information, (c) to return all confidential information, documents and property of

28    Gallagher upon termination of their employment with Gallagher, (d) to provide a Notice Period,

Case No.

-40-

COMPLAINT OF A.J. GALLAGHER & CO.,
INC.; DEMAND FOR JURY TRIAL

1    (e) in order to protect Gallagher's confidential and proprietary trade secret information, refrain

2    from soliciting the specific Gallagher customers with whom the employees worked while

3    employed by Gallagher – if such solicitation of customers would involve the use of Gallagher

4    confidential information or otherwise violate any other contractual commitments; and (f) to

5    refrain from soliciting Gallagher employees.   Gallagher is informed and believes, and thereupon

6    alleges, that EPIC entered into substantially identical contractual covenants with the Individual

7    Defendants vis-à-vis EPIC customers and employees.

8        155.    Additionally, Individual Defendants Amos, Michael Brown, Cohn, Chua, Dutto,

9    English, Halbleib, Johnson, Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick executed

10   acknowledgements and agreed to abide by Gallagher's Code of Business Conduct and Ethics and

11   other Corporate Policies, which further required the Individual Defendants formerly employed by

12   Gallagher (a) to be loyal to Gallagher and avoid conflicts of interest, (b) to protect Gallagher's

13   confidential and proprietary information and other property, and (c) to make proper use of

14   Gallagher assets, and not use Gallagher assets for their own personal use or gain.

15       156.    For the purposes of protecting its confidential, proprietary, and trade secret

16   information and for the purposes of retaining key employees, Gallagher entered into Stock Option

17   Agreements with key employees, including Defendants Wally Brown, Brian Quinn, Neil Cohn,

18   Carolann Cohn, Laura Wick, Jim Halbleib, Steve Hause, Carol Cohn, Linda Soo Hoo, and

19   George Petty.   The grants were expressly conditioned on Gallagher's employees faithfully and

20   loyally carrying out their duties, and not engaging in acts "harmful to the interests of the

21   Company." Such harmful acts defined in the Stock Option Plan included soliciting existing and

22   prospective Gallagher clients for whom the employees performed work on behalf of Gallagher

23   within the two-year period preceding the employees' termination, if doing so would require the

24   employees to "reveal, make judgments upon, or to otherwise use or divulge any confidential

25   information or trade secrets of the Company

26       157.    Gallagher has performed (or was excused from performing) all of its obligations

27   under these contracts except for those, if any, from which it was legally excused, frustrated,

28   waived or excused by the prior material breaches of Defendants.

-41-

COMPLAINT OF A.J. GALLAGHER & CO., INC.; DEMAND FOR JURY TRIAL

Case No.

158.    Without excuse or justification, by engaging in the acts alleged, Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Hause, Petty, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick have willfully, deliberately, unjustifiably and inexcusably breached their obligations under the contracts through their acts of disloyalty, misappropriation, and unlawful solicitation

159.    Gallagher is informed and believes, and thereupon alleges, that Defendants Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick continue to breach their contractual obligations to Gallagher by retaining, using, disclosing and/or failing to return and help recover Gallagher's confidential and proprietary information, and engaging in prohibited solicitation of Gallagher customers and employees.

160.    As a proximate result of the breaches of contract by these Defendants, Gallagher has suffered, and will continue to suffer, general and special damages in an amount to be proven at trial. Gallagher seeks compensation for all damages and losses proximately caused by the breaches.

161.    Gallagher has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, because it would be impossible to quantify in dollars the loss sustained pending final adjudication of this matter.

### COUNT SEVEN

**(Breach of the Covenant of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

162.    Gallagher realleges and incorporates by reference paragraphs 1 through 161 above.

163.    Implied in the Executive Agreements, Code of Business Conduct and Ethics, Stock Agreements, and other Corporate Policies executed and acknowledged by Amos, Michael Brown, Wally Brown, Cohn, C. Cohn, Petty, Hause, Dutto, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick are covenants that each of them would act in good faith and deal fairly with Gallagher, and that they would do nothing to deprive Gallagher of the benefit of that agreement.

-42-

164.    Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick breached the implied covenant of good faith and fair dealing by engaging in some or all of the conduct described herein, including, but not limited to: (a) increasing costs to Gallagher, while knowing of their intent to resign *en masse*, to inflict maximum financial loss to Gallagher; (b) plotting to divert and take away the employees of Gallagher, consisting of over half of its San Ramon office, (in large part while they were still employed by Gallagher); (c) engaging in a scheme to misappropriate Gallagher's Confidential Information, while covering-up their plot; (d) aiding and abetting in the misappropriation of Gallagher's Confidential Information; (e) using the misappropriated proprietary, confidential, and/or trade secret information for the benefit of themselves and/or others, including, but not limited to EPIC;  and (f)  engaging in unfair competition in connection with contractually prohibited solicitation of customers and employees, that included the making of misrepresentations to Gallagher's clients, causing substantial loss in good will.

165.    Gallagher has duly performed all acts, conditions, covenants and promises to be performed on its part as required by the Executive Agreements and the Code of Business Conduct and Ethics Agreement, except for those, if any, from which it was legally excused, frustrated, waived or excused by the prior material breaches of Defendants.

166.    As a direct, proximate and legal cause of the breach, by Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Hause, Petty, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and/or Wick, of the implied covenant of good faith and fair dealing in the Executive Agreements and the Code of Business Conduct and Ethics Agreement, Gallagher has sustained damages in an amount in excess of the minimum jurisdiction of this Court, in an amount to be proven at trial.

## COUNT EIGHT
**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halblieb, Quinn, Hause).**

167.    Gallagher realleges and incorporates by reference paragraphs 1 through 166 above.

168.    While employed by Gallagher, Defendants were executive-level, highly-

-43-

COMPLAINT OF A.J. GALLAGHER & CO., INC.; DEMAND FOR JURY TRIAL

1  compensated employees and officers of Plaintiff.  These defendants occupied positions of trust

2  and authority sufficient to create a duty of good faith and loyalty to Gallagher, as well as

3  fiduciary duties to Gallagher.

4       169.    By assisting in the development and execution of, and failing to divulge and take

5  affirmative measures to prevent, the acts alleged herein, Defendants Wally Brown, Cohn,

6  Halblieb, Quinn, and Hause violated their fiduciary duties and their duty of loyalty to Gallagher.

7       170.    Defendants' conduct has caused and will continue to cause irreparable harm to

8  Gallagher for which there is no adequate monetary remedy.

9       171.    Gallagher is entitled to an award for all of the damages it has suffered as a result of

10  Defendants' breach of fiduciary duty and duty of loyalty.   Each of the acts by these defendants

11  was done willfully and maliciously, with the deliberate intent to injure Gallagher and, on

12  information and belief, for their benefit and financial gain, as well as the benefit and financial

13  gain of their co-conspirators EPIC and the other Individual Defendants, thereby entitling

14  Gallagher to exemplary damages and/or attorneys' fees to be proven at trial.

15                              **COUNT NINE**

16  **(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except**

17  **Francis and Hahn)**

18       172.    Gallagher realleges and incorporates by reference paragraphs 1 through 171 above.

19       173.    The aforementioned acts of Individual Defendants constitute Breach of the Duty of

20  Loyalty in violation of California Labor Code §§2854 and 2859.

21       174.    An employment relationship existed between Gallagher, as employer, and the

22  Individual Defendants formerly employed by Gallagher, as employees.  By virtue of this

23  relationship, the Individual Defendants formerly employed by Gallagher had a duty of loyalty to

24  act, at all times, in the best interests of Gallagher.

25       175.    The Individual Defendants formerly employed by Gallagher breached this duty of

26  loyalty owed to Gallagher by the acts complained of herein.

27       176.    As a proximate result of these breaches of the duty of loyalty owed to Gallagher,

28  the Individual Defendants formerly employed by Gallagher have caused injuries and damages to

-44-

COMPLAINT OF A.J. GALLAGHER & CO.,
INC.; DEMAND FOR JURY TRIAL

1   Gallagher, in an amount to be proven at trial, but which are in excess of the minimum

2   jurisdictional amount of this Court. Gallagher is also entitled to restitution and disgorgement of

3   any proceeds Defendants realized during their period of disloyalty.

4        177.    Gallagher is informed and believes that at all times relevant to these allegations,

5   the conduct of the Individual Defendants was intentional and done with malice towards

6   Gallagher, fraud and oppression. Gallagher is further informed and believes that the Individual

7   Defendants knew they were breaching their duty of loyalty owed to Gallagher, but in conscious

8   disregard for the rights of Gallagher, set upon a course of conduct which placed their own

9   interests, and the interests of their co-conspirators, including EPIC, above Gallagher's interests

10  during their employment with Gallagher. As a consequence, Gallagher is entitled to an award of

11  punitive or exemplary damages in an amount sufficient to punish or set an example of the

12  Individual Defendants.

13                                  **COUNT TEN**

14  **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

15

16       178.    Gallagher realleges and incorporates by reference paragraphs 1 through 177 above.

17       179.    At all relevant times, EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick were

18  aware of the existence of the valid and binding Gallagher Executive and Stock Agreements

19  entered into by Gallagher employees including Amos, Michael Brown, N. Cohn, Dutto, English,

20  Halbleib, Johnson, Martin, Phillips, Quinn, Stinson, Wagener, Watkins, and Wick, and the Code

21  of Business Conduct and Ethics Agreements entered into by Gallagher employees. Gallagher is

22  informed and believes and thereupon alleges that EPIC even specifically reviewed the Gallagher

23  contracts at issue in connection with the conspiracy – contracts that contain the same or

24  substantially similar obligations as EPIC expects its own employees to abide by and therefore,

25  provisions which EPIC knew were valid and enforceable.

26       180.    Defendants intentionally induced the Gallagher employees to breach their

27  contracts with Gallagher in several ways, including encouraging them to resign without providing

28  Gallagher with the contractual notice and encouraging them to solicit Gallagher employees and

-45-                    COMPLAINT OF A.J. GALLAGHER & CO., INC.; DEMAND FOR JURY TRIAL

Case No.

1  customers in violation of their contractual obligations, to perform work for EPIC while still

2  actively employed by Gallagher, and failing to take reasonable and appropriate measures to

3  ensure that the Gallagher employees did not misappropriate Gallagher data – all in direct

4  contravention of the contracts then in existence between Gallagher and its employees.

5     181.   Defendants also were aware at all times that Gallagher enjoyed binding contractual

6  relationships with its customers and clients for the provision of services.   Nevertheless, by

7  actively encouraging the Gallagher employees to illegally solicit Gallagher's customers, and use

8  Gallagher misappropriated data, misrepresentations and unfair practices to do take away

9  Gallagher's business, Defendants have interfered with these contracts.

10     182.   These acts by Defendants have caused and continue to cause Gallagher to suffer

11  economic damages proximately caused by the intentional interference.

12     183.   These acts by Defendants continue in the form of continued interference with

13  existing Gallagher employees' and customers' contracts, and thus have caused and, unless

14  enjoined, will continue to cause irreparable damage to Gallagher in the form of loss of client good

15  will and proprietary knowledge, and loss of relationships with its employees, for which Gallagher

16  has no adequate remedy at law.

17     184.   The acts of Defendants were done willfully and maliciously, with the deliberate

18  intent to injure Gallagher's business and improve their own business and for financial gain,

19  thereby entitling Gallagher to exemplary damages and/or attorneys' fees to be proven at trial.

20  **COUNT ELEVEN**

21  **(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, N. Cohn, Chua, Dutto, Ellsworth,**

22  **Halbleib, Hause, Johnson, Quinn, and Wagener)**

23     185.   Gallagher realleges and incorporates by reference paragraphs 1 through 184 above.

24     186.   Gallagher had and has valid business relationships and business expectancies with

25  its employees and customers.

26     187.   Knowing of and about these employee relationships, customer relationships, and

27  business expectancies, Defendants have intentionally intervened and are interfering with and

28  appropriating them, including but not limited to, for the improper purpose of soliciting these

1    employees away from Gallagher through unlawful means, diverting their efforts for themselves

2    through improper and illegal means, and otherwise causing termination and disruption of and/or

3    interference with Gallagher's relationships and expectancies with its employees and customers.

4        188.    As a result of Defendants' intentional interference with these relationships and

5    business expectancies, Gallagher has been and will continue to be injured irreparably and

6    otherwise, while Defendants are unjustly enriched.

7        189.    If Defendants are not enjoined, Gallagher will continue to be injured irreparably

8    and otherwise.

9        190.    Each of these acts was done willfully and maliciously by Defendants, with the

10   deliberate intent to injure Gallagher's business and improve their own business and for financial

11   gain, thereby entitling Gallagher to exemplary damages and/or attorneys' fees to be proven at

12   trial.

13                                    **COUNT TWELVE**

14   **(Unfair Competition—Cal Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

15       191.    Gallagher realleges and incorporates by reference paragraphs 1 through 190 above.

16       192.    The aforementioned acts of Defendants constitute fraudulent and unfair business

17   practices in violation of California Business and Professions Code §17200 *et seq.*

18       193.    As a direct and proximate result of Defendants' unfair business practices,

19   Gallagher has suffered, and will continue to suffer, losses in an amount in excess of the

20   jurisdictional limits of this Court, and in an amount to be proven at trial and has suffered

21   irreparable harm.  Pursuant to California Business and Professions Code §§17203 and 17204,

22   Gallagher is entitled to temporary and permanent injunctive relief enjoining EPIC, and

23   individuals and entities acting in concert with it, from engaging in further conduct constituting

24   unfair competition.

25                                   **COUNT THIRTEEN**

26              **(Unjust Enrichment – Against All Defendants)**

27       194.    Gallagher realleges and incorporates by reference paragraphs 1 through 193 above.

28       195.    By engaging in the acts described above, Defendants have and continue to benefit

1    from their wrongdoing, and have been unjustly enriched by reaping the benefits of their unlawful

2    activities to the damage and irreparable harm of Gallagher.

3        196.    The circumstances are such that it would be inequitable for Defendants to retain

4    the benefits received from the actions described without repaying the lost value to Gallagher.

5    **COUNT FOURTEEN**

6    **(Fraud — Against Wally Brown, N. Cohn, Petty, Halblieb, Quinn, Wick)**

7        197.    Gallagher realleges and incorporates by reference paragraphs 1 through 196 above.

8        198.    By engaging in affirmative acts and representation designed to conceal and prevent

9    Gallagher from discovering the acts alleged herein, the following Defendants committed

10   fraudulent acts including but not limited to:

11       (a)    Wally Brown, Brian Quinn and Laura Wick affirmatively misrepresented

12   the circumstances of Wick's resignation to induce Gallagher's reliance on the alibi and not arouse

13   suspicion concerning EPIC or otherwise enable Gallagher to limit and/or prevent the subsequent

14   harm inflicted on it by Defendants;

15       (b)    Halblieb and Petty committed fraud by asserting that they had not

16   misappropriated data when such was not the case, and Petty took affirmative measures, from an

17   IT perspective, to conceal Cohn's theft;

18       (c)    Cohn made affirmative misrepresentations in his resignation letter, and

19   together with Petty's buy-in, was designed to induce Gallagher's reliance on the representations

20   that he had not misappropriated Gallagher data;

21       (d)    Defendants Brown, N. Cohn and Quinn, incurred expenses entertaining

22   clients, on the premise that they were attempting to strengthen Gallagher's existing and

23   prospective relationship with these customers when in fact, Defendants' intent was to convince

24   these clients to refrain from providing Gallagher with additional business, and to give the

25   business to EPIC;

26       (e)    Defendants Brown, Cohn and Quinn incurred auto expenses when they

27   knew they would be leaving Gallagher's employ shortly thereafter, and that Gallagher would not

28   enjoy the intended benefits for paying these expenses; and

1        (f)     Defendants affirmatively concealed the fact that Wick was involved in

2  establishing EPIC's new office and that there was mass solicitation occurring by Officers of

3  Gallagher.

4      199.   The misrepresentations made by these Individual Defendants were material, in that

5  they were made with the intent to induce Gallagher's reliance on them while the Defendants

6  actively engaged in activities which conflicted with their employment with Gallagher.

7      200.   Gallagher's reliance on these Individual Defendants' fraudulent misrepresentations

8  was reasonable.  The Individual Defendants, intent on doing harm to Gallagher, acted in

9  coordinated and surreptitious fashion to carry out their plan, and went to extraordinary lengths to

10  conceal their malfeasance.  Gallagher's trust in its Officers, managing agents, and longstanding

11  employees was justifiable, as was its belief that its employees were providing their best efforts

12  and working in the best interests of the Company.

13      201.   As a proximate result of the actions alleged herein, Defendants caused Gallagher

14  to suffer damages in an amount to be proven at trial.

15      202.   Defendants' acts of fraud were committed with the deliberate intent to injure

16  Gallagher's business and improve their own business and for financial gain, thereby entitling

17  Gallagher to exemplary damages and/or attorneys' fees to be proven at trial.

18                  **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiff Gallagher prays that the Court:

20     1.    Enter judgment in favor of Gallagher and against Defendants on all Claims for

21  Relief;

22     2.    Temporarily, preliminarily and permanently enjoin Defendants and all persons or

23  entities acting in concert with them, from directly or indirectly taking the following actions:

24          (a)    Accessing, using, retaining, or disclosing any of Gallagher's data,

25               documents or property taken from or belonging to Gallagher;

26          (b)    Retrieving, copying, transmitting or disseminating any copies of

27               Gallagher's data, documents or property taken from or belonging to

28               Gallagher;

1        (c)   Destroying, altering, erasing, or otherwise modifying, or causing or

2              permitting anyone else to destroy, alter, erase, or otherwise modify, any of

3              Gallagher's data, documents or property taken from or belonging to other

4              evidence relating to this action;

5        (d)   Interfering with Plaintiffs' existing customer contracts or employment

6              relationships, including but not limited to seeking to or actually transacting

7              business with any current Gallagher customer whose data or information

8              Defendants obtained or removed from Gallagher and/or soliciting any

9              employees of Gallagher in violation of any contractual obligation owed to

10             Gallagher by any Defendant;

11     Gallagher further prays that the Court, as part of its injunctive order, direct Defendants

12  and all persons or entities acting in concert with them, to affirmatively and immediately do the

13  following:

14        (a)   Identify under oath each and every file and piece of electronic data (by

15              name, hash marks, or other identifying means) they accessed and/or

16              removed/copied off of Gallagher's Computers;

17        (b)   Identify under oath the location of all files, and copies of files, they

18              accessed and removed from Gallagher's Computers;

19        (c)   Identify under oath with specificity (manufacturer, version number, etc.) the

20              particular type of program they used to delete data off of Gallagher's

21              Computers;

22        (d)   Identify all computer media issued to the Individual Defendant by EPIC

23              that they have accessed or used at any time and which has ever contained

24              any Gallagher data or data that incorporates or reflects Gallagher data;

25        (e)   Identify and provide an accounting of all Gallagher data or data that

26              incorporates or reflects Gallagher data in their possession, custody and

27              control, including the location of such data;

28

(f)    Identify under oath all Electronic Storage Devices (including but not limited to home computers, thumb drives, CDs, hard drives, private Web email accounts, and other media capable of storing electronic data) in Defendants' possession, custody and control, for purposes of allowing a third party expert to forensically image and preserve the data on these Electronic Storage Devices so that through the discovery process, the Electronic Storage Devices can be inspected;

(g)    Identify under oath who has been given access to and what use has been made of the Gallagher data Defendants removed from the Gallagher's Computers or otherwise have retained.

3.    Order Defendants to account for and pay to Gallagher all gains, profits and savings derived from their illegal conduct;

4.    Order Defendants to disgorge all monies Gallagher paid to Defendants during the time they breached their duties to Gallagher and all monies received as a result of those breaches;

5.    Order Defendants to pay Gallagher the damages sustained by Gallagher as a result of Defendants' unlawful acts;

6.    Order the former Gallagher employees to forfeit all improperly obtained remuneration, including equity awards, obtained while acting as the faithless servants of Gallagher.

7.    Order impoundment and return to Gallagher of all stolen property;

8.    Order Defendants to pay Gallagher punitive and/or treble damages for all claims for relief for which such damages are authorized, including the misappropriation of trade secrets statute;

9.    Order Defendants to pay Gallagher its attorneys' fees incurred in this action and all other costs of the action;

10    Order Defendants to pay Gallagher all costs associated with detecting the discovery of violations of California Penal Code section 502;

11.    Order prejudgment and post judgment interest at the maximum legal rate, as

1  provided by the laws of California, as applicable, as an element of damages which Gallagher has

2  suffered as a result of the wrongful and illegal acts of Defendants;

3      12.    Order Defendants to pay Gallagher's restitution for all Claims for Relief for which

4  restitution is authorized; and

5      13.    Order such other relief as the Court deems just and equitable.

6

7  DATED:  December 20, 2007        BRADFORD K. NEWMAN
                                    PAUL, HASTINGS, JANOFSKY & WALKER LLP
8

9

10                                  By: _____
                                        BRADFORD K. NEWMAN
11
                                    Attorneys for Plaintiffs
12                                  Arthur J. Gallagher & Co. and Arthur J. Gallagher & Co.
                                    Insurance Brokers Of California, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                                       -52-        COMPLAINT OF A.J. GALLAGHER & CO.,
                                                            INC.; DEMAND FOR JURY TRIAL



October 17, 2007

Dear Brian and Wally,

It is with great reluctance I submit my resignation to the both of you. My last day with Gallagher will be Friday, November 2nd. If you feel you need me longer in order to transition my job duties, I will be more than willing to extend my last day until the following week.

I have decided to take some time off until the first of the year to spend time with my family. I am hoping if I decide to return to Gallagher in 2008 that there will be an open position for me.

Thank you for everything the both of you have done for me. I can't tell you how wonderful it has been working out of the Pleasanton office for the past ten years. I wish you both the best.

Kindest regards,

Laura Wick

----- Forwarded by Mike Goggio/CORP/AJG on 12/16/2007 11:33 AM -----

"Joan Wick" <joanwick@earthlink.net>

12/16/2007 11:32 AM
Please respond to
joanwick@earthlink.net


To
     "Brian Wick" <btwick@sbcglobal.net>, "Laura Wick" <laura_wick@ajg.com>
cc

Subject
     RE: Our trip..

Laura: What a surprise! We hope the job change will be a wonderful
opportunity for you--heaven knows you're the very best person to set up and
run the new company office.  Just hope the new job doesn't cause you too
much stress. We sure will miss seeing you, but we understand how important
this is and that there will be more holidays and other times to get
together.

Brian: We'll look forward to seeing you and the boys, and we'll hope for
nice weather, but don't count on it--folks here say we are overdue for some
cold weather so bring warm jackets for your Wed. sightseeing in DC.

Love to all, Mom


> [Original Message]
> From: Brian Wick <btwick@sbcglobal.net>
> To: Tracy Franck <tracy@jbreg.com>; Thomas wick <wickt@earthlink.net>;
Joan Wick <joanwick@earthlink.net>
> Date: 11/5/2007 1:50:07 PM
> Subject: Our trip..
>
> Hi Folks,
>
> Want to give you an update on our trip.  Our flight
> out is on Nov 20 (Tuesday) and we land at Wash/Dulles
> at 5:27PM.  Our flight home is on Friday the 23rd at
> 2:30 PM.  Again, some strange flights due to using our
> frequent flyer miles.
>
> Laura's job situation has changed and will make it
> hard for her to come.  Her boss and the rest of the
> sales people are leaving Gallagher to go to a
> competitor.  Laura also made the decision to go, and
> is now home for two weeks before starting with the new
> company.  Essentially, her job is to start the new
> branch office and set up the computers, facilities,
> and manage HR issues before the rest of the team quits
> and joins her.
>
> That week of Thanksgiving is when she needs to start
> the new job, and so we've decided that I will come out
> with the boys.  It will be a stressful time for her
> and trying to manage a cross country trip at the same
> time would be difficult.
>
> We have Wednesday to do some site seeing in DC and we
> are really looking forward to it.  I hope this plan
> works OK for everyone.
>
> Bri
>
>