1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2  STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3  SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
   1117 S. California Avenue
4  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
5  Facsimile: (650) 320-1900

6  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.
7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11 ARTHUR J. GALLAGHER & CO., INC., a        CASE NO.
   Delaware Corporation, ARTHUR J.
12 GALLAGHER & CO., INSURANCE                GALLAGHER & CO., INC.'S *EX PARTE*
   BROKERS OF CALIFORNIA, INC., a            MOTION FOR TEMPORARY
13 California Corporation,                   RESTRAINING ORDER, EVIDENCE
                                             PRESERVATION ORDER, EXPEDITED
14              Plaintiffs,                  DISCOVERY ORDER, AND ORDER TO
                                             SHOW CAUSE RE ISSUANCE OF
15        vs.                                PRELIMINARY INJUNCTION

16 EDGEWOOD PARTNERS INSURANCE
   CENTER, a California corporation; DAN R.
17 FRANCIS; JOHN G. HAHN; ANDREW
   ("WALLY") BROWN, JR.; BRIAN F.
18 QUINN; NEIL R. COHN; CAROLANN
   COHN; MICHAEL J. BROWN; STEPHEN
19 HAUSE; LAURA J. WICK; JAMES C.
   HALBLEIB; LAURINDA ("LAURIE") A.
20 MARTIN ; ERIC CHUA; GEORGE J.
   PETTY; LINDA SOO HOO; ROBERT E.
21 DUTTO; SUSAN M. ENGLISH; DON J.
   JOHNSON; ALLEN L. AMOS; WILLIAM
22 ("BILL") PHILLIPS, JR.; DIRCK
   ("RICK") R. STINSON; ROBERT ("BOB")
23 D. ELLSWORTH; ROBERT H.
   WATKINS; PAUL H. WAGENER;
24
   SHANDRANETTE MIDDLETON;
25
                Defendants.
26

27

28

   Case No.                                  MPA ISO TRO, OSC RE PRELIM. INJUNC., EVID.
                                              PRESERV., EXPEDITED DISCOVERY

**EX PARTE MOTION**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Northern District Local Rule 65-1 and 65-2, the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq.* ("CFAA"), and California Penal Code section 502, Plaintiffs ARTHUR J. GALLAGHER & CO. and ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC. ("Gallagher") hereby move for a Temporary Restraining Order, Expedited Discovery Order, and Order To Show Cause Re Issuance of Preliminary Injunction against Defendants, as set forth in the Proposed Order filed herewith.

Pursuant to Federal Rule of Civil Procedure 65(b), Gallagher has not provided notice of the *ex parte* hearing on its Motion for a Temporary Restraining Order, Evidence Preservation Order, Order to Show Cause re Issuance of a Preliminary Injunction, and Order Granting Expedited Discovery to Defendants because it believes (a) based on the circumstances set forth in the Memorandum and accompanying declarations, notice of this motion could render the litigation fruitless because through Defendants' conduct, there is a heightened concern that if provided notice, they will seek to hide and destroy the Gallagher data and evidence of its taking, and that the exact type of electronic and hard copy evidence which the requested emergency relief speaks to preserving will be lost; (b) the requested emergency relief concerns access to and use of Gallagher data, which Defendants have no right to possess in the first instance, and thus issuing the requested emergency relief on an *ex parte* basis will not prejudice Defendants; and (c) that immediate and irreparable injury will result to Gallagher if emergency injunctive relief does not issue even before the Defendants can be served and ordered to appear.

I.   **BASIS FOR TRO MOTION AND RELIEF SOUGHT**

Gallagher moves for a temporary restraining order and injunctive relief on the grounds that:

1.   Defendant Edgewood Partners Insurance Center ("EPIC") and its two senior most executives Defendants Dan Francis and James Hahn, working in concert with Plaintiffs' former officers, fiduciaries and senior managers Defendants Wally Brown, Brian Quinn, Neil Cohn and Laura Wick (while they were still employed by Gallagher), and certain of the other individually-

named Defendants, orchestrated a many-month scheme to raid in excess of 20 Gallagher employees from three different Gallagher offices: San Ramon, San Francisco, and San Jose. When all was said and done, the conspiracy netted more than 50 Gallagher employees, including approximately 49 from an office that originally employed approximately 73 people.

2. After months of planning, which included surreptitiously setting up EPIC's offices in the same complex as Gallagher's offices, the conspiracy was executed through mass resignations without prior notice in waves beginning on December 7, 2007, December 11, 2007, and throughout the following week.

3. Based on forensic and other evidence set forth in this motion, Gallagher is informed that at least five Defendants engaged in copying and/or downloading the exact Gallagher proprietary files for the customers that they and the other Individual Defendants, acting in concert, on behalf of EPIC and in furtherance of the conspiracy, subsequently stole using the misappropriated information and other unfair and deceptive practices.

4. Between December 12, 2007 and December 20, 2007, EPIC's and the Individual Defendants' unfair competition and other unlawful actions have resulted in 30 lost customers and several millions of dollars of business. While Gallagher's investigation into who took what and how exactly EPIC and the Individual Defendants are using all of the data remains ongoing, Gallagher has learned that Defendants are using its confidential information to continue to illegally solicit Gallagher employees and customers, and to otherwise interfere with Gallagher's customer relationships, in a wholesale effort to inflict the maximum damage on Gallagher's Northern California operations. Gallagher cannot wait any longer to seek Court assistance and intervention.

5. Submitted herewith is substantial evidence detailing the illegal and ongoing actions of EPIC and the Defendants, including the use of Gallagher confidential information to unlawfully solicit and interfere with Gallagher's customers yesterday and continuing even as this motion is being filed. The conduct at issue is being done in furtherance of the conspiracy, and through the misuse of Gallagher confidential and proprietary information obtained through violations of the Computer Fraud and Abuse Act and California Penal Code section 502,

misappropriated in violation of the Uniform Trade Secrets Act, and in breach of the fiduciary duties owed to Gallagher by its former officers and the contractual obligations owed by the Individual Defendants. The ongoing interference with business relations is also being done through multiple acts of unfair competition in violation of Business and Professions Code Section 17200, all of which actions are set forth in detail in the Memorandum and Declarations submitted herewith.

6. Without immediate injunctive relief, requiring Defendants, among other things, to (1) account for and immediately return all stolen data, (2) cease their interference with Gallagher customers and employees, (3) cease from any further use or disclosure of Gallagher confidential, proprietary, and/or trade secret data, (4) preserve all relevant evidence, (5) permit the inspection and forensic imaging and preservation of all electronic storage devices and email accounts to which the Individual Defendants have had access since January 1, 2007, and (6) identify who has been given access to (and what use has been made of) the Gallagher data Defendants stole, copied, and/or destroyed, Gallagher will continue to suffer immediate and irreparable harm, as Defendants will have the ability to further unlawfully raid Gallagher's employee base, unlawfully and unfairly steal Gallagher's customers, and use, disclose, retain, and destroy Gallagher data, until Gallagher's Northern California operations are decimated.

7. Gallagher has a strong likelihood of success on the merits, based on the facts established. It is difficult, if not impossible, to place a monetary value on the damage that would be done to Gallagher if Defendants are not enjoined. Gallagher will continue to suffer irreparable loss of its employee base, and to its goodwill, reputation and business. Conversely, in a short amount of time, Gallagher has spent significant time and effort discovering the evidence of Defendants' illegal conduct thus far and therefore has demonstrated the likelihood that it will prevail on the merits of its claims, while restraining Defendants from engaging in further unlawful conduct through the misuse of stolen Gallagher data and related unfair competition will not cause any prejudice to Defendants.

8. Gallagher seeks an order temporarily restraining and enjoining Defendants and all persons or entities acting in concert with them, from directly or indirectly taking the following

actions:

    a. Accessing, using, retaining, or disclosing any of Gallagher's data, documents or property taken from or belonging to Gallagher;

    b. Retrieving, copying, transmitting or disseminating any copies of Gallagher's data, documents or property taken from or belonging to Gallagher;

    c. Destroying, altering, erasing, or otherwise modifying, or causing or permitting anyone else to destroy, alter, erase, or otherwise modify, any of Gallagher's data, documents or property taken from or belonging to other evidence relating to this action; and

    d. Interfering with Plaintiffs' existing customer contracts or employment relationships, including but not limited to seeking to or actually transacting business with any current Gallagher customer whose data or information Defendants obtained or removed from Gallagher and/or soliciting any employees of Gallagher in violation of any contractual obligation owed to Gallagher by any Defendant.

## II. EVIDENCE PRESERVATION ORDER

Gallagher further prays that the Court, as part of its injunctive order, direct Defendants and all persons or entities acting in concert with them, to affirmatively and immediately do the following:

    a. Identify under oath each and every file and piece of electronic data (by name, hash marks, or other identifying means) they accessed, removed, or copied off of Gallagher's Computers;

    b. Identify under oath the location of all files, and copies of files, they accessed and removed from Gallagher's Computers;

    c. Identify under oath with specificity (manufacturer, version number, etc.) the particular type of program they used to delete data off of Gallagher's Computers;

    d. Identify all computer media issued to the Individual Defendant by EPIC that they have accessed or used at any time and which has ever contained any Gallagher data or data that incorporates or reflects Gallagher data;

    e. Identify and provide an accounting of all Gallagher data, and all data that

1 incorporates or reflects Gallagher data, in their possession, custody and control, including the
2 location of such data;

3       f.     Identify under oath all Electronic Storage Devices (including but not
4 limited to home computers, thumb drives, CDs, hard drives, private Web email accounts, and
5 other media capable of storing electronic data) in Defendants' possession, custody and control,
6 for purposes of allowing a third party expert to forensically image and preserve the data on these
7 Electronic Storage Devices so that through the discovery process, the Electronic Storage Devices
8 can be inspected;

9       g.     Identify under oath all persons and entities that have been given access to
10 and what use has been made of the Gallagher data Defendants removed from the Gallagher's
11 Computers or otherwise have retained.

## III. EXPEDITED DISCOVERY

To ensure that all Gallagher data in EPIC and each of the Individual Defendants' possession and/or control is accounted for, and to ensure a timely and informed preliminary injunction hearing, Gallagher requests the Court issue an Order permitting Gallagher to immediately:

(A) Serve upon each Defendant the following written discovery:

    (i) seven (7) of the same special interrogatories, three (3) special interrogatories unique to each Defendant, and

    (ii) ten (10) of the same document requests and five (5) document requests unique to each Defendant and that each Defendant be ordered to provide full, complete, and FRCP-compliant written responses to this discovery, and to produce all documents that are responsive to Gallagher's document requests, within seven (7) business days of the date of service. Gallagher shall serve its discovery requests on each Defendant via either facsimile or PDF email delivery, and such requests shall be deemed served immediately upon receipt; and

(B) Serve upon each Defendant a notice of a deposition and that each Defendant be ordered to appear in this judicial district for deposition at a time mutually convenient to the parties and their counsel, but in no case later than twenty (20) days from the date of service of the

1  deposition notice. Service shall be made and deemed complete in the manner described in
2  Paragraph 1, above.

3  **IV.   ORDER TO SHOW CAUSE**

4  Gallagher requests that EPIC and each of the Individual Defendants be ordered to appear before the Court, at a date, time and place to be set, to show cause why the Court should not issue a Preliminary Injunction consistent with the TRO.

7  This *Ex Parte* Motion is based on this Motion, the Memorandum of Points and Authorities in support thereof, the Declarations Jon Berryhill, Warren Kruse, James McFarlane, Lynn Tu, Todd Kimble, Elizabeth Francy Demaret, Doug Bowring, Steven Ring and Bradford K. Newman, filed concurrently herewith (and the exhibits thereto), the Proposed Order filed herewith, and such further papers, evidence, and arguments as may be submitted to the Court.

12  DATED: December 19, 2007           PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: *Bradford K. Newman /SSS/*
BRADFORD K. NEWMAN

Attorneys for Plaintiffs
ARTHUR J. GALLAGHER & CO., INC. and ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC.