PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL, R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL (NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 79-5 AND 7-11)**<br><br>Hearing Date:<br>Time:<br>Judge:<br>Courtroom: |

**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL:**

PLEASE TAKE NOTICE THAT Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher"), hereby moves, pursuant to Northern District of California Civil Local Rules 79-5 and 7-11, for an order to file under seal portions of its Memorandum Of Points And Authorities In Support Of *Ex Parte* Motion For Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, And Order to Show Cause Re Issuance of Preliminary Injunction, and the Declarations of Jon A. Berryhill, Warren G. Kruse II, James G. McFarlane, Lynn Tu, Doug Bowring, and Steven Ring in support of said Ex Parte Motion, and to file under seal the Declaration of Elizabeth Francy Demaret, in its entirety.

The documents and portions of documents that Gallagher seeks to seal are as follows:

| Item No. | Document | Page, Line |
|---|---|---|
| 1 | Memorandum Of Points And Authorities In Support Of *Ex Parte* Motion For Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, And Order to Show Cause Re Issuance of Preliminary Injunction | Page 8, Line 4 to Page 11, Line 12 |
| 2 | Declaration of Jon A. Berryhill | Exhibits B, C, D, E, and F, in their entirety |
| 3 | Declaration of Warren G. Kruse II | Page 5, Lines 15 through 16 (after "user accessed" until "true and correct") |
| 4 | Declaration of Warren G. Kruse II | Page 5, Line 25 (after "user accessed" until "a true and correct") |
| 5 | Declaration of Warren G. Kruse II | Page 6, Lines 10 through 11 (until "True and") |
| 6 | Declaration of Warren G. Kruse II | Exhibits B, C, D, E, F, G, and H, in their entirety |
| 7 | Declaration of James G. McFarlane | Page 16, Line 5 to Page 18, Line 18 |
| 8 | Declaration of James G. McFarlane | Page 19, Line 5 to Page 20, Line 4 |
| 9 | Declaration of James G. McFarlane | Page 20, Line 15 to Page 21, Line 13 |
| 10 | Declaration of James G. McFarlane | Page 21, Line 26 to Page 22, Line 8 |
| 11 | Declaration of James G. McFarlane | Page 24, Lines 1 through 13 (after "Gallagher client") |
| 12 | Declaration of James G. McFarlane | Exhibits K, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, and FF, in their entirety |

| | | |
|---|---|---|
| 13 | Declaration of Lynn Tu | Page 10, Lines 1 through 2 (after "Gallagher client" until "contacted me") |
| 14 | Declaration of Doug Bowring | Page 1, Line 7 (after "Gallagher client") |
| 15 | Declaration of Doug Bowring | Page 1, Line 9 (after "products and services to") |
| 16 | Declaration of Doug Bowring | Page 1, Line 10 through 12 (after "I telephoned" until "had executed a Broker of Record") |
| 17 | Declaration of Doug Bowring | Page 1, Line 16 (before "explained that") |
| 18 | Declaration of Doug Bowring | Page 1, Line 18 through 19 (after "to transfer" until "account from Gallagher", and after "EPIC." until "reported that") |
| 19 | Declaration of Doug Bowring | Page 1, Line 21 (after "transferring" until "business from") |
| 20 | Declaration of Doug Bowring | Page 1, Line 24 (after "EPIC," until "did not want") |
| 21 | Declaration of Doug Bowring | Page 1, Lines 25 through 26 (after "to be, in" until "words, clearly unethical") |
| 22 | Declaration of Doug Bowring | Page 1, Line 28 (after "formerly serviced" until "account") |
| 23 | Declaration of Doug Bowring | Page 2, Line 1 (entire Line) |
| 24 | Declaration of Steven Ring | Page 1, Line 7 (after "team and" until "a client") |
| 25 | Declaration of Steven Ring | Page 1, Line 9 (entire Line) |
| 26 | Declaration of Steven Ring | Page 1, Line 10 (after "this meeting" until "informed us") |
| 27 | Declaration of Steven Ring | Page 1, Line 18 (until "also showed us") |
| 28 | Declaration of Steven Ring | Page 1, Line 20 (after "document" until "informed me") |
| 29 | Declaration of Steven Ring | Page 1, Line 21 (after "our meeting with" until "Gallagher") |
| 30 | Declaration of Steven Ring | Page 1, Lines 22 through 23 (after "provided to" until "as a Gallagher") |
| 31 | Declaration of Steven Ring | Page 1, Lines 26 through 27 (after "our meeting with" until "A true and correct") |
| 32 | Declaration of Steven Ring | Page 1, Line 28 (after "the information" until "provided to us") |
| 33 | Declaration of Steven Ring | Exhibits A and B, in their entirety |
| 34 | Declaration of Elizabeth Francy Demaret | In its entirety |

The aforementioned documents and portions of documents contain confidential, proprietary, and trade secret information belonging to Gallagher, including the identities of top revenue-generating clients, file names pertaining to Gallagher clients, and Gallagher files pertaining to clients and consisting of internally-developed, commercially-sensitive, data compilation relating to Gallagher's servicing of clients, including client contacts and preferences, financial and pricing data, data regarding particularized insurance requirements and account

preferences, business and client strategies, and more. They also contain commercially sensitive information belonging to Gallagher's clients and former clients.

Gallagher has lodged the above-referenced documents and portions of documents in an envelope or container labeled as follows: "**DOCUMENT SUBMITTED UNDER SEAL.**"

This motion is based upon this Notice of Motion and Motion and Memorandum of Points And Authorities, the Declaration of Sarju A. Naran, and all exhibits attached thereto, all of which contain the factual basis in support of this Motion, all other documents which are being or will be filed and lodged in support thereof, all other documents on file herein, and such other and further evidence as the Court may consider at the hearing.

Gallagher respectfully submits that good cause exists for the filing of these documents under seal, and request that the Court order that the above-listed documents be filed under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As stated more fully in Gallagher's Complaint, this lawsuit revolves around EPIC's illegal raiding of more than 45 Gallagher employees and the associated theft and use of confidential Gallagher data to unfairly compete and steal millions of dollars of business. While active Gallagher officers, senior executives, fiduciaries and/or employees, Individual Defendants and former Gallagher employees Wally Brown, Brian Quinn, Michael Brown and Neil Cohn, in concert with EPIC executives Dan Francis and John Hahn, surreptitiously carried out their illegal actions in a conscious way so as to cause the utmost damage to Gallagher. Among other things, over a period of months and while still actively employed by Gallagher, these Defendants – working in close concert with Francis and Hahn – secretly leased space and set up EPIC's office in the same complex where Gallagher's office is located, used their insider knowledge of employee skills and salaries to illegally solicit and recruit their direct reports away from Gallagher and into jobs with Gallagher's competitor, and orchestrated the mass theft and use of Gallagher data to unfairly compete.

In response to this unfair competition and blatant theft of trade secrets, Gallagher seeks a Temporary Restraining Order, and preliminary and permanent injunctive relief concurrently

herewith. In filing its Memorandum Of Points and Authorities In Support Of *Ex Parte* Motion For Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, And Order to Show Cause Re Issuance of Preliminary Injunction and supporting documents, however, Gallagher necessarily and unavoidably has to provide to the Court certain confidential, proprietary, and trade secret information in order to make the requisite showing necessary for the Temporary Restraining Order that Gallagher needs in order to stop the irreparable harm that Defendants are inflicting and will continue to inflict absent Court intervention.

For purposes of protecting its confidential, proprietary, and trade secret information, therefore, and as good cause exists to seal this information, Gallagher now requests, pursuant to Northern District of California Civil Local Rule 79-5 and 7-11, an order that the aforementioned documents and portions of documents be filed under seal.

## II. ARGUMENT

Northern District Civil Local Rule 79-5(b)-(c) provides that counsel seeking to file documents and portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the court documents for which sealing is requested. Northern District Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as a trade secret or otherwise entitled to protection under the law…." Federal courts will seal documents in support of non-dispositive motions on a showing of "good cause." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 ( 9th Cir. 2006).

Gallagher has lodged the documents and portions of documents that are the subject of this motion in the manner provided for in Local Rule 79-5(c), and there is good cause for keeping these documents under seal.

This Court has the power to seal records to protect confidential, proprietary, and trade secret information. Both Federal and California law recognize that courts should protect **confidential commercial information** by reasonable means, including filing under seal of documents containing such information. See Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7) and (8) (a court may enter an order protecting the confidentiality of "a trade secret or other confidential research, development or commercial information," including a direction that

documents or information be filed under seal); Cal. Civ. Code Section 3426.5 ("a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." Id. As the Ninth Circuit has put it,

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other **confidential research, development, or commercial information**. See Fed. R. Civ. P. 26(c)(7). Rules 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002), quoting Seattle Times Co. v. Rhinehard, 467 U.S. 20, 36 (1984) (emphasis added).

As discussed above, the documents and portions of documents to be sealed listed above relate to and reflect Gallagher's confidential, proprietary, and trade secret information. Moreover, Gallagher's motion is narrowly tailored, as Gallagher seeks to seal only those portions of documents relating to its commercially sensitive information that Gallagher seeks to seal.

As the information discussed above constitutes confidential information, which by law may be sealed, Gallagher respectfully requests that the Court grant its motion.

///

### III. CONCLUSION

For the foregoing reasons, Gallagher submits that good cause exists for the filing of this Motion to file certain documents and portions of documents under seal and respectfully requests that the Court so order.

DATED: December 20, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN
SARJU A. NARAN

By: _____
       SARJU A. NARAN

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.