1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2  STEPHEN N YANG (SB# 142474) stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3  SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
   1117 S. California Avenue
4  Palo Alto, CA  94304-1106
   Telephone:  (650) 320-1800
5  Facsimile:  (650) 320-1900

6  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  ARTHUR J. GALLAGHER & CO., INC.,          CASE NO.
    a Delaware Corporation, ARTHUR J.
12  GALLAGHER & CO., INSURANCE                DECLARATION OF TODD KIMBLE
    BROKERS OF CALIFORNIA, INC., a
13  California Corporation,

14               Plaintiffs,

15          vs.

16  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California corporation; DAN
17  R. FRANCIS; JOHN G. HAHN;
    ANDREW ("WALLY") BROWN,
18  JR.; BRIAN F. QUINN; NEIL R. COHN;
    CAROLANN COHN; MICHAEL J.
19  BROWN; STEPHEN HAUSE; LAURA J.
    WICK; JAMES C. HALBLEIB;
20  LAURINDA ("LAURIE") A. MARTIN ;
    ERIC CHUA; GEORGE J. PETTY;
21  LINDA SOO HOO; ROBERT E. DUTTO;
    SUSAN M. ENGLISH; DON J.
22  JOHNSON;  ALLEN L.
    AMOS; WILLIAM ("BILL")  PHILLIPS,
23  JR.; DIRCK ("RICK") R. STINSON;
    ROBERT ("BOB") D. ELLSWORTH;
24  ROBERT H. WATKINS; PAUL H.
    WAGENER; SHANDRANETTE
25  MIDDLETON;

26               Defendants.

27

28

1  I, Todd Kimble, declare:

2    1.    I am currently employed as the Chief Information Officer of Arthur J. Gallagher

3  Brokerage & Risk Management Services, a division of A.J. Gallagher & Co. ("Gallagher"). I

4  have worked for Gallagher since 2005. I have personal knowledge of the facts set forth in this

5  Declaration, and if called as a witness, I would and could testify to the facts stated herein.

6    2.    Upon learning that several employees had announced their resignations from

7  Gallagher, at approximately 1:00 p.m. Central Time on December 7, 2007, I telephoned George

8  Petty, the Systems Administrator for Gallagher's San Ramon office, but was unable to reach him

9  on either his office or cellular telephones. Thereafter, I called the main telephone number for

10  Gallagher's San Ramon office and left instructions for Petty to call me as soon as he arrived.

11    3.    At approximately 2:30 p.m. Central Time, I spoke with the Gallagher San Ramon

12  receptionist, who informed me that Petty had just arrived at the San Ramon office. When I spoke

13  with him and asked why he was not answering his phone and why he had not returned my calls,

14  Petty replied that he was "really busy" and was planning to return my call in an hour or so. When

15  I asked if he was aware of what was going on in the San Ramon office, he responded that he was

16  not. I then clarified and asked if he knew about the employees who had announced their

17  resignations earlier that day, to which Petty replied, "Oh that, yeah," which signaled to me that he

18  was not taking the matter seriously.

19    4.    I then instructed Petty to immediately disable all access, including phone access,

20  network access, and access to Gallagher's agency management system access, where customer

21  data and other sensitive information is kept, for the five employees who resigned from Gallagher

22  earlier that morning. I also instructed Petty to immediately retrieve and secure the laptop and

23  desktop computers of the departed employees so that no one could access or do anything to those

24  devices. In response, Petty stated that he had already gathered and secured the computers of the

25  departed employees, and that he would disable the departed employees' phone and system access

26  per my instructions.

27    5.    Later that day, at approximately 6:00 p.m. Central Time, Petty informed me that he

28  had completed disabling the phone and system access of the departed employees.

Case No.                            -2-            **DECLARATION OF TODD KIMBLE**

6.      I am informed that the forensic evidence gathered to date indicates that the Gallagher computer of Neil Cohn, one of the employees who announced his resignation on December 7, 2007, was defragmented at approximately 5:50 p.m. Pacific Time on December 7, 2007. Defragmentation is a process which reduces the amount of fragmentation in file systems by physically reorganizing the contents of the disk to store the pieces of each file contiguously. Defragmenting a hard drive will overwrite file fragments on the hard drive, making it significantly more difficult to recover data from previously deleted files on the hard drive.

7.      Based on Petty's confirmation to me prior to 7:50 p.m. Central Time that he had already secured the Gallagher computers of Cohn and the other departed employees and would preserve them, and since it is not Gallagher's standard practice to defragment the computers of departed employees, Petty would have no legitimate business reason for defragmenting any Gallagher computer on December 7, 2007, especially since I instructed Petty to ensure that all computers of the departed employees, and the data therein, was preserved.

8.      I am informed that, four days later, on December 11, 2007, Petty resigned from Gallagher. Petty would know that Gallagher would expect his computer, and the data therein, to be preserved, and Petty would have no legitimate business reason to delete any files or data from either his Gallagher computer or the computers assigned by Gallagher to other departed employees, including the computers I instructed Petty to secure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of December, 2007, in Chicago, Illinois.

Todd Kimble

-3-                          DECLARATION OF TODD KIMBLE

Case No.