IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER, & CO., INC., et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>EDGEWOOD PARTNERS INS. CENTER, et al.<br><br>    Defendants. | No. C 07-06418 JSW<br><br>**ORDER TO SHOW CAUSE RE ISSUANCE OF TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE** |

This matter comes before the Court upon consideration of Plaintiffs' *ex parte* motion for a temporary restraining order, evidence preservation order, and expedited discovery order, and order to show cause re issuance of a preliminary injunction. The allegations supporting the motion are set forth in the Complaint and the memorandum in support of the request that the Court issue a temporary restraining order, and shall not be repeated here. In brief, among other alleged wrongs, Plaintiffs assert that certain individual defendants, who are former employees of Plaintiffs, stole proprietary information from Plaintiffs' computers and are now using that information to compete with Plaintiffs.

Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without written or oral notice to an adverse party or parties, when:

> (1) it clearly appears from the specific facts shown by affidavit or the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

"[C]ourts have recognized very few circumstances justifying the existence of an ex parte TRO. For example, an ex parte TRO may be appropriate 'where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).) That is not the situation here, where Plaintiffs clearly know the identity and the location of the Defendants.

In such a case, "courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.2d at 322.) Plaintiffs assert that in this case, the litigation could be rendered fruitless because the Defendants are likely to take action to hide or destroy the evidence that would support Plaintiffs' allegations. The Court concludes that Plaintiffs have failed to make a sufficient showing that the Defendants have a pattern of destroying or routinely destroy evidence of the actions underlying the Complaint or the files that they allegedly misappropriated from the Plaintiffs. *See, e.g., Adobe Systems, Inc. v. South Sun Products, Inc.*, 187 F.R.D. 636, 640-41 (S.D. Cal. 1999) (concluding that allegations that defendant "could easily remove evidence of copyright infringement by deleting Plaintiff's software from its PCs," insufficient to justify *ex parte* relief and finding plaintiffs' evidentiary submission of propensity to destroy evidence insufficient).

Accordingly, Plaintiffs' request for issuance of a temporary restraining order without notice to the Defendants is DENIED. Plaintiffs are HEREBY ORDERED to serve a copy of this Order, the Complaint, the *ex parte* Motion for a Temporary Restraining Order and its Supporting Papers on Defendants **by no later than 12:00 p.m., Friday, December 21, 2007**.

IT IS FURTHER ORDERED that Defendants shall file and serve any opposition to Plaintiffs' motion for a temporary restraining order by **12:00 p.m December 28, 2007.** Plaintiffs may file and serve a reply by no later than **12:00 p.m. on January 2, 2008**.

1    It is FURTHER ORDERED that hearing on Plaintiffs' motion for a temporary
2    restraining order shall be heard on **Friday, January 4, 2008 at 9:00 a.m.**
3    The Court has set this schedule in light of the fact that Plaintiffs move for a temporary
4    restraining order. The Court, however, is amenable to any stipulations or requests to modify
5    this briefing schedule and hearing date. Thus, if any of the parties wishes to modify the briefing
6    schedule or the hearing date, they may submit such a request to the Court demonstrating good
7    cause for such modification.
8    Although the Court is not ordering specific relief at this time, given the allegations set
9    forth in Plaintiffs' Complaint and the evidentiary submissions in support of their motion,
10   regarding access to computers, electronic media and storage devices, the Court finds it
11   advisable to expressly remind all parties that now that litigation has commenced, the parties,
12   each of their officers, agents, servants, employees, and all persons acting in concert with them,
13   or on behalf of them, owe a duty to preserve what they know or reasonably should know will be
14   relevant evidence in the pending lawsuit, including any electronically stored information, even
15   though no discovery request or order to preserve the evidence has yet been made. If relevant
16   evidence is destroyed, a party may move for sanctions pursuant to Federal Rule of Civil
17   Procedure 37(c)(2).
18   **IT IS SO ORDERED.**

Dated: December 20, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3