PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL, R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR A PROTECTIVE ORDER GOVERNING PLEADINGS FILED IN CONNECTION WITH THE INJUNCTION PROCEEDINGS (NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 79-5 AND 7-11)** |

1  Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co. Insurance
2  Brokers of California, Inc. (collectively "Gallagher") move for administrative relief from this
3  Court, pursuant to Northern District Civil Local Rule 7-11 and Federal Rule of Civil Procedure
4  26(c), to obtain a Protective Order governing the treatment of all pleadings and papers the
5  Court orders filed under seal in connection with the injunction proceedings. The proposed
6  protections are designed to protect opposing parties' documents, data and information and would
7  be mutually binding upon all parties to this action.

8  Gallagher filed its Complaint and an Ex Parte Motion for Temporary Restraining Order
9  and other relief on December 20, 2007, along with a motion to file select documents and portions
10 of documents filed therewith under seal, pursuant to Northern District of California Civil Local
11 Rules 79-5 and 7-11. This Court granted Gallagher's motion to seal in its entirety on December
12 20, 2007, and issued a separate Order that afternoon requiring Gallagher to "serve a copy of…the
13 Complaint, the *ex parte* Motion for a Temporary Restraining Order and its Supporting Papers on
14 Defendants **by no later than 12:00 p.m., Friday, December 21, 2007.**" (Emphasis in original).
15 True and correct copies of the Court's Order granting Gallagher's motion to seal, and separate
16 Order requiring service of all papers on Defendants are attached as Exhibits A and B,
17 respectively, to the supporting Declaration of Sarju A. Naran ("Naran Decl."), filed herewith.

18 In accordance with the Court's Orders, Gallagher served the above described papers on
19 Defendants along with a cover letter that (1) described the contents of the documents being
20 served, (2) advised Defendants of the portions of said documents that were filed under seal, (3)
21 specifically requested that Defendants execute and return this Court's form Stipulated Protective
22 Order "prior to reviewing any of the documents submitted under seal," and (4) placed Defendants
23 on notice that Plaintiffs did not consent to them using the papers for any purpose other than the
24 litigation. See Naran Decl., Exhibit C.

25 Plaintiffs were informed that Defendant Edgewood Partners Insurance Center retained
26 counsel on Friday, December 21, 2007. Having not received an executed copy of the Stipulated
27 Protective Order from EPIC's counsel, on Sunday morning, December 23, 2007, Gallagher
28 contacted EPIC and requested that counsel execute a copy of the Stipulated Protective Order and,

in furtherance of the cover letter served on December 21, 2007, advised EPIC that Gallagher designated the portions of its pleadings and papers filed under seal and served on December 21, 2007, as "Highly Confidential – Attorneys Eyes Only," as that term is defined in this Court's form Stipulated Protective Order. See Naran Dec., Exhibit D.

At approximately 10:48 p.m., on December 23, 2007, EPIC emailed a response that did not address the requested assurances. See Naran Decl., Exhibit E. On December 24, 2007, at approximately 7:54 a.m., Gallagher requested that EPIC agree to the following obligations, to be mutual and binding upon all parties to this action, for purposes of respecting opposing parties documents, data and information:

> [All pleadings the Court Orders filed under seal by any Party, including the sealed portions of the Declarations and exhibits served on your clients pursuant to the Court's December 20, 2007 Order:
>
> (1) shall not be used by any Party for any purpose other than this litigation;
>
> (2) shall not be disseminated to any non-parties to this litigation;
>
> (3) that any experts retained by any Party shall be required to abide by the requirements of Exhibit A to the form of Protective Order served with the pleadings on Friday December 21, 2007 (with the notice period to object to an expert being 24 hours); and
>
> (4) for the time being, that all Parties will treat the documents and information the Court orders filed under seal according to the "Confidential" standard set forth in the proposed Protective Order served with the pleadings on Friday December 21, 2007.

See Naran Decl., Exhibit F. Gallagher requested EPIC's response to the above limited and mutual protections by 10:00 a.m. EPIC failed to agree to these provisions by 10:15 a.m., thereby rendering this emergency administrative motion necessary.

No cause exists for Defendants to refuse to stipulate to the mutual and limited provisions above. Good cause exists for this motion as (1) the documents and pleadings served on Defendants pursuant to the Court's Order contain sensitive trade secret and other confidential research, development, and commercial information (as acknowledged by the Court, in accordance with Federal Rule of Civil Procedure 26(c), in connection with Plaintiff's Motion to Seal), (2) Gallagher served said documents and pleadings on Defendants pursuant to the express

1 terms of the Court's December 20, 2007 Order, (3) in connection with serving the papers and
2 thereafter, Gallagher took effective affirmative measures to maintain the protection to which the
3 materials are entitled until such time as a Protective Order is issued by the Court, and (4) EPIC
4 will no doubt request the same or similar protections for the pleadings it will file in connection
5 with the injunction proceedings. On these bases, Gallagher requests that this Court enter the
6 proposed Protective Order filed herewith.

DATED: December 24, 2007     PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
     SARJU A. NARAN

Attorneys for Plaintiffs ARTHUR J. GALLAGHER & CO., INC. and, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC.