1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2   STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
    SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3   SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
    1117 S. California Avenue
4   Palo Alto, CA 94304-1106
    Telephone: (650) 320-1800
5   Facsimile: (650) 320-1900

6   Attorneys for Plaintiffs
    Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  ARTHUR J. GALLAGHER & CO., Inc., a          CASE NO. 3:07-CV-06418-JSW
    Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE                  **DECLARATION OF SARJU A. NARAN IN**
    BROKERS OF CALIFORNIA, INC., a              **SUPPORT OF PLAINTIFFS'**
14  California Corporation,                     **ADMINISTRATIVE MOTION FOR A**
                                                **PROTECTIVE ORDER GOVERNING**
15                  Plaintiffs,                 **PLEADINGS FILED IN CONNECTION**
                                                **WITH THE INJUNCTION PROCEEDINGS**
16          vs.                                 **(NORTHERN DISTRICT OF**
                                                **CALIFORNIA CIVIL LOCAL RULES 79-5**
17  EDGEWOOD PARTNERS INSURANCE                 **AND 7-11)**
    CENTER, a California corporation; DAN
18  R. FRANCIS; JOHN G. HAHN;
    ANDREW ("WALLY") BROWN, JR.;
19  BRIAN F. QUINN; NEIL, R. COHN;
    CAROLANN COHN; MICHAEL J.
20  BROWN; STEPHEN HAUSE; LAURA J.
    WICK; JAMES C. HALBLEIB;
21  LAURINDA ("LAURIE") A. MARTIN;
    ERIC CHUA; GEORGE J. PETTY;
22  LINDA SOO HOO; ROBERT E. DUTTO;
    SUSAN M. ENGLISH; DON J.
23  JOHNSON; ALLEN L. AMOS;
    WILLIAM ("BILL") PHILLIPS, JR.;
24  DIRCK ("RICK") R. STINSON; ROBERT
    ("BOB") D. ELLSWORTH; ROBERT H.
25  WATKINS; PAUL H. WAGENER;
    SHANDRANETTE MIDDLETON,
26
                    Defendants.
27

28
    Case No.  3:07-CV-06418-JSW

1    I, Sarju A. Naran, declare:

2        1.    I am an attorney licensed to practice before the Courts of the State of California

3    and before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker

4    LLP, attorneys of record for Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher &

5    Co. Insurance Brokers of California, Inc. ("Gallagher"). If called as a witness, I would and could

6    competently testify thereto to all facts within my personal knowledge.

7        2.    Attached hereto as Exhibit A is a true and correct copy of the Court's December

8    20, 2007 Order granting, in its entirety, Gallagher's Administrative Motion to File Documents

9    and Portions of Documents Under Seal.

10        3.    Attached hereto as Exhibit B is a true and correct copy of the Court's December

11    20, 2007 Order requiring Gallagher to "serve the Complaint, the *ex parte* Motion for a Temporary

12    Restraining Order and its Supporting Papers on Defendants **by no later than 12:00 p.m., Friday,**

13    **December 21, 2007.**"

14        4.    Attached hereto as Exhibit C is a true and correct copy of the cover letter my office

15    served on all Defendants (including Defendant EPIC on December 21, 2007), along with the

16    pleadings, which (1) described the contents of the documents being served, (2) advised

17    Defendants of the portions of said documents that were filed under seal, (3) specifically requested

18    that Defendants execute and return this Court's form Stipulated Protective Order "prior to

19    reviewing any of the documents submitted under seal," and (4) placed Defendants on notice that

20    Plaintiffs did not consent to them using the papers for any purpose other than the litigation.

21        5.    Having received no response to Plaintiffs' request for execution and return of the

22    Stipulated Protective Order, on the morning of December 23, 2007, I sent an e-mail to outside

23    counsel for Defendant Edgewood Partners Insurance Center ("EPIC"), Malcolm Heinicke, Esq. of

24    Munger Tolles & Olson LLP. A true and correct copy of e-mail to EPIC's counsel is attached

25    hereto as Exhibit D.

26        6.    At approximately 10:48 p.m., on December 23, 2007, EPIC's counsel responded to

27    my e-mail. A true and correct copy of EPIC's counsel's response e-mail is attached hereto as

28    Exhibit E.

1    7.    This morning, December 24, 2007, I sent EPIC's counsel an e-mail, requesting that

2    EPIC stipulate to a limited and mutual agreement, as follows:

3        [U]nless and until the parties can agree on a form of Protective
         Order governing the injunctive proceedings, or the Court issues a
4        Protective Order, that all pleadings the Court Orders filed under
         seal by any Party, including the sealed portions of the Declarations
5        and exhibits served on your clients pursuant to the Court's
         December 20, 2007 Order:
6
7        (1) shall not be used by any Party for any purpose other than this
         litigation;

8        (2) shall not be disseminated to any non-parties to this litigation;

9        (3) that any experts retained by any Party shall be required to abide
         by the requirements of Exhibit A to the form of Protective Order
10       served with the pleadings on Friday December 21, 2007 (with the
         notice period to object to an expert being 24 hours); and
11
12       (4) for the time being, that all Parties will treat the documents and
         information the Court orders filed under seal according to the
         "Confidential" standard set forth in the proposed Protective Order
13       served with the pleadings on Friday December 21, 2007.

14   A true and correct copy of my December 24, 2007 e-mail to EPIC's counsel, sent at

15   approximately 7:54 a.m., is attached hereto as Exhibit F.

16       8.    As of the time of filing of this motion, approximately 10:30 a.m., EPIC has failed

17   to respond to my e-mail.

18       9.    Good cause exists for this motion as (1) the documents and pleadings served on

19   Defendants pursuant to the Court's Order contain sensitive trade secret and other confidential

20   research, development, and commercial information (as acknowledged by the Court, in

21   accordance with Federal Rule of Civil Procedure 26(c), in connection with Plaintiff's Motion to

22   Seal), (2) Gallagher served said documents and pleadings on Defendants pursuant to the express

23   terms of the Court's December 20, 2007 Order, (3) in connection with serving the papers and

24   thereafter, Gallagher took effective affirmative measures to maintain the protection to which the

25   materials are entitled until such time as a Protective Order is issued by the Court, (4) no cause

26   exists for Defendants to refuse to stipulate to the Court recommended form of Protective Order or

27   to otherwise ignore, delay or oppose Plaintiffs attempts to obtain a stipulated or court-issued

28   Protective Order; and (5) EPIC and the other Defendants are expected to request similar

1   protections in connection with the pleadings they file throughout the injunction proceedings, and

2   therefore, the requested Order will address the concerns of all parties and obviate the need for the

3   court to address a similar motion by Defendants at a future time.  On these bases, Gallagher

4   requests that this Court enter the proposed Protective Order filed herewith.

5       I declare under penalty of perjury under the laws of the United States of America that the

6   foregoing is true and correct.

7       Executed this 24th day of December, 2007, in Palo Alto, California.

8

9                                                   _____

10                                                  Sarju A. Naran

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NARAN DECLARATION IN SUPPORT OF
ADMINISTRATIVE MOTION FOR PROTECTIVE
ORDER

# EXHIBIT A

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER. a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL, R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS: PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO:<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL<br><br>Hearing Date:<br>Time:<br>Judge:<br>Courtroom: |

Pursuant to Local Rules 7-11 and 79-5, Plaintiffs' Administrative Motion To File Documents And Portions Of Documents Under Seal is hereby GRANTED for good cause shown.

The following portions of documents and documents are to be filed under seal:

| Item No. | Document | Page, Line |
|---|---|---|
| 1 | Memorandum Of Points And Authorities In Support Of *Ex Parte* Motion For Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, And Order to Show Cause Re Issuance of Preliminary Injunction | Page 8, Line 4 to Page 11, Line 12 |
| 2 | Declaration of Jon A. Berryhill | Exhibits B, C, D, E, and F, in their entirety |
| 3 | Declaration of Warren G. Kruse II | Page 5, Lines 15 through 16 (after "user accessed" until "true and correct") |
| 4 | Declaration of Warren G. Kruse II | Page 5, Line 25 (after "user accessed" until "a true and correct") |
| 5 | Declaration of Warren G. Kruse II | Page 6, Lines 10 through 11 (until "True and") |
| 6 | Declaration of Warren G. Kruse II | Exhibits B, C, D, E, F, G, and H, in their entirety |
| 7 | Declaration of James G. McFarlane | Page 16, Line 5 to Page 18, Line 18 |
| 8 | Declaration of James G. McFarlane | Page 19, Line 5 to Page 20, Line 4 |
| 9 | Declaration of James G. McFarlane | Page 20, Line 15 to Page 21, Line 13 |
| 10 | Declaration of James G. McFarlane | Page 21, Line 26 to Page 22, Line 8 |
| 11 | Declaration of James G. McFarlane | Page 24, Lines 1 through 13 (after "Gallagher client") |
| 12 | Declaration of James G. McFarlane | Exhibits K, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, and FF, in their entirety |
| 13 | Declaration of Lynn Tu | Page 10, Lines 1 through 2 (after "Gallagher client" until "contacted me") |
| 14 | Declaration of Doug Bowring | Page 1, Line 7 (after "Gallagher client") |
| 15 | Declaration of Doug Bowring | Page 1, Line 9 (after "products and services to") |
| 16 | Declaration of Doug Bowring | Page 1, Line 10 through 12 (after "I telephoned" until "had executed a Broker of Record") |
| 17 | Declaration of Doug Bowring | Page 1, Line 16 (before "explained that") |
| 18 | Declaration of Doug Bowring | Page 1, Line 18 through 19 (after "to transfer" until "account from Gallagher", and after "EPIC." until "reported that") |
| 19 | Declaration of Doug Bowring | Page 1, Line 21 (after "transferring" until "business from") |
| 20 | Declaration of Doug Bowring | Page 1, Line 24 (after "EPIC," until "did not want") |
| 21 | Declaration of Doug Bowring | Page 1, Lines 25 through 26 (after "to be, in" until "words, clearly unethical") |

| 22 | Declaration of Doug Bowring | Page 1, Line 28 (after "formerly serviced" until "account") |
| 23 | Declaration of Doug Bowring | Page 2, Line 1 (entire Line) |
| 24 | Declaration of Steven Ring | Page 1, Line 7 (after "team and" until "a client") |
| 25 | Declaration of Steven Ring | Page 1, Line 9 (entire Line) |
| 26 | Declaration of Steven Ring | Page 1, Line 10 (after "this meeting" until "informed us") |
| 27 | Declaration of Steven Ring | Page 1, Line 18 (until "also showed us") |
| 28 | Declaration of Steven Ring | Page 1, Line 20 (after "document" until "informed me") |
| 29 | Declaration of Steven Ring | Page 1, Line 21 (after "our meeting with" until "Gallagher") |
| 30 | Declaration of Steven Ring | Page 1, Lines 22 through 23 (after "provided to" until "as a Gallagher") |
| 31 | Declaration of Steven Ring | Page 1, Lines 26 through 27 (after "our meeting with" until "A true and correct") |
| 32 | Declaration of Steven Ring | Page 1, Line 28 (after "the information" until "provided to us") |
| 33 | Declaration of Steven Ring | Exhibits A and B, in their entirety |
| 34 | Declaration of Elizabeth Francy Demaret | In its entirety |

IT IS SO ORDERED.

DATED: __12-20-_____ , 2007

By: _____

United States Judge

[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS AND PORTIONS OF DOCUMENTS UNDER SEAL.

# EXHIBIT B

United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    ARTHUR J. GALLAGHER, & CO., INC., et
     al.
10                                              No. C 07-06418 JSW
              Plaintiffs,
11                                              **ORDER TO SHOW CAUSE RE
       v.                                       ISSUANCE OF TEMPORARY
12                                              RESTRAINING ORDER AND
     EDGEWOOD PARTNERS INS. CENTER, et          SETTING BRIEFING SCHEDULE**
13   al.

14            Defendants.
                                          /
15

16          This matter comes before the Court upon consideration of Plaintiffs' *ex parte* motion for

17   a temporary restraining order, evidence preservation order, and expedited discovery order, and

18   order to show cause re issuance of a preliminary injunction. The allegations supporting the

19   motion are set forth in the Complaint and the memorandum in support of the request that the

20   Court issue a temporary restraining order, and shall not be repeated here. In brief, among other

21   alleged wrongs, Plaintiffs assert that certain individual defendants, who are former employees

22   of Plaintiffs, stole proprietary information from Plaintiffs' computers and are now using that

23   information to compete with Plaintiffs.

24          Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining

25   order without written or oral notice to an adverse party or parties, when:

26          (1) it clearly appears from the specific facts shown by affidavit or the
            verified complaint that immediate and irreparable injury, loss or damage
27          will result to the applicant before the adverse party or that party's attorney
            can be heard in opposition, and (2) the applicant's attorney certifies to the
28          court in writing the efforts, if any which have been made to give the notice
            and the reasons supporting the claim that notice should not be required.

United States District Court
For the Northern District of California

1  Fed. R. Civ. P. 65(b).

2      "[C]ourts have recognized very few circumstances justifying the existence of an ex parte

3  TRO. For example, an ex parte TRO may be appropriate 'where notice to the adverse party is

4  impossible either because the identity of the adverse party is unknown or because a known party

5  cannot be located in time for a hearing.'" *Reno Air Racing Association, Inc. v. McCord*, 452

6  F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th

7  Cir. 1984).) That is not the situation here, where Plaintiffs clearly know the identity and the

8  location of the Defendants.

9      In such a case, "courts have recognized 'a very narrow band of cases in which ex parte

10  orders are proper because notice to the defendant would render fruitless the further prosecution

11  of the action.'" *Id.* (quoting *Am. Can Co.*, 742 F.2d at 322.) Plaintiffs assert that in this case,

12  the litigation could be rendered fruitless because the Defendants are likely to take action to hide

13  or destroy the evidence that would support Plaintiffs' allegations. The Court concludes that

14  Plaintiffs have failed to make a sufficient showing that the Defendants have a pattern of

15  destroying or routinely destroy evidence of the actions underlying the Complaint or the files

16  that they allegedly misappropriated from the Plaintiffs. *See, e.g., Adobe Systems, Inc. v. South

17  Sun Products, Inc.*, 187 F.R.D. 636, 640-41 (S.D. Cal. 1999) (concluding that allegations that

18  defendant "could easily remove evidence of copyright infringement by deleting Plaintiff's

19  software from its PCs," insufficient to justify *ex parte* relief and finding plaintiffs' evidentiary

20  submission of propensity to destroy evidence insufficient).

21      Accordingly, Plaintiffs' request for issuance of a temporary restraining order without

22  notice to the Defendants is DENIED. Plaintiffs are HEREBY ORDERED to serve a copy of

23  this Order, the Complaint, the *ex parte* Motion for a Temporary Restraining Order and its

24  Supporting Papers on Defendants **by no later than 12:00 p.m., Friday, December 21, 2007.**

25      IT IS FURTHER ORDERED that Defendants shall file and serve any opposition to

26  Plaintiffs' motion for a temporary restraining order by **12:00 p.m December 28, 2007.**

27  Plaintiffs may file and serve a reply by no later than **12:00 p.m. on January 2, 2008.**

28

1    It is FURTHER ORDERED that hearing on Plaintiffs' motion for a temporary

2  restraining order shall be heard on **Friday, January 4, 2008 at 9:00 a.m.**

3    The Court has set this schedule in light of the fact that Plaintiffs move for a temporary

4  restraining order. The Court, however, is amenable to any stipulations or requests to modify

5  this briefing schedule and hearing date. Thus, if any of the parties wishes to modify the briefing

6  schedule or the hearing date, they may submit such a request to the Court demonstrating good

7  cause for such modification.

8    Although the Court is not ordering specific relief at this time, given the allegations set

9  forth in Plaintiffs' Complaint and the evidentiary submissions in support of their motion,

10  regarding access to computers, electronic media and storage devices, the Court finds it

11  advisable to expressly remind all parties that now that litigation has commenced, the parties,

12  each of their officers, agents, servants, employees, and all persons acting in concert with them,

13  or on behalf of them, owe a duty to preserve what they know or reasonably should know will be

14  relevant evidence in the pending lawsuit, including any electronically stored information, even

15  though no discovery request or order to preserve the evidence has yet been made. If relevant

16  evidence is destroyed, a party may move for sanctions pursuant to Federal Rule of Civil

17  Procedure 37(c)(2).

18    **IT IS SO ORDERED.**

19

20  Dated: December 20, 2007

21                                    JEFFREY S. WHITE
                                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

*United States District Court*
*For the Northern District of California*

3

# EXHIBIT C

**Paul**Hastings

Paul, Hastings, Janofsky & Walker LLP
1117 S. California Avenue
Palo Alto, CA 94304-1106
telephone 650-320-1800 • facsimile 650-320-1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

December 20, 2007

**VIA HAND DELIVERY**

Edgewood Partners Insurance Center
2000 Alameda de las Pulgas, Suite 101
San Mateo, CA 94403

Dan R. Francis
Edgewood Partners Insurance Center
2000 Alameda de Las Pulgas, Suite 101
San Mateo, CA 94403

John G. Hahn
Edgewood Partners Insurance Center
2000 Alameda de Las Pulgas, Suite 101
San Mateo, CA 94403

Andrew ("Wally") Brown, Jr.
28 Twelve Oaks Drive
Pleasanton, CA 94566

Brian F. Quinn
1265 Redwood Lane
Lafayette, CA 94549

Neil R. Cohn
6740 Balfour Road
P.O. Box 309
Brentwood, CA 94513

Carolann Cohn
466 Hummingbird Lane
Livermore, CA 94551

Michael J. Brown
2678 Minton Court
Pleasanton, CA 94588

Paul*Hastings*

EPIC and Individual Defendants
December 20, 2007
Page 2


Stephen Hause
159 Patricia Ln.
Alamo, CA 94507

Laura J. Wick
1142 Canyon Hills Rd
San Ramon, CA 94582

James C. Halbleib
334 Parrott Dr.
San Mateo, CA 94402

Laurinda ("Laurie") A. Martin
190 Cleveland Rd. #23
Pleasant Hill, CA 94523

Eric Chua
Edgewood Partners Insurance Center
2000 Alameda de Las Pulgas, Suite 101
San Mateo, CA 94403

George J. Petty
2002 Swan Street
Danville, CA 94506

Linda Soo Hoo
1431 25th Avenue.
San Francisco, CA 94122

Robert E. Dutto
407 Triomphe Court
Danville, CA 94506

Susan M. English
1138 Polson Circle
Martinez, CA 94553

Don J. Johnson
5517 Paseo Navarro
Pleasanton, CA 94566

Paul*Hastings*

EPIC and Individual Defendants
December 20, 2007
Page 3

Allen L. Amos
48 Haskins Ranch Circle
Danville, CA 94506

William ("Bill") Phillips, Jr.
100 Amberfield Ln.
Danville, CA 94606

Dirck ("Rick") R. Stinson
506 Mount Dell Drive
Clayton, CA 94517

Robert ("Bob") D. Ellsworth
40 Discovery Blvd.
Byron, CA 94514

Robert H. Watkins
Edgewood Partners Insurance Center, Inc.
2000 Alameda de Las Pulgas, Suite 101
San Mateo, CA 94403

Paul H. Wagener
427 Cliff Drive
Aptos CA, 95003

Shandranette Middleton
3180 English Oak Circle
Stockton, CA 95209

**Re:    A.J. Gallagher & Co., Inc. et al. v. Edgewood Partners Insurance Center et
al.**

Dear Defendants:

We represent Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co.,
Insurance Brokers Of California, Inc., a California Corporation.

Enclosed herein is an Order executed today by the Honorable Jeffrey S. White, who has
been assigned to the above-captioned case.  Pursuant to that Order, Plaintiffs also enclose
the Complaint, *Ex Parte* Motion For Temporary Restraining Order, Evidence Preservation
Order, Expedited Discovery Order, And Order To Show Cause Re Issuance Of
Preliminary Injunction, and supporting papers.

Paul*Hastings*

EPIC and Individual Defendants
December 20, 2007
Page 4

Of these documents, the Court ordered the following to be filed under seal:

(1)     Memorandum of Points and Authorities in Support of *Ex Parte* Motion
        for Temporary Restraining Order, Evidence Preservation Order,
        Expedited Discovery Order, and Order to Show Cause re Issuance of
        Preliminary Injunction;

(2)     Declaration of John Berryhill;

(3)     Declaration of Elizabeth Francy Demaret;

(4)     Declaration of Warren Kruze,

(5)     Declaration of James McFarlane;

(6)     Declaration of Steven Ring; and

(7)     Declaration of Lynn Tu.

These documents, which contain Gallagher confidential, proprietary, and trade secret data,
are being produced solely pursuant to Court order. Gallagher does not consent to EPIC,
the Individual Defendants, or anyone else reviewing these documents except in
connection with this litigation. Furthermore, EPIC requests that each Defendant execute
and return to us the enclosed model Stipulated Protective Order (provided by the United
States District Court, Northern Division) prior to reviewing any of the documents
submitted under seal.

Thank you.

Sincerely,


Shannon S. Sevey
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

# EXHIBIT D

Page 1 of 1

## Naran, Sarju A.

| | |
|---|---|
| **From:** | Naran, Sarju A. |
| **Sent:** | Sunday, December 23, 2007 11:35 AM |
| **To:** | 'Heinicke, Malcolm' |
| **Cc:** | Newman, Bradford K.; Sevey, Shannon S. |
| **Subject:** | A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order |
| **Attachments:** | 57810717_2.pdf |

Dear Mr. Heinicke:

On behalf of your client, please sign and fax me the Stipulated Protective Order (served on Friday, another copy of which is attached to this email for your convenience) by 5:00 p.m. today, so that we may file it, on behalf of the Parties, with the court tomorrow. Further to the cover letter served along with the form Protective Order and pleadings on Friday, Plaintiffs designate all declarations and exhibits thereto, except that of Mr. Kimble, and any mention of this Designated Material in the Memorandum, as "Highly Confidential -- Attorney's Eyes Only."

Thank you.

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

# EXHIBIT E

## Naran, Sarju A.

| | |
|---|---|
| **From:** | Heinicke, Malcolm [Malcolm.Heinicke@mto.com] |
| **Sent:** | Sunday, December 23, 2007 10:48 PM |
| **To:** | Naran, Sarju A. |
| **Cc:** | Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin |
| **Subject:** | FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order |
| **Attachments:** | 57810717_2.pdf |

Dear Counsel:

We are responding to your email sent today (Sunday, December 23) at 11:35 a.m. in which you requested a response today. My partners Jerry Roth and Martin Bern will be working on this matter with me, and we ask that any future correspondence to our firm be sent to them as well as me.

We are willing to work with you to see if the parties can stipulate to an appropriate protective order in this case, and we appreciate your starting this process. Specifically, it appears to us that you have proposed a version of the sample protective order that the Court provides on its website. For the sake of efficiency, we ask that, when convenient, you let us know if there is anything that you have changed or anything that is different between the substantive terms of the protective order you are proposing and the protective order set forth on the Court's website.

While we are willing to begin discussing the document you sent us now, the email that you sent with it this afternoon raises two questions. First, we are unsure why there is a need to have this document finalized today or in the next few days, i.e., the few days before Christmas when as we understand it the Court may not accept non-emergency filings any way. Discovery has not yet begun, and the standard stay on discovery is in place. We understand that your client may seek to expedite some discovery, but such discovery will not begin right away in any event, and so we are not sure why there is need to finalize a protective order and have it filed (if possible) on Christmas Eve as your email suggests. If there is some reason of which we are unaware, please let us know.

Second, while we are amenable to discussing the draft protective order that you sent us, the email that you sent with this document gives us concerns that the parties may have some initial differences as to the purpose and scope of the protective order. As the terms of the protective order you proposed state, the purpose of a protective order is to allow a party making initial or supplemental disclosures or responding to discovery to designate specific responses as confidential, thereby precluding the unnecessary disclosure of such information to third parties or the public without some advance notice or process. Through your email today, it appears that one of the reasons you are seeking a protective order is so that you can designate as "attorney eyes only" material all but one of the declarations that your clients themselves affirmatively and voluntarily filed in support of their TRO motion, i.e., pleadings, not disclosures or discovery responses. In other words, it appears that you are suggesting that it is your position that, if the protective order you have proposed is entered, your clients can, by unilateral designation, render the declarations they prepared and affirmatively filed in support of their lawsuit reviewable by opposing counsel only and not by our client or its personnel or other parties to the suit. Given that the protective order you have proposed applies by its terms only to discovery responses and their subsequent use, we do not think your proposal permits such an effort. Again, in our experience, the purpose of a protective order is to allow the party responding to compulsory discovery requests to protect against unnecessary disclosure of any confidential information that it provides in response to such discovery -- it is not a vehicle through which a party can initially and unilaterally shield its own filed declarations from review by opposing parties. To the extent we have not misconstrued your email, and you are asking that we agree that your client can prevent all but our client's attorneys from reviewing your voluntary submissions to the Court, we think such a proposal would cause our client extreme prejudice and we cannot agree to such a process or the associated designations. For example, if we understand your email properly, it would seem that you are suggesting that we could share none (save one) of the declarations you filed with our client (other than its in-house counsel) and that we could not, due to the notice period required, provide the declaration you submitted on computer issues to an expert of our client's choosing before our response to your TRO motion was due.

We wanted to provide you with these questions to give you an opportunity to explain your proposal again in case we were misconstruing it or in case you wanted to clarify the email that you sent with the document today.

For now, however, because of these questions and the apparent fact that there is no pressing need to reach agreement on this issue in the next few days, we cannot now agree to the protective order you sent us today by the deadline of today that you initially set. Of course, if you are proposing the Court's standard protective order for this case and your email concerning filed declarations is not actually linked to this protective order, then we suspect we may be able to reach agreement on the protective order in relatively short order.

Although we see no reason for you to do so, if you do intend to forego further discussions on this issue and proceed immediately to Court, we ask that you include this email response in any submission you file and we also ask that you give us sufficient notice of any such effort. That said, we are hopeful that the parties will be able to work through this issue, and we think it may make the most sense now for you to (a) let us know what differences there are between your proposed protective order and the one on the Court's website; (b) let us know if there is indeed some immediate need to finalize this document in the short term; and (c) let us know if we misconstrued your email of today concerning the declarations and other pleadings you have filed in this matter and the associated scope of the protective order you are proposing.

Thank your for your attention to this matter,

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Sunday, December 23, 2007 11:35 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.
**Subject:** A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

On behalf of your client, please sign and fax me the Stipulated Protective Order (served on Friday, another copy of which is attached to this email for your convenience) by 5:00 p.m. today, so that we may file it, on behalf of the Parties, with the court tomorrow. Further to the cover letter served along with the form Protective Order and pleadings on Friday, Plaintiffs designate all declarations and exhibits thereto, except that of Mr. Kimble, and any mention of this Designated Material in the Memorandum, as "Highly Confidential -- Attorney's Eyes Only."

Thank you.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

```
*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************
```

12/24/2007

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

# EXHIBIT F

## Naran, Sarju A.

| | |
|---|---|
| **From:** | Naran, Sarju A. |
| **Sent:** | Monday, December 24, 2007 7:54 AM |
| **To:** | 'Heinicke, Malcolm' |
| **Cc:** | Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin |
| **Subject:** | RE: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order |

Dear Mr. Heinicke:

Thank you for your email.

Do you and your clients agree that unless and until the parties can agree on a form of Protective Order governing the injunctive proceedings, or the Court issues a Protective Order, that all pleadings the Court Orders filed under seal by any Party, including the sealed portions of the Declarations and exhibits served on your clients pursuant to the Court's December 20, 2007 Order:

(1) shall not be used by any Party for any purpose other than this litigation;

(2) shall not be disseminated to any non-parties to this litigation;

(3) that any experts retained by any Party shall be required to abide by the requirements of Exhibit A to the form of Protective Order served with the pleadings on Friday December 21, 2007 (with the notice period to object to an expert being 24 hours); and

(4) for the time being, that all Parties will treat the documents and information the Court orders filed under seal according to the "Confidential" standard set forth in the proposed Protective Order served with the pleadings on Friday December 21, 2007?

It is important we receive your response to the questions above by 10:00 a.m. this morning.

Thank you.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

---

**From:** Heinicke, Malcolm [mailto:Malcolm.Heinicke@mto.com]
**Sent:** Sunday, December 23, 2007 10:48 PM
**To:** Naran, Sarju A.
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Counsel:

We are responding to your email sent today (Sunday, December 23) at 11:35 a.m. in which you requested a response today. My partners Jerry Roth and Martin Bern will be working on this matter with me, and we ask that any future correspondence to our firm be sent to them as well as me.

We are willing to work with you to see if the parties can stipulate to an appropriate protective order in this case, and we appreciate your starting this process. Specifically, it appears to us that you have proposed a version of the sample protective order that the Court provides on its website. For the sake of efficiency, we ask that, when convenient, you let us know if there is anything that you have changed or anything that is different between the substantive terms of the protective order you are proposing and the protective order set forth on the Court's website.

While we are willing to begin discussing the document you sent us now, the email that you sent with it this afternoon raises two questions. First, we are unsure why there is a need to have this document finalized today or in the next few days, i.e., the few days before Christmas when as we understand it the Court may not accept non-emergency filings any way. Discovery has not yet begun, and the standard stay on discovery is in place. We understand that your client may seek to expedite some discovery, but such discovery will not begin right away in any event, and so we are not sure why there is need to finalize a protective order and have it filed (if possible) on Christmas Eve as your email suggests. If there is some reason of which we are unaware, please let us know.

Second, while we are amenable to discussing the draft protective order that you sent us, the email that you sent with this document gives us concerns that the parties may have some initial differences as to the purpose and scope of the protective order. As the terms of the protective order you proposed state, the purpose of a protective order is to allow a party making initial or supplemental disclosures or responding to discovery to designate specific responses as confidential, thereby precluding the unnecessary disclosure of such information to third parties or the public without some advance notice or process. Through your email today, it appears that one of the reasons you are seeking a protective order is so that you can designate as "attorney eyes only" material all but one of the declarations that your clients themselves affirmatively and voluntarily filed in support of their TRO motion, i.e., pleadings, not disclosures or discovery responses. In other words, it appears that you are suggesting that it is your position that, if the protective order you have proposed is entered, your clients can, by unilateral designation, render the declarations they prepared and affirmatively filed in support of their lawsuit reviewable by opposing counsel only and not by our client or its personnel or other parties to the suit. Given that the protective order you have proposed applies by its terms only to discovery responses and their subsequent use, we do not think your proposal permits such an effort. Again, in our experience, the purpose of a protective order is to allow the party responding to compulsory discovery requests to protect against unnecessary disclosure of any confidential information that it provides in response to such discovery -- it is not a vehicle through which a party can initially and unilaterally shield its own filed declarations from review by opposing parties. To the extent we have not misconstrued your email, and you are asking that we agree that your client can prevent all but our client's attorneys from reviewing your voluntary submissions to the Court, we think such a proposal would cause our client extreme prejudice and we cannot agree to such a process or the associated designations. For example, if we understand your email properly, it would seem that you are suggesting that we could share none (save one) of the declarations you filed with our client (other than its in-house counsel) and that we could not, due to the notice period required, provide the declaration you submitted on computer issues to an expert of our client's choosing before our response to your TRO motion was due.

We wanted to provide you with these questions to give you an opportunity to explain your proposal again in case we were misconstruing it or in case you wanted to clarify the email that you sent with the document today.

For now, however, because of these questions and the apparent fact that there is no pressing need to reach agreement on this issue in the next few days, we cannot now agree to the protective order you sent us today by the deadline of today that you initially set. Of course, if you are proposing the Court's standard protective order for this case and your email concerning filed declarations is not actually linked to this protective order, then we suspect we may be able to reach agreement on the protective order in relatively short order.

Although we see no reason for you to do so, if you do intend to forego further discussions on this issue and proceed immediately to Court, we ask that you include this email response in any submission you file and we also ask that you give us sufficient notice of any such effort. That said, we are hopeful that the parties will be able to work through this issue, and we think it may make the most sense now for you to (a) let us know what differences there are between your proposed protective order and the one on the Court's website; (b) let us know if there is indeed some immediate need to finalize this document in the short

term; and (c) let us know if we misconstrued your email of today concerning the declarations and other pleadings you have filed in this matter and the associated scope of the protective order you are proposing.

Thank your for your attention to this matter,

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Sunday, December 23, 2007 11:35 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.
**Subject:** A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

On behalf of your client, please sign and fax me the Stipulated Protective Order (served on Friday, another copy of which is attached to this email for your convenience) by 5:00 p.m. today, so that we may file it, on behalf of the Parties, with the court tomorrow.  Further to the cover letter served along with the form Protective Order and pleadings on Friday, Plaintiffs designate all declarations and exhibits thereto, except that of Mr. Kimble, and any mention of this Designated Material in the Memorandum, as "Highly Confidential -- Attorney's Eyes Only."

Thank you.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

```
********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.
```