PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL, R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**SUPPLEMENTAL DECLARATION OF SARJU A. NARAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR A PROTECTIVE ORDER GOVERNING PLEADINGS FILED IN CONNECTION WITH THE INJUNCTION PROCEEDINGS (NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 79-5 AND 7-11)** |

Case No. 3:07-CV-06418-JSW

NARAN SUPPLEMENTAL DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION FOR PROTECTIVE ORDER

I, Sarju A. Naran, declare:

1. I am an attorney licensed to practice before the Courts of the State of California and before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys of record for Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co. Insurance Brokers of California, Inc. ("Gallagher"). If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge.

2. On December 24, 2007, after the instant motion was filed, EPIC confirmed the need for an immediate Protective Order governing documents previously ordered filed under seal in connection with the injunction proceedings. EPIC's position with regard to protection of Gallagher's confidential information contained in sealed filings is that it will only agree not to "facilitate" any "wide dissemination" or otherwise "unnecessary public disclosure" of such data. A true and correct copy of EPIC's counsel's email is attached hereto as Exhibit G. Also attached hereto, as Exhibit H, is a true and correct copy of Gallagher's response to EPIC, confirming that Gallagher does not consent to any dissemination of the documents filed under seal, and seeking confirmation that EPIC has not, and will not, disseminate such data to non-parties.

3. While it is not Gallagher's intent to burden the Court, and Gallagher had hoped to resolve this issue without the need for Court intervention (as its counsel has routinely done in other litigation), it is of paramount and urgent importance to Gallagher that the confidentiality of its data be preserved, consistent with the specific issues for which injunctive relief is sought. EPIC's declared intent that, going forward, it will "publicly" disseminate Gallagher confidential data that has been granted protection under the standards set forth in Federal Rule of Civil Procedure 26(c), so long as EPIC deems such disclosure "necessary" and not "wide," threatens further irreparable harm to Gallagher.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of December, 2007, in Palo Alto, California.

Sarju A. Naran

# EXHIBIT G

**Naran, Sarju A.**

**From:** Heinicke, Malcolm [Malcolm.Heinicke@mto.com]
**Sent:** Monday, December 24, 2007 11:42 AM
**To:** Naran, Sarju A.
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Counsel:

We are responding to your email sent today at 7:54 a.m. in which you demanded that we respond by 10:00 a.m. At the outset, please let us note that we have worked cooperatively with your firm many times in the past and trust we will be able to do the same in this case. That said, we hope that you will not continue the practice of sending emails seeking agreements on relatively complicated issues while at the same time demanding responses in short period at inconvenient times (in this case, demanding a response in two hours on Christmas Eve).

While we are hopeful that we can reach agreement on a protective order to cover initial/supplemental disclosures and discovery responses, we understand that you have withdrawn your request of yesterday and are now seeking a different agreement with respect to the documents that you all have filed with the Court and sought to be sealed. We are once again are unsure of the applicability of the proposed protective order and its provisions to documents that you affirmatively filed in this case, and we feel that the trying to force that order's provisions on the documents you filed would prejudice our ability to prepare our client's defense to your allegations. We do, however, understand that you have sought to have some of these documents sealed. Accordingly, unless and until your request to have documents sealed is denied, we can confirm that our client (EPIC) agrees to use those documents which you have requested be sealed for purposes of this litigation only and that it will require any experts reviewing the documents to do the same. Similarly, unless and until your request to have documents sealed is denied, we recognize that such documents may be sealed, and we will treat them accordingly and not facilitate any wide dissemination or otherwise unnecessary public disclosure of them.

→

We trust that this will address your concerns in the short term, and we look forward to working with you in the next few weeks on this case and specifically on efforts to finalize a protective order so that one will hopefully be in place when discovery commences. If you would like to discuss these issues, please let me know. Again, if for some reason you plan to take this issue up with the Court and forego further discussion, we ask that you give us proper notice and include this correspondence with your submission.

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Monday, December 24, 2007 7:54 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** RE: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

Thank you for your email.

Do you and your clients agree that unless and until the parties can agree on a form of Protective Order governing the injunctive proceedings, or the Court issues a Protective Order, that all pleadings the Court Orders filed under seal by any Party, including the sealed portions of the Declarations and exhibits served on your clients pursuant to the Court's December 20, 2007 Order:

12/24/2007

(1) shall not be used by any Party for any purpose other than this litigation;

(2) shall not be disseminated to any non-parties to this litigation;

(3) that any experts retained by any Party shall be required to abide by the requirements of Exhibit A to the form of Protective Order served with the pleadings on Friday December 21, 2007 (with the notice period to object to an expert being 24 hours); and

(4) for the time being, that all Parties will treat the documents and information the Court orders filed under seal according to the "Confidential" standard set forth in the proposed Protective Order served with the pleadings on Friday December 21, 2007?

**It is important we receive your response to the questions above by 10:00 a.m. this morning.**

Thank you.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

---

**From:** Heinicke, Malcolm [mailto:Malcolm.Heinicke@mto.com]
**Sent:** Sunday, December 23, 2007 10:48 PM
**To:** Naran, Sarju A.
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Counsel:

We are responding to your email sent today (Sunday, December 23) at 11:35 a.m. in which you requested a response today. My partners Jerry Roth and Martin Bern will be working on this matter with me, and we ask that any future correspondence to our firm be sent to them as well as me.

We are willing to work with you to see if the parties can stipulate to an appropriate protective order in this case, and we appreciate your starting this process. Specifically, it appears to us that you have proposed a version of the sample protective order that the Court provides on its website. For the sake of efficiency, we ask that, when convenient, you let us know if there is anything that you have changed or anything that is different between the substantive terms of the protective order you are proposing and the protective order set forth on the Court's website.

While we are willing to begin discussing the document you sent us now, the email that you sent with it this afternoon raises two questions. First, we are unsure why there is a need to have this document finalized today or in the next few days, i.e., the few days before Christmas when as we understand it the Court may not accept non-emergency filings any way. Discovery has not yet begun, and the standard stay on discovery is in place. We understand that your client may seek to expedite some discovery, but such discovery will not begin right away in any event, and so we are not sure why there is need to finalize a protective order and have it filed (if possible) on Christmas Eve as your email suggests. If there is some reason of which we are unaware, please let us know.

Second, while we are amenable to discussing the draft protective order that you sent us, the email that you sent with this document gives us concerns that the parties may have some initial differences as to the purpose and scope of the protective order. As the terms of the protective order you proposed state, the purpose of a protective order is to allow a party making initial or supplemental disclosures or responding to discovery to designate specific responses as confidential, thereby precluding the unnecessary disclosure of such information to third parties or the public without some advance notice or process. Through your

email today, it appears that one of the reasons you are seeking a protective order is so that you can designate as "attorney eyes only" material all but one of the declarations that your clients themselves affirmatively and voluntarily filed in support of their TRO motion, i.e., pleadings, not disclosures or discovery responses. In other words, it appears that you are suggesting that it is your position that, if the protective order you have proposed is entered, your clients can, by unilateral designation, render the declarations they prepared and affirmatively filed in support of their lawsuit reviewable by opposing counsel only and not by our client or its personnel or other parties to the suit. Given that the protective order you have proposed applies by its terms only to discovery responses and their subsequent use, we do not think your proposal permits such an effort. Again, in our experience, the purpose of a protective order is to allow the party responding to compulsory discovery requests to protect against unnecessary disclosure of any confidential information that it provides in response to such discovery -- it is not a vehicle through which a party can initially and unilaterally shield its own filed declarations from review by opposing parties. To the extent we have not misconstrued your email, and you are asking that we agree that your client can prevent all but our client's attorneys from reviewing your voluntary submissions to the Court, we think such a proposal would cause our client extreme prejudice and we cannot agree to such a process or the associated designations. For example, if we understand your email properly, it would seem that you are suggesting that we could share none (save one) of the declarations you filed with our client (other than its in-house counsel) and that we could not, due to the notice period required, provide the declaration you submitted on computer issues to an expert of our client's choosing before our response to your TRO motion was due.

We wanted to provide you with these questions to give you an opportunity to explain your proposal again in case we were misconstruing it or in case you wanted to clarify the email that you sent with the document today.

For now, however, because of these questions and the apparent fact that there is no pressing need to reach agreement on this issue in the next few days, we cannot now agree to the protective order you sent us today by the deadline of today that you initially set. Of course, if you are proposing the Court's standard protective order for this case and your email concerning filed declarations is not actually linked to this protective order, then we suspect we may be able to reach agreement on the protective order in relatively short order.

Although we see no reason for you to do so, if you do intend to forego further discussions on this issue and proceed immediately to Court, we ask that you include this email response in any submission you file and we also ask that you give us sufficient notice of any such effort. That said, we are hopeful that the parties will be able to work through this issue, and we think it may make the most sense now for you to (a) let us know what differences there are between your proposed protective order and the one on the Court's website; (b) let us know if there is indeed some immediate need to finalize this document in the short term; and (c) let us know if we misconstrued your email of today concerning the declarations and other pleadings you have filed in this matter and the associated scope of the protective order you are proposing.

Thank your for your attention to this matter,

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Sunday, December 23, 2007 11:35 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.
**Subject:** A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

On behalf of your client, please sign and fax me the Stipulated Protective Order (served on Friday, another copy of which is attached to this email for your convenience) by 5:00 p.m. today, so that we may file it, on behalf of the Parties, with the court tomorrow. Further to the cover letter served along with the form Protective Order and pleadings on Friday, Plaintiffs designate all declarations and exhibits thereto, except

that of Mr. Kimble, and any mention of this Designated Material in the Memorandum, as "Highly Confidential -- Attorney's Eyes Only."

Thank you.

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

```
*************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*************************************************************
```

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

```
*************************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*************************************************************
```

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# EXHIBIT H

## Naran, Sarju A.

| | |
|---|---|
| **From:** | Naran, Sarju A. |
| **Sent:** | Monday, December 24, 2007 12:26 PM |
| **To:** | 'Heinicke, Malcolm' |
| **Cc:** | Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin |
| **Subject:** | RE: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order |
| **Attachments:** | Order re motion to seal.pdf |

Dear Mr. Heinicke:

Thank you for your email.

1. In the cover letter that accompanied our service of the pleadings last Friday, we informed EPIC that the Court had already granted Plaintiff's motion to file the referenced documents and portions of documents under seal ("Of these documents, the Court ordered the following to be filed under seal..."). Thus we are puzzled by your email today, which suggests that Plaintiffs have "sought to have some of these documents sealed," and conditionally states, "unless and until the motion is denied," when EPIC was already informed that the Court Ordered this sealing on Thursday, December 20, 2007. To the extent you have not already received and reviewed the Court Order Granting Plaintiffs' Administrative Motion to File Documents and Portions of Documents Under Seal, a copy is attached to this email.

2. As referenced in Friday's cover letter, and reiterated several times since, Plaintiffs do NOT consent to ANY public dissemination or dissemination to non-parties of any data or documents referenced or included in the sealed pleadings.

Please confirm that EPIC has not disseminated any of the sealed pleadings and papers, or disclosed any information contained therein, to any third parties since they were served on Friday, and that EPIC will not do so going forward.

Thank you for your courtesy.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

---

> **From:** Heinicke, Malcolm [mailto:Malcolm.Heinicke@mto.com]
> **Sent:** Monday, December 24, 2007 11:42 AM
> **To:** Naran, Sarju A.
> **Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
> **Subject:** FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Counsel:

We are responding to your email sent today at 7:54 a.m. in which you demanded that we respond by 10:00 a.m. At the outset, please let us note that we have worked cooperatively with your firm many times in the past and trust we will be able to do the same in this case. That said, we hope that you will not continue the practice of sending emails seeking agreements on relatively complicated issues while at the same time demanding responses in short period at inconvenient times (in this case, demanding a response in two hours on Christmas Eve).

While we are hopeful that we can reach agreement on a protective order to cover initial/supplemental disclosures and discovery responses, we understand that you have withdrawn your request of yesterday and are now seeking a different agreement with respect to the documents that you all have filed with the Court and sought to be sealed. We are once again are unsure of the applicability of the proposed protective order and its provisions to documents that you affirmatively filed in this case, and we feel that the trying to force that order's provisions on the documents you filed would prejudice our ability to prepare our client's defense to your allegations. We do, however, understand that you have sought to have some of these documents sealed. Accordingly, unless and until your request to have documents sealed is denied, we can confirm that our client (EPIC) agrees to use those documents which you have requested be sealed for purposes of this litigation only and that it will require any experts reviewing the documents to do the same. Similarly, unless and until your request to have documents sealed is denied, we recognize that such documents may be sealed, and we will treat them accordingly and not facilitate any wide dissemination or otherwise unnecessary public disclosure of them.

We trust that this will address your concerns in the short term, and we look forward to working with you in the next few weeks on this case and specifically on efforts to finalize a protective order so that one will hopefully be in place when discovery commences. If you would like to discuss these issues, please let me know. Again, if for some reason you plan to take this issue up with the Court and forego further discussion, we ask that you give us proper notice and include this correspondence with your submission.

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Monday, December 24, 2007 7:54 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** RE: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

Thank you for your email.

Do you and your clients agree that unless and until the parties can agree on a form of Protective Order governing the injunctive proceedings, or the Court issues a Protective Order, that all pleadings the Court Orders filed under seal by any Party, including the sealed portions of the Declarations and exhibits served on your clients pursuant to the Court's December 20, 2007 Order:

(1) shall not be used by any Party for any purpose other than this litigation;

(2) shall not be disseminated to any non-parties to this litigation;

(3) that any experts retained by any Party shall be required to abide by the requirements of Exhibit A to the form of Protective Order served with the pleadings on Friday December 21, 2007 (with the notice period to object to an expert being 24 hours); and

(4) for the time being, that all Parties will treat the documents and information the Court orders filed under

seal according to the "Confidential" standard set forth in the proposed Protective Order served with the pleadings on Friday December 21, 2007?

**It is important we receive your response to the questions above by 10:00 a.m. this morning.**

Thank you.

---

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

---

**From:** Heinicke, Malcolm [mailto:Malcolm.Heinicke@mto.com]
**Sent:** Sunday, December 23, 2007 10:48 PM
**To:** Naran, Sarju A.
**Cc:** Newman, Bradford K.; Sevey, Shannon S.; Roth, Jerome; Bern, Martin
**Subject:** FW: A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order


Dear Counsel:

We are responding to your email sent today (Sunday, December 23) at 11:35 a.m. in which you requested a response today. My partners Jerry Roth and Martin Bern will be working on this matter with me, and we ask that any future correspondence to our firm be sent to them as well as me.

We are willing to work with you to see if the parties can stipulate to an appropriate protective order in this case, and we appreciate your starting this process. Specifically, it appears to us that you have proposed a version of the sample protective order that the Court provides on its website. For the sake of efficiency, we ask that, when convenient, you let us know if there is anything that you have changed or anything that is different between the substantive terms of the protective order you are proposing and the protective order set forth on the Court's website.

While we are willing to begin discussing the document you sent us now, the email that you sent with it this afternoon raises two questions. First, we are unsure why there is a need to have this document finalized today or in the next few days, i.e., the few days before Christmas when as we understand it the Court may not accept non-emergency filings any way. Discovery has not yet begun, and the standard stay on discovery is in place. We understand that your client may seek to expedite some discovery, but such discovery will not begin right away in any event, and so we are not sure why there is need to finalize a protective order and have it filed (if possible) on Christmas Eve as your email suggests. If there is some reason of which we are unaware, please let us know.

Second, while we are amenable to discussing the draft protective order that you sent us, the email that you sent with this document gives us concerns that the parties may have some initial differences as to the purpose and scope of the protective order. As the terms of the protective order you proposed state, the purpose of a protective order is to allow a party making initial or supplemental disclosures or responding to discovery to designate specific responses as confidential, thereby precluding the unnecessary disclosure of such information to third parties or the public without some advance notice or process. Through your email today, it appears that one of the reasons you are seeking a protective order is so that you can designate as "attorney eyes only" material all but one of the declarations that your clients themselves affirmatively and voluntarily filed in support of their TRO motion, i.e., pleadings, not disclosures or discovery responses. In other words, it appears that you are suggesting that it is your position that, if the protective order you have proposed is entered, your clients can, by unilateral designation, render the declarations they prepared and affirmatively filed in support of their lawsuit reviewable by opposing counsel only and not by our client or its personnel or other parties to the suit. Given that the protective order you

12/24/2007

have proposed applies by its terms only to discovery responses and their subsequent use, we do not think your proposal permits such an effort. Again, in our experience, the purpose of a protective order is to allow the party responding to compulsory discovery requests to protect against unnecessary disclosure of any confidential information that it provides in response to such discovery -- it is not a vehicle through which a party can initially and unilaterally shield its own filed declarations from review by opposing parties. To the extent we have not misconstrued your email, and you are asking that we agree that your client can prevent all but our client's attorneys from reviewing your voluntary submissions to the Court, we think such a proposal would cause our client extreme prejudice and we cannot agree to such a process or the associated designations. For example, if we understand your email properly, it would seem that you are suggesting that we could share none (save one) of the declarations you filed with our client (other than its in-house counsel) and that we could not, due to the notice period required, provide the declaration you submitted on computer issues to an expert of our client's choosing before our response to your TRO motion was due.

We wanted to provide you with these questions to give you an opportunity to explain your proposal again in case we were misconstruing it or in case you wanted to clarify the email that you sent with the document today.

For now, however, because of these questions and the apparent fact that there is no pressing need to reach agreement on this issue in the next few days, we cannot now agree to the protective order you sent us today by the deadline of today that you initially set. Of course, if you are proposing the Court's standard protective order for this case and your email concerning filed declarations is not actually linked to this protective order, then we suspect we may be able to reach agreement on the protective order in relatively short order.

Although we see no reason for you to do so, if you do intend to forego further discussions on this issue and proceed immediately to Court, we ask that you include this email response in any submission you file and we also ask that you give us sufficient notice of any such effort. That said, we are hopeful that the parties will be able to work through this issue, and we think it may make the most sense now for you to (a) let us know what differences there are between your proposed protective order and the one on the Court's website; (b) let us know if there is indeed some immediate need to finalize this document in the short term; and (c) let us know if we misconstrued your email of today concerning the declarations and other pleadings you have filed in this matter and the associated scope of the protective order you are proposing.

Thank your for your attention to this matter,

Malcolm Heinicke

---

**From:** Naran, Sarju A. [mailto:sarjunaran@paulhastings.com]
**Sent:** Sunday, December 23, 2007 11:35 AM
**To:** Heinicke, Malcolm
**Cc:** Newman, Bradford K.; Sevey, Shannon S.
**Subject:** A.J. Gallagher, et. al. v. EPIC, et. al.: Stipulated Protective Order

Dear Mr. Heinicke:

On behalf of your client, please sign and fax me the Stipulated Protective Order (served on Friday, another copy of which is attached to this email for your convenience) by 5:00 p.m. today, so that we may file it, on behalf of the Parties, with the court tomorrow. Further to the cover letter served along with the form Protective Order and pleadings on Friday, Plaintiffs designate all declarations and exhibits thereto, except that of Mr. Kimble, and any mention of this Designated Material in the Memorandum, as "Highly Confidential -- Attorney's Eyes Only."

Thank you.

12/24/2007

Sarju Naran, Associate | Paul, Hastings, Janofsky & Walker LLP | 1117 S. California Avenue, Palo Alto, CA 94304-1106 | direct: 650 320 1833 | main: 650 320 1800 | direct fax: 650 320 1933 | sarjunaran@paulhastings.com | www.paulhastings.com

```
************************************************************
```
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
```
************************************************************
```

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

```
************************************************************
```
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
```
************************************************************
```

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.