JEROME C. ROTH (SBN 159483)
MARTIN D. BERN (SBN 153203)
MALCOLM A. HEINICKE (SBN 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant
EDGEWOOD PARTNERS INSURANCE CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**DEFENDANT EDGEWOOD PARTNERS INSURANCE CENTER'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION CONCERNING PLEADINGS FILED IN CONJUNCTION WITH THE INJUNCTION PROCEEDINGS**<br><br>**The Honorable Jeffrey S. White** |

Defendant Edgewood Partners Insurance Center ("EPIC") respectfully submits that Plaintiffs' administrative motion, filed on Christmas Eve, was premature and potentially unnecessary because Plaintiffs did not initiate a meaningful meet and confer process prior to filing this motion. EPIC has since initiated such a conference, and the parties have conferred and Plaintiffs have tentatively agreed to address the concerns raised by EPIC. As such, it appears that the parties will be able to reach a resolution, and so EPIC respectfully requests that the Court forego ruling on this motion until the parties have submitted a joint resolution or notified their court of their inability to do so. To the extent the Court deems it necessary to rule on the instant motion at this point, however, EPIC must oppose Plaintiffs' instant motion submitted because the nature of the relief requested is ambiguous, and it could be read to restrict EPIC's ability to prepare its defense.

*******

Plaintiffs filed this action on Thursday, December 20, 2007, and sought to obtain a temporary restraining order on an *ex parte* basis. The Court denied that request and ordered Plaintiffs to serve the defendants the following day. Plaintiffs partially complied and served some of the defendants, including EPIC, the next day, *i.e.*, Friday, December 21, 2007.

Within the box containing numerous documents served on EPIC was a letter from Plaintiffs' counsel stating that several documents, including the memorandum of points of authorities and six declarations Plaintiffs themselves filed in support of their motion for a temporary restraining order, were ordered by the Court "to be filed under seal." *See* Declaration of Sarju Naran ("Naran Decl.") at Exhibit C. More precisely, however, in response to Plaintiffs' *ex parte* request, the Court actually ordered only that specified portions of these documents be filed under seal. *See id.* at Exhibit A. In addition, the letter from Plaintiffs' counsel (a) asked EPIC to review and execute the Court's "model Stipulated Protective Order" for discovery before reviewing the documents; and (b) stated that "[Plaintiffs do] not consent to EPIC, the Individual Defendants, *or anyone else* reviewing these documents *except in connection with this litigation.*" *See id.* at Exhibit C (emphasis added). EPIC has abided by this request and has not shared any of the listed pleadings with other parties or individuals, except in connection with this litigation, and

has not shared the sealed portions of the pleadings with anyone other than the parties and their counsel.

On Sunday, December 23, 2007, at 11:35 a.m., counsel for Plaintiffs requested via email that EPIC execute the proposed protective order for discovery. In addition to doing so, however, counsel stated that it was Plaintiffs intent to designate "all declarations and exhibits thereto, except that of Mr. Kimble, and any mention of this Designated Material in the Memorandum [in support of their motion for a TRO], as 'Highly Confidential -- Attorney's Eyes Only.'" *See id.* at Exhibit D. Counsel for EPIC responded the same day, stating that it was willing to work with counsel to finalize the proposed protective order for discovery, especially if what Plaintiffs were proposing was similar to the order on the Court's website. *See id.* at Exhibit E. Second, however, EPIC stated that it was unsure why there was a rush to finalize this order because discovery has not yet commenced. *See id.* Third, EPIC raised concerns about Plaintiffs' apparent effort to designate the declarations that Plaintiffs submitted in support of their case as "attorney's eyes only" material under this protective order. As EPIC initially noted, the protective order proposed by Plaintiffs applies by its very terms only to discovery responses and initial/supplemental disclosures, not to pleadings voluntarily filed at the outset of a case. Similarly, EPIC noted that there was no basis for Plaintiffs' suggestion that they could seek to restrict the use of the pleadings that they themselves had voluntarily filed under this protective order. More specifically, EPIC noted, if Plaintiffs' request was accepted and they were permitted to make the designation they were seeking, then EPIC would be precluded from sharing any of the declarations Plaintiffs had filed with anyone other than EPIC's counsel and experts -- in other words, Plaintiffs were apparently requesting that EPIC agree not to share the declarations that Plaintiffs had filed with potential witnesses, including the very people about whom Plaintiffs were making allegations. For obvious reasons, EPIC responded the very same Sunday and did not agree to Plaintiffs' request. *See id.*

The next day, Monday, December 24, 2007, Plaintiffs dropped their effort to seek "attorney's eyes only" protection for their declarations, and instead asked that all parties agree to take certain steps regarding "all pleadings the Court [o]rders filed under seal by any Party,

4150196.2                      -- 2 --                      DEFENDANT EDGEWOOD'S OPP. TO
                                                            MOTION FOR ADMINISTRATIVE RELIEF;
                                                            CASE NO. 3:07-CV-06418-JSW

including the sealed portions of the Declarations and exhibits served on [EPIC and it counsel] pursuant to the Court's December 20, 2007 Order." *See id.* at Exhibit F. Specifically, Plaintiffs asked that the materials in question not be used for any purpose other than the litigation, that they not be disseminated to non-parties, and that they be subject to other procedural restrictions. *See id.* Plaintiffs sent this request by email at 7:54 a.m. on December 24 and demanded that EPIC respond by 10:00 a.m. that same (Christmas Eve) morning. When they had not received a response as of 10:44 a.m., fewer than three hours later, they filed their motion. This request was unclear because its again ambiguous whether Plaintiffs were seeking this protection for the declarations *in their entirety* or just with respect to the sealed portions.

Even if the instant motion is procedurally proper,[1] the administrative motion procedures contemplate a meaningful effort at the meet and confer process. Through the cordial discussions that counsel for EPIC and Plaintiffs have now had, EPIC was able to address its main issue and confirm tentatively that Plaintiffs are not seeking to limit EPIC's use of its various declarations in their entirety but instead are simply seeking to limit dissemination of just the portions of these declarations that the Court initially order sealed. On this note, EPIC wishes to make clear that it does not agree that any of the information Plaintiffs initially (on an *ex parte* basis) asked to be sealed is confidential or properly subject to a sealing order. But, since Plaintiffs have now clarified that they are limiting their request to the currently sealed portions of these documents, EPIC submit that the parties will likely be able to resolve this issue.

DATED: December 27, 2007

MUNGER, TOLLES & OLSON, LLP

By: /s/ Malcolm A. Heinicke
MALCOLM A. HEINICKE

Attorneys for Defendant EPIC

---

[1] Plaintiff's motion may represent an improper use of the administrative motion procedure. This procedure was designed to accommodate procedural requests such as requests to file documents under seal or change page limitations (Civil L.R. 7-11) or continue hearings, request special status conferences, modify briefing schedules or make other procedural changes (Civil Standing Orders).