1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   JEFFREY E. ZINSMEISTER (SBN 235516)
3  Malcolm.Heinicke@mto.com
   MUNGER, TOLLES & OLSON LLP
4  560 Mission Street
   Twenty-Seventh Floor
5  San Francisco, CA 94105-2907
   Telephone:   (415) 512-4000
6  Facsimile:   (415) 512-4077

7  Attorneys for Defendants
   EDGEWOOD PARTNERS INSURANCE
8  CENTER, DAN R. FRANCIS & JOHN G. HAHN

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                            SAN FRANCISCO DIVISION

12

13 ARTHUR J. GALLAGHER & CO., INC.,        CASE NO. 3:07-CV-06418-JSW
   a Delaware Corporation, ARTHUR J.
14 GALLAGHER & CO., INSURANCE              **DEFENDANT EDGEWOOD PARTNERS
   BROKERS OF CALIFORNIA, INC., a          INSURANCE CENTER'S MISC.
15 California Corporation,                 ADMINISTRATIVE MOTION TO FILE
                                           DOCUMENTS UNDER SEAL SUBJECT TO
16                 Plaintiffs,             RESPONSE FROM PLAINTIFFS**

17        vs.                              [Civil L.R. 7-11 & 79-5(d)]

18 EDGEWOOD PARTNERS                       **The Honorable Jeffrey S. White**
   INSURANCE CENTER, a California
19 corporation; DAN R. FRANCIS; JOHN
   G. HAHN; ANDREW ("WALLY")
20 BROWN, JR.; BRIAN F. QUINN; NEIL
   R. COHN; CAROLANN COHN;
21 MICHAEL J. BROWN; STEPHEN
   HAUSE; LAURA J. WICK; JAMES C.
22 HALBLEIB; LAURINDA ("LAURIE")
   A. MARTIN; ERIC CHUA; GEORGE J.
23 PETTY; LINDA SOO HOO; ROBERT E.
   DUTTO; SUSAN M. ENGLISH; DON J.
24 JOHNSON; ALLEN L. AMOS;
   WILLIAM ("BILL") PHILLIPS, JR.;
25 DIRCK ("RICK") R. STINSON;
   ROBERT ("BOB") D. ELLSWORTH;
26 ROBERT H. WATKINS; PAUL H.
   WAGENER; SHANDRANETTE
27 MIDDLETON,

28                 Defendants.

4185780.1                                                DEFENDANT EPIC'S MISC. ADMIN.
                                                                     MOTION TO SEAL

Pursuant to Local Rules 7-11 and 79-5(d), Defendant Edgewood Partners Insurance Center ("EPIC") respectfully requests that the Court file EPIC's Opposition to Motion For Temporary Restraining Order ("TRO Opposition"), and certain documents filed in connection with the TRO Opposition, conditionally under seal, subject to a response from Plaintiffs under Local Rule 79-5(d). A full list of the documents requested to be filed under seal is attached hereto as Appendix A.

When they filed their *Ex Parte* Motion for Temporary Restraining Order ("Motion for TRO") and associated documents, Plaintiffs Arthur J. Gallagher & Co., Inc., and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher") requested that portions of certain documents (and one entire declaration) be filed under seal. The Court granted Gallagher's request in its entirety. (*See* DE #5, Order Granting Pltfs' Mot. to File Documents and Portions of Documents Under Seal.) Gallagher has also moved for this Court to issue a protective order designating the sealed information as confidential. (DE #23, Pltfs' Admin. Mot. For A Protective Order Governing Pleadings Filed In Connection With The Injunction Proceedings, at 2.) The Court has not yet ruled on this motion.

Because EPIC's opposition papers to the Motion for TRO make reference to some of the sealed information, and because Gallagher has stated in communications and in its pending motion for a protective order that it wishes to keep those specific portions of the pleadings filed under seal out of the public record, EPIC, in an abundance of caution, respectfully requests that this Court file the documents listed in the attached Appendix A conditionally under seal pursuant to Civil Local Rule 79-5(d).

Nevertheless, EPIC wishes to emphasize that, in its view, none of the information placed under seal at Plaintiffs' request constitutes trade secrets, confidential or proprietary data, or information that is otherwise subject to a sealing order. (Decl. of Jeffrey Zinsmeister in Support of Misc. Administrative Motion to File Documents Under Seal Subject to Response From Plaintiffs, ¶ 3.)

Local Rule 79-5(d) allows a litigant to file conditionally under seal documents that contain or reference information designated as confidential by another party pursuant to a

- 1 -

4185780.1

DEFENDANT EPIC'S MISC. ADMIN. MOTION TO SEAL

protective order, subject to the designating party's comment and approval. Once the documents in question are filed and served, the designating party has five days to do one of two things: file a declaration "establishing that the designated information is sealable" and a "narrowly tailored" proposed sealing order; or else withdraw the designation of confidentiality. N.D. Cal. Civ. L.R. 79-5(d). In the event the designating party fails to file a responsive declaration, the document or proposed filing is placed in the public record. *Id.*

Although a protective order has not yet been issued in this case, Local Rule 79-5(d) should still apply here, because Gallagher has already designated the sealed documents in question as confidential in its communications with EPIC's counsel and in its pending motion for a protective order. Thus, EPIC respectfully moves this Court to file the documents listed in Appendix A conditionally under seal pursuant to Local Rule 79-5(d). If Gallagher fails to file a responsive declaration or otherwise comply with the requirements of Local Rule 79-5(d) within five days of filing and service of this Administrative Motion to File Documents Under Seal Subject to Response From Plaintiffs, EPIC does not object to the Court making all of the documents listed in Appendix A part of the public record, and respectfully requests that it do so.

Dated: January 4, 2008

MUNGER, TOLLES & OLSON LLP
 JEROME C. ROTH
 MARTIN D. BERN
 MALCOLM A. HEINICKE
 JEFFREY E. ZINSMEISTER

BY: _____
 JEFFREY E. ZINSMEISTER

Attorneys for Defendants
EDGEWOOD PARTNERS INSURANCE
CENTER, DAN R. FRANCIS & JOHN G.
HAHN

**APPENDIX A: LIST OF DOCUMENTS REQUESTED TO BE FILED CONDITIONALLY UNDER SEAL PURSUANT TO LOCAL RULE 79-5(d)**

Defendant Edgewood Partners Insurance Center ("EPIC") respectfully requests that the following documents be filed under seal in their entirety pursuant to Local Rule 79-5(d):

1. Defendant Edgewood Partners Insurance Center's Memorandum of Points and Authorities In Opposition to Plaintiff Gallagher's Motion For A Temporary Restraining Order;

2. Defendant Edgewood Partners Insurance Center's Compendium of Declarations in Opposition to Plaintiffs' Motion for a Temporary Restraining Order, and all exhibits contained within (Nos. 1-55);

3. Declaration of Ryan D. Pitman; and

4. Declaration of James Wells.