Paul, Hastings, Janofsky & Walker LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)
stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. &
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation, et al.,<br><br>Defendants. | CASE NO. C07 06418 JSW<br><br>**RESPONSE TO DEFENDANTS' ANDREW ("WALLY") BROWN, BRIAN QUINN, MICHAEL BROWN AND LAURA WICK'S OBJECTIONS TO EVIDENCE ATTACHED TO DECLARATION OF JAMES G. MCFARLANE AND COMPLAINT**<br><br>Hearing Date: January 11, 2008<br><br>Time: 9:00 a.m.<br><br>Dept: Courtroom 2, 17th Floor<br>The Honorable James S. White |

## I. INTRODUCTION

Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively "Gallagher") respectfully submits that the objections raised by Defendants Andrew "Wally" Brown, Brian Quinn, Michael Brown and Laura Wick (collectively "Defendants") with respect to the declaration of James G. McFarlane ("McFarlane Declaration") and the Complaint are inapplicable and improper.

Defendants' objections are limited to one document – an email chain which was attached to both the McFarlane Declaration and the Complaint. The last email in the chain is dated December 16, 2007 from Joan Wick to Brian Wick and Laura Wick. The December email is a reply to an email dated November 5, 2007 from Brian Wick to Tracy Franck, Thomas Wick and Joan Wick. The November 5, 2007 email reads in relevant part:

> Laura's job situation has changed and will make it hard for her to come. **Her boss and the rest of the sales people are leaving Gallagher to go to a competitor. Laura also made the decision to go**, and is now home for two weeks before starting with the new company. **Essentially, her job is to start the new branch office and set up the computers, facilities, and manage HR issues before the rest of the team quits and joins her.**

McFarlane Decl., Exh. G; Compl., Exh. B (emphasis added).

## II. RESPONSE TO OBJECTIONS

### A. The Court May Rely Upon Otherwise Inadmissible Evidence When Ruling On A Request For Injunctive Relief.

As a preliminary matter, Defendants' objections are irrelevant in the context of a motion for a temporary restraining order as the court may consider otherwise inadmissible evidence when ruling on the merits of a temporary restraining order ("TRO") or injunction. Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984); Bracco v. Lackner, 462 F.Supp. 436 (N.D. Cal. 1978).

CASE NO. 3:07-CV-06418-JSW                    -2-         RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE

B. <u>The Evidence Does Not Constitute Inadmissible Hearsay</u>

The statements set forth in Brian Wick's 11/5/07 email are non-hearsay as they represent an admission by a party opponent as either a statement which defendant Laura Wick manifested an adoption or belief in its truth, or a statement made by a person authorized by Laura Wick to make the statement, or a statement by Laura Wick's agent, or a statement by a coconspirator of the party during the course of and in furtherance of the conspiracy. FRE 801(d)(2). Likewise, given the position adopted by Defendants, including Laura Wick, the evidence is admissible to impeach Defendants' inconsistent statements. FRE 613.

C. <u>The Evidence Falls Within One Or More Hearsay Exceptions</u>

The email communication constitutes a present sense impression as Brian Wick's statements were merely explaining an event while he was perceiving it or immediately thereafter. FRE 803(1). The statements are also admissible as evidence of Brian Wick's state of mind (FRE 803(3)) or as a recorded recollection which was adopted by Laura Wick. FRE 803(5). As the communication was received by Laura Wick through her Gallagher account, it falls within the "business records" exception as a record of a regularly conducted activity. FRE 803(6).

D. <u>The Evidence Is Admissible Based Upon Its Trustworthiness</u>

Even absent the applicability of a recognized hearsay exception, the presumption of unreliability may be rebutted by appropriate proof. <u>See</u> FRE 807; <u>Bourjaily v. United States</u>, 483 US 171, 175 (1987) (otherwise inadmissible hearsay may be admitted if circumstantial guarantees of trustworthiness demonstrated). In the instant case, given the circumstances under which the communication was generated, the relationship between the parties to the communication, the existence of personal knowledge and the volume of corroborating evidence of Defendants' misconduct, the evidence is inherently trustworthy and should not be barred as the purpose of the hearsay rule would not be served.

### E. The Marital Privilege Does Not Apply

For the marital privilege to apply the communication must be "between" the spouses. Evid. Code §980; see also U.S. v. Griffin, 440 F.3d 1138, 1141 (9th Cir. 2006) (privilege covers . . . "only ... words or acts intended as communication to the other spouse . . . ."). Here, the 11/05/07 email at issue was sent by Laura Wick's husband to third parties, and not to Wick herself. Moreover, the subsequent communication on 12/16/07, which included the 11/05/07 email, was from a third party to both Laura Wick and her husband. Under these circumstances, the communication cannot be characterized as one between spouses.

In the same vein, the marital communications privilege applies only to confidential communications between the spouses. United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004). "To make a communication 'in confidence,' one must intend nondisclosure (citation) and have a reasonable expectation of privacy (citation)." People v. Mickey, 54 Cal.3d 612, 654 (1991) (emphasis added). Communications between husband and wife are not made in confidence when they occur in the presence of a third person. Pereira v. U.S., 347 U.S. 1, 6 (1954) (privilege applies only to confidential communications and does not extend to statements made before, or likely to be overheard, by third parties; see also People v. Gomez, 134 Cal. App. 3d 874, 879 (1982) (husband's threats made to wife in front of third parties not "confidential"); People v. Dorsey, 46 Cal. App. 3d 706, 718 (1975) (husband's declarations instructing third person in commission of crime, though witnessed by wife, not confidential communication to wife).

Examination of the email itself unequivocally demonstrates that it was not intended to be confidential. The communication was broadcast, in the first instance, to multiple third parties, but not to Laura Wick. There is nothing in the content of the communication suggesting that it was private, confidential or otherwise needed to be kept from the public and not further disseminated. Furthermore, given that the communication was made subsequent exchange was made to a Gallagher's email account, there is no reasonable basis to claim an expectation of confidentiality.

Accordingly, the assertion of the marital privilege must fail.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff Gallagher respectfully requests that Defendants' Objections be overruled in their entirety.

DATED: January 7, 2008

BRADFORD K. NEWMAN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
   /BRADFORD K. NEWMAN

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.