PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)
stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. &
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; et al.,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**RESPONSE TO DEFENDANT EDGEWOOD PARTNERS INSURANCE CENTER'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF THEIR MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing Date: January 11, 2008<br>Time: 9:00 a.m.<br>Judge: The Honorable Jeffrey S. White<br>Courtroom: 2, 17th Floor |

## I. INTRODUCTION

Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively "Gallagher") respectfully submits that the objections raised by Defendant Edgewood Partners Insurance Center ("EPIC") with respect to the declarations of Doug Bowring, Todd Kimble, Stephen Ring, Elizabeth Francy Demaret, Jon Berryhill, Warren G. Kruse II, Lynn Tu and James McFarlane are improper.

First and foremost, EPIC's objections are irrelevant in the context of a motion for a temporary restraining order as the court may consider otherwise inadmissible evidence when ruling on the merits of a temporary restraining order ("TRO") or injunction. Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984); Bracco v. Lackner, 462 F.Supp. 436 (N.D. Cal. 1978).

Furthermore, EPIC's objections raised are inapplicable for the reasons set forth below.

## II. RESPONSES TO OBJECTIONS TO EVIDENCE

| Declaration | EPIC's Objection | Paragraph(s) | Response |
|---|---|---|---|
| Doug Bowring | Hearsay (FRE 802) | 3-9 | 1, 2, 3, 10 |
| Doug Bowring | Hearsay within hearsay (FRE 805) | 4, 6 | 1, 2, 3, 4, 10 |
| Doug Bowring | Opinion (FRE 701, 702) | 7 | 1, 5, 6, 7, 8, 9, 10 |
| Todd Kimble | Hearsay (FRE 802) | 3-5, 7 | 1, 2, 3, 10 |
| Todd Kimble | Opinion (FRE 701, 702) | 3, 8 | 1, 5, 6, 7, 8, 9, 10 |
| Steven Ring | Hearsay (FRE 802) | 3-6 | 1, 2, 3, 10 |

| | | | |
|---|---|---|---|
| Steven Ring | Hearsay within hearsay (FRE 805) | 4,6 | 1, 2, 3, 4, 10 |
| Steven Ring | Opinion (FRE 701, 702) | 3 | 1, 5, 6, 7, 9, 10 |
| Elizabeth Francy Demaret | Hearsay (FRE 802) | 5-11, 13 | 1, 2, 3, 10 |
| Elizabeth Francy Demaret | Hearsay within hearsay (FRE 805) | 5-9, 11, 13 | 1, 2, 3, 4, 10 |
| Elizabeth Francy Demaret | Opinion (FRE 701, 702) | 6, 8 | 1, 5, 6, 7, 8, 9, 10 |
| Jon Berryhill | Hearsay (FRE 802) | 6 | 1, 2, 3, 10 |
| Jon Berryhill | Opinion (FRE 701, 702) | 6-10 | 1, 5, 6, 7, 9, 10 |
| Warren Kruse II | Hearsay (FRE 802) | 16, 18, 20-21 | 1, 2, 3, 10 |
| Warren Kruse II | Hearsay within hearsay (FRE 805) | 18 | 1, 2, 3, 4, 10 |
| Warren Kruse II | Opinion (FRE 701, 702) | 16, 19, 20-22 | 1, 5, 6, 7, 9, 10 |
| Lynn Tu | Hearsay (FRE 802) | 3-26, 28, 30-36, 38-41, 44 | 1, 2, 3, 10 |
| Lynn Tu | Hearsay within hearsay (FRE 805) | 18, 21, 33, 41 | 1, 2, 3, 4, 10 |
| Lynn Tu | Opinion (FRE 701, 702) | 14, 19, 29, 35, 43 | 1, 5, 6, 7, 8, 9, 10 |
| Lynn Tu | Irrelevant and prejudicial (FRE 401, | 37, 42-44 | 1, 5, 7, 8, 9, 10 |

| | | | |
|---|---|---|---|
| | 403) | | |
| James McFarlane | Hearsay (FRE 802) | 6, 13-15, 17-29, 33, 35-37, 39-40, 42-49, 51-52, 54, 56-60, 64-65 | 1, 2, 3, 10 |
| James McFarlane | Hearsay within hearsay (FRE 805) | 17, 25, 29, 33, 59 | 1, 2, 3, 4, 10 |
| James McFarlane | Opinion (FRE 701, 702) | 14, 17, 19-20, 24-25, 32, 34-38, 39-44, 48, 50-53, 56, 58, 61-62, 64-65 | 1, 5, 6, 7, 8, 9, 10 |
| James McFarlane | Irrelevant and prejudicial (FRE 401, 403) | 8-9, 12, 16, 19-20, 25, 30, 34, 36, 40, 43, 48, 56-58, 61-62 | 1, 5, 7, 8, 9, 10 |

| **KEY TO OBJECTION RESPONSES** | |
|---|---|
| 1 | Court has the discretion to consider otherwise inadmissible evidence evidence when ruling on the merits of a temporary restraining order ("TRO") or injunction. <u>Flynt Distributing Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1394 (9th Cir. 1984); <u>Bracco v. Lackner</u>, 462 F.Supp. 436 (N.D. Cal. 1978). |
| 2 | Nonhearsay (FRE 801(d)) |
| 3 | Hearsay Exception (FRE 803(1), (3), (5), (6)) |
| 4 | Admissible Hearsay Within Hearsay (FRE 805) |
| 5 | Impeachment Evidence (FRE 607, 613) |
| 6 | Admissible lay or expert opinion testimony (FRE 701, 702, 705) |
| 7 | Relevant Evidence (FRE 401, 402) |
| 8 | Relevant Character Evidence (FRE 405, 608) |
| 9 | Evidence of Habit or Practice (FRE 406) |

| 10 | Residual Exception (FRE 807; Bourjaily v. United States, 483 US 171, 175 (1987)) |
|---|---|

### III. CONCLUSION

For all the foregoing reasons, Plaintiff Gallagher respectfully requests that Defendant EPICs' Objections be overruled in their entirety.

DATED: January 7, 2008

BRADFORD K. NEWMAN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          BRADFORD K. NEWMAN

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.