1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2  STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3  SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
   1117 S. California Avenue
4  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
5  Facsimile: (650) 320-1900

6  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 ARTHUR J. GALLAGHER & CO., Inc., a        CASE NO.
   Delaware Corporation, ARTHUR J.
13 GALLAGHER & CO., INSURANCE                [PROPOSED] ORDER GRANTING
   BROKERS OF CALIFORNIA, INC., a            PLAINTIFFS' *EX PARTE* MOTION FOR
14 California Corporation,                   TEMPORARY RESTRAINING ORDER,
                                             EVIDENCE PRESERVATION ORDER,
15                Plaintiffs,                EXPEDITED DISCOVERY ORDER, AND
                                             ORDER TO SHOW CAUSE RE ISSUANCE
16         vs.                               OF PRELIMINARY INJUNCTION

17 EDGEWOOD PARTNERS INSURANCE
   CENTER, a California corporation; DAN
18 R. FRANCIS; JOHN G. HAHN;
   ANDREW ("WALLY") BROWN, JR.;
19 BRIAN F. QUINN; NEIL, R. COHN;
   CAROLANN COHN; MICHAEL J.
20 BROWN; STEPHEN HAUSE; LAURA J.
   WICK; JAMES C. HALBLEIB;
21 LAURINDA ("LAURIE") A. MARTIN;
   ERIC CHUA; GEORGE J. PETTY;
22 LINDA SOO HOO; ROBERT E. DUTTO;
   SUSAN M. ENGLISH; DON J.
23 JOHNSON; ALLEN L. AMOS;
   WILLIAM ("BILL") PHILLIPS, JR.;
24 DIRCK ("RICK") R. STINSON; ROBERT
   ("BOB") D. ELLSWORTH; ROBERT H.
25 WATKINS; PAUL H. WAGENER;
   SHANDRANETTE MIDDLETON,
26
                  Defendants.
27

28

Case No.

[PROPOSED] ORDER GRANTING TRO, OSC RE
PRELIM. INJUNC., EVID. PRESERV., EXPEDITED
DISCOVERY

The Court, having considered the argument of counsel and the papers submitted by Plaintiff A.J. GALLAGHER & CO., INC., and ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC. ("Gallagher") in support of its *ex parte* Motion for Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, and Order To Show Cause Re Issuance of Preliminary Injunction, and for good cause shown, **HEREBY ORDERS AS FOLLOWS:**

**<u>TEMPORARY RESTRAINING ORDER TO IDENTIFY, RETURN AND REFRAIN FROM USING GALLAGHER DATA, DOCUMENTS AND PROPERTY</u>**

**IT IS ORDERED:**

(1) That Defendants Edgewood Partners Insurance Center ("EPIC"); Andrew ("Wally") Brown, Jr., Brian F. Quinn, Neil R. Cohn, Michael J. Brown, Stephen Hause, Laura J. Wick, George J. Petty, James C. Halbleib, Laurinda ("Laurie") A. Martin, Eric Chua, Linda Soo Hoo, Robert E. Dutto, Susan M. English, Don J. Johnson, Allen L. Amos, Kelly Cavagnuolo, Shandranette Middleton (also known as Shandranette Pulliam), William ("Bill") Phillips, Jr., Dirck ("Rick") R. Stinson, Robert ("Bob") D. Ellsworth, Robert H. Watkins, and Paul H. Wagener (each an "Individual Defendant"), (collectively, "Defendants") are immediately restrained from:

  a. Accessing, using, retaining or disclosing to anyone (other than Plaintiff and its counsel and forensic experts) any of Gallagher's data, documents and property taken from or belonging to Gallagher that is in any Defendant's current possession, custody, or control;

  b. Retrieving, copying, transmitting or disseminating any copies of Gallagher's data, documents or property taken from or belonging to Gallagher;

  c. Destroying, altering, erasing, or otherwise modifying, or causing or permitting anyone else to destroy, alter, erase, or otherwise modify, any of Gallagher's data, documents or property taken from or belonging to other evidence relating to this action;

     d.  Interfering with Plaintiffs' existing customer contracts or employment relationships, including but not limited to seeking to or actually transacting business with any current Gallagher customer whose data or information Defendants obtained or removed from Gallagher and/or soliciting any employees of Gallagher in violation of any contractual obligation owed to Gallagher by any Defendant.

(2)  That, within three (3) days of the date of this Order, Defendants shall return to counsel for Gallagher all data, documents and property taken from or belonging to Gallagher that any Defendant accessed, removed or retained in connection with their employment with Gallagher, including, without limitation, the electronic data identified in response to the Evidence Preservation Order below.

## **EVIDENCE PRESERVATION ORDER**

**IT IS FURTHER ORDERED THAT:**

(1)  That Defendants

     a.  Identify under oath each and every file and piece of electronic data (by name, hash marks, or other identifying means) they accessed, removed, or copied off of Gallagher's computers or network;

     b.  Identify under oath the location of all files, and copies of files, they accessed and removed from Gallagher's computers or network;

     c.  Identify under oath with specificity (manufacturer, version number, etc.) the particular type of program they used to delete data off of Gallagher's computers or network;

     d.  Identify all computer media issued to the Individual Defendant by EPIC that they have accessed or used at any time and which has ever contained any Gallagher data or data that incorporates or reflects Gallagher data;

     e.  Identify and provide an accounting of all Gallagher data, and all data that incorporates or reflects Gallagher data, in their possession, custody and control, including the location of such data;

        f.        Identify under oath all Electronic Storage Devices (including but not limited to home computers, thumb drives, CDs, hard drives, private Web email accounts, and other media capable of storing electronic data) in Defendants' possession, custody and control, for purposes of allowing a third party expert to forensically image and preserve the data on these Electronic Storage Devices so that through the discovery process, the Electronic Storage Devices can be inspected;

        g.        Identify under oath all persons and entities that have been given access to and what use has been made of the Gallagher data Defendants removed from the Gallagher's computers or network or otherwise have retained.

(2)    That Defendants shall comply with the requirements of this Evidence Preservation Order within three (3) days of the Date of this Order.

## ORDER REGARDING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED THAT:**

(1)    Gallagher may immediately serve upon each Defendant the following written discovery: seven (7) of the same special interrogatories, three (3) special interrogatories unique to each Defendant, ten (10) of the same document requests and five (5) document requests unique to each Defendant. Each Defendant is ordered to provide full, complete, and FRCP-compliant written responses to this discovery, and to produce all documents that are responsive to Gallagher's document requests, within seven (7) business days of the date of service. Gallagher shall serve its discovery requests on each Defendant via either facsimile or PDF email delivery, and such requests shall be deemed served immediately upon receipt.

(2)    Gallagher may immediately serve upon each Defendant a notice of a deposition. Each Defendant is ORDERED to appear in this judicial district for deposition at a time mutually convenient to the parties and their counsel, but in no case later than twenty (20) days from the date of service of the deposition notice. Service shall be made and deemed complete in the manner described in Paragraph 1, above.

## ORDER TO SHOW CAUSE REGARDING ISSUANCE OF PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED THAT:**

(1)  Pursuant to the Temporary Restraining Order entered herewith, each Defendant shall appear before the Court on _____, 2007 to show cause why the Court should not issue a preliminary injunction consistent with the Temporary Restraining Order. Gallagher shall post a bond with the Court clerk in the amount of $ _____ by no later than _____.

## BRIEFING SCHEDULE

**IT IS SO ORDERED.**

Entered this _____ day of December, 2007.

_____
Judge of the United States District Court

Case No.  -5-  [PROPOSED] ORDER GRANTING TRO, OSC RE PRELIM. INJUNC., EVID. PRESERV., EXPEDITED DISCOVERY