1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   STEPHEN N. YANG (SB# 142474)
3  stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410)
4  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
5  shannonsevey@paulhastings.com
   1117 S. California Avenue
6  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
7  Facsimile: (650) 320-1900

8  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. &
9  Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  ARTHUR J. GALLAGHER & CO., Inc., a          CASE NO. 3:07-CV-06418-JSW
    Delaware Corporation, et al.
16                                              **PLAINTIFFS' NOTICE OF MOTION AND**
                                                **ADMINISTRATIVE MOTION TO FILE**
17          Plaintiffs,                         **DOCUMENTS AND PORTIONS OF**
                                                **DOCUMENTS IN ITS REPLY PAPERS**
18       vs.                                    **UNDER SEAL (NORTHERN DISTRICT**
                                                **OF CALIFORNIA CIVIL LOCAL RULE**
19  EDGEWOOD PARTNERS INSURANCE                 **79-5 AND 7-11)**
    CENTER, a California corporation; et al.,
20
            Defendants.
21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher"), hereby move, pursuant to Northern District of California Civil Local Rules 79-5 and 7-11, for an order to file under seal portions of their Reply Brief in Support of *Ex Parte* Motion for Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, and Order To Show Cause Re Issuance of Preliminary Injunction ("Reply Brief"), Notice of Demonstrative Exhibits In Support of Plaintiff's Reply Brief, and the Declarations of Jon A. Berryhill, Gregory Campbell, Larry Dineen, Peter Doyle, Tom Glaaser, Michael Goggio, Ken Johnson, Warren G. Kruse II, James McFarlane, Daniel McNamara, James Pagliai, and Linda Reynolds, in support of said Reply Brief, and to file under seal the Declarations of CUSTOMER 1 and CUSTOMER 2, in their entirety.

The documents and portions of documents that Gallagher seeks to seal are as follows:

| Item No. | Document | Page, Line |
|---|---|---|
| 1 | Reply Brief | Page 1, line 11 (after "Decl." until "Emergency Relief") |
| 2 | Reply Brief | Page 6, line 10 (after "client" until "causing") |
| 3 | Reply Brief | Page 6, line12 (after "client" until "in") |
| 4 | Reply Brief | Page 6, line13 (after "EPIC." until "Decl." and after "passim" until end) |
| 5 | Reply Brief | Page 6, line 15 (after "client" until "by using") |
| 6 | Reply Brief | Page 6, line 18 (after "client" until "after") |
| 7 | Reply Brief | Page 6, line 19 (after "accessing" until "files") |
| 8 | Reply Brief | Page 6, line 20 (after "client" until "after") |
| 9 | Reply Brief | Page 6, line 21 (after "related to" until "McFarlane") |
| 10 | Reply Brief | Page 6, line 23 (after "client" until "about whom") |
| 11 | Reply Brief | Page 6, line 26 (after "including" until "after") |
| 12 | Reply Brief | Page 7, line 10 (after "EPIC." until "Decl." and after "11-12;" until "Decl.") |
| 13 | Reply Brief | Page 9, line 9 (from "and" until "by claiming") |
| 14 | Reply Brief | Page 11, line 20 (from "client" until "Id") |
| 15 | Reply Brief | Page 14, line 8 (after "client" until  "(2) ") |
| 16 | Reply Brief | Page 14, line 20 (after "pitch business to" until "a current") |

| 17 | Reply Brief | Page 15, line 20 (after "proprietary" until "client") |
|---|---|---|
| 18 | Reply Brief | Page 15, line 21 (after "solicit" until "to switch") |
| 19 | Notice of Demonstrative Exhibits | Exhibits A, B, and C (in their entirety) |
| 20 | Berryhill Suppl. Decl. | Page 3, line 9 (after "client" until "A true") |
| 21 | Berryhill Suppl. Decl. | Page 6, line 16 (after "titled" until "September") |
| 22 | Berryhill Suppl. Decl. | Page 6, line 27 (after "titled" until "Photos") |
| 23 | Berryhill Suppl. Decl. | Page 7, line 4 (after "such as" until "ajg.checklist.doc" and after "ajg checklist.doc" until "June") |
| 24 | Berryhill Suppl. Decl. | Page 7, line 11 (after "within the" until "folder") |
| 25 | Berryhill Suppl. Decl. | Page 7, line 28 (after "the same 34" until "files that") |
| 26 | Berryhill Suppl. Decl. | Exhibits G, H, I, J, K, M, O, R, and S |
| 27 | Campbell Decl. | Page 1, lines 11 (after "Watkins did" to the end of line 11) |
| 28 | Campbell Decl. | Page 4, lines 7-8 (after "three" on line 7 to "were solicited" on line 8) |
| 29 | Campbell Decl. | Page 4, line 17 (after "for example") to the end of paragraph 8 |
| 30 | Campbell Decl. | Page 4, line 26 (after "entitled") to page 5 to the end of paragraph 9 |
| 31 | Campbell Decl. | Page 5, line 7 to page 5 to the end of paragraph 10 |
| 32 | Campbell Decl. | Page 5, line 19 to page 5, line 23 |
| 33 | Campbell Decl. | Page 5, line 26 (everything after "approximately") |
| 34 | Campbell Decl. | Page 5, line 28 (beginning of line 28) to page 6, end of paragraph 13 |
| 35 | Campbell Decl. | Page 6, line 14 to page 6, line 20 |
| 36 | Campbell Decl. | Page 7, line 11 (after "client") to the end of paragraph 18 |
| 37 | Campbell Decl. | Page 7, line 19 (beginning of line 19 to "for the purpose" and after "to convince" to "to transfer") |
| 38 | Campbell Decl. | Page 7, line 24 (after "Gallagher for" to "business") |
| 39 | Campbell Decl. | Page 7, line 25 (after "recommendations to") to page 8, end of paragraph 20 |
| 40 | Campbell Decl. | Page 8, line 5 (after "entitled") to the end of paragraph 21 |
| 41 | Campbell Decl. | Page 8, line 16 (after "regarding" until "2007") |
| 42 | Campbell Decl. | Page 8, line 22 (after "between" to "and Gallagher") |

PLAINTIFFS' NOTICE OF MOTION &
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL

| 43 | Campbell Decl. | Exhibits A, B, C, D, E, F, G, H, I, J, K, and L (in their entirety) |
| 44 | Dineen Decl. | Exhibits A, B, and C (in their entirety) |
| 45 | Doyle Decl. | Page 1, line 5 (after "spoke with" to "for Gallagher") |
| 46 | Doyle Decl. | Page 1, line 6 (after "customer" to "informed") |
| 47 | Doyle Decl. | Page 1, line 7 (after "to meet with" to "to pitch") |
| 48 | Doyle Decl. | Page 1, line 8 (after "services to" to "later") |
| 49 | Doyle Decl. | Page 1, line 8 (after "week that" to "is") |
| 50 | Doyle Decl. | Page 1, line 9 (after "meet with" to "on Wednesday") |
| 51 | Doyle Decl. | Page 1, line 10 (after "meet with" to "on either") |
| 52 | Glaaser Decl. | Page 1, line 8 through line 13 |
| 53 | Glaaser Decl. | Page 1, line 22 through Page 2, line 11 |
| 54 | Glaaser Decl. | Page 2, line 21 (after "Second,") to Page 3, line 2 (end of paragraph 8) |
| 55 | Glaaser Decl. | Page 3, line 6 (after "like the") to page 3, line 8 (to "have no bearing") |
| 56 | Glaaser Decl. | Page 3, line 10 (after "accessed the" to "file for") |
| 57 | Glaaser Decl. | Page 3, lines 14 – 15 (after "including" to "accessed") |
| 58 | Glaaser Decl. | Page 3, lines 26 – 27  (after "contain" to "which") |
| 59 | Glaaser Decl. | Page 4, line 2 (beginning of line to "applications") |
| 60 | Glaaser Decl. | Exhibit A (in its entirety) |
| 61 | Goggio Decl. | Page 2, line 13 (after "telephone number" until end) |
| 62 | Goggio Decl. | Page 2, line 14 (from beginning until "in Wally") |
| 63 | Goggio Decl. | Page 2, line 16 (after "located at" until "I am informed") |
| 64 | Goggio Decl. | Page 3, line 13 to page 4, line 22 (all) |
| 65 | Goggio Decl. | Page 5, line 1, to page 6, line 3 (all) |
| 66 | Johnson Decl. | Page 1, line 9 (after "client" to "which was") |
| 67 | Johnson Decl. | Page 1, line 11 (after "approximately" to "in annual") |
| 68 | Johnson Decl. | Page 1, line 13 (after "with" to end of heading) |
| 69 | Johnson Decl. | Page 1, line 14 (after "spoke with") to line 15 ("who informed") |
| 70 | Johnson Decl. | Page 1, line 16 (after "met with") to the end of line 18 |
| 71 | Johnson Decl. | Page 1, line 19 (after "with these") to the end of line 19 |
| 72 | Johnson Decl. | Page 1, line 24 (after "within") to the end of line 24 |
| 73 | Johnson Decl. | Page 1, line 25 (after "regarding" to "is not") |
| 74 | Johnson Decl. | Page 1, line 26 (after "meeting with") to the end of line 26 |
| 75 | Johnson Decl. | Page 1, line 27 (after "with these" before "while at") |
| 76 | Johnson Decl. | Page 1, line 28 (after "regarding the") to Page 2, line 2 (to "from |

PLAINTIFFS' NOTICE OF MOTION &
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL

| | | | |
|---|---|---|---|
| | | | Gallagher") |
| 2 | 77 | Johnson Decl. | Page 2, line 3 (after "spoke to" to "on December") |
| | 78 | Johnson Decl. | Page 2, line 4 (after "meeting with" to "EPIC attempted") |
| 3 | 79 | Johnson Decl. | Page 2, line 4 (after "to convince" to "to" before end of line 4) |
| 4 | 80 | Johnson Decl. | Page 2, line 5 (after "but that" to "indicated") |
| 5 | 81 | Johnson Decl. | Page 2, lines 6-7 (after "meeting with" to the end of the heading) |
| 6 | 82 | Johnson Decl. | Page 2, line 8 (after "meeting with" to "the nature" |
| 7 | 83 | Johnson Decl. | Page 2, line 27 (after "met with" to "and" before the end of line 27) |
| 8 | 84 | Johnson Decl. | Page 2, line 28 (after "meeting" to "had spoken") |
| 9 | 85 | Johnson Decl. | Page 3, line 2 (after "provide for") to line 3 ("Asia-based") |
| | 86 | Johnson Decl. | Page 3, line 4 (after "meeting with" to "I interpreted") |
| 10 | 87 | Johnson Decl. | Page 3, line 5 (after "convince" to "to use it") |
| 11 | 88 | Johnson Decl. | Page 3, line 7 (after "EPIC and" before "and in") |
| 12 | 89 | Johnson Decl. | Page 3, line 18 (from beginning of line to "Specifically") |
| | 90 | Johnson Decl. | Page 3, line 18 (after "spoken with" to "how things") |
| 13 | 91 | Johnson Decl. | Page 3, line 19 (after "Gallagher and" to "and whether") |
| 14 | 92 | Johnson Decl. | Page 3, line 20 (after "Gallagher and" to "of which") |
| 15 | 93 | Johnson Decl. | Page 3, line 21 (after "meeting with" to "representatives") |
| 16 | 94 | Johnson Decl. | Page 3, line 23 (after "meeting with" to "and also") |
| | 95 | Johnson Decl. | Page 3, line 24 (after "Gallagher and" to "that he") |
| 17 | 96 | Johnson Decl. | Page 3, line 25 (beginning of line to "to transfer") |
| 18 | 97 | Johnson Decl. | Page 3, line 27 (after "arranged with" to "I received") |
| 19 | 98 | Johnson Decl. | Page 4, line 1 (after "meeting with" to "I") |
| 20 | 99 | Johnson Decl. | Page 1, line 9 (after "client" to "which was") |
| | 100 | Johnson Decl. | Page 1, line 11 (after "approximately" to "in annual") |
| 21 | 101 | Johnson Decl. | Page 1, line 13 (after "with" to end of heading) |
| 22 | 102 | Johnson Decl. | Page 1, line 14 (after "spoke with") to line 15 ("who informed") |
| 23 | 103 | Kruse Suppl. Decl. | Page 5, line 24 (after "accessed" to "files") |
| 24 | 104 | Kruse Suppl. Decl. | Page 6, line 1 (after "accessed" to "files") |
| 25 | 105 | Kruse Suppl. Decl. | Page 6, line 5 (after "customers" to "As") |
| 26 | 106 | Kruse Suppl. Decl. | Exhibit J (in its entirety) |
| 27 | 107 | McFarlane Suppl. Decl. | Page 2, line 9 (after the "declaration of" until "the") |

PLAINTIFFS' NOTICE OF MOTION &
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL

| 108 | McFarlane Suppl. Decl. | Page 2, line 10 (after "client" until "I have" and after "reviewed" until "declaration") |
| 109 | McFarlane Suppl. Decl. | Page 2, line 11 (after "agree with" until "assessment") |
| 110 | McFarlane Suppl. Decl. | Page 2, line 12 (after "discussed in" until "declaration" and after "data regarding" until end) |
| 111 | McFarlane Suppl. Decl. | Page 2, line 13 (from beginning until "Workers' Compensation") |
| 112 | McFarlane Suppl. Decl. | Page 2, line 14 (after "etc., that" until "never") |
| 113 | McFarlane Suppl. Decl. | Exhibits A and C (in their entirety) |
| 114 | McFarlane Decl. | Exhibits I and J (in their entirety) |
| 115 | McNamara Decl. | Page 1, line 7 (beginning of Paragraph 2 to "is one of") |
| 116 | McNamara Decl. | Page 1, line 8 (after "generating" to "in annual") |
| 117 | McNamara Decl. | Page 1, line 9 (after "time that" to "became") |
| 118 | McNamara Decl. | Page 1, line 11 (after "efforts for" to "Jim") |
| 119 | McNamara Decl. | Page 1, line 13 (beginning of Paragraph 3 to "has expressed") |
| 120 | McNamara Decl. | Page 1, lines 14-15 (after "particular," to "has noted" on line 15) |
| 121 | McNamara Decl. | Page 1, line 16 (after "and that" to end of line 16) |
| 122 | McNamara Decl. | Page 1, line 19 (after "met with" to "to solicit") |
| 123 | McNamara Decl. | Page 1, line 22 (after "convince" to "to transfer") |
| 124 | Pagliai Decl. | Page 1, line 15 (after "serial number" to "After") |
| 125 | Pagliai Decl. | Page 2, line 15 to line 23 |
| 126 | Pagliai Decl. | Exhibits E, F, G, and H (in their entirety) |
| 127 | Reynolds Decl. | Page 1, line 6 (beginning of line to "a client") |
| 128 | Reynolds Decl. | Page 1, line 8 (after "renewal of" to end of line 8) |
| 129 | Reynolds Decl. | Page 1, line 9 (after "meeting," to "informed") |
| 130 | Reynolds Decl. | Page 1, line16 (beginning of Paragraph 4 to "also showed") |
| 131 | Reynolds Decl. | Page 1, line 18 (after "document" to "informed") |
| 132 | Reynolds Decl. | Page 1, line 20 (after (distribute to" to "I") |
| 133 | Reynolds Decl. | Page 1, line 25 (after "quote to" to "which may") |
| 134 | Reynolds Decl. | Page 1, lines 25–26 (after "quotes that" to "received") |
| 135 | Reynolds Decl. | Page 1, line 28 (after "received from" to "the number") |
| 136 | Reynolds Decl. | Page 1, line 28 (after "number" to "on the left-hand") |
| 137 | Reynolds Decl. | Exhibit A (in its entirety) |
| 138 | Declaration of [CUSTOMER 1] | In its entirety |

CASE NO. 3:07-CV-06418-JSW

PLAINTIFFS' NOTICE OF MOTION & ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

| 139 | Declaration of [CUSTOMER 2] | In its entirety |
|-----|------------------------------|-----------------|

The aforementioned documents and portions of documents contain confidential, proprietary, and trade secret information belonging to Gallagher, including the identities of top revenue-generating clients, file names pertaining to Gallagher clients, and Gallagher files pertaining to clients and consisting of internally-developed, commercially-sensitive, data compilation relating to Gallagher's servicing of clients, including client contacts and preferences, financial and pricing data, data regarding particularized insurance requirements and account preferences, business and client strategies, and more. They also contain commercially sensitive information belonging to Gallagher's clients and former clients. Finally, some of the documents and portions of documents contain information implicating individuals' privacy rights.

Gallagher has lodged the above-referenced documents and portions of documents in an envelope or container labeled as follows: **"DOCUMENT SUBMITTED UNDER SEAL."**

This motion is based upon this Notice of Motion and Motion and Memorandum of Points And Authorities, the Declaration of Sarju A. Naran, and all exhibits attached thereto, all of which contain the factual basis in support of this Motion, all other documents which are being or will be filed and lodged in support thereof, all other documents on file herein, and such other and further evidence as the Court may consider at the hearing.

Gallagher respectfully submits that good cause exists for the filing of these documents under seal, and request that the Court order that the above-listed documents be filed under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As stated more fully in Gallagher's Complaint, this lawsuit revolves around EPIC's illegal raiding of more than 45 Gallagher employees and the associated theft and use of confidential Gallagher data to unfairly compete and steal millions of dollars of business. While active Gallagher officers, senior executives, fiduciaries and/or employees, Individual Defendants and former Gallagher employees Wally Brown, Brian Quinn, Michael Brown and Neil Cohn, in concert with EPIC executives Dan Francis and John Hahn, surreptitiously carried out their illegal

-6-

PLAINTIFFS' NOTICE OF MOTION &
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL

1    actions in a conscious way so as to cause the utmost damage to Gallagher. Among other things,

2    over a period of months and while still actively employed by Gallagher, these Defendants –

3    working in close concert with Francis and Hahn – used their insider knowledge of employee skills

4    and salaries to illegally solicit and recruit their direct reports away from Gallagher and into jobs

5    with Gallagher's competitor, and orchestrated the mass theft and use of Gallagher data to unfairly

6    compete.

7         In response to this unfair competition and blatant theft of trade secrets, Gallagher seeks a

8    Temporary Restraining Order, and preliminary and permanent injunctive relief concurrently

9    herewith. In filing its Reply Brief, however, Gallagher necessarily and unavoidably has to

10   provide to the Court certain confidential, proprietary, and trade secret information in order to

11   make the requisite showing necessary for the Temporary Restraining Order that Gallagher needs

12   in order to stop the irreparable harm that Defendants are inflicting and will continue to inflict

13   absent Court intervention.

14        For purposes of protecting its confidential, proprietary, and trade secret information, and

15   the privacy rights of individuals therefore, and as good cause exists to seal this information,

16   Gallagher now requests, pursuant to Northern District of California Civil Local Rule 79-5 and 7-

17   11, an order that the aforementioned documents and portions of documents be filed under seal.

18   **II.    ARGUMENT**

19        Northern District Civil Local Rule 79-5(b)-(c) provides that counsel seeking to file

20   documents and portions of documents under seal may file a motion under Local Rule 7-11 and

21   may lodge with the court documents for which sealing is requested. Northern District Civil Local

22   Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or

23   protectable as a trade secret or otherwise entitled to protection under the law…." (emphasis

24   added). Federal courts will seal documents in support of non-dispositive motions on a showing of

25   "good cause." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 ( 9th Cir. 2006).

26        Gallagher has lodged the documents and portions of documents that are the subject of

27   this motion in the manner provided for in Local Rule 79-5(c), and there is good cause for keeping

28

PLAINTIFFS' NOTICE OF MOTION &
ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL

CASE NO. 3:07-CV-06418-JSW

1    these documents under seal.

2         This Court has the power to seal records to protect confidential, proprietary, and trade

3    secret information.  Both Federal and California law recognize that courts should protect

4    **confidential commercial information** by reasonable means, including filing under seal of

5    documents containing such information.   See Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7)

6    and (8) (a court may enter an order protecting the confidentiality of "a trade secret or other

7    confidential research, development or commercial information," including a direction that

8    documents or information be filed under seal); Cal. Civ. Code Section 3426.5 ("a court shall

9    preserve the secrecy of an alleged trade secret by reasonable means, which may include granting

10   protective orders in connection with discovery proceedings, holding in-camera hearings,

11   sealing the records of the action, and ordering any person involved in the litigation not to disclose

12   an alleged trade secret without prior court approval").

13        It also has the power to seal information based on an individual's privacy rights, as "an

14   interest entitled to protection under law."  The California Constitution recognizes an individual's

15   "inalienable right" of privacy, which protects an individual from the dissemination of **sensitive**

16   **and confidential** information.  Ca. Const. Art. I, § 1; Hill v. Nat'l Collegiate Athletic Ass'n, 7

17   Cal. 4th 20, 32–37 (1994).

18        Though courts recognize a general right to inspect and copy public records and

19   documents, including judicial records, the Supreme Court has stated that this right is limited.  "It

20   is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every

21   court has supervisory power over its own records and files, and access has been denied where

22   court files might have become a vehicle for improper purposes."  Nixon v. Warner Commc'ns,

23   Inc., 435 U.S. 589, 598 (1978).  In discussing examples of improper purposes, the Court indicated

24   that courts are not to serve as "sources of business information that might harm a litigant's

25   competitive standing."  Id.  As the Ninth Circuit has put it,

26            The law, however, gives district courts broad latitude to grant
              protective orders to prevent disclosure of materials for many types
27            of information, including, but not limited to, trade secrets or other
              **confidential research, development, or commercial**
28

1  **information**.  See Fed. R. Civ. P. 26(c)(7).  Rules 26(c) authorizes
2  the district court to issue "any order which justice requires to
   protect a party or person from annoyance, embarrassment,
3  oppression, or undue burden."  The Supreme Court has interpreted
   this language as conferring "broad discretion on the trial court to
4  decide when a protective order is appropriate and what degree of
   protection is required."

5  Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002), quoting Seattle Times Co.

6  v. Rhinehard, 467 U.S. 20, 36 (1984) (emphasis added).

7  As discussed above, the documents and portions of documents to be sealed listed above

8  relate to and reflect Gallagher's confidential, proprietary, and trade secret information, as well as

9  the sensitive and confidential information of individuals.  Moreover, Gallagher's motion is

10  narrowly tailored, as Gallagher seeks to seal only those portions of documents relating to its

11  commercially sensitive information that Gallagher seeks to seal.

12  As the information discussed above constitutes confidential information, which by law

13  may be sealed, Gallagher respectfully requests that the Court grant its motion.

14  **III.    CONCLUSION**

15  For the foregoing reasons, Gallagher submits that good cause exists for the filing of this

16  Motion to file certain documents and portions of documents under seal and respectfully requests

17  that the Court so order.

18
19  DATED:  January 7, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                   BRADFORD K. NEWMAN
                                   SARJU A. NARAN
20
21
22  By:_____
                                   SARJU A. NARAN
23
24  Attorneys for Plaintiffs
    Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher &
    Co., Insurance Brokers of California, Inc.
25
26
27
28

-9-