1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)

2   bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)

3   stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)

4   sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)

5   shannonsevey@paulhastings.com
1117 S. California Avenue

6   Palo Alto, CA 94304-1106
Telephone: (650) 320-1800

7   Facsimile: (650) 320-1900

8   Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.

9   Insurance Brokers of California, Inc.

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  ARTHUR J. GALLAGHER & CO., INC.,<br>a Delaware Corporation, et al., | CASE NO. C 07-06418 JSW |
| 15          Plaintiffs, | **[PROPOSED] ORDER GRANTING**<br>**PLAINTIFFS'** *EX PARTE* **MOTION FOR**<br>**TEMPORARY RESTRAINING ORDER,** |
| 16      vs. | **EVIDENCE PRESERVATION ORDER,**<br>**EXPEDITED DISCOVERY ORDER, AND** |
| 17  EDGEWOOD PARTNERS INSURANCE<br>CENTER, a California corporation; et al., | **ORDER TO SHOW CAUSE RE ISSUANCE**<br>**OF PRELIMINARY INJUNCTION** |
| 18 | |
| 19       Defendants. | |

20

21

22

23

24

25

26

27

28

The Court, having considered the argument of counsel and the papers submitted by Plaintiff A.J. GALLAGHER & CO., INC., and ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC. ("Gallagher") in support of its *ex parte* Motion for Temporary Restraining Order, Evidence Preservation Order, Expedited Discovery Order, and Order To Show Cause Re Issuance of Preliminary Injunction, makes the following findings of fact:

1.     Plaintiffs are insurance brokers in the business of identifying and procuring suitable commercial insurance products for clients.

2.     Gallagher gathers and maintains qualitative information to assists clients in obtaining insurance to meet their business needs by acting as a liaison between insurance companies and potential insureds, and Gallagher required the Individual Defendants it formerly employed to obtain and develop this information, and identify and develop prospective customers and service existing customers, for only Gallagher's benefit.

3.     This information is not generally known to the public or the insurance brokerage industry, nor readily obtainable, is of economic value to Gallagher and gives Gallagher a competitive advantage over competitors.

4.     Development and compilation of the information obtained and developed by the former Gallagher employees while they were employed by Gallagher required much time, effort, and cost, including salaries.

5.     Gallagher took reasonable measures to maintain the secrecy of its non-public information and requires employees to protect its data from unauthorized use and disclosure based upon their fiduciary and/or contractual obligations.

6.     EPIC directly competes with Gallagher.

7.     The former Gallagher employees now at EPIC did not have the authority to access Gallagher's computers or Gallagher's non-public, commercially valuable information for their own benefit or for the benefit of a competitor.

8.     Defendants W. Brown, Quinn, N. Cohn, Halbleib, and Hause were officers and fiduciaries of Gallagher.

9.     EPIC was aware that in order to protect its confidential competitive data,

[PROPOSED] ORDER GRANTING TRO, OSC RE PRELIM. INJUNC., EVID. PRESERV., EXPEDITED DISCOVERY

1   Gallagher required Defendants Amos, W. and M. Brown, N. Cohn, Dutto, English, Halbleib,

2   Johnson, Martin, Phillips, Quinn, Stinson, Wagener, and Watkins to execute Executive

3   Agreements prohibiting them, while employed and thereafter, from soliciting Gallagher

4   employees or using Gallagher confidential information to solicit Gallagher customers. These

5   Agreements mandated return of Gallagher data and in the event of breach, provide for immediate

6   injunctive relief.

7       10.    Defendants and former Gallagher employees Amos, Michael Brown, Wally

8   Brown, Carol Cohn, Neil Cohn, Chua, Craven, Dutto, Ellsworth, English, Halbleib, Harvison,

9   Hilgen, Johnson, Lucas, Petty, Quinn, Rodriguez, Soo Hoo, Stinson, Varnica, Voth, Wagener,

10  Watkins, and Wick signed acknowledgements agreeing to follow Gallagher's Code of Ethics,

11  which prohibits soliciting employees or using Gallagher confidential information to solicit

12  customers and requires return of all Gallagher data.

13      11.    Defendants Wally Brown, Quinn, Neil Cohn, Wick, Halbleib, Hause, Carol Cohn,

14  Soo Hoo, Petty and Watkins entered into Stockholder Agreements prohibiting them from

15  soliciting Gallagher employees or using confidential data to solicit Gallagher customers. These

16  Agreements also mandate the return of all Gallagher data.

17      12.    EPIC required former Gallagher employees it hired to execute EPIC employment

18  agreements that contain even stronger non-solicitation restrictions (no solicitation of EPIC

19  customers regardless of whether such solicitation requires the use of confidential information)

20  and which also provide for immediate injunctive relief for breach, based on the same rationale –

21  that these covenants are necessary for the protection of proprietary trade secret data which EPIC

22  defines in a substantially identical manner to Gallagher.

23      13.    EPIC required the Individual Defendants to sign agreements to abide by their

24  contractual obligations to Gallagher. EPIC's contracts also state it will not "in any way endorse

25  or permit any Producer to use proprietary or confidential information obtained from his or her

26  former employer, or endorse or permit conduct that unlawfully conflicts with the terms of a

27  Restrictive Agreement."

28      14.    By July 2007, phone records demonstrate coordination between officers Quinn and

1  W. Brown regarding their discussions with EPIC.

2      15.    By September 14, 2007, Quinn submitted a "Dominant Priorities 2007 Final"

3  spreadsheet to Gallagher management, identifying 9 specific actions intended to help Gallagher

4  accomplish 07 and 08 Above Financial Targets, and that included employee development and

5  retention, client retention and minimal disruption from the San Ramon office relocation as top

6  priorities; Quinn identified himself and Wally Brown as the owner of 7 of the 9 Dominant

7  Priorities; Wick and Soo Hoo owned the remaining two.

8      16.    By October 2007, Defendants, by and through EPIC, Wally Brown and Quinn,

9  solicited Gallagher employees and coordinated their departures with Michael Brown, Wick, Soo

10  Hoo, Middleton and Quinn.

11      17.    By November 2007, EPIC hired Gallagher Human Resource employee Laura

12  Wick to establish operations and process new hires from Gallagher.

13      18.    Before and after Brown and Quinn left Gallagher, EPIC, Brown and Quinn

14  solicited Gallagher employee Lynn Tu to join EPIC.

15      19.    Defendant Halbleib solicited Gallagher employee Ken Johnson to resign from

16  Gallagher and join EPIC.

17      20.    Before leaving Gallagher, Quinn, W. Brown, M. Brown, Johnson, Dutto,

18  Rodriguez, Stinson, Wagener, Watkins and N. Cohn used Gallagher funds to develop

19  relationships with Gallagher clients to whom they pre-announced their departure and/or solicited

20  in violation of their contracts with Gallagher; these clients then transferred business to EPIC.

21      21.    December 7-December 14, 2007: 49 employees resigned from Gallagher and

22  immediately joined EPIC.  Amos, W. Brown, M. Brown, Halbleib, Martin, Quinn, Phillips,

23  Stinson, N. Cohn, English, Johnson, Watkins, Wagener and Dutto resigned without complying

24  with their contractual obligation to provide two weeks' notice.

25      22.    Defendants Chua, Neil Cohn, Middleton, and Petty connected USB flash drives to

26  their Gallagher computers shortly before resigning to join EPIC, and at times which indicate mass

27  copying of data occurred.

28      23.    Within close proximity to the dates of their planned resignations, Defendants Neil

Case No. C 07-06418 JSW
-4-
[PROPOSED] ORDER GRANTING TRO, OSC RE
PRELIM. INJUNC., EVID. PRESERV.,
EXPEDITED DISCOVERY

1   Cohn, Chua, Middleton, Halbleib, Martin, and Watkins engaged in the rapid access of data on

2   Gallagher's computer systems, in a manner indicative of mass file copying, relative to the specific

3   Gallagher customers they serviced and solicited to transfer their business to EPIC.

4        24.   Defendant Middleton admitted she in fact attached an unspecified thumb drive to

5   her Gallagher computer and downloaded proprietary files.

6        25.   Before leaving Gallagher, Defendant Watkins accessed Gallagher's servers and

7   computers, accessed hundreds of proprietary files in rapid succession, and copied at least some of

8   those files to a non-Gallagher computer and CDs.  After resigning, he (i) used his Gallagher

9   computer on a foreign (non-Gallagher) network; (ii) accessed Citrix through the foreign network

10  on his Gallagher computer; (iii) burned 3 additional CDs of Gallagher data from a computer not

11  issued by Gallagher and (iv) continued to retain his Gallagher laptop until Gallagher filed its

12  lawsuit.  Forensic data demonstrates that Gallagher data was stored on non-Gallagher computer

13  media, indicating the strong likelihood that the data is still stored on Watkins' personal computer

14  media; thus it is unclear whether he made copies of, returned all of, used, disseminated or stored

15  the misappropriated Gallagher data in other locations.

16       26.   Cohn admits to leaving Gallagher's employ with an unspecified thumb drive and

17  Western Digital External Drive with enormous storage capacity and that both contain Gallagher

18  data; Cohn turned this media over to EPIC, who does not even mention the thumb drive, and is

19  silent about the contents of the Western Digital drive.  Cohn also requested 6 blank CDs from

20  Gallagher's IT department on the eve of his departure and the contents and whereabouts of those

21  CDs are unknown.

22       27.   After joining EPIC, Defendant Chua retained hard copy and electronic Gallagher

23  documents on his personal computer media, which he then made copies of and purported to delete

24  from his personal computer media and return to Gallagher on the date Gallagher sought

25  emergency injunctive relief; he admits he possesses another memory stick that he used to store

26  Gallagher data, and it is unclear whether he made copies of, returned all of, permanently deleted,

27  used, disseminated or stored the misappropriated Gallagher data in other locations.

28       28.   Two former Gallagher employees deleted the contents of their Gallagher-issued

Case No. C 07-06418 JSW

[PROPOSED] ORDER GRANTING TRO, OSC RE
PRELIM. INJUNC., EVID. PRESERV.,
EXPEDITED DISCOVERY

1  Blackberry devices before returning them.

2      29.    Dennis Rodriguez retained emails containing Gallagher data and the business

3  cards of Gallagher clients and industry contacts, and did not purport to return them until

4  Gallagher sought injunctive relief.

5      30.    Defendant Amos retained hard copy documents containing data regarding the

6  revenues of actual and prospective Gallagher customers and what steps Amos intended while at

7  Gallagher to take to retain existing business and procure new business.  It is unknown what copies

8  and use were made of this data.

9      31.    Eighteen other departed employees acknowledge accessing Gallagher computer

10  systems to "retrieve," "remove," and/or "delete" unspecified "personal files" from Gallagher

11  computers.

12      32.    After Gallagher instructed Defendant Petty to secure and preserve the computers

13  of all departed employees, and after he confirmed he had done so, computers in Petty's control

14  were defragmented, without Gallagher's knowledge, causing files to be deleted.  Additional files

15  were also deliberately deleted.

16      33.    Defendant Petty attempted to conceal the copying of data – after connecting two

17  external hard drives to his Gallagher computers before resigning – by erasing his user profiles,

18  and the data contained therein, and replacing them with an empty profile.

19      34.    After Cohn left Gallagher, EPIC and Defendant Neil Cohn solicited Gallagher

20  client [Customer 1], causing Gallagher to lose this client's business.

21      35.    Prior to Hause resigning from Gallagher, he stole proprietary data, which he

22  immediately used to actively solicit Gallagher client [Customer 2] – in violation of his contractual

23  obligations – to switch over to EPIC.

24      36.    EPIC and Chua solicited Gallagher client [Customer 3] by using Gallagher data

25  regarding key client contacts, misrepresenting that the local client had contacted him, and creating

26  confusion as to whether Gallagher sold this account to EPIC.

27      37.    EPIC and Halbleib solicited Gallagher client [Customer 4] after accessing RHI

28  files in a manner which denotes copying.

1    38.    EPIC and Cohn solicited Gallagher client [Customer 5] after accessing files in
2    rapid succession in a manner consistent with copying files related to Bigge.

3    39.    Defendants are soliciting Gallagher client [Customer 6] – about whom Watkins
4    stole 34 Gallagher files.

5    40.    Defendants solicited business and obtained BORs from several Gallagher
6    customers, including [Customer 7] and [Customer 8], after accessing and copying files relating to
7    these Gallagher customers prior to their departure.

8    41.    Defendants targeted and continue to target Gallagher's top revenue-generating
9    clients for whom files were stolen.

10   42.    As of December 20, the date when Gallagher first sought a TRO, Gallagher was
11   aware 31 customers executed BOR letters transferring $4 million in revenue to EPIC.  By January
12   7, this grew to 107 customers and $8 million in revenue.

13   43.    Based on the record, the Court concludes that Plaintiffs have met their burden in
14   establishing the need for a temporary restraining order as to their claims for: violation of the
15   CFAA; breach of fiduciary duty; conversion; misappropriation of trade secrets; and breach of
16   contract.

17   44.    Plaintiffs had made a sufficient showing of both immediate irreparable injury and
18   a significant threat of irreparable harm should injunctive relief not be granted, including
19   deprivation of the use and value of its data, the competitive advantage Gallagher would have
20   continued to enjoy had the data remained confidential, and the ability to further develop business
21   from the customers at issue unencumbered by Defendants' unfair competition and other
22   violations.

23   45.    The loss of customers, the loss of the use of its data, the fact that its competitor is
24   in possession of the data, the lost of Gallagher's competitive advantage and goodwill, and the lost
25   of the ability to fairly maintain and develop business from customers cannot be reasonably
26   ascertained or compensated by money damages.

27   46.    Defendants will not suffer cognizable hardship if the Court grants the injunctive
28   relief sought, because the issuance of an injunction will prevent Defendant only from unfairly

1    competing with Gallagher, and will require merely compliance with the CFAA, adherence to the

2    Agreements, and preclude Defendants from taking actions that would be unlawful.   According,

3    the balance of the hardships weighs in favor of granting injunctive relief.

4

5    **NOW THEREFORE, based on the above findings and for good cause shown, IT IS**

6    **HEREBY ORDERED AS FOLLOWS:**

7          (1)    That Defendants Edgewood Partners Insurance Center ("EPIC"); Andrew

8    ("Wally") Brown, Jr., Brian F. Quinn, Neil R. Cohn, Michael J. Brown, Stephen Hause, Laura J.

9    Wick, George J. Petty, James C. Halbleib, Laurinda ("Laurie") A. Martin, Eric Chua, Linda Soo

10   Hoo, Robert E. Dutto, Susan M. English, Don J. Johnson, Allen L. Amos, Kelly Cavagnuolo,

11   Shandranette Middleton (also known as Shandranette Pulliam), William ("Bill") Phillips, Jr.,

12   Dirck ("Rick") R. Stinson, Robert ("Bob") D. Ellsworth, Robert H. Watkins, and Paul H.

13   Wagener (each an "Individual Defendant"), (collectively, "Defendants"), their officers, directors,

14   employees, servants, agents, and all persons in active concert and participation with any of them,

15   are immediately and temporarily restrained from:

16         a.   Accessing, using, retaining or disclosing to anyone (other than Plaintiff and its

17             counsel and forensic experts) any of Gallagher's data, documents and property

18             taken from or belonging to Gallagher that is in any Defendant's current possession,

19             custody, or control;

20         b.   Retrieving, copying, transmitting or disseminating any copies of Gallagher's data,

21             documents or property taken from or belonging to Gallagher;

22         c.   Destroying, altering, erasing, or otherwise modifying, or causing or permitting

23             anyone else to destroy, alter, erase, or otherwise modify, any of Gallagher's data,

24             documents or property taken from or belonging to other evidence relating to this

25             action;

26         d.   Interfering with Plaintiffs' existing customer contracts or employment

27             relationships, including but not limited to seeking to or actually transacting

28             business with any current Gallagher customer whose data or information

-8-

[PROPOSED] ORDER GRANTING TRO, OSC RE
PRELIM. INJUNC., EVID. PRESERV.,
EXPEDITED DISCOVERY

1    Defendants obtained or removed from Gallagher and/or soliciting any employees

2    of Gallagher in violation of any contractual obligation owed to Gallagher by any

3    Defendant.

4    (2)    That, within three (3) days of the date of this Order, Defendants shall return to

5    counsel for Gallagher all data, documents and property taken from or belonging to Gallagher that

6    any Defendant accessed, removed or retained in connection with their employment with

7    Gallagher, including, without limitation, the electronic data identified in response to the Evidence

8    Preservation Order below.

9    **EVIDENCE PRESERVATION ORDER**

10    **IT IS FURTHER ORDERED THAT:**

11    (1)    That Defendants

12    a.    Identify under oath each and every file and piece of electronic data (by

13    name, hash marks, or other identifying means) they accessed, removed, or copied off of

14    Gallagher's computers or network;

15    b.    Identify under oath the location of all files, and copies of files, they

16    accessed and removed from Gallagher's computers or network;

17    c.    Identify under oath with specificity (manufacturer, version number, etc.)

18    the particular type of program they used to delete data off of Gallagher's computers or network;

19    d.    Identify all computer media issued to the Individual Defendant by EPIC

20    that they have accessed or used at any time and which has ever contained any Gallagher data or

21    data that incorporates or reflects Gallagher data;

22    e.    Identify and provide an accounting of all Gallagher data, and all data that

23    incorporates or reflects Gallagher data, in their possession, custody and control, including the

24    location of such data;

25    f.    Identify under oath all Electronic Storage Devices (including but not

26    limited to home computers, thumb drives, CDs, hard drives, private Web email accounts, and

27    other media capable of storing electronic data) in Defendants' possession, custody and control,

28    for purposes of allowing a third party expert to forensically image and preserve the data on these

Case No. C 07-06418 JSW                    -9-    [PROPOSED] ORDER GRANTING TRO, OSC RE
                                                   PRELIM. INJUNC., EVID. PRESERV.,
                                                   EXPEDITED DISCOVERY

1  Electronic Storage Devices so that through the discovery process, the Electronic Storage Devices

2  can be inspected;

3            g.    Identify under oath all persons and entities that have been given access to

4  and what use has been made of the Gallagher data Defendants removed from the Gallagher's

5  computers or network or otherwise have retained.

6      (2)    That Defendants shall comply with the requirements of this Evidence Preservation

7  Order within three (3) days of the Date of this Order.

8                    **ORDER REGARDING EXPEDITED DISCOVERY**

9  **IT IS FURTHER ORDERED THAT:**

10     (1)    Gallagher may immediately serve upon each Defendant the following written

11  discovery: seven (7) of the same special interrogatories, three (3) special interrogatories unique to

12  each Defendant, ten (10) of the same document requests and five (5) document requests unique to

13  each Defendant. Each Defendant is ordered to provide full, complete, and FRCP-compliant

14  written responses to this discovery, and to produce all documents that are responsive to

15  Gallagher's document requests, within seven (7) business days of the date of service. Gallagher

16  shall serve its discovery requests on each Defendant via either facsimile or PDF email delivery,

17  and such requests shall be deemed served immediately upon receipt.

18     (2)    Gallagher may immediately serve upon each Defendant a notice of a deposition.

19  Each Defendant is ORDERED to appear in this judicial district for deposition at a time mutually

20  convenient to the parties and their counsel, but in no case later than twenty (20) days from the

21  date of service of the deposition notice. Service shall be made and deemed complete in the

22  manner described in Paragraph 1, above.

23

24

25

26

27

28

1

## ORDER TO SHOW CAUSE REGARDING ISSUANCE OF

2

## PRELIMINARY INJUNCTION

3    **IT IS FURTHER ORDERED THAT:**

4         Defendants shall appear before the Court on _____, 2008 to show cause why

5    the Court should not preliminarily enjoin them and order as follows:

6         (1)    That Defendants Edgewood Partners Insurance Center ("EPIC"); Andrew

7    ("Wally") Brown, Jr., Brian F. Quinn, Neil R. Cohn, Michael J. Brown, Stephen Hause, Laura J.

8    Wick, George J. Petty, James C. Halbleib, Laurinda ("Laurie") A. Martin, Eric Chua, Linda Soo

9    Hoo, Robert E. Dutto, Susan M. English, Don J. Johnson, Allen L. Amos, Kelly Cavagnuolo,

10   Shandranette Middleton (also known as Shandranette Pulliam), William ("Bill") Phillips, Jr.,

11   Dirck ("Rick") R. Stinson, Robert ("Bob") D. Ellsworth, Robert H. Watkins, and Paul H.

12   Wagener (each an "Individual Defendant"), (collectively, "Defendants"), their officers, directors,

13   employees, servants, agents, and all persons in active concert and participation with any of them

14   are preliminarily restrained from:

15         a.    Accessing, using, retaining or disclosing to anyone (other than Plaintiff

16   and its counsel and forensic experts) any of Gallagher's data, documents and property taken from

17   or belonging to Gallagher that is in any Defendant's current possession, custody, or control;

18         b.    Retrieving, copying, transmitting or disseminating any copies of

19   Gallagher's data, documents or property taken from or belonging to Gallagher;

20         c.    Destroying, altering, erasing, or otherwise modifying, or causing or

21   permitting anyone else to destroy, alter, erase, or otherwise modify, any of Gallagher's data,

22   documents or property taken from or belonging to other evidence relating to this action;

23         d.    Interfering with Plaintiffs' existing customer contracts or employment

24   relationships, including but not limited to seeking to or actually transacting business with any

25   current Gallagher customer whose data or information Defendants obtained or removed from

26   Gallagher and/or soliciting any employees of Gallagher in violation of any contractual obligation

27   owed to Gallagher by any Defendant.

28

[PROPOSED] ORDER GRANTING TRO, OSC RE
PRELIM. INJUNC., EVID. PRESERV.,
EXPEDITED DISCOVERY

1    (2)    That, within three (3) days of the date of this Order, Defendants shall hold and

2  maintain any commissions received or receivable from any client who transferred their business

3  from Gallagher to EPIC after December 7, 2007 in constructive trust and shall not disburse or use

4  those funds pending the outcome of the trial in this matter.

5    Gallagher shall post a bond with the Court clerk in the amount of $ _____ by no

6  later than _____.

7    <u>**BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION**</u>

8    Defendants shall file and serve their opposition to Plaintiffs' Motion for Preliminary

9  Injunction by 5:00 p.m. on _____, 2008;

10    Plaintiffs shall file and serve their reply papers by 5:00 p.m. on _____,

11  2008.

12

13  **IT IS SO ORDERED.**

14

15    Entered this _____ day of January, 2008.

16

17    _____
     Judge of the United States District Court

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING TRO, OSC RE PRELIM. INJUNC., EVID. PRESERV., EXPEDITED DISCOVERY