JEROME C. ROTH (SBN 159483)
MARTIN D. BERN (SBN 153203)
MALCOLM A. HEINICKE (SBN 194174)
JEFFREY E. ZINSMEISTER (SBN 235516)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendants
EDGEWOOD PARTNERS INSURANCE
CENTER, DAN R. FRANCIS & JOHN G. HAHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. C 07-6418 (JSW)<br><br>**DEFENDANT EDGEWOOD PARTNERS INSURANCE CENTER'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE REPLY DOCUMENTS UNDER SEAL**<br><br>RELATED HEARING<br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor |

4203474.2

Opp. To Adm. Mot. to File
Reply Docs. Under Seal;
Case No. 3:07-cv-06418-JSW

Defendant Edgewood Partners Insurance Center ("EPIC") opposes Plaintiffs' Notice of Motion and Administrative Motion to File Documents and Portions of Documents in its Reply Papers Under Seal (filed January 7, 2008) because two of the documents Plaintiffs seek to have sealed (Exhibits I and J to the McFarlane Declaration) are not part of their "Reply Papers," as their current administrative motion indicates. Plaintiffs filed Exhibits I and J to the McFarlane Declaration in the public record last month. EPIC specifically raised this issue in its opposition papers and provided California and federal authority for the fact that, even if these documents once were subject to trade secret protection, this is no longer the case. See Opposition at p. 8. Instead of addressing EPIC's points and precedent, Plaintiffs have instead attempted to obtain retroactive (and improper) sealing of these documents by listing them with the various reply documents they now also seek to have sealed. Nowhere in their administrative motion do Plaintiffs reveal to the Court that they are seeking a retroactive order on documents that were the subject of legal argument raised in EPIC's opposition brief. In other words, it appears as if Plaintiffs are seeking to address and nullify a substantive issue by quietly slipping their request (request 114 of 139, to be exact) into a lengthy proposed order submitted with an administrative motion purportedly concerning only their "Reply Papers." EPIC respectfully requests that the Court reject this abuse of the administrative motion process.

## I. PLAINTIFFS' SURREPTITIOUS ATTEMPT TO OBTAIN AN AFTER-THE-FACT SEALING ORDER FOR DOCUMENTS THEY VOLUNTARILY DISCLOSED IN PUBLIC FILINGS SHOULD BE DENIED

Plaintiffs' motion is captioned as a motion to seal portions of their "Reply Papers." Similarly, the text of the motion itself refers only to "Reply Papers," and states that Plaintiffs are seeking to seal documents that they lodged when "filing its Reply Brief." See Plaintiffs' Notice of Motion and Administrative Motion to File Documents and Portions of Documents in its Reply Papers Under Seal, at 1 and 7. To the contrary, however, nestled within its voluminous list of items to be sealed (items that were actually submitted with their reply papers) is a request to seal Exhibits I and J of the McFarlane Declaration. This request is the 114th of a total of 139 requests, and the singular line entry naming these documents in both the motion and proposed order is the

only mention Plaintiffs make of it. Of course, these documents were filed last month in connection with Plaintiff's opening motion papers, and they were filed in the public record (not under seal).

Exhibit I to the McFarlane Declaration is a comprehensive list of the names and contact information for Gallagher's clients as well as the revenue earned for each client over certain periods of time. As EPIC clearly demonstrated in its opposition papers, even if such information was somehow entitled to trade secret protection at some point, this is no longer the case now that these documents have been filed in the public record. See Opposition at 13.[1] Perhaps realizing that they could not overcome the law on this issue, Plaintiffs simply ignored this entire issue in their reply papers and did not argue the legal point.

But, its appears that Plaintiffs are seeking retroactive sealing of these documents without any basis for doing, and without even noting in their instant motion (purportedly concerning reply papers) that the proposed order they have submitted would cover these documents. Plaintiffs' attempt to slip the publicly disclosed McFarlane Declaration materials into the proposed order on the instant motion should be rejected not only because Plaintiffs have waived any protection for such documents (as implicitly conceded by their lack of response to this issue in their Reply), but also because this sort of substantive issue cannot be decided on an administrative motion, and instead, this issue should have been brought to the Court's attention.

---

[1] The Opposition cites the following precedent: Masonite Corp. v. County of Mendocino Air Quality Mgmt, Dist., 42 Cal.App.4th 436, 454-55 (1996) (analogizing to the UTSA and finding that a report lost its trade secret status under the Government Code because "[v]oluntary disclosure of information as a public record, even if mistaken, constitutes a valid waiver of trade secret protection"); see also Rita Med. Sys., Inc. v. Resect Med., Inc., No. C 05-03291 WHA, 2007 WL 161049 (N.D. Cal. Jan. 17, 2007) (Alsup, J.) (client name lost any potential trade secret status because it was disclosed in portion of the complaint that was not filed under seal); Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 988 (S.D. Cal. 1998) ("[i]t is well recognized that inadvertent disclosure of a trade secret to third parties during litigation can destroy the trade secret plaintiff is attempting to protect"); cf. Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc., 923 F. Supp. 1231, 1254-55 (N.D. Cal. 1995) (trade secrets in unsealed docket for an unrelated case did not automatically lose their trade secret status).

## II. PLAINTIFFS HAVE NOT ESTABLISHED THAT TRADE SECRET PROTECTION APPLIES TO THE MATERIALS FOR WHICH THEY ARE SEEKING A SEALING ORDER

Although this opposition is focused on the two Exhibits to the original McFarlane Declaration discussed above, EPIC also respectfully submits that none of the information Plaintiffs now asks to be sealed is confidential or properly subject to a sealing order. Plaintiff has not established that the portions of the documents identified by Plaintiffs constitute confidential, proprietary or trade secret information, and as such should not be sealed.

Dated: January 4, 2008                     MUNGER, TOLLES & OLSON LLP


BY: ____/s/ Martin Bern____
         MARTIN D. BERN

Attorneys for Defendants
EDGEWOOD PARTNERS INSURANCE
CENTER, DAN R. FRANCIS AND JOHN G.
HAHN