1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BRADFORD K. NEWMAN (SB# 178902)
2   bradfordnewman@paulhastings.com
    STEPHEN N. YANG (SB# 142474)
3   stephenyang@paulhastings.com
    SARJU A. NARAN (SB# 215410)
4   sarjunaran@paulhastings.com
    SHANNON S. SEVEY (SB# 229319)
5   shannonsevey@paulhastings.com
    1117 S. California Avenue
6   Palo Alto, CA 94304-1106
    Telephone: (650) 320-1800
7   Facsimile: (650) 320-1900

8   Attorneys for Plaintiffs
    Arthur J. Gallagher & Co., Inc. &
9   Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

10

11                      UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14  ARTHUR J. GALLAGHER & CO., Inc., a          CASE NO. 3:07-CV-06418-JSW
    Delaware Corporation, et al.,
15                                              **SUPPLEMENTAL DECLARATION OF**
                     Plaintiffs,                **SARJU A. NARAN IN SUPPORT OF**
16                                              **PLAINTIFFS' ADMINISTRATIVE**
         vs.                                    **MOTION TO FILE DOCUMENTS AND**
17                                              **PORTIONS OF DOCUMENTS UNDER**
    EDGEWOOD PARTNERS INSURANCE                 **SEAL IN REPLY PAPERS**
18  CENTER, a California corporation, et al.,
19                   Defendants.
20
21
22
23
24
25
26
27
28

I, Sarju A. Naran, declare:

1.    I am an attorney at law licensed to practice before the Courts of the State of California and before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys of record for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher"). If called as a witness, I would and could competently testify thereto to all facts within my personal knowledge.

2.    I have reviewed Defendant Edgewood Partners Insurance Center's Opposition to Plaintiffs' Notice of Motion and Administrative Motion to File Documents And Portions of Documents In Its Reply Papers Under Seal.

3.    In Plaintiffs' Motion, at entry No. 144, Plaintiffs do seek to have Exhibit I from the Declaration of Jim McFarlane (which may have been designated as Exhibit J but attached as Exhibit I; thus the request to seal Exhibits I and J) filed under seal, and clearly note this fact. Reference to this Exhibit was inadvertently omitted from Plaintiffs' original motion to file under seal. Consistent with Plaintiffs' understanding that this Exhibit was part of the original motion to file under seal, the Exhibit was never publicly filed with the Court.

4.    I have read Defendant EPIC's opposition to this portion of the request to seal exhibits and was taken aback by the accusations. Contrary to EPIC's suggestion, there was no intent to "surreptitiously" "slip" this request to seal the referenced Exhibit by "burying" it in the request to seal exhibits in connection with Plaintiffs' Reply Brief. There is no desire to hide or minimize anything. Defendant EPIC's Opposition, served on Friday night, January 4, 2008, called out the fact that this particular Exhibit was not referenced in the list of exhibits to the McFarlane Declaration requested to be filed under seal – which, based on all of the other exhibits Plaintiffs requested be filed under seal, was clearly an inadvertent omission.

5.    Over the weekend of January 5 and 6, 2008, I worked on the Reply papers, prepared the Administrative Motion to file certain exhibits associated with our Reply papers under seal in the early morning hours of January 7, 2008, and we filed the Reply papers and Administrative Motion on the morning of Monday, June 7, 2008. The request to file Exhibits I and J of the McFarlane Declaration are not "buried" in the motion, but rather, appear in

1  alphabetical order by Declarant, immediately after the request to file certain exhibits to the

2  Supplemental McFarlane Declaration under seal. I meant no disrespect to opposing counsel or

3  the Court by including the request to seal these Exhibits along with our request to seal portions of

4  the Reply papers, nor do I think such can be inferred or that EPIC's accusations are appropriate.

5        6.    The Northern District's model form of Protective Order, at Paragraph 5(c),

6  provides that "If timely corrected, an inadvertent failure to designate qualified information or

7  items as 'Confidential' or 'Highly Confidential – Attorney Eyes Only' does not, standing alone,

8  waive the Designating Party's right to secure protection under this Order for such material." In

9  that spirit, Plaintiffs seek to have the referenced Exhibit sealed.

10        7.    EPIC spends a lot of effort arguing over whether this Exhibit qualifies as a "trade

11  secret." For purposes of a request to seal, that is not the standard. Civil Local Rule 79-5(a) and

12  Federal Rule of Civil Procedure 26(c)(7) and (8) also speak to sealing documents that contain

13  "confidential research, development or commercial information." Whether or not the Exhibit in

14  question contains trade secret data (an inquiry Plaintiffs believe should be decided at another

15  time), Plaintiffs believe that it clearly qualifies for sealing under the applicable standard.

16  Consistent with the applicable standard, the request to file the Exhibit under seal is appropriate.

17  In fact, the Court granted Plaintiffs' motion to seal filed in connection with its moving papers in

18  its entirety and according to the applicable standard, and therefore, Plaintiffs did not believe there

19  was any controversy in requesting that the Court now seal the inadvertently omitted Exhibit in

20  connection with the other exhibits Plaintiffs seek to have sealed in connection with their Reply

21  papers.

22        8.    Before EPIC filed its brief on this issue, EPIC never attempted to contact me to

23  obtain the facts.

24

25

26

27

28

CASE NO. 3:07-CV-06418-JSW      -3-    SUPPL. NARAN DECL. IN SUPPORT OF
PLAINTIFFS' MOTION TO SEAL

1    I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.

3       Executed this 8th day of January, 2008, in Palo Alto, California.

Sarju A. Naran