PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING PLEADINGS OR SPECIFIC PORTIONS THEREOF ORDERED FILED UNDER SEAL IN CONNECTION WITH THE INJUNCTION PROCEEDINGS** |

Case No. 3:07-CV-06418-JSW

1  The Parties to this action, through their counsel of record, hereby stipulate as follows:

2  It is understood and agreed that, by entering this stipulation, none of the Defendants agree or otherwise concede that any of the materials that Plaintiffs have sought to be filed under seal, or any of the materials that the Court has ordered filed under seal, are confidential, proprietary, trade secrets or otherwise properly subject to a sealing order. It is further understood and agreed that, by entering this stipulation, none of the Defendants agree or otherwise concede that any documents or portions thereof that Plaintiffs may in the future seek to file under seal or that the Court may in the future order filed under seal, are confidential, proprietary, trade secrets or otherwise properly subject to a sealing order.

For purposes of this stipulation, "Sealed Materials" shall mean (a) only those specific portions of pleadings or other filings, and the specific information contained therein, that a party has requested that the Court file under seal, so long as the Court has not denied that request; and (b) only those specific portions of pleadings or other filings, or the specific information contained therein, that the Court has ordered filed under seal, and in those instances where the Court has ordered entire documents filed under seal, it shall mean those entire documents. Unless ordered otherwise, or until such time as the parties either stipulate to or the Court issues a Protective Order governing this action which provides otherwise, all Sealed Materials:

(1) shall not be used by any party for any purpose other than this litigation;

(2) shall not be disseminated or otherwise provided to any non-parties to this litigation, except to individuals specifically referenced in such Sealed Materials, and in those instances, only the information in the Sealed Materials that relate to the non-party individual can be disclosed to him or her, and only for purposes of the litigation and to the extent necessary to address the specific issues raised in those documents;

(3) any experts retained by any party to whom the party intends to disclose Sealed Materials shall be required to execute and abide by the requirements of Exhibit A to the Northern District of California's model form of Protective Order, attached hereto, or reach substantively similar agreements concerning the confidentiality of such Sealed Materials;

1  (4) any party intending to provide Sealed Materials to an expert (not already disclosed at
2       the time of the entry of this stipulation) must disclose the identity of the expert and
3       provide the opposing party within 72 hours to object to such disclosure, provided that
4       if such objection is made, either party may raise the issue with the Court per the
5       procedure set forth in its standing order governing discovery disputes; and
6  (5) unless provided otherwise above or in a separate agreement, all parties shall treat
7       Sealed Materials in the same fashion as "CONFIDENTIAL" as set forth in Paragraph
8       7.2 of Northern District of California's sample form of Protective Order, as listed on
9       the Court's website.

DATED: January 8, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Shannon Sevey
Shannon Sevey
Attorneys for Plaintiffs ARTHUR J. GALLAGHER &
CO., Inc., and ARTHUR J. GALLAGHER & CO.,
INSURANCE BROKERS OF CALIFORNIA, INC.

DATED:                        MUNGER, TOLLES & OLSON LLP


By:_____


Attorneys for Defendants EDGEWOOD PARTNERS
INSURANCE CENTER, DAN R. FRANCIS AND JOHN
G. HAHN

DATED:                        KERR & WAGSTAFFE


By:_____


Attorneys for Defendants ANDREW ("WALLY")
BROWN, JR.; BRIAN F. QUINN; MICHAEL J.
BROWN; AND LAURA J. WICK

(4) any party intending to provide Sealed Materials to an expert (not already disclosed at the time of the entry of this stipulation) must disclose the identity of the expert and provide the opposing party within 72 hours to object to such disclosure, provided that if such objection is made, either party may raise the issue with the Court per the procedure set forth in its standing order governing discovery disputes; and

(5) unless provided otherwise above or in a separate agreement, all parties shall treat Sealed Materials in the same fashion as "CONFIDENTIAL" as set forth in Paragraph 7.2 of Northern District of California's sample form of Protective Order, as listed on the Court's website.

DATED:                          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
Shannon Sevey
Attorneys for Plaintiffs ARTHUR J. GALLAGHER & CO., Inc., and ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC.

DATED: 1/8/08                   MUNGER, TOLLES & OLSON LLP


By: _____

Attorneys for Defendants EDGEWOOD PARTNERS INSURANCE CENTER, DAN R. FRANCIS AND JOHN G. HAHN

DATED: 1/8/08                   KERR & WAGSTAFFE


By: _____

Attorneys for Defendants ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; MICHAEL J. BROWN; AND LAURA J. WICK

| | | |
|---|---|---|
| 1 | DATED: 1-8-08 | KEKER & VAN NEST |
| 2 | | |
| 3 | | |
| 4 | | By: [signature] |
| 5 | | |
| 6 | | Attorneys for Defendants NEIL R. COHN; CAROLANN COHN; STEPHEN HAUSE; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE