IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JAY GERBER, et al. | |
| Plaintiffs, | No. C 07-05918 JSW |
| v. | |
| BAYER CORPORATION, et al., | **NOTICE OF QUESTIONS FOR HEARING** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 11, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). To the extent parties submit additional authorities, they are required to provide such citations with pin cites. The parties will be given the opportunity at oral argument to explain their reliance on such authority.

///

///

The parties each shall have fifteen (15) minutes to address the following questions:

(1) Assuming *arguendo* that Plaintiffs' claims are not time barred and that Plaintiffs provided sufficient notice, do McKesson Corporation and Merry X-Ray Chemical Corporation (collectively, the "Distributor Defendants") contend that Plaintiffs failed to allege a claim under California Civil Code section 1750 *et seq.*, the Consumers Legal Remedy Act? If so, on what basis?

(2) Is the issue of fraudulent joinder pending in any other lawsuit subject to the motion to transfer to the MDL?

(3) What issues, if any, in the motion to remand in the lawsuit currently pending in the Western District of Louisiana are similar to the motion to remand before this Court?

(4) The newspaper article attached as Exhibit B to the declaration of Deborah C. Prosser quotes an attorney from Plaintiffs' counsel's firm, stating that it has seven other clients who have been diagnosed with nephrogenic system fibrosis. Is this statement accurate? If so, has Levin Simes Kaiser & Gornick filed any cases on behalf of these other clients and are any of the Facility or Distributor Defendants in the above-captioned matter defendants in these cases?

(5) Are there any other issues the parties wish to address?

Dated: January 9, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2