# EXHIBIT 1

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
710 Sansome Street
San Francisco, California 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR.; LINDA SOO HOO, DIRCK R. STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | Case No. 3:07-CV-06418-JSW<br><br>**[PROPOSED] SUR-REPLY OF DEFENDANTS ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR.; LINDA SOO HOO, DIRCK R. STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:  January 11, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 2, 17th Floor<br>Judge: The Honorable Jeffrey S. White<br><br>Date Comp. Filed:   December 20, 2007 |

409019.01

INDIVIDUAL DEFENDANTS' [PROPOSED] SUR-REPLY IN OPPOSITION TO TRO
CASE NO. 3:07-CV-06418-JSW

On December 20, 2007, Plaintiffs Arthur J. Gallagher & Co., Inc., Arthur J. Gallagher & Co., and Insurance Brokers of California, Inc. (collectively "Gallagher") sought a temporary restraining order ("TRO") to limit the ability of a new competitor, Edgewood Partners Insurance Center ("EPIC"), to compete with Gallagher and to impair 24 EPIC principals and employees from practicing their livelihoods. On January 4, 2008, EPIC filed a comprehensive response rebutting Gallagher's speculative evidence and demonstrating there was no conspiracy to raid or steal trade secrets. In its reply, Gallagher essentially abandons the broad conspiracy-and-theft theme of its initial motion, and instead presents new legal authority and new factual allegations not contained in its moving papers.

This new material warrants a sur-reply. Cf. Friends of the Earth, Inc. v. Watson, No. C 02-4106 JSW, 2005 WL 2035596, *1 (N.D. Cal.). Accordingly, the individual defendants Allen L. Amos, Eric Chua, Carol Ann Cohn, Neil R. Cohn, Robert E. Dutto, Robert D. Ellsworth, Susan M. English, James C. Halbleib, Stephen Hause, Don J. Johnson, Laurinda A. Martin, Shandranette Middleton, George J. Petty, William Phillips, Jr., Linda Soo Hoo, Dirck R. Stinson, Paul H. Wagener, and Robert H. Watkins (collectively "the Individual Defendants") respectfully submit this brief sur-reply.

**A.     Gallagher's New Case Law**. In its reply, Gallagher relies largely on two federal cases that it did not cite in its in moving papers. Both are inapposite here.

- Hub Int'l of Cal. Ins. Services, Inc. v. Kilzer, Case No. 3:06-cv-5227 MMC, 2007 WL 1674355 (N.D. Cal. 2007): This unpublished District Court decision (not Ninth Circuit precedent, as one Gallagher citation states) is easily distinguishable from the facts of this case. In Hub International, the departing employee took all pertinent client information with him, deleted all copies of this data from his employer's files on his way out, and then used this data to woo clients. But, as the case docket (but not the order Gallagher cites) reveals, Judge Chesney issued an injunction after the individual defendant (who was apparently without counsel and later declared bankruptcy) failed to file any opposition papers contesting the injunction.

- CRST Van Expedited, Inc. v. Werner Enterprises, Inc., 479 F.3d 1099 (9th Cir. 2007): Gallagher characterizes this case as "enjoining [a] competitor who hired employees

1

1  knowing they were bound by employment agreements." Reply at 13. But <u>CRST</u> addresses only
2  the requirements for pleading a valid cause of action under a non-compete agreement. It did not
3  authorize an injunction, nor discuss when such relief is appropriate.

4  **B.  <u>Gallagher's New Allegations Based on "Link" File Access</u>**. In its opening
5  brief, Gallagher alleged "rapid access" of files, from which it inferred copying based on the last-
6  access time for "link" files appearing on the computers of its former employees. EPIC's
7  forensic computer expert testified that an access time for a link file does not show that the
8  underlying file itself was copied, or even accessed, at a particular time, and pointed out that these
9  data could have resulted from, among other things, the operation of Gallagher's anti-virus
10 program. Pittman Decl. ¶ 15.[1] Mr. Pittman also testified that because the target files that were
11 allegedly copied were from multiple different folders located both on servers and on a hard drive,
12 it was highly unlikely that the files were copied. <u>Id.</u> ¶ 22. Gallagher now submits supplemental
13 declarations from its experts that do not dispute any of these points—indeed, both of Gallagher's
14 experts agree that **everything** that Mr. Pittman said about link files is true. Kruse Supp. Decl.
15 ¶ 6; Berryhill Supp. Decl. ¶ 14.[2] Yet in its Reply, Gallagher makes new assertions regarding
16 defendants Cohn, Martin, and Halblieb in sole reliance upon the same, discredited link file data.
17 Reply Br. at 4, 8-9, 11. Thus, Gallagher tries to create inferences that the record demonstrates
18 (and Gallagher's experts agree) are unsupportable.

19 **C.  <u>Gallagher's New Allegations Against Defendant Halbleib</u>**. Gallagher makes
20 entirely new factual allegations about defendant Halbleib. First, Gallagher urges the Court to
21 assume that Halbleib improperly solicited a current Gallagher client, based on nothing more than
22 Gallagher employee Ken Johnson's speculation that the client representatives may have been too

---

[1] In addition, contrary to Mr. Kruse's assertion, <u>see</u> Kruse Supp. Decl. ¶ 9, Mr. Pittman testified that the link file data did **not** provide reliable evidence that "removable disks" or a CD-ROM were attached at a particular time. Pittman Decl. ¶ 25.

[2] Gallagher's experts incorrectly characterize Mr. Pittman's testimony as stating that link files provide reliable evidence of copying. For example, Mr. Kruse asserts that "by Mr. Pittman's own explanation, last access information for a link file indicates the opening of a target file," Kruse Supp. Decl. p. 7. In fact, Mr. Pittman testified to the opposite—that the last access information for a link file did **not** necessarily indicate that the target file was opened. Pittman Decl. ¶ 15.

1  busy to have responded Halbleib's tombstone announcement in the manner suggested.  As shown
2  by the email exchange with this client (which is attached to Mr. Halbleib's Supplemental
3  Declaration), he did nothing more than send a general tombstone announcement that he had
4  moved to EPIC.  The client then responded and initiated a meeting.  Halbleib Supp. Decl. ¶¶ 4-8
5  & Exs. A-B.  As a matter of California law, this cannot be improper solicitation.  <u>Aetna Bldg.</u>
6  <u>Maintenance Co. v. West</u>, 39 Cal. 2d 198, 204 (1952) ("Merely informing customers of one's
7  former employer of a change of employment, without more, is not solicitation.  Neither does the
8  willingness to discuss business upon invitation of another party constitute solicitation on the part
9  of the invitee.  Equity will not enjoin a former employee from receiving business from the
10 customers of his former employer, even though the circumstances be such that he should be
11 prohibited from soliciting such business."); <u>see also</u> <u>American Credit Indem. Co. v. Sacks</u>,
12 213 Cal. App. 3d 622, 636 (1989) ("[T]he right to announce a new affiliation, even to trade
13 secret clients of a former employer, is basic to an individual's right to engage in fair
14 competition.")
15          Next, Gallagher asserts that Mr. Halbleib solicited Mr. Johnson to join EPIC, despite the
16 fact that Mr. Johnson is careful not to say this in his declaration.  In fact, Mr. Halbleib did no
17 such thing.  Ken Johnson Decl. ¶¶7-14.  Johnson also omits that, for a considerable time prior to
18 Halbleib's departure for EPIC, he had expressed to Halbleib his unhappiness with Gallagher
19 management, and that had was actively looking for new employment elsewhere.  Halbleib Supp.
20 Decl. ¶ 10.  After Halbleib joined EPIC, Johnson was disappointed that Halbleib had left without
21 him, and asked if he also could join EPIC.  <u>Id.</u> ¶ 11.  Several times over the following weeks,
22 including on the Saturday morning after Brown's and Quinn's resignations, Johnson raised the
23 issue of moving to EPIC with Halbleib.  <u>Id.</u> ¶¶ 12-14.  Each time, Halbleib made clear he would
24 not solicit Johnson and referred Johnson to Dan Francis.  <u>Id.</u>
25          **D.      Gallagher's New Allegations Against Defendant Watkins**.  Gallagher also has
26 submitted new conjecture from its expert Jon Berryhill regarding defendant Harrison Watkins.
27 Berryhill Supp. Decl. ¶¶ 7-11.  But, as Watkins' supplemental declaration shows, everything he
28 did in connection with his resignation from Gallagher was the result of responsible, good-faith

1  behavior. Watkins, who is not a producer or broker, performed the substantial majority of his
2  work for Gallagher either from home or on the road, visiting clients. While offsite, he was not
3  always able to access the Gallagher server and the documents it contained. Accordingly, he
4  sometimes copied Gallagher material to CDs to use as emergency back-up during client
5  meetings, and to his home computer so he could work at home. Watkins Supp. Decl. ¶ 4.
6  Watkins's copying of Gallagher materials to CDs on November 27, 2007 and December 5, 2007,
7  therefore, was entirely consistent with these work practices. At the time Watkins made these
8  copies, he had no idea that Wally Brown or Brian Quinn were leaving Gallagher for EPIC, and
9  had never considered leaving Gallagher for EPIC himself. Id. ¶ 5.
10  On the morning of December 12, 2007, Watkins resigned from Gallagher. He turned on
11  his Gallagher computer, collected all personal material—such as pictures and personal
12  correspondence—on that computer, copied that personal material to a CD, and deleted it from
13  the computer. Id. ¶ 6. He then turned over that computer, and four CDs he had previously
14  created containing Gallagher material, to EPIC's counsel. Id. ¶¶ 6, 8. Next, Watkins searched
15  his home computer for Gallagher information, collected any Gallagher material previously
16  copied to his home computer, transferred that material to three additional CDs, and deleted those
17  files from his home computer. Id. ¶ 8. He then turned over the three additional CDs to EPIC's
18  internal counsel to be returned to Gallagher. He no longer has any Gallagher materials on his
19  home computer or any other medium, and he did not make copies of any of the seven CDs prior
20  to turning them over to EPIC's counsel. Id. ¶ 10. These facts, which are entirely consistent with
21  the factual bases of the Berryhill Supplemental Declaration, id. ¶ 9, refute Mr. Berryhill's
22  unsupported inferences of bad faith.
23      **E.**    **Gallagher's Other New Arguments**. Gallagher also includes the new argument
24  that defendants have "conceded" the need for injunctive relief because its opposition purportedly
25  "ignored" the claims asserted under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and
26  California Penal Code § 502(c). Reply at 13. This argument is absurd. The claims Gallagher
27  purports to advance under these criminal statutes involved the same underlying conduct as its
28  claims for misappropriation of trade secrets. EPIC's opposition brief presented a lengthy

1  discussion of counterarguments to Gallagher's contentions, and offered ample evidence showing
2  that its employees did not confiscate or delete confidential information.  These arguments and
3  evidence refute equally Gallagher's claims under these two statutes.  Further, to obtain any
4  injunction under these two statutes, Gallagher would need to show that defendants are engaged
5  in **ongoing** attempts to access Gallagher's computers, a factual claim that Gallagher has never
6  made, much less supported with appropriate evidence.
7       Finally, nothing in Gallagher's reply addresses the possibility of irreparable harm or the
8  balance of hardships.  That is unsurprising, given that this suit is an attempt by Gallagher—the
9  fourth-largest insurance brokerage in the world—to hamstring competition and impair employee
10 mobility.  The Court should deny Gallagher's motion for a TRO.

12 Dated: January 9, 2008                          KEKER & VAN NEST, LLP

15                                          By:  */s/ Daniel Purcell*
                                                 DANIEL PURCELL
                                                 Attorneys for Defendants
                                                 ALLEN L. AMOS, ERIC CHUA, CAROL
                                                 ANN COHN, NEIL R. COHN, ROBERT
                                                 E. DUTTO, ROBERT D. ELLSWORTH,
                                                 SUSAN M. ENGLISH, JAMES C.
                                                 HALBLEIB, STEPHEN HAUSE, DON J.
                                                 JOHNSON, LAURINDA A. MARTIN,
                                                 SHANDRANETTE MIDDLETON,
                                                 GEORGE J. PETTY, WILLIAM
                                                 PHILLIPS, JR.; LINDA SOO HOO,
                                                 DIRCK R. STINSON, PAUL H.
                                                 WAGENER, and ROBERT H. WATKINS