# EXHIBIT 3

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
710 Sansome Street
San Francisco, California 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR.; LINDA SOO HOO, DIRCK R. STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | Case No. 3:07-CV-06418-JSW<br><br>**SUPPLEMENTAL DECLARATION OF ROBERT HARRISON WATKINS**<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 2, 17th Floor<br>Judge: The Honorable Jeffrey S. White<br><br>Date Comp. Filed: December 20, 2007 |

1    I, ROBERT HARRISON WATKINS, hereby declare as follows:

2    1.    I am a Principal at Edgewood Partners Insurance Center ("EPIC"). I make
3 this declaration of my own personal knowledge, and if called upon to do so, I could and would
4 testify to the matters set forth herein.

5    2.    I executed a declaration in this matter that was submitted to the Court on
6 January 4, 2008 in connection with EPIC's Opposition to Plaintiffs' Motion for a Temporary
7 Restraining Order.

8    3.    I have reviewed the Supplemental Declaration of Jon A. Berryhill in
9 support of Gallagher's motion for a temporary restraining order, filed by plaintiffs on January 7,
10 2008.  Mr. Berryhill states that he has conducted a forensic examination of my Gallagher
11 computer and certain CDs containing Gallagher material, and then draws various conclusions
12 from that analysis.

13    4.    As I stated in my previous declaration, I specialize in assisting clients with
14 loss prevention and control. During my employment at Gallagher, I spent the majority of my
15 working hours either working from home or servicing clients directly at their offices. Because of
16 that, I often accessed the Gallagher server remotely, including from clients' offices. Because I
17 was not always able to access the Gallagher server when I was out of the office meeting with
18 clients—either because of problems with either my laptop's wireless card or server availability—
19 I also occasionally copied material to CDs, which I carried with me on client visits as emergency
20 back-up. As Mr. Berryhill notes in paragraphs 10(a) and 10(c) of his supplemental declaration,
21 two of the CDs I returned to Gallagher after my resignation were created on September 18, 2007
22 and October 9, 2007, two months or more before I learned that Wally Brown and Brian Quinn
23 were leaving Gallagher for EPIC on December 7, 2007. In order to permit me to work at home, I
24 also sometimes copied Gallagher material from these CDs to my personal computer at home.

25    5.    In paragaphs 8(a), 8(b), 10(f), and 10(g) of his supplemental declaration,
26 Mr. Berryhill discusses Gallagher files that I accessed, and CDs containg Gallagher material that
27 I burned, on November 27, 2007 and December 5, 2007. I accessed these files and created these
28 CDs according to my periodic business practice, for the purpose described above. Further, I

1 accessed these files and burned these CDs before I knew that Wally Brown and Brian Quinn
2 were leaving Gallagher for EPIC, and before I ever considered moving to EPIC myself.

3       6.    Mr. Berryhill also discusses the events of December 12, 2007.  He is
4 correct that, at approximately 8:30 that morning, I resigned from Gallagher by sending an e-mail
5 from my Comcast e-mail address.  Later that morning, in anticipation of surrendering my
6 Gallagher computer to counsel for EPIC so that it could be returned to Gallagher, I turned my
7 Gallagher computer on and collected all personal material I was able to locate on that computer,
8 including pictures, personal correspondence, and other files.  Among the personal material I
9 collected was a folder called "Harrison Pics 071001," which contained pictures taken at my
10 parents' wedding anniversary party on July 10, 2001.  After collecting these files, I burned them
11 to a CD.  I believe this accounts for the copying activity described in paragraph 8(c) of Mr.
12 Berryhill's supplemental declaration.  I then deleted the personal files I had collected from my
13 Gallagher computer, turned that computer off, and handed it over to EPIC's counsel.

14       7.    As far as I am aware, I did not connect my Gallagher computer with any
15 computer network, including Gallagher's, after I resigned from Gallagher.  I do not believe I
16 accessed Citrix from my Gallagher computer after I resigned from Gallagher, either.

17       8.    When I surrendered my computer to EPIC's counsel on December 12, I
18 also surrendered four CDs containing Gallagher material that I had previously used for the
19 purposes described in paragraph 4 of this declaration.  I believe these are the CDs discussed in
20 paragraphs 10(a), 10(c), 10(f), and 10(g) of Mr. Berryhill's supplemental declaration.  That
21 night, I searched my home computer for Gallagher material, copied everything I found onto three
22 additional CDs, and deleted all the Gallagher material I had located from my home computer.  I
23 believe this accounts for the creation of CDs on December 12 described in paragraphs 10(b),
24 10(d), and 10(e) of Mr. Berryhill's supplemental declaration.  The next day, I turned over the
25 three additional CDs to counsel for EPIC.

26       9.    In paragraph 9 of his supplemental declaration, Mr. Berryhill states that, in
27 his opinion, I accessed files on November 27, 2007 and December 5, 2007 and later copied those
28 files "to some external location."  I believe that, after I copied these files to CDs in order to have

1 them with me when I was servicing Gallagher clients, I copied the files from the CDs to my
2 personal home computer to enable me to work for these clients at home.  But, as I discussed in
3 paragraph 8, above, on the evening of December 12, 2007, after I resigned from Gallagher, I re-
4 copied these files (and any other Gallagher material) from my home computer to additional CDs,
5 deleted them from my home computer, and turned the additional CDs over to counsel for EPIC.
6 Mr. Berryhill's declaration supports this conclusion, because he states that two of the three CDs
7 burned on December 12 (discussed in paragraphs 10(b) and 10(e) of his supplemental
8 declaration) contain the material I originally copied to CDs on November 27, 2007 and
9 December 5, 2007, respectively.

10.     As far as I am aware, I no longer possess any Gallagher materials on my personal home computer or any other medium.  I did not provide any Gallagher material to anyone at EPIC, apart from surrendering my Gallagher computer and the seven CDs discussed in paragraph 8, above, to EPIC's counsel.  I did not make any copies of any of the seven CDs prior to turning them over to EPIC's counsel.

11.     As with my prior declaration, I make this declaration voluntarily.  I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this 9th day of January 2008 in Fresno, California.

                                           */s/ Robert Harrison Watkins*
                                           ROBERT HARRISON WATKINS