PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)
stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. &
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; et al.,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' AMOS, CHUA, C. COHN, N. COHN, DUTTO, ELLSWORTH, ENGLISH, HALBLEIB, HAUSE, JOHNSON, MARTIN, MIDDLETON, PETTY, PHILLIPS, SOO HOO, STINSON, WAGENER, AND WATKINS' MOTION FOR ADMINISTRATIVE RELIEF SEEKING PERMISSION TO FILE A SUR-REPLY** |

## I. INTRODUCTION

Individual Defendants[1] – who failed to timely file *any* Opposition to or joinder in Plaintiffs' request for a Temporary Restraining Order – have made a procedurally and substantively improper request to file a "sur-reply" which is wholly unnecessary to assist the Court. The proposed motion requesting leave to file a "sur-reply" and the proposed "sur-reply" itself, which Defendants include with their improper request seeking leave to file a "sur-reply," is the quintessential example of the type of "sur-reply" which Courts, including this one, have categorically rejected as a disguised attempt to have the proverbial "last word" after the Reply papers have been filed. The purported "sur-reply" neither presents or responds to any new legal developments or factual allegations which would merit additional briefing and is otherwise based on unsupported contentions, which do not require rebuttal at this time, but for which Plaintiffs are fully prepared to address if the Court so directs. Accordingly, Plaintiffs object to Individual Defendant's Motion for Administrative Relief Seeking Permission to File a Sur-Reply ("Motion") and move to strike the Motion and all papers filed in support thereof.

## II. LEGAL ARGUMENT

### A. Defendants Are Not Entitled To A "Sur-Reply" Because They Failed To Oppose Plaintiffs' Motion

Defendants may not use an unauthorized "sur-reply" as a means to correct their failure to file an opposition. As such, and as a threshold matter, the Individual Defendants – who did not file any opposition papers or timely joinder to an existing opposition, have lost their opportunity to oppose Plaintiffs' motion. Applied Elastometrics, Inc. v. Z-Man Fishing Products, Inc., 2007 WL 1593212, *4-5 (N.D. Cal. 2007) (where party should have and could have addressed argument in opposition papers but failed to do so, it is not entitled to a sur-reply); see also In re Toys R Us Inc., Privacy Litigation, 2001 WL 34517252, n.1, *1 (N.D. Cal. 2001) (request to file

---

[1] Individual Defendants are Allen Amos, Eric Chua, Carol Cohn, Neil Cohn, Robert Dutto, Robert Ellsworth, Susan English, James Halbleib, Stephen Hause, Don Johnson, Laurinda Martin, Shandranette Middleton, George Petty, William Phillips, Jr., Linda Soo Hoo, Dirck Stinson, Paul Wagener, and Robert Watkins.

sur-reply denied and proposed sur-reply stricken where no good cause shown for such additional filing).

### B. Defendants Are Not Entitled To A "Sur-Reply" Because The Court Set Forth A Specific Briefing Schedule Which Does Not Authorize A Sur-Reply

Defense counsel sought and obtained an extension of time to file Defendants' Opposition papers. The briefing schedule established by this Court expressly provided only for Defendants' opposition and Plaintiffs' reply – the Order did not permit, nor did Defendants' request at the time, a "sur-reply." Individual Defendants' belated, last minute request is therefore unauthorized and should <u>not</u> be considered. Asyst Technologies v. Empak, Inc., 2006 WL 1749592, n.2, *1 (N.D. Cal. 2006) (request to file sur-reply denied where briefing schedule did not provide for it); Northern District Local Rule 7-3(d) (other than bringing to the Court's attention new judicial opinions published after the date of the opposition, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval").

### C. Defendants Are Not Entitled To A "Sur-Reply," As The Facts They Dispute Are Not New To Plaintiffs' Reply

Defendants insist they should be entitled to a "sur-reply" as a substitute for the opposition they failed to file under the guise that Plaintiffs has asserted new facts. This is false. For example, while Defendants insist that they are entitled to a "sur-reply" because Plaintiffs purportedly make new assertions regarding the rapid file access activity of Defendants (Opp'n, p. 2:15-16), Plaintiffs referenced these facts in their moving papers. See TRO Mem. P&A, p. 6-10; Berryhill Decl., ¶¶ 6-7; Kruse Decl., ¶ 16 (noting that Defendants collectively accessed files in rapid succession, and that Plaintiffs' investigation and discovery of Defendants' illicit theft – including theft of data and solicitation of customers and employees – was ongoing). As such, Defendants had ample notice and opportunity to prepare their opposition based on all the facts and evidence proffered by Plaintiffs and are using their ill-conceived request for a "sur-reply" as a means to distract the Court from the declarations EPIC filed which either omit any response to Plaintiffs' clear evidence of Defendants' culpable conduct, or which otherwise contain inherent

contradictions.

Defendants also attempt to define as "new facts" and "new arguments" portions of Plaintiffs' reply which respond to the declarations submitted by Defendant EPIC in its opposition to Plaintiffs' motion. See, e.g., Opp'n, p. 2:15-16 ("Gallagher makes new assertions…in sole reliance on the *same [] link file data*") (emphasis added); Opp'n, p. 4:23-25 (describing as a "new" argument Plaintiff's reference to the fact that EPIC's Opposition failed to refute Plaintiffs' entitlement to immediate injunctive relief under the Computer Fraud and Abuse Act and California Penal Code Section 502).

In other words, Defendants insist that because Plaintiffs responded to Defendant EPIC's Opposition (the only one filed) – i.e. Plaintiffs did exactly what a reply brief is intended to do – the Individual Defendants who did *not* oppose Plaintiffs' motion are now entitled to file a belated response to Plaintiffs' Reply papers, disguised as a "sur-reply," after the Court-authorized briefing has been completed. Defendants' "sur-reply" should be ignored. Heil Co. v. Curotto Can Co., 2004 WL 2600134, n.1, *1 (N.D. Cal. 2004) (where party merely responds to arguments raised in opposition, then it has not raised new legal arguments which would entitle opposing party to file sur-reply).[2]

Moreover, all of the information contained in the proposed "sur-reply" and attached exhibits was known to Defendants at the time their opposition was due. Nevertheless, they chose not to file an Opposition and as a pure litigation tactic, to submit bare-bones and contradictory Declarations that ignored the facts known to all parties in the hope that by presenting a "watered-downed" and inaccurate story to the Court, they would somehow be able to avoid accounting for the evidence. When properly called out in the Reply papers for their obvious litigation tactic, Defendants try to bolster the record by improperly requesting this type of "sur-reply," which if necessary, is rebuttable. However, Defendants should not now be afforded the opportunity to address facts known to them at the time they submitted their Declarations, under the pretense of a

---

[2] Indeed, the declaration Defendant Watkins seeks to introduce via sur-reply repeats the same assertions he made in the declaration he submitted pursuant to EPIC's opposition, further demonstrating the improper nature of Defendants' proposed sur-reply.

1  "sur-reply." Both the Local Rules and case law frown on such litigation tactics.

    **D. Defendants Are Not Entitled To A "Sur-Reply," As They Did Not Comply With The Court's Order Or The Local Rules Requiring That Defendants Serve The "Sur-Reply" On Plaintiffs On The Same Day It Was Filed**

Pursuant to Local Rule 7-11 "[t]he moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed." Notwithstanding this requirement, Defendants' failed to provide Plaintiffs with a copy of James C. Halbleib's Supplemental Declaration which it purports to have filed under seal. In light of Defendants' failure to comply with the Court's procedures, Defendants' Motion should not be considered.

    **E. Defendants Are Not Entitled To A "Sur-Reply," As The Legal Arguments They Dispute Are Not New To Plaintiffs' Reply**

Defendants' bald assertion that Plaintiffs have raised new legal arguments is a distortion. The two cases cited in Plaintiffs' reply on which Defendants rely – Hub International of Cal. Ins. Services, Inc. v. Kilzer, 2007 WL 1674355 (N.D. Cal. 2007) and CRST Van Expedited, Inc. v. Werner Enterprises, Inc., 479 F.3d 1099 (9th Cir. 2007) – do not raise or otherwise constitute any new legal arguments. The cases merely support and reiterate arguments which Plaintiffs previously made in their moving papers – that Plaintiffs are entitled to a TRO based upon the conduct complained of in its Complaint. Consequently, Defendants already had the opportunity to address Plaintiff's legal position – had they actually elected to file an opposition. See Lang v. State of Cal., 1994 WL 28037, *2 (N.D. Cal. 1994) (where motion to file sur-reply contained no new legal developments, and arguments should have been made in original opposition papers, motion is denied.)

    **F. Defendants' Proposed "Sur-Reply" Should Not Be Considered As It Is Factually Flawed**

In addition to being procedurally improper, Defendants' proposed "sur-reply" is factually flawed. The proposed "sur-reply" is factually erroneous and yet again omits (and fails to rebut) and otherwise distorts Defendants' (including Defendants Halbleib's and Watkins') actions. Plaintiffs elect not to dignify Defendants' improper litigation tactics by responding to an improper

"sur-reply" that is attached to an improper "request to file a sur-reply." Should the Court request Plaintiffs' response, Plaintiffs will come forward with the myriad reasons why Defendants litigation tactic is merely another distraction that does not change the serious and irreparable harm facing Plaintiffs. As one of Defendants' goals is likely to delay Friday's hearing, if the Court deems it necessary and so requests, Plaintiffs are prepared to respond on Thursday, January 10, 2008, in advance of the hearing.

### III. CONCLUSION

For the above-stated reasons, Defendants' motion for "sur-reply" should be denied, and all contents of the "sur-reply" should be stricken and disregarded in their entirety.

DATED: January 9, 2008

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN
SHANNON S. SEVEY

By: _____
SHANNON S. SEVEY

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.