PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)
stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. &
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; et al.,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**PLAINTIFFS' IDENTIFICATION OF PORTIONS OF DOCUMENTS TO BE SEALED IN RESPONSE TO JANUARY 9, 2008 ORDER OF THE COURT** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to the Court's January 9, 2008 order regarding Defendants' Administrative Motion to Seal, as well as Northern District of California Civil Local Rules 79-5 and 7-11, Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher"), hereby identify for the Court the specific portions of the papers filed in support of Defendants' Opposition to Gallagher's Motion for TRO that Plaintiffs request be filed under seal.

The specific portions of Defendants' documents that Gallagher seeks to seal are as follows:

| Item No. | Defendant | Page, Line |
|---|---|---|
| 1 | Amos Decl. | Page 1, line 18 (after "particular") to page 1, line 19 to the end of the sentence. |
| 2 | Armstrong Decl | Page 1, line 9 (after "with the") to page 1, line 10 through the end of the sentence. |
| 3 | Michael Brown Decl. | Page 1, line 18 (after "Gallagher.") to page 1, line 20 (through all words before "When I") |
| 4 | Michael Brown Decl. | Page 2, line 17 from the beginning of the line to page 2, line 17 (through all words before "and that") |
| 5 | Michael Brown Decl. | Page 2, line 17 (after "after the") to page 2, line 17 (through all words before "I") |
| 6 | Michael Brown Decl. | Page 3, line 5 from the beginning of the line to page 3, line 6 through the end of the sentence. |
| 7 | Andrew Brown Decl. | Page 2, line 14 (after "relief.") to page 2, line 17 through the end of the paragraph. |
| 8 | Andrew Brown Decl. | Page 2, line 19 (after "for") to page 2, line 19 (through all words before "In addition") |
| 9 | Andrew Brown Decl. | Page 2, line 20 (after "of how") to page 2, line 21 through the end of the paragraph. |
| 10 | Andrew Brown Decl. | Page 3, line 17 (after "were") to page 3, line 19 through the end of the paragraph. |
| 11 | Andrew Brown Decl. | Page 8, line 9 (after "2006") to page 3, line 12 through the end of the paragraph. |
| 12 | Andrew Brown Decl. | Page 8, line 13 (after "Gallagher.") to page 8, line 15 (through all words before "In other") |
| 13 | Andrew Brown Decl. | Page 8, line 15 (after "other words") to page 8, line 16 through the end of the paragraph. |

| | | | |
|---|---|---|---|
| 1 | 14 | Andrew Brown Decl. | Page 9, line 6 (after "down") to page 9, line 6 through the end of the sentence. |
| 2 | 15 | Andrew Brown Decl. | Page 9, line 8 (after "was that") to page 9, line 8 (through all words before "I did") |
| 3 | 16 | Brett Burdock Decl. | Page 1, line 11 (after "compensation") to page 1, line 14 through the end of the paragraph. |
| 4 | 17 | Brett Burdock Decl. | Page 3, line 2 (after "contained") to page 3, line 3 (through all words before "I took") |
| 5 | 18 | Patricia Burdock Decl. | Page 1, line 10 (after "compensation") to page1, line 13 through the end of the paragraph. |
| 6 | 19 | Chua Decl. | Page 1, line 9 (after "compensation") to page 1, line 12 through the end of the paragraph. |
| 7 | 20 | Chua Decl. | Page 2, line 20 (after "provide me the") to page 2, line 22 (through all words before "A primary") |
| 8 | 21 | Chua Decl. | Page 3, line 25 (after "need to") to page 3, line 26 through the end of the paragraph. |
| 9 | 22 | Chua Decl. | Page 4, line 1 (after "client") to page 4, line 1 (through all words before "I called") |
| 10 | 23 | Chua Decl. | Page 4, line 1 (after "I called") to page 4, line 1 (through all words before "and explained") |
| 11 | 24 | Chua Decl. | Page 4, line 2 (after "email") to page 4, line 2 (through all words before "said") |
| 12 | 25 | Chua Decl. | Page 4, line 7 (after "misrepresented to") to page 4, line 7 (through all words before "that") |
| 13 | 26 | Chua Decl. | Page 4, line 12 from the beginning of the line to page 4, line 12 (through all words before "forwarded") |
| 14 | 27 | Chua Decl. | Page 4, line 16 (after "to the") to page 4, line 16 (through all words before "account") |
| 15 | 28 | Chua Decl. | Page 4, line 17 (after "Gallagher") to page 4, line 17 (through all words before "broker") |
| 16 | 29 | Neil Cohn Decl. | Page 1, line 10 (after "Gallagher was") to page 1, line 11 (through all words before "Not only") |
| 17 | 30 | Neil Cohn Decl. | Page 1, line 11 (after "that") to page 1, line 12 (through all words before "but also") |
| 18 | 31 | Neil Cohn Decl. | Page 1, line 12 (after "but also") to page 1, line 14 through the end of the paragraph. |
| 19 | 32 | Neil Cohn Decl | Page 3, line 13 (after "case of") to page 3, line 10 (through all words before "account") |
| 20 | 33 | Neil Cohn Decl. | Page 3, line 16 (after "the") to page 3, line 16 (through all words before "files") |
| 21 | 34 | Neil Cohn Decl. | Page 3, line 18 (after "that") to page 3, line 19 (through all words before "This is") |
| 22 | 35 | Neil Cohn Decl. | Page 3, line 19 (after "sent") to page 3, line 19 (through all words before "a BOR") |

| | | | |
|---|---|---|---|
| 1 | 36 | Neil Cohn Decl. | Page 3, line 21 from the beginning of the line to page 3, line 21 (through all words before "request") |
| 2 | 37 | Neil Cohn Decl. | Page 4, line 2 (after "Corporation,") to page 4, line 2 (through all words before "Town & Country") |
| 3 | 38 | Craven Decl. | Page 1, line 9 (after "addition") to page 1, line 11 through the end of the paragraph. |
| 4 | 39 | Craven Decl. | Page 2, line 25 (after "printouts of") to page 2, line 26 (through all words before "and of") |
| 5 | 40 | Daughtry-Honda Decl. | Page 2, line 6 (after "was that") to page 2, line 7 through the end of the paragraph. |
| 6 | 41 | Halbleib Decl. | Page 2, line 2 (after "First") to page 2, line 6 (through all words before "On the other") |
| 7 | 42 | Halbleib Decl. | Page 2, line 7 (after "commitment to") to page 2, line 7 through the end of the sentence. |
| 8 | 43 | Halbleib Decl. | Page 2, line 21 (after "My client") to page 2, line 21 (through all words before "inserted") |
| 9 | 44 | Halbleib Decl. | Page 2, line 24 (after "computer") to page 2, line 24 (through all words before "is still") |
| 10 | 45 | Hause Decl. | Page 1, line 15 (after "like me") to page 1, line 16 through the end of the sentence. |
| 11 | 46 | Hause Decl. | Page 3, line 8 (after "with") to page 3, line 8 (through all words before "a client") |
| 12 | 47 | Hause Decl. | Page 3, line 9 (after "discuss") to page 3, line 10 (through all words before "In advance") |
| 13 | 48 | Hause Decl. | Page 3, line 11 (after "Mr.") to page 3, line 11 (through all words before "a copy") |
| 14 | 49 | Hause Decl. | Page 3, line 11 (after "reflecting") to page 3, line 12 (through all words before "This meeting") |
| 15 | 50 | Hause Decl. | Page 3, line 17 (after "Mr.") to page 3, line 17 (through all words before "as I") |
| 16 | 51 | Hause Decl. | Page 3, line 18 (after "reflecting") to page 3, line 18 (through all words before "with me") |
| 17 | 52 | Hause Decl. | Page 3, line 23 (after "client at") to page 3, line 23 (through all words before "In other") |
| 18 | 53 | Hause Decl. | Page 3, line 27 (after "Mr.") to page 3, line 27 (through all words before "he") |
| 19 | 54 | Hause Decl. | Page 4, line 2 (after "represent") to page 4, line 2 (through all words before "My") |
| 20 | 55 | Hause Decl. | Page 4, line 2 (after "Mr.") to page 4, line 2 (through all words before "was cordial") |
| 21 | 56 | Hilgen Decl. | Page 3, line 5 (after "Gallagher") to page 3, line 6 (through all words before "She had") |
| 22 | 57 | Hilgen Decl. | Page 3, line 6 (after "asked me") to page 3, line 8 (through all |

| | | | |
|---|---|---|---|
| | | | words before "One year") |
| | 58 | Hilgen Decl. | Page 3, line 10 from the beginning of the line to page 3, line 10 (through all words before "and I") |
| | 59 | Hilgen Decl. | Page 3, line 10 (after "as") to page 3, line 11 (through all words before "Finally") |
| | 60 | Don Johnson Decl. | Page 2, line 21 (after "related") to page 2, line 22 (through all words before "Shandranette") |
| | 61 | Don Johnson Decl. | Page 2, line 22 (after "on the") to page 2, line 22 (through all words before "account") |
| | 62 | Don Johnson Decl. | Page 2, line 23 (after "Gallagher") to page 2, line 23 (through all words before "moved") |
| | 63 | Don Johnson Decl. | Page 2, line 24 (after "EPIC") to page 2, line 25 (through all words before "workers'") |
| | 64 | Don Johnson Decl. | Page 2, line 26 from the beginning of the line to page 2, line 26 (through all words before "brokerage") |
| | 65 | Ruby Johnson Decl. | Page 1, line 7 (after "difficult to") to page 1, line 8 (through all words before "In addition") |
| | 66 | Ruby Johnson Decl. | Page 1, line 9 (after "compensation") to page 1, line 12 through the end of the paragraph. |
| | 67 | Ruby Johnson Decl. | Page 2, line 14 (after "was to") to page 2, through all words to the end of line 14. |
| | 68 | Ruby Johnson Decl. | Page 2, line 17 from the beginning of the line to page 2, line 17 (through all words before "As a") |
| | 69 | Keck Decl. | Page 1, line 9 (after "with") to page 1, line 10 (through all words before "Gallagher") |
| | 70 | Keck Decl. | Page 1, line 10 (after "might be") to page 1, line 10 (through all words before "Also") |
| | 71 | Keck Decl. | Page 1, line 11 from the beginning of the line to page 1, line 12 (through all words before "My") |
| | 72 | Keck Decl. | Page 1, line 12 (after "My") to page 1, line 12 (through all words before "is") |
| | 73 | Keck Decl. | Page 2, line 10 (after "deductible") to page 2, line 11 through the end of the paragraph. |
| | 74 | Middleton Decl. | Page 2, line 3 (after "the") to page 2, line 3 (through all words before "I had") |
| | 75 | Middleton Decl. | Page 2, line 6 (after "retaining") to page 2, line 7 (through all words before "Accordingly") |
| | 76 | L. Martin Decl. | Page 2, line 3 from the beginning of the line to page 2, line 4 (through all words before "This was") |
| | 77 | L. Martin Decl. | Page 2, line 6 (after "line") to page 2, line 7 (through all words before "my job") |
| | 78 | L. Martin Decl. | Page 2, line 17 (after "client") to page 2, line 17 (through all words before "was no") |

| | | | |
|---|---|---|---|
| 1 | 79 | L. Martin Decl. | Page 2, line 18 (after "materials") to page 2, line 18 (through all words before "is not") |
| 2 | 80 | L. Martin Decl. | Page 3, line 14 (after "client") to page 3, line 14 (through all words before "I accessed") |
| 3 | 81 | L. Martin Decl. | Page 3, line 15 (after "with) to page 3, line 15 (through all words before "then") |
| 4 | 82 | L. Martin Decl. | Page 3, line 19 (after "aware") to page 3, line 19 (through all words before "is still") |
| 5 | 83 | L. Martin Decl. | Page 3, line 20 from the beginning of the line, to page 3, line 20 (through all words before "to") |
| 6 | 84 | O'Leary Decl. | Page 1, line 10 (after "compensation") to page 1, line 13 through the end of the paragraph. |
| 7 | 85 | O'Leary Decl. | Page 1, line 14 (after "had") to page 1, line 16 (through all words before "I was") |
| 8 | 86 | O'Leary Decl. | Page 2, line 23 (after "to") to page 2, line 24 (through all words before "Yet") |
| 9 | 87 | O'Leary Decl. | Page 2, line 24 (after "openly") to page 2, line 26 (through all words before "His") |
| 10 | 88 | Petty Decl. | Page 1, line 16 (after "prior to") to page 1, line 17 (through all words before "which") |
| 11 | 89 | Petty Decl. | Page 1, line 19 (after "before") (through all words before "The next morning") |
| 12 | 90 | Phillips Decl. | Page 1, line 20 (after "clients on") (through all words before "After") |
| 13 | 91 | Phillips Decl. | Page 1, line 20 (after "After") to page 1, line 21 (through all words before "I left the office") |
| 14 | 92 | Quinn Decl. | Page 1, line 16 (after "and") to page 1, line 17 (through all words before "At an October") |
| 15 | 93 | Quinn Decl. | Page 1, line 17 (after "we") to page 1, line 19 (through all words before "I was not happy") |
| 16 | 94 | Rasmussen Decl. | Page 1, line 14 (after "including") to page 1, line 15 (through all words before "All in all") |
| 17 | 95 | Rasmussen Decl. | Page 1, line 17 (after "compensation") to page 1, line 20 (through all words before "In fact") |
| 18 | 96 | Rasmussen Decl. | Page 1, line 22 (after "questions about") to page 1, line 25 through the end of the paragraph. |
| 19 | 97 | Rasmussen Decl. | Page 1, line 27 (after "Gallagher") to page 2, line 1 (through all words before "I was concerned") |
| 20 | 98 | Rasmussen Decl. | Page 2, line 2 (after "jeopardy") to page 2, line 4 through the end of the paragraph. |
| 21 | 99 | Rasmussen Decl. | Page 2, line 26 (after "but he") to page 2, line 27 (through all words before "This comment") |
| 22 | 100 | Rasmussen Decl. | Page 3, line 5 (after "because") to page 3, line 6 (through all |

| | | | |
|---|---|---|---|
| 1 | | | words before "By the end") |
| 2 | 101 | Ronzitti Decl. | Page 1, line 7 (after "my compensation") to page 3, line 9 (through all words before "I was also") |
| 3 | 102 | Schweitzer Decl. | Page 1, line 7 (after "at Gallagher") to page 1, line 10 through the end of the paragraph. |
| 4 | 103 | Soo Hoo Decl. | Page 1, line 24 (after "because") to page 1, line 26 (through all words before "In addition") |
| 5 | 104 | Soo Hoo Decl. | Page 2, line 2 (after "from") (through all words before "but") |
| 6 | 105 | Stubbs Decl. | Page 2, line 16 (after "containing a") to Page 2, line 18 (through all words before "e-mail account") |
| 7 | 106 | Sweeney Decl. | Page 1, line 8 (after "job there") to page 1, line 10 through the end of the sentence. |
| 8 | 107 | Varnica Decl. | Page 1, line 10 (after "In addition") to page 1, line 12 (through all words before "I was disturbed") |
| 9 | 108 | Varnica Decl. | Page 1, lines 13 (after "due to") through the end of the sentence. |
| 10 | 109 | Wagener Decl. | Page 2, line 6 (after "home") to page 2, line 8 (through all words before "I also") |
| 11 | 110 | Wagener Decl. | Page 2, line 11 (after "included") to page 2, line 12 through the end of the sentence. |
| 12 | 111 | Ward Decl. | Page 1, line 10 (after "manager") to page 1, line 11 through the end of the sentence. |
| 13 | 112 | Watkins Decl. | Page 2, line 7 (after "the fact") to page 2, line 9 (through all words before "and") |
| 14 | 113 | Wick Decl. | Page 2, line 6 (after "also concerned by") to page 2, line 15 (through all words before "This was a") |
| 15 | 114 | Wick Decl. | Page 2, line 16 (after "staff") (through all words before "All in all,") |
| 16 | 115 | Wick Decl. | Page 3, line 8 (after "with him") to page 3, line 9 through the end of the sentence. |
| 17 | 116 | MPA in support of Defendants' Opposition | Page 2, line 1 (all) |
| 18 | 117 | MPA in support of Defendants' Opposition | Page 2, line 2 (all words before "had become") |
| 19 | 118 | MPA in support of Defendants' Opposition | Page 9, line 17-18 (all) |
| 20 | 119 | MPA in support of Defendants' Opposition | Page 9, line 19 (all words before footnote 6) |
| 21 | 120 | MPA in support of Defendants' Opposition | Page 10, line 24 (all) |

| | | |
|---|---|---|
| 121 | MPA in support of Defendants' Opposition | Page 10, line 25-26 (all) |
| 122 | MPA in support of Defendants' Opposition | Page 11, line 1 (all words before "Hilgen" and all words after In an") |
| 123 | MPA in support of Defendants' Opposition | Page 11, line 2 (all) |
| 124 | MPA in support of Defendants' Opposition | Page 11, line 3 (all words before "See") |
| 125 | MPA in support of Defendants' Opposition | Page 11, line 11 (all words after "including") through page 11, line 12 (all words before "See") |
| 126 | MPA in support of Defendants' Opposition | Page 13, line 11 (all words after "whereas") through page 11, line 14 (all) |
| 127 | MPA in support of Defendants' Opposition | Page 18, lines 8-16 |

In addition, Gallagher also requests that the Court seal the following portions of its Memorandum of Points and Authorities in support of its *Ex Parte* Motion for TRO, which references exhibits and documents containing information that the Court has already ordered sealed in this matter, and is consistent with the information Plaintiffs seek to seal in Defendants' Opposition Papers:

| | | |
|---|---|---|
| 128 | MPA in support of Plaintiffs' Motion for TRO | Page 4, lines 1-3 (all) and line 4 (all words before "See") |
| 129 | MPA in support of Plaintiffs' Motion for TRO | Page 8, lines 9-11 (all) |
| 130 | MPA in support of Plaintiffs' Motion for TRO | Page 8, lines 13-15 and 25-28 (all words in middle column) |
| 131 | MPA in support of Plaintiffs' Motion for TRO | Page 9, lines 1, 3, 7-10, 12, 20-21, 25-26 (all words in middle column) |
| 132 | MPA in support of Plaintiffs' Motion for TRO | Page 9, lines 13-19 (all) |
| 133 | MPA in support of Plaintiffs' Motion for TRO | Page 10, lines 4-6 (all words in middle column following the word "accessed") |

CASE NO. 3:07-CV-06418-JSW

7

PLFS' IDENTIFICATION OF PORTIONS OF DOCUMENTS TO BE SEALED IN RESPONSE TO JANUARY 9, 2008 COURT ORDER

| 134 | MPA in support of Plaintiffs' Motion for TRO | Page 10, lines 7 (all words in middle column following the word "accessed" and before the words "which if used improperly") |
|---|---|---|
| 135 | MPA in support of Plaintiffs' Motion for TRO | Page 10, line 10 (all words in middle column following the word "regarding" and before "etc.") |

The aforementioned portions of documents contain confidential, proprietary, and trade secret information belonging to Gallagher, including the identities of top revenue-generating clients, file names pertaining to Gallagher clients, and Gallagher files pertaining to clients and consisting of internally-developed, commercially-sensitive, data compilation relating to Gallagher's servicing of clients, including client contacts and preferences, financial and pricing data, data regarding particularized insurance requirements and account preferences, business and client strategies, and more. They also contain commercially sensitive information belonging to Gallagher's clients and former clients. See McFarlane Decl., ¶¶ 5 and 35-53; Declaration of Sarju A. Naran in Support of Plaintiffs' TRO Papers, ¶ 2; Supplemental Declaration of Sarju A. Naran in Support of this Identification, ¶¶ 2-3.

Gallagher respectfully submits that good cause exists for the filing of these portions of documents under seal, and request that the Court order that the above-listed portions of documents be filed under seal.

**ARGUMENT**

Northern District Civil Local Rule 79-5(b)-(c) provides that counsel seeking to file documents and portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the court documents for which sealing is requested. Northern District Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "<u>privileged or protectable as a trade secret or otherwise entitled to protection under the law</u>...." (emphasis added). Federal courts will seal documents in support of non-dispositive motions on a showing of "good cause." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).

This Court has the power to seal records to protect confidential, proprietary, and trade secret information. Both Federal and California law recognize that courts should protect **confidential commercial information** by reasonable means, including filing under seal of

documents containing such information. See Civil Local Rule 79-5(a); Fed. R. Civ. P. 26(c)(7) and (8) (a court may enter an order protecting the confidentiality of "a trade secret or other confidential research, development or commercial information," including a direction that documents or information be filed under seal); Cal. Civ. Code Section 3426.5 ("a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." Id. As the Ninth Circuit has put it,

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other **confidential research, development, or commercial information**. See Fed. R. Civ. P. 26(c)(7). Rules 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."

Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002), quoting Seattle Times Co. v. Rhinehard, 467 U.S. 20, 36 (1984) (emphasis added).

As discussed above, the specific portions of documents to be sealed listed above relate to and reflect Gallagher's confidential, proprietary, and trade secret information, as well as sensitive and confidential commercial information. Moreover, Gallagher's identification of portions of

documents to be sealed is narrowly tailored, as Gallagher seeks to seal only those portions of documents relating to its commercially sensitive information.

DATED: January 10, 2008

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN
SHANNON S. SEVEY

By: /s/ Shannon Sevey
SHANNON S. SEVEY

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.