IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., et al. | No. C 07-06418 JSW |
| Plaintiffs, | **NOTICE OF QUESTIONS FOR HEARING** |
| v. | |
| EDGEWOOD PARTNERS INS. CENTER, et al. | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 11, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). To the extent parties submit additional authorities, they are required to provide such citations with pin cites. The parties will be given the opportunity at oral argument to explain their reliance on such authority. Unless the Court orders otherwise at the hearing, the

Court will not review or consider any declarations or other evidence filed by the parties after these questions are posted.

The parties each shall have twenty-five (25) minutes to address the following questions:

(1) How do Defendants respond to the declarations submitted by Plaintiffs in support of the reply stating that after Stephen Hause started working for Edgewood Partners Insurance Center ("EPIC"), he presented Sun Garden Gangi with a quote prepared while Mr. Hause was still employed by Arthur J. Gallagher & Co., Inc. ("Gallagher")?

    (a) Do Defendants contend that the quote did not contain confidential information or was not a trade secret? If so, on what authority do Defendants rely?

    (b) Assuming *arguendo* that the quote contained confidential information or trade secrets, on what authority do Defendants rely in support of their argument that such evidence does not support the issuance of an injunction?

    (c) In light of the declarations of Kevin Gangi and Melanie Jones, does Mr. Hause contend that he did not solicit the business of Sun Garden Gangi while he was employed at EPIC? Why did he not submit a responsive declaration?

    (d) In light of the fact Plaintiffs submitted the declarations of Kevin Gangi and Melanie Jones as evidence of improper solicitation only in connection with the reply, is it proper for the Court to consider such evidence?

(2) Defendants submit numerous declarations from former Gallagher employees, who are now EPIC employees, stating that after such employees called EPIC, EPIC set up interviews on very short notice, including after business hours on Friday, December 7, 2007, over the weekend, and before business hours on Monday, December 10, 2007. Moreover, the declarations state that EPIC

2

1 presented written job offers to such individuals on the same day or the day after
2 the interviews.

    (a) Why did EPIC schedule the interviews so quickly and conduct them on non-business hours?

    (b) Did EPIC receive information about such individuals from other former Gallagher employees before conducting the interviews? If so, what information did EPIC receive? If not, on what basis were the job offers made so quickly?

(3) Plaintiffs submit evidence that indicates Neil Cohen solicited Bigge Construction to transfer its business to EPIC. (Declaration of James G. McFarlane, ¶ 59.) Mr. Cohen does not appear to address this contention in his declaration submitted in opposition to Plaintiffs' application for a temporary restraining order. Did Mr. Neil solicit Bigge Construction after he left Gallagher?

(4) In his declaration, Robert Dutto states that he took his briefcase and Rolodex with him when he left Gallagher and that he subsequently returned any Gallagher materials in his possession. (Declaration of Robert Dutto, ¶ 8.) Did Mr. Dutto access or use any Gallagher materials at EPIC before he returned them?

(5) In his declaration, Robert Ellsworth states that when he left Gallagher, he took his laptop computer and Blackberry device.

    (a) Did the laptop computer and Blackberry device belong to Gallagher or were they Mr. Ellsworth's personal property?

    (b) If this equipment belonged to Gallagher, has Mr. Ellsworth returned such property to Gallagher and did Mr. Ellsworth access or use this equipment when he was working for EPIC?

    (c) Even if this equipment belonged to Mr. Ellsworth, did such equipment contain any Gallagher documents or other Gallagher material? If so, has Mr. Ellsworth accessed or used such Gallagher documents or other Gallagher material when he was working for EPIC?

3

(6) Pursuant to Federal Rule of Civil Procedure 65(a)(2), the Court may advance the trial of the action on the merits with a hearing of an application for a preliminary injunction. If the Court were to follow this procedure, how much time would the parties need to conduct discovery and prepare for this hearing/trial?

(7) Are there any other issues the parties wish to address?

Dated: January 10, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4