1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2  STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3  SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
   1117 S. California Avenue
4  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
5  Facsimile: (650) 320-1900

6  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 
   ARTHUR J. GALLAGHER & CO., INC.,         CASE NO.
12 a Delaware Corporation, ARTHUR J.
   GALLAGHER & CO., INSURANCE
13 BROKERS OF CALIFORNIA, INC., a           **DECLARATION OF DOUG BOWRING**
   California Corporation,
14 
                   Plaintiffs,
15 
        vs.
16 
   EDGEWOOD PARTNERS INSURANCE
17 CENTER, a California corporation; DAN
   R. FRANCIS; JOHN G. HAHN;
18 ANDREW ("WALLY") BROWN, JR.;
   BRIAN F. QUINN; NEIL, R. COHN;
19 CAROLANN COHN; MICHAEL J.
   BROWN; STEPHEN HAUSE; LAURA J.
20 WICK; JAMES C. HALBLEIB;
   LAURINDA ("LAURIE") A. MARTIN;
21 ERIC CHUA; GEORGE J. PETTY;
   LINDA SOO HOO; ROBERT E. DUTTO;
22 SUSAN M. ENGLISH; DON J.                           **REDACTED**
   JOHNSON; ALLEN L. AMOS;
23 WILLIAM ("BILL") PHILLIPS, JR.;
   DIRCK ("RICK") R. STINSON; ROBERT
24 ("BOB") D. ELLSWORTH; ROBERT H.
   WATKINS; PAUL H. WAGENER;
25 SHANDRANETTE MIDDLETON,
                   Defendants.
26 
27 
28 
                                                              DECLARATION OF DOUGLAS
                                                              BOWRING
   Case No.

I, Douglas B. Bowring, declare:

1. I am currently employed as the President for the San Francisco office of Lamberson Koster & Co., dba Gallagher Construction Services, a division of A.J. Gallagher & Co. ("Gallagher"). I have worked for Gallagher since 1996. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I would and could testify to the facts stated herein.

**EPIC and Neil Cohn's Direct Solicitation Of Gallagher Client**

2. For some time, Gallagher has provided property/casualty and other insurance products and services

3. On December 12, 2007, I telephoned

had executed a Broker of Record ("BOR") letter naming another company as its exclusive insurance brokerage firm. BOR letters are used in the insurance brokerage industry to obtain a client's consent to transfer their account from one brokerage firm to another, leaving the new firm as the exclusive broker of record.

4. explained that, the prior day, December 11, 2007, former Gallagher employee and current EPIC employee Neil Cohn, who resigned from Gallagher without notice on December 7, 2007, had faxed to him a BOR and requested that he execute it to transfer account from Gallagher to EPIC. reported that, prior to being contacted by Mr. Cohn, he had not requested a BOR letter from EPIC or otherwise indicated to Mr. Cohn or anyone else at EPIC that he was interested in transferring business from Gallagher to EPIC.

5. In explaining the decision to transfer its business to an insurance brokerage firm other than Gallagher or EPIC, did not want to give its business to EPIC, since it found EPIC's and Mr. Cohn's conduct to be, in words, "clearly unethical – maybe worse," it had decided to transfer its business away from Gallagher in part because it believed EPIC's hiring of so many Gallagher employees, including those who formerly serviced account, left Gallagher unable to fully meet

-1-    DECLARATION OF DOUG BOWRING

### Laura Wick's Attempt To Gain Access To Gallagher's San Ramon Office

6. On Saturday, December 8, 2007, I received a telephone call from Jaren Thorsen, a member of the Information Technology ("IT") department of Gallagher's San Ramon office. Mr. Thorsen informed me that Laura Wick had telephoned him that day asking that she and "the guys" – whom she did not identify – be granted access to Gallagher's San Ramon office. At that time, I understood that Ms. Wick was on a leave of absence from Gallagher, so I was surprised to hear that she and others wanted to access the building on a Saturday – especially the Saturday after employees began resigning in mass to join Edgewood Partners Insurance Center ("EPIC"). Also, it seemed odd to me that Ms. Wick would call Mr. Thorsen that day to try to gain access to Gallagher's San Ramon office, since Mr. Thorsen is not normally scheduled to be on site on the weekends.

7. When I learned that Ms. Wick and "the guys" wanted to come to Gallagher's San Ramon office, I interpreted this to refer to Gallagher employees who had previously resigned to join EPIC. After conferring with Jim McFarlane, the Chairman, Western Region of Gallagher, and in light of the strange nature of Ms. Wick calling on a Saturday and requesting to gain access to the building that day, I determined that Ms. Wick and the others should not be allowed to enter Gallagher's San Ramon office, since I suspected that they may be trying to gain entry into the building for an improper purpose.

8. I then telephoned Ms. Wick. When she answered her cellular telephone, I overheard several people talking in the background. I informed Ms. Wick that I understood several people wanted to come to the Gallagher San Ramon office, to which she replied, "Yes." After I asked her and the others not to come to the building, Ms. Wick stated that she needed to put the phone down, at which point I heard mumbling and laughing between what appeared to be Ms. Wick and the others in the background. A few moments later, Ms. Wick picked the telephone back up and told me that she and the others would not come to Gallagher San Ramon's office that day.

### EPIC Employees Continue To Mislead Gallagher Employees Into Believing Their Jobs Are Not Secure

9. Since the mass resignations of people who have joined Gallagher began, I and others have conducted staff meetings at the Gallagher San Ramon office several times per week. During these meetings, several current Gallagher employees have informed me that their former colleagues, now at EPIC, have contacted them since they left Gallagher and falsely stated on several occasions that Gallagher will be forced to close its San Ramon office, and that the remaining employees' jobs therefore are not secure.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct.

Executed this 19th day of December, 2007, in Alamo, California.

_____
Douglas B. Bowring