PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474)
stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.
Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; et al., <br><br> Defendants. | CASE NO. C 07-06418 JSW <br><br> **DECLARATION OF JAMES PAGLIAI IN SUPPORT OF PLAINTIFF ARTHUR J. GALLAGHER & CO., INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION** |

**REDACTED**

Case No. C 07-06418 JSW

DECLARATION OF JAMES PAGLIAI

I, James Pagliai, declare:

1.   I am currently employed as Assistant Vice President – Corporate Development for Arthur J. Gallagher & Co. ("Gallagher"). I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I would and could testify to the facts stated herein.

**December 20, 2007 Package From EPIC**

2.   In the afternoon on December 20, 2007, I was present in Gallagher's San Ramon office when a box arrived unannounced via courier to the receptionist. The receptionist handed the package to me, at which point I inspected and then opened it.

3.   Upon reviewing the box, I noticed that it had a mailing label from Edgewood Partners Insurance Center ("EPIC") on the outside of the box, indicating that the package had been sent to Gallagher by EPIC. When I reviewed the contents of the package, it appeared to contain items relating to multiple former Gallagher employees who had joined EPIC, thus further indicating that this package was sent by EPIC rather than by a single former Gallagher employee.

4.   EPIC's package contained the following items:

(a)   A Hewlett Packard laptop bearing the serial number _____. After receiving this computer, I verified the serial number, confirmed that this was the computer Gallagher assigned to Robert Watkins during his employment with Gallagher, and then secured the computer in a locked room until Gallagher's computer forensic expert, Jon Berryhill, took possession of it;

(b)   An email from Eric Chua noting that he had copied Gallagher data he retained after the termination of his employment onto a memory stick which he was returning to Gallagher. This email, a true and correct copy of which is attached hereto as Exhibit A, was printed out without any sender/recipient data, subject line, or date, indicating that it may not have been sent electronically.

(c)   An email, printed in the same fashion as Eric Chua's, from Allen Amos indicating that he is returning "Gallagher business records." In this email, a true and correct copy of which is attached hereto as Exhibit B, Mr. Amos' first name is misspelled in the area above his signature block, which suggests to me that Mr. Amos may not have drafted this email.

1     (d)    A USB thumb drive, which was in an envelope stapled to the printed email from Eric Chua which noted that he had copied Gallagher data to a memory stick;

    (e)    An email, printed in the same undated fashion as Mr. Chua's and Mr. Amos's emails, from Robert Harrison Watkins, in which Mr. Watkins states he is returning 7 CDs of data, his Gallagher building pass, and his Gallagher-issued corporate credit card. A true and correct copy of this email is attached hereto as Exhibit C.

    (f)    A letter from Steve Hause, dated December 18, 2007 and printed on EPIC letterhead, in which Mr. Hause states he is returning the Gallagher corporate credit card he was issued while employed by Gallagher. A true and correct copy of this letter is attached hereto as Exhibit D.

    (g)    Gallagher corporate credit cards assigned to Allen Amos, Steve Hause, and Harrison Watkins during their employment with Gallagher;

    (h)    A Gallagher BlackBerry portable email device – EPIC's letter did not reference to whom this BlackBerry had been assigned at Gallagher;

    (i)

    (j)

;

    (k)    Approximately 23 pages of email communications, including emails from November and December 2007, which appear to have been printed from the email account of Dennis and Debra Rodriguez, true and correct copies of which are attached hereto as Exhibit G. These emails appear to be email communications Mr. Rodriguez had with Gallagher clients during his employment with Gallagher, and which Mr. Rodriguez either simultaneously or

1 subsequently sent to his personal email account.

2     (l)     A collection of forty-nine business cards, which were enclosed with the
3 emails from Mr. Rodriguez, discussed above. True and correct copies of these business cards are
4 attached hereto as Exhibit H. These business cards reflect the contact information for Gallagher
5 clients, the insurance companies with which Gallagher works on behalf of its clients, and
6 Gallagher employees.

7     5.     To my knowledge, neither Mr. Amos, Mr. Chua, Mr. Hause, Mr. Rodriguez, nor
8 Mr. Watkins had permission to retain, access, or use the computer, electronic storage devices,
9 electronic Gallagher data, hard copy Gallagher documents, business cards, and Gallagher
10 corporate credit cards following the dates they resigned with no notice and left to work for EPIC.

11 **EPIC Business Cards And Telephone Numbers**

12     6.     In the days following December 7, 2007, when the first of the approximately 49
13 employees resigned to join EPIC, I visited the office Brian Quinn occupied during his
14 employment with Gallagher. When I did so, I noticed that the business cards of EPIC employees
15 John Hahn and Mary Smith were in the Rolodex which sat on Quinn's former desk. This
16 Rolodex also contained one of Mr. Quinn's Gallagher business cards, on the back of which was
17 written Dan Francis' name and contact information. True and correct copies of these business
18 cards are attached hereto as Exhibit I.

19     7.     During this same time, I also reviewed the cellular telephone bill for Defendant
20 Wally Brown for the billing cycle beginning October 14, 2007 through November 13, 2007. I am
21 informed that this invoice is attached to the Declaration of Michael Goggio. In reviewing this bill,
22 I observed several calls to telephone numbers beginning with the numbers (650) 295-46__. This
23 series of numbers was familiar to me, since each of the EPIC business cards I retrieved from Mr.
24 Quinn's former office noted that EPIC's main telephone number is (650) 295-4600, and noted
25 that the direct telephone numbers of the persons listed on the business cards also followed this
26 pattern of numbers.

27      I declare under penalty of perjury under the laws of the United States and the State of
28 California that the foregoing is true and correct.

Case No. C07 06418 JSW      - 3 -      **DECLARATION OF JAMES PAGLIAI**

1  Executed this 5th day of January, 2008, in Glendale, California.

2  _____
3  James Pagliai

Case No. C07 06418 JSW

-4-

DECLARATION OF JAMES PAGLIAI