# EXHIBIT 2

| | |
|---|---|
| 1 | JEROME C. ROTH (SBN 159483) |
|   | MARTIN D. BERN (SBN 153203) |
| 2 | MALCOLM A. HEINICKE (SBN 194174) |
|   | MUNGER, TOLLES & OLSON LLP |
| 3 | 560 Mission Street |
|   | Twenty-Seventh Floor |
| 4 | San Francisco, CA 94105-2907 |
|   | Telephone:    (415) 512-4000 |
| 5 | Facsimile:    (415) 512-4077 |
| 6 | Attorneys for Defendant |
|   | EDGEWOOD PARTNERS INSURANCE CENTER |
| 7 | |

8           UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10          SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 12 | ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation, | CASE NO. 07-CV-06418-JSW |
| 13 | | |
| 14 | | DECLARATION OF MOLLY ARMSTRONG |
| 15 | Plaintiffs, | |
| 16 | vs. | |
| 17 | EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON, | Date:    January 11, 2008<br>Time:    9:00 a.m.<br>Dept:    Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |
| 26 | Defendants. | |

4179327.1

Armstrong Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

I, MOLLY ARMSTRONG, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as an Assistant Account Manager. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. In May of 2003, I was hired by Arthur J. Gallagher & Co. ("Gallagher") to work in its certificates department. Thereafter, I received a promotion to the position of Assistant Account Manager. Despite this promotion, I had become unhappy working at Gallagher. Indeed, prior to December of 2007, I had submitted my resume to apply for a job at Bank of the West. In particular, I was dissatisfied with the

**REDACTED**

3. On the morning of Friday, December 7, 2007, I was not in the San Ramon office. Later that day, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. I learned this information from Bob Ellsworth, my father, who is a producer in the San Ramon office, and had contacted me after the meeting in which these resignations had been announced. Prior to that conversation with my father, I had heard no rumors of their intent to resign. Nor had I ever heard of EPIC, the company where my father said they were going. Their announcement therefore came as a complete surprise to me, as my father said it had been to him.

4. That evening, I spoke with my father about the resignations. We both decided that we would explore job opportunities at EPIC, though at that point neither of us had decided for certain whether we wished to stay at Gallagher or move to EPIC. At no point did any former Gallagher employee attempt to solicit me to leave Gallagher for EPIC.

5. From my father, I obtained contact information for the Director of Human resources at EPIC, Mary Smith. I contacted her the following morning, Saturday, December 8, 2007, and arranged for an interview with EPIC at 10:30 a.m.

6. At the interview, I communicated my wage and salary information to Sara Cox, an employee in EPIC's Human Resources Department, and I expressed my concern about what I perceived as the poor compensation offered by Gallagher. Ms. Smith gave me information

1 about EPIC and described its position as a new company. I was excited about the idea of working
2 at the company, and about the opportunity to continue working with my colleagues, many of
3 whom had by this point already decided to join EPIC. I received an offer that included a
4 significant increase in salary, a signing bonus, and a better benefits package. After discussing the
5 matter again with my father, I decided to accept EPIC's offer.

6     7.    I returned to Gallagher's San Ramon office the following workday,
7 Monday, December 10, 2007, to type my letter of resignation, which I submitted that morning to
8 Gabrielle Simpson. I gathered my personal items from my desk, including my personal pictures
9 and pay stubs, and left the office. I did not take or retain any Gallagher materials or property
10 when I left Gallagher. During the interview and hiring process at EPIC, Ms. Cox made clear to
11 me that EPIC would not allow me to bring any Gallagher property with me to my new job at
12 EPIC, and I followed these instructions.

13     8.    I have not solicited or encouraged any Gallagher employees to seek
14 employment at EPIC.

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4179327.1

-- 2 --

Armstrong Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

9. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008, in San Ramon, California.

By: /s/ Molly Armstrong
MOLLY ARMSTRONG