# EXHIBIT 12

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
5  Facsimile:  (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>**DECLARATION OF KELLY CAVAGNUOLO**<br><br>Date:  January 11, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 2, 17th Floor |

4178398.1

K. Cavagnuolo Decl; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

I, Kelly Cavagnuolo, hereby declare as follows:

1. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I currently work for Defendant Edgewood Partners Insurance Center ("EPIC") as an Assistant Account Manager. I am also a former employee of Plaintiff Arthur J. Gallagher & Co. ("Gallagher"). Gallagher hired me in June 2006 to work as an Assistant Account Manager. I worked in that position until December 10, 2007.

3. As an Assistant Account Manager at Gallagher, I helped Gallagher Producers (the Gallagher employees who are responsible for bringing in clients and maintaining client relationships) manage their client accounts.

4. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. I had also never heard of EPIC, the company where they said they were going to work. Their announcement therefore completely surprised me.

5. When I heard that Wally, Brian, and Michael were leaving, I became worried that I might be laid off by Gallagher, or that Gallagher's San Ramon office might be consolidated with another Gallagher office. Thus, after the meeting I went to talk to Brian Quinn, and asked him about his new job and whether I might be able to work there. In response, he told me that he was going to EPIC. He said that he could not discuss job opportunities at EPIC, but gave me the telephone number of Mary Smith, EPIC's human resources director.

6. I then called Mary Smith, and left a message for her stating that I was interested in working for EPIC. Mary called me back later that day, and asked me to come in to the EPIC office for an interview at 3:30 p.m.

7. I interviewed at the appointed time with an EPIC human resources employee, Sara Cox. During the application process, I divulged the salary I was currently making at Gallagher. I received an offer from EPIC later that day, which included a higher salary and

- 1 -
4178398.1
K. Cavagnuolo Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

1  much better benefits than I had received at Gallagher, as well as a signing bonus. I accepted this
2  offer.

3        8.      I returned to Gallagher's office on Monday, December 10, 2007, to submit
4  my written resignation. Afterwards, I left Gallagher's offices and never returned. When I left
5  Gallagher, I took only my personal items with me. I showed these items to Gabrielle Simpson, a
6  Gallagher employee, when I left that day. I did not take, copy, delete, or destroy any Gallagher
7  data, documents or materials, or anything that contained any information about Gallagher clients,
8  policies, proposals, or other similar materials. I did log into my Gallagher computer and printed a
9  timesheet out, but I gave the printout before I left to Gabrielle Simpson and did not take a copy
10 with me.

11       9.      At no point did any current or former Gallagher employees try to solicit me
12 to move to EPIC, nor did I receive any assurance from anyone at EPIC that I would have a job
13 there before I was hired.

14       10.     I have not solicited or encouraged any current or former Gallagher
15 employees to seek employment at EPIC. I also do not know anyone else at EPIC who has
16 solicited or encouraged any current or former Gallagher employees to seek employment at EPIC.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4178398.1        -- 2 --        K. Cavagnuolo Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

11. I submit this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct

Executed January 2, 2008, in San Ramon, California

By: _____
    KELLY CAVAGNUOLO