# EXHIBIT 15

1   JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
2   MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
3   560 Mission Street
    Twenty-Seventh Floor
4   San Francisco, CA 94105-2907
    Telephone:    (415) 512-4000
5   Facsimile:    (415) 512-4077

6   Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  ARTHUR J. GALLAGHER & CO., INC.,          CASE NO. 07-CV-06418-JSW
    a Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE
    BROKERS OF CALIFORNIA, INC., a
14  California Corporation,

15              Plaintiffs,                    DECLARATION OF ELKIE CRAVEN

16       vs.

17  EDGEWOOD PARTNERS INSURANCE               Date:     January 11, 2008
    CENTER, a California corporation; DAN      Time:     9:00 a.m.
18  R. FRANCIS; JOHN G. HAHN;                  Dept:     Courtroom 2, 17th Floor
    ANDREW ("WALLY") BROWN, JR.;
19  BRIAN F. QUINN; NEIL R. COHN;
    CAROLANN COHN; MICHAEL J.
20  BROWN; STEPHEN HAUSE; LAURA J.
    WICK; JAMES C. HALBLEIB;
21  LAURINDA ("LAURIE") A. MARTIN;
    ERIC CHUA; GEORGE J. PETTY;                PUBLIC VERSION
22  LINDA SOO HOO; ROBERT E. DUTTO;
    SUSAN M. ENGLISH; DON J.
23  JOHNSON; ALLEN L. AMOS;
    WILLIAM ("BILL") PHILLIPS, JR.;
24  DIRCK ("RICK") R. STINSON; ROBERT
    ("BOB") D. ELLSWORTH; ROBERT H.
25  WATKINS; PAUL H. WAGENER;
    SHANDRANETTE MIDDLETON,
26
                Defendants.
27

28

I, ELKIE CRAVEN, hereby declare as follows:

1.      I am presently employed at Edgewood Partners Insurance Center ("EPIC") as a Claims Manager. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2.      In March of 2006, I was hired by Arthur J. Gallagher & Co. ("Gallagher") as a Claims Manager in its San Ramon office. During even my short time at the company, I had observed that the corporate culture at Gallagher was changing. Senior management frequently issued mandates and reports regarding the manner in which we were expected to do our jobs. In addition,

## REDACTED

3.      On the morning of Friday, December 7, 2007, I attended two meetings at Gallagher's San Ramon office. In those meetings I learned for the first time that Brian Quinn and Michael Brown had decided to resign their positions at Gallagher. Prior to those meetings, I had heard no rumors of their intent to resign. At those meetings I also learned that Wally Brown intended to resign, too. I had previously heard office gossip, and specifically a rumor from my colleague Grace Coombs (who still works a Gallagher), that Wally was thinking about leaving Gallagher, though I had not heard any specific information about that subject from my colleagues at Gallagher. Prior to that day, I had heard no rumors that any group of people had intended to resign together. Nor had I ever heard of EPIC, the company where they said they were going. The announcement stunned me.

4.      I have worked in the insurance services industry for nearly 20 years, and it has been my experience that brokers typically take their books of business with them when they move to a new brokerage. I was concerned that once the San Ramon office's top producers had left, there would not be enough work for me to do. I was also concerned that, as one of the more junior members of the claims department, I would either lose my job or be transferred to Gallagher's San Jose or San Francisco offices. In addition, I genuinely liked Brian and Wally, and I had a strong desire to continue to work with them, as did many others in Gallagher's San

1 | Ramon office.

2 | 5. For all of these reasons, after the Friday morning meetings, I approached

3 | Brian Quinn, who had been involved in hiring me, and told him that I would like to go with him

4 | to EPIC. He told me that he could not speak to me about employment opportunities there, but he

5 | gave me a phone number of Mary Smith, Director of Human Resources at EPIC.

6 | 6. I contacted Mary Smith and told her that I was interested in a job at EPIC.

7 | Ms. Smith arranged for an interview with EPIC the same day, at 4:30 p.m.

8 | 7. I interviewed at EPIC with Mary Smith at the scheduled time. At that time,

9 | I submitted an application for employment, which included my wage and salary information at

10 | Gallagher. I told her that I was very eager to continue working with Wally and Brian, and that I

11 | feared the environment at Gallagher would become more impersonal and less collegial without

12 | their leadership. Ms. Smith made me an offer that included a significant increase in salary, a

13 | signing bonus, and a better benefits package. Even if it had not included this more generous

14 | compensation package, however, I still would have accepted it immediately. At no point did any

15 | former Gallagher employee solicit me to come to EPIC.

16 | 8. On Sunday, December 9, 2007, I attempted to return to the Gallagher office

17 | to retrieve my personal belongings. I discovered that there were security guards at the office, and

18 | that I would not be allowed inside. I drafted a resignation letter when I returned home, and I sent

19 | it via e-mail it to Gabrielle Simpson at Gallagher's San Ramon office. I telephoned the following

20 | day, Monday, December 10, 2007, and confirmed that she had received it. She indicated that she

21 | had not, and I sent the e-mail again. She also told me that my personal effects would be sent to

22 | me in a couple of weeks. I still have not received them.

23 | 9. I took only three things from the Gallagher office. First, I took a copy of

24 | my resume, which I had e-mailed to myself from my Gallagher e-mail account before I left on

25 | Friday, December 7, 2007. Second, I inadvertently took printouts of    **REDACTED**

26 | **REDACTED**    and of my Gallagher benefits information. I had placed these

27 | documents some time ago into my personal agenda, and had forgotten they were there. When I

28 | discovered the printouts, I immediately gave them to Dan Crawford, EPIC's general counsel.

1178493.1                                      - - 2 - -         Craven Decl. ; Gallagher v. EPIC,
                                                                 Case No. 07-CV-06418-JSW

1   Third, I took my building security pass and company credit card, which I had on my person when

2   I left on Friday, December 7, 2007. I sent these items back to Gallagher on Wednesday,

3   December 12, 2007, and cancelled the company credit card around that time, as well.

4       10. Other than the materials described above, I did not take, copy, delete, or

5   destroy any information at Gallagher or anything that contained any information about Gallagher

6   clients, policies, proposals or other similar materials.

7       11. I reported to work at EPIC on Tuesday, December 11, 2007.

8       12. I have not solicited any Gallagher employees to seek employment at EPIC.

9   I spoke with Janelle Doyle, a temporary worker who I had hired at Gallagher. When she

10  expressed her interest in moving to EPIC, too, I encouraged her to contact EPIC's Human

11  Resources Department. To my knowledge, she is still employed at Gallagher.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    13.    I make this declaration voluntarily. I understand that it was not a condition

2  of my employment at EPIC to provide this declaration, and that I could have declined to do so

3  without suffering any adverse employment consequences.

4

5    I declare under penalty of perjury under the laws of the State of California and the

6  United States that the foregoing is true and correct.

7    Executed January _2_, 2008 in San Ramon, California.

8

9

10

11    By: _____
             ELKIE CRAVEN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Craven Decl. ; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

4178493.1