# EXHIBIT 16

```
JEROME C. ROTH (SBN 159483)
MARTIN D. BERN (SBN 153203)
MALCOLM A. HEINICKE (SBN 194174)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
EDGEWOOD PARTNERS INSURANCE CENTER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>**DECLARATION OF SANDRA DAUGHTRY-HONDA**<br><br>Date:     January 11, 2008<br>Time:    9:00 a.m.<br>Dept:     Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |

4179372.1

Daughtry-Honda Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

I, SANDRA DAUGHTRY-HONDA, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as an Assistant Account Manager. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. In May of 2006, I was hired by Arthur J. Gallagher & Co. ("Gallagher") to work as an Assistant Account Manager. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. Nor had I ever heard of EPIC, the company where they were going. Their announcement came as a complete surprise to me.

3. After the meeting, I and several other employees approached Brian Quinn to wish him good luck. Brian and Wally had always been good bosses to me, and I felt a strong bond of loyalty to them. Many others in Gallagher's San Ramon office felt the same way. Because I respected their leadership and wanted to continue to work with them, I asked Brian for more information about the company where he would be working. He told me that he could not speak to me about employment opportunities there, but he gave me a phone number of Mary Smith, Director of Human Resources at EPIC.

4. I contacted Mary Smith and told her that I was interested in a job with EPIC. Ms. Smith arranged for an interview with EPIC the same day, Friday, December 7, 2007.

5. At the interview, I submitted an application for employment, which included my wage and salary information at Gallagher. Ms. Smith gave me information about EPIC and described its position as a new company, including its recent acquisition of another insurance brokerage firm. I was excited about the idea of working at the company, and about the opportunity to continue working with my colleagues, many of whom had by this point already decided to join EPIC. I received an offer that included a significant increase in salary, a signing bonus, and a better benefits package.

6. I did not accept EPIC's job offer immediately. I returned to work at

- 1 -

Daughtry-Honda Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

4179372.1

Gallagher the following Monday, December 10, 2007. By that point, I was fairly certain that I would take the new job. In fact, I had already prepared my resignation letter. Still, I wanted to return to the office to evaluate the situation at Gallagher. That morning, I attended a meeting at Gallagher's San Ramon office, led by Gallagher's Western Region Chairman, James McFarland. At the meeting, Mr. McFarland delivered a speech that only confirmed my decision to leave the company. My recollection of that meeting was that **REDACTED**

**REDACTED**

7. I submitted my letter resignation to Gallagher that afternoon, Tuesday, December 11, 2007. I packed what I considered my personal belongings and left the office. These items included a Rolodex filled with contact information for insurance carriers, but not for Gallagher clients. Gabrielle Simpson, the manager of the San Ramon office, inspected my box of personal items as I left the office that day, and she specifically approved my taking the Rolodex file. Still, out of an abundance of caution, I have since given that carrier contact information to Dan Crawford, EPIC's general counsel.

8. I have not taken or retained any Gallagher materials or property since starting work at EPIC. Before leaving Gallagher, I retrieved some personal e-mails, and then I deleted some of my personal files off the Gallagher computer system. None of the materials that I deleted or took with me contain any information about Gallagher clients, insurance policies, proposals, or other similar materials.

9. I have not solicited or encouraged any Gallagher employees to seek employment at EPIC.

-- 2 --

Daughtry-Honda Decl. ; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

10. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008, in San Ramon, California.

By: *Sandra Daughtry-Honda*
SANDRA DAUGHTRY-HONDA