# EXHIBIT 17

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:   (415) 512-4000
5  Facsimile:   (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>**DECLARATION OF ROBERT DUTTO**<br><br>Judge:  Hon. Jeffrey S. White<br>Date:   January 11, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom 2, 17th Floor |

4173776.1

R. Dutto Decl.; Gallagher v. EPIC, Case No.
07-CV-06418-JSW

I, Robert Dutto, declare as follows:

1. I am employed by Edgewood Insurance Partners Center ("EPIC") as a Producer. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I was employed as a Producer at Arthur J. Gallagher ("Gallagher") for approximately 7 years until I sent in my resignation on Sunday, December 9, 2007.

3. I understand that Gallagher has asserted in this litigation, in which I am named as a defendant, that the recent departure of 49 employees from Gallagher was a carefully planned and orchestrated conspiracy. This is not correct.

4. After a staff meeting on December 7, 2007, Wally Brown and Brian Quinn announced that they were resigning their positions at Gallagher. I was present at that meeting, which was the first time that I heard any information about their departure from Gallagher to EPIC, although I did hear a widespread rumor that Wally Brown was leaving.

5. After learning of Wally Brown's and Brian Quinn's resignation, I obtained the phone number for EPIC and called to find out more about it. I called Ms. Smith and arranged an interview for later that day. At EPIC, I met with the founders, Dan Francis and John Hahn, and Ms. Smith. I also learned about the company and its business model, and shared with them the size of my book of business. I returned to EPIC on the next day to interview with its General Counsel, Dan Crawford. I received an offer of employment at that time.

6. In the days that followed the resignations, I thought about the offer and spoke to my family about the opportunity at EPIC. I made my decision to accept EPIC's offer, and to leave Gallagher, over the weekend, and communicated my decision in writing to Gallagher by email on a personal email account Sunday night, December 9, 2007. During the time between Wally Brown's and Brian Quinn's announcement, and my decision to resign on December 10, 2007, I was not solicited by anyone affiliated with Gallagher to accept employment with EPIC.

7. My decision to resign from Gallagher was based on the opportunity presented at EPIC. The offer was financially exciting and better than the opportunity at Gallagher

or any other brokerage.

8. When I left the office on Friday December 7, 2007, I had my briefcase and Rolodex only. Prior to starting at EPIC, I was informed that I should not take or retain any Gallagher materials with me when I started work at EPIC. I subsequently returned any Gallagher materials in my possession to Dan Crawford for return to Gallagher.

9. I did not take any confidential materials from Gallagher after resigning. Indeed, I have not even removed my personal belongings from my former office at Gallagher.

10. After joining EPIC, I sent a "tombstone" message to my clients, whose email addresses I recalled, or I found on the Internet, informing them of my move to EPIC. When these clients call or email back I inform them of my move to EPIC. To date, 7 of the 24 clients I worked with while at Gallagher have provided Broker of Record letters. Others have requested that I contact them after the end of the year to discuss.

11. At no point in time did I solicit any employee of Gallagher to leave the employment of that company in order to come to work at EPIC.

12. In her declaration Lynn Tu states that I "indicated" on December 7, 2007, that I had prior knowledge of Wally Brown and Brian Quinn's departure for EPIC. This is incorrect. Ms. Tu was walking past my office on December 7, 2007. She poked her head into the office and asked if I had prior knowledge of the resignations. I shrugged my shoulders and shook my head no, to which Ms. Tu responded "you knew!" as she walked away. Apparently, Ms. Tu misunderstood my gesture, because I did not know, and I did not state to her that I knew of the departures before they were announced.

14. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

//
//
//

1  //

2  //

3       I declare under penalty of perjury under the laws of the State of California and the

4  United States that the foregoing is true and correct, and that this declaration is executed this 3rd

5  day in January, 2008 in San Ramon, California

6

7

8                      By: _____
                                ROBERT DUTTO
9