# EXHIBIT 19

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
5  Facsimile:  (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 ARTHUR J. GALLAGHER & CO., INC.,          CASE NO. 07-CV-06418-JSW
   a Delaware Corporation, ARTHUR J.
13 GALLAGHER & CO., INSURANCE
   BROKERS OF CALIFORNIA, INC., a
14 California Corporation,

15              Plaintiffs,                  **DECLARATION OF SUSAN ENGLISH**

16      vs.

17 EDGEWOOD PARTNERS INSURANCE               Date:   January 11, 2008
   CENTER, a California corporation; DAN     Time:   9:00 a.m.
18 R. FRANCIS; JOHN G. HAHN;                 Dept:   Courtroom 2, 17th Floor
   ANDREW ("WALLY") BROWN, JR.;
19 BRIAN F. QUINN; NEIL R. COHN;
   CAROLANN COHN; MICHAEL J.
20 BROWN; STEPHEN HAUSE; LAURA J.
   WICK; JAMES C. HALBLEIB;
21 LAURINDA ("LAURIE") A. MARTIN;
   ERIC CHUA; GEORGE J. PETTY;
22 LINDA SOO HOO; ROBERT E. DUTTO;
   SUSAN M. ENGLISH; DON J.
23 JOHNSON; ALLEN L. AMOS;
   WILLIAM ("BILL") PHILLIPS, JR.;
24 DIRCK ("RICK") R. STINSON; ROBERT
   ("BOB") D. ELLSWORTH; ROBERT H.
25 WATKINS; PAUL H. WAGENER;
   SHANDRANETTE MIDDLETON,
26
                Defendants.
27

28

I, SUSAN ENGLISH, hereby declare as follows:

1. I am presently a Principal at Edgewood Partners Insurance Center ("EPIC"). I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I was hired by Arthur J. Gallagher & Co. ("Gallagher") in October 1997 as an Account Manager. Prior to joining Gallagher I worked for four years at Calco Brokers and Agents in San Mateo, California. At the time I left Gallagher, my job title was Area Vice President.

3. On Friday, December 7, 2007, I was told by Penny Miller and Robin Azevedo that Wally Brown and Brian Quinn has resigned from Gallagher. I was surprised by this announcement, as were both Penny and Robin. I did not know that Wally and Brian were planning to leave Gallagher. After learning this news, I visited Brian, who explained that he was moving to Edgewood Partners Insurance Center ("EPIC"). Because I had already decided to leave Gallagher, and was actively interviewing with other companies at that time, I asked him for the telephone number so that I could inquire about potential employment at EPIC. He gave me the number for Ms. Mary Smith.

4. I contacted Ms. Smith and obtained an interview on Monday, December 10, 2007. I met with Mary, John Hahn, and Dan Crawford. I was made an offer to join EPIC, which I accepted.

5. During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher materials or property since starting work at EPIC.

6. I did not report to work at Gallagher that day. The following morning, I went to work and emailed my resignation from my work station. I did not access any client files or materials. I had received some emails that morning about a new piece of business. Penny Miller asked that I print out these emails for her, which I did. I also printed my resignation letter and delivered it to my bosses' office. I also deleted from my computer some poems that were

1 | written by my daughter.

2 |       7.    I was accompanied by Ms. Miller while I cleaned out my office and packed my personal items. I took only my personal items with me when I left the office that morning. I did not take any Gallagher materials of any kind.

      8.    No person employed or formerly employed by Gallagher solicited me to leave Gallagher for EPIC. Nor have I solicited any person to leave Gallagher for EPIC.

      9.    During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher materials or property since starting work at EPIC.

      10.    After joining EPIC, I sent a "tombstone" notice by email informing about 20 clients with whom I worked when at Gallagher that I had joined EPIC. I have had communications only with those clients who called or emailed me in response to my message. Seven clients have provided Broker of record letters. Others have indicated that they will not take action at this time.

      11.    I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

      I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this 3rd day of January, 2008 in San Ramon, California.

By: _____
SUSAN ENGLISH