# EXHIBIT 23

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
5  Facsimile:  (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12 ARTHUR J. GALLAGHER & CO., INC.,           CASE NO. 07-CV-06418-JSW
   a Delaware Corporation, ARTHUR J.
13 GALLAGHER & CO., INSURANCE
   BROKERS OF CALIFORNIA, INC., a
14 California Corporation,

15              Plaintiffs,                   **DECLARATION OF TAMMY GLASER**

16    vs.

17 EDGEWOOD PARTNERS INSURANCE               Date:   January 11, 2008
   CENTER, a California corporation; DAN     Time:   9:00 a.m.
18 R. FRANCIS; JOHN G. HAHN;                  Dept:   Courtroom 2, 17th Floor
   ANDREW ("WALLY") BROWN, JR.;
19 BRIAN F. QUINN; NEIL R. COHN;
   CAROLANN COHN; MICHAEL J.
20 BROWN; STEPHEN HAUSE; LAURA J.
   WICK; JAMES C. HALBLEIB;
21 LAURINDA ("LAURIE") A. MARTIN;
   ERIC CHUA; GEORGE J. PETTY;
22 LINDA SOO HOO; ROBERT E. DUTTO;
   SUSAN M. ENGLISH; DON J.
23 JOHNSON; ALLEN L. AMOS;
   WILLIAM ("BILL") PHILLIPS, JR.;
24 DIRCK ("RICK") R. STINSON; ROBERT
   ("BOB") D. ELLSWORTH; ROBERT H.
25 WATKINS; PAUL H. WAGENER;
   SHANDRANETTE MIDDLETON,
26
                Defendants.
27

28

4178392.1

Glaser Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

I, TAMMY GLASER, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as a Front Desk Administrator. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. In June of 2007, I was hired by Arthur J. Gallagher & Co. ("Gallagher") to work as a workers' compensation assistant and receptionist at the front desk of the company's San Ramon office. When I was hired, I learned that upper management had not wanted to have a reception area at all in its San Ramon office, but that Wally Brown and Brian Quinn had lobbied successfully to put one in place.

3. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Brian Quinn and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. I also learned that Wally Brown intended to resign, too. I had previously heard a rumor that Wally might be leaving Gallagher, but I had not heard any specific information about that from my colleagues at Gallagher. Prior to that day, I had also not heard any rumors of Wally's intent to resign together with Brian or Michael. Nor had I ever heard of EPIC, the company where they were going. Their announcement came as a surprise to me.

4. After hearing this news, I worried about the security of my job, based on what I knew about Gallagher management's position on the receptionist area in my office. I also felt loyal to Wally and Brian, as I believe many others did in Gallagher's San Ramon office. Because I respected Wally's and Brian's leadership and wanted to continue to work in an office where I knew I would be needed, I asked Brian whether there might be an opportunity for me to work at EPIC, too. He told me that he could not speak to me about employment opportunities there, but he gave me a phone number of EPIC's human resources department.

5. I then spoke with Laura Wick, who worked in human resources at EPIC, and told her that I was interested in seeking employment at EPIC. Ms. Wick arranged for an interview with EPIC the next day, Saturday, December 8, 2007.

- 1 -

4178392.1

Glaser Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

6. I interviewed at EPIC with Mary Smith on Saturday as planned. At that time, I submitted an application for employment, which included my wage and salary information at Gallagher. Ms. Smith gave me information about EPIC and described its position as a new company. I received an offer that included a significant increase in salary, a signing bonus, and a better benefits package. I accepted the offer immediately.

7. I submitted my resignation to Gallagher the following workday, Monday, December 10, 2007. I began working at EPIC the same day.

8. Except for my coffee mug, I took nothing at all when I left Gallagher. I did not copy, download, or take with me any work-related or personal files off the Gallagher computer system, other than a personal file containing a volunteer list for a football banquet I was involved with. I did not take any information about Gallagher clients, insurance policies, proposals, or other similar materials.

9. I have not solicited or encouraged any Gallagher employees to seek employment at EPIC.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

4178392.1

Glaser Decl. ; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

10. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008 in San Ramon, California.

By: _____
TAMMY GLASER