# EXHIBIT 25

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
5  Facsimile:  (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 | ARTHUR J. GALLAGHER & CO., INC.,      | CASE NO. 07-CV-06418-JSW
   | a Delaware Corporation, ARTHUR J.
13 | GALLAGHER & CO., INSURANCE
   | BROKERS OF CALIFORNIA, INC., a
14 | California Corporation,

15              Plaintiffs,

                                            **DECLARATION OF JAMES C.**
16         vs.                              **HALBLEIB**

17 EDGEWOOD PARTNERS INSURANCE
   CENTER, a California corporation; DAN   Date:  January 11, 2008
18 R. FRANCIS; JOHN G. HAHN;                Time:  9:00 a.m.
   ANDREW ("WALLY") BROWN, JR.;             Dept:  Courtroom 2, 17th Floor
19 BRIAN F. QUINN; NEIL R. COHN;
   CAROLANN COHN; MICHAEL J.
20 BROWN; STEPHEN HAUSE; LAURA J.
   WICK; JAMES C. HALBLEIB;
21 LAURINDA ("LAURIE") A. MARTIN;
   ERIC CHUA; GEORGE J. PETTY;
22 LINDA SOO HOO; ROBERT E. DUTTO;         **PUBLIC VERSION**
   SUSAN M. ENGLISH; DON J.
23 JOHNSON; ALLEN L. AMOS;
   WILLIAM ("BILL") PHILLIPS, JR.;
24 DIRCK ("RICK") R. STINSON; ROBERT
   ("BOB") D. ELLSWORTH; ROBERT H.
25 WATKINS; PAUL H. WAGENER;
   SHANDRANETTE MIDDLETON,
26
                Defendants.
27

28

4178609.1

James Halbleib Decl.; <u>Gallagher v. EPIC</u>,
Case No. 07-CV-06418-JSW

I, JAMES HALBLEIB, hereby declare as follows:

1. I am a Principal at Edgewood Partners Insurance Center ("EPIC"). I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I have nearly 35 years of experience in the insurance industry. I began working for Arthur J. Gallagher & Co. ("Gallagher") in May, 1993, as an Area Senior Vice President. Prior to that I worked at Willis Corroon, Frank B. Hall and Travelers.

3. In August 2007, I was contacted by a headhunter regarding an opportunity at Edgewood Partners Insurance Center ("EPIC"). I expressed interest, and had a phone call and meetings with the founders of the company, Dan Francis and John Hahn. In subsequent months we had further discussions. On November 20, 2007, we reached terms and I accepted an offer to join EPIC.

4. On the same day I accepted the offer to join EPIC, I tendered my resignation to Gallagher. Tom Rowe of Gallagher's office tried to dissuade me from leaving, and asked that I hold off on resigning. I told him I would consider it overnight, but then confirmed my resignation by email the following morning.

5. On November 21, 2007, I received a call from Laurie Martin, a Gallagher employee with whom I had worked for many years. I had not told Ms. Martin, or indeed any Gallagher employee or client, that I was leaving. Ms. Martin expressed her surprise and stated that she wanted to follow me to EPIC so that we could continue to work together. I told her that I could not recruit her to EPIC. I then gave her the phone number for Ms. Mary Smith.

6. Prior to joining EPIC, I did not know that any other Gallagher employees were considering a move to EPIC. I first learned that Mr. Wally Brown and Mr. Brian Quinn were in discussions with EPIC after I started working there. I did not learn that they had joined EPIC until after they had announced their resignations at Gallagher on December 7, 2007.

7. I called Wally Brown on December 9, 2007 to congratulate him on joining EPIC. During that conversation, Mr. Brown told me that he was surprised that so many people at

Gallagher decided to follow him to EPIC.

8. My reasons for leaving Gallagher were several. First, REDACTED

**REDACTED**

On the other hand, I was impressed by the high quality of the people at EPIC, and its commitment to    REDACTED

9. During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher materials or property since starting work at EPIC.

10. I have a home computer on which I would sometimes save drafts that I was working on before sending them back by email to Gallagher to be placed on the central server. When I resigned, I deleted all files on my home computer related to Gallagher, and informed Gallagher that I had done so. I also uninstalled the Lotus notes program, making it impossible to access Gallagher email. I did not have any paper copies of work materials at home.

11. I understand that Gallagher has accused me of copying files from my computer using a thumb drive. This is not true. I do not own, and have never even used, a thumb drive. On the date in question, however, I was at a client's office prepared to give a PowerPoint presentation. For some reason, my computer was not compatible with the equipment at my client's office. My client,    REDACTED    inserted a device into my computer to copy the presentation, and then downloaded the presentation to his own computer, which was compatible with the other equipment. This was the only time I am aware that a "thumb drive" was ever used with my computer.    REDACTED    is still a client of Gallagher.

12. I also understand that Gallagher's computer expert asserts that I accessed hundreds of files within seconds of each other, presumably for the purpose of copying files. As

noted above, this is false. The files listed in Mr. Berryhill's report as having been opened simultaneously contain a mix of documents involving different clients, as well as files of personal matters. I did not attempt to access these disparate files at once. Neither did I access any Gallagher files for the purpose of copying such files, or actually copy such files. In addition, I have never used a thumb drive. Further, I'm not even sure my laptop had the capability of burning CDs.

13. I have not solicited or encouraged any Gallagher employees to seek employment at EPIC.

14. After starting to work at EPIC, I sent a "tombstone" email to my clients announcing that I had joined EPIC. Within a short period of time, I had received calls from most of my former clients. I did not contact or solicit any Gallagher clients. I only followed up with those clients who called me and expressed interest an interest in continuing to work with me at EPIC.

15. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this 3rd day of January, 2008 in San Mateo, California.

By: _____
JAMES C. HALBLEIB