# EXHIBIT 26

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:    (415) 512-4000
5  Facsimile:    (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation, | CASE NO. 07-CV-06418-JSW |
| 15  Plaintiffs, | **DECLARATION OF OLGA HARVISON** |
| 16  vs. | |
| 17  EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON, Defendants. | Date:    January 11, 2008<br>Time:    9:00 a.m.<br>Dept:    Courtroom 2, 17th Floor |

4179281.1

I, OLGA HARVISON, hereby declare as follows:

1.  I am presently employed at Edgewood Partners Insurance Center ("EPIC") as the Assistant Vice President for Claims Management. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2.  In May 2003, I was hired by Arthur J. Gallagher & Co. ("Gallagher") to work as a Claims Manager. I received a promotion in October 2007 to become Area Assistant Vice President for Claims.

3.  On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. Nor had I ever heard of EPIC, the company where they were going. The announcement thus came as a complete surprise to me.

4.  As soon as Wally, Brian, Michael, had made their announcement, I knew that I wanted to join EPIC, too. I enjoyed my job at Gallagher, but my loyalty is to the people I work with, not to the company itself. Wally and Brian had always been very good bosses, and as part of my work, I had extensive contact with them. I felt a strong bond of loyalty to them, as did many others in Gallagher's San Ramon office. Because I respected their leadership and wanted to continue to work with him, I approached Brian Quinn to ask whether there might be an opportunity for me to work in EPIC's claims department. He told me that he could not speak to me about employment opportunities there, but he gave me the phone number of Mary Smith, Director of Human Resources at EPIC.

5.  I contacted Mary Smith and told her that I was interested in seeking employment at EPIC. Ms. Smith arranged for an interview with EPIC the same morning, Friday, December 7, 2007. At no point did any of my Gallagher colleagues solicit me to come join them at EPIC.

6.  I interviewed at Gallagher with Mary Smith at 11:30 a.m. on Friday, December 7, 2007. During the interview process, I told Mr. Smith the salary I was making at

1  Gallagher. Ms. Smith gave me information about EPIC and described its position as a new
2  company. When I received an offer that included a significant increase in salary, a signing bonus,
3  and a better benefits package, I accepted it immediately.
4      7.    During the interview and eventual hiring process at EPIC, EPIC personnel
5  made clear to me that EPIC would not allow me to bring any Gallagher property with me to my
6  new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher
7  materials or property since starting work at EPIC. Before leaving Gallagher, I retrieved some
8  personal e-mails and, after doing so, I deleted them, which is my usual practice for personal
9  correspondence. I also deleted a copy of the document I considered personal in nature -- a self-
10 appraisal of my job performance, which I had written earlier. None of the materials that I deleted
11 or took with me contained any information about Gallagher clients, insurance policies, proposals,
12 or other similar materials. I knew from my long experience in the insurance industry --
13 previously, I had worked for Marsh & McLennan, Inc. for about a decade -- that such information
14 was proprietary, and that I could not take it with me.
15     8.    I submitted my resignation to Gallagher that afternoon, on Friday,
16 December 7, 2007. I have not solicited or encouraged any Gallagher employees to seek
17 employment at EPIC.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4179281.1

-- 2 --

Harvison Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

9. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008 in San Ramon, California.

By: _____
OLGA HARVISON