# EXHIBIT 28

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA  94105-2907
   Telephone:    (415) 512-4000
5  Facsimile:    (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>DECLARATION OF ROBIN HERMAN<br><br>Date:    January 11, 2008<br>Time:    9:00 a.m.<br>Dept:    Courtroom 2, 17th Floor |

4178272.1

R. Herman Decl.; Gallagher v. EPIC, Case No.
07-CV-06418-JSW

I, Robin Herman, hereby declare as follows:

1. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I currently work for Defendant Edgewood Partners Insurance Center ("EPIC") as a Senior Account Manager. I am also a former employee of Plaintiff Arthur J. Gallagher & Co. ("Gallagher"). Gallagher hired me in June 2000 to work as a Senior Account Manager in its San Ramon office, and I worked in that position until December 10, 2007.

3. As a Senior Account Manager at Gallagher, I helped Gallagher Producers (the Gallagher employees who are responsible for bringing in clients and maintaining client relationships) manage their client accounts. I primarily helped one Producer at Gallagher, Allen Amos.

4. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. I had also never heard of EPIC, the company where they said they were going to work. Their announcement therefore came as a complete surprise to me.

5. I decided to consider leaving Gallagher after I heard that my Producer, Allen Amos, was leaving, along with other Gallagher employees. In particular, I was worried about Allen's decision to go. In my experience, when a Producer or someone in an equivalent position leaves an insurance brokerage, his or her clients will follow them to his or her new employer. Therefore, when I heard Allen was leaving, I feared that I would no longer have anything to do at Gallagher, and that I might be laid off as a consequence.

6. Thus, after the meeting I went to talk to Brian Quinn. I gave him my business card and asked him to call me if he needed an account manager at his new company. In response, he told me that he could not discuss employment at EPIC with me, but gave me the telephone number of Mary Smith, EPIC's human resources director.

7. I then called Mary and left her my contact information. Later that day,

Laura Wick, a human resources employee at EPIC, called me to set up an interview for Saturday, December 8, 2007.

8. I interviewed with EPIC as scheduled the following day, with an EPIC human resources employee named Sara Cox. During the interview process, I divulged the salary I was currently making at Gallagher. After the interview, Mary Smith gave me a written job offer. That offer included a higher salary and more personal time off than I received at Gallagher, as well as a signing bonus. I accepted the offer after talking the situation over with my husband.

9. Around this time, I was also told by individuals at EPIC, whose names I cannot remember, that I could not solicit my former clients from Gallagher, and could not solicit other Gallagher employees to come to EPIC.

10. I resigned from Gallagher in writing the next business day, Monday, December 10, 2007. I also told a Gallagher employee, Gabrielle Simpson, that I was leaving. Additionally, I told Gabrielle that I was willing to give two weeks' notice, but she said that if I was going to leave Gallagher, I might as well leave immediately.

11. I left Gallagher's offices the day I resigned and never returned. When I left, I took only my personal items. I also deleted some personal files from my Gallagher computer, such as digital photographs of my family. I may also have thrown away some paper documents containing outdated marketing information, but I am not sure. I did not otherwise take, copy, delete, or destroy any data, documents, or materials at Gallagher or anything that contained any information about Gallagher clients, policies, proposals, or other similar materials.

12. Before leaving the Gallagher office that day, I worked on some Gallagher client accounts, but did not solicit them to transfer their business from Gallagher. I did tell one client, Homeguard, that I was leaving Gallagher, but I did not say where I would be working next. I also created an "out-of-office" message for my Gallagher email address that said, in sum and substance, "Robin Herman is no longer with Gallagher," but did not list my new employer. Additionally, I printed a rate quote for another client and gave it to Gabrielle Simpson to handle in light of my departure. Finally, I noted that I had received an email at my Gallagher address regarding the renewal of insurance policies for another client, but I did not open it because I knew

1  I was leaving Gallagher.
2      13. At no point did any current or former Gallagher employees try to solicit me
3  to move to EPIC, nor did I receive any assurance from anyone at EPIC that I would have a job
4  there before I was hired.
5      14. I have not solicited or encouraged any current or former Gallagher
6  employees to seek employment at EPIC. I do still speak with my twin daughters, Michelle
7  Looney and Caitlin Looney, who worked at Gallagher with me before I left and decided to remain
8  there, but I have not encouraged them to come to EPIC. I also spoke about my decision to leave
9  Gallagher once with a Gallagher colleague, Rosa da Silva, who was on vacation when I left, but I
10  did not encourage her to come to EPIC.
11      15. I also do not know anyone else at EPIC who has solicited or encouraged
12  any current or former Gallagher employees to seek employment at EPIC.
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

4178272.1      - - 3 - -      R. Herman Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

16.   I submit this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct

Executed January 3, 2008, in San Ramon, California.

By: /s/ Robin Herman
ROBIN HERMAN