# EXHIBIT 30

1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA 94105-2907
   Telephone:  (415) 512-4000
5  Facsimile:   (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12 | ARTHUR J. GALLAGHER & CO., INC., | CASE NO. 07-CV-06418-JSW
   | a Delaware Corporation, ARTHUR J.
13 | GALLAGHER & CO., INSURANCE
   | BROKERS OF CALIFORNIA, INC., a
14 | California Corporation,

15 |            Plaintiffs,           | **DECLARATION OF DON JOHNSON**

16 | vs.

17 | EDGEWOOD PARTNERS INSURANCE      | Date:  January 11, 2008
   | CENTER, a California corporation; DAN | Time:  9:00 a.m.
18 | R. FRANCIS; JOHN G. HAHN;        | Dept:  Courtroom 2, 17th Floor
   | ANDREW ("WALLY") BROWN, JR.;
19 | BRIAN F. QUINN; NEIL R. COHN;
   | CAROLANN COHN; MICHAEL J.
20 | BROWN; STEPHEN HAUSE; LAURA J.
   | WICK; JAMES C. HALBLEIB;
21 | LAURINDA ("LAURIE") A. MARTIN;   | **PUBLIC VERSION**
   | ERIC CHUA; GEORGE J. PETTY;
22 | LINDA SOO HOO; ROBERT E. DUTTO;
   | SUSAN M. ENGLISH; DON J.
23 | JOHNSON; ALLEN L. AMOS;
   | WILLIAM ("BILL") PHILLIPS, JR.;
24 | DIRCK ("RICK") R. STINSON; ROBERT
   | ("BOB") D. ELLSWORTH; ROBERT H.
25 | WATKINS; PAUL H. WAGENER;
   | SHANDRANETTE MIDDLETON,
26
   |            Defendants.
27

28

4178497.1                                    Don Johnson Decl.; Gallagher v. EPIC,
                                             Case No. 07-CV-06418-JSW

I, DON JOHNSON, hereby declare as follows:

1. I am presently a Principal at Edgewood Partners Insurance Center ("EPIC"). I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I was hired by Arthur J. Gallagher & Co. ("Gallagher") in 1992 as an Account Manager. When I departed, my job title was Area Vice President.

3. On Friday, December 7, 2007, I attended a staff meeting, after which Mr. Wally Brown and Mr. Brian Quinn announced that they were resigning from Gallagher. Even though Wally Brown is my uncle, I did not know that he and Mr. Quinn were planning to resign prior to hearing them announce it at this meeting. Because I was already interviewing with other companies for a new job, I obtained the phone number for EPIC and telephoned to request an interview.

4. I contacted Ms. Smith at EPIC and obtained an interview for the same afternoon. At that time, I met with Dan Francis, John Hahn and Dan Crawford. I was made an offer to join EPIC, and took the weekend to consider whether to accept it.

5. After discussing the matter with my immediate family, I decided to accept the offer from EPIC. (I did not have any further discussions during this period with my uncle, Wally Brown.) My primary reason for moving to EPIC was that it was a better opportunity in that I was provided an equity stake in the company. In addition, Wally's departure made it easier for me to leave Gallagher. Wally gave me my start in the business, and it would have been difficult for me to leave while he was still working at Gallagher. In addition, the fact that Wally had gone to EPIC added credibility to the organization, and gave me greater assurance that this was the right decision.

6. I resigned my position at Gallagher on Monday morning by sending an email to Gabrielle Simpson. I did not work over the weekend, and indeed have not returned to the office since I left on Friday, December 10, 2007. My personal effects are still at the Gallagher office.

7. I did not have any work materials at home. I did not have a Gallagher

1  laptop, and did not use my own computer for work.

2      8.    No person employed or formerly employed by Gallagher solicited me to
3  leave Gallagher for EPIC. Nor have I solicited any person to leave Gallagher for EPIC.

4      9.    During the interview and eventual hiring process at EPIC, EPIC personnel
5  made clear to me that EPIC would not allow me to bring any Gallagher property with me to my
6  new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher
7  materials or property since starting work at EPIC.

8      10.    After joining EPIC, I sent a "tombstone" notice by email informing the
9  clients with whom I worked when at Gallagher that I had joined EPIC. I have had
10  communications only with those clients who called or emailed me in response to my message.
11  Many of these clients provided Broker of Record letters moving their accounts to EPIC so that we
12  could continue to work together.

13      11.    I understand that Gallagher has asserted in papers filed with the Court that
14  Shandranette Middleton accessed documents that contained information related to my client Lilja
15  Corp. Shandranette did not work with me on the Lilja, or any other, account, and neither ever
16  provided me information about Lilja. Lilja is a longstanding client, and the owner, Bud Field, is a
17  personal friend. The owner called me on Monday morning, December 10, 2007 after receiving
18  my email notice and provided a Broker of Record letter the next week. I did not use any
19  Gallagher data or documents to encourage Lilja to follow me to EPIC.

20      12.    I understand that Gallagher has asserted in papers filed with the Court that
21  Shandranette Middleton accessed documents that contained information related **REDACTED**
22  **REDACTED** Shandranette never worked with me on the                                account, or any
23  other, account, while at Gallagher.          **REDACTED**                  moved its
24  property and casualty insurance to a different broker, not to EPIC.   **REDACTED**
25  workers' compensation business, on which I did not work, has remained with Gallagher. None of
26      **REDACTED**    brokerage business has moved to EPIC.
27  //
28  //

13. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this 3rd day of January, 2008 in San Ramon, California.

By: _____
DON JOHNSON