# EXHIBIT 34

```
 1  JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
 2  MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
 3  560 Mission Street
    Twenty-Seventh Floor
 4  San Francisco, CA 94105-2907
    Telephone:  (415) 512-4000
 5  Facsimile:  (415) 512-4077

 6  Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>DECLARATION OF LAURINDA MARTIN<br><br>Date:     January 11, 2008<br>Time:     9:00 a.m.<br>Dept:     Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |

4178277.1

Laurinda Martin Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

I, LAURINDA MARTIN, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as a Vice President. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I began working for Arthur J. Gallagher & Co. ("Gallagher") in April, 1999, as an Account Executive. I resigned my position at Gallagher on November 26, 2007, a few days after learning that Jim Halbleib, with whom I have worked closely for many years, had resigned his position at Gallagher.

3. I first learned of Jim Halbleib's resignation on November 21, 2007, from Gallagher's branch manager, Tom Rowe. I was completely shocked by this information, as Jim had never mentioned to me that he was even considering leaving Gallagher. Tom Rowe also told me that Jim had taken a position at "Edgewood Partners."

4. After learning of Jim's resignation from Mr. Rowe, I looked up Edgewood on the Internet to learn about the company. I then called Jim Halbleib on his cell phone. He confirmed that he had resigned from Gallagher and taken a position at Edgewood Partners Insurance Center ("EPIC"). I asked Jim how I could apply for employment at EPIC, and he told me he could not discuss employment at EPIC with me, and provided me a phone number for Mary Smith. I later called Jim to ask for Ms. Smith's mobile phone number, which he gave me.

5. I contacted Ms. Smith later that day and arranged an interview at EPIC on Monday November 26, 2007, during which I met with Mary Smith and Dan Francis. I was then presented with a written offer. The offer included an increase in pay and improved benefits from what I was earning at Gallagher. I accepted the offer that day.

6. After my interview at EPIC, I reported to work at Gallagher. I wrote a personnel evaluation, and wrote up some meeting notes. Around 1:00 PM I submitted my resignation to Greg Campbell. He asked me to reconsider, and tried to get me to stay at Gallagher. I informed him that Mr. Halbleib and I worked well together, and that I considered us as a team.

7. My reasons for leaving Gallagher were to follow Mr. Halbleib to EPIC, so that we could continue to work together. In addition, I had been told that if I stayed at Gallagher I **REDACTED** **REDACTED** This was not an attractive option. In addition, I had lost faith in Gallagher management because I felt they were no longer paying attention to the clients, and were instead paying more attention to their bottom line. **REDACTED** **REDACTED**, my job at Gallagher had become less enjoyable and more difficult. As such, I welcomed the opportunity to continue working with Mr. Halbleib at EPIC.

8. During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I did not copy or take any Gallagher data, materials or property with me when I left after my last day of work on November 26, 2007. Someone at Gallagher later packed up my personal belongings and artwork, and I picked them up at a later date. Since coming to work at EPIC, I have not seen or used any confidential Gallagher information.

9. A recent search of my home revealed that I have a three-ring binder of materials related to a former client. **REDACTED** was no longer a client of Gallagher at the time I left, in November 2007. I have not looked at these materials. **REDACTED** is not a client of EPIC, and I have had no contact with this former client since they moved their work from Gallagher. I have turned this binder to counsel for EPIC so that it may be returned to Gallagher.

10. During my time at Gallagher, when I worked from home, I occasionally sent emails attaching Gallagher documents to my home address. I would then work on such documents at home and email them back to work when I was finished. I believe that some of these old files are still on the "C" drive of my home computer. I have not accessed any of these files since leaving Gallagher. I have given my computer to counsel for EPIC so that these files can be removed and returned to Gallagher.

11. I have not solicited or encouraged any Gallagher employees to seek

4178277.1     - 2 -     Laurinda Martin Decl. ; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

employment at EPIC. When Gallagher employees have called me to ask questions about accounts I used to work on, I have provided them with assistance to the best of my recollection.

12. I understand that Mr. Jon Berryhill has stated in a sworn declaration that on several occasions between November 1 and November 20, 2007, I accessed 100 or more files in rapid succession. This is simply not true. I do not know how to open 100 files in a single minute. In addition, the files listed in Mr. Berryhill's report as having been opened simultaneously contain a mix of documents, some old and some more recent. The files also involve different clients and files of a personal nature. I did not attempt to access these disparate files at once. In addition, I have never used a thumb drive, and my computer did not have the capacity to burn CDs, so Mr. Berryhill is also wrong to imply that I accessed these files for the purpose of copying them. I did not access any Gallagher file for purpose of copying, or actually copy any Gallagher file.

13. I note that James McFarlane, in his declaration filed in support of Gallagher's TRO application, asserts that on November 12, 2007, I "accessed and presumably copied" a document relating to then-Gallagher client REDACTED I accessed that document on that date because we were preparing for a stewardship meeting with REDACTED then scheduled for December 2007. I accessed the document for the purpose of preparing for that meeting. I did not copy that document or take it with me when I left Gallagher. On November 12, 2007, I had not yet begun contemplating leaving Gallagher for any other employer. As far as I am aware, REDACTED is still a Gallagher client. It is not an EPIC client. I have not solicited REDACTED to EPIC at any time.

14. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

//
//
//
//

- 3 -

Laurinda Martin Decl. ; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

4178277.1

1  //
2  //
3  //
4
5       I declare under penalty of perjury under the laws of the State of California and the
   United States that the foregoing is true and correct, and that this declaration is executed this 3RD
6
7  day of January, 2008 in San Mateo, California.
8
9
10              By: /s/ Laurinda Martin
                    LAURINDA MARTIN
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4178277.1                               - 4 -              Laurinda Martin Decl. ; Gallagher v. EPIC,
                                                           Case No. 07-CV-06418-JSW