# EXHIBIT 37

| | |
|---|---|
| 1 | JEROME C. ROTH (SBN 159483) |
| | MARTIN D. BERN (SBN 153203) |
| 2 | MALCOLM A. HEINICKE (SBN 194174) |
| | MUNGER, TOLLES & OLSON LLP |
| 3 | 560 Mission Street |
| | Twenty-Seventh Floor |
| 4 | San Francisco, CA 94105-2907 |
| | Telephone:   (415) 512-4000 |
| 5 | Facsimile:   (415) 512-4077 |
| 6 | Attorneys for Defendant |
| 7 | EDGEWOOD PARTNERS INSURANCE CENTER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>DECLARATION OF GEORGE PETTY<br><br>Date:    January 11, 2008<br>Time:   9:00 a.m.<br>Dept:    Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |

4178627.1

George Petty Decl..; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

I, GEORGE PETTY, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as a Systems Administrator. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. In was hired by Arthur J. Gallagher & Co. ("Gallagher") on September 17, 2001 as the Systems Administrator, working in information technology, of "IT."

3. On the morning of December 7, 2007, I attended a staff meeting, after which Mr. Wally Brown and Mr. Brian Quinn announced their resignations. I had no prior knowledge that these, or any other people, would be resigning that day.

4. After the announcement, I found out where Wally and Brian were going by asking around the office. I obtained a phone number for EPIC from a co-worker (I do not remember who), and called Mr. John Hahn about job openings. Mr. Hahn told me that a member of EPIC's IT staff would call me to discuss. I then interviewed for a position on Monday, December 10, 2007. During the interview I provided my salary information to Mary Smith. EPIC extended me a job offer, which I accepted. I decided to leave Gallagher because I enjoyed working for Wally, at least prior to **REDACTED** **REDACTED** which I was not happy about, made my job more difficult and less enjoyable. I saw moving to EPIC as an opportunity to go back to the way my job was before **REDACTED** The next morning, I submitted my resignation to Gallagher, and faxed a copy to my boss, who worked for Gallagher in Louisiana.

5. I did not take any Gallagher data files with me to EPIC. In addition, I did not copy any Gallagher files, data or materials, whether to CDs, thumb drive or hard drives, for anyone else who was leaving for EPIC, as speculated by Gallagher in its papers filed with the court.

6. Before I departed from Gallagher, I deleted all Gallagher files from my personal drives and disconnected my personal Blackberry. Any Gallagher files that were on these drives were merely copies of files, such as software and the like, that I might have been installing on other computers. As to the Gallagher laptops with which I worked, I uninstalled "Office,"

- 1 -

4178627.1

George Petty Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

which is a software program. This had the effect of deleting my personal files and contacts, which I did not want to leave behind. I did not store any files or data related to clients on my computers because I did not work with any of these files. By removing my personal files, I also prepared the computers for the next person to use. Finally, I also emailed any files in my possession that would be needed at Gallagher, such as a list of passwords, to my co-worker at Gallagher, Jaren Thorsen.

7. I used a 160 GB and a 250 GB hard drive to store music that I listened to at work. At times, I would have to work all night long to perform systems maintenance and upgrades, and having music, or sometimes streaming video, helped pass the time. In addition, during some of these projects, I transferred files from my laptop hard drive to my external drive so that I could access them when using my computer hard drive for other functions, such as setting up a new computer. When done, I would transfer the files from my external drive back to my hard drive. Gallagher has speculated that this activity is evidence of copying of client information. I never copied any client information to my external hard drive while at Gallagher.

8. I purchased, with Gallagher funds, a software program for burning CDs, and installed that program on my computer. Gallagher has filed papers with the Court speculating that I installed this program in order to copy and steal trade secret information. This is incorrect. I purchased and installed the CD software in order to comply with a mandate from the Gallagher corporate office. This software upgrade was installed on my computer so that I could create an SMS desktop/laptop image CD that could be used to image other computers in the office. The SMS software imaging requirement was imposed by the Regional IT Director Larry Saltzman and the CIO, Todd Kimble.

9. Gallagher has asserted that I deleted my user profile and replaced it with a new profile in order to "cover up" activities performed with my computer. This is also untrue. I periodically deleted my user profile and created a new one when I had a problem with my computer. I regularly delete excess user profiles off other computers as a regular maintenance issue. I deleted my old profiles before leaving to assure that I was not leaving my personal information, including a document that contained my personal passwords to various accounts, on

1 | the Gallagher computer system.

2 |   10. On December 7, 2007, Neil Cohn asked me to come to his office and take certain steps, or verify that he had taken certain steps, with regard to his personal laptop computer. As to each item, I either took the step described, or confirmed that it was done by Mr. Cohn. I looked at the files on the computer to see whether there were any Gallagher files, and did not find any.

  11. I also understand that Gallagher has accused me of "de-fragging" Mr. Cohn's computer after he departed Gallagher. This is also untrue. I did not run any de-fragging program on Mr. Cohn's computer after he departed Gallagher. However, in the past, I, along with other systems administrators, periodically de-fragmented Mr. Cohn's computer in order to increase performance. This task was performed regularly on "heavily used computers" because it helped them perform better. Mr. Cohn had a "heavily used computer." I believe that Mr. Cohn's computer was set up on a schedule to periodically and automatically run a de-fragmenting program as general maintenance to reduce problems with his computer.

  12. I understand that Gallagher has accused me of copying large client files between my computer and a hard drive. As noted above, this is false. I never copied Gallagher client files to any external drive.

  13. I was not solicited or encouraged by any current or former Gallagher employee to join EPIC. I contacted EPIC on my own and sought a job there.

  14. Since coming to work at EPIC, I have not seen anyone using confidential Gallagher information.

  15. I have not solicited or encouraged any Gallagher employees to seek employment at EPIC.

  16. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

1 |     I declare under penalty of perjury under the laws of the State of California and the
2 | United States that the foregoing is true and correct, and that this declaration is executed this 3rd
3 | day of January, 2008 in San Ramon, California.

By: /s/ George Petty
GEORGE PETTY