# EXHIBIT 38

```
 1  JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
 2  MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
 3  560 Mission Street
    Twenty-Seventh Floor
 4  San Francisco, CA 94105-2907
    Telephone:  (415) 512-4000
 5  Facsimile:  (415) 512-4077

 6  Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 07-CV-06418-JSW<br><br>DECLARATION OF WILLIAM PHILLIPS<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |

4179493.1

William Phillips; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

I, WILLIAM PHILLIPS, hereby declare as follows:

1. I am presently a Principal at Edgewood Partners Insurance Center ("EPIC"). I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I have worked in the insurance industry for 20 years. I was hired by Arthur J. Gallagher & Co. ("Gallagher") in August, 2006, as an Area Vice President. Prior to joining Gallagher I worked at Willis Insurance Services of California.

3. On Friday, December 7, 2007, I attended a staff meeting, after which Mr. Wally Brown and Mr. Brian Quinn announced that they were resigning from Gallagher. I did not know that he and Mr. Quinn were planning to resign prior to hearing them announce it at this meeting.

4. I had heard of EPIC from others in the industry, and thought that it sounded interesting. When I learned on December 7, 2007, that Wally and Brian were moving to EPIC, I decided to seek an opportunity at there as well. I have enjoyed working with Wally and Brian, and wanted to continue to do so in the future.

5. I learned that a colleague with whom I work, Lisa Lucas, had been to EPIC that day, so I asked for the telephone number of the contact at EPIC. I called and arranged an interview for that afternoon, at which I met Dan Francis.

6. On Saturday, December 8, 2007, I went to my office to complete some time sensitive work for clients on **REDACTED** After **REDACTED** **REDACTED** I left the office. Later that day, I received an offer to join EPIC.

7. After considering the offer from EPIC over the weekend, I went to the EPIC offices on the morning of Monday, December 10, 2007. After further discussions regarding the opportunity at EPIC, and further negotiation of the terms of my offer, I decided to accept the revised offer to join EPIC. My decision to join was particularly influenced by the opportunity to obtain an equity position.

8. After accepting the offer to join EPIC I emailed my resignation to Gabrielle Simpson and Gail Petty at Gallagher. I have not returned to Gallagher's office since

joining EPIC, even to retrieve my personal items

9. No person employed or formerly employed by Gallagher solicited me to leave Gallagher for EPIC. Nor have I solicited any person to leave Gallagher for EPIC.

10. During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher materials or property since starting work at EPIC.

11. After joining EPIC, I sent a "tombstone" notice by email informing the clients with whom I worked when at Gallagher that I had joined EPIC. I have had communications only with those clients who called or emailed in response to my message. One of the clients that has provided a Broker of Record letter moving its account to EPIC is The Weitz Company. I was the broker for The Weitz Company when I worked at Willis, and this work followed me when I moved to Gallagher. I initially obtained this work through a connection I have to a senior officer at Weitz, who is a former colleague of mine.

12. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this __nd day of January, 2008 in San Ramon, California.

By: _____ 1-3-08
WILLIAM PHILLIPS