# EXHIBIT 40

```
 1  JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
 2  MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
 3  560 Mission Street
    Twenty-Seventh Floor
 4  San Francisco, CA  94105-2907
    Telephone:   (415) 512-4000
 5  Facsimile:   (415) 512-4077

 6  Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>            Plaintiffs,<br><br>     vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>            Defendants. | CASE NO.  07-CV-06418-JSW<br><br>**DECLARATION OF VERONICA RAMIREZ**<br><br>Date:      January 11, 2008<br>Time:      9:00 a.m.<br>Dept:      Courtroom 2, 17th Floor |

4178390.1

V. Ramirez Decl.; <u>Gallagher v. EPIC</u>, Case No. 07-CV-06418-JSW

I, Veronica Ramirez, hereby declare as follows:

1. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I currently work for Defendant Edgewood Partners Insurance Center ("EPIC") as a Senior Account Manager. I am also a former employee of Plaintiff Arthur J. Gallagher & Co. ("Gallagher"). Gallagher hired me in September 2000 to work as an Account Manager at its Pleasanton office (which was relocated to San Ramon in 2007). I was later promoted to Senior Account Manager at Gallagher, and I worked in that position until December 14, 2007.

3. As a Senior Account Manager at Gallagher, I helped Gallagher Producers (the Gallagher employees who are responsible for bringing in clients and maintaining client relationships) manage their client accounts.

4. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard no rumors of their intent to resign. I had also never heard of EPIC, the company where they said they were going to work. Their announcement therefore came as a complete surprise to me.

5. When I heard that Wally, Brian, and Michael were leaving, I became worried that I might be laid off by Gallagher. Thus, after the meeting I went to talk to Brian Quinn. I asked Brian about his new job and whether I might be able to work there. In response, he told me that he was going to EPIC. He said that he could not discuss employment at EPIC with me, but gave me the telephone number of Mary Smith, EPIC's human resources director.

6. I called Mary Smith that afternoon, and asked her if there were any job opportunities for me at EPIC. Mary said that there were, and asked me to come in to the EPIC office to interview. I interviewed with EPIC that evening with a human resources employee named Sarah Cox. During the interview process, I divulged the salary I was currently making at Gallagher.

4178390.1 - 1 - V. Ramirez Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

7. On December 10, 2007, I received an email from EPIC offering me a job as a Senior Account Manager, which included a higher salary than I received at Gallagher, as well as a signing bonus.

8. I accepted EPIC's job offer on December 12, 2007. In the meantime, I spoke to people in Gallagher's San Jose office about the possibility of transferring there. I was told that the San Jose office could probably accommodate me, but I ultimately decided to go to EPIC.

9. I worked at Gallagher through December 14, 2007, the day I resigned. I left Gallagher's offices that day and never returned. When I left Gallagher, I took only my personal items, including my notary public equipment, with me. I did not take, copy, delete, or destroy any information at Gallagher or anything that contained any information about Gallagher clients, policies, proposals, or other similar materials.

10. At no point did any current or former Gallagher employees try to solicit me to move to EPIC, nor did I receive any assurance from anyone at EPIC that I would have a job there before I was hired.

11. I have not solicited or encouraged any current or former Gallagher employees to seek employment at EPIC. I also do not know anyone else at EPIC who has solicited or encouraged any current or former Gallagher employees to seek employment at EPIC.

//
//
//
//
//
//
//
//
//
//

4178390.1

-- 2 --

V. Ramirez Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

12. I submit this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008, in San Ramon, California.

By: /s/ Veronica Ramirez
VERONICA RAMIREZ