# EXHIBIT 42

| | |
|---|---|
| 1 | JEROME C. ROTH (SBN 159483) |
| | MARTIN D. BERN (SBN 153203) |
| 2 | MALCOLM A. HEINICKE (SBN 194174) |
| | MUNGER, TOLLES & OLSON LLP |
| 3 | 560 Mission Street |
| | Twenty-Seventh Floor |
| 4 | San Francisco, CA 94105-2907 |
| | Telephone:   (415) 512-4000 |
| 5 | Facsimile:   (415) 512-4077 |
| 6 | Attorneys for Defendant |
| | EDGEWOOD PARTNERS INSURANCE CENTER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation, | CASE NO. 07-CV-06418-JSW |
| Plaintiffs, | **DECLARATION OF DENNIS RODRIGUEZ** |
| vs. | |
| EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON, | Date:   January 11, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 2, 17th Floor |
| Defendants. | |

4179253.1

Rodriguez Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

I, Dennis Rodriguez, hereby declare as follows:

1. I am presently employed at Edgewood Partners Insurance Center ("EPIC") as Vice President of Workers Compensation Claims. I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. In 2002, I was hired by Arthur J. Gallagher & Co. ("Gallagher") to work in its claims department. Previously, I had been employed by an insurance carrier, and my work there had brought me into contact with Brian Quinn several times. Mr. Quinn contacted me and recruited me to move to Gallagher. I accepted a position in Gallagher largely because I believe Mr. Quinn to be a dynamic and charismatic leader. I had a good working relationship with Mr. Quinn and, largely as a result of his efforts, received a promotion to become Vice President of Workers Compensation claims at Gallagher's San Ramon office.

3. On the morning of Friday, December 7, 2007, I attended a meeting at Gallagher's San Ramon office. In that meeting, I learned for the first time that Wally Brown, Brian Quinn, and Michael Brown had decided to resign their positions at Gallagher. Prior to that meeting, I had heard rumors that Wally was thinking about retiring, but I had heard nothing to suggest that he was thinking of changing employers. Thus, when I heard the announcement, I was surprised.

4. After the meeting, I attended another meeting with the rest of the workers' compensation claims and loss control department, where we discussed our surprise at the resignations. I then approached Michael Brown to wish him good luck, and to ask whether EPIC was going to need a new claims manager. I approached him about a job because I was very concerned that, without the presence of these leaders in the San Ramon office, I would soon find myself working with employees who I did not know from Gallagher's San Francisco or Los Angeles offices. Brian Quinn and Wally Brown had always treated me well at Gallagher, and I felt a strong bond of loyalty to them, as did many others in Gallagher's San Ramon office. Michael told me that he could not speak to me about employment opportunities at EPIC, but he gave me a phone number of Human Resources Department personnel at EPIC.

5. I contacted EPIC and expressed my interest in seeking employment there.

- 1 -

4179253.1

Rodriguez Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

1  I arranged for an interview with EPIC the same day, Friday, December 9, 2007. At no point did
2  any former Gallagher employee attempt to solicit me to leave Gallagher for EPIC. At the time of
3  my interview, I submitted an application for employment, which included my wage and salary
4  information at Gallagher. I interviewed with John Hahn, one of the founders of EPIC, who gave
5  me information about the company. I was excited about the idea of working at a cutting-edge,
6  entrepreneurial company like EPIC, and about the opportunity to continue working with my
7  colleagues, many of whom I saw interviewing when I visited EPIC. I received an offer that
8  included a significant increase in salary and a signing bonus. I took the evening to consider the
9  offer and discuss the matter with my family.

10     6.   The following morning, Saturday, December 8, 2007, I picked up my
11 formal offer letter at the EPIC office. I expressed my concern that I would be losing certain stock
12 options I had been given as part of my compensation package at Gallagher. I waited while the
13 EPIC management discussed my concern, and when they returned with an offer that adequately
14 compensated me for the lost stock options, I accepted the position.

15     7.   During the interview and eventual hiring process at EPIC, EPIC personnel
16 made clear to me that EPIC would not allow me to bring any Gallagher property with me to my
17 new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher
18 materials or property since starting work at EPIC. In fact, I did not return to Gallagher's San
19 Ramon office after I left for my interview at EPIC on Friday afternoon. When I began working
20 with EPIC the following Monday, I handed over any and all information that I had obtained at
21 Gallagher to Dan Crawford, EPIC's general counsel, so that he could return that information to
22 Gallagher.
23 //
24 //
25 //
26 //
27 //
28 //

4179253.1

-- 2 --

Rodriguez Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

8. I make this declaration voluntarily. I understand that it was not a condition of my employment at EPIC to provide this declaration, and that I could have declined to do so without suffering any adverse employment consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed January 2, 2008 in San Ramon, California.

By: _____
DENNIS RODRIGUEZ