# EXHIBIT 53

Case 3:07-cv-06418-JSW  Document 123-54  Filed 01/16/2008  Page 1 of 4

```
 1  JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
 2  MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
 3  560 Mission Street
    Twenty-Seventh Floor
 4  San Francisco, CA 94105-2907
    Telephone:   (415) 512-4000
 5  Facsimile:   (415) 512-4077
 6  Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>                Plaintiffs,<br><br>        vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>                Defendants. | CASE NO. 07-CV-06418-JSW<br><br><br>DECLARATION OF ROBERT HARRISON WATKINS<br><br>Date:   January 11, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom 2, 17th Floor<br><br>**PUBLIC VERSION** |

4178580.1

H. Watkins Decl.; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

I, ROBERT HARRISON WATKINS, hereby declare as follows:

1. I am presently a Principal at Edgewood Partners Insurance Center ("EPIC"). I make this declaration of my own personal knowledge, and if called upon to do so, I could and would testify to the matters set forth herein.

2. I was hired by Arthur J. Gallagher & Co. or one of its related companies ("Gallagher") in 1993, and prior to my resignation from Gallagher on or about December 13, 2007, I worked for Gallagher as a Vice President specializing in assisting clients with loss prevention and control.

3. On Friday, December 7, 2007, I attended a Gallagher staff meeting at which Mr. Wally Brown and Mr. Brian Quinn announced that they were resigning from Gallagher. I did not know that Wally and Brian were planning to resign prior to hearing them make this announcement at this meeting, and this announcement came as a great surprise and was startling to me.

4. Following the announcement on December 7, 2007, I approached Michael Brown, Wally's son, who also worked at Gallagher, and I confirmed with Michael that Wally was going to EPIC, and I asked Michael whether there were opportunities for me at EPIC. In response, Michael provided me with a phone number for Mary Smith at EPIC. Neither Wally, Brian nor Michael urged me to take employment with EPIC.

5. I then contacted Ms. Smith at EPIC to explore the possibility of job opportunities at EPIC. Ms. Smith scheduled an interview for me, and I interviewed with Dan Francis at EPIC. In this interview, I voluntarily provided Mr. Francis with information concerning my compensation at Gallagher. I eventually received an offer of employment from EPIC.

6. Prior to interviewing with EPIC, I was aware of the company's formation from trade journal reports. In addition, I knew who Mr. Francis was and that he was a respected and accomplished member of the insurance industry.

7. I accepted employment with EPIC and resigned from Gallagher on or about December 13, 2007. My main reason for accepting employment at EPIC was my personal respect

1

4178580.1

H. Watkins Decl.; Gallagher v. EPIC,
Case No. 07-CV-06418-JSW

for Wally Brown and my desire to continue working under his and Brian's leadership. While at Gallagher, I worked in the same office as Wally and Brian. I feel that Wally and Brian were the leaders of the San Ramon Gallagher office, and while I was technically employed by Gallagher, it is my feeling that I spent the last fifteen years working for Wally and my loyalty runs to him.

8. In addition to my desire to continue working for Wally, I had become dissatisfied with my job at Gallagher during the two years prior to my resignation. Over that time, I was unhappy with the fact **REDACTED** **REDACTED** **REDACTED**, and my current compensation and benefits at EPIC are better than they were at Gallagher.

9. During the interview and eventual hiring process at EPIC, EPIC personnel made clear to me that EPIC would not allow me to bring any Gallagher property with me to my new job at EPIC, and I followed these instructions. I have not taken or retained any Gallagher materials or property since starting work at EPIC.

10. I make this declaration voluntarily. I understand that EPIC has not required me to provide this declaration as part of my job, and that I could have declined to do so without suffering any adverse career consequences.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration is executed this ____ day of January, 2008 in San Ramon, California.

By: _____
ROBERT HARRISON WATKINS