1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   STEPHEN N. YANG (SB# 142474)
3  stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410)
4  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
5  shannonsevey@paulhastings.com
   1117 S. California Avenue
6  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
7  Facsimile: (650) 320-1900

8  Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.
9  Insurance Brokers of California, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, et al., Plaintiffs, vs. EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; et al., Defendants. | CASE NO. C 07-06418 JSW<br><br>**DECLARATION OF LINDA REYNOLDS IN SUPPORT OF PLAINTIFF ARTHUR J. GALLAGHER & CO., INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION** |
|---|---|

**REDACTED**

Case No. C07 06418 JSW

DECLARATION OF LINDA REYNOLDS

I, Linda Reynolds, declare:

1. I am currently employed as a Senior Account Manager for A.J. Gallagher & Co. ("Gallagher"). I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I would and could testify to the facts stated herein.

2. On December 18, 2007, I and another member of Gallagher's sales staff met with                                                                      a client of Gallagher, to present the quote Gallagher received from Wausau Insurance Company for the 2007-2008 renewal

3. During this meeting,            informed me that Steve Hause of Edgewood Partners Insurance Center ("EPIC") had also presented to him a quote that Hause claimed was from Wausau Insurance. This surprised me, since I am unaware of Wausau providing a quote to EPIC. In my experience, it would be extremely unlikely for an insurance company such as Wausau to provide a quote to a second insurance brokerage firm, such as EPIC, without first informing Gallagher. It would also be unlikely for Wausau to provide a different quote to EPIC than it provided to Gallagher for the same insurance policies.

4.            also showed me the document he stated he received from Hause and which contained the quote Hause represented was from Wausau. A true and correct copy of the document           informed me he received from Hause is attached hereto as Exhibit A.

5. I immediately recognized this document as one belonging to Gallagher, which Gallagher used for internal purposes only and did not intend to                                     . I also recognized this document because, on December 7, 2007, I discussed this document with Hause and Eric Chua, another EPIC employee, while they were still employed by Gallagher, and noted to them that some of the information contained in this document was not accurate and needed to be corrected. Gallagher subsequently corrected this information before presenting the quote to                 , which may explain the differences in the quotes that          received from Gallagher and EPIC.

6. I have also noticed that one of the handwritten changes which appears on the document I received from            the number       on the left-hand side of the page, also

1  appears on the version of the document that I discussed with Hause and Chua on December 7,
2  2007. This leads me to believe that either Hause and/or Chua retained the document we discussed
3  on December 7, 2007 after resigning their employment with Gallagher.
4      I declare under penalty of perjury under the laws of the United States and the State of
5  California that the foregoing is true and correct.
6      Executed this 27th day of December, 2007, in San Ramon, California.

*/s/ Linda Reynolds*
Linda Reynolds

# EXHIBIT A

# REDACTED