1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California Corporation, DAN R. FRANCIS, JOHN G. HAHN, ANDREW ("WALLY") BROWN, JR., BRIAN F. QUINN, NEIL R. COHN, CAROLANN COHN, MICHAEL J. BROWN, STEPHEN HAUSE, LAURA J. WICK, JAMES C. HALBLEIB, LAURINDA ("LAURIE") A. MARTIN, ERIC CHUA, GEORGE J. PETTY, LINDA SOO HOO, ROBERT E. DUTTO, SUSAN M. ENGLISH, DON J. JOHNSON, ALLEN L. AMOS, WILLIAM ("BILL") PHILLIPS, JR., DIRCK ("RICK") R. STINSON, ROBERT ("BOB") D. ELLSWORTH, ROBERT H. WATKINS, PAUL H. WAGNER, and SHANDRANETTE MIDDLETON,<br><br>Defendants. | Case No. C07-06418 JSW<br><br>**PARTIES' PROPOSED DISCOVERY PLAN, PURSUANT TO COURT'S ORDER AT JANUARY 11, 2008 HEARING**<br><br>Hon. Jeffrey S. White |

Pursuant to the Court's order at the January 11, 2008, hearing on Plaintiffs' motion for a temporary restraining order, the parties submit the following discovery plan.

## INTRODUCTORY STATEMENT

As the Court ordered, lead counsel for the parties met and conferred in person on Wednesday, January 16, 2008 to discuss a discovery plan. The parties have reached agreement on many aspects of discovery, and set forth those elements below. There are, however, certain elements as to which the parties disagree despite the good faith efforts of all parties at the meet and confer. Accordingly, this proposal is divided into two sections: (1) The Parties' Agreed-Upon Discovery; and (2) Proposals Re Timing of Discovery and Certain Other Outstanding Issues.

### I. THE PARTIES' AGREED-UPON DISCOVERY

#### A. INTERROGATORIES

The parties agree that each shall have the following number of interrogatories to propound:

**1. Plaintiffs:**

(a) 10 common interrogatories to be served by Plaintiffs jointly on each Defendant, where "common" is defined as an interrogatory in which only the name of the responding party is changed each time; and

(b) a combined total of 75 unique interrogatories in the aggregate that Plaintiffs may serve on any Defendant, provided that Plaintiffs shall not serve more than 20 total (common and unique) interrogatories on any one Defendant.

**2. Defendants:**

(a) 5 common (defined above) interrogatories to be served by each Defendant on Plaintiffs jointly; and

(b) a combined total of 75 unique interrogatories in the aggregate that Defendants may serve on Plaintiffs jointly.

### B. REQUESTS FOR ADMISSION

#### 1. Plaintiffs

(a) 10 common requests for admission to be served by Plaintiffs jointly on each Defendant, where common has the same meaning as it does with respect to the common requests to be served by Defendants; and

(b) a combined total of 75 unique requests for admission in the aggregate that Plaintiffs may serve on any Defendant, provided that Plaintiffs shall not serve more than 20 total (common and unique) requests for admission on any one Defendant.

#### 2. Defendants

(a) 5 common requests for admission to be served by each Defendant Plaintiffs jointly, where "common" is defined as a request in which only the name of the defendant is changed each time it appears; and

(b) a combined total of 75 unique requests for admission in the aggregate that Defendants may serve on Plaintiffs jointly.

### C. REQUESTS FOR PRODUCTION

The parties agree that there will be no numerical limits on requests for production of documents, with the understanding that the parties shall propound a number of requests for production consistent with good faith and the obligation to ensure that discovery is not unduly burdensome.

### D. DEPOSITIONS

The parties agree that Plaintiffs (collectively) and Defendants (collectively) shall each have 150 hours of questioning in depositions.

### E. ALTERATION OF NUMERICAL LIMITS FOR GOOD CAUSE SHOWN

Any party may petition the Court to alter the numerical limits in Sections I.A-I.D for good cause shown.

### F. COMPUTER HARDWARE

The parties agree to meet and confer in good faith to establish procedures for imaging, inspection and review of certain computer hardware and/or other electronic storage devices.

## II. PROPOSALS RE TIMING OF DISCOVERY

### A. PLAINTIFFS' PROPOSAL.

In light of the serious nature of the allegations in this case, the damages claimed, the claims asserted, the need to discover all relevant evidence, the quantity of forensic evidence and data that both sides will need to discover and review, the number of expert witnesses, and the number of parties and witnesses, Plaintiffs believe this case should proceed according to the following deadlines:

| | |
|---|---|
| **Written Discovery Requests:** | To be served on February 1, 2008; |
| **Initial Disclosures:** | March 28, 2008 (the existing date set by the December 20, 2007 Order Setting Initial Case Management Conference and ADR Deadlines); |
| **Fact Discovery Cutoff:** | September 22, 2008; |
| **Expert Disclosures Due:** | December 1, 2008; |
| **Rebuttal Expert Disclosure:** | January 15, 2009; |
| **Expert Discovery Cutoff:** | March 13, 2009; |
| **Trial:** | May 1, 2009. |

**Identification and Return of Gallagher Materials:**

In light of the facts and a January 18, 2008 letter from counsel for Defendants (copy attached), Plaintiffs propose that by February 15, 2008, Defendants shall conduct the diligent search required by the Federal Rules of Civil Procedure, and identify, with as much specificity as the information available to Defendants allows, all Gallagher computer hardware and/or other electronic storage devices and Gallagher documents in electronic or paper form that: (1) were taken from Gallagher by any Defendant at the time of that Defendant's departure from Gallagher or were already in the possession of any Defendant and retained by that Defendant following that Defendant's departure from Gallagher, (2) the date and manner in which such data was taken

1  from Gallagher; (3) where it was stored by identification of the electronic media; (4) whether any
2  copies were made; (5) whether any deletion occurred and if so, on what date and by what means,
3  and shall certify each of the above under oath and that all such information has been located by
4  Defendants and returned to Gallagher.

**California Code of Civil Procedure § 2019.210 Applicability:**

Plaintiffs do not believe that California Code of Civil Procedure section 2019.210 applies to this action. *See, e.g.* <u>Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.</u>, 2007 WL 273949 (E.D. Cal.)(Jan. 29, 2007) (application of section 2019.210 would serve to prevent application of Rule 26).

B.  DEFENDANTS' PROPOSAL

Defendants believe that this case is appropriate for an expedited case management schedule in which discovery and trial would be completed relatively quickly. To this end, Defendants propose the following deadlines:

| | |
|---|---|
| **Initial Disclosures:** | March 15, 2008 |
| **Fact Discovery Cutoff:** | June 20, 2008 |
| **Expert Disclosures Due:** | July 1, 2008 |
| **Rebuttal Expert Disclosure:** | July 15, 2008 |
| **Expert Discovery Cutoff:** | August 15, 2008 |
| **Trial:** | September 22, 2008 |

**Identification and Return of Gallagher Materials:**

Defendants propose that by February 15, 2008, EPIC shall identify, with as much specificity as the information available to Defendants allows, all Gallagher computer hardware and Gallagher documents in electronic or paper form that: (1) were taken from Gallagher by any Defendant at the time of that Defendant's departure from Gallagher or were already in the possession of any Defendant and retained by that Defendant at the time of that Defendant's departure from Gallagher, and (2) have been located by EPIC and returned to Gallagher.

**California Code of Civil Procedure § 2019.210 Applicability:**

Defendants believe that California Code of Civil Procedure section 2019.210 applies to this action. See Computer Econ. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 992 (S.D. Cal. 1998) (section 2019.210 applies to state claims in federal court).

Dated: January 18, 2008                          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:  /s/ *Bradford K. Newman*
         BRADFORD K. NEWMAN

Attorneys for Plaintiffs
ARTHUR J. GALLAGHER & CO., INC. and
ARTHUR J. GALLAGHER & CO., INSURANCE
BROKERS OF CALIFORNIA, INC.

| | | |
|---|---|---|
| 1 | Dated: January 18, 2008 | KERR & WAGSTAFFE LLP |
| 2 | | |
| 3 | | By: /s/ *Adrian Sawyer* |
| 4 | | ADRIAN J. SAWYER |
| 5 | | Attorneys for Defendants<br>ANDREW ("WALLY") BROWN, JR.;<br>BRIAN F. QUINN; MICHAEL J. BROWN; and |
| 6 | | LAURA J. WICK |
| 7 | Dated: January 18, 2008 | MUNGER, TOLLES & OLSON LLP |
| 8 | | |
| 9 | | By: /s/ *Martin Bern* |
| 10 | | MARTIN D. BERN |
| 11 | | Attorneys for Defendants<br>EDGEWOOD PARTNERS INSURANCE CENTER; |
| 12 | | DAN R. FRANCIS; and JOHN G. HAHN |
| 13 | Dated: January 18, 2008 | KEKER & VAN NEST LLP |
| 14 | | |
| 15 | | By: /s/ *Daniel Purcell*<br>DANIEL PURCELL |
| 16 | | Attorneys for Defendants |
| 17 | | NEIL R. COHN; CAROLANN COHN; STEPHEN<br>HAUSE; JAMES C. HALBLEIB; LAURINDA |
| 18 | | ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE<br>J. PETTY; LINDA SOO HOO; ROBERT E. |
| 19 | | DUTTO; SUSAN M. ENGLISH; DON J.<br>JOHNSON; ALLEN L. AMOS; WILLIAM |
| 20 | | ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R.<br>STINSON; ROBERT ("BOB") D. ELLSWORTH; |
| 21 | | ROBERT H. WATKINS; PAUL H. WAGENER;<br>and SHANDRANETTE MIDDLETON |

LAW OFFICES
## KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

RECEIVED
JAN 18 2008
PAUL, HASTINGS, JANOFSKY
& WALKER LLP

DANIEL PURCELL
DPURCELL@KVN.COM

January 18, 2008

VIA HAND DELIVERY

Bradford K. Newman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, California 94306-2155

Re: *Arthur J. Gallagher & Co., Inc. v. EPIC*
No. C 07-06418 JSW

Dear Brad:

This letter responds in part to your letter of Wednesday night, in which you asked defendants to "confirm whether any deletion" of Gallagher information had occurred, including from any defendant's personal computer. As you are aware, several of the individual defendants have already disclosed in their declarations that, soon after leaving the employ of Gallagher, and in an effort to follow EPIC's instructions not to retain or use any Gallagher information once they began work at EPIC, they deleted Gallagher information that resided on their home computers or other media. In addition, we believe that Gallagher remotely deleted information contained on some defendants' Blackberry devices when Gallagher terminated their Blackberry service after they submitted their resignations.

In addition to the information disclosed in the declarations, I am writing to notify you that two of my clients, James Halbleib and Harrison Watkins, recently discovered that they had some Gallagher files on their home computers. Both Mr. Halbleib and Mr. Watkins copied these files to CDs so the files could be returned to Gallagher. Specifically, Mr. Halbleib made a single copy of files on his home computer to a single CD, and Mr. Watkins made two copies of files on his home computer to separate CDs. I am providing all three original CDs to you with this letter. (For purposes of identification, the Halbleib CD is the red disc in the white case, and the two Watkins CDs are in the yellow case.) After creating the CDs, Mr. Halbleib and Mr. Watkins deleted the files from their home computers, so they would no longer be in possession of Gallagher information.

We understand your concern that this procedure may have resulted in the loss of some metadata associated with these files. We are examining images of the CDs to determine whether the

409582.01

Bradford K. Newman, Esq.
January 18, 2008
Page 2

metadata associated with the files was also copied to the CDs. As an additional step, we are also having Mr. Halbleib's and Mr. Watkins's computers imaged to see if the files they deleted after making the CDs for Gallagher, and their associated metadata, can be recovered. In addition to the CDs themselves, we intend to produce to Gallagher forensically sound copies of any Gallagher materials, including all metadata, recovered from Mr. Halbleib's and Mr. Watkins's home computers.

Although we do not believe that any information relevant to this action was lost, we are taking further affirmative steps to assure that any additional files that are discovered are handled in accordance with the voluntary certification submitted yesterday by EPIC to the Court. Finally, I recognize that we are delivering these CDs to you on a Friday before a holiday weekend. In keeping with the cooperative nature of our meeting on Wednesday, I would like to assure you that the timing of the delivery was dictated by the circumstances, and is not any attempt to gain a tactical benefit in the litigation.

As always, please feel free to contact me if you would like to discuss this issue further.

Sincerely,

Daniel Purcell

DEP/jlw
Enclosures

cc:   Martin D. Bern (via e-mail)
      Malcolm A. Heinicke (via e-mail)
      Adrian J. Sawyer (via e-mail)

409582.01

RECEIVED
JAN 1 8 2008
PAUL, HASTINGS, JANOFSKY
& WALKER LLP



RECEIVED
JAN 1 8 2008
PAUL, HASTINGS, JANOFSKY
& WALKER LLP

