IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER, & CO., INC., et al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EDGEWOOD PARTNERS INS. CENTER, et al.<br><br>　　　　Defendants. | No. C 07-06418 JSW<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Now before the Court is plaintiff Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co.'s (collectively, "Gallagher") application for a temporary restraining order ("TRO") against defendants Edgewood Partners Insurance Center ("EPIC"), Dan R. Francis, John G. Hahn, Andrew ("Wally") Brown, Jr., Brian F. Quinn, Neil R. Cohen, Carolann Cohn, Michael J. Brown, Stephen Hause, Laura J. Wick, James C. Halbleib, Laurinda ("Laurie") A. Martin, Eric Chua, George J. Petty, Linda Soo Hoo, Robert E. Dutto, Susan M. English, Don J. Johnson, Allen L. Amos, William ("Bill") Phillips, Jr., Dirck ("Rick") R. Stinson, Robert ("Bob") D. Ellsworth, Robert H. Watkins, Paul H. Wagener, and Shandranette Middleton (collectively, "Defendants"). Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court DENIES the application for a TRO.[1]

---

[1] Gallagher objects to the joinders filed by defendants Francis, Hahn, Wally Brown, Quinn, Cohen, Cohn, Brown, Hause, Wick, Halbleib, Martin, Chua, Petty, Soo Hoo, Dutto, English, Johnson, Amos, Phillips, Stinson, Ellsworth, Watkins, Wagener, and Middleton. The Court OVERRULES such objections. The Court FURTHER ORDERS that Gallagher's motion to file a sur-reply is DENIED.

## BACKGROUND[2]

Gallagher is a company that was established in 1927 and provides brokerage and risk management services to corporate clients to assist them in obtaining commercial coverage and employment-benefit related insurance. (Declaration of James G. McFarlane, ¶ 3.) Gallagher employs over 7,000 employees world-wide. (*Id.*) In first half of December 2007, approximately fifty of Gallagher's employees terminated their employment and began working for EPIC, a newly formed competitor. (*Id.*, ¶¶ 18, 28.) EPIC was recently founded by defendants Hahn and Francis.

Gallagher contends that Defendants wrongfully conspired to leave Gallagher and solicit other employees to leave with them. Gallagher further contends that Defendants have misappropriated Gallagher's confidential and/or proprietary data and used such information to solicit Gallagher's clients for EPIC. Gallagher now moves for a TRO to enjoin such alleged conduct. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

### A.   Applicable Legal Standards.

To prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg Int'l Sales*, 240 F.3d at 839-840. These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993).

---

[2] When faced with a motion for a preliminary injunction, the Court "is not required to make any binding findings of fact; it need only find probabilities that the necessary facts can be proved." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984). The standards for a temporary restraining order and for a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir.2001). Accordingly, the facts recited herein are not to be considered final and binding on the rest of the proceedings.

1  "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted
2  sparingly and only in cases where the issues are clear and well defined and the plaintiff has
3  established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations,*
4  *Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*,
5  326 F.2d 141 (9th Cir. 1964)). Moreover, "on application for preliminary injunction the court is
6  not bound to decide doubtful and difficult questions of law or disputed questions of fact."
7  *Dymo Industries*, 326 F.2d at 143; *see also Mayview Corp. v. Rodstein*, 480 F.2d 714, 719 (9th
8  Cir. 1973) (reversing grant of preliminary injunction based on existence of disputed factual
9  issues).

10  As an "irreducible minimum," the moving party must demonstrate "a fair chance of
11  success on the merits" or "questions ... serious enough to require litigation." *Sports Form, Inc.*
12  *v. United Press Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (citations omitted). If the
13  moving party fails to show any chance of success on the merits, a court need not determine
14  whether there is potential injury or balance the hardships. *Id*.

15  **B.     Likelihood of Success on the Merits.**

16  Gallagher contends that defendants Wally Brown, Quinn, Cohen, Halbleib, and Hause
17  were officers and thus owed fiduciary duties to Gallagher. Gallagher contends that these
18  defendants breached such duties by conspiring to leave, soliciting other employees to leave with
19  them, using Gallagher funds to develop client relationships for EPIC, and delaying the
20  announcement of their resignations to inflict the most harm upon Gallagher. Gallagher also
21  contends that the employees who left en masse misappropriated Gallagher's confidential and/or
22  proprietary data and used such information to solicit Gallagher's clients for EPIC.

23  Gallagher contends that Defendants should be enjoined from using such confidential and
24  proprietary information and from interfering with existing customer and employment
25  relationships. Gallagher further contends that the alleged conduct violates the Uniform Trade
26  Secrets Act ("UTSA"), the Computer Fraud and Abuse Act ("CFAA"), California Penal Code §
27  502, and the covenants contained in Gallagher's Executive Agreements. To demonstrate
28  misappropriation of trade secrets under the UTSA, Gallagher must show actual use or actual

3

threat of such use. *See Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999). To prevail on a claim under the CFAA, Gallagher must demonstrate that Defendants "intentionally accese[d] a computer without authorization or exceed[ed] authorized access, and thereby obtain[ed] information from any protected computer," ... or that Defendants "knowingly cause[d] the transmission of a program ... and ... cause [d] damage without authorization to a protected computer." *See Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1113 (C.D. Cal. 2007) (quoting 18 U.S.C. § 1030).

The Court has carefully examined the voluminous evidence submitted by the parties.[3] The Court is not bound to resolve disputed questions of fact, and based on the existence of such disputed facts,[4] finds that Gallagher has not demonstrated a likelihood of success on the merits. *See Dymo Industries*, 326 F.2d at 143; *see also Mayview Corp. v. Rodstein*, 480 F.2d 714, 719 (9th Cir. 1973) (reversing grant of preliminary injunction based on existence of disputed factual issues). Defendants have submitted substantial, credible evidence that they did not: (1) conspire to leave Gallagher and solicit other employees to leave with them; (2) use insider's information

---

[3] The parties have submitted multiple evidentiary objections. However, on an application for TRO or preliminary injunction, affidavits need not meet the standards set forth in Federal Rule of Evidence 56(e) or the Federal Rules of Evidence. *Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978); *see also Flynt Dist. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (district court may give inadmissible evidence some weight in consideration of a motion for preliminary injunction "when to do so serves the purpose of preventing irreparable harm before trial"). Therefore, the Court will not sustain any of the parties' objections. Rather, the Court has given weight to the evidence presented based on the Court's discretion, and upon consideration of the competence, personal knowledge and credibility of the affiants. *See Bracco*, 462 F. Supp. at 442.

[4] Although the Court finds the material facts are disputed, the Court notes that Defendants have admitted to one incident. In his declaration submitted in opposition to Gallagher's application for a TRO, Hause admitted that he kept a document with him that had been prepared while he was at Gallagher, an insurance quote that had been prepared for Gallagher's client, Sun Garden Gangi. (Declaration of Stephen Hause, ¶¶ 11, 12.) He declared that EPIC had made clear to him that he was not to take or use any document from Gallagher and he now realizes that he should not have presented this document to Sun Garden Gangi. (*Id*.) Sun Garden Gangi has remained a Gallagher client. (*Id*., ¶ 13.) The Court finds that this one incident is insufficient to demonstrate a threat of present or future harm. *See Committee of Cent. Am. Refugees v. I.N.S.*, 682 F. Supp. 1055, 1064 (N.D. Cal. 1988) ("Injunctive relief is designed to deter future misdeeds, not to punish for past conduct."); *see also Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (denying injunction based on past wrong where plaintiff failed to show that there was a real or present threat that he would be wronged again); *ACT-UP v. Walp*, 755 F. Supp. 1281, 1285-86 (M.D. Pa. 1991) (denying preliminary injunction based on "isolated incident performed by a state police officer who had overstepped his authority).

4

about salaries and benefits to lure away employees; (3) take and use or threaten to use confidential or proprietary information; (4) use Gallagher funds to develop clients for EPIC; (5) or delay announcing their resignation in order to inflict the most harm on Gallagher.  The Court thus Court finds that Gallagher has not shown that it has a reasonable certainty of prevailing at trial and therefore DENIES Gallagher's application for a TRO.  *Sports Form*, 686 F.2d at 753 (holding that a court need not determine whether there is potential injury or balance the hardships if the moving party fails to show any chance of success on the merits).

## CONCLUSION

For the foregoing reasons, the Court DENIES Gallagher's application for a TRO.

**IT IS SO ORDERED.**

Dated: January 23, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE