1    JEROME C. ROTH (SBN 159483)
     MARTIN D. BERN (SBN 153203)
2    MALCOLM A. HEINICKE (SBN 194174)
     MUNGER, TOLLES & OLSON LLP
3    560 Mission Street
     Twenty-Seventh Floor
4    San Francisco, CA  94105-2907
     Telephone:  (415) 512-4000
5    Facsimile:   (415) 512-4077

6    Attorneys for Defendant
     EDGEWOOD PARTNERS INSURANCE CENTER,
7    DAN R. FRANCIS & JOHN G. HAHN

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12    ARTHUR J. GALLAGHER & CO., INC.,
     a Delaware Corporation, ARTHUR J.
13    GALLAGHER & CO., INSURANCE
     BROKERS OF CALIFORNIA, INC., a
14    California Corporation,

15               Plaintiffs,

16        vs.

17    EDGEWOOD PARTNERS INSURANCE
     CENTER, a California corporation; DAN
18    R. FRANCIS; JOHN G. HAHN;
     ANDREW ("WALLY") BROWN, JR.;
19    BRIAN F. QUINN; NEIL R. COHN;
     CAROLANN COHN; MICHAEL J.
20    BROWN; STEPHEN HAUSE; LAURA J.
     WICK; JAMES C. HALBLEIB;
21    LAURINDA ("LAURIE") A. MARTIN;
     ERIC CHUA; GEORGE J. PETTY;
22    LINDA SOO HOO; ROBERT E. DUTTO;
     SUSAN M. ENGLISH; DON J.
23    JOHNSON; ALLEN L. AMOS;
     WILLIAM ("BILL") PHILLIPS, JR.;
24    DIRCK ("RICK") R. STINSON; ROBERT
     ("BOB") D. ELLSWORTH; ROBERT H.
25    WATKINS; PAUL H. WAGENER;
     SHANDRANETTE MIDDLETON,
26
27              Defendants.

28

CASE NO.  07-CV-06418-JSW

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT DAN R. FRANCIS**

**The Honorable Jeffrey S. White**

4421354.1

1    Defendant Dan R. Francis ("Francis") respectfully answers the unverified First

2    Amended Complaint ("FAC") of Plaintiffs Arthur J. Gallagher & Co., Inc., and Arthur J.

3    Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher").  As an initial

4    matter, Francis states that the subheadings in the FAC are argumentative, and require no response.

5    To the extent any response is required, Francis denies each and every allegation of each

6    subheading.  Francis answers each paragraph of the FAC in correspondingly numbered

7    paragraphs as follows:

8

9                              **I.  NATURE OF ACTION**

10            1.    Answering paragraph 1 of the FAC, Francis denies the allegation that

11    Defendant Edgewood Partners Insurance Center ("EPIC") illegally raided Gallagher's employees

12    and stole Gallagher's confidential data to unfairly compete, and further denies the allegation that

13    these alleged actions are ongoing.  Francis admits that Gallagher's FAC seeks remedies, including

14    injunctive and monetary relief, for violation of the Computer Fraud and Abuse Act, 18 U.S.C.

15    §1030 et seq., violation of California Penal Code §502, misappropriation of trade secrets, Cal.

16    Civ. Code §3426 et seq., misappropriation of employer property, Cal. Civ. Code §2860,

17    conversion, breach of written contract, breach of the covenant of good faith and fair dealing,

18    breach of fiduciary duty and breach of the duty of loyalty, violations of the California Labor

19    Code, Cal. Labor Code §§2853 and 2863, tortious interference with contract, tortious interference

20    with prospective business advantage, unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.,

21    unjust enrichment, and fraud.  Francis denies, however, any liability for the causes of action listed

22    in paragraph 1 of the FAC.

23            2.    Answering paragraph 2 of the FAC, Francis responds that the allegations

24    contained therein are too vague or ambiguous for Francis to form a belief as to their truth or

25    falsity, and on that basis Francis denies these allegations.  Francis further responds that paragraph

26    2 asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

27    contained therein.

28            3.    Answering paragraph 3 of the FAC, Francis responds that the allegations

Answer to FAC by Def. Francis; Gallagher v.
EPIC, Case No. 07-CV-06418-JSW

1    contained therein are too vague or ambiguous for Francis to form a belief as to the truth or falsity

2    of these allegations, and on that basis Francis denies these allegations.  Francis further responds

3    that paragraph 3 consists of argument, and on that basis, Francis is not required to and does not

4    respond to the argument contained in paragraph 3.

5              4.      Answering paragraph 4 of the FAC, Francis admits that EPIC is an

6    insurance brokerage firm, and that EPIC's two most senior executives are John G. Hahn and Dan

7    R. Francis.  Francis denies the other factual allegations contained in paragraph 4.  Francis further

8    responds that paragraph 4 consists of argument, and on that basis, Francis is not required to and

9    does not respond to the argument contained in paragraph 4.

10             5.      Answering paragraph 5 of the FAC, Francis responds that paragraph 5

11   asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

12   contained therein.  Francis further responds that the allegations contained therein are too vague or

13   ambiguous for Francis to form a belief as to the truth or falsity of these allegations, and on that

14   basis Francis denies these allegations.  Francis also responds that paragraph 5 consists of

15   argument, and on that basis, Francis is not required to and does not respond to the argument

16   contained in paragraph 5.

17             6.      Answering paragraph 6 of the FAC, Francis admits that Defendant Francis

18   and Defendant Hahn are executives of EPIC.  Francis denies the other factual allegations

19   contained in paragraph 6.  Francis further responds that paragraph 6 contains argument, and on

20   that basis, Francis is not required to and does not respond to the argument contained in paragraph

21   6.  Francis also responds that paragraph 6 asserts a legal conclusion, and on that basis, Francis

22   neither admits nor denies the conclusions contained therein.

23             7.      Answering paragraph 7 of the FAC, Francis admits that certain former

24   Gallagher employees chose to announce their resignations from Gallagher on Friday, December

25   7, 2007.  Francis denies the other factual allegations contained in paragraph 7.  To the extent that

26   the allegations contained in paragraph 7 describe the intent, state of mind or conduct of certain

27   former Gallagher employees, Francis lacks knowledge or information sufficient to form a belief

28   as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

2                    Answer to FAC by Def. Francis; Gallagher v.
                                                                EPIC, Case No. 07-CV-06418-JSW

1           8.      Answering paragraph 8 of the FAC, Francis denies the factual allegations

2    contained therein.  Francis further responds that paragraph 8 asserts a legal conclusion, and on

3    that basis, Francis neither admits nor denies the conclusions contained therein.

4           9.      Answering paragraph 9 of the FAC, to the extent that these allegations

5    allege the conduct of Francis, Francis denies the allegations contained therein.  Francis further

6    responds that paragraph 9 asserts a legal conclusion, and on that basis, Francis neither admits nor

7    denies the conclusions contained therein.

8          10.     Answering paragraph 10 of the FAC, to the extent that these allegations

9    allege the conduct of Francis, Francis denies the allegations contained therein.  Francis responds

10   that the allegations contained therein are too vague or ambiguous for Francis to form a belief as to

11   the truth or falsity of these allegations, and on that basis Francis denies these allegations.  Francis

12   also responds that the allegations contained in paragraph 10 consists of argument, and on that

13   basis Francis is not required to and does not respond to the argument contained in paragraph 10.

14         11.     Answering paragraph 11 of the FAC, Francis denies the factual allegations

15   contained therein.  Francis further responds that paragraph 11 consists of argument, and on that

16   basis, Francis is not required to and does not respond to the argument contained in paragraph 11.

17

18         **II.**       **SUBJECT-MATTER JURISDICTION AND VENUE**

19         12.     Answering paragraph 12 of the FAC, Francis admits that federal

20   jurisdiction is proper in this case.  Francis, however, denies any liability under the federal claims

21   asserted by Gallagher, as well as any liability under Gallagher's state claims.

22         13.     Answering paragraph 13 of the FAC, Francis admits that venue is

23   appropriate in this Court because a substantial part of the alleged events or omissions giving rise

24   to Gallagher's claims occurred within the Northern District of California.

25

26         **III.**     **PARTIES AND PERSONAL JURISDICTION**

27         14.     Answering paragraph 14 of the FAC, Francis lacks knowledge or

28   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

3

1  basis Francis denies these allegations.

2          15.     Answering paragraph 15 of the FAC, Francis admits the factual allegations

3  contained therein.

4          16.     Answering paragraph 16 of the FAC, Francis admits the factual allegations

5  contained therein.

6          17.     Answering paragraph 17 of the FAC, Francis lacks knowledge or

7  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

8  basis Francis denies these allegations.  Francis further responds that paragraph 17 asserts a legal

9  conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.

10         18.     Answering paragraph 18 of the FAC, Francis denies that Defendant Francis

11 or Defendant Hahn were former employees of Gallagher.  As to the allegations that the remaining

12 Individual Defendants were former employees of Gallagher, Francis lacks knowledge or

13 information sufficient to form a belief as to the truth or falsity of these allegations, and on that

14 basis, Francis denies these allegations.  Francis admits that all Individual Defendants are current

15 employees of EPIC.  As to the residency of the Individual Defendants, Francis lacks knowledge

16 or information sufficient to form a belief as to the truth or falsity of these allegations, and on that

17 basis Francis denies these allegations.  Francis further responds that the remainder of paragraph

18 18 consists of argument, and on that basis, Francis is not required to and does not respond to the

19 argument contained in paragraph 18.  Francis also responds that paragraph 18 asserts a legal

20 conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.

21         19.     Answering paragraph 19 of the FAC, Francis denies the factual allegations

22 contained therein.  Francis further responds that paragraph 19 consists of argument, and on that

23 basis, Francis is not required to and does not respond to the argument contained in paragraph 19.

24 Francis also responds that paragraph 19 asserts a legal conclusion, and on that basis, Francis

25 neither admits nor denies the conclusions contained therein.

26         20.     Answering paragraph 20 of the FAC, Francis denies the factual allegations

27 contained therein.  Francis further responds that paragraph 20 asserts a legal conclusion, and on

28 that basis, Francis neither admits nor denies the conclusions contained therein.  Francis also

4

1    responds that paragraph 20 consists of argument, and on that basis, Francis is not required to and

2    does not respond to the argument contained in paragraph 20.

3          21.    Answering paragraph 21 of the FAC, Francis denies the factual allegations

4    contained therein.  Francis further responds that paragraph 21 asserts a legal conclusion, and on

5    that basis, Francis neither admits nor denies the conclusions contained therein.  Francis also

6    responds that paragraph 21 consists of argument, and on that basis, Francis is not required to and

7    does not respond to the argument contained in paragraph 21.

8

9                    **IV.    FACTUAL ALLEGATIONS**

10          22.    Answering paragraph 22 of the FAC, Francis admits that the Individual

11   Defendants, other than Defendant Hahn and Defendant Francis, left Gallagher to join EPIC.

12   Francis denies that the Individual Defendants left *en masse* to join EPIC.  As to the remaining

13   allegations in paragraph 22, including those in subparts (a)-(f), Francis lacks knowledge or

14   information sufficient to form a belief as to their truth or falsity, and on that basis Francis denies

15   them.

16          23.    Answering paragraph 23 of the FAC, Francis lacks knowledge or

17   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

18   basis Francis denies these allegations.

19          24.    Answering paragraph 24 of the FAC, Francis lacks knowledge or

20   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

21   basis Francis denies these allegations.

22          25.    Answering paragraph 25 of the FAC, Francis lacks knowledge or

23   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

24   basis Francis denies these allegations.  Francis further responds that paragraph 25 asserts a legal

25   conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.

26          26.    Answering paragraph 26 of the FAC, Francis lacks knowledge or

27   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

28   basis Francis denies these allegations.  Francis further responds that paragraph 26 asserts a legal

1    conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.

2          27.    Answering paragraph 27 of the FAC, Francis lacks knowledge or

3    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

4    basis Francis denies these allegations.  Francis further responds that paragraph 27 asserts a legal

5    conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.

6          28.    Answering paragraph 28 of the FAC, Francis lacks knowledge or

7    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

8    basis Francis denies these allegations.

9          29.    Answering paragraph 29 of the FAC, Francis admits that EPIC's producers

10   signed agreements in connection with their employment at EPIC.  Francis further admits that

11   these agreements contain provisions regarding (a) confidential information and trade secrets, (b)

12   solicitation of employees, (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive

13   relief.  As to the remaining allegations contained in paragraph 29, Francis lacks knowledge or

14   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15   basis Francis denies these allegations.

16         30.    Answering paragraph 30 of the FAC, Francis admits the factual allegations

17   contained therein.

18         31.    Answering paragraph 31 of the FAC, Francis admits that EPIC acquired

19   Calco Insurance Brokers & Agents, Inc. ("Calco"), in July of 2007.  Francis further admits that

20   EPIC competes with Gallagher.  Francis further admits that with the acquisition of Calco, EPIC

21   acquired some of the business relationships with insurance companies EPIC needed to begin

22   functioning as an active brokerage.  Francis denies the other factual allegations contained in

23   paragraph 31.

24         32.    Answering paragraph 32 of the FAC, Francis admits that EPIC issued a

25   press release in June of 2007 in announcing EPIC's acquisition of Calco.  Francis further admits

26   that this press release noted that Francis spent nearly 10 years at Calco.  Francis further admits

27   that on February 8, 2008, the webpage at

28   http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

1    "Calco shares the Ethics of Michael Josephson, Founder of the Josephson Institutes of Ethics[.]"

2    EPIC further admits that on February 8, 2008, the webpage at

3    http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

4    attributed to Warren Buffet, "In looking for people to hire, look for three qualities: integrity,

5    intelligence and energy.  And if they don't have the first, the other two will kill you."  Francis

6    further admits that on February 8, 2008, the webpage at

7    http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

8    attributed to Michael Josephson, "[S]ome people do believe that business is basically an amoral

9    survival-of-the-fittest enterprise where traditional ideas of right and wrong are irrelevant and all

10   that really matters is what works."  Francis denies the remaining factual allegations in paragraph

11   32.  Francis further responds that paragraph 32 consists of argument, and on that basis, Francis is

12   not required to and does not respond to the argument contained in paragraph 32.

13          33.    Answering paragraph 33 of the FAC, Francis admits that EPIC has a

14   website with the URL http://www.edgewoodins.com.  Francis also admits that this EPIC website

15   contains the statement attributed to it in paragraph 33 as of February 8, 2008.  Francis further

16   responds that paragraph 33 consists of argument, and on that basis, Francis is not required to and

17   does not respond to the argument contained in paragraph 33.

18          34.    Answering paragraph 34 of the FAC, Francis admits that, by and through

19   Francis and Defendant Hahn, EPIC communicated, separately and individually, with certain

20   Individual Defendants, including Wally Brown, Brian Quinn, and Michael Brown, regarding their

21   respective potential employment at EPIC.  Francis denies the remaining allegations in paragraph

22   34.

23          35.    Answering paragraph 35 of the FAC, Francis denies the allegations

24   contained therein.

25          36.    Answering paragraph 36 of the FAC, Francis denies the allegations

26   contained therein.

27          37.    Answering paragraph 37 of the FAC, Francis admits that EPIC had general

28   discussions with Defendant Wally Brown concerning who were large producers of Gallagher.

1    Francis denies the remaining allegations contained in paragraph 37.  To the extent that the

2    allegations contained in paragraph 37 allege the action of Individual Defendants other than

3    Francis, Francis lacks knowledge or information sufficient to form a belief as to the truth or

4    falsity of these allegations, and on that basis Francis denies these allegations.

5              38.    Answering paragraph 38 of the FAC, Francis lacks knowledge or

6    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

7    basis Francis denies these allegations.

8              39.    Answering paragraph 39 of the FAC, Francis admits Defendant Wally

9    Brown generally told EPIC about Laura Wick ("Wick") before prior to October 17, 2007.  Francis

10   further admits that EPIC supplied Wick's name to a recruiter and instructed the recruiter to

11   conduct a preliminary interview for potential employment at EPIC.  Francis lacks knowledge or

12   information sufficient to form a belief as to the truth or falsity of any allegations concerning

13   conversations that may have transpired between Defendant Wally Brown and Defendant Wick,

14   and on that basis Francis denies these allegations.  Francis denies the other factual allegations

15   contained in paragraph 39.

16             40.    Answering paragraph 40 of the FAC, Francis admits that EPIC offered

17   Wick a compensation package that EPIC knew exceeded her current salary level at Gallagher.

18   Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of any

19   allegations concerning conversations that may have transpired between Defendant Wally Brown

20   and Defendant Wick, and on that basis Francis denies these allegations.  Francis denies the other

21   allegations contained in paragraph 40.

22             41.    Answering paragraph 41 of the FAC, Francis lacks knowledge or

23   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

24   basis Francis denies these allegations.

25             42.    Answering paragraph 42 of the FAC, Francis admits that Wick met with

26   employees of EPIC prior to Wick leaving Gallagher.  Francis further responds that it lacks

27   knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore

28   denies, the allegation that Wick had discussions with Brian Quinn about the alleged intent of

1   other employees of Gallagher to leave with Wally Brown, Brian Quinn, Neil Cohn, and the

2   others. Francis denies the remaining allegations in paragraph 42. Francis further responds that

3   paragraph 42 consists of argument, and on that basis, Francis is not required to and does not

4   respond to the argument contained in paragraph 42.

5           43.     Answering paragraph 43 of the FAC, Francis lacks knowledge or

6   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

7   basis Francis denies these allegations.

8           44.     Answering paragraph 44 of the FAC, Francis admits that Defendant Hahn

9   met with Defendant Wick prior to October 17, 2007. Francis further responds that he lacks

10  knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

11  allegations in paragraph 44, and on that basis Francis denies them.

12          45.     Answering paragraph 45 of the FAC, Francis lacks knowledge or

13  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

14  basis Francis denies these allegations. To the extent that the allegations contained in paragraph

15  45 allege the conduct of Francis, Francis denies these allegations.

16          46.     Answering paragraph 46 of the FAC, Francis lacks knowledge or

17  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

18  basis Francis denies these allegations.

19          47.     Answering paragraph 47 of the FAC, Francis lacks knowledge or

20  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

21  basis Francis denies these allegations.

22          48.     Answering paragraph 48 of the FAC, Francis lacks knowledge or

23  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

24  basis Francis denies these allegations. To the extent that the allegations contained in paragraph

25  48 allege the conduct of Francis, Francis denies these allegations.

26          49.     Answering paragraph 49 of the FAC, Francis admits that EPIC met with

27  Defendant Wick on Wednesday, October 24, 2007 to discuss her employment with EPIC.

28  Regarding the other factual allegations contained in paragraph 49, Francis lacks knowledge or

1   information sufficient to form a belief as to their truth or falsity, and on that basis Francis denies

2   these allegations.

3          50.     Answering paragraph 50 of the FAC, Francis admits that EPIC has leased

4   office space at Bishop Shop 8 Business Center on Executive Parkway in San Ramon, California.

5   Francis denies that EPIC leased this office space secretly.  Regarding the remaining allegations in

6   paragraph 50, Francis lacks knowledge or information sufficient to form a belief as to their truth

7   or falsity, and on that basis Francis denies them.

8          51.     Answering paragraph 51 of the FAC, Francis lacks knowledge or

9   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

10  basis Francis denies these allegations.

11         52.     Answering paragraph 52 of the FAC, Francis lacks knowledge or

12  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

13  basis Francis denies these allegations.

14         53.     Answering paragraph 53 of the FAC, Francis lacks knowledge or

15  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

16  basis Francis denies these allegations.

17         54.     Answering paragraph 54 of the FAC, Francis lacks knowledge or

18  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

19  basis Francis denies these allegations.

20         55.     Answering paragraph 55 of the FAC, Francis lacks knowledge or

21  information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis

22  Francis denies these allegations.  Francis further responds that paragraph 55 consists of argument,

23  and on that basis, Francis is not required to and does not respond to the argument contained in

24  paragraph 55.

25         56.     Answering paragraph 56 of the FAC, Francis lacks knowledge or

26  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

27  basis Francis denies these allegations.

28         57.     Answering paragraph 57 of the FAC, Francis lacks knowledge or

1   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

2   basis Francis denies these allegations.

3          58.    Answering paragraph 58 of the FAC, Francis lacks knowledge or

4   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

5   basis Francis denies these allegations.

6          59.    Answering paragraph 59 of the FAC, Francis lacks knowledge or

7   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

8   basis Francis denies these allegations.

9          60.    Answering paragraph 60 of the FAC, Francis lacks knowledge or

10  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

11  basis Francis denies these allegations.  Francis further responds that paragraph 60 consists of

12  argument, and on that basis, Francis is not required to and does not respond to the argument

13  contained in paragraph 60.  Francis also responds that paragraph 60 asserts a legal conclusion,

14  and on that basis, Francis neither admits nor denies the conclusions contained therein.

15         61.    Answering paragraph 61 of the FAC, Francis responds as follows:

16              a.  Francis lacks knowledge or information sufficient to form a belief as to

17                  the truth or falsity of the allegations set forth in subparagraph (a), and

18                  on that basis Francis denies these allegations.  To the extent that the

19                  allegations contained in subparagraph (a) allege the conduct of Francis,

20                  Francis denies them.

21              b.  Francis admits that EPIC had general discussions with some of the

22                  Individual Defendants listed in paragraph 61 concerning other

23                  employees of Gallagher.  Francis denies the remaining allegations in

24                  subparagraph (b).

25              c.  Francis lacks knowledge or information sufficient to form a belief as to

26                  the truth or falsity of the allegations set forth in subparagraph (c), and

27                  on that basis Francis denies these allegations.  To the extent that the

28                  allegations contained in subparagraph (c) allege the conduct of Francis,

1     Francis denies them.

2          d.   Francis lacks knowledge or information sufficient to form a belief as to

3               the truth or falsity of the allegations set forth in subparagraph (d), and

4               on that basis Francis denies these allegations.  To the extent that the

5               allegations contained in subparagraph (d) allege the conduct of Francis,

6               Francis denies them.

7          e.   Francis lacks knowledge or information sufficient to form a belief as to

8               the truth or falsity of the allegations set forth in subparagraph (e), and

9               on that basis Francis denies these allegations.  To the extent that the

10              allegations contained in subparagraph (e) allege the conduct of Francis,

11              Francis denies them.

12         f.   Francis admits that EPIC had conversations with some of the Individual

13              Defendants listed in paragraph 61.  Francis denies the remaining

14              allegations in subparagraph (f).

15         g.   Francis lacks knowledge or information sufficient to form a belief as to

16              the truth or falsity of the allegations set forth in subparagraph (g), and

17              on that basis Francis denies these allegations.  To the extent that the

18              allegations contained in subparagraph (g) allege the conduct of Francis,

19              Francis denies them.

20         h.   Francis lacks knowledge or information sufficient to form a belief as to

21              the truth or falsity of the allegations set forth in subparagraph (h), and

22              on that basis Francis denies these allegations.  To the extent that the

23              allegations contained in subparagraph (h) allege the conduct of Francis,

24              Francis denies them.

25         i.   Francis admits that EPIC, and Defendants Wick, Francis, and Hahn

26              interviewed prospective employees over the weekend of December 8

27              and 9, 2007, and that EPIC prepared offer letters for some individuals.

28              With regard to all other factual allegations, Francis lacks knowledge or

1  information sufficient to form a belief as to the truth or falsity of the

2  allegations set forth in subparagraph (i), and on that basis Francis

3  denies these allegations.

4  j.  Francis admits that Defendant Wick conducted interviews on behalf of

5  EPIC once she was employed by EPIC.  With regard to all other factual

6  allegations, Francis lacks knowledge or information sufficient to form a

7  belief as to the truth or falsity of the allegations set forth in

8  subparagraph (j), and on that basis Francis denies these allegations.  To

9  the extent that these allege the conduct of Francis, Francis denies them.

10  k.  Francis lacks knowledge or information sufficient to form a belief as to

11  the truth or falsity of the allegations set forth in subparagraph (k), and

12  on that basis Francis denies these allegations.  To the extent that these

13  allegations allege the conduct of Francis, Francis denies them.

14  l.  Francis lacks knowledge or information sufficient to form a belief as to

15  the truth or falsity of the allegations set forth in subparagraph (l), and

16  on that basis Francis denies these allegations.  To the extent that these

17  allegations allege the conduct of Francis, Francis denies them.

18  m.  Francis denies the allegations in subparagraph (m).

19  n.  Francis lacks knowledge or information sufficient to form a belief as to

20  the truth or falsity of the allegations set forth in subparagraph (n), and

21  on that basis Francis denies these allegations.  To the extent that these

22  allegations allege the conduct of Francis, Francis denies them.

23  62.  Answering paragraph 62 of the FAC, Francis lacks knowledge or

24  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

25  basis Francis denies these allegations.  To the extent that these allegations allege the conduct of

26  Francis, Francis denies them. With respect to the allegations in subparagraphs (a)-(d) of

27  paragraph 62, Francis responds that he lacks knowledge or information sufficient to form a belief

28  as to their truth or falsity, and on that basis denies them.

63.    Answering paragraph 63 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

64.    Answering paragraph 64 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

65.    Answering paragraph 65 of the FAC, Francis admits that as of the date the FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the date of the filing of this answer, all known Gallagher data has been surrendered to counsel and counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary certification filed with the Court on January 17, 2008.

66.    Answering paragraph 66 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

67.    Answering paragraph 67 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  Francis further responds that paragraph 67 consists of argument, and on that basis, Francis is not required to and does not respond to the argument contained in paragraph 67.

68.    Answering paragraph 68 of the FAC and subparagraphs (a)-(g), Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  Francis further responds that paragraph 68 and subparagraphs (a)-(g) consist of argument, and on that basis, Francis is not required to and does not respond to the argument contained therein.

69.    Answering paragraph 69 of the FAC, Francis admits that as of the date the FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the date of the filing of this answer, all known Gallagher data has been surrendered to counsel and counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

14

1  certification filed with the Court on January 17, 2008.  Francis denies the remaining allegations in

2  paragraph 69 of the FAC.

3        70.    Answering paragraph 70 of the FAC, Francis lacks knowledge or

4  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

5  basis Francis denies these allegations.  To the extent that these allegations allege the conduct of

6  Francis, Francis denies them.

7        71.    Answering paragraph 71 of the FAC, Francis lacks knowledge or

8  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

9  basis Francis denies these allegations.

10        72.    Answering paragraph 72 of the FAC, Francis lacks knowledge or

11  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12  basis Francis denies these allegations.

13        73.    Answering paragraph 73 of the FAC, Francis lacks knowledge or

14  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15  basis Francis denies these allegations.

16        74.    Answering paragraph 74 of the FAC, Francis lacks knowledge or

17  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

18  basis Francis denies these allegations.

19        75.    Answering paragraph 75 of the FAC, Francis denies the factual allegations

20  contained therein.

21        76.    Answering paragraph 76 of the FAC, Francis lacks knowledge or

22  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

23  basis Francis denies these allegations.

24        77.    Answering paragraph 77 of the FAC, Francis lacks knowledge or

25  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

26  basis Francis denies these allegations.

27        78.    Answering paragraph 78 of the FAC, Francis admits that Defendant Neil

28  Cohn negotiated an individual indemnification provision as part of his negotiation of his

1    employment agreement with EPIC, and that he did so in the days leading up to his resignation

2    from Gallagher.  Francis denies the remaining allegations alleged in paragraph 78.

3              79.     Answering paragraph 79 of the FAC, Francis admits that Defendants Wally

4    Brown, Michael Brown, Neil Cohn, Carol Cohn, Stephen Hause, Olga Harvison, and Linda

5    Cadinha began work at EPIC on December 7, 2007.  Regarding the remaining allegations in

6    paragraph 79, Francis lacks knowledge or information sufficient to form a belief as to their truth

7    or falsity, and on that basis Francis denies them.  Francis further responds that paragraph 79

8    asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

9    contained therein.

10             80.     Answering paragraph 80 of the FAC, Francis lacks knowledge or

11   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12   basis Francis denies these allegations.  To the extent that these allegations allege the conduct of

13   Francis, Francis denies the allegations contained therein.

14             81.     Answering paragraph 81 of the FAC, Francis denies the allegations

15   contained therein.

16             82.     Answering paragraph 82 of the FAC, Francis lacks knowledge or

17   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

18   basis Francis denies these allegations.

19             83.     Answering paragraph 83 of the FAC, Francis admits that at the time

20   Defendant Neil Cohn submitted the letter referenced in paragraph 82, he possessed and retained a

21   750 gigabyte Western Digital external hard drive, several CDs, and a thumb drive, that contained

22   Gallagher data.  Francis further admits that Defendant Neil Cohn did not disclose these facts until

23   after Gallagher filed this lawsuit.  Francis denies the remaining allegations alleged in paragraph

24   83.

25             84.     Answering paragraph 84 of the FAC, Francis lacks knowledge or

26   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

27   basis Francis denies these allegations.

28             85.     Answering paragraph 85 of the FAC, Francis denies that EPIC had

1    knowledge of or assisted in any alleged solicitation of a top Gallagher San Jose Producer on

2    December 7, 2007.  As to the remaining allegations in paragraph 85, Francis lacks knowledge or

3    information sufficient to form a belief as to their truth or falsity, and on that basis Francis denies

4    them.

5         86.    Answering paragraph 86 of the FAC, Francis lacks knowledge or

6    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

7    basis Francis denies these allegations.  To the extent that the allegations allege actions taken by

8    Francis, Francis denies the allegations contained in paragraph 86.

9         87.    Answering paragraph 87 of the FAC, Francis lacks knowledge or

10   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

11   basis Francis denies these allegations.

12        88.    Answering paragraph 88 of the FAC, Francis lacks knowledge or

13   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

14   basis Francis denies these allegations.

15        89.    Answering paragraph 89 of the FAC, Francis denies the factual allegations

16   contained therein.

17        90.    Answering paragraph 90 of the FAC, Francis lacks knowledge or

18   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

19   basis Francis denies these allegations.

20        91.    Answering paragraph 91 of the FAC, Francis admits that EPIC and

21   Defendants Wick, Francis, and Hahn conducted interviews with prospective employees over the

22   weekend of December 8 and December 9, 2007, some of which took place at EPIC's San Ramon

23   office.  Francis further admits that EPIC made employment offers to certain of these prospective

24   employees.  Francis denies the other factual allegations made in paragraph 91.

25        92.    Answering paragraph 92 of the FAC, Francis denies that Gallagher

26   employees accepted and simultaneously announced their resignations beginning the following

27   Monday morning, denies that the vast majority did so without notice, and denies that they

28   coordinated their resignations among themselves and with EPIC.

93.    Francis denies the allegations in paragraph 93 of the FAC.

94.    Answering paragraph 94 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

95.    Answering paragraph 95 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

96.    Answering paragraph 96 of the FAC, Francis denies that Defendant Soo Hoo accepted her offer of employment with EPIC on December 8, 2007.  With respect to all other allegations contained in paragraph 96, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

97.    Answering paragraph 97 of the FAC, Francis admits that Linda Soo Hoo, Eric Chua, Robert Ellsworth, Tammy Glaser, Robin Herman, Barbara Hilgen, Don Johnson, Mary Keck, Lisa Lucas, William Phillips, Dennis Rodriguez, Dirck Stinson, and Colleen Varnica began working at EPIC on Monday, December 10, 2007.  Francis denies that Molly Armstrong, Elkie Craven, Amber Ronzitti, Sharon Voth, Paul Wagener, or Carol Ward began working at EPIC on Monday, December 10, 2007, but admits that these individuals are now employees of EPIC.  Regarding the remaining allegations in paragraph 97, Francis lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Francis denies them.

98.    Answering paragraph 98 of the FAC, Francis admits that Susan English, Brett Burdock, and Shandranette Middleton began work at EPIC on Tuesday, December 11, 2007.  Francis denies that Kristina Stubbs or George Petty began working at EPIC on Tuesday, December 11, 2007, but admits that these individuals are now employees of EPIC.  Regarding the remaining allegations in paragraph 98, Francis lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Francis denies them.

99.    Answering paragraph 99 of the FAC, Francis admits that Robert Watkins

18

1    and Patricia Burdock began working at EPIC on Wednesday, December 12, 2007.  Francis denies

2    that Ruby Johnson began working at EPIC on Wednesday, December 12, 2007, but admits that

3    she is now an employee of EPIC.  Regarding the remaining allegations in paragraph 99, Francis

4    lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that

5    basis Francis denies them.

6         100.    Answering paragraph 100 of the FAC, Francis denies that Siobahn

7    O'Leary, Olga Rassmussen, or Louanne Sweeney began working at EPIC on Friday, December

8    14, 2007, but admits that these individuals are now employees of EPIC.  Regarding the remaining

9    allegations in paragraph 100, Francis lacks knowledge or information sufficient to form a belief

10   as to their truth or falsity, and on that basis Francis denies them.

11        101.    Answering paragraph 101 of the FAC, Francis lacks knowledge or

12   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

13   basis Francis denies these allegations.

14        102.    Francis denies the allegations in paragraph 102 of the FAC.

15        103.    Answering paragraph 103 of the FAC, Francis responds that paragraph 103

16   asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

17   contained therein.  Francis further responds that to the extent that paragraph 103 describes the

18   understanding and intention of individual defendants, Francis lacks knowledge or information

19   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis

20   denies these allegations.

21        104.    Answering paragraph 104 of the FAC, Francis lacks knowledge or

22   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

23   basis Francis denies these allegations.  To the extent that these allegations allege actions taken by

24   Francis, Francis denies the allegations contained in paragraph 104.

25        105.    Answering paragraph 105 of the FAC, Francis admits that at least 47

26   former employees of Gallagher have accepted positions with EPIC as of January 31, 2008.  With

27   regard to the other factual allegations contained in paragraph 105, Francis lacks knowledge or

28   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

1    basis Francis denies these allegations.

2            106.    Answering paragraph 106 of the FAC, Francis denies that any Individual

3    Defendant received a corporate e-mail account, an office assignment, corporate computer access

4    ID, or Blackberry, until after such Individual Defendant had become an employee of EPIC.

5    Francis admits that Defendants Wally Brown, Michael Brown, Brian Quinn, and some other

6    departed employees of Gallagher had corporate e-mail accounts, office assignments, and

7    corporate computer access when they arrived at work as of December 7, 2007.  Francis denies the

8    remaining allegations alleged in paragraph 106.

9            107.    Francis denies the allegations in paragraph 107 of the FAC.

10           108.    Answering paragraph 108 of the FAC, Francis lacks knowledge or

11   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12   basis Francis denies these allegations.

13           109.    Answering paragraph 109 of the FAC, Francis lacks knowledge or

14   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15   basis Francis denies these allegations.

16           110.    Answering paragraph 110 of the FAC, Francis admits that Defendant

17   Hause took a document related to a proposal bid for the customer for whom he had set up a

18   meeting.  As to the remaining allegations contained in paragraph 110, Francis lacks knowledge or

19   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

20   basis Francis denies them.

21           111.    Answering paragraph 111 of the FAC, Francis lacks knowledge or

22   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

23   basis Francis denies these allegations.

24           112.    Answering paragraph 112 of the FAC, Francis lacks knowledge or

25   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

26   basis Francis denies these allegations.

27           113.    Answering paragraph 113 of the FAC, Francis lacks knowledge or

28   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

1   basis Francis denies these allegations.

2           114.    Answering paragraph 114 of the FAC, Francis lacks knowledge or

3   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

4   basis Francis denies these allegations.

5           115.    Answering paragraph 115 of the FAC, Francis admits that at least 100

6   clients have signed Broker of Record letters designating EPIC as their exclusive insurance broker.

7   Francis denies the other factual allegations contained in paragraph 115.

8           116.    Answering paragraph 116 of the FAC, Francis lacks knowledge or

9   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

10  basis Francis denies these allegations.

11          117.    Answering paragraph 117 of the FAC, Francis denies the allegations

12  contained therein.

13          118.    Answering paragraph 118 of the FAC, Francis lacks knowledge or

14  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15  basis Francis denies these allegations.

16          119.    Answering paragraph 119 of the FAC, Francis denies the allegations

17  contained therein.

18          120.    Answering paragraph 120 of the FAC, Francis admits that EPIC retained

19  the services of a recruiter to contact certain employees in Gallagher's San Ramon office.  Francis

20  denies the other allegations contained in paragraph 120.

21          121.    Answering paragraph 121 of the FAC, Francis denies the allegations

22  contained therein.

23          122.    Answering paragraph 122 of the FAC, Francis responds that paragraph 112

24  asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

25  contained therein.  Francis further responds that paragraph 122 consists of argument, and on that

26  basis, Francis is not required to and does not respond to the argument contained in paragraph 122.

27          123.    Francis denies the allegations in paragraph 123 of the FAC.

28          124.    Answering paragraph 124 of the FAC, Francis lacks knowledge or

1    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

2    basis Francis denies these allegations.

3           125.    Answering paragraph 125 of the FAC, Francis admits that as of the date the

4    FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the

5    date of the filing of this answer, all known Gallagher data has been surrendered to counsel and

6    counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

7    certification filed with the Court on January 17, 2008.  To the extent that paragraph 125 alleges

8    conduct of Francis, Francis denies the remaining allegations in paragraph 125.  To the extent that

9    paragraph 125 alleges conduct of other Individual Defendants, Francis lacks knowledge or

10   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

11   basis Francis denies these allegations.

12          126.    Answering paragraph 126 of the FAC, Francis responds that paragraph 126

13   asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

14   contained therein.  Francis further responds that paragraph 126 consists of argument, and on that

15   basis, Francis is not required to and does not respond to the argument contained in paragraph 126.

16          127.    Answering paragraph 127 of the FAC, Francis responds that paragraph 127

17   asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions

18   contained therein.  Francis further responds that paragraph 127 consists of argument, and on that

19   basis, Francis is not required to and does not respond to the argument contained in paragraph 127.

20

21                                    **<u>COUNT ONE</u>**

22          128.    This cause of action is not asserted against Francis.  Francis, therefore, is

23   not required to and does not respond to the allegations contained in paragraph 128.  To the extent

24   a response is required, Francis refers to and incorporates herein his answers as provided in

25   paragraphs 1-127 above.

26          129.    This cause of action is not asserted against Francis.  Francis, therefore, is

27   not required to and does not respond to the allegations contained in paragraph 129.  To the extent

28   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

1    truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

2    extent that these allegations allege the conduct of Francis, Francis denies the allegations.

3              130.    This cause of action is not asserted against Francis.  Francis, therefore, is

4    not required to and does not respond to the allegations contained in paragraph 130.  To the extent

5    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

6    truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

7    extent that these allegations allege the conduct of Francis, Francis denies the allegations.

8              131.    This cause of action is not asserted against Francis.  Francis, therefore, is

9    not required to and does not respond to the allegations contained in paragraph 131.  To the extent

10   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

11   truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

12   extent that these allegations allege the conduct of Francis, Francis denies the allegations.

13             132.    This cause of action is not asserted against Francis.  Francis, therefore, is

14   not required to and does not respond to the allegations contained in paragraph 132.  To the extent

15   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

16   truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

17   extent that these allegations allege the conduct of Francis, Francis denies the allegations.

18             133.    This cause of action is not asserted against Francis.  Francis, therefore, is

19   not required to and does not respond to the allegations contained in paragraph 133.  To the extent

20   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

21   truth or falsity of these allegations, and on that basis Francis denies these allegations.

22             134.    This cause of action is not asserted against Francis.  Francis, therefore, is

23   not required to and does not respond to the allegations contained in paragraph 134.  To the extent

24   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

25   truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

26   extent that these allegations allege the conduct of Francis, Francis denies the allegations.

27

28                                        **<u>COUNT TWO</u>**

23

135.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 135.  To the extent a response is required, Francis refers to and incorporates herein his answers as provided in paragraphs 1-134 above.

136.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 136.  To the extent a response is required, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the extent that these allegations allege the conduct of Francis, Francis denies the allegations.

137.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 137.  To the extent a response is required, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the extent that these allegations allege the conduct of Francis, Francis denies the allegations.

138.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 138.  To the extent a response is required, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the extent that these allegations allege the conduct of Francis, Francis denies the allegations.

139.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 139.  To the extent that a response is required, Francis denies the allegations contained therein.

140.     This cause of action is not asserted against Francis.  Francis, therefore, is not required to and does not respond to the allegations contained in paragraph 140.  To the extent a response is required, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the extent that these allegations allege the conduct of Francis, Francis denies the allegations.

141.     This cause of action is not asserted against Francis.  Francis, therefore, is

1   not required to and does not respond to the allegations contained in paragraph 141.  To the extent

2   a response is required, Francis denies the allegations contained in paragraph 141.

3          142.    This cause of action is not asserted against Francis.  Francis, therefore, is

4   not required to and does not respond to the allegations contained in paragraph 142.  To the extent

5   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

6   truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

7   extent that these allegations allege the conduct of Francis, Francis denies the allegations.

8

9                              **COUNT THREE**

10         143.    This cause of action is not asserted against Francis.  Francis, therefore, is

11  not required to and does not respond to the allegations contained in paragraph 143.  To the extent

12  a response is required, Francis refers to and incorporates herein his answers as provided in

13  paragraphs 1-142 above.

14         144.    This cause of action is not asserted against Francis.  Francis, therefore, is

15  not required to and does not respond to the allegations contained in paragraph 144.  To the extent

16  a response is required, Francis denies the allegations contained therein.

17         145.    This cause of action is not asserted against Francis.  Francis, therefore, is

18  not required to and does not respond to the allegations contained in paragraph 145.  To the extent

19  a response is required, Francis responds as follows:  Francis denies the allegation that EPIC's

20  own agreements and Defendants' resignation letters both acknowledge that the categories of

21  information at issue arise to the level of legally protected trade secrets.  With respect to the

22  remaining allegations in paragraph 145 of the FAC, Francis lacks knowledge or information

23  sufficient to form a belief as to their truth or falsity, and on that basis Francis denies them.

24         146.    This cause of action is not asserted against Francis.  Francis, therefore, is

25  not required to and does not respond to the allegations contained in paragraph 146.  To the extent

26  a response is required, Francis responds as follows:  With respect to whether Gallagher's current

27  and former employees were and are under a duty both to keep Gallagher's proprietary and

28  confidential information secret, and not to use or disclose such information other than for the

1  benefit of Gallagher and with Gallagher's authorization, Francis lacks knowledge or information
2  sufficient to form a belief as to the truth or falsity, and on that basis denies the allegation. Francis
3  denies the other allegations contained paragraph 146.

4      147.    This cause of action is not asserted against Francis. Francis, therefore, is
5  not required to and does not respond to the allegations contained in paragraph 147. To the extent
6  a response is required, Francis denies the allegations in paragraph 147 of the FAC.

7      148.    This cause of action is not asserted against Francis. Francis, therefore, is
8  not required to and does not respond to the allegations contained in paragraph 148. To the extent
9  a response is required, Francis denies the allegations in paragraph 148 of the FAC.

10     149.    This cause of action is not asserted against Francis. Francis, therefore, is
11 not required to and does not respond to the allegations contained in paragraph 149. To the extent
12 a response is required, Francis denies the allegations in paragraph 149 of the FAC.

13     150.    This cause of action is not asserted against Francis. Francis, therefore, is
14 not required to and does not respond to the allegations contained in paragraph 150. To the extent
15 a response is required, Francis denies the allegations in paragraph 150 of the FAC.

16     151.    This cause of action is not asserted against Francis. Francis, therefore, is
17 not required to and does not respond to the allegations contained in paragraph 151. To the extent
18 a response is required, Francis denies the allegations in paragraph 151 of the FAC.

19     152.    This cause of action is not asserted against Francis. Francis, therefore, is
20 not required to and does not respond to the allegations contained in paragraph 152. To the extent
21 a response is required, Francis denies the allegations in paragraph 152 of the FAC.

22     153.    This cause of action is not asserted against Francis. Francis, therefore, is
23 not required to and does not respond to the allegations contained in paragraph 153. To the extent
24 a response is required, Francis denies the allegations in paragraph 153 of the FAC.

25

26                    **COUNT FOUR**

27     154.    This cause of action is not asserted against Francis. Francis, therefore, is
28 not required to and does not respond to the allegations contained in paragraph 154. To the extent

1    a response is required, Francis refers to and incorporates herein his answers as provided in

2    paragraphs 1-153 above.

3              155.    This cause of action is not asserted against Francis.  Francis, therefore, is

4    not required to and does not respond to the allegations contained in paragraph 155.  To the extent

5    a response is required, Francis responds that paragraph 155 asserts a legal conclusion, and on that

6    basis, Francis neither admits nor denies the conclusions contained therein.

7              156.    This cause of action is not asserted against Francis.  Francis, therefore, is

8    not required to and does not respond to the allegations contained in paragraph 156.  To the extent

9    a response is required, Francis responds as follows:  Francis admits that certain items belonging

10   to Gallagher were retained by its employees upon their departure from Gallagher.  Francis denies

11   the remaining allegations contained in paragraph 156.

12             157.    This cause of action is not asserted against Francis.  Francis, therefore, is

13   not required to and does not respond to the allegations contained in paragraph 157.  To the extent

14   a response is required, Francis responds that paragraph 157 asserts a legal conclusion, and on that

15   basis, Francis neither admits nor denies the conclusions contained therein.

16             158.    This cause of action is not asserted against Francis.  Francis, therefore, is

17   not required to and does not respond to the allegations contained in paragraph 158.  To the extent

18   a response is required, Francis denies the allegations contained therein.

19             159.    This cause of action is not asserted against Francis.  Francis, therefore, is

20   not required to and does not respond to the allegations contained in paragraph 159.  To the extent

21   a response is required, Francis denies the allegations contained therein.

22             160.    This cause of action is not asserted against Francis.  Francis, therefore, is

23   not required to and does not respond to the allegations contained in paragraph 160.  To the extent

24   a response is required, Francis denies the allegations contained therein.

25

26                               **COUNT FIVE**

27             161.    This cause of action is not asserted against Francis.  Francis, therefore, is

28   not required to and does not respond to the allegations contained in paragraph 161.  To the extent

4421354.1                             27              Answer to FAC by Def. Francis; Gallagher v.
                                                      EPIC, Case No. 07-CV-06418-JSW

1    a response is required, Francis refers to and incorporates herein his answers as provided in

2    paragraphs 1-160 above.

3            162.    This cause of action is not asserted against Francis.  Francis, therefore, is

4    not required to and does not respond to the allegations contained in paragraph 162.  To the extent

5    a response is required, Francis denies the allegations contained therein.

6            163.    This cause of action is not asserted against Francis.  Francis, therefore, is

7    not required to and does not respond to the allegations contained in paragraph 163.  To the extent

8    a response is required, Francis denies the allegations contained therein.

9            164.    This cause of action is not asserted against Francis.  Francis, therefore, is

10    not required to and does not respond to the allegations contained in paragraph 164.  To the extent

11    a response is required, Francis denies the allegations contained therein.

12            165.    This cause of action is not asserted against Francis.  Francis, therefore, is

13    not required to and does not respond to the allegations contained in paragraph 165.  To the extent

14    a response is required, Francis denies the allegations contained therein.

15

16                                    **COUNT SIX**

17            166.    This cause of action is not asserted against Francis.  Francis, therefore, is

18    not required to and does not respond to the allegations contained in paragraph 166.  To the extent

19    a response is required, Francis refers to and incorporates herein his answers as provided in

20    paragraphs 1-165 above.

21            167.     This cause of action is not asserted against Francis.  Francis, therefore, is

22    not required to and does not respond to the allegations contained in paragraph 167.  To the extent

23    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

24    truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

25    extent that these allegations allege the conduct of Francis, Francis denies the allegations.

26            168.    This cause of action is not asserted against Francis.  Francis, therefore, is

27    not required to and does not respond to the allegations contained in paragraph 168.  To the extent

28    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

1    truth or falsity of these allegations, and on that basis Francis denies these allegations.

2           169.    This cause of action is not asserted against Francis.  Francis, therefore, is

3    not required to and does not respond to the allegations contained in paragraph 169.  To the extent

4    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

5    truth or falsity of these allegations, and on that basis Francis denies these allegations.

6           170.     This cause of action is not asserted against Francis.  Francis, therefore, is

7    not required to and does not respond to the allegations contained in paragraph 170.  To the extent

8    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

9    truth or falsity of these allegations, and on that basis Francis denies these allegations.

10          171.    This cause of action is not asserted against Francis.  Francis, therefore, is

11   not required to and does not respond to the allegations contained in paragraph 171.  To the extent

12   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

13   truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

14   extent that these allegations allege the conduct of Francis, Francis denies the allegations.

15          172.    This cause of action is not asserted against Francis.  Francis, therefore, is

16   not required to and does not respond to the allegations contained in paragraph 172.  To the extent

17   a response is required, Francis denies the allegations contained therein.

18          173.     This cause of action is not asserted against Francis.  Francis, therefore, is

19   not required to and does not respond to the allegations contained in paragraph 173.  To the extent

20   a response is required, Francis denies the allegations contained therein.

21

22                              **<u>COUNT SEVEN</u>**

23          174.    This cause of action is not asserted against Francis.  Francis, therefore, is

24   not required to and does not respond to the allegations contained in paragraph 174.  To the extent

25   a response is required, Francis refers to and incorporates herein his answers as provided in

26   paragraphs 1-173 above.

27          175.    This cause of action is not asserted against Francis.  Francis, therefore, is

28   not required to and does not respond to the allegations contained in paragraph 175.  To the extent

1  a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

2  truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

3  extent that these allegations allege the conduct of Francis, Francis denies the allegations.

4          176.    This cause of action is not asserted against Francis.  Francis, therefore, is

5  not required to and does not respond to the allegations contained in paragraph 176.  To the extent

6  a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

7  truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

8  extent that these allegations allege the conduct of Francis, Francis denies the allegations.

9          177.    This cause of action is not asserted against Francis.  Francis, therefore, is

10  not required to and does not respond to the allegations contained in paragraph 177.  To the extent

11  a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

12  truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

13  extent that these allegations allege the conduct of Francis, Francis denies the allegations.

14          178.    This cause of action is not asserted against Francis.  Francis, therefore, is

15  not required to and does not respond to the allegations contained in paragraph 178.  To the extent

16  a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

18  extent that these allegations allege the conduct of Francis, Francis denies the allegations.

19

20                          **COUNT EIGHT**[1]

21          179.    This cause of action is not asserted against Francis.  Francis, therefore, is

22  not required to and does not respond to the allegations contained in paragraph 179.  To the extent

23  a response is required, Francis refers to and incorporates herein his answers as provided in

24  paragraphs 1-178 above.

25

26  [1] The caption page lists Counts Eight and Nine as claims for breach of fiduciary duty and breach
    of the duty of loyalty, respectively.  In the body of the FAC, however, Count Eight alleges a

27  claim for *both* breach of fiduciary duty *and* breach of the duty of loyalty.  Thus, the claims
    alleged in Counts Nine through Fourteen in the body of the FAC correspond to Counts Ten

28  through Fifteen on the caption page.

4421354.1                      30                Answer to FAC by Def. Francis; <u>Gallagher v.</u>
                                                 <u>EPIC</u>, Case No. 07-CV-06418-JSW

1

180.     This cause of action is not asserted against Francis.  Francis, therefore, is

2     not required to and does not respond to the allegations contained in paragraph 180.  To the extent

3     a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

4     truth or falsity of these allegations, and on that basis Francis denies these allegations.

5

181.     This cause of action is not asserted against Francis.  Francis, therefore, is

6     not required to and does not respond to the allegations contained in paragraph 181.  To the extent

7     a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

8     truth or falsity of these allegations, and on that basis Francis denies these allegations.

9

182.      This cause of action is not asserted against Francis.  Francis, therefore, is

10     not required to and does not respond to the allegations contained in paragraph 182.  To the extent

11     a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

12     truth or falsity of these allegations, and on that basis Francis denies these allegations.

13

183.     This cause of action is not asserted against Francis.  Francis, therefore, is

14     not required to and does not respond to the allegations contained in paragraph 183.  To the extent

15     a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

16     truth or falsity of these allegations, and on that basis Francis denies these allegations.

17

18

### COUNT NINE[2]

19

184.     This cause of action is not asserted against Francis.  Francis, therefore, is

20     not required to and does not respond to the allegations contained in paragraph 184.  To the extent

21     a response is required, Francis refers to and incorporates herein his answers as provided in

22     paragraphs 1-183 above.

23

185.     This cause of action is not asserted against Francis.  Francis, therefore, is

24     not required to and does not respond to the allegations contained in paragraph 185.  To the extent

25     a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

26     truth or falsity of these allegations, and on that basis Francis denies these allegations.

27

28

[2] As noted in footnote 1 above, the claim alleged in Count Nine in the body of the FAC corresponds to Count Ten on the caption page.

4421354.1                                        31                    Answer to FAC by Def. Francis; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

1    186.    This cause of action is not asserted against Francis.  Francis, therefore, is

2    not required to and does not respond to the allegations contained in paragraph 186.  To the extent

3    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

4    truth or falsity of these allegations, and on that basis Francis denies these allegations.

5    187.    This cause of action is not asserted against Francis.  Francis, therefore, is

6    not required to and does not respond to the allegations contained in paragraph 187.  To the extent

7    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

8    truth or falsity of these allegations, and on that basis Francis denies these allegations.

9    188.    This cause of action is not asserted against Francis.  Francis, therefore, is

10    not required to and does not respond to the allegations contained in paragraph 188.  To the extent

11    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

12    truth or falsity of these allegations, and on that basis Francis denies these allegations.

13    189.    This cause of action is not asserted against Francis.  Francis, therefore, is

14    not required to and does not respond to the allegations contained in paragraph 189.  To the extent

15    a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

16    truth or falsity of these allegations, and on that basis Francis denies these allegations.  To the

17    extent that these allegations allege the conduct of Francis, Francis denies the allegations.

18

19    **COUNT TEN**[3]

20    190.    Answering paragraph 190 of the FAC, Francis refers to and incorporates

21    herein his answers as provided in paragraphs 1-189 above.

22    191.    Answering paragraph 191 of the FAC, Francis admits that EPIC and

23    Defendants Francis and Hahn were aware of the existence of certain contracts and agreements

24    entered into between Gallagher and certain of Gallagher's employees.  Francis further admits that

25    EPIC reviewed certain of these contracts or agreements prior to offering employment to former

26    employees of Gallagher.  Francis denies the remaining allegations contained in paragraph 191.

27

28    _____

[3] As noted in footnote 1 above, the claim alleged in Count Ten in the body of the FAC corresponds to Count Eleven on the caption page.

Francis further responds that paragraph 191 asserts a legal conclusion, and on that basis, Francis neither admits nor denies the conclusions contained therein.  Francis also responds that paragraph 191 consists of argument, and on that basis, Francis is not required to and does not respond to the argument contained in paragraph 191.

192.    Answering paragraph 192 of the FAC, Francis denies the allegations contained therein.

193.    Answering paragraph 193 of the FAC, Francis denies the allegations contained therein.

194.    Answering paragraph 194 of the FAC, Francis denies the allegations contained therein.

195.    Answering paragraph 195 of the FAC, Francis denies the allegations contained therein.

196.    Answering paragraph 196 of the FAC, Francis denies the allegations contained therein.

## **COUNT ELEVEN[4]**

197.    Answering paragraph 197 of the FAC, Francis refers to and incorporates herein his answers as provided in paragraphs 1-196 above.

198.    Answering paragraph 198 of the FAC, Francis lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Francis denies these allegations.

199.    Answering paragraph 199 of the FAC, Francis denies the allegations contained therein.

200.    Answering paragraph 200 of the FAC, Francis denies the allegations contained therein.

201.    Answering paragraph 201 of the FAC, Francis denies the allegations

---

[4] As noted in footnote 1 above, the claim alleged in Count Eleven in the body of the FAC corresponds to Count Twelve on the caption page.

1    contained therein.

2                    202.    Answering paragraph 202 of the FAC, Francis denies the allegations

3    contained therein.

4

5                              **COUNT TWELVE**[5]

6                    203.    Answering paragraph 203 of the FAC, Francis refers to and incorporates

7    herein his answers as provided in paragraphs 1-202 above.

8                    204.    Answering paragraph 204 of the FAC, Francis denies the allegations

9    contained therein.

10                   205.    Answering paragraph 205 of the FAC, Francis denies the allegations

11   contained therein.

12

13                             **COUNT THIRTEEN**[6]

14                   206.    Answering paragraph 206 of the FAC, Francis refers to and incorporates

15   herein his answers as provided in paragraphs 1-205 above.

16                   207.    Answering paragraph 207 of the FAC, Francis denies the allegations

17   contained therein.

18                   208.    Answering paragraph 208 of the FAC, Francis denies the allegations

19   contained therein.

20

21                             **COUNT FOURTEEN**[7]

22                   209.    This cause of action is not asserted against Francis.  Francis, therefore, is

23   not required to and does not respond to the allegations contained in paragraph 209.  To the extent

24

25   _____

     [5] As noted in footnote 1 above, the claim alleged in Count Twelve in the body of the FAC
     corresponds to Count Thirteen on the caption page.

26   [6] As noted in footnote 1 above, the claim alleged in Count Thirteen in the body of the FAC
     corresponds to Count Fourteen on the caption page.

27   [7] As noted in footnote 1 above, the claim alleged in Count Fourteen in the body of the FAC

28   corresponds to Count Fifteen on the caption page.

1    a response is required, Francis refers to and incorporates herein his answers as provided in

2    paragraphs 1-208 above.

3              210.    This cause of action is not asserted against Francis.  Francis, therefore, is

4    not required to and does not respond to the allegations contained in paragraph 210.  To the extent

5    a response is required, Francis responds that it lacks knowledge or information sufficient to form

6    a belief as to the truth or falsity of the allegations set forth in subparagraphs (a) through (g), and

7    on that basis Francis denies these allegations.

8              211.    This cause of action is not asserted against Francis.  Francis, therefore, is

9    not required to and does not respond to the allegations contained in paragraph 211.  To the extent

10   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

11   truth or falsity of these allegations, and on that basis Francis denies these allegations.

12             212.    This cause of action is not asserted against Francis.  Francis, therefore, is

13   not required to and does not respond to the allegations contained in paragraph 212.  To the extent

14   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

15   truth or falsity of these allegations, and on that basis Francis denies these allegations.

16             213.    This cause of action is not asserted against Francis.  Francis, therefore, is

17   not required to and does not respond to the allegations contained in paragraph 213.  To the extent

18   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

19   truth or falsity of these allegations, and on that basis Francis denies these allegations.

20             214.    This cause of action is not asserted against Francis.  Francis, therefore, is

21   not required to and does not respond to the allegations contained in paragraph 214.  To the extent

22   a response is required, Francis lacks knowledge or information sufficient to form a belief as to the

23   truth or falsity of these allegations, and on that basis Francis denies these allegations.

24

25                            **AFFIRMATIVE DEFENSES**

26             For his affirmative defenses to the FAC, Francis alleges the following:

27

28                          **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

## THIRD AFFIRMATIVE DEFENSE

(Justification)

The actions of Francis that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of Francis.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

## FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

Francis acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Conduct Reasonable Inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

## SEVENTH AFFIRMATIVE DEFENSE

### (Privilege of Competition)

Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the privilege to compete.

## EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Irreparable Harm)

To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief because the injury or damages suffered by Gallagher, if any, would be adequately compensated in an action at law for damages.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Some of the claims are barred by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Some of the claims are barred by the doctrine of judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some of the claims are barred by the doctrine of unclean hands.

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

(Failure to Establish Misappropriation)

3      Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

4   Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because

5   the allegations are false and because Francis has not "misappropriated" Gallagher's "trade

6   secrets."

7

8

**THIRTEENTH AFFIRMATIVE DEFENSE**

9

(Failure to Establish Existence of Trade Secrets)

10      Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

11   Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at

12   issue is readily ascertainable by proper means and is therefore not a "trade secret" under

13   California law.

14

15

**FOURTEENTH AFFIRMATIVE DEFENSE**

16

(Invalidity of Contracts)

17      Gallagher's  Sixth and Seventh Claims for Breach of Written Contract and Breach

18   of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

19   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

20   contracts as they lack consideration and/or are void for public policy reasons under California

21   law.

22

23

24

**FIFTEENTH AFFIRMATIVE DEFENSE**

25

(Failure to Establish a Private Cause of Action)

26      Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and

27   2859 is barred as an improper cause of action.

28

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Public Policy)

3        Some of the claims are barred insofar as several contract provisions are void for

4  public policy.

5

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

(Waiver)

8        Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

9  purported cause of action contained therein, by reason of Gallagher's own actions and course of

10  conduct.

11

12

## EIGHTEENTH AFFIRMATIVE DEFENSE

13

(Absence of Deception)

14        Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

15  Defendants' conduct is not likely to mislead the public or harm Gallagher.

16

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

(Lack of Specificity)

19        The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its

20  claim with the requisite particularity.

21

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(Unjust Enrichment)

24        The FAC, and each and every purported cause of action alleged therein, is barred

25  because any recovery would result in Gallagher's unjust enrichment.

26

27

## TWENTY-FIRST AFFIRMATIVE DEFENSE

28

(Failure to Mitigate)

1   Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if

2   any, as required by law.

3

4   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

5   (Punitive Damages)

6   Gallagher is not entitled to recover any punitive or exemplary damages as prayed

7   for in the FAC, because California's laws regarding the alleged conduct in question in this action

8   are too vague to permit the imposition of punitive damages, and the award of punitive damages as

9   applied to the facts of this case would violate Francis' constitutional rights under the United

10  States and California Constitutions.

11

12  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

13  (Incorporation of Other Defenses)

14  Francis adopts and incorporates any and all other defenses raised or to be raised by

15  any other defendant joined in this litigation to the extent that said defenses are not inconsistent

16  with Francis' assertions that it is not liable to Gallagher or anyone for any amount whatsoever

17  arising out of this lawsuit.

18

19  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20  (Improper Restraint of Competition)

21  Some of Gallagher's claims are improper efforts to restrain competition and

22  employee mobility in violation of Cal. Bus. & Prof. Code Section 16600.

23

24  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25  (Reservation of Rights)

26  Francis reserves the right to raise additional affirmative and other defenses as they

27  are discovered or otherwise become available.

28

1

## **PRAYER FOR RELIEF**

2   Francis denies that Gallagher is entitled to any of the relief requested in its FAC.

3   WHEREFORE, Francis prays:

4   1.   That Gallagher take nothing by reason of its FAC;

5   2.   That judgment be rendered in favor of Francis;

6   3.   That Francis be awarded his costs incurred in defense of this action; and

7   4.   That the Court provide such other relief as it deems proper.

8

9   Dated: February 8, 2008                    MUNGER, TOLLES & OLSON LLP

10

11

12   BY: _____/s/_____
                              MALCOLM A. HEINICKE

13   Attorney for Defendants
14   EDGEWOOD PARTNERS
     INSURANCE CENTER, DAN R. FRANCIS &
15   JOHN G. HAHN

16

17

18

19

20

21

22

23

24

25

26

27

28

4421354.1                    41