1  JEROME C. ROTH (SBN 159483)
   MARTIN D. BERN (SBN 153203)
2  MALCOLM A. HEINICKE (SBN 194174)
   MUNGER, TOLLES & OLSON LLP
3  560 Mission Street
   Twenty-Seventh Floor
4  San Francisco, CA  94105-2907
   Telephone:     (415) 512-4000
5  Facsimile:     (415) 512-4077

6  Attorneys for Defendant
   EDGEWOOD PARTNERS INSURANCE CENTER,
7  DAN R. FRANCIS & JOHN G. HAHN

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  ARTHUR J. GALLAGHER & CO., INC.,        CASE NO.  07-CV-06418-JSW
    a Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE
    BROKERS OF CALIFORNIA, INC., a
14  California Corporation,

15                   Plaintiffs,            **ANSWER TO FIRST AMENDED**
                                            **COMPLAINT BY DEFENDANT**
16           vs.                            **JOHN G. HAHN**

17  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California corporation; DAN
18  R. FRANCIS; JOHN G. HAHN;              **The Honorable Jeffrey S. White**
    ANDREW ("WALLY") BROWN, JR.;
19  BRIAN F. QUINN; NEIL R. COHN;
    CAROLANN COHN; MICHAEL J.
20  BROWN; STEPHEN HAUSE; LAURA J.
    WICK; JAMES C. HALBLEIB;
21  LAURINDA ("LAURIE") A. MARTIN;
    ERIC CHUA; GEORGE J. PETTY;
22  LINDA SOO HOO; ROBERT E. DUTTO;
    SUSAN M. ENGLISH; DON J.
23  JOHNSON; ALLEN L. AMOS;
    WILLIAM ("BILL") PHILLIPS, JR.;
24  DIRCK ("RICK") R. STINSON; ROBERT
    ("BOB") D. ELLSWORTH; ROBERT H.
25  WATKINS; PAUL H. WAGENER;
    SHANDRANETTE MIDDLETON,
26
                     Defendants.
27

28

1    Defendant John G. Hahn ('Hahn") respectfully answers the unverified First

2    Amended Complaint ("FAC") of Plaintiffs Arthur J. Gallagher & Co., Inc., and Arthur J.

3    Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher"). As an initial

4    matter, Hahn states that the subheadings in the FAC are argumentative, and require no response.

5    To the extent any response is required, Hahn denies each and every allegation of each

6    subheading. Hahn answers each paragraph of the FAC in correspondingly numbered paragraphs

7    as follows:

8

9    ## I. NATURE OF ACTION

10    1.    Answering paragraph 1 of the FAC, Hahn denies the allegation that

11    Edgewood Partners Insurance Center ("EPIC") illegally raided Gallagher's employees and stole

12    Gallagher's confidential data to unfairly compete, and further denies the allegation that these

13    alleged actions are ongoing. Hahn admits that Gallagher's FAC seeks remedies, including

14    injunctive and monetary relief, for violation of the Computer Fraud and Abuse Act, 18 U.S.C.

15    §1030 et seq., violation of California Penal Code §502, misappropriation of trade secrets, Cal.

16    Civ. Code §3426 et seq., misappropriation of employer property, Cal. Civ. Code §2860,

17    conversion, breach of written contract, breach of the covenant of good faith and fair dealing,

18    breach of fiduciary duty and breach of the duty of loyalty, violations of the California Labor

19    Code, Cal. Labor Code §§2853 and 2863, tortious interference with contract, tortious interference

20    with prospective business advantage, unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.,

21    unjust enrichment, and fraud. Hahn denies, however, any liability for the causes of action listed

22    in paragraph 1 of the FAC.

23    2.    Answering paragraph 2 of the FAC, Hahn responds that the allegations

24    contained therein are too vague or ambiguous for Hahn to form a belief as to their truth or falsity,

25    and on that basis Hahn denies these allegations. Hahn further responds that paragraph 2 asserts a

26    legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions contained

27    therein.

28    3.    Answering paragraph 3 of the FAC, Hahn responds that the allegations

1

Answer to FAC by Def. Hahn; Gallagher v.
EPIC, Case No. 07-CV-06418-JSW

1   contained therein are too vague or ambiguous for Hahn to form a belief as to the truth or falsity of

2   these allegations, and on that basis Hahn denies these allegations.  Hahn further responds that

3   paragraph 3 consists of argument, and on that basis, Hahn is not required to and does not respond

4   to the argument contained in paragraph 3.

5           4.      Answering paragraph 4 of the FAC, Hahn admits that EPIC is an insurance

6   brokerage firm, and that its two most senior executives are John G. Hahn and Dan R. Francis.

7   Hahn denies the other factual allegations contained in paragraph 4.  Hahn further responds that

8   paragraph 4 consists of argument, and on that basis, Hahn is not required to and does not respond

9   to the argument contained in paragraph 4.

10          5.      Answering paragraph 5 of the FAC, Hahn responds that paragraph 5 asserts

11  a legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions contained

12  therein.  Hahn further responds that the allegations contained therein are too vague or ambiguous

13  for Hahn to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

14  denies these allegations.  Hahn also responds that paragraph 5 consists of argument, and on that

15  basis, Hahn is not required to and does not respond to the argument contained in paragraph 5.

16          6.      Answering paragraph 6 of the FAC, Hahn admits that Defendant Francis

17  and Defendant Hahn are executives of EPIC.  Hahn denies the other factual allegations contained

18  in paragraph 6.  Hahn further responds that paragraph 6 contains argument, and on that basis,

19  Hahn is not required to and does not respond to the argument contained in paragraph 6.  Hahn

20  also responds that paragraph 6 asserts a legal conclusion, and on that basis, Hahn neither admits

21  nor denies the conclusions contained therein.

22          7.      Answering paragraph 7 of the FAC, Hahn admits that certain former

23  Gallagher employees chose to announce their resignations from Gallagher on Friday, December

24  7, 2007.  Hahn denies the other factual allegations contained in paragraph 7.  To the extent that

25  the allegations contained in paragraph 7 describe the intent, state of mind or conduct of certain

26  former Gallagher employees, Hahn lacks knowledge or information sufficient to form a belief as

27  to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

28          8.      Answering paragraph 8 of the FAC, Hahn denies the factual allegations

1    contained therein. Hahn further responds that paragraph 8 asserts a legal conclusion, and on that

2    basis, Hahn neither admits nor denies the conclusions contained therein.

3              9.      Answering paragraph 9 of the FAC, to the extent that these allegations

4    allege the conduct of Hahn, Hahn denies the allegations contained therein. Hahn further responds

5    that paragraph 9 asserts a legal conclusion, and on that basis, Hahn neither admits nor denies the

6    conclusions contained therein.

7              10.     Answering paragraph 10 of the FAC, to the extent that these allegations

8    allege the conduct of Hahn, Hahn denies the allegations contained therein. Hahn responds that

9    the allegations contained therein are too vague or ambiguous for Hahn to form a belief as to the

10   truth or falsity of these allegations, and on that basis Hahn denies these allegations. Hahn also

11   responds that the allegations contained in paragraph 10 consists of argument, and on that basis

12   Hahn is not required to and does not respond to the argument contained in paragraph 10.

13             11.     Answering paragraph 11 of the FAC, Hahn denies the factual allegations

14   contained therein. Hahn further responds that paragraph 11 consists of argument, and on that

15   basis, Hahn is not required to and does not respond to the argument contained in paragraph 11.

16

17            **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

18             12.     Answering paragraph 12 of the FAC, Hahn admits that federal jurisdiction

19   is proper in this case. Hahn, however, denies any liability under the federal claims asserted by

20   Gallagher, as well as any liability under Gallagher's state claims.

21             13.     Answering paragraph 13 of the FAC, Hahn admits that venue is

22   appropriate in this Court because a substantial part of the alleged events or omissions giving rise

23   to Gallagher's claims occurred within the Northern District of California.

24

25            **III.   PARTIES AND PERSONAL JURISDICTION**

26             14.     Answering paragraph 14 of the FAC, Hahn lacks knowledge or information

27   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

28   denies these allegations.

1    15.    Answering paragraph 15 of the FAC, Hahn admits the factual allegations

2    contained therein.

3    16.    Answering paragraph 16 of the FAC, Hahn admits the factual allegations

4    contained therein.

5    17.    Answering paragraph 17 of the FAC, Hahn lacks knowledge or information

6    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

7    denies these allegations.  Hahn further responds that paragraph 17 asserts a legal conclusion, and

8    on that basis, Hahn neither admits nor denies the conclusions contained therein.

9    18.    Answering paragraph 18 of the FAC, Hahn denies that Defendant Francis

10   or Defendant Hahn were former employees of Gallagher.  As to the allegations that the remaining

11   Individual Defendants were former employees of Gallagher, Hahn lacks knowledge or

12   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

13   basis, Hahn denies these allegations.  Hahn admits that all Individual Defendants are current

14   employees of EPIC.  As to the residency of the Individual Defendants, Hahn lacks knowledge or

15   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

16   basis Hahn denies these allegations.  Hahn further responds that the remainder of paragraph 18

17   consists of argument, and on that basis, Hahn is not required to and does not respond to the

18   argument contained in paragraph 18.  Hahn also responds that paragraph 18 asserts a legal

19   conclusion, and on that basis, Hahn neither admits nor denies the conclusions contained therein.

20   19.    Answering paragraph 19 of the FAC, Hahn denies the factual allegations

21   contained therein.  Hahn further responds that paragraph 19 consists of argument, and on that

22   basis, Hahn is not required to and does not respond to the argument contained in paragraph 19.

23   Hahn also responds that paragraph 19 asserts a legal conclusion, and on that basis, Hahn neither

24   admits nor denies the conclusions contained therein.

25   20.    Answering paragraph 20 of the FAC, Hahn denies the factual allegations

26   contained therein.  Hahn further responds that paragraph 20 asserts a legal conclusion, and on that

27   basis, Hahn neither admits nor denies the conclusions contained therein.  Hahn also responds that

28   paragraph 20 consists of argument, and on that basis, Hahn is not required to and does not

1    respond to the argument contained in paragraph 20.

2            21.     Answering paragraph 21 of the FAC, Hahn denies the factual allegations

3    contained therein.  Hahn further responds that paragraph 21 asserts a legal conclusion, and on that

4    basis, Hahn neither admits nor denies the conclusions contained therein.  Hahn also responds that

5    paragraph 21 consists of argument, and on that basis, Hahn is not required to and does not

6    respond to the argument contained in paragraph 21.

7

8                        **IV.     FACTUAL ALLEGATIONS**

9            22.     Answering paragraph 22 of the FAC, Hahn admits that the Individual

10   Defendants, other than Defendant Hahn and Defendant Francis, left Gallagher to join EPIC.

11   Hahn denies that the Individual Defendants left *en masse* to join EPIC.  As to the remaining

12   allegations in paragraph 22, including those in subparts (a)-(f), Hahn lacks knowledge or

13   information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies

14   them.

15           23.     Answering paragraph 23 of the FAC, Hahn lacks knowledge or information

16   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

17   denies these allegations.

18           24.     Answering paragraph 24 of the FAC, Hahn lacks knowledge or information

19   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

20   denies these allegations.

21           25.     Answering paragraph 25 of the FAC, Hahn lacks knowledge or information

22   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

23   denies these allegations.  Hahn further responds that paragraph 25 asserts a legal conclusion, and

24   on that basis, Hahn neither admits nor denies the conclusions contained therein.

25           26.     Answering paragraph 26 of the FAC, Hahn lacks knowledge or information

26   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

27   denies these allegations.  Hahn further responds that paragraph 26 asserts a legal conclusion, and

28   on that basis, Hahn neither admits nor denies the conclusions contained therein.

1         27.    Answering paragraph 27 of the FAC, Hahn lacks knowledge or information

2    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

3    denies these allegations.  Hahn further responds that paragraph 27 asserts a legal conclusion, and

4    on that basis, Hahn neither admits nor denies the conclusions contained therein.

5         28.    Answering paragraph 28 of the FAC, Hahn lacks knowledge or information

6    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

7    denies these allegations.

8         29.    Answering paragraph 29 of the FAC, Hahn admits that EPIC's producers

9    signed agreements in connection with their employment at EPIC.  Hahn further admits that these

10   agreements contain provisions regarding (a) confidential information and trade secrets, (b)

11   solicitation of employees, (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive

12   relief.  As to the remaining allegations contained in paragraph 29, Hahn lacks knowledge or

13   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

14   basis Hahn denies these allegations.

15        30.    Answering paragraph 30 of the FAC, Hahn admits the factual allegations

16   contained therein.

17        31.    Answering paragraph 31 of the FAC, Hahn admits that EPIC acquired

18   Calco Insurance Brokers & Agents, Inc. ("Calco"), in July of 2007.  Hahn further admits that

19   EPIC competes with Gallagher.  Hahn further admits that with the acquisition of Calco, EPIC

20   acquired some of the business relationships with insurance companies it needed to begin

21   functioning as an active brokerage.  Hahn denies the other factual allegations contained in

22   paragraph 31.

23        32.    Answering paragraph 32 of the FAC, Hahn admits that EPIC issued a press

24   release in June of 2007 in announcing its acquisition of Calco.  Hahn further admits that this press

25   release noted that Defendant Francis spent nearly 10 years at Calco.  Hahn further admits that on

26   February 8, 2008, the webpage at

27   http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

28   "Calco shares the Ethics of Michael Josephson, Founder of the Josephson Institutes of Ethics[.]"

1   Hahn further admits that on February 8, 2008, the webpage at

2   http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

3   attributed to Warren Buffet, "In looking for people to hire, look for three qualities: integrity,

4   intelligence and energy.  And if they don't have the first, the other two will kill you."  Hahn

5   further admits that on February 8, 2008, the webpage at

6   http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

7   attributed to Michael Josephson, "[S]ome people do believe that business is basically an amoral

8   survival-of-the-fittest enterprise where traditional ideas of right and wrong are irrelevant and all

9   that really matters is what works."  Hahn denies the remaining factual allegations in paragraph 32.

10  Hahn further responds that paragraph 32 consists of argument, and on that basis, Hahn is not

11  required to and does not respond to the argument contained in paragraph 32.

12      33.    Answering paragraph 33 of the FAC, Hahn admits that EPIC has a website

13  with the URL http://www.edgewoodins.com.  Hahn also admits that this website contains the

14  statement attributed to it in paragraph 33 as of February 8, 2008.  Hahn further responds that

15  paragraph 33 consists of argument, and on that basis, Hahn is not required to and does not

16  respond to the argument contained in paragraph 33.

17      34.    Answering paragraph 34 of the FAC, Hahn admits that, by and through

18  Defendant Francis and Defendant Hahn, EPIC communicated, separately and individually, with

19  certain Individual Defendants, including Wally Brown, Brian Quinn, and Michael Brown,

20  regarding their respective potential employment at EPIC.  Hahn denies the remaining allegations

21  in paragraph 34.

22      35.    Answering paragraph 35 of the FAC, Hahn denies the allegations contained

23  therein.

24      36.    Answering paragraph 36 of the FAC, Hahn denies the allegations contained

25  therein.

26      37.    Answering paragraph 37 of the FAC, Hahn admits that EPIC had general

27  discussions with Defendant Wally Brown concerning who were large producers of Gallagher.

28  Hahn denies the remaining allegations contained in paragraph 37.  To the extent that the

1   allegations contained in paragraph 37 allege the action of Individual Defendants other than Hahn,

2   Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these

3   allegations, and on that basis Hahn denies these allegations.

4           38.    Answering paragraph 38 of the FAC, Hahn lacks knowledge or information

5   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

6   denies these allegations.

7           39.    Answering paragraph 39 of the FAC, Hahn admits Defendant Wally Brown

8   generally told EPIC about Laura Wick ("Wick") before prior to October 17, 2007.  Hahn further

9   admits that EPIC supplied Wick's name to a recruiter and instructed the recruiter to conduct a

10  preliminary interview for potential employment at EPIC.  Hahn lacks knowledge or information

11  sufficient to form a belief as to the truth or falsity of any allegations concerning conversations

12  that may have transpired between Defendant Wally Brown and Defendant Wick, and on that basis

13  Hahn denies these allegations.  Hahn denies the other factual allegations contained in paragraph

14  39.

15          40.    Answering paragraph 40 of the FAC, Hahn admits that EPIC offered Wick

16  a compensation package that EPIC knew exceeded her current salary level at Gallagher.  Hahn

17  lacks knowledge or information sufficient to form a belief as to the truth or falsity of any

18  allegations concerning conversations that may have transpired between Defendant Wally Brown

19  and Defendant Wick, and on that basis Hahn denies these allegations.  Hahn denies the other

20  allegations contained in paragraph 40.

21          41.    Answering paragraph 41 of the FAC, Hahn lacks knowledge or information

22  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

23  denies these allegations.

24          42.    Answering paragraph 42 of the FAC, Hahn admits that Wick met with

25  employees of EPIC prior to Wick leaving Gallagher.  Hahn further responds that it lacks

26  knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore

27  denies, the allegation that Wick had discussions with Brian Quinn about the alleged intent of

28  other  employees of Gallagher to leave with Wally Brown, Brian Quinn, Neil Cohn, and the

others.  Hahn denies the remaining allegations in paragraph 42.  Hahn further responds that

paragraph 42 consists of argument, and on that basis, Hahn is not required to and does not

respond to the argument contained in paragraph 42.

43.    Answering paragraph 43 of the FAC, Hahn lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.

44.    Answering paragraph 44 of the FAC, Hahn admits that he met with

Defendant Wick prior to October 17, 2007.  Hahn further responds that he lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in

paragraph 44, and on that basis Hahn denies them.

45.    Answering paragraph 45 of the FAC, Hahn lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.  To the extent that the allegations contained in paragraph 45 allege the

conduct of Hahn, Hahn denies these allegations.

46.    Answering paragraph 46 of the FAC, Hahn lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.

47.    Answering paragraph 47 of the FAC, Hahn lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.

48.    Answering paragraph 48 of the FAC, Hahn lacks knowledge or information

sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.  To the extent that the allegations contained in paragraph 48 allege the

conduct of Hahn, Hahn denies these allegations.

49.    Answering paragraph 49 of the FAC, Hahn admits that EPIC met with

Defendant Wick on Wednesday, October 24, 2007 to discuss her employment with EPIC.

Regarding the other factual allegations contained in paragraph 49, Hahn lacks knowledge or

information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies

these allegations.

50.    Answering paragraph 50 of the FAC, Hahn admits that EPIC has leased office space at Bishop Shop 8 Business Center on Executive Parkway in San Ramon, California. Hahn denies that EPIC leased this office space secretly.  Regarding the remaining allegations in paragraph 50, Hahn lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies them.

51.    Answering paragraph 51 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

52.    Answering paragraph 52 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

53.    Answering paragraph 53 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

54.    Answering paragraph 54 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

55.    Answering paragraph 55 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis Hahn denies these allegations.  Hahn further responds that paragraph 55 consists of argument, and on that basis, Hahn is not required to and does not respond to the argument contained in paragraph 55.

56.    Answering paragraph 56 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

57.    Answering paragraph 57 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

1  denies these allegations.

2      58.    Answering paragraph 58 of the FAC, Hahn lacks knowledge or information

3  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

4  denies these allegations.

5      59.    Answering paragraph 59 of the FAC, Hahn lacks knowledge or information

6  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

7  denies these allegations.

8      60.    Answering paragraph 60 of the FAC, Hahn lacks knowledge or information

9  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

10  denies these allegations.  Hahn further responds that paragraph 60 consists of argument, and on

11  that basis, Hahn is not required to and does not respond to the argument contained in paragraph

12  60.  Hahn also responds that paragraph 60 asserts a legal conclusion, and on that basis, Hahn

13  neither admits nor denies the conclusions contained therein.

14      61.    Answering paragraph 61 of the FAC, Hahn responds as follows:

15          a.  Hahn lacks knowledge or information sufficient to form a belief as to

16              the truth or falsity of the allegations set forth in subparagraph (a), and

17              on that basis Hahn denies these allegations.  To the extent that the

18              allegations contained in subparagraph (a) allege the conduct of Hahn,

19              Hahn denies them.

20          b.  Hahn admits that it had general discussions with some of the Individual

21              Defendants listed in paragraph 61 concerning other employees of

22              Gallagher.  Hahn denies the remaining allegations in subparagraph (b).

23          c.  Hahn lacks knowledge or information sufficient to form a belief as to

24              the truth or falsity of the allegations set forth in subparagraph (c), and

25              on that basis Hahn denies these allegations.  To the extent that the

26              allegations contained in subparagraph (c) allege the conduct of Hahn,

27              Hahn denies them.

28          d.  Hahn lacks knowledge or information sufficient to form a belief as to

1   the truth or falsity of the allegations set forth in subparagraph (d), and

2   on that basis Hahn denies these allegations.  To the extent that the

3   allegations contained in subparagraph (d) allege the conduct of Hahn,

4   Hahn denies them.

5   e.  Hahn lacks knowledge or information sufficient to form a belief as to

6   the truth or falsity of the allegations set forth in subparagraph (e), and

7   on that basis Hahn denies these allegations.  To the extent that the

8   allegations contained in subparagraph (e) allege the conduct of Hahn,

9   Hahn denies them.

10  f.  Hahn admits that EPIC had conversations with some of the Individual

11  Defendants listed in paragraph 61.  Hahn denies the remaining

12  allegations in subparagraph (f).

13  g.  Hahn lacks knowledge or information sufficient to form a belief as to

14  the truth or falsity of the allegations set forth in subparagraph (g), and

15  on that basis Hahn denies these allegations.  To the extent that the

16  allegations contained in subparagraph (g) allege the conduct of Hahn,

17  Hahn denies them.

18  h.  Hahn lacks knowledge or information sufficient to form a belief as to

19  the truth or falsity of the allegations set forth in subparagraph (h), and

20  on that basis Hahn denies these allegations.  To the extent that the

21  allegations contained in subparagraph (h) allege the conduct of Hahn,

22  Hahn denies them.

23  i.  Hahn admits that EPIC, and Defendants Wick, Francis, and Hahn

24  interviewed prospective employees over the weekend of December 8

25  and 9, 2007, and that EPIC prepared offer letters for some individuals.

26  With regard to all other factual allegations, Hahn lacks knowledge or

27  information sufficient to form a belief as to the truth or falsity of the

28  allegations set forth in subparagraph (i), and on that basis Hahn denies

1        these allegations.

2        j.   Hahn admits that Defendant Wick conducted interviews on behalf of

3            EPIC once she was employed by EPIC.  With regard to all other factual

4            allegations, Hahn lacks knowledge or information sufficient to form a

5            belief as to the truth or falsity of the allegations set forth in

6            subparagraph (j), and on that basis Hahn denies these allegations.  To

7            the extent that these allege the conduct of Hahn, Hahn denies them.

8        k.  Hahn lacks knowledge or information sufficient to form a belief as to

9            the truth or falsity of the allegations set forth in subparagraph (k), and

10          on that basis Hahn denies these allegations.  To the extent that these

11          allegations allege the conduct of Hahn, Hahn denies them.

12        l.   Hahn lacks knowledge or information sufficient to form a belief as to

13          the truth or falsity of the allegations set forth in subparagraph (l), and

14          on that basis Hahn denies these allegations.  To the extent that these

15          allegations allege the conduct of Hahn, Hahn denies them.

16        m. Hahn denies the allegations in subparagraph (m).

17        n.  Hahn lacks knowledge or information sufficient to form a belief as to

18          the truth or falsity of the allegations set forth in subparagraph (n), and

19          on that basis Hahn denies these allegations.  To the extent that these

20          allegations allege the conduct of Hahn, Hahn denies them.

21      62.    Answering paragraph 62 of the FAC, Hahn lacks knowledge or information

22 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

23 denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn

24 denies them. With respect to the allegations in subparagraphs (a)-(d) of paragraph 62, Hahn

25 responds that it lacks knowledge or information sufficient to form a belief as to their truth or

26 falsity, and on that basis denies them.

27      63.    Answering paragraph 63 of the FAC, Hahn lacks knowledge or information

28 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn denies them.

64.    Answering paragraph 64 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

65.    Answering paragraph 65 of the FAC, Hahn admits that as of the date the FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the date of the filing of this answer, all known Gallagher data has been surrendered to counsel and counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary certification filed with the Court on January 17, 2008.

66.    Answering paragraph 66 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

67.    Answering paragraph 67 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.  Hahn further responds that paragraph 67 consists of argument, and on that basis, Hahn is not required to and does not respond to the argument contained in paragraph 67.

68.    Answering paragraph 68 of the FAC and subparagraphs (a)-(g), Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.  Hahn further responds that paragraph 68 and subparagraphs (a)-(g) consist of argument, and on that basis, Hahn is not required to and does not respond to the argument contained therein.

69.    Answering paragraph 69 of the FAC, Hahn admits that as of the date the FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the date of the filing of this answer, all known Gallagher data has been surrendered to counsel and counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary certification filed with the Court on January 17, 2008.  Hahn denies the remaining allegations in

1    paragraph 69 of the FAC.

2              70.    Answering paragraph 70 of the FAC, Hahn lacks knowledge or information

3    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

4    denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn

5    denies them.

6              71.    Answering paragraph 71 of the FAC, Hahn lacks knowledge or information

7    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

8    denies these allegations.

9              72.    Answering paragraph 72 of the FAC, Hahn lacks knowledge or information

10   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

11   denies these allegations.

12             73.    Answering paragraph 73 of the FAC, Hahn lacks knowledge or information

13   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

14   denies these allegations.

15             74.    Answering paragraph 74 of the FAC, Hahn lacks knowledge or information

16   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

17   denies these allegations.

18             75.    Answering paragraph 75 of the FAC, Hahn denies the factual allegations

19   contained therein.

20             76.    Answering paragraph 76 of the FAC, Hahn lacks knowledge or information

21   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

22   denies these allegations.

23             77.    Answering paragraph 77 of the FAC, Hahn lacks knowledge or information

24   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

25   denies these allegations.  To the extent that these allegations allege conduct of Hahn, Hahn denies

26   them.

27             78.    Answering paragraph 78 of the FAC, Hahn admits that Defendant Neil

28   Cohn negotiated an individual indemnification provision as part of his negotiation of his

1    employment agreement with EPIC, and that he did so in the days leading up to his resignation

2    from Gallagher.  Hahn denies the remaining allegations alleged in paragraph 78.

3        79.    Answering paragraph 79 of the FAC, Hahn admits that Defendants Wally

4    Brown, Michael Brown, Neil Cohn, Carol Cohn, Stephen Hause, Olga Harvison, and Linda

5    Cadinha began work at EPIC on December 7, 2007.  Regarding the remaining allegations in

6    paragraph 79, Hahn lacks knowledge or information sufficient to form a belief as to their truth or

7    falsity, and on that basis Hahn denies them.  Hahn further responds that paragraph 79 asserts a

8    legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions contained

9    therein.

10        80.    Answering paragraph 80 of the FAC, Hahn lacks knowledge or information

11    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

12    denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn

13    denies the allegations contained therein.

14        81.    Answering paragraph 81 of the FAC, Hahn denies the allegations contained

15    therein.

16        82.    Answering paragraph 82 of the FAC, Hahn lacks knowledge or information

17    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

18    denies these allegations.

19        83.    Answering paragraph 83 of the FAC, Hahn admits that at the time

20    Defendant Neil Cohn submitted the letter referenced in paragraph 82, he possessed and retained a

21    750 gigabyte Western Digital external hard drive, several CDs, and a thumb drive, that contained

22    Gallagher data.  Hahn further admits that Defendant Neil Cohn did not disclose these facts until

23    after Gallagher filed this lawsuit.  Hahn denies the remaining allegations alleged in paragraph 83.

24        84.    Answering paragraph 84 of the FAC, Hahn lacks knowledge or information

25    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

26    denies these allegations.

27        85.    Answering paragraph 85 of the FAC, Hahn denies that Hahn had

28    knowledge of or assisted in any alleged solicitation of a top Gallagher San Jose Producer on

December 7, 2007. As to the remaining allegations in paragraph 85, Hahn lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies them.

86. Answering paragraph 86 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations. To the extent that the allegations allege actions taken by Hahn, Hahn denies the allegations contained in paragraph 86.

87. Answering paragraph 87 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

88. Answering paragraph 88 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

89. Answering paragraph 89 of the FAC, Hahn denies the factual allegations contained therein.

90. Answering paragraph 90 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

91. Answering paragraph 91 of the FAC, Hahn admits that EPIC and Defendants Wick, Francis, and Hahn conducted interviews with prospective employees over the weekend of December 8 and December 9, 2007, some of which took place at EPIC's San Ramon office. Hahn further admits that EPIC made employment offers to certain of these prospective employees. Hahn denies the other factual allegations made in paragraph 91.

92. Answering paragraph 92 of the FAC, Hahn denies that Gallagher employees accepted and simultaneously announced their resignations beginning the following Monday morning, denies that the vast majority did so without notice, and denies that they coordinated their resignations among themselves and with EPIC.

93. Hahn denies the allegations in paragraph 93 of the FAC.

94.     Answering paragraph 94 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

95.     Answering paragraph 95 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

96.     Answering paragraph 96 of the FAC, Hahn denies that Defendant Soo Hoo accepted her offer of employment with EPIC on December 8, 2007.  With respect to all other allegations contained in paragraph 96, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

97.     Answering paragraph 97 of the FAC, Hahn admits that Linda Soo Hoo, Eric Chua, Robert Ellsworth, Tammy Glaser, Robin Herman, Barbara Hilgen, Don Johnson, Mary Keck, Lisa Lucas, William Phillips, Dennis Rodriguez, Dirck Stinson, and Colleen Varnica began working at EPIC on Monday, December 10, 2007.  Hahn denies that Molly Armstrong, Elkie Craven, Amber Ronzitti, Sharon Voth, Paul Wagener, or Carol Ward began working at EPIC on Monday, December 10, 2007, but admits that these individuals are now employees of EPIC.  Regarding the remaining allegations in paragraph 97, Hahn lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies them.

98.     Answering paragraph 98 of the FAC, Hahn admits that Susan English, Brett Burdock, and Shandranette Middleton began work at EPIC on Tuesday, December 11, 2007.  Hahn denies that Kristina Stubbs or George Petty began working at EPIC on Tuesday, December 11, 2007, but admits that these individuals are now employees of EPIC.  Regarding the remaining allegations in paragraph 98, Hahn lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies them.

99.     Answering paragraph 99 of the FAC, Hahn admits that Robert Watkins and Patricia Burdock began working at EPIC on Wednesday, December 12, 2007.  Hahn denies that

1    Ruby Johnson began working at EPIC on Wednesday, December 12, 2007, but admits that she is

2    now an employee of EPIC.  Regarding the remaining allegations in paragraph 99, Hahn lacks

3    knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis

4    Hahn denies them.

5        100.    Answering paragraph 100 of the FAC, Hahn denies that Siobahn O'Leary,

6    Olga Rassmussen, or Louanne Sweeney began working at EPIC on Friday, December 14, 2007,

7    but admits that these individuals are now employees of EPIC.  Regarding the remaining

8    allegations in paragraph 100, Hahn lacks knowledge or information sufficient to form a belief as

9    to their truth or falsity, and on that basis Hahn denies them.

10       101.    Answering paragraph 101 of the FAC, Hahn lacks knowledge or

11   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12   basis Hahn denies these allegations.

13       102.    Hahn denies the allegations in paragraph 102 of the FAC.

14       103.    Answering paragraph 103 of the FAC, Hahn responds that paragraph 103

15   asserts a legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions

16   contained therein.  Hahn further responds that to the extent that paragraph 103 describes the

17   understanding and intention of individual defendants, Hahn lacks knowledge or information

18   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

19   denies these allegations.

20       104.    Answering paragraph 104 of the FAC, Hahn lacks knowledge or

21   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

22   basis Hahn denies these allegations.  To the extent that these allegations allege actions taken by

23   Hahn, Hahn denies the allegations contained in paragraph 104.

24       105.    Answering paragraph 105 of the FAC, Hahn admits that at least 47 former

25   employees of Gallagher have accepted positions with EPIC as of January 31, 2008.  With regard

26   to the other factual allegations contained in paragraph 105, Hahn lacks knowledge or information

27   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn

28   denies these allegations.

106.    Answering paragraph 106 of the FAC, Hahn denies that any Individual Defendant received a corporate e-mail account, an office assignment, corporate computer access ID, or Blackberry, until after such Individual Defendant had become an employee of EPIC.  Hahn admits that Defendants Wally Brown, Michael Brown, Brian Quinn, and some other departed employees of Gallagher had corporate e-mail accounts, office assignments, and corporate computer access when they arrived at work as of December 7, 2007.  Hahn denies the remaining allegations alleged in paragraph 106.

107.    Hahn denies the allegations in paragraph 107 of the FAC.

108.    Answering paragraph 108 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

109.    Answering paragraph 109 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

110.    Answering paragraph 110 of the FAC, Hahn admits that Defendant Hause took a document related to a proposal bid for the customer for whom he had set up a meeting.  As to the remaining allegations contained in paragraph 110, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies them.

111.    Answering paragraph 111 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

112.    Answering paragraph 112 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

113.    Answering paragraph 113 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

114. Answering paragraph 114 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

115. Answering paragraph 115 of the FAC, Hahn admits that at least 100 clients have signed Broker of Record letters designating EPIC as their exclusive insurance broker.  Hahn denies the other factual allegations contained in paragraph 115.

116. Answering paragraph 116 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

117. Answering paragraph 117 of the FAC, Hahn denies the allegations contained therein.

118. Answering paragraph 118 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

119. Answering paragraph 119 of the FAC, Hahn denies the allegations contained therein.

120. Answering paragraph 120 of the FAC, Hahn admits that EPIC retained the services of a recruiter to contact certain employees in Gallagher's San Ramon office.  Hahn denies the other allegations contained in paragraph 120.

121. Answering paragraph 121 of the FAC, Hahn denies the allegations contained therein.

122. Answering paragraph 122 of the FAC, Hahn responds that paragraph 112 asserts a legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions contained therein.  Hahn further responds that paragraph 122 consists of argument, and on that basis, Hahn is not required to and does not respond to the argument contained in paragraph 122.

123. Hahn denies the allegations in paragraph 123 of the FAC.

124. Answering paragraph 124 of the FAC, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that

21

1  basis Hahn denies these allegations.

2      125.    Answering paragraph 125 of the FAC, Hahn admits that as of the date the

3  FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the

4  date of the filing of this answer, all known Gallagher data has been surrendered to counsel and

5  counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

6  certification filed with the Court on January 17, 2008.  To the extent that paragraph 125 alleges

7  conduct of Hahn, Hahn denies the remaining allegations in paragraph 125.  To the extent that

8  paragraph 125 alleges conduct of other Individual Defendants, Hahn lacks knowledge or

9  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

10  basis Hahn denies these allegations.

11      126.    Answering paragraph 126 of the FAC, Hahn responds that paragraph 126

12  asserts a legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions

13  contained therein.  Hahn further responds that paragraph 126 consists of argument, and on that

14  basis, Hahn is not required to and does not respond to the argument contained in paragraph 126.

15      127.    Answering paragraph 127 of the FAC, Hahn responds that paragraph 127

16  asserts a legal conclusion, and on that basis, Hahn neither admits nor denies the conclusions

17  contained therein.  Hahn further responds that paragraph 127 consists of argument, and on that

18  basis, Hahn is not required to and does not respond to the argument contained in paragraph 127.

19

20                              **<u>COUNT ONE</u>**

21      128.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

22  required to and does not respond to the allegations contained in paragraph 128.  To the extent a

23  response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

24  1-127 above.

25      129.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

26  required to and does not respond to the allegations contained in paragraph 129.  To the extent a

27  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

28  truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

1    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

2            130.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

3    required to and does not respond to the allegations contained in paragraph 130. To the extent a

4    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

5    truth or falsity of these allegations, and on that basis Hahn denies these allegations. To the extent

6    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

7            131.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

8    required to and does not respond to the allegations contained in paragraph 131. To the extent a

9    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

10    truth or falsity of these allegations, and on that basis Hahn denies these allegations. To the extent

11    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

12            132.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

13    required to and does not respond to the allegations contained in paragraph 132. To the extent a

14    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

15    truth or falsity of these allegations, and on that basis Hahn denies these allegations. To the extent

16    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

17            133.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

18    required to and does not respond to the allegations contained in paragraph 133. To the extent a

19    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

20    truth or falsity of these allegations, and on that basis Hahn denies these allegations.

21            134.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

22    required to and does not respond to the allegations contained in paragraph 134. To the extent a

23    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

24    truth or falsity of these allegations, and on that basis Hahn denies these allegations. To the extent

25    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

26

27                         **<u>COUNT TWO</u>**

28            135.     This cause of action is not asserted against Hahn. Hahn, therefore, is not

1   required to and does not respond to the allegations contained in paragraph 135.  To the extent a

2   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

3   1-134 above.

4          136.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

5   required to and does not respond to the allegations contained in paragraph 136.  To the extent a

6   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

7   truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

8   that these allegations allege the conduct of Hahn, Hahn denies the allegations.

9          137.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

10  required to and does not respond to the allegations contained in paragraph 137.  To the extent a

11  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

12  truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

13  that these allegations allege the conduct of Hahn, Hahn denies the allegations.

14         138.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

15  required to and does not respond to the allegations contained in paragraph 138.  To the extent a

16  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

18  that these allegations allege the conduct of Hahn, Hahn denies the allegations.

19         139.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

20  required to and does not respond to the allegations contained in paragraph 139.  To the extent that

21  a response is required, Hahn denies the allegations contained therein.

22         140.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

23  required to and does not respond to the allegations contained in paragraph 140.  To the extent a

24  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

25  truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

26  that these allegations allege the conduct of Hahn, Hahn denies the allegations.

27         141.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

28  required to and does not respond to the allegations contained in paragraph 141.  To the extent a

1    response is required, Hahn denies the allegations contained in paragraph 141.

2        142.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

3    required to and does not respond to the allegations contained in paragraph 142.  To the extent a

4    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

5    truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

6    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

7

8                                    **<u>COUNT THREE</u>**

9        143.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

10   required to and does not respond to the allegations contained in paragraph 143.  To the extent a

11   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

12   1-142 above.

13       144.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

14   required to and does not respond to the allegations contained in paragraph 144.  To the extent a

15   response is required, Hahn denies the allegations.

16       145.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

17   required to and does not respond to the allegations contained in paragraph 145.  To the extent a

18   response is required, Hahn responds as follows:  Hahn denies the allegation that EPIC's own

19   agreements and Defendants' resignation letters both acknowledge that the categories of

20   information at issue arise to the level of legally protected trade secrets.  With respect to the

21   remaining allegations in paragraph 145 of the FAC, Hahn lacks knowledge or information

22   sufficient to form a belief as to their truth or falsity, and on that basis Hahn denies them.

23       146.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

24   required to and does not respond to the allegations contained in paragraph 146.  To the extent a

25   response is required, Hahn responds as follows:  With respect to whether Gallagher's current and

26   former employees were and are under a duty both to keep Gallagher's proprietary and

27   confidential information secret, and not to use or disclose such information other than for the

28   benefit of Gallagher and with Gallagher's authorization, Hahn lacks knowledge or information

1    sufficient to form a belief as to the truth or falsity, and on that basis denies the allegation.  Hahn

2    denies the other allegations contained paragraph 146.

3            147.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

4    required to and does not respond to the allegations contained in paragraph 147.  To the extent a

5    response is required, Hahn denies the allegations in paragraph 147 of the FAC.

6            148.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

7    required to and does not respond to the allegations contained in paragraph 148.  To the extent a

8    response is required, Hahn denies the allegations in paragraph 148 of the FAC.

9            149.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

10   required to and does not respond to the allegations contained in paragraph 149.  To the extent a

11   response is required, Hahn denies the allegations in paragraph 149 of the FAC.

12           150.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

13   required to and does not respond to the allegations contained in paragraph 150.  To the extent a

14   response is required, Hahn denies the allegations in paragraph 150 of the FAC.

15           151.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

16   required to and does not respond to the allegations contained in paragraph 151 To the extent a

17   response is required, Hahn denies the allegations in paragraph 151 of the FAC.

18           152.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

19   required to and does not respond to the allegations contained in paragraph 152.  To the extent a

20   response is required, Hahn denies the allegations in paragraph 152 of the FAC.

21           153.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

22   required to and does not respond to the allegations contained in paragraph 153.  To the extent a

23   response is required, Hahn denies the allegations in paragraph 153 of the FAC.

24

25                                    **COUNT FOUR**

26           154.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

27   required to and does not respond to the allegations contained in paragraph 154.  To the extent a

28   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

1    1-153 above.

2           155.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

3    required to and does not respond to the allegations contained in paragraph 155.  To the extent a

4    response is required, Hahn responds that paragraph 155 asserts a legal conclusion, and on that

5    basis, Hahn neither admits nor denies the conclusions contained therein.

6           156.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

7    required to and does not respond to the allegations contained in paragraph 156.  To the extent a

8    response is required, Hahn responds as follows:  Hahn admits that certain items belonging to

9    Gallagher were retained by its employees upon their departure from Gallagher.  Hahn denies the

10   remaining allegations contained in paragraph 156.

11          157.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

12   required to and does not respond to the allegations contained in paragraph 157.  To the extent a

13   response is required, Hahn responds that paragraph 157 asserts a legal conclusion, and on that

14   basis, Hahn neither admits nor denies the conclusions contained therein.

15          158.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

16   required to and does not respond to the allegations contained in paragraph 158.  To the extent a

17   response is required, Hahn denies the allegations contained therein.

18          159.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

19   required to and does not respond to the allegations contained in paragraph 159.  To the extent a

20   response is required, Hahn denies the allegations contained therein.

21          160.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

22   required to and does not respond to the allegations contained in paragraph 160.  To the extent a

23   response is required, Hahn denies the allegations contained therein.

24

25                                  **<u>COUNT FIVE</u>**

26          161.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

27   required to and does not respond to the allegations contained in paragraph 161.  To the extent a

28   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

1   1-160 above.

2          162.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

3   required to and does not respond to the allegations contained in paragraph 162.  To the extent a

4   response is required, Hahn denies the allegations contained therein.

5          163.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

6   required to and does not respond to the allegations contained in paragraph 163.  To the extent a

7   response is required, Hahn denies the allegations contained therein.

8          164.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

9   required to and does not respond to the allegations contained in paragraph 164.  To the extent a

10  response is required, Hahn denies the allegations contained therein.

11         165.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

12  required to and does not respond to the allegations contained in paragraph 165.  To the extent a

13  response is required, Hahn denies the allegations contained therein.

14

15                                  **<u>COUNT SIX</u>**

16         166.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

17  required to and does not respond to the allegations contained in paragraph 166.  To the extent a

18  response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

19  1-165 above.

20         167.     This cause of action is not asserted against Hahn.  Hahn, therefore, is not

21  required to and does not respond to the allegations contained in paragraph 167.  To the extent a

22  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

23  truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

24  that these allegations allege the conduct of Hahn, Hahn denies the allegations.

25         168.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

26  required to and does not respond to the allegations contained in paragraph 168.  To the extent a

27  response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

28  truth or falsity of these allegations, and on that basis Hahn denies these allegations.

169.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 169.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

170.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 170.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

171.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 171.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn denies the allegations.

172.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 172.  To the extent a response is required, Hahn denies the allegations contained therein.

173.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 173.  To the extent a response is required, Hahn denies the allegations contained therein.

## COUNT SEVEN

174.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 174.  To the extent a response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs 1-173 above.

175.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 175.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

1    truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

2    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

3            176.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

4    required to and does not respond to the allegations contained in paragraph 176.  To the extent a

5    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

6    truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

7    that these allegations allege the conduct of Hahn, Hahn denies the allegations.

8            177.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

9    required to and does not respond to the allegations contained in paragraph 177.  To the extent a

10   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

11   truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

12   that these allegations allege the conduct of Hahn, Hahn denies the allegations.

13           178.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

14   required to and does not respond to the allegations contained in paragraph 178.  To the extent a

15   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

16   truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

17   that these allegations allege the conduct of Hahn, Hahn denies the allegations.

18

19                            **COUNT EIGHT**[1]

20           179.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

21   required to and does not respond to the allegations contained in paragraph 179.  To the extent a

22   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

23   1-178 above.

24           180.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

25

26   [1] The caption page lists Counts Eight and Nine as claims for breach of fiduciary duty and breach
     of the duty of loyalty, respectively.  In the body of the FAC, however, Count Eight alleges a

27   claim for *both* breach of fiduciary duty *and* breach of the duty of loyalty.  Thus, the claims
     alleged in Counts Nine through Fourteen in the body of the FAC correspond to Counts Ten

28   through Fifteen on the caption page.

1    required to and does not respond to the allegations contained in paragraph 180.  To the extent a

2    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

3    truth or falsity of these allegations, and on that basis Hahn denies these allegations.

4          181.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

5    required to and does not respond to the allegations contained in paragraph 181.  To the extent a

6    response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

7    truth or falsity of these allegations, and on that basis Hahn denies these allegations.

8          182.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

9    required to and does not respond to the allegations contained in paragraph 182.  To the extent a

10   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

11   truth or falsity of these allegations, and on that basis Hahn denies these allegations.

12         183.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

13   required to and does not respond to the allegations contained in paragraph 183.  To the extent a

14   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

15   truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

16   these allegations allege conduct on the part of Hahn, Hahn denies them.

17

18                              **COUNT NINE**[2]

19         184.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

20   required to and does not respond to the allegations contained in paragraph 184.  To the extent a

21   response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

22   1-183 above.

23         185.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not

24   required to and does not respond to the allegations contained in paragraph 185.  To the extent a

25   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

26   truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent

27   _____

28   [2] As noted in footnote 1 above, the claim alleged in Count Nine in the body of the FAC
     corresponds to Count Ten on the caption page.

these allegations allege conduct on the part of Hahn, Hahn denies them.

186.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 186.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

187.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 187.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

188.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 188.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.

189.    This cause of action is not asserted against Hahn.  Hahn, therefore, is not required to and does not respond to the allegations contained in paragraph 189.  To the extent a response is required, Hahn lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis Hahn denies these allegations.  To the extent that these allegations allege the conduct of Hahn, Hahn denies the allegations.

### **COUNT TEN**[3]

190.    Answering paragraph 190 of the FAC, Hahn refers to and incorporates herein his answers as provided in paragraphs 1-189 above.

191.    Answering paragraph 191 of the FAC, Hahn admits that EPIC and Defendants Francis and Hahn were aware of the existence of certain contracts and agreements entered into between Gallagher and certain of Gallagher's employees.  Hahn further admits that EPIC reviewed certain of these contracts or agreements prior to offering employment to former

---

[3] As noted in footnote 1 above, the claim alleged in Count Ten in the body of the FAC corresponds to Count Eleven on the caption page.

1  employees of Gallagher.  Hahn denies the remaining allegations contained in paragraph 191.

2  Hahn further responds that paragraph 191 asserts a legal conclusion, and on that basis, Hahn

3  neither admits nor denies the conclusions contained therein.  Hahn also responds that paragraph

4  191 consists of argument, and on that basis, Hahn is not required to and does not respond to the

5  argument contained in paragraph 191.

6          192.    Answering paragraph 192 of the FAC, Hahn denies the allegations

7  contained therein.

8          193.    Answering paragraph 193 of the FAC, Hahn denies the allegations

9  contained therein.

10          194.    Answering paragraph 194 of the FAC, Hahn denies the allegations

11  contained therein.

12          195.    Answering paragraph 195 of the FAC, Hahn denies the allegations

13  contained therein.

14          196.    Answering paragraph 196 of the FAC, Hahn denies the allegations

15  contained therein.

16

17                          **COUNT ELEVEN**[4]

18          197.    Answering paragraph 197 of the FAC, Hahn refers to and incorporates

19  herein his answers as provided in paragraphs 1-196 above.

20          198.    Answering paragraph 198 of the FAC, Hahn lacks knowledge or

21  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

22  basis EPIC denies these allegations.

23          199.    Answering paragraph 199 of the FAC, Hahn denies the allegations

24  contained therein.

25          200.    Answering paragraph 200 of the FAC, Hahn denies the allegations

26  contained therein.

27  ───────────────────
[4] As noted in footnote 1 above, the claim alleged in Count Eleven in the body of the FAC

28  corresponds to Count Twelve on the caption page.

201.    Answering paragraph 201 of the FAC, Hahn denies the allegations contained therein.

202.    Answering paragraph 202 of the FAC, Hahn denies the allegations contained therein.

### COUNT TWELVE[5]

203.    Answering paragraph 203 of the FAC, Hahn refers to and incorporates herein his answers as provided in paragraphs 1-202 above.

204.    Answering paragraph 204 of the FAC, Hahn denies the allegations contained therein.

205.    Answering paragraph 205 of the FAC, Hahn denies the allegations contained therein.

### COUNT THIRTEEN[6]

206.    Answering paragraph 206 of the FAC, Hahn refers to and incorporates herein his answers as provided in paragraphs 1-205 above.

207.    Answering paragraph 207 of the FAC, Hahn denies the allegations contained therein.

208.    Answering paragraph 208 of the FAC, Hahn denies the allegations contained therein.

### COUNT FOURTEEN[7]

209.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

---

[5] As noted in footnote 1 above, the claim alleged in Count Twelve in the body of the FAC corresponds to Count Thirteen on the caption page.

[6] As noted in footnote 1 above, the claim alleged in Count Thirteen in the body of the FAC corresponds to Count Fourteen on the caption page.

[7] As noted in footnote 1 above, the claim alleged in Count Fourteen in the body of the FAC corresponds to Count Fifteen on the caption page.

1    required to and does not respond to the allegations contained in paragraph 209. To the extent a

2    response is required, Hahn refers to and incorporates herein his answers as provided in paragraphs

3    1-208 above.

4         210.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

5    required to and does not respond to the allegations contained in paragraph 210. To the extent a

6    response is required, Hahn responds that it lacks knowledge or information sufficient to form a

7    belief as to the truth or falsity of the allegations set forth in subparagraphs (a) through (g), and on

8    that basis Hahn denies these allegations.

9         211.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

10   required to and does not respond to the allegations contained in paragraph 211. To the extent a

11   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

12   truth or falsity of these allegations, and on that basis Hahn denies these allegations.

13        212.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

14   required to and does not respond to the allegations contained in paragraph 212. To the extent a

15   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

16   truth or falsity of these allegations, and on that basis Hahn denies these allegations.

17        213.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

18   required to and does not respond to the allegations contained in paragraph 213. To the extent a

19   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

20   truth or falsity of these allegations, and on that basis Hahn denies these allegations.

21        214.    This cause of action is not asserted against Hahn. Hahn, therefore, is not

22   required to and does not respond to the allegations contained in paragraph 214. To the extent a

23   response is required, Hahn lacks knowledge or information sufficient to form a belief as to the

24   truth or falsity of these allegations, and on that basis Hahn denies these allegations.

25

26                              **AFFIRMATIVE DEFENSES**

27        For his affirmative defenses to the FAC, Hahn alleges the following:

28

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

**THIRD AFFIRMATIVE DEFENSE**

(Justification)

The actions of Hahn that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of Hahn.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

**FIFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Hahn acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

**SIXTH AFFIRMATIVE DEFENSE**

1    (Failure to Conduct Reasonable Inquiry)

2         The FAC, and each and every purported cause of action alleged therein, is barred

3    because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure,

4    and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

5    their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

6

7                      **SEVENTH AFFIRMATIVE DEFENSE**

8                          (Privilege of Competition)

9         Gallagher's FAC, and each purported claim for relief alleged therein, are barred by

10   the privilege to compete.

11

12                       **EIGHTH AFFIRMATIVE DEFENSE**

13                        (Absence of Irreparable Harm)

14        To the extent Gallagher attempts to seek equitable relief, it is not entitled to such

15   relief because the injury or damages suffered by Gallagher, if any, would be adequately

16   compensated in an action at law for damages.

17

18                       **NINTH AFFIRMATIVE DEFENSE**

19                          (Equitable Estoppel)

20        Some of the claims are barred by the doctrine of equitable estoppel.

21

22                       **TENTH AFFIRMATIVE DEFENSE**

23                          (Judicial Estoppel)

24        Some of the claims are barred by the doctrine of judicial estoppel.

25

26                      **ELEVENTH AFFIRMATIVE DEFENSE**

27                          (Unclean Hands)

28        Some of the claims are barred by the doctrine of unclean hands.

1

2    **TWELFTH AFFIRMATIVE DEFENSE**

3    (Failure to Establish Misappropriation)

4    Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

5    Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because

6    the allegations are false and because Hahn has not "misappropriated" Gallagher's "trade secrets."

7

8    **THIRTEENTH AFFIRMATIVE DEFENSE**

9    (Failure to Establish Existence of Trade Secrets)

10   Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

11   Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at

12   issue is readily ascertainable by proper means and is therefore not a "trade secret" under

13   California law.

14

15   **FOURTEENTH AFFIRMATIVE DEFENSE**

16   (Invalidity of Contracts)

17   Gallagher's  Sixth and Seventh Claims for Breach of Written Contract and Breach

18   of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

19   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

20   contracts as they lack consideration and/or are void for public policy reasons under California

21   law.

22

23   **FIFTEENTH AFFIRMATIVE DEFENSE**

24   (Failure to Establish a Private Cause of Action)

25   Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and

26   2859 is barred as an improper cause of action.

27

28   **SIXTEENTH AFFIRMATIVE DEFENSE**

(Public Policy)

Some of the claims are barred insofar as several contract provisions are void for public policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Gallagher has waived the right, if any, to pursue the claims in the FAC, and each purported cause of action contained therein, by reason of Gallagher's own actions and course of conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that Defendants' conduct is not likely to mislead the public or harm Gallagher.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim with the requisite particularity.

## TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if

1  any, as required by law.

2

3  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  (Punitive Damages)

5  Gallagher is not entitled to recover any punitive or exemplary damages as prayed

6  for in the FAC, because California's laws regarding the alleged conduct in question in this action

7  are too vague to permit the imposition of punitive damages, and the award of punitive damages as

8  applied to the facts of this case would violate Hahn's constitutional rights under the United States

9  and California Constitutions.

10

11  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

12  (Incorporation of Other Defenses)

13  Hahn adopts and incorporates any and all other defenses raised or to be raised by

14  any other defendant joined in this litigation to the extent that said defenses are not inconsistent

15  with Hahn's assertions that Hahn is not liable to Gallagher or anyone for any amount whatsoever

16  arising out of this lawsuit.

17

18  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

19  (Improper Restraint of Competition)

20  Some of Gallagher's claims are improper efforts to restrain competition and

21  employee mobility in violation of Cal. Bus. & Prof. Code Section 16600.

22

23  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24  (Reservation of Rights)

25  Hahn reserves the right to raise additional affirmative and other defenses as they

26  are discovered or otherwise become available.

27  //

28  //

4420650.1

40

1

## **PRAYER FOR RELIEF**

2          Hahn denies that Gallagher is entitled to any of the relief requested in its FAC.

3    WHEREFORE, Hahn prays:

4                  1.      That Gallagher take nothing by reason of its FAC;

5                  2.      That judgment be rendered in favor of Hahn;

6                  3.      That Hahn be awarded Hahn's costs incurred in defense of this action; and

7                  4.      That the Court provide such other relief as it deems proper.

8

9    Dated:  February 8, 2008                    MUNGER, TOLLES & OLSON LLP

10

11

12                                          BY:  _____/s/_____
                                                        MALCOLM A. HEINICKE

13                                          Attorney for Defendants
                                            EDGEWOOD PARTNERS
14                                          INSURANCE CENTER, DAN R. FRANCIS &
                                            JOHN G. HAHN
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4420650.1                          41          Answer to FAC by Def. Hahn; Gallagher v.
                                                EPIC, Case No. 07-CV-06418-JSW