1   JEROME C. ROTH (SBN 159483)
    MARTIN D. BERN (SBN 153203)
2   MALCOLM A. HEINICKE (SBN 194174)
    MUNGER, TOLLES & OLSON LLP
3   560 Mission Street
    Twenty-Seventh Floor
4   San Francisco, CA  94105-2907
    Telephone:    (415) 512-4000
5   Facsimile:    (415) 512-4077

6   Attorneys for Defendant
    EDGEWOOD PARTNERS INSURANCE CENTER,
7   DAN R. FRANCIS & JOHN G. HAHN

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  ARTHUR J. GALLAGHER & CO., INC.,          CASE NO.  07-CV-06418-JSW
    a Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE
    BROKERS OF CALIFORNIA, INC., a
14  California Corporation,

15                    Plaintiffs,            **ANSWER TO FIRST AMENDED**
                                             **COMPLAINT BY DEFENDANT**
16          vs.                              **EDGEWOOD PARTNERS INSURANCE**
                                             **CENTER**
17  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California corporation; DAN
18  R. FRANCIS; JOHN G. HAHN;
    ANDREW ("WALLY") BROWN, JR.;             **The Honorable Jeffrey S. White**
19  BRIAN F. QUINN; NEIL R. COHN;
    CAROLANN COHN; MICHAEL J.
20  BROWN; STEPHEN HAUSE; LAURA J.
    WICK; JAMES C. HALBLEIB;
21  LAURINDA ("LAURIE") A. MARTIN;
    ERIC CHUA; GEORGE J. PETTY;
22  LINDA SOO HOO; ROBERT E. DUTTO;
    SUSAN M. ENGLISH; DON J.
23  JOHNSON; ALLEN L. AMOS;
    WILLIAM ("BILL") PHILLIPS, JR.;
24  DIRCK ("RICK") R. STINSON; ROBERT
    ("BOB") D. ELLSWORTH; ROBERT H.
25  WATKINS; PAUL H. WAGENER;
    SHANDRANETTE MIDDLETON,
26
                      Defendants.
27

28

4418284.1                              Answer to FAC by Def. EPIC; Gallagher v.
                                            EPIC, Case No. 07-CV-06418-JSW

1    Defendant Edgewood Partners Insurance Center ("EPIC") respectfully answers the

2    unverified First Amended Complaint ("FAC") of Plaintiffs Arthur J. Gallagher & Co., Inc., and

3    Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively, "Gallagher").  As

4    an initial matter, EPIC states that the subheadings in the FAC are argumentative, and require no

5    response.  To the extent any response is required, EPIC denies each and every allegation of each

6    subheading.  EPIC answers each paragraph of the FAC in correspondingly numbered paragraphs

7    as follows:

8

9    **I.  NATURE OF ACTION**

10    1.    Answering paragraph 1 of the FAC, EPIC denies the allegation that EPIC

11    illegally raided Gallagher's employees and stole Gallagher's confidential data to unfairly

12    compete, and further denies the allegation that these alleged actions are ongoing.  EPIC admits

13    that Gallagher's FAC seeks remedies, including injunctive and monetary relief, for violation of

14    the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq., violation of California Penal Code

15    §502, misappropriation of trade secrets, Cal. Civ. Code §3426 et seq., misappropriation of

16    employer property, Cal. Civ. Code §2860, conversion, breach of written contract, breach of the

17    covenant of good faith and fair dealing, breach of fiduciary duty and breach of the duty of loyalty,

18    violations of the California Labor Code, Cal. Labor Code §§2853 and 2863, tortious interference

19    with contract, tortious interference with prospective business advantage, unfair competition, Cal.

20    Bus. & Prof. Code § 17200 et seq., unjust enrichment, and fraud.  EPIC denies, however, any

21    liability for the causes of action listed in paragraph 1 of the FAC.

22    2.    Answering paragraph 2 of the FAC, EPIC responds that the allegations

23    contained therein are too vague or ambiguous for EPIC to form a belief as to their truth or falsity,

24    and on that basis EPIC denies these allegations.  EPIC further responds that paragraph 2 asserts a

25    legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions contained

26    therein.

27    3.    Answering paragraph 3 of the FAC, EPIC responds that the allegations

28    contained therein are too vague or ambiguous for EPIC to form a belief as to the truth or falsity of

1

1   these allegations, and on that basis EPIC denies these allegations.  EPIC further responds that

2   paragraph 3 consists of argument, and on that basis, EPIC is not required to and does not respond

3   to the argument contained in paragraph 3.

4           4.      Answering paragraph 4 of the FAC, EPIC admits that it is an insurance

5   brokerage firm, and that its two most senior executives are John G. Hahn ("Hahn") and Dan R.

6   Francis ("Francis").  EPIC denies the other factual allegations contained in paragraph 4.  EPIC

7   further responds that paragraph 4 consists of argument, and on that basis, EPIC is not required to

8   and does not respond to the argument contained in paragraph 4.

9           5.      Answering paragraph 5 of the FAC, EPIC responds that paragraph 5 asserts

10  a legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions contained

11  therein.  EPIC further responds that the allegations contained therein are too vague or ambiguous

12  for EPIC to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

13  denies these allegations.  EPIC also responds that paragraph 5 consists of argument, and on that

14  basis, EPIC is not required to and does not respond to the argument contained in paragraph 5.

15          6.      Answering paragraph 6 of the FAC, EPIC admits that Defendant Francis

16  and Defendant Hahn are executives of EPIC.  EPIC denies the other factual allegations contained

17  in paragraph 6.  EPIC further responds that paragraph 6 contains argument, and on that basis,

18  EPIC is not required to and does not respond to the argument contained in paragraph 6.  EPIC

19  also responds that paragraph 6 asserts a legal conclusion, and on that basis, EPIC neither admits

20  nor denies the conclusions contained therein.

21          7.      Answering paragraph 7 of the FAC, EPIC admits that certain former

22  Gallagher employees chose to announce their resignations from Gallagher on Friday, December

23  7, 2007.  EPIC denies the other factual allegations contained in paragraph 7.  To the extent that

24  the allegations contained in paragraph 7 describe the intent, state of mind or conduct of certain

25  former Gallagher employees, EPIC lacks knowledge or information sufficient to form a belief as

26  to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

27          8.      Answering paragraph 8 of the FAC, EPIC denies the factual allegations

28  contained therein.  EPIC further responds that paragraph 8 asserts a legal conclusion, and on that

1    basis, EPIC neither admits nor denies the conclusions contained therein.

2             9.    Answering paragraph 9 of the FAC, to the extent that these allegations

3    allege the conduct of EPIC, EPIC denies the allegations contained therein.  EPIC further responds

4    that paragraph 9 asserts a legal conclusion, and on that basis, EPIC neither admits nor denies the

5    conclusions contained therein.

6             10.    Answering paragraph 10 of the FAC, to the extent that these allegations

7    allege the conduct of EPIC, EPIC denies the allegations contained therein.  EPIC responds that

8    the allegations contained therein are too vague or ambiguous for EPIC to form a belief as to the

9    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  EPIC also

10   responds that the allegations contained in paragraph 10 consists of argument, and on that basis

11   EPIC is not required to and does not respond to the argument contained in paragraph 10.

12            11.    Answering paragraph 11 of the FAC, EPIC denies the factual allegations

13   contained therein.  EPIC further responds that paragraph 11 consists of argument, and on that

14   basis, EPIC is not required to and does not respond to the argument contained in paragraph 11.

15

16                    **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

17            12.    Answering paragraph 12 of the FAC, EPIC admits that federal jurisdiction

18   is proper in this case.  EPIC, however, denies any liability under the federal claims asserted by

19   Gallagher, as well as any liability under Gallagher's state claims.

20            13.    Answering paragraph 13 of the FAC, EPIC admits that venue is

21   appropriate in this Court because a substantial part of the alleged events or omissions giving rise

22   to Gallagher's claims occurred within the Northern District of California.

23

24                    **III.    PARTIES AND PERSONAL JURISDICTION**

25            14.    Answering paragraph 14 of the FAC, EPIC lacks knowledge or information

26   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

27   denies these allegations.

28            15.    Answering paragraph 15 of the FAC, EPIC admits the factual allegations

4418284.1                        3                    Answer to FAC by Def. EPIC; Gallagher v.
                                                      EPIC, Case No. 07-CV-06418-JSW

1    contained therein.

2            16.     Answering paragraph 16 of the FAC, EPIC admits the factual allegations

3    contained therein.

4            17.     Answering paragraph 17 of the FAC, EPIC lacks knowledge or information

5    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

6    denies these allegations.  EPIC further responds that paragraph 17 asserts a legal conclusion, and

7    on that basis, EPIC neither admits nor denies the conclusions contained therein.

8            18.     Answering paragraph 18 of the FAC, EPIC denies that Defendant Francis

9    or Defendant Hahn were former employees of Gallagher.  As to the allegations that the remaining

10   Individual Defendants were former employees of Gallagher, EPIC lacks knowledge or

11   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12   basis, EPIC denies these allegations.  EPIC admits that all Individual Defendants are current

13   employees of EPIC.  As to the residency of the Individual Defendants, EPIC lacks knowledge or

14   information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15   basis EPIC denies these allegations.  EPIC further responds that the remainder of paragraph 18

16   consists of argument, and on that basis, EPIC is not required to and does not respond to the

17   argument contained in paragraph 18.  EPIC also responds that paragraph 18 asserts a legal

18   conclusion, and on that basis, EPIC neither admits nor denies the conclusions contained therein.

19           19.     Answering paragraph 19 of the FAC, EPIC denies the factual allegations

20   contained therein.  EPIC further responds that paragraph 19 consists of argument, and on that

21   basis, EPIC is not required to and does not respond to the argument contained in paragraph 19.

22   EPIC also responds that paragraph 19 asserts a legal conclusion, and on that basis, EPIC neither

23   admits nor denies the conclusions contained therein.

24           20.     Answering paragraph 20 of the FAC, EPIC denies the factual allegations

25   contained therein.  EPIC further responds that paragraph 20 asserts a legal conclusion, and on that

26   basis, EPIC neither admits nor denies the conclusions contained therein.  EPIC also responds that

27   paragraph 20 consists of argument, and on that basis, EPIC is not required to and does not

28   respond to the argument contained in paragraph 20.

1    21.    Answering paragraph 21 of the FAC, EPIC denies the factual allegations

2    contained therein.  EPIC further responds that paragraph 21 asserts a legal conclusion, and on that

3    basis, EPIC neither admits nor denies the conclusions contained therein.  EPIC also responds that

4    paragraph 21 consists of argument, and on that basis, EPIC is not required to and does not

5    respond to the argument contained in paragraph 21.

6

7                    IV.    **FACTUAL ALLEGATIONS**

8    22.    Answering paragraph 22 of the FAC, EPIC admits that the Individual

9    Defendants, other than Defendant Hahn and Defendant Francis, left Gallagher to join EPIC.

10   EPIC denies that the Individual Defendants left *en masse* to join EPIC.  As to the remaining

11   allegations in paragraph 22, including those in subparts a-f, EPIC lacks knowledge or information

12   sufficient to form a belief as to their truth or falsity, and on that basis EPIC denies them.

13   23.    Answering paragraph 23 of the FAC, EPIC lacks knowledge or information

14   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

15   denies these allegations.

16   24.    Answering paragraph 24 of the FAC, EPIC lacks knowledge or information

17   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

18   denies these allegations.

19   25.    Answering paragraph 25 of the FAC, EPIC lacks knowledge or information

20   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

21   denies these allegations.  EPIC further responds that paragraph 25 asserts a legal conclusion, and

22   on that basis, EPIC neither admits nor denies the conclusions contained therein.

23   26.    Answering paragraph 26 of the FAC, EPIC lacks knowledge or information

24   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

25   denies these allegations.  EPIC further responds that paragraph 26 asserts a legal conclusion, and

26   on that basis, EPIC neither admits nor denies the conclusions contained therein.

27   27.    Answering paragraph 27 of the FAC, EPIC lacks knowledge or information

28   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

1    denies these allegations.  EPIC further responds that paragraph 27 asserts a legal conclusion, and

2    on that basis, EPIC neither admits nor denies the conclusions contained therein.

3            28.    Answering paragraph 28 of the FAC, EPIC lacks knowledge or information

4    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

5    denies these allegations.

6            29.    Answering paragraph 29 of the FAC, EPIC admits that its producers signed

7    agreements in connection with their employment at EPIC.  EPIC further admits that these

8    agreements contain provisions regarding (a) confidential information and trade secrets, (b)

9    solicitation of employees, (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive

10    relief.  As to the remaining allegations contained in paragraph 29, EPIC lacks knowledge or

11    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

12    basis EPIC denies these allegations.

13            30.    Answering paragraph 30 of the FAC, EPIC admits the factual allegations

14    contained therein.

15            31.    Answering paragraph 31 of the FAC, EPIC admits that it acquired Calco

16    Insurance Brokers & Agents, Inc. ("Calco"), in July of 2007.  EPIC further admits that it

17    competes with Gallagher.  EPIC further admits that with the acquisition of Calco, it acquired

18    some of the business relationships with insurance companies it needed to begin functioning as an

19    active brokerage.  EPIC denies the other factual allegations contained in paragraph 31.

20            32.    Answering paragraph 32 of the FAC, EPIC admits that it issued a press

21    release in June of 2007 in announcing its acquisition of Calco.  EPIC further admits that this press

22    release noted that Defendant Francis spent nearly 10 years at Calco.  EPIC further admits that on

23    February 8, 2008, the webpage at

24    http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

25    "Calco shares the Ethics of Michael Josephson, Founder of the Josephson Institutes of Ethics[.]"

26    EPIC further admits that on February 8, 2008, the webpage at

27    http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

28    attributed to Warren Buffet, "In looking for people to hire, look for three qualities: integrity,

1  intelligence and energy.  And if they don't have the first, the other two will kill you."  EPIC

2  further admits that on February 8, 2008, the webpage at

3  http://www.calco.com/News&Resources/Articles/CalcoEthics.pdf contained the statement,

4  attributed to Michael Josephson, "[S]ome people do believe that business is basically an amoral

5  survival-of-the-fittest enterprise where traditional ideas of right and wrong are irrelevant and all

6  that really matters is what works."  EPIC denies the remaining factual allegations in paragraph 32.

7  EPIC further responds that paragraph 32 consists of argument, and on that basis, EPIC is not

8  required to and does not respond to the argument contained in paragraph 32.

9        33.    Answering paragraph 33 of the FAC, EPIC admits that it has a website

10  with the URL http://www.edgewoodins.com.  EPIC also admits that this website contains the

11  statement attributed to it in paragraph 33 as of February 8, 2008.  EPIC further responds that

12  paragraph 33 consists of argument, and on that basis, EPIC is not required to and does not

13  respond to the argument contained in paragraph 33.

14        34.    Answering paragraph 34 of the FAC, EPIC admits that, by and through

15  Defendant Francis and Defendant Hahn, EPIC communicated, separately and individually, with

16  certain Individual Defendants, including Wally Brown, Brian Quinn, and Michael Brown,

17  regarding their respective potential employment at EPIC.  EPIC denies the remaining allegations

18  in paragraph 34.

19        35.    Answering paragraph 35 of the FAC, EPIC denies the allegations contained

20  therein.

21        36.    Answering paragraph 36 of the FAC, EPIC denies the allegations contained

22  therein.

23        37.    Answering paragraph 37 of the FAC, EPIC admits that it had general

24  discussions with Defendant Wally Brown concerning who were large producers of Gallagher.

25  EPIC denies the remaining allegations contained in paragraph 37.  To the extent that the

26  allegations contained in paragraph 37 allege the action of Individual Defendants, EPIC lacks

27  knowledge or information sufficient to form a belief as to the truth or falsity of these allegations,

28  and on that basis EPIC denies these allegations.

38.     Answering paragraph 38 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

39.     Answering paragraph 39 of the FAC, EPIC admits Defendant Wally Brown generally told EPIC about Laura Wick ("Wick") before prior to October 17, 2007.  EPIC further admits that EPIC supplied Wick's name to a recruiter and instructed the recruiter to conduct a preliminary interview for potential employment at EPIC.  EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations concerning conversations that may have transpired between Defendant Wally Brown and Defendant Wick, and on that basis EPIC denies these allegations.  EPIC denies the other factual allegations contained in paragraph 39.

40.     Answering paragraph 40 of the FAC, EPIC admits that it offered Wick a compensation package that it knew exceeded her current salary level at Gallagher.  EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations concerning conversations that may have transpired between Defendant Wally Brown and Defendant Wick, and on that basis EPIC denies these allegations.  EPIC denies the other allegations contained in paragraph 40.

41.     Answering paragraph 41 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

42.     Answering paragraph 42 of the FAC, EPIC admits that Wick met with employees of EPIC prior to Wick leaving Gallagher.  EPIC further responds that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore denies, the allegation that Wick had discussions with Brian Quinn about the alleged intent of other  employees of Gallagher to leave with Wally Brown, Brian Quinn, Neil Cohn, and the others.  EPIC denies the remaining allegations in paragraph 42.  EPIC further responds that paragraph 42 consists of argument, and on that basis, EPIC is not required to and does not respond to the argument contained in paragraph 42.

8

43.     Answering paragraph 43 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

44.     Answering paragraph 44 of the FAC, EPIC admits that Defendant Hahn met with Defendant Wick prior to October 17, 2007.  EPIC further responds that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 44, and on that basis EPIC denies them.

45.     Answering paragraph 45 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent that the allegations contained in paragraph 45 allege the conduct of EPIC, EPIC denies these allegations.

46.     Answering paragraph 46 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

47.     Answering paragraph 47 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

48.     Answering paragraph 48 of the FAC, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent that the allegations contained in paragraph 48 allege the conduct of EPIC, EPIC denies these allegations.

49.     Answering paragraph 49 of the FAC, EPIC admits that it met with Defendant Wick on Wednesday, October 24, 2007 to discuss her employment with EPIC. Regarding the other factual allegations contained in paragraph 49, EPIC lacks knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis EPIC denies these allegations.

50.     Answering paragraph 50 of the FAC, EPIC admits that it has leased office space at Bishop Shop 8 Business Center on Executive Parkway in San Ramon, California.  EPIC

9

1    denies that it leased this office space secretly.  Regarding the remaining allegations in paragraph

2    50, EPIC lacks knowledge or information sufficient to form a belief as to their truth or falsity, and

3    on that basis EPIC denies them.

4              51.    Answering paragraph 51 of the FAC, EPIC lacks knowledge or information

5    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

6    denies these allegations.

7              52.    Answering paragraph 52 of the FAC, EPIC lacks knowledge or information

8    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

9    denies these allegations.

10             53.    Answering paragraph 53 of the FAC, EPIC lacks knowledge or information

11   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

12   denies these allegations.

13             54.    Answering paragraph 54 of the FAC, EPIC lacks knowledge or information

14   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

15   denies these allegations.

16             55.    Answering paragraph 55 of the FAC, EPIC lacks knowledge or information

17   sufficient to form a belief as to the truth or falsity of the allegations, and on that basis EPIC

18   denies these allegations.  EPIC further responds that paragraph 55 consists of argument, and on

19   that basis, EPIC is not required to and does not respond to the argument contained in paragraph

20   55.

21             56.    Answering paragraph 56 of the FAC, EPIC lacks knowledge or information

22   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

23   denies these allegations.

24             57.    Answering paragraph 57 of the FAC, EPIC lacks knowledge or information

25   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

26   denies these allegations.

27             58.    Answering paragraph 58 of the FAC, EPIC lacks knowledge or information

28   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

1   denies these allegations.

2           59.     Answering paragraph 59 of the FAC, EPIC lacks knowledge or information

3   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

4   denies these allegations.

5           60.     Answering paragraph 60 of the FAC, EPIC lacks knowledge or information

6   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

7   denies these allegations.  EPIC further responds that paragraph 60 consists of argument, and on

8   that basis, EPIC is not required to and does not respond to the argument contained in paragraph

9   60.  EPIC also responds that paragraph 60 asserts a legal conclusion, and on that basis, EPIC

10  neither admits nor denies the conclusions contained therein.

11          61.     Answering paragraph 61 of the FAC, EPIC responds as follows:

12              a.  EPIC lacks knowledge or information sufficient to form a belief as to

13                  the truth or falsity of the allegations set forth in subparagraph (a), and

14                  on that basis EPIC denies these allegations.  To the extent that the

15                  allegations contained in subparagraph (a) allege the conduct of EPIC,

16                  EPIC denies them.

17              b.  EPIC admits that it had general discussions with some of the Individual

18                  Defendants listed in paragraph 61 concerning other employees of

19                  Gallagher.  EPIC denies the remaining allegations in subparagraph (b).

20              c.  EPIC lacks knowledge or information sufficient to form a belief as to

21                  the truth or falsity of the allegations set forth in subparagraph (c), and

22                  on that basis EPIC denies these allegations.  To the extent that the

23                  allegations contained in subparagraph (c) allege the conduct of EPIC,

24                  EPIC denies them.

25              d.  EPIC lacks knowledge or information sufficient to form a belief as to

26                  the truth or falsity of the allegations set forth in subparagraph (d), and

27                  on that basis EPIC denies these allegations.  To the extent that the

28                  allegations contained in subparagraph (d) allege the conduct of EPIC,

Answer to FAC by Def. EPIC; Gallagher v.
                                                                EPIC, Case No. 07-CV-06418-JSW

1          EPIC denies them.

2      e.  EPIC lacks knowledge or information sufficient to form a belief as to

3          the truth or falsity of the allegations set forth in subparagraph (e), and

4          on that basis EPIC denies these allegations. To the extent that the

5          allegations contained in subparagraph (e) allege the conduct of EPIC,

6          EPIC denies them.

7      f.  EPIC admits that it met with some of the Individual Defendants listed

8          in paragraph 61. EPIC denies the remaining allegations in

9          subparagraph (f).

10     g.  EPIC lacks knowledge or information sufficient to form a belief as to

11         the truth or falsity of the allegations set forth in subparagraph (g), and

12         on that basis EPIC denies these allegations. To the extent that the

13         allegations contained in subparagraph (g) allege the conduct of EPIC,

14         EPIC denies them.

15     h.  EPIC lacks knowledge or information sufficient to form a belief as to

16         the truth or falsity of the allegations set forth in subparagraph (h), and

17         on that basis EPIC denies these allegations. To the extent that the

18         allegations contained in subparagraph (h) allege the conduct of EPIC,

19         EPIC denies them.

20     i.  EPIC admits that EPIC, and Defendants Wick, Francis, and Hahn

21         interviewed prospective employees over the weekend of December 8

22         and 9, 2007, and that EPIC prepared offer letters for some individuals.

23         With regard to all other factual allegations, EPIC lacks knowledge or

24         information sufficient to form a belief as to the truth or falsity of the

25         allegations set forth in subparagraph (i), and on that basis EPIC denies

26         these allegations.

27     j.  EPIC admits that Defendant Wick conducted interviews on behalf of

28         EPIC once she was employed by EPIC. With regard to all other factual

12                 Answer to FAC by Def. EPIC; Gallagher v.
                                                                              EPIC, Case No. 07-CV-06418-JSW

1                        allegations, EPIC lacks knowledge or information sufficient to form a

2                        belief as to the truth or falsity of the allegations set forth in

3                        subparagraph (j), and on that basis EPIC denies these allegations.  To

4                        the extent that these allege the conduct of EPIC, EPIC denies them.

5             k.  EPIC lacks knowledge or information sufficient to form a belief as to

6                the truth or falsity of the allegations set forth in subparagraph (k), and

7                on that basis EPIC denies these allegations.  To the extent that these

8                allegations allege the conduct of EPIC, EPIC denies them.

9             l.  EPIC lacks knowledge or information sufficient to form a belief as to

10               the truth or falsity of the allegations set forth in subparagraph (l), and

11               on that basis EPIC denies these allegations.  To the extent that these

12               allegations allege the conduct of EPIC, EPIC denies them.

13            m.  EPIC denies the allegations in subparagraph (m).

14            n.  EPIC lacks knowledge or information sufficient to form a belief as to

15               the truth or falsity of the allegations set forth in subparagraph (n), and

16               on that basis EPIC denies these allegations.  To the extent that these

17               allegations allege the conduct of EPIC, EPIC denies them.

18         62.    Answering paragraph 62 of the FAC, EPIC lacks knowledge or information

19 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

20 denies these allegations.  To the extent that these allegations allege the conduct of EPIC, EPIC

21 denies them. With respect to the allegations in subparagraphs (a)-(d) of paragraph 62, EPIC

22 responds that it lacks knowledge or information sufficient to form a belief as to their truth or

23 falsity, and on that basis denies them.

24         63.    Answering paragraph 63 of the FAC, EPIC lacks knowledge or information

25 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

26 denies these allegations.

27         64.    Answering paragraph 64 of the FAC, EPIC lacks knowledge or information

28 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

1   denies these allegations.

2          65.     Answering paragraph 65 of the FAC, EPIC admits that as of the date the

3   FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the

4   date of the filing of this answer, all known Gallagher data has been surrendered to counsel and

5   counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

6   certification filed with the Court on January 17, 2008.

7          66.     Answering paragraph 66 of the FAC, EPIC lacks knowledge or information

8   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

9   denies these allegations.

10         67.     Answering paragraph 67 of the FAC, EPIC lacks knowledge or information

11  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

12  denies these allegations.  EPIC further responds that paragraph 67 consists of argument, and on

13  that basis, EPIC is not required to and does not respond to the argument contained in paragraph

14  67.

15         68.     Answering paragraph 68 of the FAC and subparagraphs a-g, EPIC lacks

16  knowledge or information sufficient to form a belief as to the truth or falsity of these allegations,

17  and on that basis EPIC denies these allegations.  EPIC further responds that paragraph 68 and

18  subparagraphs a-g consist of argument, and on that basis, EPIC is not required to and does not

19  respond to the argument contained therein.

20         69.     Answering paragraph 69 of the FAC, EPIC admits that as of the date the

21  FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the

22  date of the filing of this answer, all known Gallagher data has been surrendered to counsel and

23  counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

24  certification filed with the Court on January 17, 2008.  EPIC denies the remaining allegations in

25  paragraph 69 of the FAC.

26         70.     Answering paragraph 70 of the FAC, EPIC lacks knowledge or information

27  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

28  denies these allegations.  To the extent that these allegations allege the conduct of EPIC, EPIC

1  denies them.

2       71.    Answering paragraph 71 of the FAC, EPIC lacks knowledge or information

3  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

4  denies these allegations.

5       72.    Answering paragraph 72 of the FAC, EPIC lacks knowledge or information

6  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

7  denies these allegations.

8       73.    Answering paragraph 73 of the FAC, EPIC lacks knowledge or information

9  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

10 denies these allegations.

11      74.    Answering paragraph 74 of the FAC, EPIC lacks knowledge or information

12 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

13 denies these allegations.

14      75.    Answering paragraph 75 of the FAC, EPIC denies the factual allegations

15 contained therein.

16      76.    Answering paragraph 76 of the FAC, EPIC lacks knowledge or information

17 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

18 denies these allegations.

19      77.    Answering paragraph 77 of the FAC, EPIC lacks knowledge or information

20 sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

21 denies these allegations.

22      78.    Answering paragraph 78 of the FAC, EPIC admits that Defendant Neil

23 Cohn negotiated an individual indemnification provision as part of his negotiation of his

24 employment agreement with EPIC, and that he did so in the days leading up to his resignation

25 from Gallagher.  EPIC denies the remaining allegations alleged in paragraph 78.

26      79.    Answering paragraph 79 of the FAC, EPIC admits that Defendants Wally

27 Brown, Michael Brown, Neil Cohn, Carol Cohn, Stephen Hause, Olga Harvison, and Linda

28 Cadinha began work at EPIC on December 7, 2007.  Regarding the remaining allegations in

1    paragraph 79, EPIC lacks knowledge or information sufficient to form a belief as to their truth or

2    falsity, and on that basis EPIC denies them.  EPIC further responds that paragraph 79 asserts a

3    legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions contained

4    therein.

5            80.    Answering paragraph 80 of the FAC, EPIC lacks knowledge or information

6    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

7    denies these allegations.  To the extent that these allegations allege the conduct of EPIC, EPIC

8    denies the allegations contained therein.

9            81.    Answering paragraph 81 of the FAC, EPIC denies the allegations contained

10   therein.

11           82.    Answering paragraph 82 of the FAC, EPIC lacks knowledge or information

12   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

13   denies these allegations.

14           83.    Answering paragraph 83 of the FAC, EPIC admits that at the time

15   Defendant Neil Cohn submitted the letter referenced in paragraph 82, he possessed and retained a

16   750 gigabyte Western Digital external hard drive, several CDs, and a thumb drive, that contained

17   Gallagher data.  EPIC further admits that Defendant Neil Cohn did not disclose these facts until

18   after Gallagher filed this lawsuit.  EPIC denies the remaining allegations alleged in paragraph 83.

19           84.    Answering paragraph 84 of the FAC, EPIC lacks knowledge or information

20   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

21   denies these allegations.

22           85.    Answering paragraph 85 of the FAC, EPIC denies that it had knowledge of

23   or assisted in any alleged solicitation of a top Gallagher San Jose Producer on December 7, 2007.

24   As to the remaining allegations in paragraph 85, EPIC lacks knowledge or information sufficient

25   to form a belief as to their truth or falsity, and on that basis EPIC denies them.

26           86.    Answering paragraph 86 of the FAC, EPIC lacks knowledge or information

27   sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

28   denies these allegations.  To the extent that the allegations allege actions taken by EPIC, EPIC

1    denies the allegations contained in paragraph 86.

2                 87.    Answering paragraph 87 of the FAC, EPIC lacks knowledge or information

3    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

4    denies these allegations.

5                 88.    Answering paragraph 88 of the FAC, EPIC lacks knowledge or information

6    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

7    denies these allegations.

8                 89.    Answering paragraph 89 of the FAC, EPIC denies the factual allegations

9    contained therein.

10                 90.    Answering paragraph 90 of the FAC, EPIC lacks knowledge or information

11    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

12    denies these allegations.

13                 91.    Answering paragraph 91 of the FAC, EPIC admits that EPIC and

14    Defendants Wick, Francis and Hahn conducted interviews with prospective employees over the

15    weekend of December 8 and December 9, 2007, some of which took place at EPIC's San Ramon

16    office.  EPIC further admits that EPIC made employment offers to certain of these prospective

17    employees.  EPIC denies the other factual allegations made in paragraph 91.

18                 92.    Answering paragraph 92 of the FAC, EPIC denies that Gallagher

19    employees accepted and simultaneously announced their resignations beginning the following

20    Monday morning, denies that the vast majority did so without notice, and denies that they

21    coordinated their resignations among themselves and with EPIC.

22                 93.    EPIC denies the allegations in paragraph 93 of the FAC.

23                 94.    Answering paragraph 94 of the FAC, EPIC lacks knowledge or information

24    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

25    denies these allegations.

26                 95.    Answering paragraph 95 of the FAC, EPIC lacks knowledge or information

27    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

28    denies these allegations.

1    96.     Answering paragraph 96 of the FAC, EPIC denies that Defendant Soo Hoo

2 accepted her offer of employment with EPIC on December 8, 2007.  With respect to all other

3 allegations contained in paragraph 96, EPIC lacks knowledge or information sufficient to form a

4 belief as to the truth or falsity of these allegations, and on that basis EPIC denies these

5 allegations.

6    97.     Answering paragraph 97 of the FAC, EPIC admits that Linda Soo Hoo,

7 Eric Chua, Robert Ellsworth, Tammy Glaser, Robin Herman, Barbara Hilgen, Don Johnson,

8 Mary Keck, Lisa Lucas, William Phillips, Dennis Rodriguez, Dirck Stinson, and Colleen Varnica

9 began working at EPIC on Monday, December 10, 2007.  EPIC denies that Molly Armstrong,

10 Elkie Craven, Amber Ronzitti, Sharon Voth, Paul Wagener, or Carol Ward began working at

11 EPIC on Monday, December 10, 2007, but admits that these individuals are now employees of

12 EPIC.  Regarding the remaining allegations in paragraph 97, EPIC lacks knowledge or

13 information sufficient to form a belief as to their truth or falsity, and on that basis EPIC denies

14 them.

15    98.     Answering paragraph 98 of the FAC, EPIC admits that Susan English,

16 Brett Burdock, and Shandranette Middleton began work at EPIC on Tuesday, December 11,

17 2007.  EPIC denies that Kristina Stubbs or George Petty began working at EPIC on Tuesday,

18 December 11, 2007, but admits that these individuals are now employees of EPIC.  Regarding the

19 remaining allegations in paragraph 98, EPIC lacks knowledge or information sufficient to form a

20 belief as to their truth or falsity, and on that basis EPIC denies them.

21    99.     Answering paragraph 99 of the FAC, EPIC admits that Robert Watkins and

22 Patricia Burdock began working at EPIC on Wednesday, December 12, 2007.  EPIC denies that

23 Ruby Johnson began working at EPIC on Wednesday, December 12, 2007, but admits that she is

24 now an employee of EPIC.  Regarding the remaining allegations in paragraph 99, EPIC lacks

25 knowledge or information sufficient to form a belief as to their truth or falsity, and on that basis

26 EPIC denies them.

27    100.    Answering paragraph 100 of the FAC, EPIC denies that Siobahn O'Leary,

28 Olga Rassmussen, or Louanne Sweeney began working at EPIC on Friday, December 14, 2007,

1  but admits that these individuals are now employees of EPIC.  Regarding the remaining

2  allegations in paragraph 100, EPIC lacks knowledge or information sufficient to form a belief as

3  to their truth or falsity, and on that basis EPIC denies them.

4      101.  Answering paragraph 101 of the FAC, EPIC lacks knowledge or

5  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

6  basis EPIC denies these allegations.

7      102.  EPIC denies the allegations in paragraph 102 of the FAC.

8      103.  Answering paragraph 103 of the FAC, EPIC responds that paragraph 103

9  asserts a legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions

10  contained therein.  EPIC further responds that to the extent that paragraph 103 describes the

11  understanding and intention of individual defendants, EPIC lacks knowledge or information

12  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

13  denies these allegations.

14      104.  Answering paragraph 104 of the FAC, EPIC lacks knowledge or

15  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

16  basis EPIC denies these allegations.  To the extent that these allegations allege actions taken by

17  EPIC, EPIC denies the allegations contained in paragraph 104.

18      105.  Answering paragraph 105 of the FAC, EPIC admits that at least 47 former

19  employees of Gallagher have accepted positions with EPIC as of January 31, 2008.  With regard

20  to the other factual allegations contained in paragraph 105, EPIC lacks knowledge or information

21  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

22  denies these allegations.

23      106.  Answering paragraph 106 of the FAC, EPIC denies that any Individual

24  Defendant received a corporate e-mail account, an office assignment, corporate computer access

25  ID, or Blackberry, until after such Individual Defendant had become an employee of EPIC.  EPIC

26  admits that Defendants Wally Brown, Michael Brown, Brian Quinn, and some other departed

27  employees of Gallagher had corporate e-mail accounts, office assignments, and corporate

28  computer access when they arrived at work as of December 7, 2007.  EPIC denies the remaining

1    allegations alleged in paragraph 106.

2            107.   EPIC denies the allegations in paragraph 107 of the FAC.

3            108.   Answering paragraph 108 of the FAC, EPIC lacks knowledge or

4    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

5    basis EPIC denies these allegations.

6            109.   Answering paragraph 109 of the FAC, EPIC lacks knowledge or

7    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

8    basis EPIC denies these allegations.

9            110.   Answering paragraph 110 of the FAC, EPIC admits that Defendant Hause

10    took a document related to a proposal bid for the customer for whom he had set up a meeting.  As

11    to the remaining allegations contained in paragraph 110, EPIC lacks knowledge or information

12    sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

13    denies them.

14            111.   Answering paragraph 111 of the FAC, EPIC lacks knowledge or

15    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

16    basis EPIC denies these allegations.

17            112.   Answering paragraph 112 of the FAC, EPIC lacks knowledge or

18    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

19    basis EPIC denies these allegations.

20            113.   Answering paragraph 113 of the FAC, EPIC lacks knowledge or

21    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

22    basis EPIC denies these allegations.

23            114.   Answering paragraph 114 of the FAC, EPIC lacks knowledge or

24    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

25    basis EPIC denies these allegations.

26            115.   Answering paragraph 115 of the FAC, EPIC admits that at least 100 clients

27    have signed Broker of Record letters designating EPIC as their exclusive insurance broker.  EPIC

28    denies the other factual allegations contained in paragraph 115.

1        116.    Answering paragraph 116 of the FAC, EPIC lacks knowledge or

2    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

3    basis EPIC denies these allegations.

4        117.    Answering paragraph 117 of the FAC, EPIC denies the allegations

5    contained therein.

6        118.    Answering paragraph 118 of the FAC, EPIC lacks knowledge or

7    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

8    basis EPIC denies these allegations.

9        119.    Answering paragraph 119 of the FAC, EPIC denies the allegations

10    contained therein.

11        120.    Answering paragraph 120 of the FAC, EPIC admits that it retained the

12    services of a recruiter to contact certain employees in Gallagher's San Ramon office.  EPIC

13    denies the other allegations contained in paragraph 120.

14        121.    Answering paragraph 121 of the FAC, EPIC denies the allegations

15    contained therein.

16        122.    Answering paragraph 122 of the FAC, EPIC responds that paragraph 112

17    asserts a legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions

18    contained therein.  EPIC further responds that paragraph 122 consists of argument, and on that

19    basis, EPIC is not required to and does not respond to the argument contained in paragraph 122.

20        123.    EPIC denies the allegations in paragraph 123 of the FAC.

21        124.    Answering paragraph 124 of the FAC, EPIC lacks knowledge or

22    information sufficient to form a belief as to the truth or falsity of these allegations, and on that

23    basis EPIC denies these allegations.

24        125.    Answering paragraph 125 of the FAC, EPIC admits that as of the date the

25    FAC was filed, some Defendants possessed data and property belonging to Gallagher.  As of the

26    date of the filing of this answer, all known Gallagher data has been surrendered to counsel and

27    counsel's experts, and has been or will be provided to Gallagher pursuant to the voluntary

28    certification filed with the Court on January 17, 2008.  To the extent that paragraph 125 alleges

1  conduct of EPIC, EPIC denies the remaining allegations in paragraph 125.  To the extent that

2  paragraph 125 alleges conduct of Individual Defendants, EPIC lacks knowledge or information

3  sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC

4  denies these allegations.

5          126.    Answering paragraph 126 of the FAC, EPIC responds that paragraph 126

6  asserts a legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions

7  contained therein.  EPIC further responds that paragraph 126 consists of argument, and on that

8  basis, EPIC is not required to and does not respond to the argument contained in paragraph 126.

9          127.    Answering paragraph 127 of the FAC, EPIC responds that paragraph 127

10  asserts a legal conclusion, and on that basis, EPIC neither admits nor denies the conclusions

11  contained therein.  EPIC further responds that paragraph 127 consists of argument, and on that

12  basis, EPIC is not required to and does not respond to the argument contained in paragraph 127.

13

14                                      **COUNT ONE**

15          128.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not

16  required to and does not respond to the allegations contained in paragraph 128.  To the extent a

17  response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

18  1-127 above.

19          129.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

20  required to and does not respond to the allegations contained in paragraph 129.  To the extent a

21  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

22  truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

23  that these allegations allege the conduct of EPIC, EPIC denies the allegations.

24          130.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

25  required to and does not respond to the allegations contained in paragraph 130.  To the extent a

26  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

27  truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

28  that these allegations allege the conduct of EPIC, EPIC denies the allegations.

1    131.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

2    required to and does not respond to the allegations contained in paragraph 131.  To the extent a

3    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

4    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

5    that these allegations allege the conduct of EPIC, EPIC denies the allegations.

6    132.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

7    required to and does not respond to the allegations contained in paragraph 132.  To the extent a

8    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

9    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

10   that these allegations allege the conduct of EPIC, EPIC denies the allegations.

11   133.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

12   required to and does not respond to the allegations contained in paragraph 133.  To the extent a

13   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

14   truth or falsity of these allegations, and on that basis EPIC denies these allegations.

15   134.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

16   required to and does not respond to the allegations contained in paragraph 134.  To the extent a

17   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

18   truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

19   that these allegations allege the conduct of EPIC, EPIC denies the allegations.

20

21                                **COUNT TWO**

22   135.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

23   required to and does not respond to the allegations contained in paragraph 135.  To the extent a

24   response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

25   1-134 above.

26   136.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

27   required to and does not respond to the allegations contained in paragraph 136.  To the extent a

28   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

1   truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

2   that these allegations allege the conduct of EPIC, EPIC denies the allegations.

3              137.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

4   required to and does not respond to the allegations contained in paragraph 137.  To the extent a

5   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

6   truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

7   that these allegations allege the conduct of EPIC, EPIC denies the allegations.

8              138.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

9   required to and does not respond to the allegations contained in paragraph 138.  To the extent a

10  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

11  truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

12  that these allegations allege the conduct of EPIC, EPIC denies the allegations.

13             139.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

14  required to and does not respond to the allegations contained in paragraph 139.  To the extent that

15  a response is required, EPIC denies the allegations contained therein.

16             140.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

17  required to and does not respond to the allegations contained in paragraph 140.  To the extent a

18  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

19  truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

20  that these allegations allege the conduct of EPIC, EPIC denies the allegations.

21             141.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

22  required to and does not respond to the allegations contained in paragraph 141.  To the extent a

23  response is required, EPIC denies the allegations contained in paragraph 141.

24             142.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

25  required to and does not respond to the allegations contained in paragraph 142.  To the extent a

26  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

27  truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

28  that these allegations allege the conduct of EPIC, EPIC denies the allegations.

1

2

**COUNT THREE**

3        143.    Answering paragraph 143 of the FAC, EPIC refers to and incorporates

4    herein its answers as provided in paragraphs 1-142 above.

5        144.    Answering paragraph 144 of the FAC, EPIC denies the allegations

6    contained therein.

7        145.    Answering paragraph 145 of the FAC, EPIC denies the allegation that

8    EPIC's own agreements and Defendants' resignation letters both acknowledge that the categories

9    of information at issue arise to the level of legally protected trade secrets.  With respect to the

10    remaining allegations in paragraph 145 of the FAC, EPIC lacks knowledge or information

11    sufficient to form a belief as to their truth or falsity, and on that basis EPIC denies them.

12        146.    Answering paragraph 146 of the FAC, with respect to whether Gallagher's

13    current and former employees were and are under a duty both to keep Gallagher's proprietary and

14    confidential information secret, and not to use or disclose such information other than for the

15    benefit of Gallagher and with Gallagher's authorization, EPIC lacks knowledge or information

16    sufficient to form a belief as to the truth or falsity, and on that basis denies the allegation.  EPIC

17    denies the other allegations contained paragraph 146.

18        147.    EPIC denies the allegations in paragraph 147 of the FAC.

19        148.    EPIC denies the allegations in paragraph 148 of the FAC.

20        149.    EPIC denies the allegations in paragraph 149 of the FAC.

21        150.    EPIC denies the allegations in paragraph 150 of the FAC.

22        151.    EPIC denies the allegations in paragraph 151 of the FAC.

23        152.    EPIC denies the allegations in paragraph 152 of the FAC.

24        153.    EPIC denies the allegations in paragraph 153 of the FAC.

25

26

**COUNT FOUR**

27        154.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

28    required to and does not respond to the allegations contained in paragraph 154.  To the extent a

1  response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

2  1-153 above.

3         155.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

4  required to and does not respond to the allegations contained in paragraph 155. To the extent a

5  response is required, EPIC responds that paragraph 155 asserts a legal conclusion, and on that

6  basis, EPIC neither admits nor denies the conclusions contained therein.

7         156.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

8  required to and does not respond to the allegations contained in paragraph 156. To the extent a

9  response is required, EPIC responds as follows: EPIC admits that certain items belonging to

10  Gallagher were retained by its employees upon their departure from Gallagher. EPIC denies the

11  remaining allegations contained in paragraph 156.

12         157.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

13  required to and does not respond to the allegations contained in paragraph 157. To the extent a

14  response is required, EPIC responds that paragraph 157 asserts a legal conclusion, and on that

15  basis, EPIC neither admits nor denies the conclusions contained therein.

16         158.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

17  required to and does not respond to the allegations contained in paragraph 158. To the extent a

18  response is required, EPIC denies the allegations contained therein.

19         159.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

20  required to and does not respond to the allegations contained in paragraph 159. To the extent a

21  response is required, EPIC denies the allegations contained therein.

22         160.    This cause of action is not asserted against EPIC. EPIC, therefore, is not

23  required to and does not respond to the allegations contained in paragraph 160. To the extent a

24  response is required, EPIC denies the allegations contained therein.

25

26                              **COUNT FIVE**

27         161.    Answering paragraph 161 of the FAC, EPIC refers to and incorporates

28  herein its answers as provided in paragraphs 1-160 above.

4418284.1                          26        Answer to FAC by Def. EPIC; Gallagher v.
                                              EPIC, Case No. 07-CV-06418-JSW

162.     Answering paragraph 162 of the FAC, EPIC denies the allegations contained therein.

163.     Answering paragraph 163 of the FAC, EPIC denies the allegations contained therein.

164.     Answering paragraph 164 of the FAC, EPIC denies the allegations contained therein.

165.     Answering paragraph 165 of the FAC, EPIC denies the allegations contained therein.

## COUNT SIX

166.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not required to and does not respond to the allegations contained in paragraph 166.  To the extent a response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs 1-165 above.

167.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not required to and does not respond to the allegations contained in paragraph 167.  To the extent a response is required, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent that these allegations allege the conduct of EPIC, EPIC denies the allegations.

168.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not required to and does not respond to the allegations contained in paragraph 168.  To the extent a response is required, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

169.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not required to and does not respond to the allegations contained in paragraph 169.  To the extent a response is required, EPIC lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis EPIC denies these allegations.

170.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not

1    required to and does not respond to the allegations contained in paragraph 170.  To the extent a

2    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

3    truth or falsity of these allegations, and on that basis EPIC denies these allegations.

4        171.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

5    required to and does not respond to the allegations contained in paragraph 171.  To the extent a

6    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

7    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

8    that these allegations allege the conduct of EPIC, EPIC denies the allegations.

9        172.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

10   required to and does not respond to the allegations contained in paragraph 172.  To the extent a

11   response is required, EPIC denies the allegations contained therein.

12       173.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

13   required to and does not respond to the allegations contained in paragraph 173.  To the extent a

14   response is required, EPIC denies the allegations contained therein.

15

16                        **<u>COUNT SEVEN</u>**

17       174.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

18   required to and does not respond to the allegations contained in paragraph 174.  To the extent a

19   response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

20   1-173 above.

21       175.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

22   required to and does not respond to the allegations contained in paragraph 175.  To the extent a

23   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

24   truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

25   that these allegations allege the conduct of EPIC, EPIC denies the allegations.

26       176.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

27   required to and does not respond to the allegations contained in paragraph 176.  To the extent a

28   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

1    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

2    that these allegations allege the conduct of EPIC, EPIC denies the allegations.

3            177.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

4    required to and does not respond to the allegations contained in paragraph 177.  To the extent a

5    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

6    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

7    that these allegations allege the conduct of EPIC, EPIC denies the allegations.

8            178.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

9    required to and does not respond to the allegations contained in paragraph 178.  To the extent a

10    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

11    truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

12    that these allegations allege the conduct of EPIC, EPIC denies the allegations.

13

14                              **COUNT EIGHT[1]**

15            179.     This cause of action is not asserted against EPIC.  EPIC, therefore, is not

16    required to and does not respond to the allegations contained in paragraph 179.  To the extent a

17    response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

18    1-178 above.

19            180.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

20    required to and does not respond to the allegations contained in paragraph 180.  To the extent a

21    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

22    truth or falsity of these allegations, and on that basis EPIC denies these allegations.

23            181.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

24    required to and does not respond to the allegations contained in paragraph 181.  To the extent a

25

26    [1] The caption page lists Counts Eight and Nine as claims for breach of fiduciary duty and breach
     of the duty of loyalty, respectively.  In the body of the FAC, however, Count Eight alleges a
27    claim for *both* breach of fiduciary duty *and* breach of the duty of loyalty.  Thus, the claims
     alleged in Counts Nine through Fourteen in the body of the FAC correspond to Counts Ten
28    through Fifteen on the caption page.

4418284.1                                    29

1  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

2  truth or falsity of these allegations, and on that basis EPIC denies these allegations.

3          182.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

4  required to and does not respond to the allegations contained in paragraph 182.  To the extent a

5  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

6  truth or falsity of these allegations, and on that basis EPIC denies these allegations.

7          183.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

8  required to and does not respond to the allegations contained in paragraph 183.  To the extent a

9  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

10  truth or falsity of these allegations, and on that basis EPIC denies these allegations.

11

12                          **COUNT NINE**[2]

13          184.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

14  required to and does not respond to the allegations contained in paragraph 184.  To the extent a

15  response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

16  1-183 above.

17          185.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

18  required to and does not respond to the allegations contained in paragraph 185.  To the extent a

19  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

20  truth or falsity of these allegations, and on that basis EPIC denies these allegations.

21          186.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

22  required to and does not respond to the allegations contained in paragraph 186.  To the extent a

23  response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

24  truth or falsity of these allegations, and on that basis EPIC denies these allegations.

25          187.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

26  required to and does not respond to the allegations contained in paragraph 187.  To the extent a

27

28
_____
[2] As noted in footnote 1 above, the claim alleged in Count Nine in the body of the FAC corresponds to Count Ten on the caption page.

1 response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

2 truth or falsity of these allegations, and on that basis EPIC denies these allegations.

3       188.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

4 required to and does not respond to the allegations contained in paragraph 188.  To the extent a

5 response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

6 truth or falsity of these allegations, and on that basis EPIC denies these allegations.

7       189.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

8 required to and does not respond to the allegations contained in paragraph 189.  To the extent a

9 response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

10 truth or falsity of these allegations, and on that basis EPIC denies these allegations.  To the extent

11 that these allegations allege the conduct of EPIC, EPIC denies the allegations.

12

13 ### COUNT TEN[3]

14       190.    Answering paragraph 190 of the FAC, EPIC refers to and incorporates

15 herein its answers as provided in paragraphs 1-189 above.

16       191.    Answering paragraph 191 of the FAC, EPIC admits that EPIC and

17 Defendants Francis and Hahn were aware of the existence of certain contracts and agreements

18 entered into between Gallagher and certain of Gallagher's employees.  EPIC further admits that

19 EPIC reviewed certain of these contracts or agreements prior to offering employment to former

20 employees of Gallagher.  EPIC denies the remaining allegations contained in paragraph 191.

21 EPIC further responds that paragraph 191 asserts a legal conclusion, and on that basis, EPIC

22 neither admits nor denies the conclusions contained therein.  EPIC also responds that paragraph

23 191 consists of argument, and on that basis, EPIC is not required to and does not respond to the

24 argument contained in paragraph 191.

25       192.    Answering paragraph 192 of the FAC, EPIC denies the allegations

26 contained therein.

27

[3] As noted in footnote 1 above, the claim alleged in Count Ten in the body of the FAC corresponds to Count Eleven on the caption page.

1    193.    Answering paragraph 193 of the FAC, EPIC denies the allegations

2  contained therein.

3    194.    Answering paragraph 194 of the FAC, EPIC denies the allegations

4  contained therein.

5    195.    Answering paragraph 195 of the FAC, EPIC denies the allegations

6  contained therein.

7    196.    Answering paragraph 196 of the FAC, EPIC denies the allegations

8  contained therein.

9

10    **COUNT ELEVEN[4]**

11    197.    Answering paragraph 197 of the FAC, EPIC refers to and incorporates

12  herein its answers as provided in paragraphs 1-196 above.

13    198.    Answering paragraph 198 of the FAC, EPIC lacks knowledge or

14  information sufficient to form a belief as to the truth or falsity of these allegations, and on that

15  basis EPIC denies these allegations.

16    199.    Answering paragraph 199 of the FAC, EPIC denies the allegations

17  contained therein.

18    200.    Answering paragraph 200 of the FAC, EPIC denies the allegations

19  contained therein.

20    201.    Answering paragraph 201 of the FAC, EPIC denies the allegations

21  contained therein.

22    202.    Answering paragraph 202 of the FAC, EPIC denies the allegations

23  contained therein.

24

25    **COUNT TWELVE[5]**

26  [4] As noted in footnote 1 above, the claim alleged in Count Eleven in the body of the FAC
corresponds to Count Twelve on the caption page.

27  [5] As noted in footnote 1 above, the claim alleged in Count Twelve in the body of the FAC
corresponds to Count Thirteen on the caption page.

28

1    203.    Answering paragraph 203 of the FAC, EPIC refers to and incorporates

2    herein its answers as provided in paragraphs 1-202 above.

3    204.    Answering paragraph 204 of the FAC, EPIC denies the allegations

4    contained therein.

5    205.    Answering paragraph 205 of the FAC, EPIC denies the allegations

6    contained therein.

7

8    **COUNT THIRTEEN[6]**

9    206.    Answering paragraph 206 of the FAC, EPIC refers to and incorporates

10    herein its answers as provided in paragraphs 1-205 above.

11    207.    Answering paragraph 207 of the FAC, EPIC denies the allegations

12    contained therein.

13    208.    Answering paragraph 208 of the FAC, EPIC denies the allegations

14    contained therein.

15

16    **COUNT FOURTEEN[7]**

17    209.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

18    required to and does not respond to the allegations contained in paragraph 209.  To the extent a

19    response is required, EPIC refers to and incorporates herein its answers as provided in paragraphs

20    1-208 above.

21    210.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

22    required to and does not respond to the allegations contained in paragraph 210.  To the extent a

23    response is required, EPIC responds that it lacks knowledge or information sufficient to form a

24    belief as to the truth or falsity of the allegations set forth in subparagraphs (a) through (g), and on

25    that basis EPIC denies these allegations.

26    [6] As noted in footnote 1 above, the claim alleged in Count Thirteen in the body of the FAC
corresponds to Count Fourteen on the caption page.

27    [7] As noted in footnote 1 above, the claim alleged in Count Fourteen in the body of the FAC
corresponds to Count Fifteen on the caption page.

28

1    211.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

2    required to and does not respond to the allegations contained in paragraph 211.  To the extent a

3    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

4    truth or falsity of these allegations, and on that basis EPIC denies these allegations.

5    212.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

6    required to and does not respond to the allegations contained in paragraph 212.  To the extent a

7    response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

8    truth or falsity of these allegations, and on that basis EPIC denies these allegations.

9    213.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

10   required to and does not respond to the allegations contained in paragraph 213.  To the extent a

11   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

12   truth or falsity of these allegations, and on that basis EPIC denies these allegations.

13   214.    This cause of action is not asserted against EPIC.  EPIC, therefore, is not

14   required to and does not respond to the allegations contained in paragraph 214.  To the extent a

15   response is required, EPIC lacks knowledge or information sufficient to form a belief as to the

16   truth or falsity of these allegations, and on that basis EPIC denies these allegations.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the FAC, EPIC alleges the following:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to

constitute a cause of action.

**THIRD AFFIRMATIVE DEFENSE**

(Justification)

The actions of EPIC that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

**FIFTH AFFIRMATIVE DEFENSE**

(Good Faith)

EPIC acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Conduct Reasonable Inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure. and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

**SEVENTH AFFIRMATIVE DEFENSE**

(Privilege of Competition)

1    Gallagher's FAC, and each purported claim for relief alleged therein, are barred by

2    the privilege to compete.

3

4    **EIGHTH AFFIRMATIVE DEFENSE**

5    (Absence of Irreparable Harm)

6    To the extent Gallagher attempts to seek equitable relief, it is not entitled to such

7    relief because the injury or damages suffered by Gallagher, if any, would be adequately

8    compensated in an action at law for damages.

9

10    **NINTH AFFIRMATIVE DEFENSE**

11    (Equitable Estoppel)

12    Some of the claims are barred by the doctrine of equitable estoppel.

13

14    **TENTH AFFIRMATIVE DEFENSE**

15    (Judicial Estoppel)

16    Some of the claims are barred by the doctrine of judicial estoppel.

17

18    **ELEVENTH AFFIRMATIVE DEFENSE**

19    (Unclean Hands)

20    Some of the claims are barred by the doctrine of unclean hands.

21

22    **TWELFTH AFFIRMATIVE DEFENSE**

23    (Failure to Establish Misappropriation)

24    Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

25    Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because

26    the allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

27

28    **THIRTEENTH AFFIRMATIVE DEFENSE**

1    (Failure to Establish Existence of Trade Secrets)

2         Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under

3    Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at

4    issue is readily ascertainable by proper means and is therefore not a "trade secret" under

5    California law.

6

7    **FOURTEENTH AFFIRMATIVE DEFENSE**

8    (Invalidity of Contracts)

9         Gallagher's  Sixth and Seventh Claims for Breach of Written Contract and Breach

10   of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

11   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

12   contracts as they lack consideration and/or are void for public policy reasons under California

13   law.

14

15   **FIFTEENTH AFFIRMATIVE DEFENSE**

16   (Failure to Establish a Private Cause of Action)

17        Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and

18   2859 is barred as an improper cause of action.

19

20   **SIXTEENTH AFFIRMATIVE DEFENSE**

21   (Public Policy)

22        Some of the claims are barred insofar as several contract provisions are void for

23   public policy.

24

25   **SEVENTEENTH AFFIRMATIVE DEFENSE**

26   (Waiver)

27        Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

28   purported cause of action contained therein, by reason of Gallagher's own actions and course of

1  conduct.

2

3  ### EIGHTEENTH AFFIRMATIVE DEFENSE

4  (Absence of Deception)

5        Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

6  Defendants' conduct is not likely to mislead the public or harm Gallagher.

7

8  ### NINETEENTH AFFIRMATIVE DEFENSE

9  (Lack of Specificity)

10        The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its

11  claim with the requisite particularity.

12

13  ### TWENTIETH AFFIRMATIVE DEFENSE

14  (Unjust Enrichment)

15        The FAC, and each and every purported cause of action alleged therein, is barred

16  because any recovery would result in Gallagher's unjust enrichment.

17

18  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

19  (Failure to Mitigate)

20        Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if

21  any, as required by law.

22

23  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

24  (Punitive Damages)

25        Gallagher is not entitled to recover any punitive or exemplary damages as prayed

26  for in the FAC, because California's laws regarding the alleged conduct in question in this action

27  are too vague to permit the imposition of punitive damages, and the award of punitive damages as

28  applied to the facts of this case would violate EPIC's constitutional rights under the United States

1    and California Constitution.

2

3    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

4    (Incorporation of Other Defenses)

5    EPIC adopts and incorporates any and all other defenses raised or to be raised by

6    any other defendant joined in this litigation to the extent that said defenses are not inconsistent

7    with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever

8    arising out of this lawsuit.

9

10    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11    (Improper Restraint of Competition)

12    Some of Gallagher's claims are improper efforts to restrain competition and

13    employee mobility in violation of Cal. Bus. & Prof. Code Section 16600.

14

15    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16    (Reservation of Rights)

17    EPIC reserves the right to raise additional affirmative and other defenses as they

18    are discovered or otherwise become available.

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

4418284.1

39

1

## PRAYER FOR RELIEF

2      EPIC denies that Gallagher is entitled to any of the relief requested in its FAC.

3   WHEREFORE, EPIC prays:

4          1.    That Gallagher take nothing by reason of its FAC;

5          2.    That judgment be rendered in favor of EPIC;

6          3.    That EPIC be awarded its costs incurred in defense of this action; and

7          4.    That the Court provide such other relief as it deems proper.

8

9   Dated:  February 8, 2008                    MUNGER, TOLLES & OLSON LLP

10

11

12   BY:  _____/s/_____
                        MALCOLM A. HEINICKE

13   Attorney for Defendants
    EDGEWOOD PARTNERS
14   INSURANCE CENTER, DAN R. FRANCIS &
    JOHN G. HAHN

15

16

17

18

19

20

21

22

23

24

25

26

27

28