1   JAMES M. WAGSTAFFE (95535)
    ADRIAN J. SAWYER (203712)
2   **KERR & WAGSTAFFE LLP**
    100 Spear Street, Suite 1800
3   San Francisco, CA 94105–1528
    Telephone: (415) 371-8500
4   Fax: (415) 371-0500

5   Attorneys for Defendants
    ANDREW ("WALLY") BROWN, JR.,
6   BRIAN F. QUINN, MICHAEL J. BROWN, and
    LAURA J. WICK

7

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12  ARTHUR J. GALLAGHER & CO., Inc., a          Case No. C 07-06418 JSW
    Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE               **ANSWER BY DEFENDANT ANDREW
    BROKERS OF CALIFORNIA, INC., a            ("WALLY") BROWN, JR. TO FIRST
14  California Corporation,                    AMENDED COMPLAINT FOR
                                               DAMAGES AND INJUNCTIVE RELIEF**
15          Plaintiffs,

16      v.

17

18  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California Corporation, DAN R.
19  FRANCIS, JOHN G. HAHN, ANDREW
    ("WALLY") BROWN, JR., BRIAN F. QUINN,
20  NEIL R. COHN, CAROLANN COHN,
    MICHAEL J. BROWN, STEPHEN HAUSE,
21  LAURA J. WICK, JAMES C. HALBLEIB,
    LAURINDA ("LAURIE") A. MARTIN, ERIC
22  CHUA, GEORGE J. PETTY, LINDA SOO
    HOO, ROBERT E. DUTTO, SUSAN M.
23  ENGLISH, DON J. JOHNSON, ALLEN L.
    AMOS, WILLIAM ("BILL") PHILLIPS, JR.,
24  DIRCK ("RICK") R. STINSON, ROBERT
    ("BOB") D. ELLSWORTH, ROBERT H.
25  WATKINS, PAUL H. WAGENER, and
    SHANDRANETTE MIDDLETON,
26

27          Defendants.

28

KERR
&
WAGSTAFFE
LLP

Defendant Andrew ("Wally") Brown, Jr. ("Defendant"), for himself and no other defendant, answers Plaintiffs' First Amended Complaint for Damages and Injunctive Relief, filed January 25, 2008 ("FAC"), as follows:

As an initial matter, Defendant states that the subheadings in the FAC are argumentative, and require no response.  To the extent any response is required, Defendant denies each and every allegation of each subheading.

## I.    NATURE OF ACTION

1.    Answering Paragraph 1 of the FAC, Defendant admits that Plaintiffs purport to bring an action as described in said paragraph.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 1.

2.    Answering Paragraph 2 of the FAC, Defendant admits that Plaintiffs purport to describe a fundamental premise of the competitive marketplace.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 2.

3.    Answering Paragraph 3 of the FAC, Defendant denies each and every allegation of said paragraph.

4.    Answering Paragraph 4 of the FAC, Defendant denies each and every allegation of said paragraph.

5.    Answering Paragraph 5 of the FAC, Defendant denies each and every allegation of said paragraph.

6.    Answering Paragraph 6 of the FAC, Defendant admits that he is a former employee of Plaintiff Arthur J. Gallagher & Co., Insurance Brokers of California.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 6.

7.    Answering Paragraph 7 of the FAC, Defendant admits that he announced his resignation on Friday, December 7, and that he did not give prior notice.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 7.

8.    Answering Paragraph 8 of the FAC, Defendant admits that he resigned without notice and that after beginning work at Defendant Edgewood Partners Insurance Center ("EPIC"), he sent out an e-mail announcement to former clients informing those clients that he

KERR
&
WAGSTAFFE
LLP

1

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    had left Plaintiff Arthur J. Gallagher & Co., Insurance Brokers of California and joined EPIC.

2    Except as expressly admitted, Defendant denies each and every allegation of Paragraph 8.

3         9.    Answering Paragraph 9 of the FAC, Defendant denies each and every allegation

4    of said paragraph.

5         10.    Answering Paragraph 10 of the FAC, Defendant denies each and every allegation

6    of said paragraph.

7         11.    Answering Paragraph 11 of the FAC, Defendant denies each and every allegation

8    of said paragraph.

9    **II.     SUBJECT-MATTER JURISDICTION AND VENUE**

10         12.    Answering Paragraph 12 of the FAC, Defendant is without information and belief

11    sufficient to admit or deny the merits of the lone federal claim, and on that basis denies that the

12    Court properly has jurisdiction over this action.

13         13.    Answering Paragraph 13 of the FAC, Defendant admits that, if this Court has

14    jurisdiction over this action, then venue is properly lain in this District.

15    **III.     PARTIES AND PERSONAL JURISDICTION**

16         14.    Answering Paragraph 14 of the FAC, Defendant admits the allegations of said

17    paragraph.

18         15.    Answering Paragraph 15 of the FAC, Defendant admits the allegations of said

19    paragraph.

20         16.    Answering Paragraph 16 of the FAC, Defendant admits that Dan R. Francis and

21    John G. Hahn are co-founders of EPIC, and are experienced insurance industry executives, and

22    residents of California.  Except as expressly admitted, Defendant denies each and every

23    allegation of Paragraph 16.

24         17.    Answering Paragraph 17 of the FAC, Defendant admits that the individual

25    defendants named in this paragraph, with the exception of himself, were officers of Arthur J.

26    Gallagher & Co., Insurance Brokers of California, Inc., prior to leaving the employ of that entity.

27    The allegation that any individual defendant was a fiduciary is a legal conclusion and requires no

28

2

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW     ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    response.  Except as expressly admitted, Defendant denies each and every allegation of

2    Paragraph 17.

3          18.    Answering Paragraph 18 of the FAC, Defendant admits that the persons named in

4    Paragraph 18, including Defendant, are former employees of Arthur J. Gallagher & Co.,

5    Insurance Brokers of California, Inc., current employees of EPIC, and current residents of

6    California.  Except as expressly admitted, Defendant denies each and every allegation of

7    Paragraph 18.

8          19.    Answering Paragraph 19 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10         20.    Answering Paragraph 20 of the FAC, Defendant admits that Plaintiffs purport to

11   sue all defendants individually as co-conspirators.  Except as expressly admitted, Defendant

12   denies each and every allegation of Paragraph 20.

13         21.    Answering Paragraph 21 of the FAC, Defendant admits that Plaintiffs purport to

14   sue all defendants as agents of one another.  Except as expressly admitted, Defendant denies

15   each and every allegation of Paragraph 21.

16              **IV.**    **FACTUAL ALLEGATIONS**

17         22.    Answering Paragraph 22 of the FAC, Defendant states as follows:

18              a.    Answering Paragraph 22(a) of the FAC, Defendant admits that he was the

19                   Area Chairman and that Brian Quinn was the Area President, respectively,

20                   of the San Ramon Office of Arthur J. Gallagher & Co., Insurance Brokers

21                   of California, Inc.  Defendant further admits that he was a producer.

22                   Defendant further admits that Brian Quinn had executive managerial

23                   authority over the San Ramon office.  Except as expressly admitted,

24                   Defendant denies each and every allegation of Paragraph 22(a).

25              b.    Answering Paragraph 22(b) of the FAC, Defendant admits that Laura

26                   Wick had been employed by Arthur J. Gallagher & Co., Insurance Brokers

27                   of California, Inc., since 1996.  Defendant denies that her title was

28                   "Human Resources and Office Manager," but admits that she had some

KERR & WAGSTAFFE LLP

3

CASE NO. C 07-06418 JSW    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

HR responsibilities and functioned as the office manager.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of Paragraph 22(b), and on that basis denies each and every remaining allegation of said paragraph.

c.     Answering Paragraph 22(c) of the FAC, Defendant admits that George Petty had been employed by Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., for approximately 6 years and was the IT manager for the San Ramon office and admits that this paragraph accurately describes Mr. Petty's job responsibilities.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 22(c).

d.     Answering Paragraph 22(d) of the FAC, Defendant admits that Linda Soo-Hoo's title was Area Vice-President, and admits that this paragraph accurately describes Ms. Soo-Hoo's job responsibilities and tenure.

e.     Answering Paragraph 22(e) of the FAC, Defendant admits that the individual defendants named in Paragraph 22(e) were producers while employed by Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., and admits that this paragraph accurately characterizes producers' job responsibilities.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 22(e).

f.     Answering Paragraph 22(f) of the FAC, Defendant denies that Michael Brown was an Account Executive at the time she left Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.  Defendant admits that the remaining individual defendants named in Paragraph 22(f) were Account Executives, and admits that the description of their work is accurate.

23.     Answering Paragraph 23 of the FAC, Defendant admits that Arthur J. Gallagher & Co., Inc. is the parent company of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc, and that both are engaged in the risk management and general insurance brokerage area. Defendant lacks knowledge and information sufficient to form a belief in the truth of the

KERR
&
WAGSTAFFE
LLP

4

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    remaining allegations of Paragraph 23, and on that basis denies each and every remaining

2    allegation of said paragraph.

3        24.    Answering Paragraph 24 of the FAC, Defendant denies each and every allegation

4    of said paragraph.

5        25.    Answering Paragraph 25 of the FAC, Defendant denies each and every allegation

6    of said paragraph.

7        26.    Answering Paragraph 26 of the FAC, Defendant denies each and every allegation

8    of said paragraph.

9        27.    Answering Paragraph 27 of the FAC, states that the letter cited in said paragraph

10   speaks for itself.  Defendant further admits that in the course of his employment by Gallagher, he

11   was exposed to nonpublic information of Gallagher.  Except as expressly admitted, Defendant

12   denies each and every allegation of said paragraph.

13       28.    Answering Paragraph 28 of the FAC, Defendant states that the documents cited in

14   said paragraph speak for themselves.  Defendant admits signing the agreements and other

15   documents alleged in Paragraph 28, but denies any allegation concerning the legal effect of those

16   agreements.  Except as expressly admitted, Defendant denies each and every allegation of

17   Paragraph 28.

18       29.    Answering Paragraph 29 of the FAC, Defendant admits that he signed a Producer

19   Agreement with EPIC upon joining EPIC as a principal.  Defendant states that the Producer

20   Agreement speaks for itself, and denies any allegation concerning the legal effect of said

21   agreement, and further states that any allegation concerning the legal effect of said agreement is

22   a legal conclusion to which no response is required.  Except as expressly admitted, Defendant

23   denies each and every allegation of Paragraph 29.

24       30.    Answering Paragraph 30 of the FAC, Defendant admits the allegations of this

25   paragraph.

26       31.    Answering Paragraph 31 of the FAC, Defendant admits that EPIC acquired

27   CALCO in or around July 2007, and that EPIC competes with Plaintiffs.  Defendant lacks

28

KERR
&
WAGSTAFFE
LLP

5

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    knowledge and information sufficient to form a belief in the truth of the remaining allegations of

2    Paragraph 31, and on that basis denies each and every remaining allegation of said paragraph.

3         32.    Answering Paragraph 32 of the FAC, Defendant states that the document quoted

4    in said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and

5    every allegation of Paragraph 32.

6         33.    Answering Paragraph 33 of the FAC, Defendant states that the website quoted in

7    said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and every

8    allegation of Paragraph 33.

9         34.    Answering Paragraph 34 of the FAC, Defendant admits that he first

10   communicated with Defendants Dan Francis and John Hahn about EPIC in or around Spring

11   2007, that Brian Quinn first communicated with EPIC in Summer of 2007, and that Michael

12   Brown first communicated with EPIC in late June or early July 2007, regarding joining EPIC.

13   Except as expressly admitted, Defendant denies each and every allegation of Paragraph 34.

14        35.    Answering Paragraph 35 of the FAC, Defendant denies each and every allegation

15   of said paragraph.

16        36.    Answering Paragraph 36 of the FAC, Defendant denies each and every allegation

17   of said paragraph.

18        37.    Answering Paragraph 37 of the FAC, Defendant admits telling some employees

19   that he was leaving prior to announcing his resignation, and having general discussions

20   concerning who were large producers.  Except as expressly admitted, Defendant denies each and

21   every allegation of said paragraph.

22        38.    Answering Paragraph 38 of the FAC, Defendant admits that Laura Wick had been

23   an employee of Arthur J. Gallagher & Co., Insurance Brokers of California, since 1996, and at

24   the time of her departure was office manager and had responsibility for some of the human

25   resources functions in the San Ramon office.  Except as expressly admitted, Defendant denies

26   each and every allegation of Paragraph 38.

27        39.    Answering Paragraph 39 of the FAC, Defendant admits generally telling EPIC

28   about Laura Wick prior to October 17, 2007.  Defendant lacks knowledge or information

KERR
&
WAGSTAFFE
LLP

6

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    sufficient to form a belief in the truth of the allegation concerning what EPIC did, and on that

2    basis denies said allegation.  Except as expressly admitted, Defendant denies each and every

3    allegation of Paragraph 39.

4            40.    Answering Paragraph 40 of the FAC, Defendant lacks knowledge or information

5    sufficient to form a belief in the truth of the allegation concerning what EPIC did, and on that

6    basis denies the allegation.  Defendant admits discussing the possibility that Laura Wick might

7    work for EPIC before either he or she left Gallagher.  Defendant further states that his statements

8    in this litigation speak for themselves.  Except as expressly admitted, Defendant denies each and

9    every allegation of Paragraph 40.

10           41.    Answering Paragraph 41 of the FAC, Defendant lacks knowledge or information

11   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

12   denies each and every allegation of said paragraph.

13           42.    Answering Paragraph 42 of the FAC, Defendant lacks knowledge or information

14   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

15   denies each and every allegation of said paragraph.

16           43.    Answering Paragraph 43 of the FAC, Defendant denies each and every allegation

17   of said paragraph.

18           44.    Answering Paragraph 44 of the FAC, Defendant admits that Laura Wick

19   submitted a resignation letter to Defendant and Brian Quinn on October 17, 2007.  Defendant

20   states that the letter speaks for itself.  Except as expressly admitted, Defendant denies each and

21   every allegation of said paragraph.

22           45.    Answering Paragraph 45 of the FAC, Defendant denies each and every allegation

23   of said paragraph.

24           46.    Answering Paragraph 46 of the FAC, Defendant denies each and every allegation

25   of said paragraph.

26           47.    Answering Paragraph 47 of the FAC, Defendant denies each and every allegation

27   of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

7

CASE NO. C 07-06418 JSW                          ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    48.    Answering Paragraph 48 of the FAC, Defendant admits that Laura Wick remained

2    an employee of Arthur J. Gallagher & Co., Insurance Brokers of California, until November 2,

3    2007.  Except as expressly admitted, Defendant denies each and every allegation of said

4    paragraph.

5    49.    Answering Paragraph 49 of the FAC, Defendant lacks knowledge or information

6    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

7    denies each and every allegation of said paragraph.

8    50.    Answering Paragraph 50 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10    51.    Answering Paragraph 51 of the FAC, Defendant lacks knowledge or information

11    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

12    denies each and every allegation of said paragraph.

13    52.    Answering Paragraph 52 of the FAC, Defendant admits that Laura Wick left the

14    employ of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., on November 2,

15    2007.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

16    remaining allegations of Paragraph 52, and on that basis denies each and every allegation of said

17    paragraph.

18    53.    Answering Paragraph 53 of the FAC, Defendant states that the e-mail quoted in

19    that paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a

20    belief as to the truth of the remaining allegations of Paragraph 53, and on that basis denies each

21    and every allegation of said paragraph.

22    54.    Answering Paragraph 54 of the FAC, Defendant states that the e-mail referred to

23    in that paragraph speaks for itself.  Defendant denies the allegation of conspiracy.  Defendant

24    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25    allegations of Paragraph 54, and on that basis denies each and every allegation of said paragraph.

26    55.    Answering Paragraph 55 of the FAC, Defendant denies each and every allegation

27    of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

8

CASE NO. C 07-06418 JSW    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

56.    Answering Paragraph 56 of the FAC, Defendant admits that he did not contact Gallagher's corporate IT department and request that Laura Wick's remote access to her corporate e-mail account be deactivated.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56, and on that basis denies each and every allegation of said paragraph.

57.    Answering Paragraph 57 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

58.    Answering Paragraph 58 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

59.    Answering Paragraph 59 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

60.    Answering Paragraph 60 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

61.    Answering Paragraph 61 of the FAC, Defendant admits that he had discussions with EPIC co-founders John Hahn and Dan Francis and/or Brian Quinn and/or Michael Brown during the period before he left Arthur J. Gallagher & Co., Insurance Brokers of California, and informed some employees of Gallagher that he was going to leave prior to his general announcement.  Defendant denies each and every remaining allegation of Paragraph 61 as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 61.

62.    Answering Paragraph 62 of the FAC, Defendant admits informing some customers that he would probably leave prior to his departure and that Gallagher entered into the lease described in subparagraph 62(b).  Defendant states that the terms of the lease speak for

KERR
&
WAGSTAFFE
LLP

9

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1  themselves, and further states that any expense reports referred to in subparagraph 62(d)(i) speak

2  for themselves.  Defendant denies each and every remaining allegation of Paragraph 62 as it

3  pertains to him.  Defendant denies each and every allegation of the prefatory subparagraph of

4  Paragraph 62.  Defendant lacks knowledge or information sufficient to form a belief as to the

5  truth of the remaining allegations of Paragraph 62, and on that basis denies each and every

6  allegation of said paragraph.

7       63.     Answering Paragraph 63 of the FAC, Defendant admits that he informed some

8  customers that he would probably be leaving Gallagher.  Defendant denies each and every

9  remaining allegation of Paragraph 63 as it pertains to him.  Defendant lacks knowledge or

10  information sufficient to form a belief as to the truth of the remaining allegations of said

11  paragraph, and on that basis denies each and every allegation of Paragraph 63.

12       64.     Answering Paragraph 64 of the FAC, Defendant denies each and every allegation

13  of said paragraph.

14       65.     Answering Paragraph 65 of the FAC, Defendant denies each and every allegation

15  of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to

16  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

17  denies each and every allegation of Paragraph 65.

18       66.     Answering Paragraph 66 of the FAC, Defendant admits that George Petty was the

19  IT administrator for the San Ramon office.  Except as expressly admitted, Defendant denies each

20  and every allegation of Paragraph 66.

21       67.     Answering Paragraph 67 of the FAC, Defendant denies each and every allegation

22  of Paragraph 67 as it pertains to him.  Defendant lacks knowledge or information sufficient to

23  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

24  denies each and every allegation of Paragraph 67.

25       68.     Answering Paragraph 68 of the FAC, Defendant lacks knowledge or information

26  sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

27  that basis denies each and every allegation of Paragraph 68.

28

KERR
&
WAGSTAFFE
LLP

69.     Answering Paragraph 69 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 69.

70.     Answering Paragraph 70 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 70.

71.     Answering Paragraph 71 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 71.

72.     Answering Paragraph 72 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 72.

73.     Answering Paragraph 73 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 73.

74.     Answering Paragraph 74 of the FAC, Defendant admits that he received the e-mail described in said paragraph.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 74.

75.     Answering Paragraph 75 of the FAC, Defendant denies each and every allegation of said paragraph.

76.     Answering Paragraph 76 of the FAC, Defendant admits telling some customers he was probably going to leave Gallagher.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 76.

77.     Answering Paragraph 77 of the FAC, Defendant denies each and every allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

11

CASE NO. C 07-06418 JSW          ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

78.    Answering Paragraph 78 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

79.    Answering Paragraph 79 of the FAC, Defendant admits that he and the other individuals named in Paragraph 79 resigned from Gallagher on the morning of Friday, December 7, 2007.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 79.

80.    Answering Paragraph 80 of the FAC, Defendant denies each and every allegation of said paragraph.

81.    Answering Paragraph 81 of the FAC, Defendant denies each and every allegation of said paragraph.

82.    Answering Paragraph 82 of the FAC, Defendant states that the letter imaged in said paragraph speaks for itself.  Defendant denies any allegation of collusion or conspiracy. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that basis denies each and every allegation of said paragraph.

83.    Answering Paragraph 83 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

84.    Answering Paragraph 84 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

85.    Answering Paragraph 85 of the FAC, Defendant admits that he met with Lynn Tu prior to the all-hands meeting on December 7 and told her that he, Michael Brown, and Brian Quinn were going to resign.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 85.

86.    Answering Paragraph 86 of the FAC, Defendant admits that he told Lynn Tu that if she had questions about EPIC, she could contact Laura Wick or Mary Smith at EPIC, and

KERR
&
WAGSTAFFE
LLP

12

CASE NO. C 07-06418 JSW                ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1   provided phone numbers for both individuals.  Except as expressly admitted, Defendant denies

2   each and every allegation of Paragraph 86.

3         87.    Answering Paragraph 87 of the FAC, Defendant admits that there was an all-

4   hands meeting following the producers meeting and that at that meeting he and Brian Quinn

5   announced their resignations.  Except as expressly admitted, Defendant denies each and every

6   allegation of Paragraph 87.

7         88.    Answering Paragraph 88 of the FAC, Defendant lacks knowledge or information

8   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

9   denies each and every allegation of said paragraph.

10        89.    Answering Paragraph 89 of the FAC, Defendant lacks knowledge or information

11  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

12  denies each and every allegation of said paragraph.

13        90.    Answering Paragraph 90 of the FAC, Defendant lacks knowledge or information

14  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

15  denies each and every allegation of said paragraph.

16        91.    Answering Paragraph 91 of the FAC, Defendant lacks knowledge or information

17  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

18  denies each and every allegation of said paragraph.

19        92.    Answering Paragraph 92 of the FAC, Defendant lacks knowledge or information

20  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

21  denies each and every allegation of said paragraph.

22        93.    Answering Paragraph 93 of the FAC, Defendant lacks knowledge or information

23  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

24  denies each and every allegation of said paragraph.

25        94.    Answering Paragraph 94 of the FAC, Defendant lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

27  denies each and every allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

13

CASE NO. C 07-06418 JSW            ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

95. Answering Paragraph 95 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

96. Answering Paragraph 96 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

97. Answering Paragraph 97 of the FAC, Defendant admits that the individuals named in Paragraph 97 now work at EPIC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 97, and on that basis denies each and every allegation of said paragraph.

98. Answering Paragraph 98 of the FAC, Defendant admits that the individuals named in Paragraph 98 now work at EPIC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98, and on that basis denies each and every allegation of said paragraph.

99. Answering Paragraph 99 of the FAC, Defendant admits that the individuals named in Paragraph 99 now work at EPIC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99, and on that basis denies each and every allegation of said paragraph.

100. Answering Paragraph 100 of the FAC, Defendant admits that the individuals named in Paragraph 100 now work at EPIC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100, and on that basis denies each and every allegation of said paragraph.

101. Answering Paragraph 101 of the FAC, Defendant admits that the individual named in Paragraph 101 now works at EPIC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101, and on that basis denies each and every allegation of said paragraph.

102. Answering Paragraph 102 of the FAC, Defendant denies each and every allegation of Paragraph 102.

KERR
&
WAGSTAFFE
LLP

14

CASE NO. C 07-06418 JSW          ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    103.    Answering Paragraph 103 of the FAC, Defendant denies each and every

2    allegation of Paragraph 103.

3    104.    Answering Paragraph 104 of the FAC, Defendant denies each and every

4    allegation of Paragraph 104.

5    105.    Answering Paragraph 105 of the FAC, Defendant admits that he, Brian Quinn,

6    and Michael Brown resigned without giving 14 days' notice.  Defendant admits that this

7    paragraph approximately accurately states the numbers of employees in the San Ramon office

8    who have resigned.  Defendant further admits that Defendants Halbleib and Martin resigned as

9    well.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph

10   105.

11   106.    Answering Paragraph 106 of the FAC, Defendant admits that he had a corporate

12   email account and corporate computer access ID at the time he began working at EPIC.

13   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the

14   allegations concerning other departed employees, and on that basis denies the allegations.

15   Except as expressly admitted, Defendant denies each and every allegation of Paragraph 106.

16   107.    Answering Paragraph 107 of the FAC, Defendant denies each and every

17   allegation of said paragraph as it pertains to him.  Defendant lacks knowledge and information

18   sufficient to form a belief in the truth of the allegations of Paragraph 107, and on that basis

19   denies each and every allegation of said paragraph.

20   108.    Answering Paragraph 108 of the FAC, Defendant states that the letter quoted in

21   said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and every

22   allegation of Paragraph 108.

23   109.    Answering Paragraph 109 of the FAC, Defendant lacks knowledge and

24   information sufficient to form a belief in the truth of the allegations of said paragraph, and on

25   that basis denies each and every allegation of said paragraph.

26   110.    Answering Paragraph 110 of the FAC, Defendant lacks knowledge and

27   information sufficient to form a belief in the truth of the allegations of said paragraph, and on

28   that basis denies each and every allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

15

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    111.    Answering Paragraph 111 of the FAC, Defendant lacks knowledge and

2    information sufficient to form a belief in the truth of the allegations of said paragraph, and on

3    that basis denies each and every allegation of said paragraph.

4    112.    Answering Paragraph 112 of the FAC, Defendant lacks knowledge and

5    information sufficient to form a belief in the truth of the allegations of said paragraph, and on

6    that basis denies each and every allegation of said paragraph.

7    113.    Answering Paragraph 113 of the FAC, Defendant denies each and every

8    allegation of said paragraph.

9    114.    Answering Paragraph 114 of the FAC, Defendant denies each and every

10    allegation of said paragraph as it pertains to him.  Defendant lacks knowledge and information

11    sufficient to form a belief in the truth of the remaining allegations of Paragraph 114, and on that

12    basis denies each and every allegation of said paragraph.

13    115.    Answering Paragraph 115 of the FAC, Defendant admits that approximately 130

14    clients have signed broker of record letters designating EPIC as the broker of record.  Except as

15    expressly admitted, Defendant denies each and every allegation of Paragraph 115.

16    116.    Answering Paragraph 116 of the FAC, Defendant lacks knowledge or information

17    sufficient to form a belief as to the truth of the allegations concerning the unnamed customer

18    who allegedly transferred its business to another insurance agency, and on that basis denies the

19    allegations.  Except as expressly admitted, Defendant denies each and every allegation of

20    Paragraph 116.

21    117.    Answering Paragraph 117 of the FAC, Defendant denies each and every

22    allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

23    sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117, and on

24    that basis denies each and every allegation of said paragraph.

25    118.    Answering Paragraph 118 of the FAC, Defendant lacks knowledge or information

26    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

27    denies each and every allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

16

CASE NO. C 07-06418 JSW                                                      ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

119.    Answering Paragraph 119 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119, and on that basis denies each and every allegation of said paragraph.

120.    Answering Paragraph 120 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120, and on that basis denies each and every allegation of said paragraph.

121.    Answering Paragraph 121 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121, and on that basis denies each and every allegation of said paragraph.

122.    Answering Paragraph 122 of the FAC, Defendant denies each and every allegation of said paragraph.

123.    Answering Paragraph 123 of the FAC, Defendant denies each and every allegation of said paragraph.

124.    Answering Paragraph 124 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

125.    Answering Paragraph 125 of the FAC, Defendant denies each and every allegation as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125, and on that basis denies each and every allegation of said paragraph.

126.    Answering Paragraph 126 of the FAC, Defendant denies each and every allegation of said paragraph.

127.    Answering Paragraph 127 of the FAC, Defendant denies each and every allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

17

CASE NO. C 07-06418 JSW                ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

## COUNT ONE

128.    Answering Paragraph 128 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-127.

129.    Answering Paragraph 129 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant admits that during his employment at Gallagher, he had access to Gallagher's network, which network was used to provide insurance services across states lines. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 129.

130.    Answering Paragraph 130 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 130.

131.    Answering Paragraph 131 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 131.

132.    Answering Paragraph 132 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 132.

133.    Answering Paragraph 133 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 133.

134.    Answering Paragraph 134 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 134.

## COUNT TWO

135.    Answering Paragraph 135 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a

KERR & WAGSTAFFE LLP

18

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1  response is required, Defendant incorporates by reference his responses to Paragraphs 1-134 of

2  the FAC.

3      136.    Answering Paragraph 136 of the FAC, Defendant notes that said paragraph is in a

4  count not asserted against Defendant, and that therefore no response is required.  Further,

5  Paragraph 136's allegation that Gallagher's computer systems are within California Penal Code

6  section 502 is a legal conclusion, and therefore no response is required.  To the extent a response

7  is required, Defendant admits that he had a computer while he was employed by Gallagher.

8  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 136.

9      137.    Answering Paragraph 137 of the FAC, Defendant notes that said paragraph is in a

10  count not asserted against Defendant, and that therefore no response is required.  To the extent a

11  response is required, Defendant denies each and every allegation of Paragraph 137.

12      138.    Answering Paragraph 138 of the FAC, Defendant notes that said paragraph is in a

13  count not asserted against Defendant, and that therefore no response is required.  To the extent a

14  response is required, Defendant denies each and every allegation of Paragraph 138.

15      139.    Answering Paragraph 139 of the FAC, Defendant notes that said paragraph is in a

16  count not asserted against Defendant, and that therefore no response is required.  To the extent a

17  response is required, Defendant denies each and every allegation of Paragraph 139.

18      140.    Answering Paragraph 140 of the FAC, Defendant notes that said paragraph is in a

19  count not asserted against Defendant, and that therefore no response is required.  To the extent a

20  response is required, Defendant denies each and every allegation of Paragraph 140.

21      141.    Answering Paragraph 141 of the FAC, Defendant notes that said paragraph is in a

22  count not asserted against Defendant, and that therefore no response is required.  To the extent a

23  response is required, Defendant denies each and every allegation of Paragraph 141.

24      142.    Answering Paragraph 142 of the FAC, Defendant notes that said paragraph is in a

25  count not asserted against Defendant, and that therefore no response is required.  To the extent a

26  response is required, Defendant denies each and every allegation of Paragraph 142.

27

28

KERR
&
WAGSTAFFE
LLP

19

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

## COUNT THREE

143.    Answering Paragraph 143 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-142 of the FAC.

144.    Answering Paragraph 144 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 144.

145.    Answering Paragraph 145 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 145.

146.    Answering Paragraph 146 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  Further, Paragraph 146's allegation regarding current and former employees' duties is a legal conclusion, and therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 146.

147.    Answering Paragraph 147 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 147.

148.    Answering Paragraph 148 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 148.

149.    Answering Paragraph 149 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 149.

150.    Answering Paragraph 150 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 150.

KERR
&
WAGSTAFFE
LLP

20

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1       151.    Answering Paragraph 151 of the FAC, Defendant notes that said paragraph is in a

2 count not asserted against Defendant, and that therefore no response is required.  To the extent a

3 response is required, Defendant denies each and every allegation of Paragraph 151.

4       152.    Answering Paragraph 152 of the FAC, Defendant notes that said paragraph is in a

5 count not asserted against Defendant, and that therefore no response is required.  To the extent a

6 response is required, Defendant denies each and every allegation of Paragraph 152.

7       153.    Answering Paragraph 153 of the FAC, Defendant notes that said paragraph is in a

8 count not asserted against Defendant, and that therefore no response is required.  To the extent a

9 response is required, Defendant lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of said paragraph, and on that basis denies each and every allegation

11 of Paragraph 153.

## COUNT FOUR

13       154.    Answering Paragraph 154 of the FAC, Defendant notes that said paragraph is in a

14 count not asserted against Defendant, and that therefore no response is required.  To the extent a

15 response is required, Defendant incorporates by reference his responses to Paragraphs 1-153 of

16 the FAC.

17       155.    Answering Paragraph 155 of the FAC, Defendant notes that said paragraph is in a

18 count not asserted against Defendant, and that therefore no response is required.  To the extent a

19 response is required, Defendant denies each and every allegation of Paragraph 155.

20       156.    Answering Paragraph 156 of the FAC, Defendant notes that said paragraph is in a

21 count not asserted against Defendant, and that therefore no response is required.  To the extent a

22 response is required, Defendant denies each and every allegation of Paragraph 156.

23       157.    Answering Paragraph 157 of the FAC, Defendant notes that said paragraph is in a

24 count not asserted against Defendant, and that therefore no response is required.  To the extent a

25 response is required, except as expressly admitted, Defendant denies each and every allegation of

26 Paragraph 157.

27

28

KERR
&amp;
WAGSTAFFE
LLP

21

CASE NO. C 07-06418 JSW            ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

158.    Answering Paragraph 158 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 158.

159.    Answering Paragraph 159 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 159.

160.    Answering Paragraph 160 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 160.

## COUNT FIVE

161.    Answering Paragraph 161 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-160 of the FAC.

162.    Answering Paragraph 162 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 162.

163.    Answering Paragraph 163 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 163.

164.    Answering Paragraph 164 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 164.

165.    Answering Paragraph 165 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 165.

KERR & WAGSTAFFE LLP

22

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

## COUNT SIX

166.    Answering Paragraph 166 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-165 of the FAC.

167.    Answering Paragraph 167 of the FAC, Defendant states that Paragraph 167 states a legal conclusion, and that therefore no response is required.  To the extent a response is required, Defendant denies having an Executive Agreement, and admits that he has a Producer Agreement with EPIC, and further states that said Producer Agreement speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 167.

168.    Answering Paragraph 168 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 168. Further, Defendant states that Paragraph 168 states a legal conclusion, and that therefore no response is required.

169.    Answering Paragraph 169 of the FAC, Defendant admits that he had a stock option agreement with Gallagher, and states that the agreement speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 169.

170.    Answering Paragraph 170 of the FAC, Defendant denies each and every allegation of said paragraph.

171.    Answering Paragraph 171 of the FAC, Defendant denies each and every allegation of said paragraph.

172.    Answering Paragraph 172 of the FAC, Defendant denies each and every allegation of said paragraph.

173.    Answering Paragraph 173 of the FAC, Defendant denies each and every allegation of said paragraph.

## COUNT SEVEN

174.    Answering Paragraph 174 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-173 of the FAC.

175.    Answering Paragraph 175 of the FAC, Defendant states that Paragraph 175 is a legal conclusion, and that therefore no response is required.  To the extent a response is required,

KERR
&
WAGSTAFFE
LLP

23

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    Defendant admits that he had a stock option agreement with Gallagher, and denies each and

2    every remaining allegation of Paragraph 175.

3         176.    Answering Paragraph 176 of the FAC, Defendant denies each and every

4    allegation of said paragraph.

5         177.    Answering Paragraph 177 of the FAC, Defendant denies each and every

6    allegation of said paragraph.

7         178.    Answering Paragraph 178 of the FAC, Defendant denies each and every

8    allegation of said paragraph.

9                              **COUNT EIGHT**

10        179.    Answering Paragraph 179 of the FAC, Defendant incorporates by reference his

11   responses to Paragraphs 1-178 of the FAC.

12        180.    Answering Paragraph 180 of the FAC, Defendant admits that his title was Area

13   Chairman, but denies that he was an officer.  Defendant further states that the remaining

14   allegations of Paragraph 180 state a legal conclusion, to which no response is required.  To the

15   extent a response is required, Defendant denies each and every allegation of Paragraph 180.

16        181.    Answering Paragraph 181 of the FAC, Defendant denies each and every

17   allegation of said paragraph.

18        182.    Answering Paragraph 182 of the FAC, Defendant denies each and every

19   allegation of said paragraph.

20        183.    Answering Paragraph 183 of the FAC, Defendant denies each and every

21   allegation of said paragraph.

22                              **COUNT NINE**

23        184.    Answering Paragraph 184 of the FAC, Defendant incorporates by reference his

24   responses to Paragraphs 1-183 of the FAC.

25        185.    Answering Paragraph 185 of the FAC, Defendant denies each and every

26   allegation of said paragraph.

27        186.    Answering Paragraph 186 of the FAC, Defendant admits that he is a former

28   employee of Arthur J. Gallagher & Co., Insurance Brokers of California.  Defendant further

KERR
&
WAGSTAFFE
LLP

24

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    states that the remaining allegations of Paragraph 186 state a legal conclusion, to which no

2    response is required.  To the extent a response is required, Defendant denies each and every

3    allegation of Paragraph 186.

4         187.    Answering Paragraph 187 of the FAC, Defendant denies each and every

5    allegation of said paragraph.

6         188.    Answering Paragraph 188 of the FAC, Defendant denies each and every

7    allegation of said paragraph.

8         189.    Answering Paragraph 189 of the FAC, Defendant denies each and every

9    allegation of said paragraph.

10                             **COUNT TEN**

11        190.    Answering Paragraph 190 of the FAC, Defendant incorporates by reference his

12    responses to Paragraph 1-189 of the FAC.

13        191.    Answering Paragraph 191 of the FAC, Defendant admits awareness of the

14    existence of the agreements and other documents referenced in said paragraph, but denies any

15    allegation that they were valid or binding.  Defendant lacks knowledge or information sufficient

16    to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each

17    and every allegation of Paragraph 191.

18        192.    Answering Paragraph 192 of the FAC, Defendant denies each and every

19    allegation of said paragraph.

20        193.    Answering Paragraph 193 of the FAC, Defendant denies each and every

21    allegation of said paragraph.

22        194.    Answering Paragraph 194 of the FAC, Defendant denies each and every

23    allegation of said paragraph.

24        195.    Answering Paragraph 195 of the FAC, Defendant denies each and every

25    allegation of said paragraph.

26        196.    Answering Paragraph 196 of the FAC, Defendant denies each and every

27    allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

25

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1

## COUNT ELEVEN

2    197.    Answering Paragraph 197 of the FAC, Defendant incorporates by reference his

3    responses to Paragraphs 1-196 of the FAC.

4    198.    Answering Paragraph 198 of the FAC, Defendant states that Paragraph 186 states

5    a legal conclusion, and that therefore no response is required.  To the extent a response is

6    required, Defendant admits that Gallagher had business relationships with clients, and

7    employment relationships with employees.  Except as expressly admitted, Defendant denies each

8    and every allegation of Paragraph 198.

9    199.    Answering Paragraph 199 of the FAC, Defendant denies each and every

10   allegation of said paragraph.

11   200.    Answering Paragraph 199 of the FAC, Defendant denies each and every

12   allegation of said paragraph.

13   201.    Answering Paragraph 201 of the FAC, Defendant denies each and every

14   allegation of said paragraph.

15   202.    Answering Paragraph 202 of the FAC, Defendant denies each and every

16   allegation of said paragraph.

17

## COUNT TWELVE

18   203.    Answering Paragraph 203 of the FAC, Defendant incorporates by reference his

19   responses to Paragraphs 1-202 of the FAC.

20   204.    Answering Paragraph 204 of the FAC, Defendant denies each and every

21   allegation of said paragraph.

22   205.    Answering Paragraph 205 of the FAC, Defendant denies each and every

23   allegation of said paragraph.

24

## COUNT THIRTEEN

25   206.    Answering Paragraph 206 of the FAC, Defendant incorporates by reference his

26   responses to Paragraphs 1-205 of the FAC.

27   207.    Answering Paragraph 207 of the FAC, Defendant denies each and every

28   allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

26

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1     208.   Answering Paragraph 208 of the FAC, Defendant denies each and every

2   allegation of said paragraph.

3                                **COUNT FOURTEEN**

4     209.   Answering Paragraph 209 of the FAC, Defendant incorporates by reference his

5   responses to Paragraphs 1-208 of the FAC.

6     210.   Answering Paragraph 210 of the FAC, Defendant states as follows:

7             a.     Defendant lacks knowledge or information sufficient to form a belief as to

8                    the truth of the allegations of Paragraph 210(a), and on that basis denies

9                    each and every allegation of Paragraph 210(a)

10            b.     Defendant denies each and every allegation of Paragraph 210(b);

11            c.     Defendant lacks knowledge or information sufficient to form a belief as to

12                   the truth of the allegations of said paragraph, and on that basis denies each

13                   and every allegation of Paragraph 210(c);

14            d.     Defendant lacks knowledge or information sufficient to form a belief as to

15                   the truth of the allegations of said paragraph, and on that basis denies each

16                   and every allegation of Paragraph 210(d);

17            e.     Defendant denies each and every allegation of Paragraph 210(e) as it

18                   pertains to him, and further states that he lacks knowledge or information

19                   sufficient to form a belief as to the truth of the allegations of said

20                   paragraph, and on that basis denies each and every remaining allegation of

21                   Paragraph 210(e);

22            f.     Defendant denies each and every allegation of Paragraph 210(f) as it

23                   pertains to him, and further states that he lacks knowledge or information

24                   sufficient to form a belief as to the truth of the allegations of said

25                   paragraph, and on that basis denies each and every remaining allegation of

26                   Paragraph 210(f); and

27            g.     Defendant denies each and every allegation of subparagraph 210(g) as it

28                   pertains to him, and further states that he lacks knowledge or information

KERR
&
WAGSTAFFE
LLP

27

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1    sufficient to form a belief as to the truth of the allegations of said

2    paragraph, and on that basis denies each and every remaining allegation of

3    Paragraph 210(g).

4    211.    Answering Paragraph 211 of the FAC, Defendant denies each and every

5    allegation of said paragraph.

6    212.    Answering Paragraph 212 of the FAC, Defendant denies each and every

7    allegation of said paragraph.

8    213.    Answering Paragraph 213 of the FAC, Defendant denies each and every

9    allegation of said paragraph.

10    214.    Answering Paragraph 214 of the FAC, Defendant denies each and every

11    allegation of said paragraph.

12    **PRAYER FOR RELIEF**

13    Defendant denies each and every allegation of Plaintiffs' prayer for relief, and

14    specifically denies that Plaintiffs have been injured, or threatened with injury, in any way

15    whatsoever, or at all, and specifically denies that Plaintiffs are entitled to any relief of any kind

16    whatsoever.

17    **AFFIRMATIVE DEFENSES**

18    For his affirmative defenses to the complaint, Defendant alleges the following:

19    **FIRST AFFIRMATIVE DEFENSE**

20    (failure to state a claim)

21    The FAC, and each purported count therein, fails to state a claim upon which relief can

22    be granted.

23    **SECOND AFFIRMATIVE DEFENSE**

24    (failure to allege sufficient facts)

25    The FAC, and each purported count therein, fails to state facts sufficient to constitute a

26    cause of action.

27

28

KERR
& WAGSTAFFE LLP

28

CASE NO. C 07-06418 JSW                ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1

### THIRD AFFIRMATIVE DEFENSE

2

(justification)

3   The actions of Defendant that allegedly give rise to liability herein, if any such actions

4   occurred, were legally justified and cannot give rise to any liability on the part of Defendant.

5

### FOURTH AFFIRMATIVE DEFENSE

6

(failure to establish causation)

7   Without in any way admitting that any of the conduct alleged in the FAC occurred or is

8   in any way unlawful, Plaintiffs may not recover any damages sought herein because there is no

9   causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

10  Plaintiffs.

11

### FIFTH AFFIRMATIVE DEFENSE

12

(good faith)

13  Defendant acted in good faith and did not directly or indirectly perform any acts

14  whatsoever that would constitute a violation of any rights of Plaintiffs or any duty owed to

15  Plaintiffs.

16

### SIXTH AFFIRMATIVE DEFENSE

17

(failure to conduct reasonable inquiry)

18  The FAC, and each and every purported cause of action alleged therein, is barred because

19  Plaintiffs filed their frivolous FAC in bad faith in violation of California Code of Civil Procedure

20  section 128.6, and because Plaintiffs failed to perform a diligent, good faith, and reasonable

21  inquiry into the allegations in the FAC prior to filing, as required by California Code of Civil

22  Procedure section 128.7.

23

### SEVENTH AFFIRMATIVE DEFENSE

24

(privilege of competition)

25  Plaintiffs' FAC, and each purported claim for relief alleged therein, are barred by the

26  privilege to compete.

27

28

KERR
&
WAGSTAFFE
LLP

29

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(absence of irreparable harm)

3    To the extent Plaintiffs attempt to seek equitable relief, they are not entitled to such relief

4 because the injury or damages suffered by Plaintiffs, if any, would be adequately compensated in

5 an action at law for damages.

6

## NINTH AFFIRMATIVE DEFENSE

7

(equitable estoppel)

8    Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

9

## TENTH AFFIRMATIVE DEFENSE

10

(judicial estoppel)

11    Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

(unclean hands)

14    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

(failure to establish misappropriation)

17    Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

18 Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

19 allegations are false and because Defendant has not "misappropriated" Plaintiffs' "trade secrets."

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

(failure to establish existence of trade secrets)

22    Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

23 Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

24 readily ascertainable by proper means and is therefore not a "trade secret" under California law.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

(invalidity of contracts)

27    Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

28 Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive



KERR
&
WAGSTAFFE
LLP

30

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

2   contracts as they lack consideration.

3   ### FIFTEENTH AFFIRMATIVE DEFENSE

4   (failure to establish a private cause of action)

5   Plaintiffs' Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

6   barred as an improper cause of action.

7   ### SIXTEENTH AFFIRMATIVE DEFENSE

8   (public policy)

9   Plaintiffs' claims are barred, in whole or in part, insofar as several contract provisions are

10  void for public policy.

11  ### SEVENTEENTH AFFIRMATIVE DEFENSE

12  (Business & Professions Code § 16600)

13  Plaintiffs' claims are barred, in whole or in part, insofar as they are based on improper

14  restraints of trade in violation of Business & Professions Code § 16600.

15  ### EIGHTEENTH AFFIRMATIVE DEFENSE

16  (waiver)

17  Plaintiffs have waived the right, if any, to pursue the claims in the FAC, and each

18  purported cause of action contained therein, by reason of Plaintiffs' own actions and course of

19  conduct.

20  ### NINETEENTH AFFIRMATIVE DEFENSE

21  (absence of deception)

22  Plaintiffs' Thirteenth Claim for Unfair Competition is barred on the grounds that

23  Defendant's conduct is not likely to mislead the public or harm Plaintiffs.

24  ### TWENTIETH AFFIRMATIVE DEFENSE

25  (lack of specificity)

26  The Fourteenth Claim for Fraud is barred because Plaintiffs have failed to plead their

27  claim with the requisite particularity.

28

KERR
&
WAGSTAFFE
LLP

31

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(unjust enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Plaintiffs' unjust enrichment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(failure to mitigate)

Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(punitive damages)

Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate Defendant's constitutional rights under the United States and California Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(incorporation of other defenses)

Defendant adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with Defendant's assertions that it is not liable to Plaintiffs or anyone for any amount whatsoever arising out of this lawsuit.

//
//
//
//
//
//
//

KERR
&
WAGSTAFFE
LLP

32

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.

1

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

(reservation of rights)

3        Defendant reserves the right to raise additional affirmative and other defenses as they are

4    discovered or otherwise become available.

5

6    DATED: February 8, 2008

7                                                    **KERR & WAGSTAFFE LLP**

8

9                                    By _____/s/_____

10                                        ADRIAN J. SAWYER

11                                        Attorneys for Defendants
                                         ANDREW ("WALLY") BROWN, JR.,
12                                        BRIAN F. QUINN, MICHAEL J. BROWN, and
                                         LAURA J. WICK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

33

CASE NO. C 07-06418 JSW                    ANSWER BY DEF. ANDREW ("WALLY") BROWN, JR.