1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2  DANIEL PURCELL - #191424 (dpurcell@kvn.com)
   R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3  710 Sansome Street
   San Francisco, California  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendants
6  ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
   COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7  SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
   HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8  SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
   WILLIAM PHILLIPS, JR,; LINDA SOO HOO, DIRCK R.
9  STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF GEORGE J. PETTY**
    INC., a California Corporation,                **TO FIRST AMENDED**
16                                                 **COMPLAINT FOR DAMAGES AND**
                            Plaintiffs,            **INJUNCTIVE RELIEF**
17
          v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                           Defendants.

28

1        Defendant George J. Petty ("Petty") answers plaintiffs' First Amended Complaint as

2  follows:

3                **I.**      **NATURE OF ACTION**

4       1.      Petty denies Gallagher's allegations of "illegal raiding" or "associated theft and

5  use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6  and the existence of any ongoing misconduct.  Except as expressly denied above, Petty admits

7  Gallagher's characterization of its complaint and the claims for relief set forth therein.

8       2.      Petty admits the allegations of this paragraph.

9       3.      Petty admits that EPIC touts its belief in principles of business ethics, but denies,

10  to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical principles.

11  Petty denies the remaining allegations in this paragraph as to him.  With respect to the

12  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

13  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

14      4.      Petty denies the allegations in this paragraph as to him.  With respect to the

15  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

16  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17      5.      This paragraph states legal conclusions to which no response is required.

18      6.      Petty lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      7.      Petty denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

22  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

23      8.    Petty denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

25  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

26      9.      Petty denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

28  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

410505.01

1    10.    Petty admits that Wally Brown and Brian Quinn held the most senior management

2    positions in Gallagher's San Ramon office. As to the remainder of the allegations in this

3    paragraph, Petty lacks sufficient information to admit or deny, and on that basis denies those

4    allegations.

5    11.    Petty denies the allegations in this paragraph as to him. With respect to the

6    allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

7    information to admit or deny the allegations in this paragraph, and on that basis denies those

8    allegations.

9    **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

10    12.    This paragraph states a legal conclusion to which no response is required.

11    13.    This paragraph states a legal conclusion to which no response is required.

12    **III.    PARTIES AND PERSONAL JURISDICTION**

13    14.    Petty lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    15.    Petty admits the allegations in this paragraph.

16    16.    Petty admits that Francis and Hahn are co-founders of EPIC and have experience

17    in the insurance industry. As to the remaining allegations in this paragraph, Petty lacks sufficient

18    information to admit or deny, and on that basis denies those allegations.

19    17.    Petty admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

20    Stephen Hause were former high-level employees of Gallagher. As to the allegations in this

21    paragraph regarding the fiduciary status of certain individual defendants, those allegations state

22    legal conclusions to which no response is required.

23    18.    Petty admits that, except as to James Halbleib and Laurinda Martin, the Individual

24    Defendants, including himself, are current employees of EPIC and former employees of

25    Gallagher. As to Halbleib and Martin, Petty lacks personal knowledge as to their employment

26    status at EPIC, and on that basis denies the allegation. Petty admits that he is a resident of the

27    State of California. Except as expressly admitted, Petty denies the allegations of this paragraph

28    as they relate to him, and denies the allegations of this paragraph as they relate to other

2

1   Individual Defendants on the basis that he lacks sufficient information to admit or deny those

2   allegations.

3       19.     Petty denies the allegations in this paragraph as they relate to him.  For those

4   allegations that relate to other Individual Defendants and EPIC, Petty lacks sufficient

5   information to admit or deny, and on that basis denies those allegations.

6       20.     Petty admits that Gallagher has sued each of the Individual Defendants

7   individually as co-conspirators.  Except as expressly admitted, Petty denies the allegations of this

8   paragraph as they relate to him.  Petty denies the allegations of this paragraph as they relate to

9   other Individual Defendants and EPIC on the basis that he lacks sufficient information to admit

10  or deny those allegations.

11      21.     Petty admits that Gallagher has sued each of the Individual Defendants

12  individually and is alleging that each Individual Defendant acted as an agent of the others.

13  Except as expressly admitted, Petty denies the allegations of this paragraph as they relate to him.

14  Petty denies the allegations of this paragraph as they relate to other Individual Defendants and

15  EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

16              IV.     **FACTUAL ALLEGATIONS**

17      22.     Petty denies that this paragraph accurately characterizes the job duties of former

18  Gallagher employees who left to join EPIC.  Petty denies the characterization that the Individual

19  Defendants left Gallagher "*en masse.*"

20      23.     Petty lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      24.     Petty lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      25.     Petty lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      26.     Petty admits that Gallagher and its employees have invested resources in

27  developing relationships with their clients.  Petty further admits that, if Gallagher possessed any

28  confidential or trade-secret information, and, if that information were misappropriated by a

competitor, that misappropriation potentially could enable that competitor to compete unfairly

with Gallagher. Petty specifically denies that he misappropriated any Gallagher confidential

information. Except as expressly admitted or denied, Petty denies the allegations in this

paragraph as to him. With respect to the allegation in this paragraph as to other Individual

Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph,

and on that basis denies those allegations.

27.    Petty admits that, during his employment at Gallagher, he gained access to non-

public Gallagher information. Except as expressly admitted, Petty lacks sufficient information to

admit or deny the allegations in this paragraph, and on that basis denies those allegations.

28.    Petty admits the existence of Gallagher's Code for Business Conduct and Ethics

and Stockholder Agreement referenced in this paragraph. Without having those documents in

his possession, Petty lacks sufficient information to admit or deny Gallagher's allegations

regarding the content of those documents, and on that basis denies those allegations. With

respect to Gallagher's allegations regarding its Executive Agreements and Non-Competition

Agreement with Wally Brown, Petty lacks sufficient information to admit or deny those

allegations, and on that basis denies those allegations. Finally, Gallagher's statement that it

"takes reasonable and appropriate measures to safeguard its non-public commercially valuable

information" states a legal conclusion to which no response is required.

29.    Petty lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

30.    Petty lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

31.    Petty lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

32.    Petty lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

33.    Petty admits the allegations in this paragraph.

34.    Petty lacks sufficient information to admit or deny the allegations in this

4

1  paragraph, and on that basis denies those allegations.

2      35.    Petty denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

4  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

5      36.    Petty denies the allegations in this paragraph as to him.  With respect to the

6  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

7  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

8      37.    Petty denies the allegations in this paragraph as to him.  With respect to the

9  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

10  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

11      38.    Petty lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13      39.    Petty lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15      40.    Petty lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17      41.    Petty lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19      42.    Petty lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21      43.    Petty lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23      44.    Petty lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      45.    Petty lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      46.    Petty lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF GEORGE J. PETTY TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1      47.    Petty lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3      48.    Petty lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5      49.    Petty lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7      50.    Petty lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9      51.    Petty lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11      52.    Petty lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13      53.    Petty lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15      54.    Petty lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17      55.    Petty lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19      56.    Petty admits that no one contacted him to turn off Laura Wick's remote access to

20  her corporate email account.  Petty further admits that he did not deactivate Wick's access at the

21  San Ramon office level because he lacked the authority under Gallagher company policy to take

22  that action without approval from a Gallagher manager.  Petty denies the remaining allegations

23  in this paragraph as to him.  With respect to the allegations in this paragraph as to other

24  Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      57.    Petty lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      58.    Petty lacks sufficient information to admit or deny the allegations in this

6

410505.01

1   paragraph, and on that basis denies those allegations.

2       59.    Petty lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4       60.    Petty lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6       61.    Petty lacks sufficient information to admit or deny the allegations in this

7   paragraph, and on that basis denies those allegations.

8       62.    Petty lacks sufficient information to admit or deny the allegations of this

9   paragraph, and on that basis denies those allegations.

10      63.    Petty denies the allegations in this paragraph as to him.  With respect to the

11  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

12  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13      64.    Petty denies the allegations in this paragraph as to him.  With respect to the

14  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

15  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

16      65.    The first sentence of this paragraph is a prefatory statement to which no response

17  is required.  Petty denies the remaining allegations in this paragraph as to him.  With respect to

18  the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21      66.    Petty admits that he was one of two employees responsible for IT and computer

22  systems in Gallagher's San Ramon office.  Petty denies that he was involved in the theft of data

23  or any related cover up.

24      67.    Petty denies the allegations in this paragraph as to him.  With respect to the

25  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

26  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27      68.    Petty admits the allegations of this paragraph only to the extent stated in his

28  declaration of January 3, 2008, which Petty incorporates herein by reference.  Except as

7

410505.01

1    expressly admitted, Petty denies the allegations of this paragraph as to him. With respect to the

2    allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

3    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

4         69.    Petty denies the allegations in this paragraph as to him. With respect to the

5    allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

6    information to admit or deny the allegations in this paragraph, and on that basis denies those

7    allegations.

8         70.    Petty admits the allegations of this paragraph only to the extent stated in his

9    declaration of January 3, 2008, which Petty incorporates herein by reference. Except as

10   expressly admitted, Petty denies the allegations of this paragraph as to him. With respect to the

11   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

12   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13        71.    Petty lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15        72.    Petty lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17        73.    Petty lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19        74.    Petty admits the allegations in this paragraph.

20        75.    Petty denies the allegations in this paragraph as to him. With respect to the

21   allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

22   information to admit or deny the allegations in this paragraph, and on that basis denies those

23   allegations.

24        76.    Petty denies the allegations in this paragraph as to him. With respect to the

25   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

26   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27        77.    Petty denies the allegations in this paragraph as to him. With respect to the

28   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

8

1   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

2       78.     Petty lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4       79.     Petty lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6       80.     Petty lacks sufficient information to admit or deny the allegations in this

7   paragraph, and on that basis denies those allegations.

8       81.     Petty denies the allegations in this paragraph as to him.  With respect to the

9   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

10  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

11      82.     With respect to the allegations regarding Cohn's resignation letter and Petty's

12  duties under it, that letter is set forth in its entirety this paragraph and speaks for itself.  Petty

13  admits that he was one of two Gallagher employees in charge of "IT function" for the San

14  Ramon office and that he resigned without notice on December 11, 2007.  With respect to the

15  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

16  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17      83.     Petty lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19      84.     Petty denies the allegations in this paragraph.

20      85.     Petty lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      86.     Petty lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      87.     Petty admits that Wally Brown and Brian Quinn announced their resignations at

25  an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as

26  expressly admitted, Petty lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      88.     Petty lacks sufficient information to admit or deny the allegations in this

9

1  paragraph, and on that basis denies those allegations.

2      89.    Petty lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      90.    Petty lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      91.    Petty admits that he interviewed with EPIC on December 10, 2007 and received

7  an employment offer the same day.  With respect to the allegations in this paragraph as to other

8  Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the

9  allegations in this paragraph, and on that basis denies those allegations.

10     92.    Petty admits that he resigned from Gallagher on December 11, 2007 without

11  giving prior notice to work at EPIC.  Petty denies that he coordinated his resignation with any

12  other employees or EPIC.  Petty denies the remaining allegations in this paragraph as to him.

13  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks

14  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15  those allegations.

16     93.    Petty denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

18  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

19     94.    Petty lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21     95.    Petty lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23     96.    Petty lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25     97.    Petty lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27     98.    Petty admits that he resigned from Gallagher on December 11, 2007 without

28  giving prior notice to work at EPIC.  Petty denies the remaining allegations in this paragraph as

10

1    to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty

2    lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis

3    denies those allegations.

4         99.     Petty lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6         100.    Petty lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8         101.    Petty lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10        102.    Petty lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12        103.    Petty lacks sufficient information to admit or deny the allegations in this

13   paragraph, and on that basis denies those allegations.

14        104.    Petty lacks sufficient information to admit or deny the allegations in this

15   paragraph, and on that basis denies those allegations.

16        105.    Petty lacks sufficient information to admit or deny the allegations in this

17   paragraph, and on that basis denies those allegations.

18        106.    Petty lacks sufficient information to admit or deny the allegations in this

19   paragraph, and on that basis denies those allegations.

20        107.    Petty denies the allegations in this paragraph as to him.  With respect to the

21   allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

22   information to admit or deny the allegations in this paragraph, and on that basis denies those

23   allegations.

24        108.    Petty lacks sufficient information to admit or deny the allegations in this

25   paragraph, and on that basis denies those allegations.

26        109.    Petty lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28        110.    Petty lacks sufficient information to admit or deny the allegations in this

1  paragraph, and on that basis denies those allegations.

2  111.    Petty lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4  112.    Petty lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6  113.    Petty lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8  114.    Petty denies the allegations in this paragraph as to him.  With respect to the

9  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

10  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

11  115.    Petty denies that he used any deceptive or unlawful business practices, or any

12  Gallagher business information, to convince any client to switch its business from Gallagher to

13  EPIC.  Except as expressly denied, Petty lacks sufficient information to admit or deny the

14  allegations in this paragraph, and on that basis denies these allegations.

15  116.    Petty lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17  117.    Petty denies the allegations in this paragraph as to him.  With respect to the

18  allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21  118.    Petty lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23  119.    Petty denies that he has solicited any Gallagher employees or customers.  Except

24  as expressly denied, Petty lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26  120.    Petty denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

ANSWER OF GEORGE J. PETTY TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    allegations.

2        121.    Petty denies the allegations in this paragraph as to him.  With respect to the

3    allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

4    information to admit or deny the allegations in this paragraph, and on that basis denies those

5    allegations.

6        122.    This paragraph states a legal conclusion to which no response is required.

7        123.    Petty denies the allegations in this paragraph as to him.  With respect to the

8    allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

9    information to admit or deny the allegations in this paragraph, and on that basis denies those

10   allegations.

11       124.    Petty lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13       125.    Petty denies the allegations in this paragraph as to him.  With respect to the

14   allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

15   information to admit or deny the allegations in this paragraph, and on that basis denies those

16   allegations.

17       126.    This paragraph states legal conclusions to which no response is required.

18       127.    This paragraph states legal conclusions to which no response is required.

19                              **COUNT ONE**

20   **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual**
     **Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**
21

22       128.    Petty realleges and incorporates by reference his responses to paragraphs 1

23   through 127.

24       129.    Petty admits that Gallagher's computer systems had Internet capabilities and that

25   he used those computers to provide insurance services across state lines.  Petty further admits

26   that, during his employment with Gallagher, he accessed and had access to Gallagher's computer

27   network through his Gallagher computer.  Except as expressly admitted, Petty lacks sufficient

28   information to admit or deny the allegations in this paragraph, and on that basis denies those

                                      13

1    allegations.  The final sentence of this paragraph states a legal conclusion to which no response

2    is required.

3        130.    Petty denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

5    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

6        131.    Petty denies the allegations in this paragraph as to him.  With respect to the

7    allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

8    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

9        132.    Petty denies the allegations in this paragraph as to him.  With respect to the

10   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

11   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

12       133.    Petty lacks sufficient information to admit or deny the allegations in this

13   paragraph, and on that basis denies those allegations.

14       134.    Petty denies the allegations in this paragraph as to him.  With respect to the

15   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

16   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17                                    **COUNT TWO**

18   **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,**
     **Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

19

20       135.    Petty realleges and incorporates by reference his responses to paragraphs 1

21   through 134.

22       136.    Petty lacks sufficient information to admit or deny the allegations in this

23   paragraph, and on that basis denies those allegations.

24       137.    Petty admits the allegations of this paragraph only to the extent stated in his

25   declaration of January 3, 2008, which Petty incorporates herein by reference.  Except as

26   expressly admitted, Petty denies the allegations of this paragraph as to him.  With respect to the

27   allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

28   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

                                          14

410505.01

138.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

139.    This paragraph states legal conclusions to which no response is required.  To the degree a response is required, Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

140.    This paragraph states legal conclusions to which no response is required.  To the degree a response is required, Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

141.    Petty denies that he knowingly accessed Gallagher's computer system and confidential and proprietary information without authorization or permission and that he retained any Gallagher data or information obtained through any such knowing access.  With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The final sentence of this paragraph states legal conclusions to which no response is required.

142.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

**COUNT THREE**

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143.    Petty realleges and incorporates by reference his responses to paragraphs 1 through 142.

144.    Petty denies the allegations in this paragraph.

15

410505.01

145. Gallagher's assertion that it possesses trade secrets under California law is a legal conclusion to which no response is required. To the degree a response is required, Petty denies the allegations in this paragraph.

146. Petty denies that he took proprietary or confidential Gallagher information with him when he resigned from Gallagher, or that he brought any such information with him to EPIC. Petty further denies that he has retained this information in unauthorized fashion, or has used or plans to use any such information to benefit himself, EPIC, or anyone else, with or without Gallagher's express consent. With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. Except as expressly denied, the remaining allegations of this paragraph are legal conclusions to which no response is required.

147. Petty denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

148. Petty denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

149. This paragraph states legal conclusions to which no response is required.

150. The first sentence of this paragraph states legal conclusions to which no response is required. As to the allegations in the second sentence, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

151. This paragraph states legal conclusions to which no response is required. To the degree a response is required, Petty denies the allegations in this paragraph.

152. Petty denies that he misappropriated Gallagher trade secrets. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those

16

410505.01

1  allegations.  The remainder of this paragraph states legal conclusions to which no response is

2  required.

3       153.    Petty denies that he misappropriated Gallagher trade secrets or deliberately

4  intended to injure Gallagher in any way.  With respect to the allegations in this paragraph as to

5  other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the

6  allegations in this paragraph, and on that basis denies those allegations.  The remainder of this

7  paragraph states legal conclusions to which no response is required.

8  **COUNT FOUR**

9  **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against
Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on
behalf of and in furtherance of the conspiracy with EPIC)**

10

11       154.    Petty realleges and incorporates by reference his responses to paragraphs 1

12  through 153.

13       155.    This paragraph states a legal conclusion to which no response is required.  To the

14  degree a response is required, Petty denies the allegations in this paragraph as to him.  With

15  respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks

16  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

17  those allegations.

18       156.    This paragraph states a legal conclusion to which no response is required.  To the

19  degree a response is required, Petty denies the allegations in this paragraph as to him.  With

20  respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks

21  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

22  those allegations.

23       157.    Petty denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

25  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

26       158.    Petty denies that he engaged in wrongful conduct or misappropriated any

27  Gallagher property.  Except as expressly denied, Petty lacks sufficient information to admit or

28  deny the allegations in this paragraph, and on that basis denies those allegations.

17

410505.01

159.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

160.    Petty denies that he misappropriated Gallagher property.  The remainder of this paragraph states legal conclusions to which no response is required.

### COUNT FIVE

**(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

161.    Petty realleges and incorporates by reference his responses to paragraphs 1 through 160.

162.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

163.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

164.    Petty denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

165.    Petty denies that he willfully and maliciously converted any property belonging to Gallagher or deliberately intended to injure Gallagher's business for his own financial gain. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to which no response is required.

**COUNT SIX**

**(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause, Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

166.    Petty realleges and incorporates by reference his responses to paragraphs 1 through 165.

167.    Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

168.    Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

169.    Petty admits that he entered into a Stock Option Agreement with Gallagher. Without having possession of the Stock Option Agreement he signed, Petty lacks sufficient information to admit or deny its contents, and on that basis denies the allegations in the first sentence of this paragraph.  In any event, the Stock Option Agreement will speak for itself.

170.    Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

171.    Petty denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

172.    Petty denies that he materially breached any contract with Gallagher.  Petty lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

173.    This paragraph states legal conclusions to which no response is required.

**COUNT SEVEN**

**(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

174.    Petty realleges and incorporates by reference his responses to paragraphs 1 through 173.

175.    This paragraph states a legal conclusion to which no response is required.

19

176.     Petty denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

177.     Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

178.     Petty denies that he breached any duties contained in any agreements he signed with Gallagher.  Petty lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

## COUNT EIGHT

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179.     Petty realleges and incorporates by reference his responses to paragraphs 1 through 178.

180.     This cause of action is not asserted against Petty.  Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

181.     This cause of action is not asserted against Petty.  Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

182.     This cause of action is not asserted against Petty.  Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

183.     This cause of action is not asserted against Petty.  Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT NINE

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

184.     Petty realleges and incorporates by reference his responses to paragraphs 1 through 183.

185.     This paragraph states a legal conclusion to which no response is required.

186.   Petty admits that, prior to his resignation from Gallagher, he was an employee of Gallagher. The remainder of this paragraph states legal conclusions to which no response is required.

187.   Petty denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

188.   Petty denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

189.   Petty denies the allegations in the first two sentences of this paragraph as to his. With respect to allegations in the first two sentences this paragraph as to other Individual Defendants, Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. The third sentence of this paragraph states legal conclusions to which no response is required.

## COUNT TEN

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

190.   Petty realleges and incorporates by reference his responses to paragraphs 1 through 189.

191.   This cause of action is not asserted against Petty. Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

192.   This cause of action is not asserted against Petty. Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

193.   This cause of action is not asserted against Petty. Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

194.   This cause of action is not asserted against Petty. Petty, therefore, is not required to and does not respond to the allegations in the paragraph.

195.   This cause of action is not asserted against Petty. Petty, therefore, is not required

21

410505.01

1    to and does not respond to the allegations in the paragraph.

2        196.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

3    to and does not respond to the allegations in the paragraph.

### COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

7        197.    Petty realleges and incorporates by reference his responses to paragraphs 1

8    through 196.

9        198.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

10   to and does not respond to the allegations in the paragraph.

11       199.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

12   to and does not respond to the allegations in the paragraph.

13       200.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

14   to and does not respond to the allegations in the paragraph.

15       201.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

16   to and does not respond to the allegations in the paragraph.

17       202.    This cause of action is not asserted against Petty.  Petty, therefore, is not required

18   to and does not respond to the allegations in the paragraph.

### COUNT TWELVE

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

22       203.    Petty realleges and incorporates by reference his responses to paragraphs 1

23   through 202.

24       204.    This paragraph states legal conclusions to which no response is required.

25       205.    This paragraph states legal conclusions to which no response is required.

### COUNT THIRTEEN

**(Unjust Enrichment – Against All Defendants)**

28       206.    Petty realleges and incorporates by reference his responses to paragraphs 1

22

ANSWER OF GEORGE J. PETTY TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   through 205.

2       207.    Petty denies the allegations in this paragraph as to him.  With respect to

3   allegations in this paragraph as to other Individual Defendants and EPIC, Petty lacks sufficient

4   information to admit or deny the allegations in this paragraph, and on that basis denies those

5   allegations.

6       208.    This paragraph states legal conclusions to which no response is required.

7                                   **COUNT FOURTEEN**

8               **(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

9       209.    Petty realleges and incorporates by reference his responses to paragraphs 1

10  through 208.

11      210.    Petty denies the allegations in this paragraph as to him.  With respect to

12  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

13  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

14      211.    Petty denies the allegations in this paragraph as to him.  With respect to

15  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

16  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17      212.    Petty denies that he intended to do harm to Gallagher, acted in coordinated or

18  surreptitious fashion to carry out any plan, or went to extraordinary lengths to conceal anything.

19  With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks

20  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

21  those allegations.  With respect to allegations in this paragraph about Gallagher's state of mind,

22  Petty lacks sufficient information to admit or deny the allegations in this paragraph, and on that

23  basis denies those allegations.

24      213.    Petty denies the allegations in this paragraph as to him.  With respect to

25  allegations in this paragraph as to other Individual Defendants, Petty lacks sufficient information

26  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27      214.    Petty denies that he did any act deliberately or maliciously with the deliberate

28  intent to injure Gallagher's business or improve his own business or realize any financial gain.

410505.01

1   With respect to allegations in this paragraph as to other Individual Defendants, Petty lacks

2   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

3   those allegations.  The remaining allegations of this paragraph state legal conclusions to which

4   no response is required.

5                                    **AFFIRMATIVE DEFENSES**

6          For its affirmative defenses to the First Amended Complaint ("FAC"), Petty alleges the

7   following:

8                                  **FIRST AFFIRMATIVE DEFENSE**

9                                       (Failure to State a Claim)

10         The FAC, and each purported count therein, fails to state a claim upon which relief can

11  be granted.

12                               **SECOND AFFIRMATIVE DEFENSE**

13                                 (Failure to Allege Sufficient Facts)

14         The FAC, and each purported count therein, fails to state facts sufficient to constitute a

15  cause of action.

16                                 **THIRD AFFIRMATIVE DEFENSE**

17                                          (Justification)

18         The actions of EPIC that allegedly give rise to liability herein, if any such actions

19  occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

20                                **FOURTH AFFIRMATIVE DEFENSE**

21                                 (Failure to Establish Causation)

22         Without in any way admitting that any of the conduct alleged in the FAC occurred or is

23  in any way unlawful, Gallagher may not recover any damages sought herein because there is no

24  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

25  Gallagher.

26                                 **FIFTH AFFIRMATIVE DEFENSE**

27                                          (Good Faith)

28         EPIC acted in good faith and did not directly or indirectly perform any acts that would

24

410505.01

1 | constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

2 | ### SIXTH AFFIRMATIVE DEFENSE

3 | (Failure to Conduct Reasonable Inquiry)

4 | The FAC, and each and every purported cause of action alleged therein, is barred because

5 | Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

6 | because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

7 | their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

8 | ### SEVENTH AFFIRMATIVE DEFENSE

9 | (Privilege of Competition)

10 | Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

11 | privilege to compete.

12 | ### EIGHTH AFFIRMATIVE DEFENSE

13 | (Absence of Irreparable Harm)

14 | To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

15 | because the injury or damages suffered by Gallagher, if any, would be adequately compensated

16 | in an action at law for damages.

17 | ### NINTH AFFIRMATIVE DEFENSE

18 | (Equitable Estoppel)

19 | Some of the claims are barred by the doctrine of equitable estoppel.

20 | ### TENTH AFFIRMATIVE DEFENSE

21 | (Judicial Estoppel)

22 | Some of the claims are barred by the doctrine of judicial estoppel.

23 | ### ELEVENTH AFFIRMATIVE DEFENSE

24 | (Unclean Hands)

25 | Some of the claims are barred by the doctrine of unclean hands.

26 | ### TWELFTH AFFIRMATIVE DEFENSE

27 | (Failure to Establish Misappropriation)

28 | Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

25

410505.01

1   Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

2   allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Establish Existence of Trade Secrets)

5   Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

6   Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

7   readily ascertainable by proper means and is therefore not a "trade secret" under California law.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Invalidity of Contracts)

10   Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

11   Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

12   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

13   contracts as they lack consideration and/or are void for public policy reasons under California

14   law.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Establish a Private Cause of Action)

17   Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

18   barred as an improper cause of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Public Policy)

21   Some of the claims are barred insofar as several contract provisions are void for public

22   policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver)

25   Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

26   purported cause of action contained therein, by reason of Gallagher's own actions and course of

27   conduct.

28   ////

410505.01

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

(Absence of Deception)

3     Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

4  EPIC's conduct is not likely to mislead the public or harm Gallagher.

5

## NINETEENTH AFFIRMATIVE DEFENSE

6

(Lack of Specificity)

7     The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

8  with the requisite particularity.

9

## TWENTIETH AFFIRMATIVE DEFENSE

10

(Unjust Enrichment)

11     The FAC, and each and every purported cause of action alleged therein, is barred because

12  any recovery would result in Gallagher's unjust enrichment.

13

## TWENTY-FIRST AFFIRMATIVE DEFENSE

14

(Failure to Mitigate)

15     Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

16  required by law.

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

18

(Punitive Damages)

19     Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

20  the FAC, because California's laws regarding the alleged conduct in question in this action are

21  too vague to permit the imposition of punitive damages, and the award of punitive damages as

22  applied to the facts of this case would violate EPIC's constitutional rights under the United

23  States and California Constitution.

24

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25

(Improper Restraint of Competition)

26     Some of Plaintiffs' claims are improper efforts to restrain competition and employee

27  mobility in violation of Cal. Bus. & Prof. Code § 16600.

28  ////

ANSWER OF GEORGE J. PETTY TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

## PRAYER FOR RELIEF

Petty denies that Gallagher is entitled to any of the relief requested in its FAC. WHEREFORE, Petty prays:

1. That Gallagher take nothing by reason of its FAC;

2. That judgment be rendered in favor of Petty;

3. That Petty be awarded his costs incurred in defense of this action; and,

4. That the Court provide such other relief as it deems proper.


Dated: February 8, 2008                    KEKER & VAN NEST, LLP


                              By: s/Daniel Purcell
                                  DANIEL PURCELL
                                  Attorneys for Defendants
                                  ALLEN L. AMOS, ERIC CHUA, CAROL ANN
                                  COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                  ROBERT D. ELLSWORTH, SUSAN M.
                                  ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                  HAUSE, DON J. JOHNSON, LAURINDA A.
                                  MARTIN, SHANDRANETTE MIDDLETON,
                                  GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
                                  LINDA SOO HOO, DIRCK R. STINSON,
                                  PAUL H. WAGENER, and ROBERT H.
                                  WATKINS

410505.01