1  JAMES M. WAGSTAFFE (95535)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendants
   ANDREW ("WALLY") BROWN, JR.,
6  BRIAN F. QUINN, MICHAEL J. BROWN, and
   LAURA J. WICK

7

8

9              **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11              **SAN FRANCISCO DIVISION**

12  ARTHUR J. GALLAGHER & CO., Inc., a          Case No. C 07-06418 JSW
    Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE                  **ANSWER BY DEFENDANT MICHAEL**
    BROKERS OF CALIFORNIA, INC., a              **J. BROWN TO FIRST AMENDED**
14  California Corporation,                     **COMPLAINT**

15          Plaintiffs,

16      v.

17
    EDGEWOOD PARTNERS INSURANCE
18  CENTER, a California Corporation, DAN R.
    FRANCIS, JOHN G. HAHN, ANDREW
19  ("WALLY") BROWN, JR., BRIAN F. QUINN,
    NEIL R. COHN, CAROLANN COHN,
20  MICHAEL J. BROWN, STEPHEN HAUSE,
    LAURA J. WICK, JAMES C. HALBLEIB,
21  LAURINDA ("LAURIE") A. MARTIN, ERIC
    CHUA, GEORGE J. PETTY, LINDA SOO
22  HOO, ROBERT E. DUTTO, SUSAN M.
    ENGLISH, DON J. JOHNSON, ALLEN L.
23  AMOS, WILLIAM ("BILL") PHILLIPS, JR.,
    DIRCK ("RICK") R. STINSON, ROBERT
24  ("BOB") D. ELLSWORTH, ROBERT H.
    WATKINS, PAUL H. WAGENER, and
25  SHANDRANETTE MIDDLETON,

26
27          Defendants.

28

KERR
&
WAGSTAFFE
LLP

1    Defendant Brian F. Quinn ("Defendant"), for himself and no other defendant, answers

2    Plaintiffs' First Amended Complaint for Damages and Injunctive Relief, filed January 25, 2008

3    ("FAC"), as follows:

4    As an initial matter, Defendant states that the subheadings in the FAC are argumentative,

5    and require no response.  To the extent any response is required, Defendant denies each and

6    every allegation of each subheading.

7    ## I.    NATURE OF ACTION

8    1.    Answering Paragraph 1 of the FAC, Defendant admits that Plaintiffs purport to

9    bring an action as described in said paragraph.  Except as expressly admitted, Defendant denies

10    each and every allegation of Paragraph 1.

11    2.    Answering Paragraph 2 of the FAC, Defendant admits that Plaintiff purports to

12    describe a fundamental premise of the competitive marketplace.  Except as expressly admitted,

13    Defendant denies each and every allegation of Paragraph 2.

14    3.    Answering Paragraph 3 of the FAC, Defendant denies each and every allegation

15    of said paragraph.

16    4.    Answering Paragraph 4 of the FAC, Defendant denies each and every allegation

17    of said paragraph.

18    5.    Answering Paragraph 5 of the FAC, Defendant denies each and every allegation

19    of said paragraph.

20    6.    Answering Paragraph 6 of the FAC, Defendant admits that he was an employee of

21    Plaintiff Arthur J. Gallagher & Co., Insurance Brokers of California.  Except as expressly

22    admitted, Defendant denies each and every allegation of Paragraph 6.

23    7.    Answering Paragraph 7 of the FAC, Defendant admits that he announced his

24    resignation on Friday, December 7, and that he did not give prior notice.  Except as expressly

25    admitted, Defendant denies each and every allegation of Paragraph 7.

26    8.    Answering Paragraph 8 of the FAC, Defendant admits that after beginning work

27    at Defendant Edgewood Partners Insurance Center ("EPIC"), he sent out an e-mail

28    announcement to former clients informing those clients that he had left Plaintiff Arthur J.

1   Gallagher & Co., Insurance Brokers of California and joined EPIC.  Except as expressly

2   admitted, Defendant denies each and every allegation of Paragraph 8.

3         9.      Answering Paragraph 9 of the FAC, Defendant denies each and every allegation

4   of said paragraph.

5         10.     Answering Paragraph 10 of the FAC, Defendant denies each and every allegation

6   of said paragraph.

7         11.     Answering Paragraph 11 of the FAC, Defendant denies each and every allegation

8   of said paragraph.

9               **II.        SUBJECT-MATTER JURISDICTION AND VENUE**

10        12.     Answering Paragraph 12 of the FAC, Defendant is without information and belief

11  sufficient to admit or deny the merits of the lone federal claim, and on that basis denies that the

12  Court properly has jurisdiction over this entire action.

13        13.     Answering Paragraph 13 of the FAC, Defendant admits that, if this Court has

14  jurisdiction over this action, then venue is properly lain in this District.

15              **III.        PARTIES AND PERSONAL JURISDICTION**

16        14.     Answering Paragraph 14 of the FAC, Defendant admits the allegations of said

17  paragraph.

18        15.     Answering Paragraph 15 of the FAC, Defendant admits the allegations of said

19  paragraph.

20        16.     Answering Paragraph 16 of the FAC, Defendant admits that Dan R. Francis and

21  John G. Hahn are co-founders of EPIC, and are experienced insurance industry executives, and

22  residents of California.  Except as expressly admitted, Defendant denies each and every

23  allegation of Paragraph 16.

24        17.     Answering Paragraph 17 of the FAC, Defendant admits that the individual

25  defendants named in this paragraph, with the exception of Wally Brown, were officers of Arthur

26  J. Gallagher & Co., Insurance Brokers of California, Inc., prior to leaving the employ of that

27  entity.   The allegation that any Individual Defendant was a fiduciary is a legal conclusion and

28

1    requires no response.  Except as expressly admitted, Defendant denies each and every allegation

2    of Paragraph 17.

3         18.    Answering Paragraph 18 of the FAC, Defendant admits that the persons named in

4    Paragraph 18, including Defendant, are former employees of Arthur J. Gallagher & Co.,

5    Insurance Brokers of California, Inc., current employees of EPIC, and current residents of

6    California.  Except as expressly admitted, Defendant denies each and every allegation of

7    Paragraph 18.

8         19.    Answering Paragraph 19 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10        20.    Answering Paragraph 20 of the FAC, Defendant admits that Plaintiffs purport to

11   sue all defendants individually as co-conspirators.  Except as expressly admitted, Defendant

12   denies each and every allegation of Paragraph 20.

13        21.    Answering Paragraph 21 of the FAC, Defendant admits that Plaintiffs purport to

14   sue all defendants as agents of one another.  Except as expressly admitted, Defendant denies

15   each and every allegation of Paragraph 21.

16                      **IV.        <u>FACTUAL ALLEGATIONS</u>**

17        22.    Answering Paragraph 22 of the FAC, Defendant states as follow:

18                a.    Answering Paragraph 22(a) of the FAC, Defendant admits that Brian

19                      Quinn was the Area President and that Wally Brown was the Area

20                      Chairman, respectively, of the San Ramon Office of Arthur J. Gallagher &

21                      Co., Insurance Brokers of California, Inc.  Defendant further admits that

22                      each was a producer.  Defendant further admits that as Area President

23                      Brian Quinn had executive managerial authority over the San Ramon

24                      office.  Except as expressly admitted, Defendant denies each and every

25                      allegation of Paragraph 22(a).

26                b.    Answering Paragraph 22(b) of the FAC, Defendant admits that Laura

27                      Wick had been employed by Arthur J. Gallagher & Co., Insurance Brokers

28                      of California, Inc., since 1996.  Defendant denies that her title was

1  "Human Resources and Office Manager," but admits that she had some

2  HR responsibilities and functioned as the office manager.  Defendant lacks

3  knowledge and information sufficient to form a belief in the truth of the

4  allegations of Paragraph 22(b), and on that basis denies each and every

5  remaining allegation of said paragraph.

6      c.    Answering Paragraph 22(c) of the FAC, Defendant admits that George

7  Petty had been employed by Arthur J. Gallagher & Co., Insurance Brokers

8  of California, Inc., for approximately 6 years and was the IT manager for

9  the San Ramon office and admits that this paragraph accurately describes

10  Mr. Petty's job responsibilities.  Except as expressly admitted, Defendant

11  denies each and every allegation of Paragraph 22(c).

12      d.    Answering Paragraph 22(d) of the FAC, Defendant admits that Linda Soo-

13  Hoo's title was Area Vice-President, and admits that this paragraph

14  accurately describes Ms. Soo-Hoo's job responsibilities and tenure.

15      e.    Answering Paragraph 22(e) of the FAC, Defendant admits that the

16  individual defendants named in Paragraph 22(e) were producers while

17  employed by Arthur J. Gallagher & Co., Insurance Brokers of California,

18  Inc., and admits that this paragraph accurately characterizes producers' job

19  responsibilities.  Except as expressly admitted, Defendant denies each and

20  every allegation of Paragraph 22(e).

21      f.    Answering Paragraph 22(f) of the FAC, Defendant denies that he was an

22  Account Executive at the time she left Arthur J. Gallagher & Co.,

23  Insurance Brokers of California, Inc.  Defendant admits that the remaining

24  individual defendants named in Paragraph 22(f) were Account Executives,

25  and admits that the description of their work is accurate.

26      23.    Answering Paragraph 23 of the FAC, Defendant admits that Arthur J. Gallagher

27  & Co., Inc. is the parent company of Arthur J. Gallagher & Co., Insurance Brokers of California,

28  Inc, and that both are engaged in the risk management and general insurance brokerage area.

1    Defendant lacks knowledge and information sufficient to form a belief in the truth of the

2    remaining allegations of Paragraph 23, and on that basis denies each and every remaining

3    allegation of said paragraph.

4          24.    Answering Paragraph 24 of the FAC, Defendant denies each and every allegation

5    of said paragraph.

6          25.    Answering Paragraph 25 of the FAC, Defendant denies each and every allegation

7    of said paragraph.

8          26.    Answering Paragraph 26 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10         27.    Answering Paragraph 27 of the FAC, Defendant admits that in the course of his

11   employment he gained access to non-public Gallagher information.  Except as expressly

12   admitted, Defendant denies each and every allegation of said paragraph.

13         28.    Answering Paragraph 28 of the FAC, Defendant states that the documents cited in

14   said paragraph speak for themselves.  Defendant admits entering into the agreements alleged in

15   Paragraph 28, but denies any allegation concerning the legal effect of those agreements and

16   further states that any such allegations are legal conclusions, to which no response is required.

17   Except as expressly admitted, Defendant denies each and every allegation of Paragraph 28.

18         29.    Answering Paragraph 29 of the FAC, Defendant admits that he signed a Producer

19   Agreement with EPIC upon joining EPIC as a principal.  Defendant states that the Producer

20   Agreement speaks for itself, and denies any allegation concerning the effect of said agreement,

21   and further states that any such allegations are legal conclusions, to which no response is

22   required.  Except as expressly admitted, Defendant denies each and every allegation of

23   Paragraph 29.

24         30.    Answering Paragraph 30 of the FAC, Defendant admits the allegations of this

25   paragraph.

26         31.    Answering Paragraph 31 of the FAC, Defendant admits that EPIC acquired

27   CALCO in or around July 2007, and that EPIC competes with Plaintiffs.  Defendant lacks

28

KERR
&
WAGSTAFFE
LLP

5

1    knowledge and information sufficient to form a belief in the truth of the remaining allegations of

2    Paragraph 31, and on that basis denies each and every remaining allegation of said paragraph.

3         32.     Answering Paragraph 32 of the FAC, Defendant states that the document quoted

4    in said paragraph speaks for itself. Except as expressly admitted, Defendant denies each and

5    every allegation of Paragraph 32.

6         33.     Answering Paragraph 33 of the FAC, Defendant states that the website quoted in

7    said paragraph speaks for itself. Except as expressly admitted, Defendant denies each and every

8    allegation of Paragraph 33.

9         34.     Answering Paragraph 34 of the FAC, Defendant admits that he first

10    communicated with Defendants Dan Francis and John Hahn about EPIC in Summer of 2007, and

11    that Wally Brown first communicated with EPIC in or around Spring of 2007. Except as

12    expressly admitted, Defendant denies each and every allegation of Paragraph 34.

13         35.     Answering Paragraph 35 of the FAC, Defendant denies each and every allegation

14    of said paragraph.

15         36.     Answering Paragraph 36 of the FAC, Defendant denies each and every allegation

16    of said paragraph.

17         37.     Answering Paragraph 37 of the FAC, Defendant denies each and every allegation

18    of said paragraph.

19         38.     Answering Paragraph 38 of the FAC, Defendant admits that Laura Wick at the

20    time of her departure was office manager and had responsibility for some of the human resources

21    functions in the San Ramon office. Defendant lacks knowledge or information sufficient to

22    admit or deny the remaining allegations in Paragraph 38, and that basis denies each and every

23    allegation of said paragraph.

24         39.     Answering Paragraph 39 of the FAC, Defendant lacks knowledge and information

25    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

26    denies each and every allegation of said paragraph.

27

28

40.    Answering Paragraph 40 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

41.    Answering Paragraph 41 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

42.    Answering Paragraph 42 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

43.    Answering Paragraph 43 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

44.    Answering Paragraph 44 of the FAC, Defendant states that the letter speaks for itself.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of Paragraph 44, and on that basis denies each and every allegation of said paragraph.

45.    Answering Paragraph 45 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

46.    Answering Paragraph 46 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

47.    Answering Paragraph 47 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

48.    Answering Paragraph 48 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

1    49.    Answering Paragraph 49 of the FAC, Defendant lacks knowledge or information

2    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

3    denies each and every allegation of said paragraph.

4    50.    Answering Paragraph 50 of the FAC, Defendant lacks knowledge and information

5    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

6    denies each and every allegation of said paragraph.

7    51.    Answering Paragraph 51 of the FAC, Defendant denies each and every allegation

8    of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to

9    form a belief as to the truth of the allegations of Paragraph 51, and on that basis denies each and

10   every allegation of said paragraph.

11   52.    Answering Paragraph 52 of the FAC, lacks knowledge or information sufficient to

12   form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and

13   every allegation of said paragraph.

14   53.    Answering Paragraph 53 of the FAC, Defendant states that the e-mail quoted in

15   that paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a

16   belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each

17   and every allegation of said paragraph.

18   54.    Answering Paragraph 54 of the FAC, Defendant states that the e-mail referred to

19   in that paragraph speaks for itself.  Defendant denies the allegation of conspiracy.  Defendant

20   lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations of said paragraph, and on that basis denies each and every allegation of said

22   paragraph.

23   55.    Answering Paragraph 55 of the FAC, Defendant denies each and every allegation

24   of said paragraph.

25   56.    Answering Paragraph 56 of the FAC, Defendant admits that he did not contact

26   Gallagher's corporate IT department and request that Laura Wick's remote access to her

27   corporate e-mail account be deactivated.  Defendant lacks knowledge or information sufficient to

28

1  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

2  denies each and every allegation of said paragraph.

3      57.    Answering Paragraph 57 of the FAC, Defendant lacks knowledge or information

4  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

5  denies each and every allegation of said paragraph.

6      58.    Answering Paragraph 58 of the FAC, Defendant lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

8  denies each and every allegation of said paragraph.

9      59.    Answering Paragraph 59 of the FAC, Defendant lacks knowledge or information

10  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

11  denies each and every allegation of said paragraph.

12      60.    Answering Paragraph 60 of the FAC, Defendant lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

14  denies each and every allegation of said paragraph.

15      61.    Answering Paragraph 61 of the FAC, Defendant admits that he had discussions

16  with EPIC co-founders John Hahn and Dan Francis and/or Brian Quinn and/or Michael Brown

17  during the period before he left Arthur J. Gallagher & Co., Insurance Brokers of California.

18  Defendant denies each and every remaining allegation of Paragraph 61 as it pertains to him.

19  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

20  remaining allegations of said paragraph, and on that basis denies each and every allegation of

21  Paragraph 61.

22      62.    Answering Paragraph 62 of the FAC, Defendant admits informing certain

23  customers that he would probably leave prior to his departure, and admits that Gallagher entered

24  into the lease described in subparagraph 62(b).  Defendant states that the terms of the lease speak

25  for themselves, and further states that any expense reports referred to in subparagraph 62(d)(iv)

26  speak for themselves.  Defendant denies each and every remaining allegation of Paragraph 62 as

27  it pertains to him.  Defendant denies each and every allegation of the prefatory subparagraph of

28  Paragraph 62.  Defendant lacks knowledge or information sufficient to form a belief as to the

1  truth of the remaining allegations of Paragraph 62, and on that basis denies each and every

2  allegation of said paragraph.

3       63.    Answering Paragraph 63 of the FAC, Defendant admits that he informed a few

4  clients that he would probably be leaving Gallagher before his resignation.  Defendant denies

5  each and every remaining allegation of Paragraph 63 as it pertains to him.  Defendant lacks

6  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

7  of said paragraph, and on that basis denies each and every allegation of Paragraph 63.

8       64.    Answering Paragraph 64 of the FAC, Defendant denies each and every allegation

9  of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to

10  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

11  denies each and every allegation of Paragraph 64.

12       65.    Answering Paragraph 65 of the FAC, Defendant denies the allegations of this

13  paragraph as they pertain to him.  Defendant lacks knowledge or information sufficient to form a

14  belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each

15  and every allegation of Paragraph 65.

16       66.    Answering Paragraph 66 of the FAC, Defendant admits that George Petty was the

17  IT administrator for the San Ramon office.  Except as expressly admitted, Defendant denies each

18  and every allegation of Paragraph 66.

19       67.    Answering Paragraph 67 of the FAC, Defendant denies each and every allegation

20  of Paragraph 67 as it pertains to him.  Defendant denies the allegation of a conspiracy.

21  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

22  remaining allegations of said paragraph, and on that basis denies each and every allegation of

23  Paragraph 67.

24       68.    Answering Paragraph 68 of the FAC, Defendant lacks knowledge or information

25  sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

26  that basis denies each and every allegation of Paragraph 68.

27       69.    Answering Paragraph 69 of the FAC, Defendant admits that he discovered a

28  thumb drive that he believed to contain additional Gallagher data following the filing of this

KERR
&
WAGSTAFFE
LLP

1    lawsuit.  Defendant admits that without accessing the data he made arrangements for the data to

2    be copied in a forensically sound manner and returned to Gallagher, and that he no longer

3    possesses the drive or the data.  Defendant denies the remaining allegations of Paragraph  69 as

4    they pertain to him.  Defendant lacks knowledge or information sufficient to form a belief as to

5    the truth of the remaining allegations of said paragraph, and on that basis denies each and every

6    allegation of Paragraph 69.

7           70.     Answering Paragraph 70 of the FAC, Defendant admits that he deleted and

8    immediately restored email in his inbox at Gallagher at or around the time of his resignation.

9    Except as expressly admitted, Defendant denies each and every allegation of Paragraph 70.

10          71.     Answering Paragraph 71 of the FAC, Defendant lacks knowledge or information

11   sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

12   that basis denies each and every allegation of Paragraph 71.

13          72.     Answering Paragraph 72 of the FAC, Defendant lacks knowledge or information

14   sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

15   that basis denies each and every allegation of Paragraph 72.

16          73.     Answering Paragraph 73 of the FAC, Defendant lacks knowledge or information

17   sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

18   that basis denies each and every allegation of Paragraph 73.

19          74.     Answering Paragraph 74 of the FAC, Defendant admits receiving the e-mail

20   described in said paragraph.  Except as expressly admitted, Defendant denies each and every

21   allegation of Paragraph 74.

22          75.     Answering Paragraph 75 of the FAC, Defendant denies each and every allegation

23   of said paragraph.

24          76.     Answering Paragraph 76 of the FAC, Defendant admits telling customers he was

25   probably going to leave Gallagher.  Except as expressly admitted, Defendant denies each and

26   every allegation of Paragraph 76.

27          77.     Answering Paragraph 77 of the FAC, Defendant denies each and every allegation

28   of said paragraph.

78.     Answering Paragraph 78 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

79.     Answering Paragraph 79 of the FAC, Defendant admits that he and the other individuals named in Paragraph 79 resigned from Gallagher on the morning of Friday, December 7, 2007.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 79.

80.     Answering Paragraph 80 of the FAC, Defendant denies each and every allegation of said paragraph.

81.     Answering Paragraph 81 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81, and on that basis denies each and every allegation of said paragraph.

82.     Answering Paragraph 82 of the FAC, Defendant states that the letter imaged in said paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that basis denies each and every allegation of said paragraph.

83.     Answering Paragraph 83 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

84.     Answering Paragraph 84 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

85.     Answering Paragraph 85 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

1    86.    Answering Paragraph 86 of the FAC, Defendant lacks knowledge and information

2    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

3    denies each and every allegation of said paragraph.

4    87.    Answering Paragraph 87 of the FAC, Defendant admits that there was an all

5    hands meeting following the producers meeting and that at that meeting Brian Quinn and Wally

6    Brown announced their resignations.  Defendant lacks knowledge and information sufficient to

7    form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies

8    each and every remaining allegation of said paragraph.

9    88.    Answering Paragraph 83 of the FAC, Defendant lacks knowledge or information

10   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

11   denies each and every allegation of said paragraph.

12   89.    Answering Paragraph 89 of the FAC, Defendant lacks knowledge or information

13   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

14   denies each and every allegation of said paragraph.

15   90.    Answering Paragraph 90 of the FAC, Defendant lacks knowledge or information

16   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

17   denies each and every allegation of said paragraph.

18   91.    Answering Paragraph 91 of the FAC, Defendant lacks knowledge or information

19   sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on

20   that basis denies each and every allegation of said paragraph.

21   92.    Answering Paragraph 92 of the FAC, Defendant lacks knowledge or information

22   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

23   denies each and every allegation of said paragraph.

24   93.    Answering Paragraph 93 of the FAC, Defendant lacks knowledge or information

25   sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

26   that basis denies each and every allegation of said paragraph.

27

28



1    94.    Answering Paragraph 94 of the FAC, Defendant lacks knowledge or information

2    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

3    denies each and every allegation of said paragraph.

4    95.    Answering Paragraph 95 of the FAC, Defendant lacks knowledge or information

5    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

6    denies each and every allegation of said paragraph.

7    96.    Answering Paragraph 96 of the FAC, Defendant lacks knowledge or information

8    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

9    denies each and every allegation of said paragraph.

10    97.    Answering Paragraph 97 of the FAC, Defendant admits that the individuals

11    named in Paragraph 97 now work at EPIC.  Defendant lacks knowledge or information sufficient

12    to form a belief as to the truth of the remaining allegations of Paragraph 97, and on that basis

13    denies each and every allegation of said paragraph.

14    98.    Answering Paragraph 98 of the FAC, Defendant admits that the individuals

15    named in Paragraph 98 now work at EPIC.  Defendant lacks knowledge or information sufficient

16    to form a belief as to the truth of the remaining allegations of Paragraph 98, and on that basis

17    denies each and every allegation of said paragraph.

18    99.    Answering Paragraph 99 of the FAC, Defendant admits that the individuals

19    named in Paragraph 99 now work at EPIC.  Defendant lacks knowledge or information sufficient

20    to form a belief as to the truth of the remaining allegations of Paragraph 99, and on that basis

21    denies each and every allegation of said paragraph.

22    100.    Answering Paragraph 100 of the FAC, Defendant admits that the individuals

23    named in Paragraph 100 now work at EPIC.  Defendant lacks knowledge or information

24    sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100, and on

25    that basis denies each and every allegation of said paragraph.

26    101.    Answering Paragraph 101 of the FAC, Defendant admits that the individual

27    named in Paragraph 101 now works at EPIC.  Defendant lacks knowledge or information

28

KERR
&
WAGSTAFFE
LLP

1    sufficient to form a belief as to the truth of the remaining allegations of Paragraph 102, and on

2    that basis denies each and every allegation of said paragraph.

3         102.     Answering Paragraph 102 of the FAC, Defendant denies each and every

4    allegation of said paragraph.

5         103.     Answering Paragraph 103 of the FAC, Defendant denies each and every

6    allegation of said paragraph.

7         104.     Answering Paragraph 104 of the FAC, Defendant denies each and every

8    allegation of said paragraph.

9         105.     Answering Paragraph 105 of the FAC, Defendant admits that he, Wally Brown,

10    and Brian Quinn resigned without giving 14 days' notice.  Defendant further admits that this

11    paragraph approximately accurately states the numbers of employees in the San Ramon office

12    who have resigned.  Defendant further admits that Defendants Halbleib and Martin resigned

13    from Gallagher.  Except as expressly admitted, Defendant denies each and every allegation of

14    Paragraph 105.

15         106.     Answering Paragraph 106 of the FAC, Defendant admits that he had a corporate

16    email account and corporate computer access ID at the time he began working at EPIC.

17    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the

18    allegations concerning other departed employees, and on that basis denies the allegations.

19    Except as expressly admitted, Defendant denies each and every allegation of Paragraph 106.

20         107.     Answering Paragraph 107 of the FAC, Defendant denies each and every

21    allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

22    sufficient to form a belief in the truth of the remaining allegations of Paragraph 107, and on that

23    basis denies each and every allegation of said paragraph..

24         108.     Answering Paragraph 108 of the FAC, Defendant states that the letter speaks for

25    itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph

26    108.

27

28

1    109.    Answering Paragraph 109 of the FAC, Defendant lacks knowledge or information

2    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

3    denies each and every allegation of said paragraph.

4    110.    Answering Paragraph 110 of the FAC, Defendant lacks knowledge or information

5    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

6    denies each and every allegation of said paragraph.

7    111.    Answering Paragraph 111 of the FAC, Defendant lacks knowledge or information

8    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

9    denies each and every allegation of said paragraph.

10    112.    Answering Paragraph 112 of the FAC, Defendant lacks knowledge or information

11    sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

12    denies each and every allegation of said paragraph.

13    113.    Answering Paragraph 113 of the FAC, Defendant denies each and every

14    allegation of said paragraph.

15    114.    Answering Paragraph 114 of the FAC, Defendant denies each and every

16    allegation of said paragraph as it pertains to him.  Defendant lacks knowledge and information

17    sufficient to form a belief in the truth of the remaining allegations of Paragraph 114, and on that

18    basis denies each and every allegation of said paragraph.

19    115.    Answering Paragraph 115 of the FAC, Defendant admits that approximately 130

20    clients have signed broker of record letters designating EPIC as the broker of record.  Except as

21    expressly admitted, Defendant denies each and every allegation of Paragraph 115.

22    116.    Answering Paragraph 108 of the FAC, Defendant lacks knowledge or information

23    sufficient to form a belief as to the truth of the allegations concerning the unnamed customer

24    who allegedly transferred its business to another insurance agency, and on that basis denies the

25    allegations.  Except as expressly admitted, Defendant denies each and every allegation of

26    Paragraph 108.

27    117.    Answering Paragraph 117 of the FAC, Defendant denies each and every

28    allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

1   sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117, and on

2   that basis denies each and every allegation of said paragraph.

3       118.    Answering Paragraph 118 of the FAC, Defendant lacks knowledge or information

4   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

5   denies each and every allegation of said paragraph.

6       119.    Answering Paragraph 119 of the FAC, Defendant denies each and every

7   allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

8   sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119, and on

9   that basis denies each and every allegation of said paragraph.

10      120.    Answering Paragraph 120 of the FAC, Defendant denies each and every

11  allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

12  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120, and on

13  that basis denies each and every allegation of said paragraph.

14      121.    Answering Paragraph 121 of the FAC, Defendant denies each and every

15  allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information

16  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121, and on

17  that basis denies each and every allegation of said paragraph.

18      122.    Answering Paragraph 122 of the FAC, Defendant denies each and every

19  allegation of said paragraph.

20      123.    Answering Paragraph 123 of the FAC, Defendant admits that he discovered a

21  thumb drive that he believed to contain additional Gallagher data following the filing of this

22  lawsuit.  Defendant admits that without accessing the data he made arrangements for the data to

23  be copied in a forensically sound manner and returned to Gallagher, and that he no longer

24  possesses the drive or the data.

25      124.    Answering Paragraph 124 of the FAC, Defendant lacks knowledge or information

26  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

27  denies each and every allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

17

125.    Answering Paragraph 125 of the FAC, Defendant denies each and every allegation as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125, and on that basis denies each and every allegation of said paragraph.

126.    Answering Paragraph 126 of the FAC, Defendant denies each and every allegation of said paragraph.

127.    Answering Paragraph 127 of the FAC, Defendant denies each and every allegation of said paragraph.

## <u>COUNT ONE</u>

128.    Answering Paragraph 128 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-127.

129.    Answering Paragraph 129 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant admits that during his employment at Gallagher, he had access to Gallagher's network, which network was used to provide insurance services across states lines. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 129.

130.    Answering Paragraph 130 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 130.

131.    Answering Paragraph 131 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 131.

132.    Answering Paragraph 132 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 132.



KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                                          ANSWER BY DEF. MICHAEL J. BROWN

1    133.    Answering Paragraph 133 of the FAC, Defendant notes that said paragraph is in a

2    count not asserted against Defendant, and that therefore no response is required.  To the extent a

3    response is required, Defendant denies each and every allegation of Paragraph 133.

4    134.    Answering Paragraph 134 of the FAC, Defendant notes that said paragraph is in a

5    count not asserted against Defendant, and that therefore no response is required.  To the extent a

6    response is required, Defendant denies each and every allegation of Paragraph 134.

7                                           **COUNT TWO**

8    135.    Answering Paragraph 122 of the FAC, Defendant notes that said paragraph is in a

9    count not asserted against Defendant, and that therefore no response is required.  To the extent a

10   response is required, Defendant incorporates by reference his responses to Paragraphs 1-134 of

11   the FAC.

12   136.    Answering Paragraph 136 of the FAC, Defendant notes that said paragraph is in a

13   count not asserted against Defendant, and that therefore no response is required.  Further,

14   Paragraph 136's allegation that Gallagher's computer systems are within California Penal Code

15   section 502 is a legal conclusion, and therefore no response is required.  To the extent a response

16   is required, Defendant admits that he had a computer while he was employed by Gallagher.

17   Except as expressly admitted, Defendant denies each and every allegation of Paragraph 136.

18   137.    Answering Paragraph 137 of the FAC, Defendant notes that said paragraph is in a

19   count not asserted against Defendant, and that therefore no response is required.  To the extent a

20   response is required, Defendant denies each and every allegation of Paragraph 137.

21   138.    Answering Paragraph 138 of the FAC, Defendant notes that said paragraph is in a

22   count not asserted against Defendant, and that therefore no response is required.  To the extent a

23   response is required, Defendant denies each and every allegation of Paragraph 138.

24   139.    Answering Paragraph 139 of the FAC, Defendant notes that said paragraph is in a

25   count not asserted against Defendant, and that therefore no response is required.  To the extent a

26   response is required, Defendant denies each and every allegation of Paragraph 139.

27

28

1    140.    Answering Paragraph 140 of the FAC, Defendant notes that said paragraph is in a

2    count not asserted against Defendant, and that therefore no response is required.  To the extent a

3    response is required, Defendant denies each and every allegation of Paragraph 140.

4    141.    Answering Paragraph 128 of the FAC, Defendant notes that said paragraph is in a

5    count not asserted against Defendant, and that therefore no response is required.  To the extent a

6    response is required, Defendant denies each and every allegation of Paragraph 141.

7    142.    Answering Paragraph 129 of the FAC, Defendant notes that said paragraph is in a

8    count not asserted against Defendant, and that therefore no response is required.  To the extent a

9    response is required, Defendant lacks knowledge or information sufficient to form a belief as to

10   the truth of the allegations of said paragraph, and on that basis denies each and every allegation

11   of Paragraph 142.

12                                    **COUNT THREE**

13   143.    Answering Paragraph 143 of the FAC, Defendant notes that said paragraph is in a

14   count not asserted against Defendant, and that therefore no response is required.  To the extent a

15   response is required, Defendant incorporates by reference his responses to Paragraphs 1-142 of

16   the FAC.

17   144.    Answering Paragraph 144 of the FAC, Defendant notes that said paragraph is in a

18   count not asserted against Defendant, and that therefore no response is required.  To the extent a

19   response is required, Defendant denies each and every allegation of Paragraph 144.

20   145.    Answering Paragraph 132 of the FAC, Defendant notes that said paragraph is in a

21   count not asserted against Defendant, and that therefore no response is required.  To the extent a

22   response is required, Defendant denies each and every allegation of Paragraph 145.

23   146.    Answering Paragraph 146 of the FAC, Defendant notes that said paragraph is in a

24   count not asserted against Defendant, and that therefore no response is required.  Further,

25   Paragraph 146's allegation regarding current and former employees' duties is a legal conclusion,

26   and therefore no response is required.  To the extent a response is required, Defendant denies

27   each and every allegation of Paragraph 146.

28

1    147.    Answering Paragraph 147 of the FAC, Defendant notes that said paragraph is in a

2  count not asserted against Defendant, and that therefore no response is required.  To the extent a

3  response is required, Defendant denies each and every allegation of Paragraph 147.

4    148.    Answering Paragraph 148 of the FAC, Defendant notes that said paragraph is in a

5  count not asserted against Defendant, and that therefore no response is required.  To the extent a

6  response is required, Defendant denies each and every allegation of Paragraph 148.

7    149.    Answering Paragraph 149 of the FAC, Defendant notes that said paragraph is in a

8  count not asserted against Defendant, and that therefore no response is required.  To the extent a

9  response is required, Defendant denies each and every allegation of Paragraph 149.

10    150.    Answering Paragraph 150 of the FAC, Defendant notes that said paragraph is in a

11  count not asserted against Defendant, and that therefore no response is required.  To the extent a

12  response is required, Defendant denies each and every allegation of Paragraph 150.

13    151.    Answering Paragraph 151 of the FAC, Defendant notes that said paragraph is in a

14  count not asserted against Defendant, and that therefore no response is required.  To the extent a

15  response is required, Defendant denies each and every allegation of Paragraph 151.

16    152.    Answering Paragraph 152 of the FAC, Defendant notes that said paragraph is in a

17  count not asserted against Defendant, and that therefore no response is required.  To the extent a

18  response is required, Defendant denies each and every allegation of Paragraph 152.

19    153.    Answering Paragraph 153 of the FAC, Defendant notes that said paragraph is in a

20  count not asserted against Defendant, and that therefore no response is required.  To the extent a

21  response is required, Defendant denies each and every allegation of Paragraph 153.

22                              **COUNT FOUR**

23    154.    Answering Paragraph 154 of the FAC, Defendant notes that said paragraph is in a

24  count not asserted against Defendant, and that therefore no response is required.  To the extent a

25  response is required, Defendant incorporates by reference his responses to Paragraphs 1-153 of

26  the FAC.

27

28

155.     Answering Paragraph 155 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 155.

156.     Answering Paragraph 156 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 156.

157.     Answering Paragraph 157 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, except as expressly admitted, Defendant denies each and every allegation of Paragraph 157.

158.     Answering Paragraph 158 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 158.

159.     Answering Paragraph 159 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 159.

160.     Answering Paragraph 160 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 160.

**COUNT FIVE**

161.     Answering Paragraph 161 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-160 of the FAC.

162.     Answering Paragraph 162 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 162.

163.     Answering Paragraph 163 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 163.

164.     Answering Paragraph 164 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 164.

165.     Answering Paragraph 165 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 165.

## COUNT SIX

166.     Answering Paragraph 166 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-165 of the FAC.

167.     Answering Paragraph 167 of the FAC, Defendant states that Paragraph 167 states a legal conclusion, and that therefore no response is required.  To the extent a response is required, Defendant admits having an Executive Agreement, and admits that he has a Producer Agreement with EPIC, and further states that said agreements speak for themselves.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 167.

168.     Answering Paragraph 168 of the FAC, Defendant admits signing the acknowledgment referred to in this paragraph, but states that any allegation as to the legal effect of the Code of Business Ethics is a legal conclusion and requires no response.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 168.

169.     Answering Paragraph 169 of the FAC, Defendant admits that he had a stock option agreement with Gallagher, and states that the agreement speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 169.

170.     Answering Paragraph 170 of the FAC, Defendant denies each and every allegation of said paragraph.

1    171.    Answering Paragraph 171 of the FAC, Defendant denies each and every

2    allegation of said paragraph.

3    172.    Answering Paragraph 172 of the FAC, Defendant denies each and every

4    allegation of said paragraph.

5    173.    Answering Paragraph 173 of the FAC, Defendant denies each and every

6    allegation of said paragraph.

7    **<u>COUNT SEVEN</u>**

8    174.    Answering Paragraph 174 of the FAC, Defendant incorporates by reference his

9    responses to Paragraphs 1-173 of the FAC.

10    175.    Answering Paragraph 175 of the FAC, Defendant states that Paragraph 175 is a

11    legal conclusion, and that therefore no response is required.  To the extent a response is required,

12    Defendant admits that he had an Executive Agreement and stock option agreement with

13    Gallagher, and denies each and every remaining allegation of Paragraph 175.

14    176.    Answering Paragraph 176 of the FAC, Defendant denies each and every

15    allegation of said paragraph.

16    177.    Answering Paragraph 177 of the FAC, Defendant denies each and every

17    allegation of said paragraph.

18    178.    Answering Paragraph 178 of the FAC, Defendant denies each and every

19    allegation of said paragraph.

20    **<u>COUNT EIGHT</u>**

21    179.    Answering Paragraph 179 of the FAC, Defendant incorporates by reference his

22    responses to Paragraphs 1-178 of the FAC.

23    180.    Answering Paragraph 180 of the FAC, Defendant denies each and every

24    allegation of Paragraph 180.

25    181.    Answering Paragraph 181 of the FAC, Defendant denies each and every

26    allegation of said paragraph.

27    182.    Answering Paragraph 182 of the FAC, Defendant denies each and every

28    allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

24

1    183.    Answering Paragraph 183 of the FAC, Defendant denies each and every

2    allegation of said paragraph.

3                              **COUNT NINE**

4    184.    Answering Paragraph 184 of the FAC, Defendant incorporates by reference his

5    responses to Paragraphs 1-183 of the FAC.

6    185.    Answering Paragraph 185 of the FAC, Defendant denies each and every

7    allegation of said paragraph.

8    186.    Answering Paragraph 186 of the FAC, Defendant admits that he is a former

9    employee of Arthur J. Gallagher & Co., Insurance Brokers of California.  Defendant further

10   states that the remaining allegations of Paragraph 186 state a legal conclusion, to which no

11   response is required.  To the extent a response is required, Defendant denies each and every

12   allegation of Paragraph 186.

13   187.    Answering Paragraph 187 of the FAC, Defendant denies each and every

14   allegation of said paragraph.

15   188.    Answering Paragraph 188 of the FAC, Defendant denies each and every

16   allegation of said paragraph.

17   189.    Answering Paragraph 189 of the FAC, Defendant denies each and every

18   allegation of said paragraph.

19                              **COUNT TEN**

20   190.    Answering Paragraph 190 of the FAC, Defendant notes that said paragraph is in a

21   count not asserted against Defendant, and that therefore no response is required.  To the extent a

22   response is required, Defendant incorporates by reference his responses to Paragraph 1-189 of

23   the FAC.

24   191.    Answering Paragraph 191 of the FAC, Defendant notes that said paragraph is in a

25   count not asserted against Defendant, and that therefore no response is required.  To the extent a

26   response is required, Defendant admits awareness of the existence of the agreements referenced

27   in said paragraph but denies any allegation that they were binding or valid.  Defendant lacks

28

1   knowledge or information sufficient to form a belief as to the truth of the allegations of said

2   paragraph, and on that basis denies each and every allegation of Paragraph 191.

3          192.    Answering Paragraph 192 of the FAC, Defendant notes that said paragraph is in a

4   count not asserted against Defendant, and that therefore no response is required.  To the extent a

5   response is required, Defendant denies each and every allegation of said paragraph.

6          193.    Answering Paragraph 193 of the FAC, Defendant notes that said paragraph is in a

7   count not asserted against Defendant, and that therefore no response is required.  To the extent a

8   response is required, Defendant denies each and every allegation of said paragraph.

9          194.    Answering Paragraph 194 of the FAC, Defendant notes that said paragraph is in a

10   count not asserted against Defendant, and that therefore no response is required.  To the extent a

11   response is required, Defendant denies each and every allegation of said paragraph.

12          195.    Answering Paragraph 195 of the FAC, Defendant notes that said paragraph is in a

13   count not asserted against Defendant, and that therefore no response is required.  To the extent a

14   response is required, Defendant denies each and every allegation of said paragraph.

15          196.    Answering Paragraph 196 of the FAC, Defendant notes that said paragraph is in a

16   count not asserted against Defendant, and that therefore no response is required.  To the extent a

17   response is required, Defendant denies each and every allegation of said paragraph.

18                                  **COUNT ELEVEN**

19          197.    Answering Paragraph 197 of the FAC, Defendant incorporates by reference his

20   responses to Paragraphs 1-196 of the FAC.

21          198.    Answering Paragraph 198 of the FAC, Defendant states that Paragraph 186 states

22   a legal conclusion, and that therefore no response is required.  To the extent a response is

23   required, Defendant admits that Gallagher had business relationships with clients, and

24   employment relationships with employees.  Except as expressly admitted, Defendant denies each

25   and every allegation of Paragraph 198.

26          199.    Answering Paragraph 199 of the FAC, Defendant denies each and every

27   allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                          ANSWER BY DEF. MICHAEL J. BROWN

1    200.    Answering Paragraph 200 of the FAC, Defendant denies each and every

2  allegation of said paragraph.

3    201.    Answering Paragraph 201 of the FAC, Defendant denies each and every

4  allegation of said paragraph.

5    202.    Answering Paragraph 202 of the FAC, Defendant denies each and every

6  allegation of said paragraph.

7                            **COUNT TWELVE**

8    203.    Answering Paragraph 203 of the FAC, Defendant incorporates by reference his

9  responses to Paragraphs 1-202 of the FAC.

10    204.    Answering Paragraph 204 of the FAC, Defendant denies each and every

11  allegation of said paragraph.

12    205.    Answering Paragraph 205 of the FAC, Defendant denies each and every

13  allegation of said paragraph.

14                          **COUNT THIRTEEN**

15    206.    Answering Paragraph 206 of the FAC, Defendant incorporates by reference his

16  responses to Paragraphs 1-205 of the FAC.

17    207.    Answering Paragraph 207 of the FAC, Defendant denies each and every

18  allegation of said paragraph.

19    208.    Answering Paragraph 208 of the FAC, Defendant denies each and every

20  allegation of said paragraph.

21                          **COUNT FOURTEEN**

22    209.    Answering Paragraph 209 of the FAC, Defendant notes that said paragraph is in a

23  count not asserted against Defendant, and that therefore no response is required.  To the extent a

24  response is required, Defendant incorporates by reference his responses to Paragraphs 1-208 of

25  the FAC.

26    210.    Answering Paragraph 210 of the FAC, Defendant lacks knowledge or information

27  sufficient to form a belief as to the truth of the allegations of Paragraph 210, and on that basis

28  denies each and every allegation of Paragraph 210.

1    211.    Answering Paragraph 211 of the FAC, Defendant denies each and every

2  allegation of said paragraph.

3    212.    Answering Paragraph 212 of the FAC, Defendant denies each and every

4  allegation of said paragraph.

5    213.    Answering Paragraph 213 of the FAC, Defendant denies each and every

6  allegation of said paragraph.

7    214.    Answering Paragraph 214 of the FAC, Defendant denies each and every

8  allegation of said paragraph.

9  ## PRAYER FOR RELIEF

10    Defendant denies each and every allegation of Plaintiffs' prayer for relief, and

11  specifically denies that Plaintiffs have been injured, or threatened with injury, in any way

12  whatsoever, or at all, and specifically denies that Plaintiffs are entitled to any relief of any kind

13  whatsoever.

14  ## AFFIRMATIVE DEFENSES

15    For his affirmative defenses to the complaint, Defendant alleges the following:

16  ## FIRST AFFIRMATIVE DEFENSE

17  (failure to state a claim)

18    The FAC, and each purported count therein, fails to state a claim upon which relief can

19  be granted.

20  ## SECOND AFFIRMATIVE DEFENSE

21  (failure to allege sufficient facts)

22    The FAC, and each purported count therein, fails to state facts sufficient to constitute a

23  cause of action.

24  ## THIRD AFFIRMATIVE DEFENSE

25  (justification)

26    The actions of Defendant that allegedly give rise to liability herein, if any such actions

27  occurred, were legally justified and cannot give rise to any liability on the part of Defendant.

28

**FOURTH AFFIRMATIVE DEFENSE**

(failure to establish causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Plaintiffs may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

(good faith)

Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever that would constitute a violation of any rights of Plaintiffs or any duty owed to Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

(failure to conduct reasonable inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Plaintiffs filed their frivolous FAC in bad faith in violation of California Code of Civil Procedure section 128.6, and because Plaintiffs failed to perform a diligent, good faith, and reasonable inquiry into the allegations in the FAC prior to filing, as required by California Code of Civil Procedure section 128.7.

**SEVENTH AFFIRMATIVE DEFENSE**

(privilege of competition)

Plaintiffs' FAC, and each purported claim for relief alleged therein, are barred by the privilege to compete.

**EIGHTH AFFIRMATIVE DEFENSE**

(absence of irreparable harm)

To the extent Plaintiffs attempt to seek equitable relief, they are not entitled to such relief because the injury or damages suffered by Plaintiffs, if any, would be adequately compensated in an action at law for damages.

**NINTH AFFIRMATIVE DEFENSE**

(equitable estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(judicial estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

(unclean hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

(failure to establish misappropriation)

Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the allegations are false and because Defendant has not "misappropriated" Plaintiffs' "trade secrets."

**THIRTEENTH AFFIRMATIVE DEFENSE**

(failure to establish existence of trade secrets)

Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is readily ascertainable by proper means and is therefore not a "trade secret" under California law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(invalidity of contracts)

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid contracts as they lack consideration.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

(failure to establish a private cause of action)

3      Plaintiffs' Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

4    barred as an improper cause of action.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

(public policy)

7      Plaintiffs' claims are barred, in whole or in part, insofar as several contract provisions are

8    void for public policy.

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

10

(Business & Professions Code § 16600)

11      Plaintiffs' claims are barred, in whole or in part, insofar as they are based on improper

12    restraints of trade in violation of Business & Professions Code § 16600.

13

## EIGHTEENTH AFFIRMATIVE DEFENSE

14

(waiver)

15      Plaintiffs have waived the right, if any, to pursue the claims in the FAC, and each

16    purported cause of action contained therein, by reason of Plaintiffs' own actions and course of

17    conduct.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

(absence of deception)

20      Plaintiffs' Thirteenth Claim for Unfair Competition is barred on the grounds that

21    Defendant's conduct is not likely to mislead the public or harm Plaintiffs.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(lack of specificity)

24      The Fourteenth Claim for Fraud is barred because Plaintiffs have failed to plead their

25    claim with the requisite particularity.

26

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27

(unjust enrichment)

28

1    The FAC, and each and every purported cause of action alleged therein, is barred because

2    any recovery would result in Plaintiffs' unjust enrichment.

3                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4                              (failure to mitigate)

5    Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages, if any,

6    as required by law.

7                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8                              (punitive damages)

9    Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in

10   the FAC, because California's laws regarding the alleged conduct in question in this action are

11   too vague to permit the imposition of punitive damages, and the award of punitive damages as

12   applied to the facts of this case would violate Defendant's constitutional rights under the United

13   States and California Constitution.

14                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15                          (incorporation of other defenses)

16   Defendant adopts and incorporates any and all other defenses raised or to be raised by

17   any other defendant joined in this litigation to the extent that said defenses are not inconsistent

18   with Defendant's assertions that it is not liable to Plaintiffs or anyone for any amount whatsoever

19   arising out of this lawsuit.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //



1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

(reservation of rights)

3      Defendant reserves the right to raise additional affirmative and other defenses as they are

4   discovered or otherwise become available.

5   DATED: February 8, 2008

6                                      KERR & WAGSTAFFE LLP

7

8                              By  _____/s/_____
                                   ADRIAN J. SAWYER

9

10                                 Attorneys for Defendants
                                   ANDREW ("WALLY") BROWN, JR.,
11                                 BRIAN F. QUINN, MICHAEL J. BROWN, and
                                   LAURA J. WICK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28