1  JAMES M. WAGSTAFFE (95535)
   ADRIAN J. SAWYER (203712)
2  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
3  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
4  Fax: (415) 371-0500

5  Attorneys for Defendants
   ANDREW ("WALLY") BROWN, JR.,
6  BRIAN F. QUINN, MICHAEL J. BROWN, and
   LAURA J. WICK

7

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11                **SAN FRANCISCO DIVISION**

12  ARTHUR J. GALLAGHER & CO., Inc., a      Case No. C 07-06418 JSW
    Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE            **ANSWER BY DEFENDANT BRIAN F.**
    BROKERS OF CALIFORNIA, INC., a        **QUINN TO FIRST AMENDED**
14  California Corporation,                **COMPLAINT**

15         Plaintiffs,

16     v.

17

18  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California Corporation, DAN R.
19  FRANCIS, JOHN G. HAHN, ANDREW
    ("WALLY") BROWN, JR., BRIAN F. QUINN,
20  NEIL R. COHN, CAROLANN COHN,
    MICHAEL J. BROWN, STEPHEN HAUSE,
21  LAURA J. WICK, JAMES C. HALBLEIB,
    LAURINDA ("LAURIE") A. MARTIN, ERIC
22  CHUA, GEORGE J. PETTY, LINDA SOO
    HOO, ROBERT E. DUTTO, SUSAN M.
23  ENGLISH, DON J. JOHNSON, ALLEN L.
    AMOS, WILLIAM ("BILL") PHILLIPS, JR.,
24  DIRCK ("RICK") R. STINSON, ROBERT
    ("BOB") D. ELLSWORTH, ROBERT H.
25  WATKINS, PAUL H. WAGENER, and
    SHANDRANETTE MIDDLETON,
26

27         Defendants.

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                          ANSWER BY DEF. BRIAN F. QUINN

1       Defendant Brian F. Quinn ("Defendant"), for himself and no other defendant, answers

2   Plaintiffs' First Amended Complaint for Damages and Injunctive Relief, filed January 25, 2008

3   ("FAC"), as follows:

4       As an initial matter, Defendant states that the subheadings in the FAC are argumentative,

5   and require no response.  To the extent any response is required, Defendant denies each and

6   every allegation of each subheading.

7   **I.**    <u>**NATURE OF ACTION**</u>

8       1.    Answering Paragraph 1 of the FAC, Defendant admits that Plaintiffs purport to

9   bring an action as described in said paragraph.  Except as expressly admitted, Defendant denies

10  each and every allegation of Paragraph 1.

11      2.    Answering Paragraph 2 of the FAC, Defendant admits that Plaintiff purports to

12  describe a fundamental premise of the competitive marketplace.  Except as expressly admitted,

13  Defendant denies each and every allegation of Paragraph 2.

14      3.    Answering Paragraph 3 of the FAC, Defendant denies each and every allegation

15  of said paragraph.

16      4.    Answering Paragraph 4 of the FAC, Defendant denies each and every allegation

17  of said paragraph.

18      5.    Answering Paragraph 5 of the FAC, Defendant denies each and every allegation

19  of said paragraph.

20      6.    Answering Paragraph 6 of the FAC, Defendant admits that he was an officer of

21  Plaintiff Arthur J. Gallagher & Co., Insurance Brokers of California.  Except as expressly

22  admitted, Defendant denies each and every allegation of Paragraph 6.

23      7.    Answering Paragraph 7 of the FAC, Defendant admits that he announced his

24  resignation on Friday, December 7, and that he did not give prior notice.  Except as expressly

25  admitted, Defendant denies each and every allegation of Paragraph 7.

26      8.    Answering Paragraph 8 of the FAC, Defendant admits that after beginning work

27  at Defendant Edgewood Partners Insurance Center ("EPIC"), he sent out an e-mail

28  announcement to former clients informing those clients that he had left Plaintiff Arthur J.



1  Gallagher & Co., Insurance Brokers of California and joined EPIC.  Except as expressly

2  admitted, Defendant denies each and every allegation of Paragraph 8.

3     9.    Answering Paragraph 9 of the FAC, Defendant denies each and every allegation

4  of said paragraph.

5     10.    Answering Paragraph 10 of the FAC, Defendant denies each and every allegation

6  of said paragraph.

7     11.    Answering Paragraph 11 of the FAC, Defendant denies each and every allegation

8  of said paragraph.

9  **II.     SUBJECT-MATTER JURISDICTION AND VENUE**

10    12.    Answering Paragraph 12 of the FAC, Defendant is without information and belief

11  sufficient to admit or deny the merits of the lone federal claim, and on that basis denies that the

12  Court properly has jurisdiction over this entire action.

13    13.    Answering Paragraph 13 of the FAC, Defendant admits that, if this Court has

14  jurisdiction over this action, then venue is properly lain in this District.

15  **III.     PARTIES AND PERSONAL JURISDICTION**

16    14.    Answering Paragraph 14 of the FAC, Defendant admits the allegations of said

17  paragraph.

18    15.    Answering Paragraph 15 of the FAC, Defendant admits the allegations of said

19  paragraph.

20    16.    Answering Paragraph 16 of the FAC, Defendant admits that Dan R. Francis and

21  John G. Hahn are co-founders of EPIC, and are experienced insurance industry executives, and

22  residents of California.  Except as expressly admitted, Defendant denies each and every

23  allegation of Paragraph 16.

24    17.    Answering Paragraph 17 of the FAC, Defendant admits that the individual

25  defendants named in this paragraph, with the exception of Wally Brown, were officers of Arthur

26  J. Gallagher & Co., Insurance Brokers of California, Inc., prior to leaving the employ of that

27  entity.   The allegation that any Individual Defendant was a fiduciary is a legal conclusion and

28

1    requires no response.  Except as expressly admitted, Defendant denies each and every allegation

2    of Paragraph 17.

3        18.    Answering Paragraph 18 of the FAC, Defendant admits that the persons named in

4    Paragraph 18, including Defendant, are former employees of Arthur J. Gallagher & Co.,

5    Insurance Brokers of California, Inc., current employees of EPIC, and current residents of

6    California.  Except as expressly admitted, Defendant denies each and every allegation of

7    Paragraph 18.

8        19.    Answering Paragraph 19 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10       20.    Answering Paragraph 20 of the FAC, Defendant admits that Plaintiffs purport to

11   sue all defendants individually as co-conspirators.  Except as expressly admitted, Defendant

12   denies each and every allegation of Paragraph 20.

13       21.    Answering Paragraph 21 of the FAC, Defendant admits that Plaintiffs purport to

14   sue all defendants as agents of one another.  Except as expressly admitted, Defendant denies

15   each and every allegation of Paragraph 21.

16                    **IV.**        **FACTUAL ALLEGATIONS**

17       22.    Answering Paragraph 22 of the FAC, Defendant states as follow:

18            a.    Answering Paragraph 22(a) of the FAC, Defendant admits that he was the

19                Area President and that Wally Brown was the Area Chairman,

20                respectively, of the San Ramon Office of Arthur J. Gallagher & Co.,

21                Insurance Brokers of California, Inc.  Defendant further admits that he

22                was a producer.  Defendant further admits that as Area President he had

23                executive managerial authority over the San Ramon office.  Except as

24                expressly admitted, Defendant denies each and every allegation of

25                Paragraph 22(a).

26            b.    Answering Paragraph 22(b) of the FAC, Defendant admits that Laura

27                Wick had been employed by Arthur J. Gallagher & Co., Insurance Brokers

28                of California, Inc., since 1996.  Defendant denies that her title was

"Human Resources and Office Manager," but admits that she had some HR responsibilities and functioned as the office manager. Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of Paragraph 22(b), and on that basis denies each and every remaining allegation of said paragraph.

c.    Answering Paragraph 22(c) of the FAC, Defendant admits that George Petty had been employed by Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., for approximately 6 years and was the IT manager for the San Ramon office and admits that this paragraph accurately describes Mr. Petty's job responsibilities. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 22(c).

d.    Answering Paragraph 22(d) of the FAC, Defendant admits that Linda Soo-Hoo's title was Area Vice-President, and admits that this paragraph accurately describes Ms. Soo-Hoo's job responsibilities and tenure.

e.    Answering Paragraph 22(e) of the FAC, Defendant admits that the individual defendants named in Paragraph 22(e) were producers while employed by Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., and admits that this paragraph accurately characterizes producers' job responsibilities. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 22(e).

f.    Answering Paragraph 22(f) of the FAC, Defendant denies that Michael Brown was an Account Executive at the time she left Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. Defendant admits that the remaining individual defendants named in Paragraph 22(f) were Account Executives, and admits that the description of their work is accurate.

23.    Answering Paragraph 23 of the FAC, Defendant admits that Arthur J. Gallagher & Co., Inc. is the parent company of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc, and that both are engaged in the risk management and general insurance brokerage area.

1    Defendant lacks knowledge and information sufficient to form a belief in the truth of the

2    remaining allegations of Paragraph 23, and on that basis denies each and every remaining

3    allegation of said paragraph.

4        24.    Answering Paragraph 24 of the FAC, Defendant denies each and every allegation

5    of said paragraph.

6        25.    Answering Paragraph 25 of the FAC, Defendant denies each and every allegation

7    of said paragraph.

8        26.    Answering Paragraph 26 of the FAC, Defendant denies each and every allegation

9    of said paragraph.

10       27.    Answering Paragraph 27 of the FAC, Defendant admits that in the course of his

11   employment he gained access to non-public Gallagher information.  Except as expressly

12   admitted, Defendant denies each and every allegation of said paragraph.

13       28.    Answering Paragraph 28 of the FAC, Defendant states that the documents cited in

14   said paragraph speak for themselves.  Defendant admits signing the agreements and other

15   documents alleged in Paragraph 28, but denies any allegation concerning the legal effect of those

16   agreements and further states that any such allegations are legal conclusions, to which no

17   response is required.  Except as expressly admitted, Defendant denies each and every allegation

18   of Paragraph 29.

19       29.    Answering Paragraph 29 of the FAC, Defendant admits that he signed a Producer

20   Agreement with EPIC upon joining EPIC as a principal.  Defendant states that the Producer

21   Agreement speaks for itself, and denies any allegation concerning the legal effect of said

22   agreement, and further states that any such allegations are legal conclusions, to which no

23   response is required.  Except as expressly admitted, Defendant denies each and every allegation

24   of Paragraph 29.

25       30.    Answering Paragraph 30 of the FAC, Defendant admits the allegations of this

26   paragraph.

27       31.    Answering Paragraph 31 of the FAC, Defendant admits that EPIC acquired

28   CALCO in or around July 2007, and that EPIC competes with Plaintiffs.  Defendant lacks

1  knowledge and information sufficient to form a belief in the truth of the remaining allegations of

2  Paragraph 31, and on that basis denies each and every remaining allegation of said paragraph.

3       32.    Answering Paragraph 32 of the FAC, Defendant states that the document quoted

4  in said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and

5  every allegation of Paragraph 32.

6       33.    Answering Paragraph 33 of the FAC, Defendant states that the website quoted in

7  said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and every

8  allegation of Paragraph 33.

9       34.    Answering Paragraph 34 of the FAC, Defendant admits that he first

10  communicated with Defendants Dan Francis and John Hahn about EPIC in Summer of 2007, and

11  that Wally Brown first communicated with EPIC in or around Spring of 2007.  Except as

12  expressly admitted, Defendant denies each and every allegation of Paragraph 34.

13       35.    Answering Paragraph 35 of the FAC, Defendant denies each and every allegation

14  of said paragraph.

15       36.    Answering Paragraph 36 of the FAC, Defendant denies each and every allegation

16  of said paragraph.

17       37.    Answering Paragraph 37 of the FAC, Defendant admits telling one employee that

18  he was leaving prior to announcing his resignation.  Except as expressly admitted, Defendant

19  denies each and every allegation of Paragraph 37.

20       38.    Answering Paragraph 38 of the FAC, Defendant admits that Laura Wick had been

21  an employee of Arthur J. Gallagher & Co., Insurance Brokers of California, since 1996, and at

22  the time of her departure was office manager and had responsibility for some of the human

23  resources functions in the San Ramon office.  Except as expressly admitted, Defendant denies

24  each and every allegation of Paragraph 38.

25       39.    Answering Paragraph 39 of the FAC, Defendant lacks knowledge and information

26  sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

27  denies each and every allegation of said paragraph.

28

40.     Answering Paragraph 40 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

41.     Answering Paragraph 41 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

42.     Answering Paragraph 42 of the FAC, Defendant denies the allegations of said paragraph as they pertain to him.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

43.     Answering Paragraph 43 of the FAC, Defendant denies each and every allegation of said paragraph.

44.     Answering Paragraph 44 of the FAC, Defendant admits that Laura Wick submitted a resignation letter to Defendant and Wally Brown on October 17, 2007.  Defendant states that the letter speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation of said paragraph.

45.     Answering Paragraph 45 of the FAC, Defendant denies each and every allegation of said paragraph.

46.     Answering Paragraph 46 of the FAC, Defendant denies each and every allegation of said paragraph.

47.     Answering Paragraph 47 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

48.     Answering Paragraph 48 of the FAC, Defendant admits that Laura Wick remained an employee of Arthur J. Gallagher & Co., Insurance Brokers of California, until November 2, 2007.  Defendant denies the allegations of this paragraph as they pertain to him.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

49.     Answering Paragraph 49 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

50.     Answering Paragraph 50 of the FAC, Defendant denies each and every allegation of said paragraph.

51.     Answering Paragraph 51 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

52.     Answering Paragraph 52 of the FAC, Defendant admits that Laura Wick left the employ of Arthur J. Gallagher & Co., Insurance Brokers of California, on November 2, 2007. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

53.     Answering Paragraph 53 of the FAC, Defendant states that the e-mail quoted in that paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

54.     Answering Paragraph 54 of the FAC, Defendant states that the e-mail referred to in that paragraph speaks for itself.  Defendant denies the allegation of conspiracy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

55.     Answering Paragraph 55 of the FAC, Defendant denies each and every allegation of said paragraph.

56.     Answering Paragraph 56 of the FAC, Defendant admits that he did not contact Gallagher's corporate IT department and request that Laura Wick's remote access to her corporate e-mail account be deactivated.  Defendant lacks knowledge or information sufficient to

1  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

2  denies each and every allegation of said paragraph.

3      57.     Answering Paragraph 57 of the FAC, Defendant lacks knowledge or information

4  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

5  denies each and every allegation of said paragraph.

6      58.     Answering Paragraph 58 of the FAC, Defendant lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

8  denies each and every allegation of said paragraph.

9      59.     Answering Paragraph 59 of the FAC, Defendant lacks knowledge or information

10  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

11  denies each and every allegation of said paragraph.

12      60.     Answering Paragraph 60 of the FAC, Defendant lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

14  denies each and every allegation of said paragraph.

15      61.     Answering Paragraph 61 of the FAC, Defendant admits that he had discussions

16  with EPIC co-founders John Hahn and Dan Francis and/or Wally Brown and/or Michael Brown

17  during the period before he left Arthur J. Gallagher & Co., Insurance Brokers of California, and

18  informed one employee of Gallagher that he was going to leave prior to his general

19  announcement.  Defendant denies each and every remaining allegation of Paragraph 61 as it

20  pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the

21  truth of the remaining allegations of said paragraph, and on that basis denies each and every

22  allegation of Paragraph 61.

23      62.     Answering Paragraph 62 of the FAC, Defendant admits informing some

24  customers that he would probably leave prior to his departure and that Gallagher entered into the

25  lease described in subparagraph 62(b).  Defendant states that the terms of the lease speak for

26  themselves, and further states that any expense reports referred to in subparagraph 62(d)(iv)

27  speak for themselves.  Defendant denies each and every remaining allegation of Paragraph 62 as

28  it pertains to him.  Defendant denies each and every allegation of the prefatory subparagraph of

1   Paragraph 62. Defendant lacks knowledge or information sufficient to form a belief as to the

2   truth of the remaining allegations of Paragraph 62, and on that basis denies each and every

3   allegation of said paragraph.

4          63.    Answering Paragraph 63 of the FAC, Defendant admits that he informed some

5   customers that he would probably be leaving Gallagher before his resignation. Defendant denies

6   each and every remaining allegation of Paragraph 63 as it pertains to him. Defendant lacks

7   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

8   of said paragraph, and on that basis denies each and every allegation of Paragraph 63.

9          64.    Answering Paragraph 64 of the FAC, Defendant denies each and every allegation

10  of said paragraph.

11         65.    Answering Paragraph 65 of the FAC, Defendant denies the allegations of this

12  paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a

13  belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each

14  and every allegation of Paragraph 65.

15         66.    Answering Paragraph 66 of the FAC, Defendant admits that George Petty was the

16  IT administrator for the San Ramon office. Except as expressly admitted, Defendant denies each

17  and every allegation of Paragraph 66.

18         67.    Answering Paragraph 67 of the FAC, Defendant denies each and every allegation

19  of Paragraph 67 as it pertains to him. Defendant lacks knowledge or information sufficient to

20  form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

21  denies each and every allegation of Paragraph 67.

22         68.    Answering Paragraph 68 of the FAC, Defendant lacks knowledge or information

23  sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

24  that basis denies each and every allegation of Paragraph 68.

25         69.    Answering Paragraph 69 of the FAC, Defendant denies the allegations of said

26  paragraph as they pertain to him. Defendant lacks knowledge or information sufficient to form a

27  belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each

28  and every allegation of Paragraph 69.

70.    Answering Paragraph 70 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 70.

71.    Answering Paragraph 71 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 71.

72.    Answering Paragraph 72 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 72.

73.    Answering Paragraph 73 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 73.

74.    Answering Paragraph 74 of the FAC, Defendant admits that he sent the e-mail described in said paragraph.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 74.

75.    Answering Paragraph 75 of the FAC, Defendant denies each and every allegation of said paragraph.

76.    Answering Paragraph 76 of the FAC, Defendant admits telling a few customers he was probably going to leave Gallagher.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 76.

77.    Answering Paragraph 77 of the FAC, Defendant denies each and every allegation of said paragraph.

78.    Answering Paragraph 78 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

79.    Answering Paragraph 79 of the FAC, Defendant admits that he and the other individuals named in Paragraph 79 resigned from Gallagher on the morning of Friday, December

7, 2007.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 79.

80.     Answering Paragraph 80 of the FAC, Defendant denies each and every allegation of said paragraph.

81.     Answering Paragraph 81 of the FAC, Defendant denies each and every allegation of said paragraph.

82.     Answering Paragraph 82 of the FAC, Defendant states that the letter imaged in said paragraph speaks for itself.  Defendant denies any allegation of conspiracy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that basis denies each and every allegation of said paragraph.

83.     Answering Paragraph 83 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

84.     Answering Paragraph 84 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of said paragraph.

85.     Answering Paragraph 85 of the FAC, Defendant admits requesting that Lynn Tu be in the San Ramon office on Friday, December 7.  Defendant denies each and every allegation of Paragraph 85 as it pertains to him.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of Paragraph 85, and on that basis denies each and every remaining allegation of said paragraph.

86.     Answering Paragraph 86 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

87.     Answering Paragraph 87 of the FAC, Defendant admits that there was an all-hands meeting following the producers meeting and that at that meeting he and Wally Brown announced their resignations.  Defendant lacks knowledge and information sufficient to form a

1  belief in the truth of the remaining allegations of said paragraph, and on that basis denies each

2  and every remaining allegation of said paragraph.

3      88.    Answering Paragraph 88 of the FAC, Defendant admits directing numerous

4  individuals to EPIC's human resources department after announcing his resignation, in response

5  to their questions.

6      89.    Answering Paragraph 89 of the FAC, Defendant lacks knowledge or information

7  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

8  denies each and every allegation of said paragraph.

9      90.    Answering Paragraph 89 of the FAC, Defendant lacks knowledge or information

10  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

11  denies each and every allegation of said paragraph.

12      91.    Answering Paragraph 91 of the FAC, Defendant lacks knowledge or information

13  sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on

14  that basis denies each and every allegation of said paragraph.

15      92.    Answering Paragraph 92 of the FAC, Defendant lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

17  denies each and every allegation of said paragraph.

18      93.    Answering Paragraph 93 of the FAC, Defendant lacks knowledge or information

19  sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

20  that basis denies each and every allegation of said paragraph.

21      94.    Answering Paragraph 94 of the FAC, Defendant lacks knowledge or information

22  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

23  denies each and every allegation of said paragraph.

24      95.    Answering Paragraph 95 of the FAC, Defendant lacks knowledge or information

25  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

26  denies each and every allegation of said paragraph.

27

28

1      96.      Answering Paragraph 96 of the FAC, Defendant lacks knowledge or information

2 sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

3 denies each and every allegation of said paragraph.

4      97.      Answering Paragraph 97 of the FAC, Defendant admits that the individuals

5 named in Paragraph 97 now work at EPIC. Defendant lacks knowledge or information sufficient

6 to form a belief as to the truth of the remaining allegations of Paragraph 97, and on that basis

7 denies each and every allegation of said paragraph.

8      98.      Answering Paragraph 98 of the FAC, Defendant admits that the individuals

9 named in Paragraph 98 now work at EPIC. Defendant lacks knowledge or information sufficient

10 to form a belief as to the truth of the remaining allegations of Paragraph 98, and on that basis

11 denies each and every allegation of said paragraph.

12      99.      Answering Paragraph 99 of the FAC, Defendant admits that the individuals

13 named in Paragraph 99 now work at EPIC. Defendant lacks knowledge or information sufficient

14 to form a belief as to the truth of the remaining allegations of Paragraph 99, and on that basis

15 denies each and every allegation of said paragraph.

16      100.      Answering Paragraph 100 of the FAC, Defendant admits that the individuals

17 named in Paragraph 100 now work at EPIC. Defendant lacks knowledge or information

18 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100, and on

19 that basis denies each and every allegation of said paragraph.

20      101.      Answering Paragraph 101 of the FAC, Defendant admits that the individual

21 named in Paragraph 101 now works at EPIC. Defendant lacks knowledge or information

22 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101, and on

23 that basis denies each and every allegation of said paragraph.

24      102.      Answering Paragraph 102 of the FAC, Defendant denies each and every

25 allegation of said paragraph.

26      103.      Answering Paragraph 103 of the FAC, Defendant denies each and every

27 allegation of said paragraph.

28

1    104.    Answering Paragraph 104 of the FAC, Defendant denies each and every

2  allegation of said paragraph.

3    105.    Answering Paragraph 105 of the FAC, Defendant admits that he, Wally Brown,

4  and Michael Brown resigned without giving 14 days' notice.  Defendant further admits that this

5  paragraph approximately accurately states the numbers of employees in the San Ramon office

6  who have resigned.  Defendant further admits that Defendants Halbleib and Martin resigned

7  from Gallagher.  Except as expressly admitted, Defendant denies each and every allegation of

8  Paragraph 105.

9    106.    Answering Paragraph 106 of the FAC, Defendant admits that he had a corporate

10  email account and corporate computer access ID at the time he began working at EPIC.

11  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the

12  allegations concerning other departed employees, and on that basis denies the allegations.

13  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 106.

14    107.    Answering Paragraph 107 of the FAC, Defendant denies each and every

15  allegation of said paragraph as it pertains to him.  Defendant lacks knowledge and information

16  sufficient to form a belief in the truth of the allegations of Paragraph 107, and on that basis

17  denies each and every allegation of said paragraph.

18    108.    Answering Paragraph 107 of the FAC, Defendant states that the letter speaks for

19  itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph

20  108.

21    109.    Answering Paragraph 109 of the FAC, Defendant lacks knowledge or information

22  sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

23  denies each and every allegation of said paragraph.

24    110.    Answering Paragraph 110 of the FAC, Defendant lacks knowledge or information

25  sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

26  denies each and every allegation of said paragraph.

27

28



ANSWER BY DEF. BRIAN F. QUINN

111.    Answering Paragraph 111 of the FAC, Defendant lacks knowledge or information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

112.    Answering Paragraph 112 of the FAC, Defendant lacks knowledge or information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

113.    Answering Paragraph 113 of the FAC, Defendant denies each and every allegation of said paragraph.

114.    Answering Paragraph 114 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of Paragraph 114, and on that basis denies each and every allegation of said paragraph.

115.    Answering Paragraph 115 of the FAC, Defendant admits that approximately 130 clients have signed broker of record letters designating EPIC as the broker of record.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 115.

116.    Answering Paragraph 108 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unnamed customer who allegedly transferred its business to another insurance agency, and on that basis denies the allegations.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 108.

117.    Answering Paragraph 117 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to him.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117, and on that basis denies each and every allegation of said paragraph.

118.    Answering Paragraph 110 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

1      119.      Answering Paragraph 119 of the FAC, Defendant denies each and every

2 allegation of said paragraph as it pertains to him. Defendant lacks knowledge or information

3 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 119, and on

4 that basis denies each and every allegation of said paragraph.

5      120.      Answering Paragraph 120 of the FAC, Defendant denies each and every

6 allegation of said paragraph as it pertains to him. Defendant lacks knowledge or information

7 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 120, and on

8 that basis denies each and every allegation of said paragraph.

9      121.      Answering Paragraph 121 of the FAC, Defendant denies each and every

10 allegation of said paragraph as it pertains to him. Defendant lacks knowledge or information

11 sufficient to form a belief as to the truth of the remaining allegations of Paragraph 121, and on

12 that basis denies each and every allegation of said paragraph.

13      122.      Answering Paragraph 122 of the FAC, Defendant denies each and every

14 allegation of said paragraph.

15      123.      Answering Paragraph 123 of the FAC, Defendant denies each and every

16 allegation of said paragraph.

17      124.      Answering Paragraph 124 of the FAC, Defendant lacks knowledge or information

18 sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

19 denies each and every allegation of said paragraph.

20      125.      Answering Paragraph 125 of the FAC, Defendant denies each and every

21 allegation as it pertains to him. Defendant lacks knowledge or information sufficient to form a

22 belief as to the truth of the remaining allegations of Paragraph 125, and on that basis denies each

23 and every allegation of said paragraph.

24      126.      Answering Paragraph 126 of the FAC, Defendant denies each and every

25 allegation of said paragraph.

26      127.      Answering Paragraph 127 of the FAC, Defendant denies each and every

27 allegation of said paragraph.

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                 ANSWER BY DEF. BRIAN F. QUINN

## COUNT ONE

1

2  128.    Answering Paragraph 128 of the FAC, Defendant notes that said paragraph is in a

3  count not asserted against Defendant, and that therefore no response is required. To the extent a

4  response is required, Defendant incorporates by reference his responses to Paragraphs 1-127.

5  129.    Answering Paragraph 129 of the FAC, Defendant notes that said paragraph is in a

6  count not asserted against Defendant, and that therefore no response is required. To the extent a

7  response is required, Defendant admits that during his employment at Gallagher, he had access to

8  Gallagher's network, which network was used to provide insurance services across states lines.

9  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 129.

10  130.    Answering Paragraph 130 of the FAC, Defendant notes that said paragraph is in a

11  count not asserted against Defendant, and that therefore no response is required. To the extent a

12  response is required, Defendant denies each and every allegation of Paragraph 130.

13  131.    Answering Paragraph 131 of the FAC, Defendant notes that said paragraph is in a

14  count not asserted against Defendant, and that therefore no response is required. To the extent a

15  response is required, Defendant denies each and every allegation of Paragraph 131.

16  132.    Answering Paragraph 132 of the FAC, Defendant notes that said paragraph is in a

17  count not asserted against Defendant, and that therefore no response is required. To the extent a

18  response is required, Defendant denies each and every allegation of Paragraph 132.

19  133.    Answering Paragraph 133 of the FAC, Defendant notes that said paragraph is in a

20  count not asserted against Defendant, and that therefore no response is required. To the extent a

21  response is required, Defendant denies each and every allegation of Paragraph 133.

22  134.    Answering Paragraph 134 of the FAC, Defendant notes that said paragraph is in a

23  count not asserted against Defendant, and that therefore no response is required. To the extent a

24  response is required, Defendant basis denies each and every allegation of Paragraph 134.

## COUNT TWO

25

26  135.    Answering Paragraph 135 of the FAC, Defendant notes that said paragraph is in a

27  count not asserted against Defendant, and that therefore no response is required. To the extent a

28

1   response is required, Defendant incorporates by reference his responses to Paragraphs 1-134 of

2   the FAC.

3        136.    Answering Paragraph 136 of the FAC, Defendant notes that said paragraph is in a

4   count not asserted against Defendant, and that therefore no response is required.  Further,

5   Paragraph 136's allegation that Gallagher's computer systems are within California Penal Code

6   section 502 is a legal conclusion, and therefore no response is required.  To the extent a response

7   is required, Defendant admits that he had a computer while he was employed by Gallagher.

8   Except as expressly admitted, Defendant denies each and every allegation of Paragraph 136.

9        137.    Answering Paragraph 137 of the FAC, Defendant notes that said paragraph is in a

10  count not asserted against Defendant, and that therefore no response is required.  To the extent a

11  response is required, Defendant denies each and every allegation of Paragraph 137.

12       138.    Answering Paragraph 138 of the FAC, Defendant notes that said paragraph is in a

13  count not asserted against Defendant, and that therefore no response is required.  To the extent a

14  response is required, Defendant denies each and every allegation of Paragraph 138.

15       139.    Answering Paragraph 139 of the FAC, Defendant notes that said paragraph is in a

16  count not asserted against Defendant, and that therefore no response is required.  To the extent a

17  response is required, Defendant denies each and every allegation of Paragraph 139.

18       140.    Answering Paragraph 140 of the FAC, Defendant notes that said paragraph is in a

19  count not asserted against Defendant, and that therefore no response is required.  To the extent a

20  response is required, Defendant denies each and every allegation of Paragraph 140.

21       141.    Answering Paragraph 141 of the FAC, Defendant notes that said paragraph is in a

22  count not asserted against Defendant, and that therefore no response is required.  To the extent a

23  response is required, Defendant denies each and every allegation of Paragraph 141.

24       142.    Answering Paragraph 142 of the FAC, Defendant notes that said paragraph is in a

25  count not asserted against Defendant, and that therefore no response is required.  To the extent a

26  response is required, Defendant denies each and every allegation of Paragraph 142.

27

28

KERR
&
WAGSTAFFE
LLP

ANSWER BY DEF. BRIAN F. QUINN

1

## COUNT THREE

2     143.    Answering Paragraph 143 of the FAC, Defendant notes that said paragraph is in a

3 count not asserted against Defendant, and that therefore no response is required.  To the extent a

4 response is required, Defendant incorporates by reference his responses to Paragraphs 1-142 of

5 the FAC.

6     144.    Answering Paragraph 144 of the FAC, Defendant notes that said paragraph is in a

7 count not asserted against Defendant, and that therefore no response is required.  To the extent a

8 response is required, Defendant denies each and every allegation of Paragraph 144.

9     145.    Answering Paragraph 145 of the FAC, Defendant notes that said paragraph is in a

10 count not asserted against Defendant, and that therefore no response is required.  To the extent a

11 response is required, Defendant denies each and every allegation of Paragraph 145.

12     146.    Answering Paragraph 146 of the FAC, Defendant notes that said paragraph is in a

13 count not asserted against Defendant, and that therefore no response is required.  Further,

14 Paragraph 146's allegation regarding current and former employees' duties is a legal conclusion,

15 and therefore no response is required.  To the extent a response is required, Defendant denies

16 each and every allegation of Paragraph 146.

17     147.    Answering Paragraph 147 of the FAC, Defendant notes that said paragraph is in a

18 count not asserted against Defendant, and that therefore no response is required.  To the extent a

19 response is required, Defendant denies each and every allegation of Paragraph 147.

20     148.    Answering Paragraph 148 of the FAC, Defendant notes that said paragraph is in a

21 count not asserted against Defendant, and that therefore no response is required.  To the extent a

22 response is required, Defendant denies each and every allegation of Paragraph 148.

23     149.    Answering Paragraph 149 of the FAC, Defendant notes that said paragraph is in a

24 count not asserted against Defendant, and that therefore no response is required.  To the extent a

25 response is required, Defendant denies each and every allegation of Paragraph 149.

26     150.    Answering Paragraph 150 of the FAC, Defendant notes that said paragraph is in a

27 count not asserted against Defendant, and that therefore no response is required.  To the extent a

28 response is required, Defendant denies each and every allegation of Paragraph 150.

1    151.    Answering Paragraph 151 of the FAC, Defendant notes that said paragraph is in a

2    count not asserted against Defendant, and that therefore no response is required.  To the extent a

3    response is required, Defendant denies each and every allegation of Paragraph 151.

4    152.    Answering Paragraph 152 of the FAC, Defendant notes that said paragraph is in a

5    count not asserted against Defendant, and that therefore no response is required.  To the extent a

6    response is required, Defendant denies each and every allegation of Paragraph 152.

7    153.    Answering Paragraph 153 of the FAC, Defendant notes that said paragraph is in a

8    count not asserted against Defendant, and that therefore no response is required.  To the extent a

9    response is required, Defendant lacks knowledge or information sufficient to form a belief as to

10    the truth of the allegations of said paragraph, and on that basis denies each and every allegation

11    of Paragraph 153.

12    **<u>COUNT FOUR</u>**

13    154.    Answering Paragraph 154 of the FAC, Defendant notes that said paragraph is in a

14    count not asserted against Defendant, and that therefore no response is required.  To the extent a

15    response is required, Defendant incorporates by reference his responses to Paragraphs 1-153 of

16    the FAC.

17    155.    Answering Paragraph 155 of the FAC, Defendant notes that said paragraph is in a

18    count not asserted against Defendant, and that therefore no response is required.  To the extent a

19    response is required, Defendant denies each and every allegation of Paragraph 155.

20    156.    Answering Paragraph 156 of the FAC, Defendant notes that said paragraph is in a

21    count not asserted against Defendant, and that therefore no response is required.  To the extent a

22    response is required, Defendant denies each and every allegation of Paragraph 156.

23    157.    Answering Paragraph 157 of the FAC, Defendant notes that said paragraph is in a

24    count not asserted against Defendant, and that therefore no response is required.  To the extent a

25    response is required, except as expressly admitted, Defendant denies each and every allegation of

26    Paragraph 157.

27

28

158.    Answering Paragraph 158 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 158.

159.    Answering Paragraph 159 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 159.

160.    Answering Paragraph 160 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 160.

<u>**COUNT FIVE**</u>

161.    Answering Paragraph 161 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference his responses to Paragraphs 1-160 of the FAC.

162.    Answering Paragraph 162 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 162.

163.    Answering Paragraph 163 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 163.

164.    Answering Paragraph 164 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 164.

165.    Answering Paragraph 165 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 165.



## COUNT SIX

166.     Answering Paragraph 166 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-165 of the FAC.

167.     Answering Paragraph 167 of the FAC, Defendant states that Paragraph 167 states a legal conclusion, and that therefore no response is required.  To the extent a response is required, Defendant admits having an Executive Agreement, and admits that he has a Producer Agreement with EPIC, and further states that said agreements speaks for themselves.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 167.

168.     Answering Paragraph 168 of the FAC, Defendant admits signing the acknowledgment referred to in this paragraph, but states that any allegation as to the legal effect of the Code of Business Ethics is a legal conclusion and requires no response.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 168.

169.     Answering Paragraph 169 of the FAC, Defendant admits that he had a stock option agreement with Gallagher, and states that the agreement speaks for itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 169.

170.     Answering Paragraph 170 of the FAC, Defendant denies each and every allegation of said paragraph.

171.     Answering Paragraph 171 of the FAC, Defendant denies each and every allegation of said paragraph.

172.     Answering Paragraph 172 of the FAC, Defendant denies each and every allegation of said paragraph.

173.     Answering Paragraph 173 of the FAC, Defendant denies each and every allegation of said paragraph.

## COUNT SEVEN

174.     Answering Paragraph 174 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-173 of the FAC.

1    175.    Answering Paragraph 175 of the FAC, Defendant states that Paragraph 175 is a

2    legal conclusion, and that therefore no response is required.  To the extent a response is required,

3    Defendant admits signing the documents alleged in Paragraph 175, and denies each and every

4    remaining allegation of Paragraph 175.

5    176.    Answering Paragraph 176 of the FAC, Defendant denies each and every

6    allegation of said paragraph.

7    177.    Answering Paragraph 177 of the FAC, Defendant denies each and every

8    allegation of said paragraph.

9    178.    Answering Paragraph 178 of the FAC, Defendant denies each and every

10    allegation of said paragraph.

11    **COUNT EIGHT**

12    179.    Answering Paragraph 179 of the FAC, Defendant incorporates by reference his

13    responses to Paragraphs 1-178 of the FAC.

14    180.    Answering Paragraph 180 of the FAC, Defendant admits that his title was Area

15    President.  Defendant further states that the remaining allegations of Paragraph 180 state a legal

16    conclusion, to which no response is required.  To the extent a response is required, Defendant

17    denies each and every allegation of Paragraph 180.

18    181.    Answering Paragraph 181 of the FAC, Defendant denies each and every

19    allegation of said paragraph.

20    182.    Answering Paragraph 182 of the FAC, Defendant denies each and every

21    allegation of said paragraph.

22    183.    Answering Paragraph 183 of the FAC, Defendant denies each and every

23    allegation of said paragraph.

24    **COUNT NINE**

25    184.    Answering Paragraph 184 of the FAC, Defendant incorporates by reference his

26    responses to Paragraphs 1-183 of the FAC.

27    185.    Answering Paragraph 185 of the FAC, Defendant denies each and every

28    allegation of said paragraph.

186.     Answering Paragraph 186 of the FAC, Defendant admits that he is a former employee of Arthur J. Gallagher & Co., Insurance Brokers of California. Defendant further states that the remaining allegations of Paragraph 186 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation of Paragraph 186.

187.     Answering Paragraph 187 of the FAC, Defendant denies each and every allegation of said paragraph.

188.     Answering Paragraph 188 of the FAC, Defendant denies each and every allegation of said paragraph.

189.     Answering Paragraph 189 of the FAC, Defendant denies each and every allegation of said paragraph.

## COUNT TEN

190.     Answering Paragraph 190 of the FAC, Defendant incorporates by reference his responses to Paragraph 1-189 of the FAC.

191.     Answering Paragraph 191 of the FAC, Defendant admits awareness of the existence of the agreements referenced in said paragraph but denies any allegation that they are valid or binding. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 191.

192.     Answering Paragraph 192 of the FAC, Defendant denies each and every allegation of said paragraph.

193.     Answering Paragraph 193 of the FAC, Defendant denies each and every allegation of said paragraph.

194.     Answering Paragraph 194 of the FAC, Defendant denies each and every allegation of said paragraph.

195.     Answering Paragraph 195 of the FAC, Defendant denies each and every allegation of said paragraph.



CASE NO. C 07-06418 JSW                                    ANSWER BY DEF. BRIAN F. QUINN

1    196.    Answering Paragraph 196 of the FAC, Defendant denies each and every

2    allegation of said paragraph.

3    <u>**COUNT ELEVEN**</u>

4    197.    Answering Paragraph 197 of the FAC, Defendant incorporates by reference his

5    responses to Paragraphs 1-196 of the FAC.

6    198.    Answering Paragraph 198 of the FAC, Defendant states that Paragraph 198 states

7    a legal conclusion, and that therefore no response is required.  To the extent a response is

8    required, Defendant admits that Gallagher had business relationships with clients, and

9    employment relationships with employees.  Except as expressly admitted, Defendant denies each

10   and every allegation of Paragraph 198.

11   199.    Answering Paragraph 199 of the FAC, Defendant denies each and every

12   allegation of said paragraph.

13   200.    Answering Paragraph 200 of the FAC, Defendant denies each and every

14   allegation of said paragraph.

15   201.    Answering Paragraph 201 of the FAC, Defendant denies each and every

16   allegation of said paragraph.

17   202.    Answering Paragraph 202 of the FAC, Defendant denies each and every

18   allegation of said paragraph.

19   <u>**COUNT TWELVE**</u>

20   203.    Answering Paragraph 203 of the FAC, Defendant incorporates by reference his

21   responses to Paragraphs 1-202 of the FAC.

22   204.    Answering Paragraph 204 of the FAC, Defendant denies each and every

23   allegation of said paragraph.

24   205.    Answering Paragraph 205 of the FAC, Defendant denies each and every

25   allegation of said paragraph.

26   <u>**COUNT THIRTEEN**</u>

27   206.    Answering Paragraph 206 of the FAC, Defendant incorporates by reference his

28   responses to Paragraphs 1-205 of the FAC.



207.    Answering Paragraph 207 of the FAC, Defendant denies each and every allegation of said paragraph.

208.    Answering Paragraph 208 of the FAC, Defendant denies each and every allegation of said paragraph.

### COUNT FOURTEEN

209.    Answering Paragraph 209 of the FAC, Defendant incorporates by reference his responses to Paragraphs 1-208 of the FAC.

210.    Answering Paragraph 210 of the FAC, Defendant states as follows:

    a.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210(a), and on that basis denies each and every allegation of Paragraph 210(a)

    b.    Defendant denies each and every allegation of Paragraph 210(b);

    c.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 210(c);

    d.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 210(d);

    e.    Defendant denies each and every allegation of Paragraph 210(e) as it pertains to him, and further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 210(e);

    f.    Defendant denies each and every allegation of Paragraph 210(f) as it pertains to him, and further states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 210(f); and



1         g.     Defendant denies each and every allegation of subparagraph 210(g) as it

2              pertains to him, and further states that he lacks knowledge or information

3              sufficient to form a belief as to the truth of the allegations of said

4              paragraph, and on that basis denies each and every remaining allegation of

5              Paragraph 210(g).

6      211.    Answering Paragraph 211 of the FAC, Defendant denies each and every

7 allegation of said paragraph.

8      212.    Answering Paragraph 212 of the FAC, Defendant denies each and every

9 allegation of said paragraph.

10      213.    Answering Paragraph 213 of the FAC, Defendant denies each and every

11 allegation of said paragraph.

12      214.    Answering Paragraph 214 of the FAC, Defendant denies each and every

13 allegation of said paragraph.

14 **PRAYER FOR RELIEF**

15      Defendant denies each and every allegation of Plaintiffs' prayer for relief, and

16 specifically denies that Plaintiffs have been injured, or threatened with injury, in any way

17 whatsoever, or at all, and specifically denies that Plaintiffs are entitled to any relief of any kind

18 whatsoever.

19 **AFFIRMATIVE DEFENSES**

20      For his affirmative defenses to the complaint, Defendant alleges the following:

21 **FIRST AFFIRMATIVE DEFENSE**

22 (failure to state a claim)

23      The FAC, and each purported count therein, fails to state a claim upon which relief can

24 be granted.

25 **SECOND AFFIRMATIVE DEFENSE**

26 (failure to allege sufficient facts)

27      The FAC, and each purported count therein, fails to state facts sufficient to constitute a

28 cause of action.

1

**THIRD AFFIRMATIVE DEFENSE**

2

(justification)

3      The actions of Defendant that allegedly give rise to liability herein, if any such actions

4  occurred, were legally justified and cannot give rise to any liability on the part of Defendant.

5

**FOURTH AFFIRMATIVE DEFENSE**

6

(failure to establish causation)

7      Without in any way admitting that any of the conduct alleged in the FAC occurred or is

8  in any way unlawful, Plaintiffs may not recover any damages sought herein because there is no

9  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

10  Plaintiffs.

11

**FIFTH AFFIRMATIVE DEFENSE**

12

(good faith)

13      Defendant acted in good faith and did not directly or indirectly perform any acts

14  whatsoever that would constitute a violation of any rights of Plaintiffs or any duty owed to

15  Plaintiffs.

16

**SIXTH AFFIRMATIVE DEFENSE**

17

(failure to conduct reasonable inquiry)

18      The FAC, and each and every purported cause of action alleged therein, is barred because

19  Plaintiffs filed their frivolous FAC in bad faith in violation of California Code of Civil Procedure

20  section 128.6, and because Plaintiffs failed to perform a diligent, good faith, and reasonable

21  inquiry into the allegations in the FAC prior to filing, as required by California Code of Civil

22  Procedure section 128.7.

23

**SEVENTH AFFIRMATIVE DEFENSE**

24

(privilege of competition)

25      Plaintiffs' FAC, and each purported claim for relief alleged therein, are barred by the

26  privilege to compete.

27

28

KERR
&
WAGSTAFFE
LLP

29

1

## EIGHTH AFFIRMATIVE DEFENSE

2

(absence of irreparable harm)

3    To the extent Plaintiffs attempt to seek equitable relief, they are not entitled to such relief

4  because the injury or damages suffered by Plaintiffs, if any, would be adequately compensated in

5  an action at law for damages.

6

## NINTH AFFIRMATIVE DEFENSE

7

(equitable estoppel)

8    Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

9

## TENTH AFFIRMATIVE DEFENSE

10

(judicial estoppel)

11    Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

(unclean hands)

14    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

(failure to establish misappropriation)

17    Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

18  Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

19  allegations are false and because Defendant has not "misappropriated" Plaintiffs' "trade secrets."

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

(failure to establish existence of trade secrets)

22    Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

23  Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

24  readily ascertainable by proper means and is therefore not a "trade secret" under California law.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

(invalidity of contracts)

27    Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

28  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive



1  Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

2  contracts as they lack consideration.

3  **FIFTEENTH AFFIRMATIVE DEFENSE**

4  (failure to establish a private cause of action)

5  Plaintiffs' Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

6  barred as an improper cause of action.

7  **SIXTEENTH AFFIRMATIVE DEFENSE**

8  (public policy)

9  Plaintiffs' claims are barred, in whole or in part, insofar as several contract provisions are

10  void for public policy.

11  **SEVENTEENTH AFFIRMATIVE DEFENSE**

12  (Business & Professions Code § 16600)

13  Plaintiffs' claims are barred, in whole or in part, insofar as they are based on improper

14  restraints of trade in violation of Business & Professions Code § 16600.

15  **EIGHTEENTH AFFIRMATIVE DEFENSE**

16  (waiver)

17  Plaintiffs have waived the right, if any, to pursue the claims in the FAC, and each

18  purported cause of action contained therein, by reason of Plaintiffs' own actions and course of

19  conduct.

20  **NINETEENTH AFFIRMATIVE DEFENSE**

21  (absence of deception)

22  Plaintiffs' Thirteenth Claim for Unfair Competition is barred on the grounds that

23  Defendant's conduct is not likely to mislead the public or harm Plaintiffs.

24  **TWENTIETH AFFIRMATIVE DEFENSE**

25  (lack of specificity)

26  The Fourteenth Claim for Fraud is barred because Plaintiffs have failed to plead their

27  claim with the requisite particularity.

28

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

(unjust enrichment)

3     The FAC, and each and every purported cause of action alleged therein, is barred because

4     any recovery would result in Plaintiffs' unjust enrichment.

5

## TWENTY-SECOND AFFIRMATIVE DEFENSE

6

(failure to mitigate)

7     Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages, if any,

8     as required by law.

9

## TWENTY-THIRD AFFIRMATIVE DEFENSE

10

(punitive damages)

11     Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in

12     the FAC, because California's laws regarding the alleged conduct in question in this action are

13     too vague to permit the imposition of punitive damages, and the award of punitive damages as

14     applied to the facts of this case would violate Defendant's constitutional rights under the United

15     States and California Constitution.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

(incorporation of other defenses)

18     Defendant adopts and incorporates any and all other defenses raised or to be raised by

19     any other defendant joined in this litigation to the extent that said defenses are not inconsistent

20     with Defendant's assertions that it is not liable to Plaintiffs or anyone for any amount whatsoever

21     arising out of this lawsuit.

22     //

23     //

24     //

25     //

26     //

27     //

28     //

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                                    ANSWER BY DEF. BRIAN F. QUINN

1

## __TWENTY-FIFTH AFFIRMATIVE DEFENSE__

2

(reservation of rights)

3

Defendant reserves the right to raise additional affirmative and other defenses as they are

4

discovered or otherwise become available.

5

6

DATED: February 8, 2008

7

**KERR & WAGSTAFFE LLP**

8

9

By  _____/s/_____

10

ADRIAN J. SAWYER

11

Attorneys for Defendants
ANDREW ("WALLY") BROWN, JR.,

12

BRIAN F. QUINN, MICHAEL J. BROWN, and
LAURA J. WICK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW

ANSWER BY DEF. BRIAN F. QUINN