1   JAMES M. WAGSTAFFE (95535)
    ADRIAN J. SAWYER (203712)
2   **KERR & WAGSTAFFE LLP**
    100 Spear Street, Suite 1800
3   San Francisco, CA 94105–1528
    Telephone: (415) 371-8500
4   Fax: (415) 371-0500

5   Attorneys for Defendants
    ANDREW ("WALLY") BROWN, JR.,
6   BRIAN F. QUINN, MICHAEL J. BROWN, and
    LAURA J. WICK

7

8

9                   **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN FRANCISCO DIVISION**

12  ARTHUR J. GALLAGHER & CO., Inc., a          Case No. C 07-06418 JSW
    Delaware Corporation, ARTHUR J.
13  GALLAGHER & CO., INSURANCE               **ANSWER BY DEFENDANT LAURA J.**
    BROKERS OF CALIFORNIA, INC., a           **WICK TO FIRST AMENDED**
14  California Corporation,                   **COMPLAINT FOR DAMAGES AND**
                                              **INJUNCTIVE RELIEF**
15          Plaintiffs,

16      v.

17

18  EDGEWOOD PARTNERS INSURANCE
    CENTER, a California Corporation, DAN R.
19  FRANCIS, JOHN G. HAHN, ANDREW
    ("WALLY") BROWN, JR., BRIAN F. QUINN,
20  NEIL R. COHN, CAROLANN COHN,
    MICHAEL J. BROWN, STEPHEN HAUSE,
21  LAURA J. WICK, JAMES C. HALBLEIB,
    LAURINDA ("LAURIE") A. MARTIN, ERIC
22  CHUA, GEORGE J. PETTY, LINDA SOO
    HOO, ROBERT E. DUTTO, SUSAN M.
23  ENGLISH, DON J. JOHNSON, ALLEN L.
    AMOS, WILLIAM ("BILL") PHILLIPS, JR.,
24  DIRCK ("RICK") R. STINSON, ROBERT
    ("BOB") D. ELLSWORTH, ROBERT H.
25  WATKINS, PAUL H. WAGENER, and
    SHANDRANETTE MIDDLETON,
26

27          Defendants.

28

KERR & WAGSTAFFE LLP

1  Defendant Laura J. Wick ("Defendant"), for herself and no other defendant, answers

2 Plaintiffs' First Amended FAC for Damages and Injunctive Relief, filed January 25, 2008

3 ("FAC"), as follows:

4  As an initial matter, Defendant states that the subheadings in the FAC are argumentative,

5 and require no response.  To the extent any response is required, Defendant denies each and

6 every allegation of each subheading.

7     **I.**  <u>**NATURE OF ACTION**</u>

8  1.  Answering Paragraph 1 of the FAC, Defendant admits that Plaintiffs purport to

9 bring an action as described in said paragraph.  Except as expressly admitted, Defendant denies

10 each and every allegation of Paragraph 1.

11  2.  Answering Paragraph 2 of the FAC, Defendant admits that Plaintiff purports to

12 describe a fundamental premise of the competitive marketplace.  Except as expressly admitted,

13 Defendant denies each and every allegation of Paragraph 2.

14  3.  Answering Paragraph 3 of the FAC, Defendant denies each and every allegation

15 of said paragraph.

16  4.  Answering Paragraph 4 of the FAC, Defendant denies each and every allegation

17 of said paragraph.

18  5.  Answering Paragraph 5 of the FAC, Defendant denies each and every allegation

19 of said paragraph.

20  6.  Answering Paragraph 6 of the FAC, Defendant denies each and every allegation

21 of said paragraph.

22  7.  Answering Paragraph 7 of the FAC, Defendant denies each and every allegation

23 of said paragraph.

24  8.  Answering Paragraph 8 of the FAC, Defendant denies each and every allegation

25 of said paragraph.

26  9.  Answering Paragraph 9 of the FAC, Defendant denies each and every allegation

27 of said paragraph.

28

10.     Answering Paragraph 10 of the FAC, Defendant denies each and every allegation of said paragraph.

11.     Answering Paragraph 11 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the time and effort expended by Gallagher, and on that basis denies allegations concerning that time and effort.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 11.

## II.        SUBJECT-MATTER JURISDICTION AND VENUE

12.     Answering Paragraph 12 of the FAC, Defendant is without information and belief sufficient to admit or deny the merits of the lone federal claim, and on that basis denies that the Court properly has jurisdiction over this entire action.

13.     Answering Paragraph 13 of the FAC, Defendant admits that, if this Court has jurisdiction over this action, then venue is properly lain in this District.

## III.        PARTIES AND PERSONAL JURISDICTION

14.     Answering Paragraph 14 of the FAC, Defendant admits the allegations of said paragraph.

15.     Answering Paragraph 15 of the FAC, Defendant admits the allegations of said paragraph.

16.     Answering Paragraph 16 of the FAC, Defendant admits that Dan R. Francis and John G. Hahn are co-founders of EPIC, and are experienced insurance industry executives, and residents of California.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 16.

17.     Answering Paragraph 17 of the FAC, Defendant admits that the individual defendants named in this paragraph, with the exception of Wally Brown, were officers of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., prior to leaving the employ of that entity.   The allegation that any Individual Defendant was a fiduciary is a legal conclusion and requires no response.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 17.

18. Answering Paragraph 18 of the FAC, Defendant admits that she and the other persons named in Paragraph 18 are former employees of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., current employees of EPIC, and current residents of California. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 18.

19. Answering Paragraph 19 of the FAC, Defendant denies each and every allegation of said paragraph.

20. Answering Paragraph 20 of the FAC, Defendant admits that Plaintiffs purport to sue all defendants individually as co-conspirators. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 21.

21. Answering Paragraph 21 of the FAC, Defendant admits that Plaintiffs purport to sue all defendants as agents of one another. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 21.

## IV.    FACTUAL ALLEGATIONS

22. Answering Paragraph 22 of the FAC, Defendant states as follow:

a. Answering Paragraph 22(a) of the FAC, Defendant admits that Brian Quinn was the Area President and that Wally Brown was the Area Chairman, respectively, of the San Ramon Office of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. Defendant further admits that each was also a producer. Defendant further admits that as Area President Brian Quinn had executive managerial authority over the San Ramon office. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 22(a).

b. Answering Paragraph 22(b) of the FAC, Defendant admits that she had been employed by Arthur J. Gallagher & Co., Insurance Brokers of California, Inc., since 1996. Defendant admits that she had developed relationships with some employees in the San Ramon office and that she knew some employees' skills, responsibilities, and compensation. Defendant further denies that her title was "Human Resources and Office

1    Manager," but admits that she had some HR responsibilities and

2    functioned as the office manager.  Except as expressly admitted,

3    Defendant denies each and every allegation of Paragraph 22(b).

4    c.    Answering Paragraph 22(c) of the FAC, Defendant admits that George

5    Petty had been employed by Arthur J. Gallagher & Co., Insurance Brokers

6    of California, Inc., for approximately 6 years and was the IT manager for

7    the San Ramon office and admits that this paragraph accurately describes

8    Mr. Petty's job responsibilities.  Except as expressly admitted, Defendant

9    denies each and every allegation of Paragraph 22(c).

10    d.    Answering Paragraph 22(d) of the FAC, Defendant admits that Linda Soo-

11    Hoo's title was Area Vice-President, and admits that this paragraph

12    accurately describes Ms. Soo-Hoo's job responsibilities and tenure.

13    e.    Answering Paragraph 22(e) of the FAC, Defendant admits that the

14    individual defendants named in Paragraph 22(e) were producers while

15    employed by Arthur J. Gallagher & Co., Insurance Brokers of California,

16    Inc., and admits that this paragraph accurately characterizes producers' job

17    responsibilities.  Except as expressly admitted, Defendant denies each and

18    every allegation of Paragraph 22(e).

19    f.    Answering Paragraph 22(f) of the FAC, Defendant denies that Michael

20    Brown was an Account Executive at the time she left Arthur J. Gallagher

21    & Co., Insurance Brokers of California, Inc.  Defendant admits that the

22    remaining individual defendants named in Paragraph 22(f) were Account

23    Executives, and admits that the description of their work is accurate.

24    23.    Answering Paragraph 23 of the FAC, Defendant admits that Arthur J. Gallagher

25    & Co., Inc. is the parent company of Arthur J. Gallagher & Co., Insurance Brokers of California,

26    Inc., and that both are engaged in the risk management and general insurance brokerage area.

27    Defendant lacks knowledge and information sufficient to form a belief in the truth of the

28

KERR
&
WAGSTAFFE
LLP

4

1  remaining allegations of Paragraph 23, and on that basis denies each and every remaining

2  allegation of said paragraph.

3      24.    Answering Paragraph 24 of the FAC, Defendant denies each and every allegation

4  of said paragraph.

5      25.    Answering Paragraph 25 of the FAC, Defendant denies each and every allegation

6  of said paragraph.

7      26.    Answering Paragraph 26 of the FAC, Defendant denies each and every allegation

8  of said paragraph.

9      27.    Answering Paragraph 27 of the FAC, Defendant admits that in the course of her

10 employment with Gallagher, she was exposed to non-public Gallagher information.  Except as

11 expressly admitted, Defendant denies each and every allegation of said paragraph.

12      28.    Answering Paragraph 28 of the FAC, Defendant states that the documents cited in

13 said paragraph speak for themselves.  Defendant admits entering into the agreements alleged in

14 Paragraph 28, and signing the Code of Business Ethics acknowledgement, but denies any

15 allegation concerning the legal effect of those agreements and further states that any such

16 allegations are legal conclusions, to which no response is required.  Except as expressly

17 admitted, Defendant denies each and every allegation of Paragraph 28.

18      29.    Answering Paragraph 29 of the FAC, Defendant admits that producers who join

19 EPIC sign a Producer Agreement.  Defendant states that the Producer Agreements speak for

20 themselves, and denies any allegation concerning the effect of said agreement, and further states

21 that any such allegations are legal conclusions, to which no response is required.  Except as

22 expressly admitted, Defendant denies each and every allegation of Paragraph 29.

23      30.    Answering Paragraph 30 of the FAC, Defendant lacks knowledge and information

24 sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that

25 basis denies each and every remaining allegation of said paragraph.

26      31.    Answering Paragraph 31 of the FAC, Defendant lacks knowledge and information

27 sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that

28 basis denies each and every remaining allegation of said paragraph.

KERR
&
WAGSTAFFE
LLP

5

1    32.    Answering Paragraph 32 of the FAC, Defendant states that the document quoted

2    in said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and

3    every allegation of Paragraph 32.

4    33.    Answering Paragraph 33 of the FAC, Defendant states that the website quoted in

5    said paragraph speaks for itself.  Except as expressly admitted, Defendant denies each and every

6    allegation of Paragraph 33.

7    34.    Answering Paragraph 34 of the FAC, Defendant lacks knowledge and information

8    sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that

9    basis denies each and every remaining allegation of said paragraph.

10    35.    Answering Paragraph 35 of the FAC, Defendant denies each and every allegation

11    of said paragraph.

12    36.    Answering Paragraph 36 of the FAC, Defendant denies each and every allegation

13    of said paragraph.

14    37.    Answering Paragraph 37 of the FAC, Defendant lacks knowledge and information

15    sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that

16    basis denies each and every remaining allegation of said paragraph.

17    38.    Answering Paragraph 38 of the FAC, Defendant admits that she had been an

18    employee of Arthur J. Gallagher & Co., Insurance Brokers of California, since 1996, and at the

19    time of her departure was office manager and had responsibility for some of the human resources

20    functions in the San Ramon office.  Except as expressly admitted, Defendant denies each and

21    every allegation of Paragraph 38.

22    39.    Answering Paragraph 39 of the FAC, Defendant admits speaking with Wally

23    Brown about the possibility of joining EPIC prior to his or her resignation from Gallagher.

24    Except as expressly admitted, Defendant denies each and every allegation of said paragraph.

25    40.    Answering Paragraph 40 of the FAC, Defendant admits that EPIC offered her

26    higher compensation than she was receiving at Gallagher, and that she discussed her employment

27    at EPIC with Wally Brown before his resignation from Gallagher.

28

1   41. Answering Paragraph 41 of the FAC, Defendant denies each and every allegation

2 of said paragraph.

3   42. Answering Paragraph 42 of the FAC, Defendant admits meeting with employees

4 of EPIC prior to leaving Gallagher.  Except as expressly admitted, Defendant denies each and

5 every allegation of Paragraph 42.

6   43. Answering Paragraph 43 of the FAC, Defendant admits that she submitted her

7 resignation to Brian Quinn and Wally Brown.  Except as expressly admitted, Defendant denies

8 each and every allegation of Paragraph 43.

9   44. Answering Paragraph 44 of the FAC, Defendant admits that she submitted a

10 resignation letter to Brian Quinn and Wally Brown on October 17, 2007, and that she had met

11 with John Hahn prior to that date.  Defendant states that the letter speaks for itself.  Except as

12 expressly admitted, Defendant denies each and every allegation of Paragraph 44.

13   45. Answering Paragraph 45 of the FAC, Defendant denies each and every allegation

14 of said paragraph.

15   46. Answering Paragraph 46 of the FAC, Defendant lacks knowledge and information

16 sufficient to form a belief as to the truth of the allegations in said paragraph, and on that basis

17 denies each and every allegation of said paragraph.

18   47. Answering Paragraph 47 of the FAC, Defendant lacks knowledge and information

19 sufficient to form a belief as to the truth of the allegations in said paragraph, and on that basis

20 denies each and every allegation of said paragraph.

21   48. Answering Paragraph 48 of the FAC, Defendant admits that she remained an

22 employee of Arthur J. Gallagher & Co., Insurance Brokers of California, until November 2, 2007

23 and that she reported to Brian Quinn and received Gallagher compensation during the time she

24 remained an employee.  Except as expressly admitted, Defendant denies each and every

25 allegation of Paragraph 48.

26   49. Answering Paragraph 49 of the FAC, Defendant admits meeting with an

27 employee of EPIC on October 24, 2007 to discuss employment at EPIC.  Except as expressly

28 admitted Defendant denies each and every allegation of Paragraph 49.

50.     Answering Paragraph 50 of the FAC, Defendant denies each and every allegation of said paragraph.

51.     Answering Paragraph 51 of the FAC, Defendant denies each and every allegation of said paragraph.

52.     Answering Paragraph 52 of the FAC, Defendant admits that she left the employ of Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. on November 2, 2007. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

53.     Answering Paragraph 53 of the FAC, Defendant states that the e-mail quoted in that paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

54.     Answering Paragraph 54 of the FAC, Defendant states that the e-mail referred to in that paragraph speaks for itself.  Defendant denies the allegation of conspiracy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54, and on that basis denies each and every allegation of said paragraph.

55.     Answering Paragraph 55 of the FAC, Defendant denies each and every allegation of said paragraph.

56.     Answering Paragraph 56 of the FAC, Defendant admits that her e-mail account was not deactivated upon her departure from Gallagher.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56, and on that basis denies each and every allegation of said paragraph.

57.     Answering Paragraph 57 of the FAC, Defendant admits that upon learning that her mother-in-law had sent the e-mail referenced in Paragraph 54 to her Gallagher corporate e-mail account, she asked a then-current Gallagher employee to delete the e-mail from her account. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 57.

58.     Answering Paragraph 58 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 58.

59.     Answering Paragraph 59 of the FAC, Defendant admits knowing that some of her former co-workers might be present in the Gallagher San Ramon office on or about December 8, 2007.

60.     Answering Paragraph 60 of the FAC, Defendant admits contacting a Gallagher employee on December 8, 2007, to ask permission for other former Gallagher employees to access Gallagher's San Ramon office.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 60.

61.     Answering Paragraph 61 of the FAC, Defendant admits that she interviewed no more than two employees over the weekend of December 8 and 9, 2007, and that EPIC made offers to both employees.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61, and on that basis denies each and every allegation of said paragraph.

62.     Answering Paragraph 62 of the FAC, Defendant admits that Gallagher entered into the lease described in subparagraph 62(b).  Defendant states that the terms of the lease speak for themselves.  Defendant denies each and every remaining allegation of Paragraph 62 as it pertains to her.  Defendant denies each and every allegation of the prefatory subparagraph of Paragraph 62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62, and on that basis denies each and every remaining allegation of said paragraph.

63.     Answering Paragraph 63 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 63.

64.     Answering Paragraph 64 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to

1    form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

2    denies each and every allegation of Paragraph 64.

3        65.    Answering Paragraph 65 of the FAC, Defendant denies each and every allegation

4    of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to

5    form a belief as to the truth of the remaining allegations of said paragraph, and on that basis

6    denies each and every allegation of Paragraph 65.

7        66.    Answering Paragraph 66 of the FAC, Defendant admits that George Petty was the

8    IT administrator for the San Ramon office.  Except as expressly admitted, Defendant denies each

9    and every allegation of Paragraph 66.

10        67.    Answering Paragraph 67 of the FAC, Defendant denies each and every allegation

11    of Paragraph 67 as it pertains to her.  Defendant denies the allegation of a conspiracy.  Defendant

12    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

13    allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 67.

14        68.    Answering Paragraph 68 of the FAC, Defendant lacks knowledge or information

15    sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

16    that basis denies each and every allegation of Paragraph 68.

17        69.    Answering Paragraph 69 of the FAC, Defendant denies the allegations of said

18    paragraph as they pertain to her.  Defendant lacks knowledge or information sufficient to form a

19    belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each

20    and every allegation of Paragraph 69.

21        70.    Answering Paragraph 70 of the FAC, Defendant lacks knowledge or information

22    sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

23    that basis denies each and every allegation of Paragraph 70.

24        71.    Answering Paragraph 71 of the FAC, Defendant lacks knowledge or information

25    sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on

26    that basis denies each and every allegation of Paragraph 71.

27

28

72.     Answering Paragraph 72 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 72.

73.     Answering Paragraph 73 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 73.

74.     Answering Paragraph 74 of the FAC, Defendant denies any allegation of conspiracy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 74.

75.     Answering Paragraph 75 of the FAC, Defendant denies each and every allegation of said paragraph.

76.     Answering Paragraph 76 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 76.

77.     Answering Paragraph 77 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77, and on that basis denies each and every allegation of said paragraph.

78.     Answering Paragraph 78 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 78.

79.     Answering Paragraph 79 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 79.

80.     Answering Paragraph 80 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 80.

81.    Answering Paragraph 81 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 81.

82.    Answering Paragraph 82 of the FAC, Defendant states that the letter imaged in said paragraph speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82, and on that basis denies each and every allegation of said paragraph.

83.    Answering Paragraph 83 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 83.

84.    Answering Paragraph 84 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 84.

85.    Answering Paragraph 85 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 85.

86.    Answering Paragraph 86 of the FAC, Defendant lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that basis denies each and every remaining allegation of Paragraph 86.

87.    Answering Paragraph 87 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 87.

88.    Answering Paragraph 88 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 88.

89.    Answering Paragraph 89 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 89.

1    90.    Answering Paragraph 90 of the FAC, Defendant lacks knowledge or information

2  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

3  denies each and every allegation of Paragraph 90.

4    91.    Answering Paragraph 91 of the FAC, Defendant admits interviewing no more

5  than two Gallagher employees over the weekend of December 8 and 9, 2007, and admits that

6  EPIC interviewed Gallagher employees over that weekend and made some offers.  Except as

7  expressly admitted, Defendant denies each and every allegation of Paragraph 91.

8    92.    Answering Paragraph 92 of the FAC, Defendant lacks knowledge and information

9  sufficient to form a belief in the truth of the remaining allegations of said paragraph, and on that

10  basis denies each and every remaining allegation of Paragraph 92.

11    93.    Answering Paragraph 93 of the FAC, Defendant lacks knowledge or information

12  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93, and on that

13  basis denies each and every allegation of said paragraph.

14    94.    Answering Paragraph 94 of the FAC, Defendant lacks knowledge or information

15  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

16  denies each and every allegation of Paragraph 94.

17    95.    Answering Paragraph 95 of the FAC, Defendant lacks knowledge or information

18  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

19  denies each and every allegation of Paragraph 95.

20    96.    Answering Paragraph 96 of the FAC, Defendant lacks knowledge or information

21  sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

22  denies each and every allegation of Paragraph 96.

23    97.    Answering Paragraph 97 of the FAC, Defendant admits that the individuals

24  named in Paragraph 97 now work at EPIC.  Defendant lacks knowledge or information sufficient

25  to form a belief as to the truth of the remaining allegations of Paragraph 97, and on that basis

26  denies each and every allegation of said paragraph.

27    98.    Answering Paragraph 98 of the FAC, Defendant admits that the individuals

28  named in Paragraph 98 now work at EPIC.  Defendant lacks knowledge or information sufficient


KERR
&
WAGSTAFFE
LLP

13

1    to form a belief as to the truth of the remaining allegations of Paragraph 98, and on that basis

2    denies each and every allegation of said paragraph.

3         99.    Answering Paragraph 99 of the FAC, Defendant admits that the individuals

4    named in Paragraph 99 now work at EPIC.  Defendant lacks knowledge or information sufficient

5    to form a belief as to the truth of the remaining allegations of Paragraph 99, and on that basis

6    denies each and every allegation of said paragraph.

7         100.   Answering Paragraph 100 of the FAC, Defendant admits that the individuals

8    named in Paragraph 100 now work at EPIC.  Defendant lacks knowledge or information

9    sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100, and on

10   that basis denies each and every allegation of said paragraph.

11        101.   Answering Paragraph 101 of the FAC, Defendant admits that the individual

12   named in Paragraph 101 now works at EPIC.  Defendant lacks knowledge or information

13   sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101, and on

14   that basis denies each and every allegation of said paragraph.

15        102.   Answering Paragraph 102 of the FAC, Defendant lacks knowledge or information

16   sufficient to form a belief in the truth of the allegations of Paragraph 102, and on that basis

17   denies each and every remaining allegation of said paragraph.

18        103.   Answering Paragraph 103 of the FAC, Defendant lacks knowledge or information

19   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

20   denies each and every allegation of Paragraph 103.

21        104.   Answering Paragraph 104 of the FAC, Defendant lacks knowledge or information

22   sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

23   denies each and every allegation of Paragraph 104.

24        105.   Answering Paragraph 105 of the FAC, Defendant admits that this paragraph

25   approximately accurately states the numbers of employees in the San Ramon office who have

26   resigned.  Defendant further admits that Defendants Halbleib and Martin now work for EPIC.

27   Defendant lacks knowledge or information sufficient to form a belief in the truth of the

28

1    allegations of Paragraph 105, and on that basis denies the remaining allegations of said

2    paragraph.

3        106.    Answering Paragraph 106 of the FAC, Defendant admits that Wally Brown,

4    Michael Brown, and Brian Quinn had corporate e-mail accounts and corporate computer access

5    IDs at the time they began working at EPIC.  Except as expressly admitted, Defendant denies

6    each and every allegation of Paragraph 105.

7        107.    Answering Paragraph 107 of the FAC, Defendant denies each and every

8    allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information

9    sufficient to form a belief in the truth of the remaining allegations of Paragraph 107, and on that

10   basis denies each and every allegation of said paragraph.

11       108.    Answering Paragraph 108 of the FAC, Defendant states that the letter speaks for

12   itself.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph

13   108.

14       109.    Answering Paragraph 109 of the FAC, Defendant lacks knowledge or information

15   sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

16   denies each and every allegation of said paragraph.

17       110.    Answering Paragraph 110 of the FAC, Defendant lacks knowledge or information

18   sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

19   denies each and every allegation of said paragraph.

20       111.    Answering Paragraph 111 of the FAC, Defendant lacks knowledge or information

21   sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

22   denies each and every allegation of said paragraph.

23       112.    Answering Paragraph 112 of the FAC, Defendant lacks knowledge or information

24   sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis

25   denies each and every allegation of said paragraph.

26       113.    Answering Paragraph 113 of the FAC, Defendant denies each and every

27   allegation of said paragraph.

28

1    114.    Answering Paragraph 114 of the FAC, Defendant denies each and every

2    allegation of said paragraph as it pertains to her.  Defendant lacks knowledge and information

3    sufficient to form a belief in the truth of the remaining allegations of Paragraph 114, and on that

4    basis denies each and every allegation of said paragraph.

5    115.    Answering Paragraph 115 of the FAC, Defendant admits that approximately 130

6    clients have signed broker of record letters designating EPIC as the broker of record.  Except as

7    expressly admitted, Defendant denies each and every allegation of Paragraph 115.FACFAC

8    116.    Answering Paragraph 116 of the FAC, Defendant lacks knowledge or information

9    sufficient to form a belief as to the truth of the allegations concerning the unnamed customer

10    who allegedly transferred its business to another insurance agency, and on that basis denies the

11    allegations.  Except as expressly admitted, Defendant denies each and every allegation of

12    Paragraph 116.

13    117.    Answering Paragraph 117 of the FAC, Defendant denies each and every

14    allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information

15    sufficient to form a belief in the truth of the remaining allegations of Paragraph 117, and on that

16    basis denies each and every allegation of said paragraph.

17    118.    Answering Paragraph 118 of the FAC, Defendant lacks knowledge or information

18    sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis

19    denies each and every allegation of said paragraph.

20    119.    Answering Paragraph 119 of the FAC, Defendant denies each and every

21    allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information

22    sufficient to form a belief in the truth of the remaining allegations of Paragraph 119, and on that

23    basis denies each and every allegation of said paragraph.

24    120.    Answering Paragraph 120 of the FAC, Defendant denies each and every

25    allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information

26    sufficient to form a belief in the truth of the remaining allegations of Paragraph 120, and on that

27    basis denies each and every allegation of said paragraph.

28

121.    Answering Paragraph 121 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of Paragraph 121, and on that basis denies each and every allegation of said paragraph.

122.    Answering Paragraph 122 of the FAC, Defendant denies each and every allegation of said paragraph.

123.    Answering Paragraph 123 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of Paragraph 123, and on that basis denies each and every allegation of said paragraph.

124.    Answering Paragraph 124 of the FAC, Defendant lacks knowledge or information sufficient to form a belief in the truth of the allegations of said paragraph, and on that basis denies each and every allegation of said paragraph.

125.    Answering Paragraph 125 of the FAC, Defendant denies each and every allegation of said paragraph as it pertains to her.  Defendant lacks knowledge or information sufficient to form a belief in the truth of the remaining allegations of Paragraph 125, and on that basis denies each and every allegation of said paragraph.

126.    Answering Paragraph 126 of the FAC, Defendant denies each and every allegation of said paragraph.

127.    Answering Paragraph 127 of the FAC, Defendant denies each and every allegation of said paragraph.

## COUNT ONE

128.    Answering Paragraph 128 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference her responses to Paragraphs 1-127.

129.    Answering Paragraph 129 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant admits that during her employment at Gallagher, she had access

1    to Gallagher's network, which network was used to provide insurance services across states

2    lines.  Except as expressly admitted, Defendant denies each and every allegation of Paragraph

3    129.

4         130.    Answering Paragraph 130 of the FAC, Defendant notes that said paragraph is in a

5    count not asserted against Defendant, and that therefore no response is required.  To the extent a

6    response is required, Defendant denies each and every allegation of Paragraph 130.

7         131.    Answering Paragraph 131 of the FAC, Defendant notes that said paragraph is in a

8    count not asserted against Defendant, and that therefore no response is required.  To the extent a

9    response is required, Defendant denies each and every allegation of Paragraph 131.

10        132.    Answering Paragraph 132 of the FAC, Defendant notes that said paragraph is in a

11   count not asserted against Defendant, and that therefore no response is required.  To the extent a

12   response is required, Defendant denies each and every allegation of Paragraph 132.

13        133.    Answering Paragraph 133 of the FAC, Defendant notes that said paragraph is in a

14   count not asserted against Defendant, and that therefore no response is required.  To the extent a

15   response is required, Defendant denies each and every allegation of Paragraph 133.

16        134.    Answering Paragraph 134 of the FAC, Defendant notes that said paragraph is in a

17   count not asserted against Defendant, and that therefore no response is required.  To the extent a

18   response is required, Defendant denies each and every allegation of Paragraph 134.

19                                    **COUNT TWO**

20        135.    Answering Paragraph 135 of the FAC, Defendant notes that said paragraph is in a

21   count not asserted against Defendant, and that therefore no response is required.  To the extent a

22   response is required, Defendant incorporates by reference her responses to Paragraphs 1-134 of

23   the FAC.

24        136.    Answering Paragraph 136 of the FAC, Defendant notes that said paragraph is in a

25   count not asserted against Defendant, and that therefore no response is required.  Further,

26   Paragraph 136's allegation that Gallagher's computer systems are within California Penal Code

27   section 502 is a legal conclusion, and therefore no response is required.  To the extent a response

28

1    is required, Defendant admits that she had a computer while he was employed by Gallagher.

2    Except as expressly admitted, Defendant denies each and every allegation of Paragraph 136.

3          137.    Answering Paragraph 137 of the FAC, Defendant notes that said paragraph is in a

4    count not asserted against Defendant, and that therefore no response is required.  To the extent a

5    response is required, Defendant denies each and every allegation of Paragraph 137.

6          138.    Answering Paragraph 138 of the FAC, Defendant notes that said paragraph is in a

7    count not asserted against Defendant, and that therefore no response is required.  To the extent a

8    response is required, Defendant denies each and every allegation of Paragraph 138.

9          139.    Answering Paragraph 139 of the FAC, Defendant notes that said paragraph is in a

10   count not asserted against Defendant, and that therefore no response is required.  To the extent a

11   response is required, Defendant denies each and every allegation of Paragraph 139.

12         140.    Answering Paragraph 140 of the FAC, Defendant notes that said paragraph is in a

13   count not asserted against Defendant, and that therefore no response is required.  To the extent a

14   response is required, Defendant denies each and every allegation of Paragraph 140.

15         141.    Answering Paragraph 141 of the FAC, Defendant notes that said paragraph is in a

16   count not asserted against Defendant, and that therefore no response is required.  To the extent a

17   response is required, Defendant denies each and every allegation of Paragraph 141.

18         142.    Answering Paragraph 142 of the FAC, Defendant notes that said paragraph is in a

19   count not asserted against Defendant, and that therefore no response is required.  To the extent a

20   response is required, Defendant lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of said paragraph, and on that basis denies each and every allegation

22   of Paragraph 142.

23         **COUNT THREE**

24         143.    Answering Paragraph 143 of the FAC, Defendant notes that said paragraph is in a

25   count not asserted against Defendant, and that therefore no response is required.  To the extent a

26   response is required, Defendant incorporates by reference her responses to Paragraphs 1-142 of

27   the FAC.

28

1    144.    Answering Paragraph 144 of the FAC, Defendant notes that said paragraph is in a

2    count not asserted against Defendant, and that therefore no response is required.  To the extent a

3    response is required, Defendant denies each and every allegation of Paragraph 144.

4    145.    Answering Paragraph 145 of the FAC, Defendant notes that said paragraph is in a

5    count not asserted against Defendant, and that therefore no response is required.  To the extent a

6    response is required, Defendant denies each and every allegation of Paragraph 145.

7    146.    Answering Paragraph 146 of the FAC, Defendant notes that said paragraph is in a

8    count not asserted against Defendant, and that therefore no response is required.  Further,

9    Paragraph 146's allegation regarding current and former employees' duties is a legal conclusion,

10    and therefore no response is required.  To the extent a response is required, Defendant denies

11    each and every allegation of Paragraph 146.

12    147.    Answering Paragraph 147 of the FAC, Defendant notes that said paragraph is in a

13    count not asserted against Defendant, and that therefore no response is required.  To the extent a

14    response is required, Defendant denies each and every allegation of Paragraph 147.

15    148.    Answering Paragraph 148 of the FAC, Defendant notes that said paragraph is in a

16    count not asserted against Defendant, and that therefore no response is required.  To the extent a

17    response is required, Defendant denies each and every allegation of Paragraph 148.

18    149.    Answering Paragraph 149 of the FAC, Defendant notes that said paragraph is in a

19    count not asserted against Defendant, and that therefore no response is required.  To the extent a

20    response is required, Defendant denies each and every allegation of Paragraph 149.

21    150.    Answering Paragraph 150 of the FAC, Defendant notes that said paragraph is in a

22    count not asserted against Defendant, and that therefore no response is required.  To the extent a

23    response is required, Defendant denies each and every allegation of Paragraph 150.

24    151.    Answering Paragraph 151 of the FAC, Defendant notes that said paragraph is in a

25    count not asserted against Defendant, and that therefore no response is required.  To the extent a

26    response is required, Defendant denies each and every allegation of Paragraph 151.

27

28

152.    Answering Paragraph 152 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 152.

153.    Answering Paragraph 153 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 153.

<u>**COUNT FOUR**</u>

154.    Answering Paragraph 154 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference her responses to Paragraphs 1-153 of the FAC.

155.    Answering Paragraph 155 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 155.

156.    Answering Paragraph 156 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 156.

157.    Answering Paragraph 157 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, except as expressly admitted, Defendant denies each and every allegation of Paragraph 157.

158.    Answering Paragraph 158 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 158.



159.     Answering Paragraph 159 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 159.

160.     Answering Paragraph 160 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 160.

## COUNT FIVE

161.     Answering Paragraph 161 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant incorporates by reference her responses to Paragraphs 1-160 of the FAC.

162.     Answering Paragraph 162 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 162.

163.     Answering Paragraph 163 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 163.

164.     Answering Paragraph 164 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 164.

165.     Answering Paragraph 165 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 165.

## COUNT SIX

166.     Answering Paragraph 166 of the FAC, Defendant incorporates by reference her responses to Paragraphs 1-165 of the FAC.

167.     Answering Paragraph 167 of the FAC, Defendant states that Paragraph 167 states a legal conclusion, and that therefore no response is required.  To the extent a response is

1  required, Defendant states that the agreements referenced in said paragraph speak for themselves.

2  Except as expressly admitted, Defendant denies each and every allegation of Paragraph 167.

3       168.    Answering Paragraph 168 of the FAC, Defendant admits signing the

4  acknowledgment referred to in this paragraph, but states that any allegation as to the legal effect

5  of the Code of Business Ethics is a legal conclusion and requires no response.  Defendant lacks

6  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

7  of said paragraph, and on that basis denies each and every remaining allegation of Paragraph

8  168.

9       169.    Answering Paragraph 169 of the FAC, Defendant admits that he had a stock

10  option agreement with Gallagher, and states that the agreement speaks for itself.  Except as

11  expressly admitted, Defendant denies each and every allegation of Paragraph 169.

12       170.    Answering Paragraph 170 of the FAC, Defendant denies each and every

13  allegation of said paragraph.

14       171.    Answering Paragraph 171 of the FAC, Defendant denies each and every

15  allegation of said paragraph.

16       172.    Answering Paragraph 172 of the FAC, Defendant denies each and every

17  allegation of said paragraph.

18       173.    Answering Paragraph 173 of the FAC, Defendant denies each and every

19  allegation of said paragraph.

20  <u>**COUNT SEVEN**</u>

21       174.    Answering Paragraph 174 of the FAC, Defendant incorporates by reference her

22  responses to Paragraphs 1-173 of the FAC.

23       175.    Answering Paragraph 175 of the FAC, Defendant states that Paragraph 175 is a

24  legal conclusion, and that therefore no response is required.  To the extent a response is required,

25  Defendant admits that she had a stock option agreement with Gallagher and signed the

26  acknowledgement regarding the Code of Business Ethics, and denies each and every remaining

27  allegation of Paragraph 175.

28

176.    Answering Paragraph 176 of the FAC, Defendant denies each and every allegation of said paragraph.

177.    Answering Paragraph 177 of the FAC, Defendant denies each and every allegation of said paragraph.

178.    Answering Paragraph 178 of the FAC, Defendant denies each and every allegation of said paragraph.

**COUNT EIGHT**

179.    Answering Paragraph 179 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required. To the extent a response is required, Defendant incorporates by reference her responses to Paragraphs 1-178 of the FAC.

180.    Answering Paragraph 180 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required. To the extent a response is required, Defendant admits that some of the defendants named in this count were executives and or officers. Defendant further states that the remaining allegations of Paragraph 180 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies each and every allegation of Paragraph 180.

181.    Answering Paragraph 181 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required. To the extent a response is required, Defendant denies each and every allegation of said paragraph.

182.    Answering Paragraph 182 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required. To the extent a response is required, Defendant denies each and every allegation of said paragraph.

183.    Answering Paragraph 183 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required. To the extent a response is required, Defendant denies each and every allegation of said paragraph.

**COUNT NINE**

184.    Answering Paragraph 184 of the FAC, Defendant incorporates by reference her responses to Paragraphs 1-183 of the FAC.

185.    Answering Paragraph 185 of the FAC, Defendant denies each and every allegation of said paragraph.

186.    Answering Paragraph 186 of the FAC, Defendant admits that she is a former employee of Arthur J. Gallagher & Co., Insurance Brokers of California.  Defendant further states that the remaining allegations of Paragraph 186 state a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation of Paragraph 186.

187.    Answering Paragraph 187 of the FAC, Defendant denies each and every allegation of said paragraph.

188.    Answering Paragraph 188 of the FAC, Defendant denies each and every allegation of said paragraph.

189.    Answering Paragraph 189of the FAC, Defendant denies each and every allegation of said paragraph.

**COUNT TEN**

190.    Answering Paragraph 190 of the FAC, Defendant incorporates by reference her responses to Paragraph 1-189 of the FAC.

191.    Answering Paragraph 191 of the FAC, Defendant admits awareness of the existence of the agreements and other documents referenced in said paragraph, but denies any allegation that they were valid and binding.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 191.

192.    Answering Paragraph 192 of the FAC, Defendant denies each and every allegation of said paragraph.

193.    Answering Paragraph 193 of the FAC, Defendant denies each and every allegation of said paragraph.

1   194. Answering Paragraph 194 of the FAC, Defendant denies each and every

2 allegation of said paragraph.

3   195. Answering Paragraph 195 of the FAC, Defendant denies each and every

4 allegation of said paragraph.

5   196. Answering Paragraph 196 of the FAC, Defendant denies each and every

6 allegation of said paragraph.

7         **<u>COUNT ELEVEN</u>**

8   197. Answering Paragraph 197 of the FAC, Defendant notes that said paragraph is in a

9 count not asserted against Defendant, and that therefore no response is required.  To the extent a

10 response is required, Defendant incorporates by reference her responses to Paragraphs 1-196 of

11 the FAC.

12   198. Answering Paragraph 198 of the FAC, Defendant notes that said paragraph is in a

13 count not asserted against Defendant, and that therefore no response is required.  To the extent a

14 response is required, Defendant states that Paragraph 186 states a legal conclusion, and that

15 therefore no response is required.  To the extent a response is required, Defendant admits that

16 Gallagher had business relationships with clients, and employment relationships with employees.

17 Except as expressly admitted, Defendant denies each and every allegation of Paragraph 198.

18   199. Answering Paragraph 199 of the FAC, Defendant notes that said paragraph is in a

19 count not asserted against Defendant, and that therefore no response is required.  To the extent a

20 response is required, Defendant denies each and every allegation of said paragraph.

21   200. Answering Paragraph 200 of the FAC, Defendant notes that said paragraph is in a

22 count not asserted against Defendant, and that therefore no response is required.  To the extent a

23 response is required, Defendant denies each and every allegation of said paragraph.

24   201. Answering Paragraph 201 of the FAC, Defendant notes that said paragraph is in a

25 count not asserted against Defendant, and that therefore no response is required.  To the extent a

26 response is required, Defendant denies each and every allegation of said paragraph.

27

28

202.    Answering Paragraph 202 of the FAC, Defendant notes that said paragraph is in a count not asserted against Defendant, and that therefore no response is required.  To the extent a response is required, Defendant denies each and every allegation of said paragraph.

### COUNT TWELVE

203.    Answering Paragraph 203 of the FAC, Defendant incorporates by reference her responses to Paragraphs 1-202 of the FAC.

204.    Answering Paragraph 204 of the FAC, Defendant denies each and every allegation of said paragraph.

205.    Answering Paragraph 205 of the FAC, Defendant denies each and every allegation of said paragraph.

### COUNT THIRTEEN

206.    Answering Paragraph 206 of the FAC, Defendant incorporates by reference her responses to Paragraphs 1-205 of the FAC.

207.    Answering Paragraph 207 of the FAC, Defendant denies each and every allegation of said paragraph.

208.    Answering Paragraph 208 of the FAC, Defendant denies each and every allegation of said paragraph.

### COUNT FOURTEEN

209.    Answering Paragraph 209 of the FAC, Defendant incorporates by reference her responses to Paragraphs 1-208 of the FAC.

210.    Answering Paragraph 210 of the FAC, Defendant states as follows:

a.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210(a), and on that basis denies each and every allegation of Paragraph 210(a)

b.    Defendant denies each and every allegation of Paragraph 210(b);

c.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph, and on that basis denies each and every allegation of Paragraph 210(c);

1       d.    Defendant lacks knowledge or information sufficient to form a belief as to

2  the truth of the allegations of said paragraph, and on that basis denies each

3  and every allegation of Paragraph 210(d);

4       e.    Defendant denies each and every allegation of Paragraph 210(e) as it

5  pertains to her, and further states that she lacks knowledge or information

6  sufficient to form a belief as to the truth of the allegations of said

7  paragraph, and on that basis denies each and every remaining allegation of

8  Paragraph 210(e);

9       f.    Defendant denies each and every allegation of Paragraph 210(f) as it

10  pertains to her, and further states that she lacks knowledge or information

11  sufficient to form a belief as to the truth of the allegations of said

12  paragraph, and on that basis denies each and every remaining allegation of

13  Paragraph 210(f); and

14       g.    Defendant denies each and every allegation of subparagraph 210(g) as it

15  pertains to her, and further states that she lacks knowledge or information

16  sufficient to form a belief as to the truth of the allegations of said

17  paragraph, and on that basis denies each and every remaining allegation of

18  Paragraph 210(g).

19      211.    Answering Paragraph 211 of the FAC, Defendant denies each and every

20  allegation of said paragraph.

21      212.    Answering Paragraph 212 of the FAC, Defendant denies each and every

22  allegation of said paragraph.

23      213.    Answering Paragraph 213 of the FAC, Defendant denies each and every

24  allegation of said paragraph.

25      214.    Answering Paragraph 214 of the FAC, Defendant denies each and every

26  allegation of said paragraph.

27

28

1

## PRAYER FOR RELIEF

2      Defendant denies each and every allegation of Plaintiffs' prayer for relief, and

3  specifically denies that Plaintiffs have been injured, or threatened with injury, in any way

4  whatsoever, or at all, and specifically denies that Plaintiffs are entitled to any relief of any kind

5  whatsoever.

6

## AFFIRMATIVE DEFENSES

7      For her affirmative defenses to the complaint, Defendant alleges the following:

8

### FIRST AFFIRMATIVE DEFENSE

9

(failure to state a claim)

10      The FAC, and each purported count therein, fails to state a claim upon which relief can

11  be granted.

12

### SECOND AFFIRMATIVE DEFENSE

13

(failure to allege sufficient facts)

14      The FAC, and each purported count therein, fails to state facts sufficient to constitute a

15  cause of action.

16

### THIRD AFFIRMATIVE DEFENSE

17

(justification)

18      The actions of Defendant that allegedly give rise to liability herein, if any such actions

19  occurred, were legally justified and cannot give rise to any liability on the part of Defendant.

20

### FOURTH AFFIRMATIVE DEFENSE

21

(failure to establish causation)

22      Without in any way admitting that any of the conduct alleged in the FAC occurred or is

23  in any way unlawful, Plaintiffs may not recover any damages sought herein because there is no

24  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

25  Plaintiffs.

26

27

28



CASE NO. C 07-06418 JSW                                    ANSWER BY DEF. LAURA J. WICK

1

## FIFTH AFFIRMATIVE DEFENSE

2

(good faith)

3      Defendant acted in good faith and did not directly or indirectly perform any acts

4 whatsoever that would constitute a violation of any rights of Plaintiffs or any duty owed to

5 Plaintiffs.

6

## SIXTH AFFIRMATIVE DEFENSE

7

(failure to conduct reasonable inquiry)

8      The FAC, and each and every purported cause of action alleged therein, is barred because

9 Plaintiffs filed their frivolous FAC in bad faith in violation of California Code of Civil Procedure

10 section 128.6, and because Plaintiffs failed to perform a diligent, good faith, and reasonable

11 inquiry into the allegations in the FAC prior to filing, as required by California Code of Civil

12 Procedure section 128.7.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

(privilege of competition)

15      Plaintiffs' FAC, and each purported claim for relief alleged therein, are barred by the

16 privilege to compete.

17

## EIGHTH AFFIRMATIVE DEFENSE

18

(absence of irreparable harm)

19      To the extent Plaintiffs attempt to seek equitable relief, they are not entitled to such relief

20 because the injury or damages suffered by Plaintiffs, if any, would be adequately compensated in

21 an action at law for damages.

22

## NINTH AFFIRMATIVE DEFENSE

23

(equitable estoppel)

24      Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

25

## TENTH AFFIRMATIVE DEFENSE

26

(judicial estoppel)

27      Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

28


KERR
&
WAGSTAFFE
LLP

CASE NO. C 07-06418 JSW                                    ANSWER BY DEF. LAURA J. WICK

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

(unclean hands)

3

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5

(failure to establish misappropriation)

6

Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

7

Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

8

allegations are false and because Defendant has not "misappropriated" Plaintiffs' "trade secrets."

9

**THIRTEENTH AFFIRMATIVE DEFENSE**

10

(failure to establish existence of trade secrets)

11

Plaintiffs' Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

12

Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

13

readily ascertainable by proper means and is therefore not a "trade secret" under California law.

14

**FOURTEENTH AFFIRMATIVE DEFENSE**

15

(invalidity of contracts)

16

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

17

Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

18

Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

19

contracts as they lack consideration.

20

**FIFTEENTH AFFIRMATIVE DEFENSE**

21

(failure to establish a private cause of action)

22

Plaintiffs' Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

23

barred as an improper cause of action.

24

**SIXTEENTH AFFIRMATIVE DEFENSE**

25

(public policy)

26

Plaintiffs' claims are barred, in whole or in part, insofar as several contract provisions are

27

void for public policy.

28

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Business & Professions Code § 16600)

3    Plaintiffs' claims are barred, in whole or in part, insofar as they are based on improper

4    restraints of trade in violation of Business & Professions Code § 16600.

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

6

(waiver)

7    Plaintiffs have waived the right, if any, to pursue the claims in the FAC, and each

8    purported cause of action contained therein, by reason of Plaintiffs' own actions and course of

9    conduct.

10

## NINETEENTH AFFIRMATIVE DEFENSE

11

(absence of deception)

12    Plaintiffs' Thirteenth Claim for Unfair Competition is barred on the grounds that

13    Defendant's conduct is not likely to mislead the public or harm Plaintiffs.

14

## TWENTIETH AFFIRMATIVE DEFENSE

15

(lack of specificity)

16    The Fourteenth Claim for Fraud is barred because Plaintiffs have failed to plead their

17    claim with the requisite particularity.

18

## TWENTY-FIRST AFFIRMATIVE DEFENSE

19

(unjust enrichment)

20    The FAC, and each and every purported cause of action alleged therein, is barred because

21    any recovery would result in Plaintiffs' unjust enrichment.

22

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23

(failure to mitigate)

24    Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages, if any,

25    as required by law.

26

27

28

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (punitive damages)

Plaintiffs are not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate Defendant's constitutional rights under the United States and California Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (incorporation of other defenses)

Defendant adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with Defendant's assertions that it is not liable to Plaintiffs or anyone for any amount whatsoever arising out of this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (reservation of rights)

Defendant reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.


DATED: February 8, 2008


KERR & WAGSTAFFE LLP


By  _____/s/_____
       ADRIAN J. SAWYER

Attorneys for Defendants
ANDREW ("WALLY") BROWN, JR.,
BRIAN F. QUINN, MICHAEL J. BROWN, and
LAURA J. WICK