1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2  DANIEL PURCELL - #191424 (dpurcell@kvn.com)
   R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3  710 Sansome Street
   San Francisco, California  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendants
6  ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
   COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7  SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
   HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8  SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
   WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9  STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,              **ANSWER OF LAURINDA A.**
    INC., a California Corporation,                **MARTIN TO FIRST AMENDED**
16                                                  **COMPLAINT FOR DAMAGES AND**
                            Plaintiffs,             **INJUNCTIVE RELIEF**
17
             v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                          Defendants.

28

1    Defendant Laurinda A. Martin ("Martin") answers plaintiffs' First Amended Complaint

2  as follows:

3    I.    **NATURE OF ACTION**

4    1.    Martin denies Gallagher's allegations of "illegal raiding" or "associated theft and

5  use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6  and the existence of any ongoing misconduct.  Except as expressly denied above, Martin admits

7  Gallagher's characterization of its complaint and the claims for relief set forth therein.

8    2.    Martin admits the allegations of this paragraph.

9    3.    Martin admits that EPIC touts its belief in principles of business ethics, but

10  denies, to the best of her knowledge, that EPIC behaved in a manner contrary to such ethical

11  principles.  Martin denies the remaining allegations in this paragraph as to her.  With respect to

12  the allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15    4.    Martin denies the allegations in this paragraph as to her.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19    5.    This paragraph states legal conclusions to which no response is required.

20    6.    Martin lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22    7.    Martin denies the allegations in this paragraph as to her.  With respect to the

23  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26    8.    Martin denies the allegations in this paragraph as to her.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

1

1 | allegations.

2 |         9.     Martin denies the allegations in this paragraph as to her.  With respect to the

3 | allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

4 | information to admit or deny the allegations in this paragraph, and on that basis denies those

5 | allegations.

6 |         10.    Martin admits that Wally Brown and Brian Quinn held the most senior

7 | management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

8 | in this paragraph, Martin lacks sufficient information to admit or deny, and on that basis denies

9 | those allegations.

10 |         11.    Martin denies the allegations in this paragraph as to her.  With respect to the

11 | allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

12 | information to admit or deny the allegations in this paragraph, and on that basis denies those

13 | allegations.

14 | **II.**     **SUBJECT-MATTER JURISDICTION AND VENUE**

15 |         12.    This paragraph states a legal conclusion to which no response is required.

16 |         13.    This paragraph states a legal conclusion to which no response is required.

17 | **III.**    **PARTIES AND PERSONAL JURISDICTION**

18 |         14.    Martin lacks sufficient information to admit or deny the allegations in this

19 | paragraph, and on that basis denies those allegations.

20 |         15.    Martin admits the allegations in this paragraph.

21 |         16.    Martin admits that Francis and Hahn are co-founders of EPIC and have

22 | experience in the insurance industry.  As to the remaining allegations in this paragraph, Martin

23 | lacks sufficient information to admit or deny, and on that basis denies those allegations.

24 |         17.    Martin admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

25 | Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

26 | paragraph regarding the fiduciary status of certain individual defendants, those allegations state

27 | legal conclusions to which no response is required.

28 |         18.    Martin admits that the Individual Defendants, including herself, are current

2

1  employees of EPIC and former employees of Gallagher.  Martin admits that she is a resident of

2  the State of California.  Except as expressly admitted, Martin denies the allegations of this

3  paragraph as they relate to her, and denies the allegations of this paragraph as they relate to other

4  Individual Defendants on the basis that she lacks sufficient information to admit or deny those

5  allegations.

6      19.    Martin denies the allegations in this paragraph as they relate to her.  For those

7  allegations that relate to other Individual Defendants, Martin lacks sufficient information to

8  admit or deny, and on that basis denies those allegations.

9      20.    Martin admits that Gallagher has sued each of the Individual Defendants

10  individually as co-conspirators.  Except as expressly admitted, Martin denies the allegations of

11  this paragraph as they relate to her.  Martin denies the allegations of this paragraph as they relate

12  to other Individual Defendants and EPIC on the basis that she lacks sufficient information to

13  admit or deny those allegations.

14      21.    Martin admits that Gallagher has sued each of the Individual Defendants

15  individually and is alleging that each Individual Defendant acted as an agent of the others.

16  Except as expressly admitted, Martin denies the allegations of this paragraph as they relate to

17  her. Martin denies the allegations of this paragraph as they relate to other Individual Defendants

18  and EPIC on the basis that she lacks sufficient information to admit or deny those allegations.

19                          IV.    **FACTUAL ALLEGATIONS**

20      22.    Martin denies that this paragraph accurately characterizes the job duties of former

21  Gallagher employees who left to join EPIC.  Martin denies the characterization that the

22  Individual Defendants left Gallagher "*en masse.*"

23      23.    Martin admits the allegations in this paragraph.

24      24.    Martin lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      25.    Martin lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      26.    Martin admits that Gallagher and its employees have invested resources in

3

1    developing relationships with their clients.  Martin further admits that, if Gallagher possessed

2    any confidential or trade-secret information, and, if that information were misappropriated by a

3    competitor, that misappropriation potentially could enable that competitor to compete unfairly

4    with Gallagher.  Martin specifically denies that she misappropriated any Gallagher confidential

5    information.  Except as expressly admitted or denied, Martin denies the allegations in this

6    paragraph as to her.  With respect to the allegation in this paragraph as to other Individual

7    Defendants, Martin lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9        27.    Martin admits that, during her employment at Gallagher, she gained access to

10    non-public Gallagher information.  Except as expressly admitted, Martin lacks sufficient

11    information to admit or deny the allegations in this paragraph, and on that basis denies those

12    allegations.

13        28.    Martin admits the existence of Gallagher's Code for Business Conduct and Ethics

14    and Executive Agreements referenced in this paragraph.  Without having those documents in her

15    possession, Martin lacks sufficient information to admit or deny Gallagher's allegations

16    regarding the content of those documents, and on that basis denies those allegations.  With

17    respect to Gallagher's allegations regarding its Non-Competition Agreement with Wally Brown

18    and Stockholder Agreement, Martin lacks sufficient information to admit or deny those

19    allegations, and on that basis denies those allegations.  Finally, Gallagher's statement that it

20    "takes reasonable and appropriate measures to safeguard its non-public commercially valuable

21    information" states a legal conclusion to which no response is required.

22        29.    Martin lacks sufficient information to admit or deny the allegations in this

23    paragraph, and on that basis denies those allegations.

24        30.    Martin lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26        31.    Martin lacks sufficient information to admit or deny the allegations in this

27    paragraph, and on that basis denies those allegations.

28        32.    Martin lacks sufficient information to admit or deny the allegations in this

1   paragraph, and on that basis denies those allegations.

2       33.    Martin admits the allegations in this paragraph.

3       34.    Martin lacks sufficient information to admit or deny the allegations in this

4   paragraph, and on that basis denies those allegations.

5       35.    Martin denies the allegations in this paragraph as to her.  With respect to the

6   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

7   information to admit or deny the allegations in this paragraph, and on that basis denies those

8   allegations.

9       36.    Martin denies the allegations in this paragraph as to her.  With respect to the

10  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

11  information to admit or deny the allegations in this paragraph, and on that basis denies those

12  allegations.

13      37.    Martin denies the allegations in this paragraph as to her.  With respect to the

14  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

15  information to admit or deny the allegations in this paragraph, and on that basis denies those

16  allegations.

17      38.    Martin lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19      39.    Martin lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21      40.    Martin lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23      41.    Martin lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      42.    Martin lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      43.    Martin lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    44.    Martin lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3    45.    Martin lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5    46.    Martin lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7    47.    Martin lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9    48.    Martin lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11    49.    Martin lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13    50.    Martin lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15    51.    Martin lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17    52.    Martin lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19    53.    Martin lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21    54.    Martin lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23    55.    Martin lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25    56.    Martin lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27    57.    Martin lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

6

410482.01

1       58.    Martin lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3       59.    Martin lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5       60.    Martin lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7       61.    Martin lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9       62.    Martin lacks sufficient information to admit or deny the allegations of this

10  paragraph, and on that basis denies those allegations.

11       63.    Martin denies the allegations in this paragraph as to her.  With respect to the

12  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15       64.    Martin denies the allegations in this paragraph as to her.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19       65.    The first sentence of this paragraph is a prefatory statement to which no response

20  is required.  Martin denies the remaining allegations in this paragraph as to her.  With respect to

21  the allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24       66.    Martin lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26       67.    Martin denies the allegations in this paragraph as to her.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    allegations.

2    68.    Martin admits the allegations of this paragraph only to the extent stated in her

3    declaration of January 3, 2008, which Martin incorporates herein by reference.  Except as

4    expressly admitted, Martin denies the allegations in this paragraph as to her.  With respect to the

5    allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

6    information to admit or deny the allegations in this paragraph, and on that basis denies those

7    allegations.

8    69.    Martin admits that she conducted an additional search of her possessions after this

9    lawsuit was filed and discovered data potentially belonging to Gallagher on her personal

10    computer, as stated in her declaration of January 3, 2008.  Martin further admits that she made

11    arrangements for her computer to be placed in the custody of a computer forensics specialist and

12    for the files to be copied in a forensically acceptable manner and returned to Gallagher.  Martin

13    denies that she knowingly accessed or used these files since she resigned from Gallagher.  Martin

14    further denies that she has any Gallagher data in her possession.  With respect to the allegations

15    in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient information

16    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17    70.    Martin lacks sufficient information to admit or deny the allegations of this

18    paragraph, and on that basis denies those allegations.

19    71.    Martin denies that Halbleib resigned on November 20, 2007.  Martin admits the

20    remaining allegations in this paragraph.

21    72.    Martin admits the allegations in this paragraph.

22    73.    Martin denies the allegations in this paragraph.

23    74.    Martin lacks sufficient information to admit or deny the allegations in this

24    paragraph, and on that basis denies those allegations.

25    75.    Martin lacks sufficient information to admit or deny the allegations in this

26    paragraph, and on that basis denies those allegations.

27    76.    Martin lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

8

1        77.     Martin lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3        78.     Martin lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5        79.     Martin lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7        80.     Martin lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9        81.     Martin lacks sufficient information to admit or deny the allegations in this

10   paragraph, and on that basis denies those allegations.

11       82.     With respect to the allegations regarding Cohn's resignation letter, that letter is set

12   forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

13   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

14   information to admit or deny the allegations in this paragraph, and on that basis denies those

15   allegations.

16       83.     Martin lacks sufficient information to admit or deny the allegations in this

17   paragraph, and on that basis denies those allegations.

18       84.     Martin lacks sufficient information to admit or deny the allegations in this

19   paragraph, and on that basis denies those allegations.

20       85.     Martin lacks sufficient information to admit or deny the allegations in this

21   paragraph, and on that basis denies those allegations.

22       86.     Martin lacks sufficient information to admit or deny the allegations in this

23   paragraph, and on that basis denies those allegations.

24       87.     Martin lacks sufficient information to admit or deny the allegations in this

25   paragraph, and on that basis denies those allegations.

26       88.     Martin lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28       89.     Martin lacks sufficient information to admit or deny the allegations in this

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2          90.    Martin lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4          91.    Martin lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6          92.    Martin lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8          93.    Martin lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10          94.    Martin lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12          95.    Martin lacks sufficient information to admit or deny the allegations in this

13    paragraph, and on that basis denies those allegations.

14          96.    Martin lacks sufficient information to admit or deny the allegations in this

15    paragraph, and on that basis denies those allegations.

16          97.    Martin lacks sufficient information to admit or deny the allegations in this

17    paragraph, and on that basis denies those allegations.

18          98.    Martin lacks sufficient information to admit or deny the allegations in this

19    paragraph, and on that basis denies those allegations.

20          99.    Martin lacks sufficient information to admit or deny the allegations in this

21    paragraph, and on that basis denies those allegations.

22          100.    Martin lacks sufficient information to admit or deny the allegations in this

23    paragraph, and on that basis denies those allegations.

24          101.    Martin lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26          102.    Martin denies the allegations in this paragraph as to her.  With respect to the

27    allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

28    information to admit or deny the allegations in this paragraph, and on that basis denies those

410482.01

1  allegations.

2      103.   This paragraph states a legal conclusion to which no response is required.  To the

3  degree a response is required, Martin denies the allegations in this paragraph as to her.  With

4  respect to allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks

5  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

6  those allegations.  Although Plaintiffs do not specifically identify the document they quote, any

7  such document will speak for itself.

8      104.   Martin denies the allegations in this paragraph as to her.  With respect to the

9  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

10  information to admit or deny the allegations in this paragraph, and on that basis denies those

11  allegations.

12      105.   Martin lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14      106.   Martin lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16      107.   Martin denies the allegations in this paragraph as to her.  With respect to the

17  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

18  information to admit or deny the allegations in this paragraph, and on that basis denies those

19  allegations.

20      108.   Martin lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      109.   Martin lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      110.   Martin lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      111.   Martin lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      112.   Martin lacks sufficient information to admit or deny the allegations in this

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2      113.    Martin lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      114.    Martin denies the allegations in this paragraph as to her.  With respect to the

5  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

6  information to admit or deny the allegations in this paragraph, and on that basis denies those

7  allegations.

8      115.    Martin denies that she used any deceptive or unlawful business practices, or any

9  Gallagher business information, to convince any client to switch its business from Gallagher to

10  EPIC.  Except as expressly denied, Martin lacks sufficient information to admit or deny the

11  allegations in this paragraph, and on that basis denies these allegations.

12      116.    Martin lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14      117.    Martin denies the allegations in this paragraph as to her.  With respect to the

15  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

16  information to admit or deny the allegations in this paragraph, and on that basis denies those

17  allegations.

18      118.    Martin lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      119.    Martin denies that she has solicited any Gallagher employees or customers.

21  Except as expressly denied, Martin lacks sufficient information to admit or deny the allegations

22  in this paragraph, and on that basis denies those allegations.

23      120.    Martin denies the allegations in this paragraph as to her.  With respect to the

24  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27      121.    Martin denies the allegations in this paragraph as to her.  With respect to the

28  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   information to admit or deny the allegations in this paragraph, and on that basis denies those

2   allegations.

3       122.    This paragraph states a legal conclusion to which no response is required.

4       123.    Martin admits that she conducted an additional search of her possessions after this

5   lawsuit was filed and discovered data potentially belonging to Gallagher on her personal

6   computer, as stated in her declaration of January 3, 2008.  Martin further admits that she made

7   arrangements for her computer to be placed in the custody of a computer forensics specialist and

8   for the files to be copied in a forensically acceptable manner and returned to Gallagher.  Martin

9   denies that she knowingly accessed or used these files since she resigned from Gallagher.  Martin

10  further denies that she has any Gallagher data in her possession.  With respect to the allegations

11  in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient information

12  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13      124.    Martin lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15      125.    Martin denies the allegations in this paragraph as to her.  With respect to the

16  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19      126.    This paragraph states legal conclusions to which no response is required.

20      127.    This paragraph states legal conclusions to which no response is required.

21                              **COUNT ONE**

22  **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual**
    **Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**
23

24      128.    Martin realleges and incorporates by reference her responses to paragraphs 1

25  through 127.

26      129.    Martin admits that Gallagher's computer systems had Internet capabilities and

27  that she used those computers to provide insurance services across state lines.  Martin further

28  admits that, during her employment with Gallagher, she accessed and had access to Gallagher's

13

410482.01

1    computer network through her Gallagher and personal computer.  Except as expressly admitted,

2    Martin lacks sufficient information to admit or deny the allegations in this paragraph, and on that

3    basis denies those allegations.  The final sentence of this paragraph states a legal conclusion to

4    which no response is required.

5        130.    Martin denies the allegations in this paragraph as to her.  With respect to the

6    allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

7    information to admit or deny the allegations in this paragraph, and on that basis denies those

8    allegations.

9        131.    Martin denies the allegations in this paragraph as to her.  With respect to the

10   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

11   information to admit or deny the allegations in this paragraph, and on that basis denies those

12   allegations.

13       132.    Martin denies the allegations in this paragraph as to her.  With respect to the

14   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

15   information to admit or deny the allegations in this paragraph, and on that basis denies those

16   allegations.

17       133.    Martin lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19       134.    Martin denies the allegations in this paragraph as to her.  With respect to the

20   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

21   information to admit or deny the allegations in this paragraph, and on that basis denies those

22   allegations.

23                                    **COUNT TWO**

24   **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,
     Halbleib, Martin, Petty, Chua, Middleton and Watkins)**
25

26       135.    Martin realleges and incorporates by reference her responses to paragraphs 1

27   through 134.

28       136.    Martin lacks sufficient information to admit or deny the allegations in this

                                          14

1    paragraph, and on that basis denies those allegations.

2      137.    Martin denies the allegations in this paragraph as to her. With respect to the

3    allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

4    information to admit or deny the allegations in this paragraph, and on that basis denies those

5    allegations.

6      138.    Martin denies the allegations in this paragraph as to her. With respect to the

7    allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

8    information to admit or deny the allegations in this paragraph, and on that basis denies those

9    allegations.

10      139.    This paragraph states legal conclusions to which no response is required. To the

11    degree a response is required, Martin denies the allegations in this paragraph as to her. With

12    respect to the allegations in this paragraph as to other Individual Defendants, Martin lacks

13    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14    those allegations.

15      140.    This paragraph states legal conclusions to which no response is required. To the

16    degree a response is required, Martin denies the allegations in this paragraph as to her. With

17    respect to the allegations in this paragraph as to other Individual Defendants, Martin lacks

18    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19    those allegations.

20      141.    Martin denies that she knowingly accessed Gallagher's computer system and

21    confidential and proprietary information without authorization or permission and that she

22    retained any Gallagher data or information obtained through any such knowing access. With

23    respect to allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

24    information to admit or deny the allegations in this paragraph, and on that basis denies those

25    allegations. The final sentence of this paragraph states legal conclusions to which no response is

26    required.

27      142.    Martin denies the allegations in this paragraph as to her. With respect to the

28    allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   information to admit or deny the allegations in this paragraph, and on that basis denies those

2   allegations.

3                                    **COUNT THREE**

4   **(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants**
    **EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on**
5   **behalf of and in furtherance of the conspiracy with EPIC)**

6          143.   Martin realleges and incorporates by reference her responses to paragraphs 1

7   through 142.

8          144.   Martin denies the allegations in this paragraph.

9          145.   Gallagher's assertion that it possesses trade secrets under California law is a legal

10  conclusion to which no response is required.  To the degree a response is required, Martin denies

11  the allegations in this paragraph.

12         146.   Martin admits that she conducted an additional search of her possessions after this

13  lawsuit was filed and discovered data potentially belonging to Gallagher on her personal

14  computer, as stated in her declaration of January 3, 2008.  Martin further admits that she made

15  arrangements for her computer to be placed in the custody of a computer forensics specialist and

16  for the files to be copied in a forensically acceptable manner and returned to Gallagher.  Martin

17  denies that she knowingly accessed or used these files since she resigned from Gallagher.  Martin

18  further denies that she has any Gallagher data in her possession.  With respect to the allegations

19  in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient information

20  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

21         147.   Martin denies the allegations in this paragraph as to her.  With respect to the

22  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

23  information to admit or deny the allegations in this paragraph, and on that basis denies those

24  allegations.

25         148.   Martin denies the allegations in this paragraph as to her.  With respect to the

26  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

27  information to admit or deny the allegations in this paragraph, and on that basis denies those

28  allegations.

1   149. This paragraph states legal conclusions to which no response is required.

2   150. The first sentence of this paragraph states legal conclusions to which no response

3 is required.  As to the allegations in the second sentence, Martin lacks sufficient information to

4 admit or deny the allegations in this paragraph, and on that basis denies those allegations.

5   151. This paragraph states legal conclusions to which no response is required.  To the

6 degree a response is required, Martin denies the allegations in this paragraph.

7   152. Martin denies that she misappropriated Gallagher trade secrets.  With respect to

8 the allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

9 information to admit or deny the allegations in this paragraph, and on that basis denies those

10 allegations.  The remainder of this paragraph states legal conclusions to which no response is

11 required.

12   153. Martin denies that she misappropriated Gallagher trade secrets or deliberately

13 intended to injure Gallagher in any way.  With respect to the allegations in this paragraph as to

14 other Individual Defendants, Martin lacks sufficient information to admit or deny the allegations

15 in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph

16 states legal conclusions to which no response is required.

17         **COUNT FOUR**

18   **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against**
   **Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on**
19   **behalf of and in furtherance of the conspiracy with EPIC)**

20   154. Martin realleges and incorporates by reference her responses to paragraphs 1

21 through 153.

22   155. This paragraph states a legal conclusion to which no response is required.  To the

23 degree a response is required, Martin denies the allegations in this paragraph as to her.  With

24 respect to the allegations in this paragraph as to other Individual Defendants, Martin lacks

25 sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

26 those allegations.

27   156. This paragraph states a legal conclusion to which no response is required.  To the

28 degree a response is required, Martin denies the allegations in this paragraph as to her.  With

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410482.01

1   respect to the allegations in this paragraph as to other Individual Defendants, Martin lacks

2   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

3   those allegations.

4        157.    Martin denies the allegations in this paragraph as to her.  With respect to the

5   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

6   information to admit or deny the allegations in this paragraph, and on that basis denies those

7   allegations.

8        158.    Martin denies that she engaged in wrongful conduct or misappropriated any

9   Gallagher property.  Except as expressly denied, Martin lacks sufficient information to admit or

10  deny the allegations in this paragraph, and on that basis denies those allegations.

11       159.    Martin denies the allegations in this paragraph as to her.  With respect to the

12  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15       160.    Martin denies that she misappropriated Gallagher property.  The remainder of this

16  paragraph states legal conclusions to which no response is required.

17                              **COUNT FIVE**

18  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
    **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

19

20       161.    Martin realleges and incorporates by reference her responses to paragraphs 1

21  through 160.

22       162.    Martin denies the allegations in this paragraph as to her.  With respect to the

23  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26       163.    Martin denies the allegations in this paragraph as to her.  With respect to the

27  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  allegations.

2        164.    Martin denies the allegations in this paragraph as to her.  With respect to the

3  allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6        165.    Martin denies that she willfully and maliciously converted any property belonging

7  to Gallagher or deliberately intended to injure Gallagher's business for her own financial gain.

8  With respect to the allegations in this paragraph as to other Individual Defendants, Martin lacks

9  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

10  those allegations.  The remainder of this paragraph states legal conclusions to which no response

11  is required.

12  ## COUNT SIX

13  **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,
Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,
Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

14

15

16        166.    Martin realleges and incorporates by reference her responses to paragraphs 1

17  through 165.

18        167.    Martin admits that she signed an Executive Agreement with Gallagher.  Without

19  having possession of the Executive Agreement she signed, Martin lacks sufficient information to

20  admit or deny its contents, and on that basis denies the allegations in the first sentence of this

21  paragraph.  In any event, the Executive Agreement will speak for itself.  Martin admits that,

22  when she began work with EPIC, she agreed to maintain and not to misappropriate any EPIC

23  confidential or proprietary information, and not to solicit EPIC employees.

24        168.    Martin lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26        169.    Martin lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28        170.    Martin lacks sufficient information to admit or deny the allegations in this

1   paragraph, and on that basis denies those allegations.

2       171.   Martin denies the allegations in this paragraph as to her. With respect to

3   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

4   information to admit or deny the allegations in this paragraph, and on that basis denies those

5   allegations.

6       172.   Martin denies that she materially breached any contract with Gallagher. Martin

7   lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

8   that basis denies those allegations.

9       173.   This paragraph states legal conclusions to which no response is required.

10                          **COUNT SEVEN**

11   **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,**
**Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin,**

12   **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

13       174.   Martin realleges and incorporates by reference her responses to paragraphs 1

14   through 173.

15       175.   This paragraph states a legal conclusion to which no response is required.

16       176.   Martin denies the allegations in this paragraph as to her. With respect to

17   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

18   information to admit or deny the allegations in this paragraph, and on that basis denies those

19   allegations.

20       177.   Martin lacks sufficient information to admit or deny the allegations in this

21   paragraph, and on that basis denies those allegations.

22       178.   Martin denies that she breached any duties contained in any agreements she

23   signed with Gallagher. Martin lacks sufficient information to admit or deny the remaining

24   allegations in this paragraph, and on that basis denies those allegations.

25   ////

26   ////

27   ////

28   ////

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

## COUNT EIGHT

2

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

3

4

5      179.    Martin realleges and incorporates by reference her responses to paragraphs 1

6   through 178.

7      180.    Martin lacks sufficient information to admit or deny that she was a member of the

8   employee categories named in this paragraph, and on that basis denies the allegations.  With

9   respect to allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

10   information to admit or deny the allegations in this paragraph, and on that basis denies those

11   allegations.  Although Plaintiffs do not specifically identify the document they quote, any such

12   document will speak for itself.  The remaining allegations in this paragraph state a legal

13   conclusion to which no response is required.

14      181.    Martin denies the allegations in this paragraph as to her.  With respect to

15   allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

16   information to admit or deny the allegations in this paragraph, and on that basis denies those

17   allegations.

18      182.    This paragraph states a legal conclusion to which no response is required.

19      183.    Martin denies that she did any act willfully or maliciously with the intent to injure

20   Gallagher or for her personal financial benefit or for the financial benefit of EPIC or anyone else.

21   With respect to allegations in this paragraph as to other Individual Defendants, Martin lacks

22   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23   those allegations.  The remainder of this paragraph states legal conclusions to which no response

24   is required.

25

## COUNT NINE

26

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

27

28      184.    Martin realleges and incorporates by reference her responses to paragraphs 1

21

410482.01

1  through 183.

2      185.   This paragraph states a legal conclusion to which no response is required.

3      186.   Martin admits that, prior to her resignation from Gallagher, she was an employee

4  of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

5  required.

6      187.   Martin denies the allegations in this paragraph as to her.  With respect to

7  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

8  information to admit or deny the allegations in this paragraph, and on that basis denies those

9  allegations.

10      188.   Martin denies the allegations in this paragraph as to her.  With respect to

11  allegations in this paragraph as to other Individual Defendants, Martin lacks sufficient

12  information to admit or deny the allegations in this paragraph, and on that basis denies those

13  allegations.

14      189.   Martin denies the allegations in the first two sentences of this paragraph as to her.

15  With respect to allegations in the first two sentences this paragraph as to other Individual

16  Defendants, Martin lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states

18  legal conclusions to which no response is required.

19  **COUNT TEN**

20  **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn,**

21  **and Wick)**

22      190.   Martin realleges and incorporates by reference her responses to paragraphs 1

23  through 189.

24      191.   This cause of action is not asserted against Martin.  Martin, therefore, is not

25  required to and does not respond to the allegations in the paragraph.

26      192.   This cause of action is not asserted against Martin.  Martin, therefore, is not

27  required to and does not respond to the allegations in the paragraph.

28      193.   This cause of action is not asserted against Martin.  Martin, therefore, is not

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  required to and does not respond to the allegations in the paragraph.

2      194.    This cause of action is not asserted against Martin.  Martin, therefore, is not

3  required to and does not respond to the allegations in the paragraph.

4      195.    This cause of action is not asserted against Martin.  Martin, therefore, is not

5  required to and does not respond to the allegations in the paragraph.

6      196.    This cause of action is not asserted against Martin.  Martin, therefore, is not

7  required to and does not respond to the allegations in the paragraph.

8                          **COUNT ELEVEN**

9  **(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC,**
   **Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth,**
10  **Halbleib, Hause, Johnson, Quinn, and Wagener)**

11      197.    Martin realleges and incorporates by reference her responses to paragraphs 1

12  through 196.

13      198.    This cause of action is not asserted against Martin.  Martin, therefore, is not

14  required to and does not respond to the allegations in the paragraph.

15      199.    This cause of action is not asserted against Martin.  Martin, therefore, is not

16  required to and does not respond to the allegations in the paragraph.

17      200.    This cause of action is not asserted against Martin.  Martin, therefore, is not

18  required to and does not respond to the allegations in the paragraph.

19      201.    This cause of action is not asserted against Martin.  Martin, therefore, is not

20  required to and does not respond to the allegations in the paragraph.

21      202.    This cause of action is not asserted against Martin.  Martin, therefore, is not

22  required to and does not respond to the allegations in the paragraph.

23                          **COUNT TWELVE**

24  **(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

25      203.    Martin realleges and incorporates by reference her responses to paragraphs 1

26  through 202.

27      204.    This paragraph states legal conclusions to which no response is required.

28      205.    This paragraph states legal conclusions to which no response is required.

410482.01

1
2

<b>COUNT THIRTEEN</b>

<b>(Unjust Enrichment – Against All Defendants)</b>

3        206.    Martin realleges and incorporates by reference her responses to paragraphs 1
4   through 205.

5        207.    Martin denies the allegations in this paragraph as to her.  With respect to
6   allegations in this paragraph as to other Individual Defendants and EPIC, Martin lacks sufficient
7   information to admit or deny the allegations in this paragraph, and on that basis denies those
8   allegations.

9        208.    This paragraph states legal conclusions to which no response is required.

10  <b>COUNT FOURTEEN</b>

11  <b>(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)</b>

12       209.    Martin realleges and incorporates by reference her responses to paragraphs 1
13  through 208.

14       210.    This cause of action is not asserted against Martin.  Martin, therefore, is not
15  required to and does not respond to the allegations in the paragraph.

16       211.    This cause of action is not asserted against Martin.  Martin, therefore, is not
17  required to and does not respond to the allegations in the paragraph.

18       212.    This cause of action is not asserted against Martin.  Martin, therefore, is not
19  required to and does not respond to the allegations in the paragraph.

20       213.    This cause of action is not asserted against Martin.  Martin, therefore, is not
21  required to and does not respond to the allegations in the paragraph.

22       214.    This cause of action is not asserted against Martin.  Martin, therefore, is not
23  required to and does not respond to the allegations in the paragraph.

24  <b>AFFIRMATIVE DEFENSES</b>

25       For its affirmative defenses to the First Amended Complaint ("FAC"), Martin alleges the
26  following:
27  ////
28  ////

24

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

### **FIRST AFFIRMATIVE DEFENSE**

2

(Failure to State a Claim)

3    The FAC, and each purported count therein, fails to state a claim upon which relief can

4 be granted.

5

### **SECOND AFFIRMATIVE DEFENSE**

6

(Failure to Allege Sufficient Facts)

7    The FAC, and each purported count therein, fails to state facts sufficient to constitute a

8 cause of action.

9

### **THIRD AFFIRMATIVE DEFENSE**

10

(Justification)

11    The actions of EPIC that allegedly give rise to liability herein, if any such actions

12 occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

13

### **FOURTH AFFIRMATIVE DEFENSE**

14

(Failure to Establish Causation)

15    Without in any way admitting that any of the conduct alleged in the FAC occurred or is

16 in any way unlawful, Gallagher may not recover any damages sought herein because there is no

17 causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

18 Gallagher.

19

### **FIFTH AFFIRMATIVE DEFENSE**

20

(Good Faith)

21    EPIC acted in good faith and did not directly or indirectly perform any acts that would

22 constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

23

### **SIXTH AFFIRMATIVE DEFENSE**

24

(Failure to Conduct Reasonable Inquiry)

25    The FAC, and each and every purported cause of action alleged therein, is barred because

26 Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

27 because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

28 their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

## SEVENTH AFFIRMATIVE DEFENSE

### (Privilege of Competition)

Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the privilege to compete.

## EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Irreparable Harm)

To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief because the injury or damages suffered by Gallagher, if any, would be adequately compensated in an action at law for damages.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Some of the claims are barred by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Some of the claims are barred by the doctrine of judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some of the claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Establish Misappropriation)

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Establish Existence of Trade Secrets)

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is readily ascertainable by proper means and is therefore not a "trade secret" under California law.

410482.01

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of Contracts)

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid contracts as they lack consideration and/or are void for public policy reasons under California law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Establish a Private Cause of Action)

Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is barred as an improper cause of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Public Policy)

Some of the claims are barred insofar as several contract provisions are void for public policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Gallagher has waived the right, if any, to pursue the claims in the FAC, and each purported cause of action contained therein, by reason of Gallagher's own actions and course of conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that EPIC's conduct is not likely to mislead the public or harm Gallagher.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim with the requisite particularity.

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

## TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee mobility in violation of Cal. Bus. & Prof. Code § 16600.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are

28

1    discovered or otherwise become available.

2                              **PRAYER FOR RELIEF**

3         Martin denies that Gallagher is entitled to any of the relief requested in its FAC.

4    WHEREFORE, Martin prays:

5              1.      That Gallagher take nothing by reason of its FAC;

6              2.      That judgment be rendered in favor of Martin;

7              3.      That Martin be awarded her costs incurred in defense of this action; and,

8              4.      That the Court provide such other relief as it deems proper.

9

10   Dated: February 8, 2008                    KEKER & VAN NEST, LLP

11

12

13                                   By:  s/Daniel Purcell
                                         DANIEL PURCELL
14                                       Attorneys for Defendants
                                         ALLEN L. AMOS, ERIC CHUA, CAROL ANN
15                                       COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                         ROBERT D. ELLSWORTH, SUSAN M.
16                                       ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                         HAUSE, DON J. JOHNSON, LAURINDA A.
17                                       MARTIN, SHANDRANETTE MIDDLETON,
                                         GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
18                                       LINDA SOO HOO, DIRCK R. STINSON,
                                         PAUL H. WAGENER, and ROBERT H.
19                                       WATKINS

20

21

22

23

24

25

26

27

28

ANSWER OF LAURINDA A. MARTIN TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW