1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2  DANIEL PURCELL - #191424 (dpurcell@kvn.com)
   R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3  710 Sansome Street
   San Francisco, California 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Defendants
6  ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
   COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7  SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
   HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8  SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
   WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9  STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF JAMES C. HALBLEIB**
    INC., a California Corporation,                **TO FIRST AMENDED**
16                                                 **COMPLAINT FOR DAMAGES AND**
                               Plaintiffs,         **INJUNCTIVE RELIEF**
17
             v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                             Defendants.

28

1     Defendant James C. Halbleib ("Halbleib") answers plaintiffs' First Amended Complaint

2  as follows:

3                              I.      **NATURE OF ACTION**

4     1.      Halbleib denies Gallagher's allegations of "illegal raiding" or "associated theft

5  and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of

6  business," and the existence of any ongoing misconduct.  Except as expressly denied above,

7  Halbleib admits Gallagher's characterization of its complaint and the claims for relief set forth

8  therein.

9     2.      Halbleib admits the allegations of this paragraph.

10    3.      Halbleib admits that EPIC touts its belief in principles of business ethics, but

11  denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical

12  principles.  Halbleib denies the remaining allegations in this paragraph as to him.  With respect

13  to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

14  information to admit or deny the allegations in this paragraph, and on that basis denies those

15  allegations.

16    4.      Halbleib denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

18  information to admit or deny the allegations in this paragraph, and on that basis denies those

19  allegations.

20    5.      This paragraph states legal conclusions to which no response is required.

21    6.      Halbleib lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23    7.      Halbleib denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27    8.      Halbleib denies the allegations in this paragraph as to him.  With respect to the

28  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

1

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    information to admit or deny the allegations in this paragraph, and on that basis denies those

2    allegations.

3         9.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

5    information to admit or deny the allegations in this paragraph, and on that basis denies those

6    allegations.

7         10.    Halbleib admits that Wally Brown and Brian Quinn held the most senior

8    management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

9    in this paragraph, Halbleib lacks sufficient information to admit or deny, and on that basis denies

10   those allegations.

11        11.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

12   allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

13   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14   those allegations.

15        **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

16        12.    This paragraph states a legal conclusion to which no response is required.

17        13.    This paragraph states a legal conclusion to which no response is required.

18        **III.    PARTIES AND PERSONAL JURISDICTION**

19        14.    Halbleib lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21        15.    Halbleib admits the allegations in this paragraph.

22        16.    Halbleib admits that Francis and Hahn are co-founders of EPIC and have

23   experience in the insurance industry.  As to the remaining allegations in this paragraph, Halbleib

24   lacks sufficient information to admit or deny, and on that basis denies those allegations.

25        17.    Halbleib admits that he, Wally Brown, Brian Quinn, Neil Cohn, and Stephen

26   Hause were former high-level employees of Gallagher.  As to the allegations in this paragraph

27   regarding the fiduciary status of certain individual defendants, those allegations state legal

28   conclusions to which no response is required.

1    18.    Halbleib admits that the Individual Defendants, including himself, are current

2    employees of EPIC and former employees of Gallagher.  Halbleib admits that he is a resident of

3    the State of California.  Except as expressly admitted, Halbleib denies the allegations of this

4    paragraph as they relate to him, and denies the allegations of this paragraph as they relate to

5    other Individual Defendants on the basis that he lacks sufficient information to admit or deny

6    those allegations.

7    19.    Halbleib denies the allegations in this paragraph as they relate to him.  For those

8    allegations that relate to other Individual Defendants and EPIC, Halbleib lacks sufficient

9    information to admit or deny, and on that basis denies those allegations.

10    20.    Halbleib admits that Gallagher has sued each of the Individual Defendants

11    individually as co-conspirators.  Except as expressly admitted, Halbleib denies the allegations of

12    this paragraph as they relate to him.  Halbleib denies the allegations of this paragraph as they

13    relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information

14    to admit or deny those allegations.

15    21.    Halbleib admits that Gallagher has sued each of the Individual Defendants

16    individually and is alleging that each Individual Defendant acted as an agent of the others.

17    Except as expressly admitted, Halbleib denies the allegations of this paragraph as they relate to

18    him.  Halbleib denies the allegations of this paragraph as they relate to other Individual

19    Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those

20    allegations.

21    **IV.    FACTUAL ALLEGATIONS**

22    22.    Halbleib denies that this paragraph accurately characterizes the job duties of

23    former Gallagher employees who left to join EPIC.  Halbleib denies the characterization that the

24    Individual Defendants left Gallagher "*en masse.*"

25    23.    Halbleib lacks sufficient information to admit or deny the allegations in this

26    paragraph, and on that basis denies those allegations.

27    24.    Halbleib lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

3

410537.01

1    25.    Halbleib lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    26.    Halbleib admits that Gallagher and its employees have invested resources in

4    developing relationships with their clients.  Halbleib further admits that, if Gallagher possessed

5    any confidential or trade-secret information, and, if that information were misappropriated by a

6    competitor, that misappropriation potentially could enable that competitor to compete unfairly

7    with Gallagher.  Halbleib specifically denies that he misappropriated any Gallagher confidential

8    information.  Except as expressly admitted or denied, Halbleib denies the allegations in this

9    paragraph as to him.  With respect to the allegation in this paragraph as to other Individual

10    Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12    27.    Halbleib admits that, during his employment at Gallagher, he gained access to

13    non-public Gallagher information.  Except as expressly admitted, Halbleib lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    28.    Halbleib admits the existence of Gallagher's Code for Business Conduct and

17    Ethics, Executive Agreements, and Stockholder Agreement referenced in this paragraph.

18    Without having those documents in his possession, Halbleib lacks sufficient information to admit

19    or deny Gallagher's allegations regarding the content of those documents, and on that basis

20    denies those allegations.  With respect to Gallagher's allegations regarding its Non-Competition

21    Agreement with Wally Brown, Halbleib lacks sufficient information to admit or deny those

22    allegations, and on that basis denies those allegations.  Finally, Gallagher's statement that it

23    "takes reasonable and appropriate measures to safeguard its non-public commercially valuable

24    information" states a legal conclusion to which no response is required.

25    29.    Halbleib admits that he executed a Producer Agreement with EPIC in conjunction

26    with beginning work at EPIC.  Halbleib further admits that his agreement contains provisions

27    regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

28    loyalty, (d) solicitation of customers, and (e) injunctive relief.  Except as expressly admitted,

4

1   Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on

2   that basis denies those allegations.

3        30.    Halbleib lacks sufficient information to admit or deny the allegations in this

4   paragraph, and on that basis denies those allegations.

5        31.    Halbleib lacks sufficient information to admit or deny the allegations in this

6   paragraph, and on that basis denies those allegations.

7        32.    Halbleib lacks sufficient information to admit or deny the allegations in this

8   paragraph, and on that basis denies those allegations.

9        33.    Halbleib admits the allegations in this paragraph.

10       34.    Halbleib lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12       35.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

14  information to admit or deny the allegations in this paragraph, and on that basis denies those

15  allegations.

16       36.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

18  information to admit or deny the allegations in this paragraph, and on that basis denies those

19  allegations.

20       37.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24       38.    Halbleib lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26       39.    Halbleib lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28       40.    Halbleib lacks sufficient information to admit or deny the allegations in this

5

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2      41.    Halbleib lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      42.    Halbleib lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      43.    Halbleib lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      44.    Halbleib lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10      45.    Halbleib lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12      46.    Halbleib lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14      47.    Halbleib lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16      48.    Halbleib lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18      49.    Halbleib lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      50.    Halbleib lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      51.    Halbleib lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      52.    Halbleib lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      53.    Halbleib lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      54.    Halbleib lacks sufficient information to admit or deny the allegations in this

6

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1 | paragraph, and on that basis denies those allegations.

2 |  55.  Halbleib lacks sufficient information to admit or deny the allegations in this

3 | paragraph, and on that basis denies those allegations.

4 |  56.  Halbleib lacks sufficient information to admit or deny the allegations in this

5 | paragraph, and on that basis denies those allegations.

6 |  57.  Halbleib lacks sufficient information to admit or deny the allegations in this

7 | paragraph, and on that basis denies those allegations.

8 |  58.  Halbleib lacks sufficient information to admit or deny the allegations in this

9 | paragraph, and on that basis denies those allegations.

10 |  59.  Halbleib lacks sufficient information to admit or deny the allegations in this

11 | paragraph, and on that basis denies those allegations.

12 |  60.  Halbleib lacks sufficient information to admit or deny the allegations in this

13 | paragraph, and on that basis denies those allegations.

14 |  61.  Halbleib lacks sufficient information to admit or deny the allegations in this

15 | paragraph, and on that basis denies those allegations.

16 |  62.  Halbleib lacks sufficient information to admit or deny the allegations of this

17 | paragraph, and on that basis denies those allegations.

18 |  63.  Halbleib denies the allegations in this paragraph as to him.  With respect to the

19 | allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

20 | information to admit or deny the allegations in this paragraph, and on that basis denies those

21 | allegations.

22 |  64.  Halbleib denies the allegations in this paragraph as to him.  With respect to the

23 | allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

24 | information to admit or deny the allegations in this paragraph, and on that basis denies those

25 | allegations.

26 |  65.  The first sentence of this paragraph is a prefatory statement to which no response

27 | is required.  Halbleib admits that he discovered additional Gallagher data in his possession

28 | following the filing of this lawsuit.  Halbleib admits that he initially copied Gallagher data from

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    his home computer to a CD, made arrangements for the disc to be returned to Gallagher, and

2    dragged the Gallagher data to the trash folder of his computer.  Halbleib admits that he later

3    made arrangements for computer forensics specialists to create a forensic image of his computer,

4    recover any Gallagher files from the trash folder of his computer, and forensically remove the

5    Gallagher data from his computer.  During this process, other Gallagher files found in the trash

6    folder were copied in a forensically sound manner, returned to Gallagher, and forensically

7    removed from his computer.  Halbleib denies that he still possesses any data and property

8    belonging to Gallagher.  With respect to the allegations in this paragraph as to other Individual

9    Defendants and EPIC, Halbleib lacks sufficient information to admit or deny the allegations in

10   this paragraph, and on that basis denies those allegations.

11        66.    Halbleib lacks sufficient information to admit or deny, and on that basis denies

12   those allegations.

13        67.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

14   allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

15   information to admit or deny the allegations in this paragraph, and on that basis denies those

16   allegations.

17        68.    Halbleib admits the facts stated in his declaration of January 3, 2008, which

18   Halbleib incorporates herein by reference.  Except as expressly admitted, Halbleib denies the

19   allegations of this paragraph as to him.  With respect to the allegations in this paragraph as to

20   other Individual Defendants, Halbleib lacks sufficient information to admit or deny the

21   allegations in this paragraph, and on that basis denies those allegations.

22        69.    Halbleib admits that he discovered additional Gallagher data in his possession

23   following the filing of this lawsuit.  Halbleib admits that he initially copied Gallagher data from

24   his home computer to a CD, made arrangements for the disc to be returned to Gallagher, and

25   dragged the Gallagher data to the trash folder of his computer.  Halbleib admits that he later

26   made arrangements for computer forensics specialists to create a forensic image of his computer,

27   recover any Gallagher files from the trash folder of his computer, and forensically remove the

28   Gallagher data from his computer.  During this process, other Gallagher files found in the trash

8

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   folder were copied in a forensically sound manner, returned to Gallagher, and forensically

2   removed from his computer.  Halbleib denies that he still possesses any data and property

3   belonging to Gallagher.  With respect to the allegations in this paragraph as to other Individual

4   Defendants and EPIC, Halbleib lacks sufficient information to admit or deny the allegations in

5   this paragraph, and on that basis denies those allegations.

6       70.     Halbleib denies that he "wrongfully deleted" Gallagher data stored on his

7   personal computer media.  Halbleib admits that he initially copied Gallagher data from his home

8   computer to a CD, made arrangements for the disc to be returned to Gallagher, and dragged the

9   Gallagher data to the trash folder of his computer.  Halbleib admits that he later made

10  arrangements for computer forensics specialists to create a forensic image of his computer,

11  recover any Gallagher files from the trash folder of his computer, and forensically remove the

12  Gallagher data from his computer.  During this process, other Gallagher files found in the trash

13  folder were copied in a forensically sound manner, returned to Gallagher, and forensically

14  removed from his computer.  With respect to the allegations in this paragraph as to other

15  Individual Defendants and EPIC, Halbleib lacks sufficient information to admit or deny the

16  allegations in this paragraph, and on that basis denies those allegations.

17      71.     Halbleib denies that he resigned on November 20, 2007.  Halbleib admits the

18  remaining allegations in this paragraph.

19      72.     Halbleib admits that Martin reported directly to him while he worked at Gallagher

20  and now works for him at EPIC.  Except as expressly admitted, Halbleib lacks sufficient

21  information to admit or deny the allegations in this paragraph, and on that basis denies those

22  allegations.

23      73.     Halbleib denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27      74.     Halbleib lacks sufficient information to admit or deny the allegations of this

28  paragraph, and on that basis denies those allegations.

9

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    75.    Halbleib lacks sufficient information to admit or deny the allegations of this

2    paragraph, and on that basis denies those allegations.

3    76.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

5    information to admit or deny the allegations in this paragraph, and on that basis denies those

6    allegations.

7    77.    Halbleib lacks sufficient information to admit or deny the allegations of this

8    paragraph, and on that basis denies those allegations.

9    78.    Halbleib lacks sufficient information to admit or deny the allegations of this

10    paragraph, and on that basis denies those allegations.

11    79.    Halbleib lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13    80.    Halbleib lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    81.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

16    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

17    information to admit or deny the allegations in this paragraph, and on that basis denies those

18    allegations.

19    82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

20    forth in its entirety this paragraph. The document speaks for itself.  With respect to the

21    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

22    information to admit or deny the allegations in this paragraph, and on that basis denies those

23    allegations.

24    83.    Halbleib lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26    84.    Halbleib lacks sufficient information to admit or deny the allegations in this

27    paragraph, and on that basis denies those allegations.

28    85.    Halbleib lacks sufficient information to admit or deny the allegations in this

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1 | paragraph, and on that basis denies those allegations.

2 | 86.     Halbleib lacks sufficient information to admit or deny the allegations in this

3 | paragraph, and on that basis denies those allegations.

4 | 87.     Halbleib lacks sufficient information to admit or deny the allegations of this

5 | paragraph, and on that basis denies those allegations.

6 | 88.     Halbleib lacks sufficient information to admit or deny the allegations in this

7 | paragraph, and on that basis denies those allegations.

8 | 89.     Halbleib lacks sufficient information to admit or deny the allegations in this

9 | paragraph, and on that basis denies those allegations.

10 | 90.     Halbleib lacks sufficient information to admit or deny the allegations in this

11 | paragraph, and on that basis denies those allegations.

12 | 91.     Halbleib lacks sufficient information to admit or deny the allegations of this

13 | paragraph, and on that basis denies those allegations.

14 | 92.     Halbleib lacks sufficient information to admit or deny the allegations of this

15 | paragraph, and on that basis denies those allegations.

16 | 93.     Halbleib lacks sufficient information to admit or deny the allegations of this

17 | paragraph, and on that basis denies those allegations.

18 | 94.     Halbleib lacks sufficient information to admit or deny the allegations in this

19 | paragraph, and on that basis denies those allegations.

20 | 95.     Halbleib lacks sufficient information to admit or deny the allegations in this

21 | paragraph, and on that basis denies those allegations.

22 | 96.     Halbleib lacks sufficient information to admit or deny the allegations in this

23 | paragraph, and on that basis denies those allegations.

24 | 97.     Halbleib lacks sufficient information to admit or deny the allegations of this

25 | paragraph, and on that basis denies those allegations.

26 | 98.     Halbleib lacks sufficient information to admit or deny the allegations in this

27 | paragraph, and on that basis denies those allegations.

28 | 99.     Halbleib lacks sufficient information to admit or deny the allegations in this

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2    　　　100.    Halbleib lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4    　　　101.    Halbleib lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6    　　　102.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

7    allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

8    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

9    those allegations.

10    　　　103.    This paragraph states a legal conclusion to which no response is required.  To the

11    degree a response is required, Halbleib denies the allegations in this paragraph as to him.  With

12    respect to allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib

13    lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis

14    denies those allegations.  Although Plaintiffs do not specifically identify the document they

15    quote, any such document will speak for itself.

16    　　　104.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

17    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20    　　　105.    Halbleib denies that he resigned during the same period as the San Ramon

21    employees.  Halbleib admits that he resigned without notice.  Except as expressly admitted,

22    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on

23    that basis denies those allegations.

24    　　　106.    Halbleib lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26    　　　107.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

27    allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

28    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

-12-

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

those allegations.

108.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

109.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

110.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

111.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

112.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

113.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

114.    Halbleib denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

115.    Halbleib denies that he used any deceptive or unlawful business practices, or any Gallagher business information, to convince any client to switch its business from Gallagher to EPIC.  Except as expressly denied, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies these allegations.

116.    Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

117.    Halbleib denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

118.    Halbleib admits that Gallagher requested that he honor his contractual obligations

410537.01

1    not to solicit Gallagher's employees and clients upon his resignation. As to whether EPIC

2    entered into the same contractual obligations with its new employees, Halbleib lacks sufficient

3    information to admit or deny the allegations in this paragraph, and on that basis denies those

4    allegations.

5         119.    Halbleib denies that he has solicited any Gallagher employees or customers.

6    Except as expressly denied, Halbleib lacks sufficient information to admit or deny the allegations

7    in this paragraph, and on that basis denies those allegations.

8         120.    Halbleib denies the allegations in this paragraph as to him. With respect to the

9    allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

10   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

11   those allegations.

12        121.    Halbleib denies the allegations in this paragraph as to him. With respect to the

13   allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

14   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15   those allegations.

16        122.    This paragraph states a legal conclusion to which no response is required.

17        123.    After Halbleib's resignation but before the filing of this lawsuit, Halbleib admits

18   that he attempted to remove all Gallagher data from his personal computers. Halbleib admits

19   that, despite this effort, he discovered additional Gallagher data on his personal computers while

20   conducting a an additional search of his possessions following the filing of this lawsuit. Halbleib

21   admits that he made arrangements for the Gallagher data to be copied in a forensically sound

22   manner, returned to Gallagher, and removed from his computer. Halbleib denies accessing or

23   using this data following his resignation from Gallagher. With respect to the allegations in this

24   paragraph as to other Individual Defendants and EPIC, Halbleib lacks sufficient information to

25   admit or deny the allegations in this paragraph, and on that basis denies those allegations.

26        124.    Halbleib lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28        125.    Halbleib admits that he discovered additional Gallagher data in his possession

14

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410537.01

1  following the filing of this lawsuit.  Halbleib admits that he initially copied Gallagher data from

2  his home computer to a CD, made arrangements for the disc to be returned to Gallagher, and

3  dragged the Gallagher data to the trash folder of his computer.  Halbleib admits that he later

4  made arrangements for computer forensics specialists to create a forensic image of his computer,

5  recover any Gallagher files from the trash folder of his computer, and forensically remove the

6  Gallagher data from his computer.  During this process, other Gallagher files found in the trash

7  folder were copied in a forensically sound manner, returned to Gallagher, and forensically

8  removed from his computer.  Halbleib denies that he still possesses any data and property

9  belonging to Gallagher.  With respect to the allegations in this paragraph as to other Individual

10  Defendants and EPIC, Halbleib lacks sufficient information to admit or deny the allegations in

11  this paragraph, and on that basis denies those allegations.

12      126.   This paragraph states legal conclusions to which no response is required.

13      127.   This paragraph states legal conclusions to which no response is required.

14                                **COUNT ONE**

15  **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual**

16  **Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

17      128.   Halbleib realleges and incorporates by reference his responses to paragraphs 1

18  through 127.

19      129.   Halbleib admits that Gallagher's computer systems had Internet capabilities and

20  that, during his employment at Gallagher, he used those computers to provide insurance services

21  across state lines.  Halbleib further admits that, during his employment with Gallagher, he

22  accessed and had access to Gallagher's email network through his personal computer.  Except as

23  expressly admitted, Halbleib lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.  The final sentence of this paragraph states

25  a legal conclusion to which no response is required.

26      130.   Halbleib denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410537.01

1  allegations.

2      131.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6      132.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

7  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

8  information to admit or deny the allegations in this paragraph, and on that basis denies those

9  allegations.

10      133.    Halbleib lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12      134.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

14  information to admit or deny the allegations in this paragraph, and on that basis denies those

15  allegations.

16                           **COUNT TWO**

17    **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,
18    Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

19      135.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

20  through 134.

21      136.    Halbleib lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23      137.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27      138.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

28  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  information to admit or deny the allegations in this paragraph, and on that basis denies those

2  allegations.

3      139.    This paragraph states legal conclusions to which no response is required.  To the

4  degree a response is required, Halbleib denies the allegations in this paragraph as to him.  With

5  respect to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks

6  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

7  those allegations.

8      140.    This paragraph states legal conclusions to which no response is required.  To the

9  degree a response is required, Halbleib denies the allegations in this paragraph as to him.  With

10  respect to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks

11  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

12  those allegations.

13      141.    Halbleib denies that he knowingly accessed Gallagher's computer system and

14  confidential and proprietary information without authorization or permission and that he retained

15  any Gallagher data or information obtained through any such knowing access.  With respect to

16  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.  The final sentence of this paragraph states legal conclusions to which no response is

19  required.

20      142.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24  ## COUNT THREE

25  **(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 et seq. – Against Defendants
26  EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on
    behalf of and in furtherance of the conspiracy with EPIC)**

27      143.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

28  through 142.

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    144.    Halbleib denies the allegations in this paragraph.

2    145.    Gallagher's assertion that it possesses trade secrets under California law is a legal

3  conclusion to which no response is required.  To the degree a response is required, Halbleib

4  denies the allegations in this paragraph.

5    146.    Halbleib admits that he properly used Gallagher material during his employment,

6  sometimes while working from home.  Halbleib admits that he discovered additional Gallagher

7  data on his personal computers while conducting a an additional search of his possessions

8  following the filing of this lawsuit.  Halbleib admits that he made arrangements for the Gallagher

9  data to be copied in a forensically sound manner, returned to Gallagher, and removed from his

10  computer.  Halbleib denies accessing, using or disclosing this data following his resignation from

11  Gallagher.  With respect to the allegations in this paragraph as to other Individual Defendants

12  and EPIC, Halbleib lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.  Except as expressly admitted or denied,

14  the remaining allegations of this paragraph are legal conclusions to which no response is

15  required.

16    147.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

18  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19  those allegations.

20    148.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

22  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23  those allegations.

24    149.    This paragraph states legal conclusions to which no response is required.

25    150.    The first sentence of this paragraph states legal conclusions to which no response

26  is required.  As to the allegations in the second sentence, Halbleib lacks sufficient information to

27  admit or deny the allegations in this paragraph, and on that basis denies those allegations.

28    151.    This paragraph states legal conclusions to which no response is required.  To the

1   degree a response is required, Halbleib denies the allegations in this paragraph.

2        152.    Halbleib denies that he misappropriated Gallagher trade secrets.  With respect to

3   allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

4   information to admit or deny the allegations in this paragraph, and on that basis denies those

5   allegations.  The remainder of this paragraph states legal conclusions to which no response is

6   required.

7        153.    Halbleib denies that he misappropriated Gallagher trade secrets or deliberately

8   intended to injure Gallagher in any way.  With respect to allegations in this paragraph as to other

9   Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in

10  this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states

11  legal conclusions to which no response is required.

12  ## COUNT FOUR

13  **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against
    Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on
14  behalf of and in furtherance of the conspiracy with EPIC)**

15       154.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

16  through 153.

17       155.    This paragraph states a legal conclusion to which no response is required.  To the

18  degree a response is required, Halbleib denies the allegations in this paragraph as to him.  With

19  respect to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks

20  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

21  those allegations.

22       156.    This paragraph states a legal conclusion to which no response is required.  To the

23  degree a response is required, Halbleib denies the allegations in this paragraph as to him.  With

24  respect to the allegations in this paragraph as to other Individual Defendants, Halbleib lacks

25  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

26  those allegations.

27       157.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

28  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

1    information to admit or deny the allegations in this paragraph, and on that basis denies those

2    allegations.

3        158.    Halbleib denies that he engaged in wrongful conduct or misappropriated any

4    Gallagher property.  Except as expressly denied, Halbleib lacks sufficient information to admit

5    or deny the allegations in this paragraph, and on that basis denies those allegations.

6        159.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

7    allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

8    information to admit or deny the allegations in this paragraph, and on that basis denies those

9    allegations.

10       160.    Halbleib denies that he misappropriated Gallagher property.  With respect to the

11   allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

12   information to admit or deny the allegations in this paragraph, and on that basis denies those

13   allegations.  The remainder of this paragraph states legal conclusions to which no response is

14   required.

15                                    **COUNT FIVE**

16   **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**

17   **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

18       161.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

19   through 160.

20       162.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

21   allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

22   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23   those allegations.

24       163.    Halbleib denies the allegations in this paragraph as to him.  With respect to the

25   allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

26   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

27   those allegations.

28       164.    Halbleib denies the allegations of this paragraph as to him.  With respect to the

                                         20

1  allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

2  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

3  those allegations.

4        165.    Halbleib denies that he willfully and maliciously converted any property

5  belonging to Gallagher or deliberately intended to injure Gallagher's business for his own

6  financial gain.  With respect to allegations in this paragraph as to other Individual Defendants,

7  Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on

8  that basis denies those allegations.  The remainder of this paragraph states legal conclusions to

9  which no response is required.

10                                    **COUNT SIX**

11     **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
      **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
12             **Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

13       166.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

14  through 165.

15       167.    Halbleib admits that he signed an Executive Agreement with Gallagher.  Without

16  having possession of the Executive Agreement he signed, Halbleib lacks sufficient information

17  to admit or deny its contents, and on that basis denies the allegations in the first sentence of this

18  paragraph.  In any event, the Executive Agreement will speak for itself.  Halbleib admits that,

19  when he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

20  confidential or proprietary information, and not to solicit EPIC employees.

21       168.    Halbleib admits that he agreed to abide by Gallagher's Code of Business Conduct

22  and Ethics.  Without having possession of a copy of that Code, Halbleib lacks sufficient

23  information to admit or deny its contents, and on that basis denies the allegations in the first

24  sentence of this paragraph.  In any event, the Code will speak for itself.

25       169.    Halbleib admits that he entered into a Stock Option Agreement with Gallagher.

26  Without having possession of the Stock Option Agreement he signed, Halbleib lacks sufficient

27  information to admit or deny its contents, and on that basis denies the allegations in the first

28  sentence of this paragraph.  In any event, the Stock Option Agreement will speak for itself.

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1       170.    Halbleib lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3       171.    Halbleib denies the allegations in this paragraph as to him.  With respect to

4  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

5  information to admit or deny the allegations in this paragraph, and on that basis denies those

6  allegations.

7       172.    Halbleib denies that he materially breached any contract with Gallagher.  Halbleib

8  lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

9  that basis denies those allegations.

10       173.    This paragraph states legal conclusions to which no response is required.

11                   **COUNT SEVEN**

12  **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

13

14       174.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

15  through 173.

16       175.    This paragraph states a legal conclusion to which no response is required.

17       176.    Halbleib denies the allegations in this paragraph as to him.  With respect to

18  allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21       177.    Halbleib lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23       178.    Halbleib denies that he breached any duties contained in any agreements he

24  signed with Gallagher.  Halbleib lacks sufficient information to admit or deny the remaining

25  allegations in this paragraph, and on that basis denies those allegations.

26

27

28

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410537.01

## COUNT EIGHT

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179.     Halbleib realleges and incorporates by reference his responses to paragraphs 1 through 178.

180.     Halbleib admits that he was an officer-level employee of Gallagher.  With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.

181.     Halbleib denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

182.     This paragraph states a legal conclusion to which no response is required.

183.     Halbleib denies that he did any act willfully or maliciously with the intent to injure Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.  With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to which no response is required.

## COUNT NINE

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

184.     Halbleib realleges and incorporates by reference his responses to paragraphs 1 through 183.

410537.01

185.    This paragraph states a legal conclusion to which no response is required.

186.    Halbleib admits that, prior to his resignation from Gallagher, he was an employee of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is required.

187.    Halbleib denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

188.    Halbleib denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

189.    Halbleib denies the allegations in the first two sentences of this paragraph as to his.  With respect to allegations in the first two sentences this paragraph as to other Individual Defendants, Halbleib lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states legal conclusions to which no response is required.

## <u>COUNT TEN</u>

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

190.    Halbleib realleges and incorporates by reference his responses to paragraphs 1 through 189.

191.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not required to and does not respond to the allegations in the paragraph.

192.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not required to and does not respond to the allegations in the paragraph.

193.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not required to and does not respond to the allegations in the paragraph.

24

410537.01

1    194.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

2    required to and does not respond to the allegations in the paragraph.

3    195.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

4    required to and does not respond to the allegations in the paragraph.

5    196.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

6    required to and does not respond to the allegations in the paragraph.

7    **COUNT ELEVEN**

8    **(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC,**
**Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth,**
9    **Halbleib, Hause, Johnson, Quinn, and Wagener)**

10    197.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

11    through 196.

12    198.    Halbleib admits that Gallagher had and has business relationships with its

13    employees and customers.  With respect to Gallagher's "business expectancies" with its

14    employees and customers, Halbleib lacks sufficient information to admit or deny the allegations

15    in this paragraph, and on that basis denies those allegations.

16    199.    Halbleib denies the allegations in this paragraph as to him.  With respect to

17    allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

18    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19    those allegations.

20    200.    Halbleib denies the allegations in this paragraph as to him.  With respect to

21    allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

22    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23    those allegations.

24    201.    This paragraph states a legal conclusion to which no response is required.

25    202.    Halbleib denies that he did any act deliberately or maliciously with the deliberate

26    intent to injure Gallagher's business or improve his own business or realize any financial gain.

27    With respect to allegations in this paragraph as to other Individual Defendants, Halbleib lacks

28    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   those allegations.  The remaining allegations of this paragraph state legal conclusions to which

2   no response is required.

### COUNT TWELVE

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

203.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

through 202.

204.    This paragraph states legal conclusions to which no response is required.

205.    This paragraph states legal conclusions to which no response is required.

### COUNT THIRTEEN

**(Unjust Enrichment – Against All Defendants)**

206.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

through 205.

207.    Halbleib denies the allegations in this paragraph as to him.  With respect to

allegations in this paragraph as to other Individual Defendants and EPIC, Halbleib lacks

sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

those allegations.

208.    This paragraph states legal conclusions to which no response is required.

### COUNT FOURTEEN

**(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

209.    Halbleib realleges and incorporates by reference his responses to paragraphs 1

through 208.

210.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

required to and does not respond to the allegations in the paragraph.

211.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

required to and does not respond to the allegations in the paragraph.

212.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

required to and does not respond to the allegations in the paragraph.

213.    This cause of action is not asserted against Halbleib.  Halbleib, therefore, is not

26

1 │ required to and does not respond to the allegations in the paragraph.

2 │     214.   This cause of action is not asserted against Halbleib. Halbleib, therefore, is not

3 │ required to and does not respond to the allegations in the paragraph.

4 │ **AFFIRMATIVE DEFENSES**

5 │     For its affirmative defenses to the First Amended Complaint ("FAC"), Halbleib alleges

6 │ the following:

7 │ **FIRST AFFIRMATIVE DEFENSE**

8 │ (Failure to State a Claim)

9 │     The FAC, and each purported count therein, fails to state a claim upon which relief can

10 │ be granted.

11 │ **SECOND AFFIRMATIVE DEFENSE**

12 │ (Failure to Allege Sufficient Facts)

13 │     The FAC, and each purported count therein, fails to state facts sufficient to constitute a

14 │ cause of action.

15 │ **THIRD AFFIRMATIVE DEFENSE**

16 │ (Justification)

17 │     The actions of EPIC that allegedly give rise to liability herein, if any such actions

18 │ occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

19 │ **FOURTH AFFIRMATIVE DEFENSE**

20 │ (Failure to Establish Causation)

21 │     Without in any way admitting that any of the conduct alleged in the FAC occurred or is

22 │ in any way unlawful, Gallagher may not recover any damages sought herein because there is no

23 │ causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

24 │ Gallagher.

25 │ **FIFTH AFFIRMATIVE DEFENSE**

26 │ (Good Faith)

27 │     EPIC acted in good faith and did not directly or indirectly perform any acts that would

28 │ constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

27

410537.01

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Failure to Conduct Reasonable Inquiry)

3    The FAC, and each and every purported cause of action alleged therein, is barred because

4 Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

5 because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

6 their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

7

## SEVENTH AFFIRMATIVE DEFENSE

8

(Privilege of Competition)

9    Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

10 privilege to compete.

11

## EIGHTH AFFIRMATIVE DEFENSE

12

(Absence of Irreparable Harm)

13    To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

14 because the injury or damages suffered by Gallagher, if any, would be adequately compensated

15 in an action at law for damages.

16

## NINTH AFFIRMATIVE DEFENSE

17

(Equitable Estoppel)

18 Some of the claims are barred by the doctrine of equitable estoppel.

19

## TENTH AFFIRMATIVE DEFENSE

20

(Judicial Estoppel)

21 Some of the claims are barred by the doctrine of judicial estoppel.

22

## ELEVENTH AFFIRMATIVE DEFENSE

23

(Unclean Hands)

24 Some of the claims are barred by the doctrine of unclean hands.

25

## TWELFTH AFFIRMATIVE DEFENSE

26

(Failure to Establish Misappropriation)

27    Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

28 Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

1   allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

2   **THIRTEENTH AFFIRMATIVE DEFENSE**

3   (Failure to Establish Existence of Trade Secrets)

4   Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

5   Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

6   readily ascertainable by proper means and is therefore not a "trade secret" under California law.

7   **FOURTEENTH AFFIRMATIVE DEFENSE**

8   (Invalidity of Contracts)

9   Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

10  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

11  Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

12  contracts as they lack consideration and/or are void for public policy reasons under California

13  law.

14  **FIFTEENTH AFFIRMATIVE DEFENSE**

15  (Failure to Establish a Private Cause of Action)

16  Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

17  barred as an improper cause of action.

18  **SIXTEENTH AFFIRMATIVE DEFENSE**

19  (Public Policy)

20  Some of the claims are barred insofar as several contract provisions are void for public

21  policy.

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23  (Waiver)

24  Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

25  purported cause of action contained therein, by reason of Gallagher's own actions and course of

26  conduct.

27  ////

28  ////

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

(Absence of Deception)

3

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

4

EPIC's conduct is not likely to mislead the public or harm Gallagher.

5

## NINETEENTH AFFIRMATIVE DEFENSE

6

(Lack of Specificity)

7

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

8

with the requisite particularity.

9

## TWENTIETH AFFIRMATIVE DEFENSE

10

(Unjust Enrichment)

11

The FAC, and each and every purported cause of action alleged therein, is barred because

12

any recovery would result in Gallagher's unjust enrichment.

13

## TWENTY-FIRST AFFIRMATIVE DEFENSE

14

(Failure to Mitigate)

15

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

16

required by law.

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

18

(Punitive Damages)

19

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

20

the FAC, because California's laws regarding the alleged conduct in question in this action are

21

too vague to permit the imposition of punitive damages, and the award of punitive damages as

22

applied to the facts of this case would violate EPIC's constitutional rights under the United

23

States and California Constitution.

24

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25

(Improper Restraint of Competition)

26

Some of Plaintiffs' claims are improper efforts to restrain competition and employee

27

mobility in violation of Cal. Bus. & Prof. Code § 16600.

28

////

410537.01

1 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2 | (Incorporation of Other Defenses)

3 | EPIC adopts and incorporates any and all other defenses raised or to be raised by any

4 | other defendant joined in this litigation to the extent that said defenses are not inconsistent with

5 | EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

6 | out of this lawsuit.

7 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8 | (Reservation of Rights)

9 | EPIC reserves the right to raise additional affirmative and other defenses as they are

10 | discovered or otherwise become available.

11 | **PRAYER FOR RELIEF**

12 | Halbleib denies that Gallagher is entitled to any of the relief requested in its FAC.

13 | WHEREFORE, Halbleib prays:

14 | 1.    That Gallagher take nothing by reason of its FAC;

15 | 2.    That judgment be rendered in favor of Halbleib;

16 | 3.    That Halbleib be awarded his costs incurred in defense of this action; and,

17 | 4.    That the Court provide such other relief as it deems proper.

18 |

19 | Dated:  February 8, 2008                    KEKER & VAN NEST, LLP

20 |

21 |

22 | By:  s/Daniel Purcell
DANIEL PURCELL

23 | Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN

24 | COHN, NEIL R. COHN, ROBERT E. DUTTO,
ROBERT D. ELLSWORTH, SUSAN M.

25 | ENGLISH, JAMES C. HALBLEIB, STEPHEN
HAUSE, DON J. JOHNSON, LAURINDA A.

26 | MARTIN, SHANDRANETTE MIDDLETON,
GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,

27 | LINDA SOO HOO, DIRCK R. STINSON,
PAUL H. WAGENER, and ROBERT H.

28 | WATKINS

ANSWER OF JAMES C. HALBLEIB TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410537.01