1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2   DANIEL PURCELL - #191424 (dpurcell@kvn.com)
    R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3   710 Sansome Street
    San Francisco, California  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5
    Attorneys for Defendants
6   ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
    COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7   SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
    HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8   SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
    WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9   STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware        Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,             **ANSWER OF ROBERT HARRISON
    INC., a California Corporation,               WATKINS TO FIRST AMENDED
16                                                COMPLAINT FOR DAMAGES AND
                                    Plaintiffs,   INJUNCTIVE RELIEF**
17
            v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                                  Defendants.

28

1    Defendant Robert Harrison Watkins ("Watkins") answers plaintiffs' First Amended
2  Complaint as follows:

3                    I.         **NATURE OF ACTION**

4    1.    Watkins denies Gallagher's allegations of "illegal raiding" or "associated theft
5  and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of
6  business," and the existence of any ongoing misconduct.  Except as expressly denied above,
7  Watkins admits Gallagher's characterization of its complaint and the claims for relief set forth
8  therein.

9    2.    Watkins admits the allegations of this paragraph.

10    3.    Watkins admits that EPIC touts its belief in principles of business ethics, but
11  denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical
12  principles.  Watkins denies the remaining allegations in this paragraph as to him.  With respect to
13  the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient
14  information to admit or deny the allegations in this paragraph, and on that basis denies those
15  allegations.

16    4.    Watkins denies the allegations in this paragraph as to him.  With respect to the
17  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient
18  information to admit or deny the allegations in this paragraph, and on that basis denies those
19  allegations.

20    5.    This paragraph states legal conclusions to which no response is required.

21    6.    Watkins lacks sufficient information to admit or deny the allegations in this
22  paragraph, and on that basis denies those allegations.

23    7.    Watkins denies the allegations in this paragraph as to him.  With respect to the
24  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient
25  information to admit or deny the allegations in this paragraph, and on that basis denies those
26  allegations.

27    8.    Watkins denies the allegations in this paragraph as to him.  With respect to the
28  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    information to admit or deny the allegations in this paragraph, and on that basis denies those

2    allegations.

3        9.    Watkins denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

5    information to admit or deny the allegations in this paragraph, and on that basis denies those

6    allegations.

7        10.    Watkins admits that Wally Brown and Brian Quinn held the most senior

8    management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

9    in this paragraph, Watkins lacks sufficient information to admit or deny, and on that basis denies

10    those allegations.

11        11.    Watkins denies the allegations in this paragraph as to him.  With respect to the

12    allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

13    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14    those allegations.

15        **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

16        12.    This paragraph states a legal conclusion to which no response is required.

17        13.    This paragraph states a legal conclusion to which no response is required.

18        **III.    PARTIES AND PERSONAL JURISDICTION**

19        14.    Watkins lacks sufficient information to admit or deny the allegations in this

20    paragraph, and on that basis denies those allegations.

21        15.    Watkins admits the allegations in this paragraph.

22        16.    Watkins admits that Francis and Hahn are co-founders of EPIC and have

23    experience in the insurance industry.  As to the remaining allegations in this paragraph, Watkins

24    lacks sufficient information to admit or deny, and on that basis denies those allegations.

25        17.    Watkins admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

26    Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

27    paragraph regarding the fiduciary status of certain individual defendants, those allegations state

28    legal conclusions to which no response is required.

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    18.    Watkins admits that the Individual Defendants, including himself, are current

2    employees of EPIC and former employees of Gallagher.  Watkins admits that he is a resident of

3    the State of California.  Except as expressly admitted, Watkins denies the allegations of this

4    paragraph as they relate to him, and denies the allegations of this paragraph as they relate to

5    other Individual Defendants on the basis that he lacks sufficient information to admit or deny

6    those allegations.

7    19.    Watkins denies the allegations in this paragraph as they relate to him.  For those

8    allegations that relate to other Individual Defendants and EPIC, Watkins lacks sufficient

9    information to admit or deny, and on that basis denies those allegations.

10    20.    Watkins admits that Gallagher has sued each of the Individual Defendants

11    individually as co-conspirators.  Except as expressly admitted, Watkins denies the allegations of

12    this paragraph as they relate to him.  Watkins denies the allegations of this paragraph as they

13    relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information

14    to admit or deny those allegations.

15    21.    Watkins admits that Gallagher has sued each of the Individual Defendants

16    individually and is alleging that each Individual Defendant acted as an agent of the others.

17    Except as expressly admitted, Watkins denies the allegations of this paragraph as they relate to

18    him.  Watkins denies the allegations of this paragraph as they relate to other Individual

19    Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those

20    allegations.

21    **IV.    FACTUAL ALLEGATIONS**

22    22.    Watkins denies that this paragraph accurately characterizes the job duties of

23    former Gallagher employees who left to join EPIC.  Watkins denies the characterization that the

24    Individual Defendants left Gallagher "*en masse.*"

25    23.    Watkins lacks sufficient information to admit or deny the allegations in this

26    paragraph, and on that basis denies those allegations.

27    24.    Watkins lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

3

410533.01

1    25.    Watkins lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3    26.    Watkins admits that Gallagher and its employees have invested resources in

4  developing relationships with their clients.  Watkins further admits that, if Gallagher possessed

5  any confidential or trade-secret information, and, if that information were misappropriated by a

6  competitor, that misappropriation potentially could enable that competitor to compete unfairly

7  with Gallagher.  Watkins specifically denies that he misappropriated any Gallagher confidential

8  information.  Except as expressly admitted or denied, Watkins denies the allegations in this

9  paragraph as to him.  With respect to the allegation in this paragraph as to other Individual

10  Defendants, Watkins lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12    27.    Watkins admits that, during his employment at Gallagher, he gained access to

13  non-public Gallagher information.  Except as expressly admitted, Watkins lacks sufficient

14  information to admit or deny the allegations in this paragraph, and on that basis denies those

15  allegations.

16    28.    Watkins admits the existence of Gallagher's Code for Business Conduct and

17  Ethics, Executive Agreements, and Stockholder Agreement referenced in this paragraph.

18  Without having those documents in his possession, Watkins lacks sufficient information to admit

19  or deny Gallagher's allegations regarding the content of those documents, and on that basis

20  denies those allegations.  With respect to Gallagher's allegations regarding its Non-Competition

21  Agreement with Wally Brown, Watkins lacks sufficient information to admit or deny those

22  allegations, and on that basis denies those allegations.  Finally, Gallagher's statement that it

23  "takes reasonable and appropriate measures to safeguard its non-public commercially valuable

24  information" states a legal conclusion to which no response is required.

25    29.    Watkins lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27    30.    Watkins lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    31.    Watkins lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    32.    Watkins lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5    33.    Watkins admits the allegations in this paragraph.

6    34.    Watkins lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8    35.    Watkins denies the allegations in this paragraph as to him.  With respect to the

9    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

10    information to admit or deny the allegations in this paragraph, and on that basis denies those

11    allegations.

12    36.    Watkins denies the allegations in this paragraph as to him.  With respect to the

13    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    37.    Watkins denies the allegations in this paragraph as to him.  With respect to the

17    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20    38.    Watkins lacks sufficient information to admit or deny the allegations in this

21    paragraph, and on that basis denies those allegations.

22    39.    Watkins lacks sufficient information to admit or deny the allegations in this

23    paragraph, and on that basis denies those allegations.

24    40.    Watkins lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26    41.    Watkins lacks sufficient information to admit or deny the allegations in this

27    paragraph, and on that basis denies those allegations.

28    42.    Watkins lacks sufficient information to admit or deny the allegations in this

5

410533.01

1   paragraph, and on that basis denies those allegations.

2        43.     Watkins lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4        44.     Watkins lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6        45.     Watkins lacks sufficient information to admit or deny the allegations in this

7   paragraph, and on that basis denies those allegations.

8        46.     Watkins lacks sufficient information to admit or deny the allegations in this

9   paragraph, and on that basis denies those allegations.

10       47.     Watkins lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12       48.     Watkins lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14       49.     Watkins lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16       50.     Watkins lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18       51.     Watkins lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20       52.     Watkins lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22       53.     Watkins lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24       54.     Watkins lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26       55.     Watkins lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28       56.     Watkins lacks sufficient information to admit or deny the allegations in this

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2      57.    Watkins lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      58.    Watkins lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      59.    Watkins lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      60.    Watkins lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10     61.    Watkins lacks sufficient information to admit or deny the allegations in this

11 paragraph, and on that basis denies those allegations.

12     62.    Watkins lacks sufficient information to admit or deny the allegations of this

13 paragraph, and on that basis denies those allegations.

14     63.    Watkins denies the allegations in this paragraph as to him.  With respect to the

15 allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

16 information to admit or deny the allegations in this paragraph, and on that basis denies those

17 allegations.

18     64.    Watkins denies the allegations in this paragraph as to him.  With respect to the

19 allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

20 information to admit or deny the allegations in this paragraph, and on that basis denies those

21 allegations.

22     65.    The first sentence of this paragraph is a prefatory statement to which no response

23 is required.  Watkins denies the remaining allegations in this paragraph as to him.  With respect

24 to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

25 information to admit or deny the allegations in this paragraph, and on that basis denies those

26 allegations.

27     66.    Watkins admits that George Petty was responsible for IT and computer systems in

28 Gallagher's San Ramon office.  Except as expressly admitted, Watkins lacks sufficient

410533.01   ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    information to admit or deny, and on that basis denies those allegations.

2          67.    Watkins denies the allegations in this paragraph as to him. With respect to the

3    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

4    information to admit or deny the allegations in this paragraph, and on that basis denies those

5    allegations.

6          68.    Watkins admits the facts stated in his declaration of January 9, 2008, which

7    Watkins incorporates herein by reference. Watkins admits that while conducting an additional

8    search of his personal computer, he found additional Gallagher files, copied these files onto two

9    CDs, made arrangements for the discs to be returned to Gallagher, and dragged the files to the

10   trash folder of his computer. Watkins further admits that after making these CDs he arranged for

11   his computer to be placed in the custody of a computer forensics specialist. Watkins specifically

12   denies that he returned Gallagher's laptop and 7 CDs containing Gallagher data after this lawsuit

13   was filed. Except as expressly admitted or denied, Watkins denies the allegations of this

14   paragraph as to him. With respect to the allegations in this paragraph as to other Individual

15   Defendants and EPIC, Watkins lacks sufficient information to admit or deny the allegations in

16   this paragraph, and on that basis denies those allegations.

17         69.    Watkins admits that, after the filing of the lawsuit, he discovered Gallagher files

18   on his personal computer media. He has returned these files to Gallagher and is no longer in

19   possession of any Gallagher material. Except as expressly admitted, Watkins denies the

20   allegations of this paragraph as to him. With respect to the allegations in this paragraph as to

21   other Individual Defendants and EPIC, Watkins lacks sufficient information to admit or deny the

22   allegations in this paragraph, and on that basis denies those allegations.

23         70.    Watkins denies that he deleted any Gallagher data off Plaintiffs' computers.

24   Watkins admits that he copied Gallagher data from his personal computer to two CDs, made

25   arrangements for the discs to be returned to Gallagher, and dragged the Gallagher data to the

26   trash folder of his personal computer. Watkins further admits that he later made arrangements

27   for his personal computer to be placed in the custody of a computer forensics specialist. Watkins

28   denies that such deletion off his personal computer was "wrongful." Watkins denies the

8

1   remaining allegations in this paragraph as to him.  With respect to the allegations in this

2   paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or

3   deny the allegations in this paragraph, and on that basis denies those allegations.

4        71.     Watkins lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6        72.     Watkins lacks sufficient information to admit or deny the allegations in this

7   paragraph, and on that basis denies those allegations.

8        73.     Watkins lacks sufficient information to admit or deny the allegations in this

9   paragraph, and on that basis denies those allegations.

10       74.     Watkins admits the allegations in this paragraph.

11       75.     Watkins denies the allegations in this paragraph as to him.  With respect to the

12  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

13  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14  those allegations.

15       76.     Watkins denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19       77.     Watkins denies the allegations in this paragraph as to him.  With respect to the

20  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

21  information to admit or deny the allegations in this paragraph, and on that basis denies those

22  allegations.

23       78.     Watkins lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25       79.     Watkins lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27       80.     Watkins lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

410533.01

1    81.    Watkins denies the allegations in this paragraph as to him. With respect to the

2  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

3  information to admit or deny the allegations in this paragraph, and on that basis denies those

4  allegations.

5    82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

6  forth in its entirety this paragraph. The document speaks for itself. With respect to the

7  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

8  information to admit or deny the allegations in this paragraph, and on that basis denies those

9  allegations.

10    83.    Watkins lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12    84.    Watkins lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14    85.    Watkins lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16    86.    Watkins lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18    87.    Watkins admits that Wally Brown and Brian Quinn announced their resignations

19  at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007. Except as

20  expressly admitted, Watkins lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22    88.    Watkins lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24    89.    Watkins lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26    90.    Watkins lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28    91.    Watkins admits that he interviewed with EPIC on Friday, December 7, 2008 and

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  received an employment offer later that day. Except as expressly admitted, Watkins denies the

2  allegations in this paragraph. With respect to the allegations in this paragraph as to other

3  Individual Defendants and EPIC, Watkins lacks sufficient information to admit or deny the

4  allegations in this paragraph, and on that basis denies those allegations.

5       92.    Watkins admits that he resigned from Gallagher on December 12, 2007 without

6  giving prior notice to work at EPIC. Watkins denies that he coordinated his resignation with any

7  other employees or EPIC. Watkins denies the remaining allegations in this paragraph as to him.

8  With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks

9  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

10  those allegations.

11       93.    Watkins denies the allegations in this paragraph as to him. With respect to the

12  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15       94.    Watkins lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17       95.    Watkins lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19       96.    Watkins lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21       97.    Watkins lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23       98.    Watkins lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25       99.    Watkins admits that he resigned from Gallagher on December 12, 2007 without

26  giving prior notice to work at EPIC. Watkins denies the remaining allegations in this paragraph

27  as to him. With respect to the allegations in this paragraph as to other Individual Defendants,

28  Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   that basis denies those allegations.

2       100.    Watkins lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4       101.    Watkins lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6       102.    Without possession of the Executive Agreement, Watkins lacks sufficient

7   information to admit or deny the allegations regarding his execution of it or its contents, and on

8   that basis denies the allegations of this paragraph.  In any event, the Executive Agreement will

9   speak for itself.  Watkins denies the remaining allegations of this paragraph as to him.  With

10  respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Watkins

11  lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis

12  denies those allegations.

13      103.    This paragraph states a legal conclusion to which no response is required.  To the

14  degree a response is required, Watkins denies the allegations in this paragraph as to him.  With

15  respect to allegations in this paragraph as to other Individual Defendants and EPIC, Watkins

16  lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis

17  denies those allegations.  Although Plaintiffs do not specifically identify the document they

18  quote, any such document will speak for itself.

19      104.    Watkins denies the allegations in this paragraph as to him.  With respect to the

20  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

21  information to admit or deny the allegations in this paragraph, and on that basis denies those

22  allegations.

23      105.    Watkins lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      106.    Watkins lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      107.    Watkins denies the allegations in this paragraph as to him.  With respect to the

28  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

12

410533.01

1  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

2  those allegations.

3      108.   Watkins lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5      109.   Watkins lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7      110.   Watkins lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9      111.   Watkins lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11      112.   Watkins lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13      113.   Watkins lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15      114.   Watkins denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19      115.   Watkins denies that he used any deceptive or unlawful business practices, or any

20  Gallagher business information, to convince any client to switch its business from Gallagher to

21  EPIC.  Except as expressly denied, Watkins lacks sufficient information to admit or deny the

22  allegations in this paragraph, and on that basis denies these allegations.

23      116.   Watkins lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      117.   Watkins denies the allegations in this paragraph as to him.  With respect to the

26  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

27  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

28  those allegations.

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    118.    Watkins lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    119.    Watkins denies that he has solicited any Gallagher employees or customers.

4    Except as expressly denied, Watkins lacks sufficient information to admit or deny the allegations

5    in this paragraph, and on that basis denies those allegations.

6    120.    Watkins denies the allegations in this paragraph as to him.  With respect to the

7    allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

8    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

9    those allegations.

10    121.    Watkins denies the allegations in this paragraph as to him.  With respect to the

11    allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

12    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

13    those allegations.

14    122.    This paragraph states a legal conclusion to which no response is required.

15    123.    Watkins admits that, after the filing of the lawsuit, he discovered Gallagher files

16    on his personal computer media.  He has returned these files to Gallagher and is no longer in

17    possession of any Gallagher material.  Except as expressly admitted, Watkins denies the

18    allegations of this paragraph as to him.  With respect to the allegations in this paragraph as to

19    other Individual Defendants and EPIC, Watkins lacks sufficient information to admit or deny the

20    allegations in this paragraph, and on that basis denies those allegations.

21    124.    Watkins lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    125.    Watkins denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

25    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

26    those allegations.

27    126.    This paragraph states legal conclusions to which no response is required.

28    127.    This paragraph states legal conclusions to which no response is required.

14

410533.01

**COUNT ONE**

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

128.    Watkins realleges and incorporates by reference his response to paragraphs 1 through 127.

129.    Watkins admits that Gallagher's computer systems had Internet capabilities and that he used those computers to provide insurance services across state lines. Watkins further admits that, during his employment with Gallagher, he accessed and had access to Gallagher's computer network through his Gallagher computer. Except as expressly admitted, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. The final sentence of this paragraph states a legal conclusion to which no response is required.

130.    Watkins denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

131.    Watkins denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

132.    Watkins denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

133.    Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

134.    Watkins denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

410533.01

1    information to admit or deny the allegations in this paragraph, and on that basis denies those

2    allegations.

3                                    **COUNT TWO**

4    **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,**
     **Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

5

6        135.    Watkins realleges and incorporates by reference his responses to paragraphs 1

7    through 134.

8        136.    Watkins lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10       137.    Watkins denies the allegations in this paragraph as to him.  With respect to the

11   allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

12   information to admit or deny the allegations in this paragraph, and on that basis denies those

13   allegations.

14       138.    Watkins denies the allegations in this paragraph as to him.  With respect to the

15   allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

16   information to admit or deny the allegations in this paragraph, and on that basis denies those

17   allegations.

18       139.    This paragraph states legal conclusions to which no response is required.  To the

19   degree a response is required, Watkins denies the allegations in this paragraph as to him.  With

20   respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks

21   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

22   those allegations.

23       140.    This paragraph states legal conclusions to which no response is required.  To the

24   degree a response is required, Watkins denies the allegations in this paragraph as to him.  With

25   respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks

26   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

27   those allegations.

28       141.    Watkins denies that he knowingly accessed Gallagher's computer system and

                                         16

410533.01

1    confidential and proprietary information without authorization or permission and that he retained

2    any Gallagher data or information obtained through any such knowing access.  With respect to

3    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

4    information to admit or deny the allegations in this paragraph, and on that basis denies those

5    allegations.  The final sentence of this paragraph states legal conclusions to which no response is

6    required.

7         142.    Watkins denies the allegations in this paragraph as to him.  With respect to the

8    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

9    information to admit or deny the allegations in this paragraph, and on that basis denies those

10   allegations.

11                                      **COUNT THREE**

12   **(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants**
     **EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on**
13   **behalf of and in furtherance of the conspiracy with EPIC)**

14        143.    Watkins realleges and incorporates by reference his responses to paragraphs 1

15   through 142.

16        144.    Watkins denies the allegations in this paragraph.

17        145.    Gallagher's assertion that it possesses trade secrets under California law is a legal

18   conclusion to which no response is required.  To the degree a response is required, Watkins

19   denies the allegations in this paragraph.

20        146.    Watkins admits that he properly used Gallagher material during his employment,

21   sometimes while working from home or clients' facilities, as stated in his declaration of

22   January 9, 2008, which Watkins incorporates herein by reference.  Watkins admits that he

23   discovered additional Gallagher data in his possession following the filing of this lawsuit.

24   Watkins admits that he initially copied this Gallagher data from his personal computer to two

25   CDs, made arrangements for the discs to be returned to Gallagher, and dragged the Gallagher

26   data to the trash folder of his computer.  Watkins admits that he later made arrangements for his

27   personal computer to be placed in the custody of a computer forensics specialist so that a

28   forensically acceptable image of his computer could be made and any Gallagher data placed in

17

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    the trash could be recovered. Watkins denies that he is still in possession of any Gallagher data

2    and that he improperly took any material. Watkins further denies that he used or disclosed

3    Gallagher material or information following his resignation. With respect to the allegations in

4    this paragraph as to other Individual Defendants and EPIC, Watkins lacks sufficient information

5    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

6    Except as expressly admitted or denied, the remaining allegations of this paragraph are legal

7    conclusions to which no response is required.

8              147.    Watkins denies the allegations in this paragraph as to him. With respect to the

9    allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

10   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

11   those allegations.

12             148.    Watkins denies the allegations in this paragraph as to him. With respect to the

13   allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

14   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15   those allegations.

16             149.    This paragraph states legal conclusions to which no response is required.

17             150.    The first sentence of this paragraph states legal conclusions to which no response

18   is required. As to the allegations in the second sentence, Watkins lacks sufficient information to

19   admit or deny the allegations in this paragraph, and on that basis denies those allegations.

20             151.    This paragraph states legal conclusions to which no response is required. To the

21   degree a response is required, Watkins denies the allegations in this paragraph.

22             152.    Watkins denies that he misappropriated Gallagher trade secrets. With respect to

23   the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

24   information to admit or deny the allegations in this paragraph, and on that basis denies those

25   allegations. The remainder of this paragraph states legal conclusions to which no response is

26   required.

27             153.    Watkins denies that he misappropriated Gallagher trade secrets or deliberately

28   intended to injure Gallagher in any way. With respect to the allegations in this paragraph as to

18

1  other Individual Defendants, Watkins lacks sufficient information to admit or deny the

2  allegations in this paragraph, and on that basis denies those allegations.  The remainder of this

3  paragraph states legal conclusions to which no response is required.

### COUNT FOUR

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

154.    Watkins realleges and incorporates by reference his responses to paragraphs 1 through 153.

155.    This paragraph states a legal conclusion to which no response is required.  To the degree a response is required, Watkins denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

156.    This paragraph states a legal conclusion to which no response is required.  To the degree a response is required, Watkins denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

157.    Watkins denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

158.    Watkins denies that he engaged in wrongful conduct or misappropriated any Gallagher property.  Except as expressly denied, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

159.    Watkins denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those

19

1  allegations.

2      160.    Watkins denies that he misappropriated Gallagher property.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.  The remainder of this paragraph states legal conclusions to which no response is

6  required.

7                                         **COUNT FIVE**

8  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
**Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

9

10      161.    Watkins realleges and incorporates by reference his responses to paragraphs 1

11  through 160.

12      162.    Watkins denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

14  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15  those allegations.

16      163.    Watkins denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

18  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19  those allegations.

20      164.    Watkins denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

22  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23  those allegations.

24      165.    Watkins denies that he willfully and maliciously converted any property

25  belonging to Gallagher or deliberately intended to injure Gallagher's business for his own

26  financial gain.  With respect to the allegations in this paragraph as to other Individual

27  Defendants, Watkins lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.  The remainder of this paragraph states

1  legal conclusions to which no response is required.

2  **COUNT SIX**

3  **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
   **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
4  **Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

5      166.    Watkins realleges and incorporates by reference his responses to paragraphs 1

6  through 165.

7      167.    Watkins lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9      168.    Watkins admits that he agreed to abide by Gallagher's Code of Business Conduct

10  and Ethics.  Without having possession of a copy of that Code, Watkins lacks sufficient

11  information to admit or deny its contents, and on that basis denies the allegations in the first

12  sentence of this paragraph.  In any event, the Code will speak for itself.

13      169.    Without possession of the Executive Agreement, Watkins lacks sufficient

14  information to admit or deny the allegations regarding his execution of it or its contents, and on

15  that basis denies the allegations of this paragraph.  In any event, the Executive Agreement will

16  speak for itself.  Watkins denies the remaining allegations of this paragraph as to him.  With

17  respect to the allegations in this paragraph as to other Individual Defendants, Johnson lacks

18  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19  those allegations.

20      170.    Watkins lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      171.    Watkins denies the allegations in this paragraph as to him.  With respect to

23  allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26      172.    Watkins denies that he materially breached any contract with Gallagher.  Watkins

27  lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

28  that basis denies those allegations.

21

410533.01

1    173.    This paragraph states legal conclusions to which no response is required.

2    **COUNT SEVEN**

3    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

4

5    174.    Watkins realleges and incorporates by reference his responses to paragraphs 1

6    through 173.

7    175.    This paragraph states a legal conclusion to which no response is required.

8    176.    Watkins denies the allegations in this paragraph as to him.  With respect to

9    allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient

10    information to admit or deny the allegations in this paragraph, and on that basis denies those

11    allegations.

12    177.    Watkins lacks sufficient information to admit or deny the allegations in this

13    paragraph, and on that basis denies those allegations.

14    178.    Watkins denies that he breached any duties contained in any agreements he signed

15    with Gallagher.  Watkins lacks sufficient information to admit or deny the remaining allegations

16    in this paragraph, and on that basis denies those allegations.

17    **COUNT EIGHT**

18    **(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

19

20

21    179.    Watkins realleges and incorporates by reference his responses to paragraphs 1

22    through 178.

23    180.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

24    required to and does not respond to the allegations in the paragraph.

25    181.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

26    required to and does not respond to the allegations in the paragraph.

27    182.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

28    required to and does not respond to the allegations in the paragraph.

410533.01

183.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT NINE

### (Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)

184.    Watkins realleges and incorporates by reference his responses to paragraphs 1 through 183.

185.    This paragraph states a legal conclusion to which no response is required.

186.    Watkins admits that, prior to his resignation from Gallagher, he was an employee of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is required.

187.    Watkins denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

188.    Watkins denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

189.    Watkins denies the allegations in the first two sentences of this paragraph as to his.  With respect to allegations in the first two sentences this paragraph as to other Individual Defendants, Watkins lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states legal conclusions to which no response is required.

////

////

////

////

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410533.01

1

## COUNT TEN

2

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

3

4

     190.    Watkins realleges and incorporates by reference his responses to paragraphs 1

5

through 189.

6

     191.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

7

required to and does not respond to the allegations in the paragraph.

8

     192.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

9

required to and does not respond to the allegations in the paragraph.

10

     193.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

11

required to and does not respond to the allegations in the paragraph.

12

     194.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

13

required to and does not respond to the allegations in the paragraph.

14

     195.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

15

required to and does not respond to the allegations in the paragraph.

16

     196.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

17

required to and does not respond to the allegations in the paragraph.

18

## COUNT ELEVEN

19

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

20

21

22

     197.    Watkins realleges and incorporates by reference his responses to paragraphs 1

23

through 196.

24

     198.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

25

required to and does not respond to the allegations in the paragraph.

26

     199.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

27

required to and does not respond to the allegations in the paragraph.

28

     200.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

1    required to and does not respond to the allegations in the paragraph.

2        201.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4        202.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

5    required to and does not respond to the allegations in the paragraph.

6                                  **COUNT TWELVE**

7    **(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

8        203.    Watkins realleges and incorporates by reference his responses to paragraphs 1

9    through 202.

10       204.    This paragraph states legal conclusions to which no response is required.

11       205.    This paragraph states legal conclusions to which no response is required.

12                                  **COUNT THIRTEEN**

13                        **(Unjust Enrichment – Against All Defendants)**

14       206.    Watkins realleges and incorporates by reference his responses to paragraphs 1

15   through 205.

16       207.    Watkins denies the allegations in this paragraph as to him.  With respect to

17   allegations in this paragraph as to other Individual Defendants and EPIC, Watkins lacks

18   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

19   those allegations.

20       208.    This paragraph states legal conclusions to which no response is required.

21                                  **COUNT FOURTEEN**

22   **(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

23

24       209.    Watkins realleges and incorporates by reference his responses to paragraphs 1

25   through 208.

26       210.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

27   required to and does not respond to the allegations in the paragraph.

28       211.    This cause of action is not asserted against Watkins.  Watkins, therefore, is not

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410533.01

1  required to and does not respond to the allegations in the paragraph.

2      212.  This cause of action is not asserted against Watkins.  Watkins, therefore, is not

3  required to and does not respond to the allegations in the paragraph.

4      213.  This cause of action is not asserted against Watkins.  Watkins, therefore, is not

5  required to and does not respond to the allegations in the paragraph.

6      214.  This cause of action is not asserted against Watkins.  Watkins, therefore, is not

7  required to and does not respond to the allegations in the paragraph.

8                          **AFFIRMATIVE DEFENSES**

9      For its affirmative defenses to the First Amended Complaint ("FAC"), Watkins alleges

10  the following:

11                      **FIRST AFFIRMATIVE DEFENSE**

12                          (Failure to State a Claim)

13      The FAC, and each purported count therein, fails to state a claim upon which relief can

14  be granted.

15                    **SECOND AFFIRMATIVE DEFENSE**

16                      (Failure to Allege Sufficient Facts)

17      The FAC, and each purported count therein, fails to state facts sufficient to constitute a

18  cause of action.

19                     **THIRD AFFIRMATIVE DEFENSE**

20                              (Justification)

21      The actions of EPIC that allegedly give rise to liability herein, if any such actions

22  occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

23                    **FOURTH AFFIRMATIVE DEFENSE**

24                      (Failure to Establish Causation)

25      Without in any way admitting that any of the conduct alleged in the FAC occurred or is

26  in any way unlawful, Gallagher may not recover any damages sought herein because there is no

27  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

28  Gallagher.

1    **FIFTH AFFIRMATIVE DEFENSE**

2    (Good Faith)

3    EPIC acted in good faith and did not directly or indirectly perform any acts that would

4    constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

5    **SIXTH AFFIRMATIVE DEFENSE**

6    (Failure to Conduct Reasonable Inquiry)

7    The FAC, and each and every purported cause of action alleged therein, is barred because

8    Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

9    because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

10   their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

11   **SEVENTH AFFIRMATIVE DEFENSE**

12   (Privilege of Competition)

13   Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

14   privilege to compete.

15   **EIGHTH AFFIRMATIVE DEFENSE**

16   (Absence of Irreparable Harm)

17   To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

18   because the injury or damages suffered by Gallagher, if any, would be adequately compensated

19   in an action at law for damages.

20   **NINTH AFFIRMATIVE DEFENSE**

21   (Equitable Estoppel)

22   Some of the claims are barred by the doctrine of equitable estoppel.

23   **TENTH AFFIRMATIVE DEFENSE**

24   (Judicial Estoppel)

25   Some of the claims are barred by the doctrine of judicial estoppel.

26   **ELEVENTH AFFIRMATIVE DEFENSE**

27   (Unclean Hands)

28   Some of the claims are barred by the doctrine of unclean hands.

27

410533.01

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

(Failure to Establish Misappropriation)

3

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

4

Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

5

allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

(Failure to Establish Existence of Trade Secrets)

8

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

9

Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

10

readily ascertainable by proper means and is therefore not a "trade secret" under California law.

11

**FOURTEENTH AFFIRMATIVE DEFENSE**

12

(Invalidity of Contracts)

13

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

14

Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

15

Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

16

contracts as they lack consideration and/or are void for public policy reasons under California

17

law.

18

**FIFTEENTH AFFIRMATIVE DEFENSE**

19

(Failure to Establish a Private Cause of Action)

20

Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

21

barred as an improper cause of action.

22

**SIXTEENTH AFFIRMATIVE DEFENSE**

23

(Public Policy)

24

Some of the claims are barred insofar as several contract provisions are void for public

25

policy.

26

**SEVENTEENTH AFFIRMATIVE DEFENSE**

27

(Waiver)

28

Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

410533.01

1  purported cause of action contained therein, by reason of Gallagher's own actions and course of

2  conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

4  (Absence of Deception)

5  Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

6  EPIC's conduct is not likely to mislead the public or harm Gallagher.

### NINETEENTH AFFIRMATIVE DEFENSE

8  (Lack of Specificity)

9  The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

10  with the requisite particularity.

### TWENTIETH AFFIRMATIVE DEFENSE

12  (Unjust Enrichment)

13  The FAC, and each and every purported cause of action alleged therein, is barred because

14  any recovery would result in Gallagher's unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

16  (Failure to Mitigate)

17  Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

18  required by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

20  (Punitive Damages)

21  Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

22  the FAC, because California's laws regarding the alleged conduct in question in this action are

23  too vague to permit the imposition of punitive damages, and the award of punitive damages as

24  applied to the facts of this case would violate EPIC's constitutional rights under the United

25  States and California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

27  (Improper Restraint of Competition)

28  Some of Plaintiffs' claims are improper efforts to restrain competition and employee

29

ANSWER OF ROBERT HARRISON WATKINS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410533.01

1    mobility in violation of Cal. Bus. & Prof. Code § 16600.

2                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3                          (Incorporation of Other Defenses)

4            EPIC adopts and incorporates any and all other defenses raised or to be raised by any

5    other defendant joined in this litigation to the extent that said defenses are not inconsistent with

6    EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

7    out of this lawsuit.

8                     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9                          (Reservation of Rights)

10           EPIC reserves the right to raise additional affirmative and other defenses as they are

11   discovered or otherwise become available.

12                           **PRAYER FOR RELIEF**

13           Watkins denies that Gallagher is entitled to any of the relief requested in its FAC.

14   WHEREFORE, Watkins prays:

15           1.       That Gallagher take nothing by reason of its FAC;

16           2.       That judgment be rendered in favor of Watkins;

17           3.       That Watkins be awarded his costs incurred in defense of this action; and,

18           4.       That the Court provide such other relief as it deems proper.

19   Dated:  February 8, 2008                KEKER & VAN NEST, LLP

20

21

22                                  By:  s/Daniel Purcell
                                         DANIEL PURCELL
23                                       Attorneys for Defendants
                                         ALLEN L. AMOS, ERIC CHUA, CAROL ANN
24                                       COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                         ROBERT D. ELLSWORTH, SUSAN M.
25                                       ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                         HAUSE, DON J. JOHNSON, LAURINDA A.
26                                       MARTIN, SHANDRANETTE MIDDLETON,
                                         GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
27                                       LINDA SOO HOO, DIRCK R. STINSON,
                                         PAUL H. WAGENER, and ROBERT H.
28                                       WATKINS

                                         30