KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
710 Sansome Street
San Francisco, California  94111-1704
Telephone: (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., a Delaware Corporation, ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; STEPHEN HAUSE; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | Case No. 07-CV-06418-JSW<br><br>**ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

410388.01

1        Defendant Don J. Johnson ("Johnson") answers plaintiffs' First Amended Complaint as

2    follows:

3                    **I.**     **NATURE OF ACTION**

4        1.     Johnson denies Gallagher's allegations of "illegal raiding" or "associated theft

5    and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of

6    business," and the existence of any ongoing misconduct.  Except as expressly denied above,

7    Johnson admits Gallagher's characterization of its complaint and the claims for relief set forth

8    therein.

9        2.     Johnson admits the allegations of this paragraph.

10        3.     Johnson admits that EPIC touts its belief in principles of business ethics, but

11    denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical

12    principles.  Johnson denies the remaining allegations in this paragraph as to him.  With respect to

13    the allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16        4.     Johnson denies the allegations in this paragraph as to him.  With respect to the

17    allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20        5.     This paragraph states legal conclusions to which no response is required.

21        6.     Johnson lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23        7.     Johnson denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

25    information to admit or deny the allegations in this paragraph, and on that basis denies those

26    allegations.

27        8.     Johnson denies the allegations in this paragraph as to him.  With respect to the

28    allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  information to admit or deny the allegations in this paragraph, and on that basis denies those

2  allegations.

3       9.    Johnson denies the allegations in this paragraph as to him.  With respect to the

4  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

5  information to admit or deny the allegations in this paragraph, and on that basis denies those

6  allegations.

7       10.   Johnson admits that Wally Brown and Brian Quinn held the most senior

8  management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

9  in this paragraph, Johnson lacks sufficient information to admit or deny, and on that basis denies

10 those allegations.

11      11.   Johnson denies the allegations in this paragraph as to him.  With respect to the

12 allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

13 sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14 those allegations.

15              **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

16      12.   This paragraph states a legal conclusion to which no response is required.

17      13.   This paragraph states a legal conclusion to which no response is required.

18              **III.    PARTIES AND PERSONAL JURISDICTION**

19      14.   Johnson lacks sufficient information to admit or deny the allegations in this

20 paragraph, and on that basis denies those allegations.

21      15.   Johnson admits the allegations in this paragraph.

22      16.   Johnson admits that Francis and Hahn are co-founders of EPIC and have

23 experience in the insurance industry.  As to the remaining allegations in this paragraph, Johnson

24 lacks sufficient information to admit or deny, and on that basis denies those allegations.

25      17.   Johnson admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

26 Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

27 paragraph regarding the fiduciary status of certain individual defendants, those allegations state

28 legal conclusions to which no response is required.

410388.01

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

18.    Johnson admits that the Individual Defendants, including himself, are current employees of EPIC and former employees of Gallagher.  Johnson admits that he is a resident of the State of California.  Except as expressly admitted, Johnson denies the allegations of this paragraph as they relate to him, and denies the allegations of this paragraph as they relate to other Individual Defendants on the basis that he lacks sufficient information to admit or deny those allegations.

19.    Johnson denies the allegations in this paragraph as they relate to him.  For those allegations that relate to other Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny, and on that basis denies those allegations.

20.    Johnson admits that Gallagher has sued each of the Individual Defendants individually as co-conspirators.  Except as expressly admitted, Johnson denies the allegations of this paragraph as they relate to him.  Johnson denies the allegations of this paragraph as they relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

21.    Johnson admits that Gallagher has sued each of the Individual Defendants individually and is alleging that each Individual Defendant acted as an agent of the others.  Except as expressly admitted, Johnson denies the allegations of this paragraph as they relate to him.  Johnson denies the allegations of this paragraph as they relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

### IV.    FACTUAL ALLEGATIONS

22.    Johnson denies that this paragraph accurately characterizes the job duties of former Gallagher employees who left to join EPIC.  Johnson denies the characterization that the Individual Defendants left Gallagher "*en masse.*"

23.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

24.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

3

1    25.    Johnson lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    26.    Johnson admits that Gallagher and its employees have invested resources in

4    developing relationships with their clients.  Johnson further admits that, if Gallagher possessed

5    any confidential or trade-secret information, and, if that information were misappropriated by a

6    competitor, that misappropriation potentially could enable that competitor to compete unfairly

7    with Gallagher.  Johnson specifically denies that he misappropriated any Gallagher confidential

8    information.  Except as expressly admitted or denied, Johnson denies the allegations in this

9    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

10    Defendants, Johnson lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12    27.    Johnson admits that, during his employment at Gallagher, he gained access to

13    non-public Gallagher information.  Except as expressly admitted, Johnson lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    28.    Johnson admits the existence of Gallagher's Code for Business Conduct and

17    Ethics, Executive Agreements, and Stockholder Agreement referenced in this paragraph.

18    Without having those documents in his possession, Johnson lacks sufficient information to admit

19    or deny Gallagher's allegations regarding the content of those documents, and on that basis

20    denies those allegations.  With respect to Gallagher's allegations regarding its Non-Competition

21    Agreement with Wally Brown, Johnson lacks sufficient information to admit or deny those

22    allegations, and on that basis denies those allegations.  Finally, Gallagher's statement that it

23    "takes reasonable and appropriate measures to safeguard its non-public commercially valuable

24    information" states a legal conclusion to which no response is required.

25    29.    Johnson admits that he executed a Producer Agreement with EPIC in conjunction

26    with beginning work at EPIC.  Johnson further admits that his agreement contains provisions

27    regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

28    loyalty, (d) solicitation of customers, and (e) injunctive relief.  Except as expressly admitted,

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on

2    that basis denies those allegations.

3          30.     Johnson lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5          31.     Johnson lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7          32.     Johnson lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9          33.     Johnson admits the allegations in this paragraph.

10         34.     Johnson lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12         35.     Johnson denies the allegations in this paragraph as to him.  With respect to the

13   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

14   information to admit or deny the allegations in this paragraph, and on that basis denies those

15   allegations.

16         36.     Johnson denies the allegations in this paragraph as to him.  With respect to the

17   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

18   information to admit or deny the allegations in this paragraph, and on that basis denies those

19   allegations.

20         37.     Johnson denies the allegations in this paragraph as to him.  With respect to the

21   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

22   information to admit or deny the allegations in this paragraph, and on that basis denies those

23   allegations.

24         38.     Johnson lacks sufficient information to admit or deny the allegations in this

25   paragraph, and on that basis denies those allegations.

26         39.     Johnson lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28         40.     Johnson lacks sufficient information to admit or deny the allegations in this

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2      41.    Johnson lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      42.    Johnson lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      43.    Johnson lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      44.    Johnson lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10      45.    Johnson lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12      46.    Johnson lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14      47.    Johnson lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16      48.    Johnson lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18      49.    Johnson lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      50.    Johnson lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      51.    Johnson lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      52.    Johnson lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      53.    Johnson lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      54.    Johnson lacks sufficient information to admit or deny the allegations in this

6

1    paragraph, and on that basis denies those allegations.

2         55.     Johnson lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4         56.     Johnson lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6         57.     Johnson lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8         58.     Johnson lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10        59.     Johnson lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12        60.     Johnson lacks sufficient information to admit or deny the allegations in this

13   paragraph, and on that basis denies those allegations.

14        61.     Johnson lacks sufficient information to admit or deny the allegations in this

15   paragraph, and on that basis denies those allegations.

16        62.     Johnson lacks sufficient information to admit or deny the allegations of this

17   paragraph, and on that basis denies those allegations.

18        63.     Johnson denies the allegations in this paragraph as to him.  With respect to the

19   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

20   information to admit or deny the allegations in this paragraph, and on that basis denies those

21   allegations.

22        64.     Johnson denies the allegations in this paragraph as to him.  With respect to the

23   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

24   information to admit or deny the allegations in this paragraph, and on that basis denies those

25   allegations.

26        65.     The first sentence of this paragraph is a prefatory statement to which no response

27   is required.  Johnson denies the remaining allegations in this paragraph as to him.  With respect

28   to the allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  information to admit or deny the allegations in this paragraph, and on that basis denies those

2  allegations.

3     66.    Johnson admits that George Petty was responsible for IT and computer systems in

4  Gallagher's San Ramon office.  Except as expressly admitted, Johnson lacks sufficient

5  information to admit or deny, and on that basis denies those allegations.

6     67.    Johnson denies the allegations in this paragraph as to him.  With respect to the

7  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

8  information to admit or deny the allegations in this paragraph, and on that basis denies those

9  allegations.

10     68.    Johnson lacks sufficient information to admit or deny the allegations of this

11  paragraph, and on that basis denies those allegations.

12     69.    Johnson denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

14  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15  those allegations.

16     70.    Johnson lacks sufficient information to admit or deny the allegations of this

17  paragraph, and on that basis denies those allegations.

18     71.    Johnson lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20     72.    Johnson lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22     73.    Johnson lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24     74.    Johnson admits the allegations in this paragraph.

25     75.    Johnson denies the allegations in this paragraph as to him.  With respect to the

26  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

27  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

28  those allegations.

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    76.    Johnson denies the allegations in this paragraph as to him.  With respect to the

2  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

3  information to admit or deny the allegations in this paragraph, and on that basis denies those

4  allegations.

5    77.    Johnson denies the allegations in this paragraph as to him.  With respect to the

6  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

7  information to admit or deny the allegations in this paragraph, and on that basis denies those

8  allegations.

9    78.    Johnson lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11    79.    Johnson lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13    80.    Johnson lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15    81.    Johnson denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19    82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

20  forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24    83.    Johnson lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26    84.    Johnson lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28    85.    Johnson lacks sufficient information to admit or deny the allegations in this

9

410388.01

1  paragraph, and on that basis denies those allegations.

2        86.    Johnson lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4        87.    Johnson admits that Wally Brown and Brian Quinn announced their resignations

5  at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as

6  expressly admitted, Johnson lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8        88.    Johnson lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10        89.    Johnson lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12        90.    Johnson lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14        91.    Johnson admits that he interviewed with EPIC on December 7, 2007 and received

15  an employment offer the same day.  With respect to the allegations in this paragraph as to other

16  Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny the

17  allegations in this paragraph, and on that basis denies those allegations.

18        92.    Johnson admits that he resigned from Gallagher on December 10, 2007 without

19  giving prior notice to work at EPIC.  Johnson denies the remaining allegations in this paragraph

20  as to him.  With respect to the allegations in this paragraph as to other Individual Defendants,

21  Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on

22  that basis denies those allegations..

23        93.    Johnson denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27        94.    Johnson lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

95.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

96.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

97.    Johnson admits that he resigned from Gallagher on December 10, 2007 without giving prior notice to work at EPIC.  Johnson denies the remaining allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

98.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

99.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

100.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

101.    Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

102.    Johnson denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

103.    This paragraph states a legal conclusion to which no response is required.  To the degree a response is required, Johnson denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.

104.    Johnson denies the allegations in this paragraph as to him.  With respect to the

11

410388.01

1   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

2   information to admit or deny the allegations in this paragraph, and on that basis denies those

3   allegations.

4         105.    Johnson lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6         106.    Johnson lacks sufficient information to admit or deny the allegations in this

7   paragraph, and on that basis denies those allegations.

8         107.    Johnson denies the allegations in this paragraph as to him.  With respect to the

9   allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

10   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

11   those allegations.

12         108.    Johnson lacks sufficient information to admit or deny the allegations in this

13   paragraph, and on that basis denies those allegations.

14         109.    Johnson lacks sufficient information to admit or deny the allegations in this

15   paragraph, and on that basis denies those allegations.

16         110.    Johnson lacks sufficient information to admit or deny the allegations in this

17   paragraph, and on that basis denies those allegations.

18         111.    Johnson lacks sufficient information to admit or deny the allegations in this

19   paragraph, and on that basis denies those allegations.

20         112.    Johnson lacks sufficient information to admit or deny the allegations in this

21   paragraph, and on that basis denies those allegations.

22         113.    Johnson lacks sufficient information to admit or deny the allegations in this

23   paragraph, and on that basis denies those allegations.

24         114.    Johnson denies the allegations in this paragraph as to him.  With respect to the

25   allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

26   information to admit or deny the allegations in this paragraph, and on that basis denies those

27   allegations.

28         115.    Johnson denies that he used any deceptive or unlawful business practices, or any

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  Gallagher business information, to convince any client to switch its business from Gallagher to

2  EPIC. Except as expressly denied, Johnson lacks sufficient information to admit or deny the

3  allegations in this paragraph, and on that basis denies these allegations.

4         116.    Johnson lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6         117.    Johnson denies the allegations in this paragraph as to him. With respect to the

7  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

8  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

9  those allegations.

10        118.    Johnson lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12        119.    Johnson denies that he has solicited any Gallagher employees or customers.

13  Except as expressly denied, Johnson lacks sufficient information to admit or deny the allegations

14  in this paragraph, and on that basis denies those allegations.

15        120.    Johnson denies the allegations in this paragraph as to him. With respect to the

16  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

17  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

18  those allegations.

19        121.    Johnson denies the allegations in this paragraph as to him. With respect to the

20  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

21  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

22  those allegations.

23        122.    This paragraph states a legal conclusion to which no response is required.

24        123.    Johnson denies the allegations in this paragraph as to him. With respect to the

25  allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

26  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

27  those allegations.

28        124.    Johnson lacks sufficient information to admit or deny the allegations in this

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2         125.    Johnson denies the allegations in this paragraph as to him.  With respect to the

3    allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

4    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

5    those allegations.

6         126.    This paragraph states legal conclusions to which no response is required.

7         127.    This paragraph states legal conclusions to which no response is required.

8                               **COUNT ONE**

9    **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual**
     **Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

10

11        128.    Johnson realleges and incorporates by reference his responses to paragraphs 1

12   through 127.

13        129.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

14   required to and does not respond to the allegations in the paragraph.

15        130.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

16   required to and does not respond to the allegations in the paragraph.

17        131.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

18   required to and does not respond to the allegations in the paragraph.

19        132.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

20   required to and does not respond to the allegations in the paragraph.

21        133.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

22   required to and does not respond to the allegations in the paragraph.

23        134.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

24   required to and does not respond to the allegations in the paragraph.

25                               **COUNT TWO**

26   **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,**
     **Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

27

28        135.    Johnson realleges and incorporates by reference his responses to paragraphs 1

                                   14

410388.01

through 134.

136.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

137.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

138.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

139.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

140.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

141.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

142.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT THREE

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143.    Johnson realleges and incorporates by reference his responses to paragraphs 1 through 142.

144.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

145.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

146.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

147.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

15

410388.01

1    148.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

2    required to and does not respond to the allegations in the paragraph.

3    149.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

4    required to and does not respond to the allegations in the paragraph.

5    150.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

6    required to and does not respond to the allegations in the paragraph.

7    151.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

8    required to and does not respond to the allegations in the paragraph.

9    152.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

10    required to and does not respond to the allegations in the paragraph.

11    153.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

12    required to and does not respond to the allegations in the paragraph.

### COUNT FOUR

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

154.   Johnson realleges and incorporates by reference his responses to paragraphs 1 through 153.

155.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

156.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

157.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

158.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

159.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not required to and does not respond to the allegations in the paragraph.

160.   This cause of action is not asserted against Johnson.  Johnson, therefore, is not

16

410388.01

1  required to and does not respond to the allegations in the paragraph.

2  ## COUNT FIVE

3  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
4  **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

5      161.    Johnson realleges and incorporates by reference his responses to paragraphs 1
6  through 160.

7      162.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not
8  required to and does not respond to the allegations in the paragraph.

9      163.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not
10  required to and does not respond to the allegations in the paragraph.

11      164.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not
12  required to and does not respond to the allegations in the paragraph.

13      165.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not
14  required to and does not respond to the allegations in the paragraph.

15  ## COUNT SIX

16  **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
17  **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
**Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

18      166.    Johnson realleges and incorporates by reference his responses to paragraphs 1
19  through 165.

20      167.    Johnson admits that he signed an Executive Agreement with Gallagher.  Without

21  having possession of the Executive Agreement he signed, Johnson lacks sufficient information to

22  admit or deny its contents, and on that basis denies the allegations in the first sentence of this

23  paragraph.  In any event, the Executive Agreement will speak for itself.  Johnson admits that,

24  when he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

25  confidential or proprietary information, and not to solicit EPIC employees.

26      168.    Johnson admits that he agreed to abide by Gallagher's Code of Business Conduct

27  and Ethics.  Without having possession of a copy of that Code, Johnson lacks sufficient

28  information to admit or deny its contents, and on that basis denies the allegations in the first

17

410388.01

1    sentence of this paragraph.  In any event, the Code will speak for itself.

2    169.    Johnson lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4    170.    Johnson lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6    171.    Johnson denies the allegations in this paragraph as to him.  With respect to

7    allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

8    information to admit or deny the allegations in this paragraph, and on that basis denies those

9    allegations.

10    172.    Johnson denies that he materially breached any contract with Gallagher.  Johnson

11    lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

12    that basis denies those allegations.

13    173.    This paragraph states legal conclusions to which no response is required.

14                                    **COUNT SEVEN**

15    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,**
     **Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Johnson, Martin,**
16    **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

17    174.    Johnson realleges and incorporates by reference his responses to paragraphs 1

18    through 173.

19    175.    This paragraph states a legal conclusion to which no response is required.

20    176.    Johnson denies the allegations in this paragraph as to him.  With respect to

21    allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

22    information to admit or deny the allegations in this paragraph, and on that basis denies those

23    allegations.

24    177.    Johnson lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26    178.    Johnson denies that he breached any duties contained in any agreements he signed

27    with Gallagher.  Johnson lacks sufficient information to admit or deny the remaining allegations

28    in this paragraph, and on that basis denies those allegations.

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1

## COUNT EIGHT

2

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

3

4

5          179.     Johnson realleges and incorporates by reference his responses to paragraphs 1

6     through 178.

7          180.     This cause of action is not asserted against Johnson.  Johnson, therefore, is not

8     required to and does not respond to the allegations in the paragraph.

9          181.     This cause of action is not asserted against Johnson.  Johnson, therefore, is not

10     required to and does not respond to the allegations in the paragraph.

11          182.     This cause of action is not asserted against Johnson.  Johnson, therefore, is not

12     required to and does not respond to the allegations in the paragraph.

13          183.     This cause of action is not asserted against Johnson.  Johnson, therefore, is not

14     required to and does not respond to the allegations in the paragraph.

15

## COUNT NINE

16

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

17

18          184.     Johnson realleges and incorporates by reference his responses to paragraphs 1

19     through 183.

20          185.     This paragraph states a legal conclusion to which no response is required.

21          186.     Johnson admits that, prior to his resignation from Gallagher, he was an employee

22     of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

23     required.

24          187.     Johnson denies the allegations in this paragraph as to him.  With respect to

25     allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

26     information to admit or deny the allegations in this paragraph, and on that basis denies those

27     allegations.

28          188.     Johnson denies the allegations in this paragraph as to him.  With respect to

19

1  allegations in this paragraph as to other Individual Defendants, Johnson lacks sufficient

2  information to admit or deny the allegations in this paragraph, and on that basis denies those

3  allegations.

4      189.    Johnson denies the allegations in the first two sentences of this paragraph as to

5  him.  With respect to allegations in the first two sentences this paragraph as to other Individual

6  Defendants, Johnson lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states

8  legal conclusions to which no response is required.

9                              **COUNT TEN**

10  **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn,**
                                   **and Wick)**

11

12      190.    Johnson realleges and incorporates by reference his responses to paragraphs 1

13  through 189.

14      191.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

15  required to and does not respond to the allegations in the paragraph.

16      192.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

17  required to and does not respond to the allegations in the paragraph.

18      193.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

19  required to and does not respond to the allegations in the paragraph.

20      194.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

21  required to and does not respond to the allegations in the paragraph.

22      195.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

23  required to and does not respond to the allegations in the paragraph.

24      196.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

25  required to and does not respond to the allegations in the paragraph.

26

27

28

410388.01

<strong>COUNT ELEVEN</strong>

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Johnson realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    Johnson admits that Gallagher had and has business relationships with its employees and customers.  With respect to Gallagher's "business expectancies" with its employees and customers, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

199.    Johnson denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

200.    Johnson denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

201.    This paragraph states a legal conclusion to which no response is required.

202.    Johnson denies that he did any act deliberately or maliciously with the deliberate intent to injure Gallagher's business or improve his own business or realize any financial gain. The remaining allegations of this paragraph state legal conclusions to which no response is required.

<strong>COUNT TWELVE</strong>

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

203.    Johnson realleges and incorporates by reference his responses to paragraphs 1 through 202.

204.    This paragraph states legal conclusions to which no response is required.

205.    This paragraph states legal conclusions to which no response is required.

21

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410388.01

1

### COUNT THIRTEEN

2

**(Unjust Enrichment – Against All Defendants)**

3    206.    Johnson realleges and incorporates by reference his responses to paragraphs 1

4    through 205.

5    207.    Johnson denies the allegations in this paragraph as to him.  With respect to

6    allegations in this paragraph as to other Individual Defendants and EPIC, Johnson lacks

7    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

8    those allegations.

9    208.    This paragraph states legal conclusions to which no response is required.

10

### COUNT FOURTEEN

11

**(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

12    209.    Johnson realleges and incorporates by reference his responses to paragraphs 1

13    through 208.

14    210.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

15    required to and does not respond to the allegations in the paragraph.

16    211.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

17    required to and does not respond to the allegations in the paragraph.

18    212.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

19    required to and does not respond to the allegations in the paragraph.

20    213.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

21    required to and does not respond to the allegations in the paragraph.

22    214.    This cause of action is not asserted against Johnson.  Johnson, therefore, is not

23    required to and does not respond to the allegations in the paragraph.

24

### AFFIRMATIVE DEFENSES

25    For its affirmative defenses to the First Amended Complaint ("FAC"), Johnson alleges

26    the following:

27    ////

28    ////

410388.01

1

**FIRST AFFIRMATIVE DEFENSE**

2

(Failure to State a Claim)

3      The FAC, and each purported count therein, fails to state a claim upon which relief can

4  be granted.

5

**SECOND AFFIRMATIVE DEFENSE**

6

(Failure to Allege Sufficient Facts)

7      The FAC, and each purported count therein, fails to state facts sufficient to constitute a

8  cause of action.

9

**THIRD AFFIRMATIVE DEFENSE**

10

(Justification)

11      The actions of EPIC that allegedly give rise to liability herein, if any such actions

12  occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

13

**FOURTH AFFIRMATIVE DEFENSE**

14

(Failure to Establish Causation)

15      Without in any way admitting that any of the conduct alleged in the FAC occurred or is

16  in any way unlawful, Gallagher may not recover any damages sought herein because there is no

17  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

18  Gallagher.

19

**FIFTH AFFIRMATIVE DEFENSE**

20

(Good Faith)

21      EPIC acted in good faith and did not directly or indirectly perform any acts that would

22  constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

23

**SIXTH AFFIRMATIVE DEFENSE**

24

(Failure to Conduct Reasonable Inquiry)

25      The FAC, and each and every purported cause of action alleged therein, is barred because

26  Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

27  because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

28  their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

410388.01

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Privilege of Competition)

3   Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

4   privilege to compete.

5

## EIGHTH AFFIRMATIVE DEFENSE

6

### (Absence of Irreparable Harm)

7   To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

8   because the injury or damages suffered by Gallagher, if any, would be adequately compensated

9   in an action at law for damages.

10

## NINTH AFFIRMATIVE DEFENSE

11

### (Equitable Estoppel)

12   Some of the claims are barred by the doctrine of equitable estoppel.

13

## TENTH AFFIRMATIVE DEFENSE

14

### (Judicial Estoppel)

15   Some of the claims are barred by the doctrine of judicial estoppel.

16

## ELEVENTH AFFIRMATIVE DEFENSE

17

### (Unclean Hands)

18   Some of the claims are barred by the doctrine of unclean hands.

19

## TWELFTH AFFIRMATIVE DEFENSE

20

### (Failure to Establish Misappropriation)

21   Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

22   Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

23   allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

24

## THIRTEENTH AFFIRMATIVE DEFENSE

25

### (Failure to Establish Existence of Trade Secrets)

26   Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

27   Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

28   readily ascertainable by proper means and is therefore not a "trade secret" under California law.

410388.01

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Invalidity of Contracts)

3   Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

4   Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

5   Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

6   contracts as they lack consideration and/or are void for public policy reasons under California

7   law.

8

## FIFTEENTH AFFIRMATIVE DEFENSE

9

### (Failure to Establish a Private Cause of Action)

10   Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

11   barred as an improper cause of action.

12

## SIXTEENTH AFFIRMATIVE DEFENSE

13

### (Public Policy)

14   Some of the claims are barred insofar as several contract provisions are void for public

15   policy.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17

### (Waiver)

18   Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

19   purported cause of action contained therein, by reason of Gallagher's own actions and course of

20   conduct.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

22

### (Absence of Deception)

23   Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

24   EPIC's conduct is not likely to mislead the public or harm Gallagher.

25

## NINETEENTH AFFIRMATIVE DEFENSE

26

### (Lack of Specificity)

27   The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

28   with the requisite particularity.

410388.01

### TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee mobility in violation of Cal. Bus. & Prof. Code § 16600.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are

26

410388.01

1    discovered or otherwise become available.

2    **PRAYER FOR RELIEF**

3      Johnson denies that Gallagher is entitled to any of the relief requested in its FAC.

4    WHEREFORE, Johnson prays:

5          1.     That Gallagher take nothing by reason of its FAC;

6          2.     That judgment be rendered in favor of Johnson;

7          3.     That Johnson be awarded his costs incurred in defense of this action; and,

8          4.     That the Court provide such other relief as it deems proper.

9

10    Dated: February 8, 2008            KEKER & VAN NEST, LLP

11

12

13          By:   s/Daniel Purcell

14             DANIEL PURCELL
            Attorneys for Defendants
            ALLEN L. AMOS, ERIC CHUA, CAROL ANN

15             COHN, NEIL R. COHN, ROBERT E. DUTTO,
            ROBERT D. ELLSWORTH, SUSAN M.

16             ENGLISH, JAMES C. HALBLEIB, STEPHEN
            HAUSE, DON J. JOHNSON, LAURINDA A.

17             MARTIN, SHANDRANETTE MIDDLETON,
            GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,

18             LINDA SOO HOO, DIRCK R. STINSON,
            PAUL H. WAGENER, and ROBERT H.

19             WATKINS

20

21

22

23

24

25

26

27

28

ANSWER OF DON J. JOHNSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW