1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2  DANIEL PURCELL - #191424 (dpurcell@kvn.com)
   R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3  710 Sansome Street
   San Francisco, California  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendants
6  ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
   COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7  SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
   HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8  SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
   WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9  STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF ROBERT E. DUTTO**
    INC., a California Corporation,                **TO FIRST AMENDED**
16                                                 **COMPLAINT FOR DAMAGES AND**
                              Plaintiffs,          **INJUNCTIVE RELIEF**
17
             v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                            Defendants.

28

1    Defendant Robert E. Dutto ("Dutto") answers plaintiffs' First Amended Complaint as

2  follows:

3    I.    **NATURE OF ACTION**

4    1.    Dutto denies Gallagher's allegations of "illegal raiding" or "associated theft and

5  use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6  and the existence of any ongoing misconduct.  Except as expressly denied above, Dutto admits

7  Gallagher's characterization of its complaint and the claims for relief set forth therein.

8    2.    Dutto admits the allegations of this paragraph.

9    3.    Dutto admits that EPIC touts its belief in principles of business ethics, but denies,

10 to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical principles.

11 Dutto denies the remaining allegations in this paragraph as to him.  With respect to allegations in

12 this paragraph as to other Individual Defendants, Dutto lacks sufficient information to admit or

13 deny the allegations in this paragraph, and on that basis denies those allegations.

14   4.    Dutto denies the allegations in this paragraph as to him.  With respect to

15 allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

16 to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17   5.    This paragraph states legal conclusions to which no response is required.

18   6.    Dutto lacks sufficient information to admit or deny the allegations in this

19 paragraph, and on that basis denies those allegations.

20   7.    Dutto denies the allegations in this paragraph as to him.  With respect to

21 allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

22 to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

23   8.    Dutto denies the allegations in this paragraph as to him.  With respect to

24 allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

25 to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

26   9.    Dutto denies the allegations in this paragraph as to him.  With respect to

27 allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

28 to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    10.    Dutto admits that Wally Brown and Brian Quinn held the most senior

2  management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

3  in this paragraph, Dutto lacks sufficient information to admit or deny, and on that basis denies

4  those allegations.

5    11.    Dutto denies the allegations in this paragraph as to him.  With respect to

6  allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

7  information to admit or deny the allegations in this paragraph, and on that basis denies those

8  allegations.

9    **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

10    12.    This paragraph states a legal conclusion to which no response is required.

11    13.    This paragraph states a legal conclusion to which no response is required.

12    **III.    PARTIES AND PERSONAL JURISDICTION**

13    14.    Dutto lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15    15.    Dutto admits the allegations in this paragraph.

16    16.    Dutto admits that Francis and Hahn are co-founders of EPIC and have experience

17  in the insurance industry.  As to the remaining allegations in this paragraph, Dutto lacks

18  sufficient information to admit or deny, and on that basis denies those allegations.

19    17.    Dutto admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

20  Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

21  paragraph regarding the fiduciary status of certain individual defendants, those allegations state

22  legal conclusions to which no response is required.

23    18.    Dutto admits that the Individual Defendants, including himself, are current

24  employees of EPIC and former employees of Gallagher.  Dutto admits that he is a resident of the

25  State of California.  Except as expressly admitted, Dutto denies the allegations of this paragraph

26  as they relate to him, and denies the allegations of this paragraph as they relate to other

27  Individual Defendants on the basis that he lacks sufficient information to admit or deny those

28  allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    19.    Dutto denies the allegations in this paragraph as they relate to him.  For those

2  allegations that relate to other Individual Defendants and EPIC, Dutto lacks sufficient

3  information to admit or deny, and on that basis denies those allegations.

4    20.    Dutto admits that Gallagher has sued each of the Individual Defendants

5  individually as co-conspirators.  Except as expressly admitted, Dutto denies the allegations of

6  this paragraph as they relate to him.  Dutto denies the allegations of this paragraph as they relate

7  to other Individual Defendants and EPIC on the basis that he lacks sufficient information to

8  admit or deny those allegations.

9    21.    Dutto admits that Gallagher has sued each of the Individual Defendants

10  individually and is alleging that each Individual Defendant acted as an agent of the others.

11  Except as expressly admitted, Dutto denies the allegations of this paragraph as they relate to him.

12  Dutto denies the allegations of this paragraph as they relate to other Individual Defendants and

13  EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

14    **IV.    FACTUAL ALLEGATIONS**

15    22.    Dutto denies that this paragraph accurately characterizes the job duties of former

16  Gallagher employees who left to join EPIC.  Dutto denies the characterization that the Individual

17  Defendants left Gallagher *"en masse."*

18    23.    Dutto lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20    24.    Dutto lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22    25.    Dutto lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24    26.    Dutto admits that Gallagher and its employees have invested resources in

25  developing relationships with their clients.  Dutto further admits that, if Gallagher possessed any

26  confidential or trade-secret information, and, if that information were misappropriated by a

27  competitor, that misappropriation potentially could enable that competitor to compete unfairly

28  with Gallagher.  Dutto specifically denies that he misappropriated any Gallagher confidential

3

410416.01

1    information.  Except as expressly admitted or denied, Dutto denies the allegations in this

2    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

3    Defendants, Dutto lacks sufficient information to admit or deny the allegations in this paragraph,

4    and on that basis denies those allegations.

5         27.    Dutto admits that, during his employment at Gallagher, he gained access to non-

6    public Gallagher information.  Except as expressly admitted, Dutto lacks sufficient information

7    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

8         28.    Dutto admits the existence of Gallagher's Code for Business Conduct and Ethics,

9    Executive Agreements, and Stockholder Agreement referenced in this paragraph.  Without

10   having those documents in his possession, Dutto lacks sufficient information to admit or deny

11   Gallagher's allegations regarding the content of those documents, and on that basis denies those

12   allegations.  With respect to Gallagher's allegations regarding its Non-Competition Agreement

13   with Wally Brown, Dutto lacks sufficient information to admit or deny those allegations, and on

14   that basis denies those allegations.  Finally, Gallagher's statement that it "takes reasonable and

15   appropriate measures to safeguard its non-public commercially valuable information" states a

16   legal conclusion to which no response is required.

17        29.    Dutto admits that he executed a Producer Agreement with EPIC in conjunction

18   with beginning work at EPIC.  Dutto further admits that his agreement contains provisions

19   regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

20   loyalty, (d) solicitation of customers, and (e) injunctive relief.  Except as expressly admitted,

21   Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that

22   basis denies those allegations.

23        30.    Dutto lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25        31.    Dutto lacks sufficient information to admit or deny the allegations in this

26   paragraph, and on that basis denies those allegations.

27        32.    Dutto lacks sufficient information to admit or deny the allegations in this

28   paragraph, and on that basis denies those allegations.

4

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    33.    Dutto admits the allegations in this paragraph.

2    34.    Dutto lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4    35.    Dutto denies the allegations in this paragraph as to him.  With respect to

5    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

6    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

7    36.    Dutto denies the allegations in this paragraph as to him.  With respect to

8    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

9    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

10    37.    Dutto denies the allegations in this paragraph as to him.  With respect to

11    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

12    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13    38.    Dutto lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    39.    Dutto lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17    40.    Dutto lacks sufficient information to admit or deny the allegations in this

18    paragraph, and on that basis denies those allegations.

19    41.    Dutto lacks sufficient information to admit or deny the allegations in this

20    paragraph, and on that basis denies those allegations.

21    42.    Dutto lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    43.    Dutto lacks sufficient information to admit or deny the allegations in this

24    paragraph, and on that basis denies those allegations.

25    44.    Dutto lacks sufficient information to admit or deny the allegations in this

26    paragraph, and on that basis denies those allegations.

27    45.    Dutto lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    46.    Dutto lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    47.    Dutto lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5    48.    Dutto lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    49.    Dutto lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    50.    Dutto lacks sufficient information to admit or deny the allegations in this

10   paragraph, and on that basis denies those allegations.

11   51.    Dutto lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13   52.    Dutto lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15   53.    Dutto lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17   54.    Dutto lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19   55.    Dutto lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21   56.    Dutto lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23   57.    Dutto lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25   58.    Dutto lacks sufficient information to admit or deny the allegations in this

26   paragraph, and on that basis denies those allegations.

27   59.    Dutto lacks sufficient information to admit or deny the allegations in this

28   paragraph, and on that basis denies those allegations.

1    60.    Dutto lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3    61.    Dutto lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5    62.    Dutto lacks sufficient information to admit or deny the allegations of this

6  paragraph, and on that basis denies those allegations.

7    63.    Dutto denies the allegations in this paragraph as to him.  With respect to

8  allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

9  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

10    64.    Dutto denies the allegations in this paragraph as to him.  With respect to

11  allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

12  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13    65.    The first sentence of this paragraph is a prefatory statement to which no response

14  is required.  Dutto denies the remaining allegations in this paragraph as to him.  With respect to

15  allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

16  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17    66.    Dutto admits that George Petty was responsible for IT and computer systems in

18  Gallagher's San Ramon office.  Except as expressly admitted, Dutto lacks sufficient information

19  to admit or deny, and on that basis denies those allegations.

20    67.    Dutto denies the allegations in this paragraph as to him.  With respect to

21  allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

22  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

23    68.    Dutto lacks sufficient information to admit or deny the allegations of this

24  paragraph, and on that basis denies those allegations.

25    69.    Dutto denies the allegations in this paragraph as to him.  With respect to the

26  allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

27  information to admit or deny the allegations in this paragraph, and on that basis denies those

28  allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

70.    Dutto lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

71.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

72.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

73.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

74.    Dutto admits the allegations in this paragraph.

75.    Dutto denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

76.    Dutto denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

77.    Dutto denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

78.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

79.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

80.    Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

81.    Dutto denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

8

1    82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

2    forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

3    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

4    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

5    83.    Dutto lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    84.    Dutto lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    85.    Dutto lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11    86.    Dutto lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13    87.    Dutto admits that Wally Brown and Brian Quinn announced their resignations at

14    an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as

15    expressly admitted, Dutto lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17    88.    Dutto lacks sufficient information to admit or deny the allegations in this

18    paragraph, and on that basis denies those allegations.

19    89.    Dutto lacks sufficient information to admit or deny the allegations in this

20    paragraph, and on that basis denies those allegations.

21    90.    Dutto lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    91.    Dutto admits that he interviewed with EPIC on December 7 and 8, 2007 and

24    received an employment offer on December 8, 2007.  With respect to the allegations in this

25    paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient information to

26    admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27    92.    Dutto admits that he resigned from Gallagher on December 9, 2007, without

28    giving prior notice, to work at EPIC.  Dutto denies that he coordinated his resignation with any

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1   other employees or EPIC.  Dutto denies the remaining allegations in this paragraph as to him.

2   With respect to allegations in this paragraph as to other Individual Defendants, Dutto lacks

3   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

4   those allegations.

5          93.    Dutto admits that he accessed the Gallagher email system over the weekend of

6   December 8-9, 2007 only to email his resignation letter.  Except as expressly admitted, Dutto

7   denies the allegations in this paragraph as to him.  With respect to the allegations in this

8   paragraph as to other Individual Defendants, Dutto lacks sufficient information to admit or deny

9   the allegations in this paragraph, and on that basis denies those allegations.

10          94.    Dutto lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12          95.    Dutto lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14          96.    Dutto lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16          97.    Dutto lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18          98.    Dutto lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20          99.    Dutto lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22          100.   Dutto lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24          101.   Dutto lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26          102.   Dutto denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

10

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    allegations.

2         103.     This paragraph states a legal conclusion to which no response is required.  To the

3    degree a response is required, Dutto denies the allegations in this paragraph as to him.  With

4    respect to allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks

5    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

6    those allegations.  Although Plaintiffs do not specifically identify the document they quote, any

7    such document will speak for itself.

8         104.     Dutto denies the allegations in this paragraph as to him.  With respect to the

9    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

10   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

11        105.     Dutto lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13        106.     Dutto lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15        107.     Dutto denies the allegations in this paragraph as to him.  With respect to the

16   allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

17   information to admit or deny the allegations in this paragraph, and on that basis denies those

18   allegations.

19        108.     Dutto lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21        109.     Dutto lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23        110.     Dutto lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25        111.     Dutto lacks sufficient information to admit or deny the allegations in this

26   paragraph, and on that basis denies those allegations.

27        112.     Dutto lacks sufficient information to admit or deny the allegations in this

28   paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    113.    Dutto lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    114.    Dutto denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

5    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

6    115.    Dutto denies that he used any deceptive or unlawful business practices, or any

7    Gallagher business information, to convince any client to switch its business from Gallagher to

8    EPIC.  Except as expressly denied, Dutto lacks sufficient information to admit or deny the

9    allegations in this paragraph, and on that basis denies these allegations.

10    116.    Dutto lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12    117.    Dutto denies the allegations in this paragraph as to him.  With respect to the

13    allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    118.    Dutto lacks sufficient information to admit or deny the allegations in this

17    paragraph, and on that basis denies those allegations.

18    119.    Dutto denies that he has solicited any Gallagher employees or customers.  Except

19    as expressly denied, Dutto lacks sufficient information to admit or deny the allegations in this

20    paragraph, and on that basis denies those allegations.

21    120.    Dutto denies the allegations in this paragraph as to him.  With respect to the

22    allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

23    information to admit or deny the allegations in this paragraph, and on that basis denies those

24    allegations.

25    121.    Dutto denies the allegations in this paragraph as to him.  With respect to the

26    allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

27    information to admit or deny the allegations in this paragraph, and on that basis denies those

28    allegations.

1    122.    This paragraph states a legal conclusion to which no response is required.

2    123.    Dutto denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6    124.    Dutto lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8    125.    Dutto denies the allegations in this paragraph as to him.  With respect to the

9  allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

10  information to admit or deny the allegations in this paragraph, and on that basis denies those

11  allegations.

12    126.    This paragraph states legal conclusions to which no response is required.

13    127.    This paragraph states legal conclusions to which no response is required.

14  <div align="center">**COUNT ONE**</div>

15  **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual
16  Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

17    128.    Dutto realleges and incorporates by reference his responses to paragraphs 1

18  through 127.

19    129.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

20  to and does not respond to the allegations in the paragraph.

21    130.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

22  to and does not respond to the allegations in the paragraph.

23    131.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

24  to and does not respond to the allegations in the paragraph.

25    132.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

26  to and does not respond to the allegations in the paragraph.

27    133.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

28  to and does not respond to the allegations in the paragraph.

1    134.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

2    to and does not respond to the allegations in the paragraph.

3                                    **COUNT TWO**

4    **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,**

5    **Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

6    135.   Dutto realleges and incorporates by reference his responses to paragraphs 1

7    through 134.

8    136.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

9    to and does not respond to the allegations in the paragraph.

10   137.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

11   to and does not respond to the allegations in the paragraph.

12   138.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

13   to and does not respond to the allegations in the paragraph.

14   139.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

15   to and does not respond to the allegations in the paragraph.

16   140.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

17   to and does not respond to the allegations in the paragraph.

18   141.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

19   to and does not respond to the allegations in the paragraph.

20   142.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

21   to and does not respond to the allegations in the paragraph.

22                                 **COUNT THREE**

23   **(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants**

24   **EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on**

25   **behalf of and in furtherance of the conspiracy with EPIC)**

26   143.   Dutto realleges and incorporates by reference his responses to paragraphs 1

27   through 142.

28   144.   This cause of action is not asserted against Dutto. Dutto, therefore, is not required

14

410416.01

1    to and does not respond to the allegations in the paragraph.

2    145.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

3    to and does not respond to the allegations in the paragraph.

4    146.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

5    to and does not respond to the allegations in the paragraph.

6    147.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

7    to and does not respond to the allegations in the paragraph.

8    148.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

9    to and does not respond to the allegations in the paragraph.

10   149.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

11   to and does not respond to the allegations in the paragraph.

12   150.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

13   to and does not respond to the allegations in the paragraph.

14   151.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

15   to and does not respond to the allegations in the paragraph.

16   152.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

17   to and does not respond to the allegations in the paragraph.

18   153.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

19   to and does not respond to the allegations in the paragraph.

20   ## COUNT FOUR

21   **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against**
22   **Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on**
     **behalf of and in furtherance of the conspiracy with EPIC)**

23   154.    Dutto realleges and incorporates by reference his responses to paragraphs 1

24   through 153.

25   155.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

26   to and does not respond to the allegations in the paragraph.

27   156.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

28   to and does not respond to the allegations in the paragraph.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    157.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

2    to and does not respond to the allegations in the paragraph.

3    158.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

4    to and does not respond to the allegations in the paragraph.

5    159.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

6    to and does not respond to the allegations in the paragraph.

7    160.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

8    to and does not respond to the allegations in the paragraph.

9    ## COUNT FIVE

10   **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,
11   Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

12   161.    Dutto realleges and incorporates by reference his responses to paragraphs 1
13   through 160.

14   162.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
15   to and does not respond to the allegations in the paragraph.

16   163.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
17   to and does not respond to the allegations in the paragraph.

18   164.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
19   to and does not respond to the allegations in the paragraph.

20   165.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
21   to and does not respond to the allegations in the paragraph.

22   ## COUNT SIX

23   
24   **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,
Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,
25   Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

26   166.    Dutto realleges and incorporates by reference his responses to paragraphs 1
27   through 165.

28   167.    Dutto admits that he signed an Executive Agreement with Gallagher.  Without

410416.01

1    having possession of the Executive Agreement he signed, Dutto lacks sufficient information to

2    admit or deny its contents, and on that basis denies the allegations in the first sentence of this

3    paragraph.  In any event, the Executive Agreement will speak for itself.  Dutto admits that, when

4    he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

5    confidential or proprietary information, and not to solicit EPIC employees.

6           168.    Dutto admits that he agreed to abide by Gallagher's Code of Business Conduct

7    and Ethics.  Without having possession of a copy of that Code, Dutto lacks sufficient information

8    to admit or deny its contents, and on that basis denies the allegations in the first sentence of this

9    paragraph.  In any event, the Code will speak for itself.

10           169.    Dutto lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12           170.    Dutto lacks sufficient information to admit or deny the allegations in this

13    paragraph, and on that basis denies those allegations.

14           171.    Dutto denies the allegations in this paragraph as to him.  With respect to

15    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

16    to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17           172.    Dutto denies that he materially breached any contract with Gallagher.  Dutto lacks

18    sufficient information to admit or deny the remaining allegations in this paragraph, and on that

19    basis denies those allegations.

20           173.    This paragraph states legal conclusions to which no response is required.

21                        **COUNT SEVEN**

22    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,**
     **Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin,**

23      **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

24           174.    Dutto realleges and incorporates by reference his responses to paragraphs 1

25    through 173.

26           175.    This paragraph states a legal conclusion to which no response is required.

27           176.    Dutto denies the allegations in this paragraph as to him.  With respect to

28    allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

2        177.    Dutto lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4        178.    Dutto denies that he breached any duties contained in any agreements he signed

5  with Gallagher.  Dutto lacks sufficient information to admit or deny the remaining allegations in

6  this paragraph, and on that basis denies those allegations.

7                            **COUNT EIGHT**

8  **(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

9

10

11        179.    Dutto realleges and incorporates by reference his responses to paragraphs 1

12  through 178.

13        180.    Dutto lacks sufficient information to admit or deny that he was a member of the

14  employee categories listed by Plaintiffs, and on that basis denies those allegations.  With respect

15  to allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient

16  information to admit or deny the allegations in this paragraph, and on that basis denies those

17  allegations.  Although Plaintiffs do not specifically identify the document they quote, any such

18  document will speak for itself.  The remaining allegations in this paragraph state a legal

19  conclusion to which no response is required.

20        181.    Dutto denies the allegations in this paragraph as to him.  With respect to

21  allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

22  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

23        182.    This paragraph states a legal conclusion to which no response is required.

24        183.    Dutto denies that he did any act willfully or maliciously with the intent to injure

25  Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.

26  With respect to allegations in this paragraph as to other Individual Defendants, Dutto lacks

27  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

28  those allegations.  The remainder of this paragraph states legal conclusions to which no response

18

410416.01

1    is required.

2    <center>**COUNT NINE**</center>

3    <center>**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants**
4    **Except Francis and Hahn)**</center>

5        184.    Dutto realleges and incorporates by reference his responses to paragraphs 1

6    through 183.

7        185.    This paragraph states a legal conclusion to which no response is required.

8        186.    Dutto admits that, prior to his resignation from Gallagher, he was an employee of

9    Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

10   required.

11       187.    Dutto denies the allegations in this paragraph as to him.  With respect to

12   allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

13   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

14       188.    Dutto denies the allegations in this paragraph as to him.  With respect to

15   allegations in this paragraph as to other Individual Defendants, Dutto lacks sufficient information

16   to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

17       189.    Dutto denies the allegations in the first two sentences of this paragraph as to him.

18   With respect to allegations in the first two sentences this paragraph as to other Individual

19   Defendants, Dutto lacks sufficient information to admit or deny the allegations in this paragraph,

20   and on that basis denies those allegations.  The third sentence of this paragraph states legal

21   conclusions to which no response is required.

22   <center>**COUNT TEN**</center>

23   <center>**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn,**
24   **and Wick)**</center>

25       190.    Dutto realleges and incorporates by reference his responses to paragraphs 1

26   through 189.

27       191.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

28   to and does not respond to the allegations in the paragraph.

<center>19</center>

410416.01

1    192.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
2    to and does not respond to the allegations in the paragraph.

3    193.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
4    to and does not respond to the allegations in the paragraph.

5    194.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
6    to and does not respond to the allegations in the paragraph.

7    195.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
8    to and does not respond to the allegations in the paragraph.

9    196.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required
10   to and does not respond to the allegations in the paragraph.

11   ## COUNT ELEVEN

12   **(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC,
     Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth,
13   Halbleib, Hause, Johnson, Quinn, and Wagener)**

14

15   197.    Dutto realleges and incorporates by reference his responses to paragraphs 1
16   through 196.

17   198.    Dutto admits that Gallagher had and has business relationships with its employees
18   and customers.  With respect to Gallagher's "business expectancies" with its employees and
19   customers, Dutto lacks sufficient information to admit or deny the allegations in this paragraph,
20   and on that basis denies those allegations.

21   199.    Dutto denies the allegations in this paragraph as to him.  With respect to
22   allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient
23   information to admit or deny the allegations in this paragraph, and on that basis denies those
24   allegations.

25   200.    Dutto denies the allegations in this paragraph as to him.  With respect to
26   allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient
27   information to admit or deny the allegations in this paragraph, and on that basis denies those
28   allegations.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1     201.    This paragraph states a legal conclusion to which no response is required.

2     202.    Dutto denies that he did any act deliberately or maliciously with the deliberate

3 intent to injure Gallagher's business or improve his own business or realize any financial gain.

4 The remaining allegations of this paragraph state legal conclusions to which no response is

5 required.

6                       **COUNT TWELVE**

7   **(Unfair Competition – Cal. Bus. & Prof. Code §17200 et seq. – Against All Defendants)**

8     203.    Dutto realleges and incorporates by reference his responses to paragraphs 1

9 through 202.

10    204.    This paragraph states legal conclusions to which no response is required.

11    205.    This paragraph states legal conclusions to which no response is required.

12                      **COUNT THIRTEEN**

13          **(Unjust Enrichment – Against All Defendants)**

14    206.    Dutto realleges and incorporates by reference his responses to paragraphs 1

15 through 205.

16    207.    Dutto denies the allegations in this paragraph as to him.  With respect to

17 allegations in this paragraph as to other Individual Defendants and EPIC, Dutto lacks sufficient

18 information to admit or deny the allegations in this paragraph, and on that basis denies those

19 allegations.

20    208.    This paragraph states legal conclusions to which no response is required.

21                     **COUNT FOURTEEN**

22    **(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

23    209.    Dutto realleges and incorporates by reference his responses to paragraphs 1

24 through 208.

25    210.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

26 to and does not respond to the allegations in the paragraph.

27    211.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

28 to and does not respond to the allegations in the paragraph.

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    212.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

2    to and does not respond to the allegations in the paragraph.

3    213.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

4    to and does not respond to the allegations in the paragraph.

5    214.    This cause of action is not asserted against Dutto.  Dutto, therefore, is not required

6    to and does not respond to the allegations in the paragraph.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the First Amended Complaint ("FAC"), Dutto alleges the following:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

(Justification)

The actions of EPIC that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

////

410416.01

1

### FIFTH AFFIRMATIVE DEFENSE

2

(Good Faith)

3    EPIC acted in good faith and did not directly or indirectly perform any acts that would

4    constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

5

### SIXTH AFFIRMATIVE DEFENSE

6

(Failure to Conduct Reasonable Inquiry)

7    The FAC, and each and every purported cause of action alleged therein, is barred because

8    Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

9    because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

10    their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

11

### SEVENTH AFFIRMATIVE DEFENSE

12

(Privilege of Competition)

13    Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

14    privilege to compete.

15

### EIGHTH AFFIRMATIVE DEFENSE

16

(Absence of Irreparable Harm)

17    To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

18    because the injury or damages suffered by Gallagher, if any, would be adequately compensated

19    in an action at law for damages.

20

### NINTH AFFIRMATIVE DEFENSE

21

(Equitable Estoppel)

22    Some of the claims are barred by the doctrine of equitable estoppel.

23

### TENTH AFFIRMATIVE DEFENSE

24

(Judicial Estoppel)

25    Some of the claims are barred by the doctrine of judicial estoppel.

26

### ELEVENTH AFFIRMATIVE DEFENSE

27

(Unclean Hands)

28    Some of the claims are barred by the doctrine of unclean hands.

1

## TWELFTH AFFIRMATIVE DEFENSE

2

(Failure to Establish Misappropriation)

3

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

4

Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

5

allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7

(Failure to Establish Existence of Trade Secrets)

8

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

9

Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

10

readily ascertainable by proper means and is therefore not a "trade secret" under California law.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

12

(Invalidity of Contracts)

13

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

14

Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

15

Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

16

contracts as they lack consideration and/or are void for public policy reasons under California

17

law.

18

## FIFTEENTH AFFIRMATIVE DEFENSE

19

(Failure to Establish a Private Cause of Action)

20

Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

21

barred as an improper cause of action.

22

## SIXTEENTH AFFIRMATIVE DEFENSE

23

(Public Policy)

24

Some of the claims are barred insofar as several contract provisions are void for public

25

policy.

26

## SEVENTEENTH AFFIRMATIVE DEFENSE

27

(Waiver)

28

Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

24

1  purported cause of action contained therein, by reason of Gallagher's own actions and course of

2  conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

EPIC's conduct is not likely to mislead the public or harm Gallagher.

### NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

with the requisite particularity.

### TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because

any recovery would result in Gallagher's unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

required by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

the FAC, because California's laws regarding the alleged conduct in question in this action are

too vague to permit the imposition of punitive damages, and the award of punitive damages as

applied to the facts of this case would violate EPIC's constitutional rights under the United

States and California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee

ANSWER OF ROBERT E. DUTTO TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  mobility in violation of Cal. Bus. & Prof. Code § 16600.

2                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3                          (Incorporation of Other Defenses)

4        EPIC adopts and incorporates any and all other defenses raised or to be raised by any

5  other defendant joined in this litigation to the extent that said defenses are not inconsistent with

6  EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

7  out of this lawsuit.

8                     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9                             (Reservation of Rights)

10       EPIC reserves the right to raise additional affirmative and other defenses as they are

11 discovered or otherwise become available.

12                          **PRAYER FOR RELIEF**

13       Dutto denies that Gallagher is entitled to any of the relief requested in its FAC.

14 WHEREFORE, Dutto prays:

15              1.     That Gallagher take nothing by reason of its FAC;

16              2.     That judgment be rendered in favor of Dutto;

17              3.     That Dutto be awarded his costs incurred in defense of this action; and,

18              4.     That the Court provide such other relief as it deems proper.

19 Dated:  February 8, 2008                  KEKER & VAN NEST, LLP

20

21

22                                     By:  s/Daniel Purcell
                                            DANIEL PURCELL
23                                          Attorneys for Defendants
                                            ALLEN L. AMOS, ERIC CHUA, CAROL ANN
24                                          COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                            ROBERT D. ELLSWORTH, SUSAN M.
25                                          ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                            HAUSE, DON J. JOHNSON, LAURINDA A.
26                                          MARTIN, SHANDRANETTE MIDDLETON,
                                            GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
27                                          LINDA SOO HOO, DIRCK R. STINSON,
                                            PAUL H. WAGENER, and ROBERT H.
28                                          WATKINS

410416.01