1    KEKER & VAN NEST, LLP
     ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2    DANIEL PURCELL - #191424 (dpurcell@kvn.com)
     R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3    710 Sansome Street
     San Francisco, California  94111-1704
4    Telephone:  (415) 391-5400
     Facsimile:  (415) 397-7188
5
     Attorneys for Defendants
6    ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
     COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7    SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
     HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8    SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
     WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9    STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
     Corporation, ARTHUR J. GALLAGHER & CO.
15   INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF ROBERT D.
     INC., a California Corporation,                **ELLSWORTH TO FIRST
16                                                  **AMENDED COMPLAINT FOR
                                    Plaintiffs,     **DAMAGES AND INJUNCTIVE
17                                                  **RELIEF
            v.
18
     EDGEWOOD PARTNERS INSURANCE
19   CENTER, a California corporation; DAN R.
     FRANCIS; JOHN G. HAHN; ANDREW
20   ("WALLY") BROWN, JR.; BRIAN F. QUINN;
     NEIL R. COHN; CAROLANN COHN;
21   MICHAEL J. BROWN; STEPHEN HAUSE;
     LAURA J. WICK; JAMES C. HALBLEIB;
22   STEPHEN HAUSE; LAURINDA ("LAURIE") A.
     MARTIN; ERIC CHUA; GEORGE J. PETTY;
23   LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
     M. ENGLISH; DON J. JOHNSON; ALLEN L.
24   AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
     DIRCK ("RICK") R. STINSON; ROBERT
25   ("BOB") D. ELLSWORTH; ROBERT H.
     WATKINS; PAUL H. WAGENER;
26   SHANDRANETTE MIDDLETON,

27                                   Defendants.

28

1    Defendant Robert D. Ellsworth ("Ellsworth") answers plaintiffs' First Amended

2    Complaint as follows:

3    I.    **NATURE OF ACTION**

4    1.    Ellsworth denies Gallagher's allegations of "illegal raiding" or "associated theft

5    and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of

6    business," and the existence of any ongoing misconduct.  Except as expressly denied above,

7    Ellsworth admits Gallagher's characterization of its complaint and the claims for relief set forth

8    therein.

9    2.    Ellsworth admits the allegations of this paragraph.

10    3.    Ellsworth admits that EPIC touts its belief in principles of business ethics, but

11    denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical

12    principles.  Ellsworth denies the remaining allegations in this paragraph as to him.  With respect

13    to the allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    4.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

17    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20    5.    This paragraph states legal conclusions to which no response is required.

21    6.    Ellsworth lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    7.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

25    information to admit or deny the allegations in this paragraph, and on that basis denies those

26    allegations.

27    8.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

28    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

1

410430.01

1   information to admit or deny the allegations in this paragraph, and on that basis denies those

2   allegations.

3       9.      Ellsworth denies the allegations in this paragraph as to him.  With respect to the

4   allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

5   information to admit or deny the allegations in this paragraph, and on that basis denies those

6   allegations.

7       10.     Ellsworth admits that Wally Brown and Brian Quinn held the most senior

8   management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

9   in this paragraph, Ellsworth lacks sufficient information to admit or deny, and on that basis

10  denies those allegations.

11      11.     Ellsworth denies the allegations in this paragraph as to him.  With respect to the

12  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

13  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14  those allegations.

15              **II.    SUBJECT-MATTER JURISDICTION AND VENUE**

16      12.     This paragraph states a legal conclusion to which no response is required.

17      13.     This paragraph states a legal conclusion to which no response is required.

18              **III.    PARTIES AND PERSONAL JURISDICTION**

19      14.     Ellsworth lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21      15.     Ellsworth admits the allegations in this paragraph.

22      16.     Ellsworth admits that Francis and Hahn are co-founders of EPIC and have

23  experience in the insurance industry.  As to the remaining allegations in this paragraph,

24  Ellsworth lacks sufficient information to admit or deny, and on that basis denies those

25  allegations.

26      17.     Ellsworth admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

27  Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

28  paragraph regarding the fiduciary status of certain individual defendants, those allegations state

2

410430.01

1    legal conclusions to which no response is required.

2        18.    Ellsworth admits that the Individual Defendants, including himself, are current

3    employees of EPIC and former employees of Gallagher.  Ellsworth admits that he is a resident of

4    the State of California.  Except as expressly admitted, Ellsworth denies the allegations of this

5    paragraph as they relate to him, and denies the allegations of this paragraph as they relate to

6    other Individual Defendants on the basis that he lacks sufficient information to admit or deny

7    those allegations.

8        19.    Ellsworth denies the allegations in this paragraph as they relate to him.  For those

9    allegations that relate to other Individual Defendants and EPIC, Ellsworth lacks sufficient

10   information to admit or deny, and on that basis denies those allegations.

11       20.    Ellsworth admits that Gallagher has sued each of the Individual Defendants

12   individually as co-conspirators.  Except as expressly admitted, Ellsworth denies the allegations

13   of this paragraph as they relate to him.  Ellsworth denies the allegations of this paragraph as they

14   relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information

15   to admit or deny those allegations.

16       21.    Ellsworth admits that Gallagher has sued each of the Individual Defendants

17   individually and is alleging that each Individual Defendant acted as an agent of the others.

18   Except as expressly admitted, Ellsworth denies the allegations of this paragraph as they relate to

19   him.  Ellsworth denies the allegations of this paragraph as they relate to other Individual

20   Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those

21   allegations.

22                    **IV.    FACTUAL ALLEGATIONS**

23       22.    Ellsworth denies that this paragraph accurately characterizes the job duties of

24   former Gallagher employees who left to join EPIC.  Ellsworth denies the characterization that

25   the Individual Defendants left Gallagher "*en masse.*"

26       23.    Ellsworth lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28       24.    Ellsworth lacks sufficient information to admit or deny the allegations in this

1   paragraph, and on that basis denies those allegations.

2        25.    Ellsworth lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4        26.    Ellsworth admits that Gallagher and its employees have invested resources in

5   developing relationships with their clients.  Ellsworth further admits that, if Gallagher possessed

6   any confidential or trade-secret information, and, if that information were misappropriated by a

7   competitor, that misappropriation potentially could enable that competitor to compete unfairly

8   with Gallagher.  Ellsworth specifically denies that he misappropriated any Gallagher confidential

9   information.  Except as expressly admitted or denied, Ellsworth denies the allegations in this

10  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

11  Defendants, Ellsworth lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13       27.    Ellsworth admits that, during his employment at Gallagher, he gained access to

14  non-public Gallagher information.  Except as expressly admitted, Ellsworth lacks sufficient

15  information to admit or deny the allegations in this paragraph, and on that basis denies those

16  allegations.

17       28.    Ellsworth admits the existence of Gallagher's Code for Business Conduct and

18  Ethics and Stockholder Agreement referenced in this paragraph.  Without having those

19  documents in his possession, Ellsworth lacks sufficient information to admit or deny Gallagher's

20  allegations regarding the content of those documents, and on that basis denies those allegations.

21  With respect to Gallagher's allegations regarding its Executive Agreements and Non-

22  Competition Agreement with Wally Brown, Ellsworth lacks sufficient information to admit or

23  deny those allegations, and on that basis denies those allegations.  Finally, Gallagher's statement

24  that it "takes reasonable and appropriate measures to safeguard its non-public commercially

25  valuable information" states a legal conclusion to which no response is required.

26       29.    Ellsworth admits that he executed a Producer Agreement with EPIC in

27  conjunction with beginning work at EPIC.  Ellsworth further admits that his agreement contains

28  provisions regarding (a) confidential information and trade secrets, (b) solicitation of employees,

4

1  (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive relief. Except as expressly

2  admitted, Ellsworth lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      30.    Ellsworth lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      31.    Ellsworth lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      32.    Ellsworth lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10      33.    Ellsworth admits the allegations in this paragraph.

11      34.    Ellsworth lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13      35.    Ellsworth denies the allegations in this paragraph as to him. With respect to the

14  allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

15  information to admit or deny the allegations in this paragraph, and on that basis denies those

16  allegations.

17      36.    Ellsworth denies the allegations in this paragraph as to him. With respect to the

18  allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21      37.    Ellsworth denies the allegations in this paragraph as to him. With respect to the

22  allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

23  information to admit or deny the allegations in this paragraph, and on that basis denies those

24  allegations.

25      38.    Ellsworth lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      39.    Ellsworth lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1       40.    Ellsworth lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3       41.    Ellsworth lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5       42.    Ellsworth lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7       43.    Ellsworth lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9       44.    Ellsworth lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11       45.    Ellsworth lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13       46.    Ellsworth lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15       47.    Ellsworth lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17       48.    Ellsworth lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19       49.    Ellsworth lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21       50.    Ellsworth lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23       51.    Ellsworth lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25       52.    Ellsworth lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27       53.    Ellsworth lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    54.    Ellsworth lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    55.    Ellsworth lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5    56.    Ellsworth lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    57.    Ellsworth lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    58.    Ellsworth lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11    59.    Ellsworth lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13    60.    Ellsworth lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    61.    Ellsworth lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17    62.    Ellsworth lacks sufficient information to admit or deny the allegations of this

18    paragraph, and on that basis denies those allegations.

19    63.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

20    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

21    information to admit or deny the allegations in this paragraph, and on that basis denies those

22    allegations.

23    64.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

25    information to admit or deny the allegations in this paragraph, and on that basis denies those

26    allegations.

27    65.    The first sentence of this paragraph is a prefatory statement to which no response

28    is required.  Ellsworth denies the remaining allegations in this paragraph as to him.  With respect

7

1    to the allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

2    information to admit or deny the allegations in this paragraph, and on that basis denies those

3    allegations.

4         66.    Ellsworth admits that George Petty was responsible for IT and computer systems

5    in Gallagher's San Ramon office.  Except as expressly admitted, Ellsworth lacks sufficient

6    information to admit or deny, and on that basis denies those allegations.

7         67.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

8    allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

9    information to admit or deny the allegations in this paragraph, and on that basis denies those

10   allegations.

11        68.    Ellsworth lacks sufficient information to admit or deny the allegations of this

12   paragraph, and on that basis denies those allegations.

13        69.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

14   allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

15   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

16   those allegations.

17        70.    Ellsworth lacks sufficient information to admit or deny the allegations of this

18   paragraph, and on that basis denies those allegations.

19        71.    Ellsworth lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21        72.    Ellsworth lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23        73.    Ellsworth lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25        74.    Ellsworth admits the allegations in this paragraph.

26        75.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

27   allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

28   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

1 │ those allegations.

2 │        76.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

3 │ allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

4 │ information to admit or deny the allegations in this paragraph, and on that basis denies those

5 │ allegations.

6 │        77.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

7 │ allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

8 │ information to admit or deny the allegations in this paragraph, and on that basis denies those

9 │ allegations.

10 │        78.    Ellsworth lacks sufficient information to admit or deny the allegations in this

11 │ paragraph, and on that basis denies those allegations.

12 │        79.    Ellsworth lacks sufficient information to admit or deny the allegations in this

13 │ paragraph, and on that basis denies those allegations.

14 │        80.    Ellsworth lacks sufficient information to admit or deny the allegations in this

15 │ paragraph, and on that basis denies those allegations.

16 │        81.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the

17 │ allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

18 │ information to admit or deny the allegations in this paragraph, and on that basis denies those

19 │ allegations.

20 │        82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

21 │ forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

22 │ allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

23 │ information to admit or deny the allegations in this paragraph, and on that basis denies those

24 │ allegations.

25 │        83.    Ellsworth lacks sufficient information to admit or deny the allegations in this

26 │ paragraph, and on that basis denies those allegations.

27 │        84.    Ellsworth lacks sufficient information to admit or deny the allegations in this

28 │ paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

85.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

86.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

87.    Ellsworth admits that Wally Brown and Brian Quinn announced their resignations at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007. Except as expressly admitted, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

88.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

89.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

90.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

91.    Ellsworth admits that he interviewed with EPIC on December 7 and 8, 2007 and received an employment offer on December 8, 2007. With respect to the allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

92.    Ellsworth admits that he resigned from Gallagher on December 10, 2007 without giving prior notice to work at EPIC. Ellsworth denies that he coordinated his resignation with any other employees or EPIC. Ellsworth denies the remaining allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

93.    Ellsworth admits that he checked his email over the weekend of December 8-9, 2007 to see whether Mr. Jim McFarland had contacted him regarding the status of the office following the December 7, 2007 resignations. Ellsworth admits that McFarland never sent him an email. Except as expressly admitted, Ellsworth denies the allegations in this paragraph as to

10

1  him.  With respect to the allegations in this paragraph as to other Individual Defendants,

2  Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on

3  that basis denies those allegations.

4        94.    Ellsworth lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6        95.    Ellsworth lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8        96.    Ellsworth lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10       97.    Ellsworth admits that he resigned from Gallagher on December 10, 2007 without

11  giving prior notice to work at EPIC.  Ellsworth denies the remaining allegations in this paragraph

12  as to him.  With respect to the allegations in this paragraph as to other Individual Defendants,

13  Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on

14  that basis denies those allegations.

15       98.    Ellsworth lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17       99.    Ellsworth lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19       100.    Ellsworth lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21       101.    Ellsworth lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23       102.    Ellsworth lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25       103.    Ellsworth lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27       104.    Ellsworth lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

105.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

106.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

107.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

108.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

109.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

110.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

111.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

112.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

113.    Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

114.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

115.    Ellsworth denies that he used any deceptive or unlawful business practices, or any Gallagher business information, to convince any client to switch its business from Gallagher to EPIC.  Except as expressly denied, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies these allegations.

12

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1     116.    Ellsworth lacks sufficient information to admit or deny the allegations in this
2  paragraph, and on that basis denies those allegations.

3     117.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the
4  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks
5  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies
6  those allegations.

7     118.    Ellsworth lacks sufficient information to admit or deny the allegations in this
8  paragraph, and on that basis denies those allegations.

9     119.    Ellsworth denies that he has solicited any Gallagher employees or customers.
10  Except as expressly denied, Ellsworth lacks sufficient information to admit or deny the
11  allegations in this paragraph, and on that basis denies those allegations.

12     120.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the
13  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks
14  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies
15  those allegations.

16     121.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the
17  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks
18  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies
19  those allegations.

20     122.    This paragraph states a legal conclusion to which no response is required.

21     123.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the
22  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks
23  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies
24  those allegations.

25     124.    Ellsworth lacks sufficient information to admit or deny the allegations in this
26  paragraph, and on that basis denies those allegations.

27     125.    Ellsworth denies the allegations in this paragraph as to him.  With respect to the
28  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

1  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

2  those allegations.

3      126.    This paragraph states legal conclusions to which no response is required.

4      127.    This paragraph states legal conclusions to which no response is required.

5  

**COUNT ONE**

6  

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual**
7  **Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

8      128.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

9  through 127.

10      129.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

11  required to and does not respond to the allegations in the paragraph.

12      130.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

13  required to and does not respond to the allegations in the paragraph.

14      131.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

15  required to and does not respond to the allegations in the paragraph.

16      132.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

17  required to and does not respond to the allegations in the paragraph.

18      133.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

19  required to and does not respond to the allegations in the paragraph.

20      134.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

21  required to and does not respond to the allegations in the paragraph.

22  

**COUNT TWO**

23  

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn,**
24  **Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

25      135.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

26  through 134.

27      136.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

28  required to and does not respond to the allegations in the paragraph.

14

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    137.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

2    required to and does not respond to the allegations in the paragraph.

3    138.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

4    required to and does not respond to the allegations in the paragraph.

5    139.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

6    required to and does not respond to the allegations in the paragraph.

7    140.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

8    required to and does not respond to the allegations in the paragraph.

9    141.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

10   required to and does not respond to the allegations in the paragraph.

11   142.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

12   required to and does not respond to the allegations in the paragraph.

13                              **<u>COUNT THREE</u>**

14   **(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants
15   EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on
     behalf of and in furtherance of the conspiracy with EPIC)**

16   143.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

17   through 142.

18   144.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

19   required to and does not respond to the allegations in the paragraph.

20   145.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

21   required to and does not respond to the allegations in the paragraph.

22   146.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

23   required to and does not respond to the allegations in the paragraph.

24   147.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

25   required to and does not respond to the allegations in the paragraph.

26   148.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

27   required to and does not respond to the allegations in the paragraph.

28   149.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not

15

1    required to and does not respond to the allegations in the paragraph.

2          150.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4          151.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

5    required to and does not respond to the allegations in the paragraph.

6          152.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

7    required to and does not respond to the allegations in the paragraph.

8          153.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

9    required to and does not respond to the allegations in the paragraph.

10                                    **COUNT FOUR**

11   **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against**
     **Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on**
12   **behalf of and in furtherance of the conspiracy with EPIC)**

13         154.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

14   through 153.

15         155.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

16   required to and does not respond to the allegations in the paragraph.

17         156.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

18   required to and does not respond to the allegations in the paragraph.

19         157.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

20   required to and does not respond to the allegations in the paragraph.

21         158.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

22   required to and does not respond to the allegations in the paragraph.

23         159.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

24   required to and does not respond to the allegations in the paragraph.

25         160.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

26   required to and does not respond to the allegations in the paragraph.

27

28

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410430.01

1

## COUNT FIVE

2

**(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

3

4

      161.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1 through 160.

5

6

      162.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

7

8

      163.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

9

10

      164.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

11

12

      165.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

13

14

## COUNT SIX

15

**(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause, Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

16

17

      166.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1 through 165.

18

19

      167.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

20

21

      168.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

22

23

      169.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

24

25

      170.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

26

27

      171.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

28

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    172.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

2    required to and does not respond to the allegations in the paragraph.

3    173.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

4    required to and does not respond to the allegations in the paragraph.

5    **COUNT SEVEN**

6    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin,**
7    **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

8    174.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

9    through 173.

10    175.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

11    required to and does not respond to the allegations first in the paragraph.

12    176.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

13    required to and does not respond to the allegations in the paragraph.

14    177.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

15    required to and does not respond to the allegations in the paragraph.

16    178.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

17    required to and does not respond to the allegations in the paragraph.

18    **COUNT EIGHT**

19    **(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual**
   **Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos,**
20    **Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul**
   **Wagener)**
21

22    179.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

23    through 178.

24    180.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

25    required to and does not respond to the allegations in the paragraph.

26    181.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

27    required to and does not respond to the allegations in the paragraph.

28    182.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

18

410430.01

1    required to and does not respond to the allegations in the paragraph.

2        183.    This cause of action is not asserted against Ellsworth.  Ellsworth, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4                                    **COUNT NINE**

5    **(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants**
     **Except Francis and Hahn)**

6

7        184.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

8    through 183.

9        185.    This paragraph states a legal conclusion to which no response is required.

10       186.    Ellsworth admits that, prior to his resignation from Gallagher, he was an

11   employee of Gallagher.  The remainder of this paragraph states legal conclusions to which no

12   response is required.

13       187.    Ellsworth denies the allegations in this paragraph as to him.  With respect to

14   allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

15   information to admit or deny the allegations in this paragraph, and on that basis denies those

16   allegations.

17       188.    Ellsworth denies the allegations in this paragraph as to him.  With respect to

18   allegations in this paragraph as to other Individual Defendants, Ellsworth lacks sufficient

19   information to admit or deny the allegations in this paragraph, and on that basis denies those

20   allegations.

21       189.    Ellsworth denies the allegations in the first two sentences of this paragraph as to

22   him.  With respect to allegations in the first two sentences this paragraph as to other Individual

23   Defendants, Ellsworth lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states

25   legal conclusions to which no response is required.

26

27

28

410430.01        ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
                 INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

**COUNT TEN**

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

190.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1 through 189.

191.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

192.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

193.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

194.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

195.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

196.    This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT ELEVEN**

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    Ellsworth admits that Gallagher had and has business relationships with its employees and customers. With respect to Gallagher's "business expectancies" with its employees and customers, Ellsworth lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

199.    Ellsworth denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

1  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

2  those allegations.

3       200.    Ellsworth denies the allegations in this paragraph as to him.  With respect to

4  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

5  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

6  those allegations.

7       201.    This paragraph states a legal conclusion to which no response is required.

8       202.    Ellsworth denies that he did any act deliberately or maliciously with the deliberate

9  intent to injure Gallagher's business or improve his own business or realize any financial gain.

10  The remaining allegations of this paragraph state legal conclusions to which no response is

11  required.

12                      **<u>COUNT TWELVE</u>**

13  **(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

14       203.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

15  through 202.

16       204.    This paragraph states legal conclusions to which no response is required.

17       205.    This paragraph states legal conclusions to which no response is required.

18                      **<u>COUNT THIRTEEN</u>**

19             **(Unjust Enrichment – Against All Defendants)**

20       206.    Ellsworth realleges and incorporates by reference his responses to paragraphs 1

21  through 205.

22       207.    Ellsworth denies the allegations in this paragraph as to him.  With respect to

23  allegations in this paragraph as to other Individual Defendants and EPIC, Ellsworth lacks

24  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

25  those allegations.

26       208.    This paragraph states legal conclusions to which no response is required.

27

28

410430.01       ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
                              INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

## COUNT FOURTEEN

### (Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)

209. Ellsworth realleges and incorporates by reference his responses to paragraphs 1 through 208.

210. This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

211. This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

212. This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

213. This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

214. This cause of action is not asserted against Ellsworth. Ellsworth, therefore, is not required to and does not respond to the allegations in the paragraph.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the First Amended Complaint ("FAC"), Ellsworth alleges the following:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

#### (Justification)

The actions of EPIC that allegedly give rise to liability herein, if any such actions

22

1  occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

2  **FOURTH AFFIRMATIVE DEFENSE**

3  (Failure to Establish Causation)

4  Without in any way admitting that any of the conduct alleged in the FAC occurred or is

5  in any way unlawful, Gallagher may not recover any damages sought herein because there is no

6  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

7  Gallagher.

8  **FIFTH AFFIRMATIVE DEFENSE**

9  (Good Faith)

10  EPIC acted in good faith and did not directly or indirectly perform any acts that would

11  constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

12  **SIXTH AFFIRMATIVE DEFENSE**

13  (Failure to Conduct Reasonable Inquiry)

14  The FAC, and each and every purported cause of action alleged therein, is barred because

15  Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

16  because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

17  their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

18  **SEVENTH AFFIRMATIVE DEFENSE**

19  (Privilege of Competition)

20  Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

21  privilege to compete.

22  **EIGHTH AFFIRMATIVE DEFENSE**

23  (Absence of Irreparable Harm)

24  To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

25  because the injury or damages suffered by Gallagher, if any, would be adequately compensated

26  in an action at law for damages.

27  ////

28  ////

410430.01

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

## NINTH AFFIRMATIVE DEFENSE

2

(Equitable Estoppel)

3

Some of the claims are barred by the doctrine of equitable estoppel.

4

## TENTH AFFIRMATIVE DEFENSE

5

(Judicial Estoppel)

6

Some of the claims are barred by the doctrine of judicial estoppel.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

(Unclean Hands)

9

Some of the claims are barred by the doctrine of unclean hands.

10

## TWELFTH AFFIRMATIVE DEFENSE

11

(Failure to Establish Misappropriation)

12

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

13

Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

14

allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16

(Failure to Establish Existence of Trade Secrets)

17

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

18

Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

19

readily ascertainable by proper means and is therefore not a "trade secret" under California law.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

21

(Invalidity of Contracts)

22

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

23

Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

24

Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

25

contracts as they lack consideration and/or are void for public policy reasons under California

26

law.

27

////

28

////

1                **FIFTEENTH AFFIRMATIVE DEFENSE**

2           (Failure to Establish a Private Cause of Action)

3       Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

4 barred as an improper cause of action.

5                **SIXTEENTH AFFIRMATIVE DEFENSE**

6                    (Public Policy)

7       Some of the claims are barred insofar as several contract provisions are void for public

8 policy.

9              **SEVENTEENTH AFFIRMATIVE DEFENSE**

10                    (Waiver)

11       Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

12 purported cause of action contained therein, by reason of Gallagher's own actions and course of

13 conduct.

14              **EIGHTEENTH AFFIRMATIVE DEFENSE**

15              (Absence of Deception)

16       Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

17 EPIC's conduct is not likely to mislead the public or harm Gallagher.

18              **NINETEENTH AFFIRMATIVE DEFENSE**

19              (Lack of Specificity)

20       The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

21 with the requisite particularity.

22              **TWENTIETH AFFIRMATIVE DEFENSE**

23              (Unjust Enrichment)

24       The FAC, and each and every purported cause of action alleged therein, is barred because

25 any recovery would result in Gallagher's unjust enrichment.

26             **TWENTY-FIRST AFFIRMATIVE DEFENSE**

27              (Failure to Mitigate)

28       Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

410430.01

1  required by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee mobility in violation of Cal. Bus. & Prof. Code § 16600.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

## PRAYER FOR RELIEF

Ellsworth denies that Gallagher is entitled to any of the relief requested in its FAC. WHEREFORE, Ellsworth prays:

1.　　That Gallagher take nothing by reason of its FAC;

2.　　That judgment be rendered in favor of Ellsworth;

3.　　That Ellsworth be awarded his costs incurred in defense of this action;

26

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1          and,

2      4.    That the Court provide such other relief as it deems proper.

3

4   Dated: February 8, 2008              KEKER & VAN NEST, LLP

5

6

7                               By: s/Daniel Purcell
                                    DANIEL PURCELL
8                                   Attorneys for Defendants
                                    ALLEN L. AMOS, ERIC CHUA, CAROL ANN
9                                   COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                    ROBERT D. ELLSWORTH, SUSAN M.
10                                  ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                    HAUSE, DON J. JOHNSON, LAURINDA A.
11                                  MARTIN, SHANDRANETTE MIDDLETON,
                                    GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
12                                  LINDA SOO HOO, DIRCK R. STINSON,
                                    PAUL H. WAGENER, and ROBERT H.
13                                  WATKINS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

410430.01

ANSWER OF ROBERT D. ELLSWORTH TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW