KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
710 Sansome Street
San Francisco, California  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., a Delaware Corporation, ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>                                        Plaintiffs,<br><br>        v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; STEPHEN HAUSE; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>                                        Defendants. | Case No. 07-CV-06418-JSW<br><br>**ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

1    Defendant Allen L. Amos ("Amos") answers plaintiffs' First Amended Complaint as

2  follows:

3                          I.        **NATURE OF ACTION**

4        1.        Amos denies Gallagher's allegations of "illegal raiding" or "associated theft and

5  use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6  and the existence of any ongoing misconduct.  Except as expressly denied above, Amos admits

7  Gallagher's characterization of its complaint and the claims for relief set forth therein.

8        2.        Amos admits the allegations of this paragraph.

9        3.        Amos admits that EPIC touts its belief in principles of business ethics, but denies,

10  to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical principles.

11  Amos denies the remaining allegations in this paragraph as to him.  With respect to the

12  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15        4.        Amos denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19        5.        This paragraph states legal conclusions to which no response is required.

20        6.        Amos lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22        7.        Amos denies the allegations in this paragraph as to him.  With respect to the

23  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26        8.        Amos denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

1

410428.01        ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    allegations.

2       9.      Amos denies the allegations in this paragraph as to him.  With respect to the

3    allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

4    information to admit or deny the allegations in this paragraph, and on that basis denies those

5    allegations.

6       10.     Amos admits that Wally Brown and Brian Quinn held the most senior

7    management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

8    in this paragraph, Amos lacks sufficient information to admit or deny, and on that basis denies

9    those allegations.

10      11.     Amos denies the allegations in this paragraph as to him.  With respect to the

11   allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

12   information to admit or deny the allegations in this paragraph, and on that basis denies those

13   allegations.

14              **II.       SUBJECT-MATTER JURISDICTION AND VENUE**

15      12.     This paragraph states a legal conclusion to which no response is required.

16      13.     This paragraph states a legal conclusion to which no response is required.

17              **III.      PARTIES AND PERSONAL JURISDICTION**

18      14.     Amos lacks sufficient information to admit or deny the allegations in this

19   paragraph, and on that basis denies those allegations.

20      15.     Amos admits the allegations in this paragraph.

21      16.     Amos admits that Francis and Hahn are co-founders of EPIC and have experience

22   in the insurance industry.  As to the remaining allegations in this paragraph, Amos lacks

23   sufficient information to admit or deny, and on that basis denies those allegations.

24      17.     Amos admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

25   Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

26   paragraph regarding the fiduciary status of certain individual defendants, those allegations state

27   legal conclusions to which no response is required.

28      18.     Amos admits that the Individual Defendants, including himself, are current

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  employees of EPIC and former employees of Gallagher. Amos admits that he is a resident of the

2  State of California. Except as expressly admitted, Amos denies the allegations of this paragraph

3  as they relate to him, and denies the allegations of this paragraph as they relate to other

4  Individual Defendants on the basis that he lacks sufficient information to admit or deny those

5  allegations.

6      19.    Amos denies the allegations in this paragraph as they relate to him. For those

7  allegations that relate to other Individual Defendants and EPIC, Amos lacks sufficient

8  information to admit or deny, and on that basis denies those allegations.

9      20.    Amos admits that Gallagher has sued each of the Individual Defendants

10  individually as co-conspirators. Except as expressly admitted, Amos denies the allegations of

11  this paragraph as they relate to him. Amos denies the allegations of this paragraph as they relate

12  to other Individual Defendants and EPIC on the basis that he lacks sufficient information to

13  admit or deny those allegations.

14      21.    Amos admits that Gallagher has sued each of the Individual Defendants

15  individually and is alleging that each Individual Defendant acted as an agent of the others.

16  Except as expressly admitted, Amos denies the allegations of this paragraph as they relate to

17  him. Amos denies the allegations of this paragraph as they relate to other Individual Defendants

18  and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

19              **IV.    FACTUAL ALLEGATIONS**

20      22.    Amos denies that this paragraph accurately characterizes the job duties of former

21  Gallagher employees who left to join EPIC. Amos denies the characterization that the Individual

22  Defendants left Gallagher "*en masse.*"

23      23.    Amos lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      24.    Amos lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      25.    Amos lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

3

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

26.    Amos admits that Gallagher and its employees have invested resources in developing relationships with their clients. Amos further admits that, if Gallagher possessed any confidential or trade-secret information, and, if that information were misappropriated by a competitor, that misappropriation potentially could enable that competitor to compete unfairly with Gallagher. Amos specifically denies that he misappropriated any Gallagher confidential information. Except as expressly admitted or denied, Amos denies the allegations in this paragraph as to him. With respect to the allegation in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27.    Amos admits that, during his employment at Gallagher, he gained access to non-public Gallagher information. Except as expressly admitted, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

28.    Amos admits the existence of Gallagher's Code for Business Conduct and Ethics and Executive Agreements referenced in this paragraph. Without having those documents in his possession, Amos lacks sufficient information to admit or deny Gallagher's allegations regarding the content of those documents, and on that basis denies those allegations. With respect to Gallagher's allegations regarding its Non-Competition Agreement with Wally Brown and Stockholder Agreement, Amos lacks sufficient information to admit or deny those allegations, and on that basis denies those allegations. Finally, Gallagher's statement that it "takes reasonable and appropriate measures to safeguard its non-public commercially valuable information" states a legal conclusion to which no response is required.

29.    Amos admits that he executed a Producer Agreement with EPIC in conjunction with beginning work at EPIC. Amos further admits that his agreement contains provisions regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive relief. Except as expressly admitted, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

30.    Amos lacks sufficient information to admit or deny the allegations in this

4

1  paragraph, and on that basis denies those allegations.

2      31.    Amos lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      32.    Amos lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      33.    Amos admits the allegations in this paragraph.

7      34.    Amos lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9      35.    Amos denies the allegations in this paragraph as to him.  With respect to the

10  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

11  information to admit or deny the allegations in this paragraph, and on that basis denies those

12  allegations.

13      36.    Amos denies the allegations in this paragraph as to him.  With respect to the

14  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

15  information to admit or deny the allegations in this paragraph, and on that basis denies those

16  allegations.

17      37.    Amos denies the allegations in this paragraph as to him.  With respect to the

18  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21      38.    Amos lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23      39.    Amos lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25      40.    Amos lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      41.    Amos lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

5

1    42.    Amos lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    43.    Amos lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5    44.    Amos lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    45.    Amos lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    46.    Amos lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11    47.    Amos lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13    48.    Amos lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    49.    Amos lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17    50.    Amos lacks sufficient information to admit or deny the allegations in this

18    paragraph, and on that basis denies those allegations.

19    51.    Amos lacks sufficient information to admit or deny the allegations in this

20    paragraph, and on that basis denies those allegations.

21    52.    Amos lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    53.    Amos lacks sufficient information to admit or deny the allegations in this

24    paragraph, and on that basis denies those allegations.

25    54.    Amos lacks sufficient information to admit or deny the allegations in this

26    paragraph, and on that basis denies those allegations.

27    55.    Amos lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

56.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

57.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

58.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

59.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

60.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

61.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

62.     Amos lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

63.     Amos denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

64.     Amos denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

65.     The first sentence of this paragraph is a prefatory statement to which no response is required.  Amos denies the remaining allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

66.     Amos admits that George Petty was responsible for IT and computer systems in

7

1  Gallagher's San Ramon office.  Except as expressly admitted, Amos lacks sufficient information

2  to admit or deny, and on that basis denies those allegations.

3        67.    Amos denies the allegations in this paragraph as to him.  With respect to the

4  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

5  information to admit or deny the allegations in this paragraph, and on that basis denies those

6  allegations.

7        68.    Amos lacks sufficient information to admit or deny the allegations of this

8  paragraph, and on that basis denies those allegations.

9        69.    Amos denies the allegations in this paragraph as to him.  With respect to the

10  allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

11  information to admit or deny the allegations in this paragraph, and on that basis denies those

12  allegations.

13        70.    Amos lacks sufficient information to admit or deny the allegations of this

14  paragraph, and on that basis denies those allegations.

15        71.    Amos lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17        72.    Amos lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19        73.    Amos lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21        74.    Amos admits the allegations in this paragraph.

22        75.    Amos denies the allegations in this paragraph as to him.  With respect to the

23  allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26        76.    Amos denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  allegations.

2      77.    Amos denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6      78.    Amos lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      79.    Amos lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10     80.    Amos lacks sufficient information to admit or deny the allegations in this

11 paragraph, and on that basis denies those allegations.

12     81.    Amos denies the allegations in this paragraph as to him.  With respect to the

13 allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

14 information to admit or deny the allegations in this paragraph, and on that basis denies those

15 allegations.

16     82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

17 forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

18 allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

19 information to admit or deny the allegations in this paragraph, and on that basis denies those

20 allegations.

21     83.    Amos lacks sufficient information to admit or deny the allegations in this

22 paragraph, and on that basis denies those allegations.

23     84.    Amos lacks sufficient information to admit or deny the allegations in this

24 paragraph, and on that basis denies those allegations.

25     85.    Amos lacks sufficient information to admit or deny the allegations in this

26 paragraph, and on that basis denies those allegations.

27     86.    Amos lacks sufficient information to admit or deny the allegations in this

28 paragraph, and on that basis denies those allegations.

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

87.     Amos admits that Wally Brown and Brian Quinn announced their resignations at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as expressly admitted, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

88.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

89.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

90.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

91.     Amos denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

92.     Amos admits that he resigned from Gallagher on December 9, 2007 without giving prior notice to work at EPIC.  Amos denies that he coordinated his resignation with any other employees or EPIC.  Amos denies the remaining allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

93.     Amos denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

94.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

95.     Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

10

410428.01

1    96.    Amos lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3    97.    Amos lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5    98.    Amos lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7    99.    Amos lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9    100.    Amos lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11    101.    Amos lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13    102.    Amos denies the allegations in this paragraph as to him.  With respect to the

14  allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

15  information to admit or deny the allegations in this paragraph, and on that basis denies those

16  allegations.

17    103.    This paragraph states a legal conclusion to which no response is required.  To the

18  degree a response is required, Amos denies the allegations in this paragraph as to him.  With

19  respect to allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks

20  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

21  those allegations.  Although Plaintiffs do not specifically identify the document they quote, any

22  such document will speak for itself.

23    104.    Amos denies the allegations in this paragraph as to him.  With respect to the

24  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

25  information to admit or deny the allegations in this paragraph, and on that basis denies those

26  allegations.

27    105.    Amos lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    106.    Amos lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    107.    Amos denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

5    information to admit or deny the allegations in this paragraph, and on that basis denies those

6    allegations.

7    108.    Amos lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    109.    Amos lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11    110.    Amos lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13    111.    Amos lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15    112.    Amos lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17    113.    Amos lacks sufficient information to admit or deny the allegations in this

18    paragraph, and on that basis denies those allegations.

19    114.    Amos denies the allegations in this paragraph as to him.  With respect to the

20    allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

21    information to admit or deny the allegations in this paragraph, and on that basis denies those

22    allegations.

23    115.    Amos denies that he used any deceptive or unlawful business practices, or any

24    Gallagher business information, to convince any client to switch its business from Gallagher to

25    EPIC.  Except as expressly denied, Amos lacks sufficient information to admit or deny the

26    allegations in this paragraph, and on that basis denies these allegations.

27    116.    Amos lacks sufficient information to admit or deny the allegations in this

28    paragraph, and on that basis denies those allegations.

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    117.    Amos denies the allegations in this paragraph as to him.  With respect to the

2    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

3    information to admit or deny the allegations in this paragraph, and on that basis denies those

4    allegations.

5    118.    Amos lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    119.    Amos denies that he has solicited any Gallagher employees or customers.  Except

8    as expressly denied, Amos lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10    120.    Amos denies the allegations in this paragraph as to him.  With respect to the

11    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

12    information to admit or deny the allegations in this paragraph, and on that basis denies those

13    allegations.

14    121.    Amos denies the allegations in this paragraph as to him.  With respect to the

15    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

16    information to admit or deny the allegations in this paragraph, and on that basis denies those

17    allegations.

18    122.    This paragraph states a legal conclusion to which no response is required.

19    123.    Amos denies the allegations in this paragraph as to him.  With respect to the

20    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

21    information to admit or deny the allegations in this paragraph, and on that basis denies those

22    allegations.

23    124.    Amos lacks sufficient information to admit or deny the allegations in this

24    paragraph, and on that basis denies those allegations.

25    125.    Amos denies the allegations in this paragraph as to him.  With respect to the

26    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

27    information to admit or deny the allegations in this paragraph, and on that basis denies those

28    allegations.

13

1    126.    This paragraph states legal conclusions to which no response is required.

2    127.    This paragraph states legal conclusions to which no response is required.

3    **COUNT ONE**

4    **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

5

6    128.    Amos realleges and incorporates by reference his responses to paragraphs 1

7    through 127.

8    129.    This cause of action is not asserted against Amos.  Amos, therefore, is not

9    required to and does not respond to the allegations in the paragraph.

10    130.    This cause of action is not asserted against Amos.  Amos, therefore, is not

11    required to and does not respond to the allegations in the paragraph.

12    131.    This cause of action is not asserted against Amos.  Amos, therefore, is not

13    required to and does not respond to the allegations in the paragraph.

14    132.    This cause of action is not asserted against Amos.  Amos, therefore, is not

15    required to and does not respond to the allegations in the paragraph.

16    133.    This cause of action is not asserted against Amos.  Amos, therefore, is not

17    required to and does not respond to the allegations in the paragraph.

18    134.    This cause of action is not asserted against Amos.  Amos, therefore, is not

19    required to and does not respond to the allegations in the paragraph.

20    **COUNT TWO**

21    **(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

22

23    135.    Amos realleges and incorporates by reference his responses to paragraphs 1

24    through 134.

25    136.    This cause of action is not asserted against Amos.  Amos, therefore, is not

26    required to and does not respond to the allegations in the paragraph.

27    137.    This cause of action is not asserted against Amos.  Amos, therefore, is not

28    required to and does not respond to the allegations in the paragraph.

14

410428.01

138.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

139.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

140.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

141.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

142.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT THREE

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defèndants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143.   Amos realleges and incorporates by reference his responses to paragraphs 1 through 142.

144.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

145.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

146.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

147.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

148.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

149.   This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

150.   This cause of action is not asserted against Amos.  Amos, therefore, is not

15

1  required to and does not respond to the allegations in the paragraph.

2      151.    This cause of action is not asserted against Amos.  Amos, therefore, is not

3  required to and does not respond to the allegations in the paragraph.

4      152.    This cause of action is not asserted against Amos.  Amos, therefore, is not

5  required to and does not respond to the allegations in the paragraph.

6      153.    This cause of action is not asserted against Amos.  Amos, therefore, is not

7  required to and does not respond to the allegations in the paragraph.

8                              **COUNT FOUR**

9  **(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against
   Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on
10  behalf of and in furtherance of the conspiracy with EPIC)**

11     154.    Amos realleges and incorporates by reference his responses to paragraphs 1

12  through 153.

13     155.    This cause of action is not asserted against Amos.  Amos, therefore, is not

14  required to and does not respond to the allegations in the paragraph.

15     156.    This cause of action is not asserted against Amos.  Amos, therefore, is not

16  required to and does not respond to the allegations in the paragraph.

17     157.    This cause of action is not asserted against Amos.  Amos, therefore, is not

18  required to and does not respond to the allegations in the paragraph.

19     158.    This cause of action is not asserted against Amos.  Amos, therefore, is not

20  required to and does not respond to the allegations in the paragraph.

21     159.    This cause of action is not asserted against Amos.  Amos, therefore, is not

22  required to and does not respond to the allegations in the paragraph.

23     160.    This cause of action is not asserted against Amos.  Amos, therefore, is not

24  required to and does not respond to the allegations in the paragraph.

25                              **COUNT FIVE**

26  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,
   Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

27

28     161.    Amos realleges and incorporates by reference his responses to paragraphs 1

                                    16

1    through 160.

2        162.    This cause of action is not asserted against Amos.  Amos, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4        163.    This cause of action is not asserted against Amos.  Amos, therefore, is not

5    required to and does not respond to the allegations in the paragraph.

6        164.    This cause of action is not asserted against Amos.  Amos, therefore, is not

7    required to and does not respond to the allegations in the paragraph.

8        165.    This cause of action is not asserted against Amos.  Amos, therefore, is not

9    required to and does not respond to the allegations in the paragraph.

10                           **COUNT SIX**

11   **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
12   **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
     **Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

13       166.    Amos realleges and incorporates by reference his responses to paragraphs 1

14   through 165.

15       167.    Amos admits that he signed an Executive Agreement with Gallagher.  Without

16   having possession of the Executive Agreement he signed, Amos lacks sufficient information to

17   admit or deny its contents, and on that basis denies the allegations in the first sentence of this

18   paragraph.  In any event, the Executive Agreement will speak for itself.  Amos admits that, when

19   he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

20   confidential or proprietary information, and not to solicit EPIC employees.

21       168.    Amos admits that he agreed to abide by Gallagher's Code of Business Conduct

22   and Ethics.  Without having possession of a copy of that Code, Amos lacks sufficient

23   information to admit or deny its contents, and on that basis denies the allegations in the first

24   sentence of this paragraph.  In any event, the Code will speak for itself.

25       169.    Amos lacks sufficient information to admit or deny the allegations in this

26   paragraph, and on that basis denies those allegations.

27       170.    Amos lacks sufficient information to admit or deny the allegations in this

28   paragraph, and on that basis denies those allegations.

                                    17

410428.01

1    171.    Amos denies the allegations in this paragraph as to him.  With respect to

2  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

3  information to admit or deny the allegations in this paragraph, and on that basis denies those

4  allegations.

5    172.    Amos denies that he materially breached any contract with Gallagher.  Amos

6  lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

7  that basis denies those allegations.

8    173.    This paragraph states legal conclusions to which no response is required.

9                              **COUNT SEVEN**

10  **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,
    Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin,**

11  **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

12    174.    Amos realleges and incorporates by reference his responses to paragraphs 1

13  through 173.

14    175.    This paragraph states a legal conclusion to which no response is required.

15    176.    Amos denies the allegations in this paragraph as to him.  With respect to

16  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19    177.    Amos lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21    178.    Amos denies that he breached any duties contained in any agreements he signed

22  with Gallagher.  Amos lacks sufficient information to admit or deny the remaining allegations in

23  this paragraph, and on that basis denies those allegations.

24                              **COUNT EIGHT**

25  **(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual
    Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos,**

26  **Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul**

27  **Wagener)**

28    179.    Amos realleges and incorporates by reference his responses to paragraphs 1

                              18

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  through 178.

2       180.    Amos lacks sufficient information to admit or deny that he was a member of the

3  employee categories listed by Plaintiffs, and on that basis denies those allegations.  With respect

4  to allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

5  information to admit or deny the allegations in this paragraph, and on that basis denies those

6  allegations.  Although Plaintiffs do not specifically identify the document they quote, any such

7  document will speak for itself.  The remaining allegations in this paragraph state a legal

8  conclusion to which no response is required.

9       181.    Amos denies the allegations in this paragraph as to him.  With respect to

10  allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient

11  information to admit or deny the allegations in this paragraph, and on that basis denies those

12  allegations.

13       182.    This paragraph states a legal conclusion to which no response is required.

14       183.    Amos denies that he did any act willfully or maliciously with the intent to injure

15  Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.

16  With respect to allegations in this paragraph as to other Individual Defendants, Amos lacks

17  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

18  those allegations.  The remainder of this paragraph states legal conclusions to which no response

19  is required.

20  **COUNT NINE**

21  **(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants**
22  **Except Francis and Hahn)**

23       184.    Amos realleges and incorporates by reference his responses to paragraphs 1

24  through 183.

25       185.    This paragraph states a legal conclusion to which no response is required.

26       186.    Amos admits that, prior to his resignation from Gallagher, he was an employee of

27  Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

28  required.

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

187. Amos denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

188. Amos denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

189. Amos denies the allegations in the first two sentences of this paragraph as to him. With respect to allegations in the first two sentences this paragraph as to other Individual Defendants, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. The third sentence of this paragraph states legal conclusions to which no response is required.

## COUNT TEN

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

190. Amos realleges and incorporates by reference his responses to paragraphs 1 through 189.

191. This cause of action is not asserted against Amos. Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

192. This cause of action is not asserted against Amos. Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

193. This cause of action is not asserted against Amos. Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

194. This cause of action is not asserted against Amos. Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

195. This cause of action is not asserted against Amos. Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

20

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

196.    This cause of action is not asserted against Amos.  Amos, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Amos realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    Amos admits that Gallagher had and has business relationships with its employees and customers.  With respect to Gallagher's "business expectancies" with its employees and customers, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

199.    Amos denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

200.    Amos denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

201.    This paragraph states a legal conclusion to which no response is required.

202.    Amos denies that he did any act deliberately or maliciously with the deliberate intent to injure Gallagher's business or improve his own business or realize any financial gain. The remaining allegations of this paragraph state legal conclusions to which no response is required.

## COUNT TWELVE

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

203.    Amos realleges and incorporates by reference his responses to paragraphs 1 through 202.

21

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    204.    This paragraph states legal conclusions to which no response is required.

2    205.    This paragraph states legal conclusions to which no response is required.

3    ### COUNT THIRTEEN

4    **(Unjust Enrichment – Against All Defendants)**

5    206.    Amos realleges and incorporates by reference his responses to paragraphs 1

6    through 205.

7    207.    Amos denies the allegations in this paragraph as to him.  With respect to

8    allegations in this paragraph as to other Individual Defendants and EPIC, Amos lacks sufficient

9    information to admit or deny the allegations in this paragraph, and on that basis denies those

10    allegations.

11    208.    This paragraph states legal conclusions to which no response is required.

12    ### COUNT FOURTEEN

13    **(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

14    209.    Amos realleges and incorporates by reference his responses to paragraphs 1

15    through 208.

16    210.    This cause of action is not asserted against Amos.  Amos, therefore, is not

17    required to and does not respond to the allegations in the paragraph.

18    211.    This cause of action is not asserted against Amos.  Amos, therefore, is not

19    required to and does not respond to the allegations in the paragraph.

20    212.    This cause of action is not asserted against Amos.  Amos, therefore, is not

21    required to and does not respond to the allegations in the paragraph.

22    213.    This cause of action is not asserted against Amos.  Amos, therefore, is not

23    required to and does not respond to the allegations in the paragraph.

24    214.    This cause of action is not asserted against Amos.  Amos, therefore, is not

25    required to and does not respond to the allegations in the paragraph.

26    ### AFFIRMATIVE DEFENSES

27    For its affirmative defenses to the First Amended Complaint ("FAC"), Amos alleges the

28    following:

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

## THIRD AFFIRMATIVE DEFENSE

### (Justification)

The actions of EPIC that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

EPIC acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Conduct Reasonable Inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

1

<strong><u>SEVENTH AFFIRMATIVE DEFENSE</u></strong>

2

(Privilege of Competition)

3

Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

4

privilege to compete.

5

<strong><u>EIGHTH AFFIRMATIVE DEFENSE</u></strong>

6

(Absence of Irreparable Harm)

7

To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

8

because the injury or damages suffered by Gallagher, if any, would be adequately compensated

9

in an action at law for damages.

10

<strong><u>NINTH AFFIRMATIVE DEFENSE</u></strong>

11

(Equitable Estoppel)

12

Some of the claims are barred by the doctrine of equitable estoppel.

13

<strong><u>TENTH AFFIRMATIVE DEFENSE</u></strong>

14

(Judicial Estoppel)

15

Some of the claims are barred by the doctrine of judicial estoppel.

16

<strong><u>ELEVENTH AFFIRMATIVE DEFENSE</u></strong>

17

(Unclean Hands)

18

Some of the claims are barred by the doctrine of unclean hands.

19

<strong><u>TWELFTH AFFIRMATIVE DEFENSE</u></strong>

20

(Failure to Establish Misappropriation)

21

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

22

Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

23

allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

24

<strong><u>THIRTEENTH AFFIRMATIVE DEFENSE</u></strong>

25

(Failure to Establish Existence of Trade Secrets)

26

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

27

Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

28

readily ascertainable by proper means and is therefore not a "trade secret" under California law.

24

410428.01

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

(Invalidity of Contracts)

3    Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

4  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

5  Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

6  contracts as they lack consideration and/or are void for public policy reasons under California

7  law.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9

(Failure to Establish a Private Cause of Action)

10    Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

11  barred as an improper cause of action.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13

(Public Policy)

14    Some of the claims are barred insofar as several contract provisions are void for public

15  policy.

16

### SEVENTEENTH AFFIRMATIVE DEFENSE

17

(Waiver)

18    Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

19  purported cause of action contained therein, by reason of Gallagher's own actions and course of

20  conduct.

21

### EIGHTEENTH AFFIRMATIVE DEFENSE

22

(Absence of Deception)

23    Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

24  EPIC's conduct is not likely to mislead the public or harm Gallagher.

25

### NINETEENTH AFFIRMATIVE DEFENSE

26

(Lack of Specificity)

27    The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

28  with the requisite particularity.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

(Unjust Enrichment)

3    The FAC, and each and every purported cause of action alleged therein, is barred because

4  any recovery would result in Gallagher's unjust enrichment.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

6

(Failure to Mitigate)

7    Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

8  required by law.

9

## TWENTY-SECOND AFFIRMATIVE DEFENSE

10

(Punitive Damages)

11    Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

12  the FAC, because California's laws regarding the alleged conduct in question in this action are

13  too vague to permit the imposition of punitive damages, and the award of punitive damages as

14  applied to the facts of this case would violate EPIC's constitutional rights under the United

15  States and California Constitution.

16

## TWENTY-THIRD AFFIRMATIVE DEFENSE

17

(Improper Restraint of Competition)

18    Some of Plaintiffs' claims are improper efforts to restrain competition and employee

19  mobility in violation of Cal. Bus. & Prof. Code § 16600.

20

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

21

(Incorporation of Other Defenses)

22    EPIC adopts and incorporates any and all other defenses raised or to be raised by any

23  other defendant joined in this litigation to the extent that said defenses are not inconsistent with

24  EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

25  out of this lawsuit.

26

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

27

(Reservation of Rights)

28    EPIC reserves the right to raise additional affirmative and other defenses as they are

26

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    discovered or otherwise become available.

2    ## PRAYER FOR RELIEF

3        Amos denies that Gallagher is entitled to any of the relief requested in its FAC.

4    WHEREFORE, Amos prays:

5            1.     That Gallagher take nothing by reason of its FAC;

6            2.     That judgment be rendered in favor of Amos;

7            3.     That Amos be awarded his costs incurred in defense of this action; and,

8            4.     That the Court provide such other relief as it deems proper.

9

10   Dated: February 8, 2008               KEKER & VAN NEST, LLP

11

12

13                            By: <u>s/Daniel Purcell</u>

14                              DANIEL PURCELL
                                Attorneys for Defendants

15                              ALLEN L. AMOS, ERIC CHUA, CAROL ANN
                                COHN, NEIL R. COHN, ROBERT E. DUTTO,

16                              ROBERT D. ELLSWORTH, SUSAN M.
                                ENGLISH, JAMES C. HALBLEIB, STEPHEN

17                              HAUSE, DON J. JOHNSON, LAURINDA A.
                                MARTIN, SHANDRANETTE MIDDLETON,

18                              GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
                                LINDA SOO HOO, DIRCK R. STINSON,

19                              PAUL H. WAGENER, and ROBERT H.
                                WATKINS

20

21

22

23

24

25

26

27

28

ANSWER OF ALLEN L. AMOS TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW