1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2   DANIEL PURCELL - #191424 (dpurcell@kvn.com)
    R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3   710 Sansome Street
    San Francisco, California  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5
    Attorneys for Defendants
6   ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
    COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7   SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
    HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8   SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
    WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9   STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF DIRCK R. STINSON**
    INC., a California Corporation,                **TO FIRST AMENDED**
16                                                 **COMPLAINT FOR DAMAGES AND**
                              Plaintiffs,          **INJUNCTIVE RELIEF**
17
           v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                            Defendants.

28

1    Defendant Dirck R. Stinson ("Stinson") answers plaintiffs' First Amended Complaint as

2  follows:

3    I.    **NATURE OF ACTION**

4    1.    Stinson denies Gallagher's allegations of "illegal raiding" or "associated theft and

5  use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6  and the existence of any ongoing misconduct.  Except as expressly denied above, Stinson admits

7  Gallagher's characterization of its complaint and the claims for relief set forth therein.

8    2.    Stinson admits the allegations of this paragraph.

9    3.    Stinson admits that EPIC touts its belief in principles of business ethics, but

10  denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical

11  principles.  Stinson denies the remaining allegations in this paragraph as to him.  With respect to

12  the allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15    4.    Stinson denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19    5.    This paragraph states legal conclusions to which no response is required.

20    6.    Stinson lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22    7.    Stinson denies the allegations in this paragraph as to him.  With respect to the

23  allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

24  information to admit or deny the allegations in this paragraph, and on that basis denies those

25  allegations.

26    8.    Stinson denies the allegations in this paragraph as to him.  With respect to the

27  allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

28  information to admit or deny the allegations in this paragraph, and on that basis denies those

1

410305.01

1    allegations.

2         9.     Stinson denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6         10.   · Stinson admits that Wally Brown and Brian Quinn held the most senior

7  management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

8  in this paragraph, Stinson lacks sufficient information to admit or deny, and on that basis denies

9  those allegations.

10        11.    Stinson denies the allegations in this paragraph as to him.  With respect to the

11  allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

12  information to admit or deny the allegations in this paragraph, and on that basis denies those

13  allegations.

14            **II.**      **SUBJECT-MATTER JURISDICTION AND VENUE**

15        12.    This paragraph states a legal conclusion to which no response is required.

16        13.    This paragraph states a legal conclusion to which no response is required.

17            **III.**     **PARTIES AND PERSONAL JURISDICTION**

18        14.    Stinson lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20        15.    Stinson admits the allegations in this paragraph.

21        16.    Stinson admits that Francis and Hahn are co-founders of EPIC and have

22  experience in the insurance industry.  As to the remaining allegations in this paragraph, Stinson

23  lacks sufficient information to admit or deny, and on that basis denies those allegations.

24        17.    Stinson admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

25  Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

26  paragraph regarding the fiduciary status of certain individual defendants, those allegations state

27  legal conclusions to which no response is required.

28        18.    Stinson admits that the Individual Defendants, including himself, are current

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1   employees of EPIC and former employees of Gallagher. Stinson admits that he is a resident of

2   the State of California. Except as expressly admitted, Stinson denies the allegations of this

3   paragraph as they relate to him, and denies the allegations of this paragraph as they relate to

4   other Individual Defendants on the basis that he lacks sufficient information to admit or deny

5   those allegations.

6        19.     Stinson denies the allegations in this paragraph as they relate to him. For those

7   allegations that relate to other Individual Defendants and EPIC, Stinson lacks sufficient

8   information to admit or deny, and on that basis denies those allegations.

9        20.     Stinson admits that Gallagher has sued each of the Individual Defendants

10   individually as co-conspirators. Except as expressly admitted, Stinson denies the allegations of

11   this paragraph as they relate to him. Stinson denies the allegations of this paragraph as they

12   relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information

13   to admit or deny those allegations.

14        21.     Stinson admits that Gallagher has sued each of the Individual Defendants

15   individually and is alleging that each Individual Defendant acted as an agent of the others.

16   Except as expressly admitted, Stinson denies the allegations of this paragraph as they relate to

17   him. Stinson denies the allegations of this paragraph as they relate to other Individual

18   Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those

19   allegations.

20               **IV.    FACTUAL ALLEGATIONS**

21        22.     Stinson denies that this paragraph accurately characterizes the job duties of

22   former Gallagher employees who left to join EPIC. Stinson denies the characterization that the

23   Individual Defendants left Gallagher "*en masse*."

24        23.     Stinson lacks sufficient information to admit or deny the allegations in this

25   paragraph, and on that basis denies those allegations.

26        24.     Stinson lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28        25.     Stinson lacks sufficient information to admit or deny the allegations in this

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2       26.    Stinson admits that Gallagher and its employees have invested resources in

3  developing relationships with their clients.  Stinson further admits that, if Gallagher possessed

4  any confidential or trade-secret information, and, if that information were misappropriated by a

5  competitor, that misappropriation potentially could enable that competitor to compete unfairly

6  with Gallagher.  Stinson specifically denies that he misappropriated any Gallagher confidential

7  information.  Except as expressly admitted or denied, Stinson denies the allegations in this

8  paragraph as to him.  With respect to the allegation in this paragraph as to other Individual

9  Defendants, Stinson lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11       27.    Stinson admits that, during his employment at Gallagher, he gained access to non-

12  public Gallagher information.  Except as expressly admitted, Stinson lacks sufficient information

13  to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

14       28.    Stinson admits the existence of Gallagher's Code for Business Conduct and

15  Ethics, Executive Agreements, and Stockholder Agreement referenced in this paragraph.

16  Without having those documents in his possession, Stinson lacks sufficient information to admit

17  or deny Gallagher's allegations regarding the content of those documents, and on that basis

18  denies those allegations.  With respect to Gallagher's allegations regarding its Non-Competition

19  Agreement with Wally Brown, Stinson lacks sufficient information to admit or deny those

20  allegations, and on that basis denies those allegations.  Finally, Plaintiffs' statement that they

21  "take reasonable and appropriate measures to safeguard their nonpublic commercially valuable

22  information" states a legal conclusion to which no response is required.

23       29.    Stinson admits that he executed a Producer Agreement with EPIC in conjunction

24  with beginning work at EPIC.  Stinson further admits that his agreement contains provisions

25  regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

26  loyalty, (d) solicitation of customers, and (e) injunctive relief.  Except as expressly admitted,

27  Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on

28  that basis denies those allegations.

4

410305.01

1    30.    Stinson lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    31.    Stinson lacks sufficient information to admit or deny the allegations in this

4    paragraph, and on that basis denies those allegations.

5    32.    Stinson lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    33.    Stinson admits the allegations in this paragraph.

8    34.    Stinson lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10   35.    Stinson denies the allegations in this paragraph as to him.  With respect to the

11   allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

12   information to admit or deny the allegations in this paragraph, and on that basis denies those

13   allegations.

14   36.    Stinson denies the allegations in this paragraph as to him.  With respect to the

15   allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

16   information to admit or deny the allegations in this paragraph, and on that basis denies those

17   allegations.

18   37.    Stinson denies the allegations in this paragraph as to him.  With respect to the

19   allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

20   information to admit or deny the allegations in this paragraph, and on that basis denies those

21   allegations.

22   38.    Stinson lacks sufficient information to admit or deny the allegations in this

23   paragraph, and on that basis denies those allegations.

24   39.    Stinson lacks sufficient information to admit or deny the allegations in this

25   paragraph, and on that basis denies those allegations.

26   40.    Stinson lacks sufficient information to admit or deny the allegations in this

27   paragraph, and on that basis denies those allegations.

28   41.    Stinson lacks sufficient information to admit or deny the allegations in this

5

1  paragraph, and on that basis denies those allegations.

2      42.    Stinson lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      43.    Stinson lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      44.    Stinson lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      45.    Stinson lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10      46.    Stinson lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12      47.    Stinson lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14      48.    Stinson lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16      49.    Stinson lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18      50.    Stinson lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      51.    Stinson lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      52.    Stinson lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      53.    Stinson lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      54.    Stinson lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      55.    Stinson lacks sufficient information to admit or deny the allegations in this

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2    56.    Stinson lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4    57.    Stinson lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6    58.    Stinson lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8    59.    Stinson lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10    60.    Stinson lacks sufficient information to admit or deny the allegations in this

11    paragraph, and on that basis denies those allegations.

12    61.    Stinson lacks sufficient information to admit or deny the allegations in this

13    paragraph, and on that basis denies those allegations.

14    62.    Stinson lacks sufficient information to admit or deny the allegations of this

15    paragraph, and on that basis denies those allegations.

16    63.    Stinson denies the allegations in this paragraph as to him. With respect to the

17    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20    64.    Stinson denies the allegations in this paragraph as to him. With respect to the

21    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

22    information to admit or deny the allegations in this paragraph, and on that basis denies those

23    allegations.

24    65.    The first sentence of this paragraph is a prefatory statement to which no response

25    is required. Stinson denies the remaining allegations in this paragraph as to him. With respect to

26    the allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

27    information to admit or deny the allegations in this paragraph, and on that basis denies those

28    allegations.

410305.01

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    66.    Stinson admits that George Petty was responsible for IT and computer systems in

2    Gallagher's San Ramon office.  Except as expressly admitted, Stinson lacks sufficient

3    information to admit or deny, and on that basis denies those allegations.

4    67.    Stinson denies the allegations in this paragraph as to him.  With respect to the

5    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

6    information to admit or deny the allegations in this paragraph, and on that basis denies those

7    allegations.

8    68.    Stinson lacks sufficient information to admit or deny the allegations of this

9    paragraph, and on that basis denies those allegations.

10    69.    Stinson denies the allegations in this paragraph as to him.  With respect to the

11    allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

12    information to admit or deny the allegations in this paragraph, and on that basis denies those

13    allegations.

14    70.    Stinson lacks sufficient information to admit or deny the allegations of this

15    paragraph, and on that basis denies those allegations.

16    71.    Stinson lacks sufficient information to admit or deny the allegations in this

17    paragraph, and on that basis denies those allegations.

18    72.    Stinson lacks sufficient information to admit or deny the allegations in this

19    paragraph, and on that basis denies those allegations.

20    73.    Stinson lacks sufficient information to admit or deny the allegations in this

21    paragraph, and on that basis denies those allegations.

22    74.    Stinson admits the allegations in this paragraph.

23    75.    Stinson denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

25    information to admit or deny the allegations in this paragraph, and on that basis denies those

26    allegations.

27    76.    Stinson denies the allegations in this paragraph as to him.  With respect to the

28    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    information to admit or deny the allegations in this paragraph, and on that basis denies those

2    allegations.

3        77.    Stinson denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

5    information to admit or deny the allegations in this paragraph, and on that basis denies those

6    allegations.

7        78.    Stinson lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9        79.    Stinson lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11        80.    Stinson lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13        81.    Stinson denies the allegations in this paragraph as to him.  With respect to the

14    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

15    information to admit or deny the allegations in this paragraph, and on that basis denies those

16    allegations.

17        82.    With respect to the allegations regarding Cohn's resignation letter, that letter is set

18    forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

19    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

20    information to admit or deny the allegations in this paragraph, and on that basis denies those

21    allegations.

22        83.    Stinson lacks sufficient information to admit or deny the allegations in this

23    paragraph, and on that basis denies those allegations.

24        84.    Stinson lacks sufficient information to admit or deny the allegations in this

25    paragraph, and on that basis denies those allegations.

26        85.    Stinson lacks sufficient information to admit or deny the allegations in this

27    paragraph, and on that basis denies those allegations.

28        86.    Stinson lacks sufficient information to admit or deny the allegations in this

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2        87.    Stinson admits that Wally Brown and Brian Quinn announced their resignations at

3    an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as

4    expressly admitted, Stinson lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6        88.    Stinson lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8        89.    Stinson lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10       90.    Stinson lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12       91.    Stinson admits that he interviewed with EPIC on Friday, December 7, 2007 and

13   received an employment offer from EPIC on Saturday, December 8, 2007.  Except as expressly

14   admitted, Stinson denies the allegations in this paragraph as to him.  With respect to the

15   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

16   information to admit or deny the allegations in this paragraph, and on that basis denies those

17   allegations.

18       92.    Stinson admits that he resigned from Gallagher on December 10, 2007 without

19   giving prior notice to work at EPIC.  Stinson denies that he coordinated his resignation with any

20   other employees or EPIC.  Stinson denies the remaining allegations in this paragraph as to him.

21   With respect to the allegations in this paragraph as to other Individual Defendants, Stinson lacks

22   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

23   those allegations.

24       93.    Stinson denies the allegations in this paragraph as to him.  With respect to the

25   allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

26   information to admit or deny the allegations in this paragraph, and on that basis denies those

27   allegations.

28       94.    Stinson lacks sufficient information to admit or deny the allegations in this

10

410305.01

1    paragraph, and on that basis denies those allegations.

2         95.    Stinson lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4         96.    Stinson lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6         97.    Stinson admits that he resigned from Gallagher on December 10, 2007 without

7    giving prior notice to work at EPIC.  Stinson denies the remaining allegations in this paragraph

8    as to him.  With respect to the allegations in this paragraph as to other Individual Defendants,

9    Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on

10   that basis denies those allegations.

11        98.    Stinson lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13        99.    Stinson lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15        100.   Stinson lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17        101.   Stinson lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19        102.   Stinson denies the allegations in this paragraph as to him.  With respect to the

20   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

21   information to admit or deny the allegations in this paragraph, and on that basis denies those

22   allegations.

23        103.   This paragraph states a legal conclusion to which no response is required.  To the

24   degree a response is required, Stinson denies the allegations in this paragraph as to him.  With

25   respect to allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks

26   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

27   those allegations.  Although Plaintiffs do not specifically identify the document they quote, any

28   such document will speak for itself.

410305.01
ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1    104.    Stinson denies the allegations in this paragraph as to him.  With respect to the

2    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

3    information to admit or deny the allegations in this paragraph, and on that basis denies those

4    allegations.

5    105.    Stinson lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    106.    Stinson lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9    107.    Stinson denies the allegations in this paragraph as to him.  With respect to the

10   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

11   information to admit or deny the allegations in this paragraph, and on that basis denies those

12   allegations.

13   108.    Stinson lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15   109.    Stinson lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17   110.    Stinson lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19   111.    Stinson lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21   112.    Stinson lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23   113.    Stinson lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25   114.    Stinson denies the allegations in this paragraph as to him.  With respect to the

26   allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

27   information to admit or deny the allegations in this paragraph, and on that basis denies those

28   allegations.

1    115.    Stinson denies that he used any deceptive or unlawful business practices, or any

2    Gallagher business information, to convince any client to switch its business from Gallagher to

3    EPIC.  Except as expressly denied, Stinson lacks sufficient information to admit or deny the

4    allegations in this paragraph, and on that basis denies these allegations.

5    116.    Stinson lacks sufficient information to admit or deny the allegations in this

6    paragraph, and on that basis denies those allegations.

7    117.    Stinson denies the allegations in this paragraph as to him.  With respect to the

8    allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

9    information to admit or deny the allegations in this paragraph, and on that basis denies those

10   allegations.

11   118.    Stinson lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13   119.    Stinson denies that he has solicited any Gallagher employees or customers.

14   Except as expressly denied, Stinson lacks sufficient information to admit or deny the allegations

15   in this paragraph, and on that basis denies those allegations.

16   120.    Stinson denies the allegations in this paragraph as to him.  With respect to the

17   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

18   information to admit or deny the allegations in this paragraph, and on that basis denies those

19   allegations.

20   121.    Stinson denies the allegations in this paragraph as to him.  With respect to the

21   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

22   information to admit or deny the allegations in this paragraph, and on that basis denies those

23   allegations.

24   122.    This paragraph states a legal conclusion to which no response is required.

25   123.    Stinson denies the allegations in this paragraph as to him.  With respect to the

26   allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

27   information to admit or deny the allegations in this paragraph, and on that basis denies those

28   allegations.

124.    Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

125.    Stinson denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

126.    This paragraph states legal conclusions to which no response is required.

127.    This paragraph states legal conclusions to which no response is required.

## COUNT ONE

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

128.    Stinson realleges and incorporates by reference his responses to paragraphs 1 through 127.

129.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

130.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

131.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

132.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

133.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

134.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

## COUNT TWO

2

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

3

4        135.    Stinson realleges and incorporates by reference his responses to paragraphs 1

5    through 134.

6        136.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

7    required to and does not respond to the allegations in the paragraph.

8        137.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

9    required to and does not respond to the allegations in the paragraph.

10       138.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

11    required to and does not respond to the allegations in the paragraph.

12       139.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

13    required to and does not respond to the allegations in the paragraph.

14       140.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

15    required to and does not respond to the allegations in the paragraph.

16       141.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

17    required to and does not respond to the allegations in the paragraph.

18       142.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

19    required to and does not respond to the allegations in the paragraph.

20

## COUNT THREE

21

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

22

23       143.    Stinson realleges and incorporates by reference his responses to paragraphs 1

24    through 142.

25       144.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

26    required to and does not respond to the allegations in the paragraph.

27       145.    This cause of action is not asserted against Stinson. Stinson, therefore, is not

28    required to and does not respond to the allegations in the paragraph.

15

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

146.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

2

required to and does not respond to the allegations in the paragraph.

3

147.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

4

required to and does not respond to the allegations in the paragraph.

5

148.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

6

required to and does not respond to the allegations in the paragraph.

7

149.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

8

required to and does not respond to the allegations in the paragraph.

9

150.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

10

required to and does not respond to the allegations in the paragraph.

11

151.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

12

required to and does not respond to the allegations in the paragraph.

13

152.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

14

required to and does not respond to the allegations in the paragraph.

15

153.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

16

required to and does not respond to the allegations in the paragraph.

17

## COUNT FOUR

18

19

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

20

21

154.　Stinson realleges and incorporates by reference his responses to paragraphs 1 through 153.

22

23

155.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

24

25

156.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

26

27

157.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

28

158.　This cause of action is not asserted against Stinson.  Stinson, therefore, is not

16

1  required to and does not respond to the allegations in the paragraph.

2  159.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

3  required to and does not respond to the allegations in the paragraph.

4  160.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

5  required to and does not respond to the allegations in the paragraph.

6

## COUNT FIVE

7  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
8  **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

9  161.    Stinson realleges and incorporates by reference his responses to paragraphs 1
10  through 160.

11  162.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not
12  required to and does not respond to the allegations in the paragraph.

13  163.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not
14  required to and does not respond to the allegations in the paragraph.

15  164.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not
16  required to and does not respond to the allegations in the paragraph.

17  165.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not
18  required to and does not respond to the allegations in the paragraph.

19

## COUNT SIX

20
21  **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
**Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
22  **Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

23  166.    Stinson realleges and incorporates by reference his responses to paragraphs 1
24  through 165.

25  167.    Stinson admits that he signed an Executive Agreement with Gallagher.  Without
26  having possession of the Executive Agreement he signed, Stinson lacks sufficient information to
27  admit or deny its contents, and on that basis denies the allegations in the first sentence of this
28  paragraph.  In any event, the Executive Agreement will speak for itself.  Stinson admits that,

1    when he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

2    confidential or proprietary information, and not to solicit EPIC employees.

3        168.    Stinson admits that he agreed to abide by Gallagher's Code of Business Conduct

4    and Ethics. Without having possession of a copy of that Code, Stinson lacks sufficient

5    information to admit or deny its contents, and on that basis denies the allegations in the first

6    sentence of this paragraph. In any event, the Code will speak for itself.

7        169.    Stinson lacks sufficient information to admit or deny the allegations in this

8    paragraph, and on that basis denies those allegations.

9        170.    Stinson lacks sufficient information to admit or deny the allegations in this

10    paragraph, and on that basis denies those allegations.

11        171.    Stinson denies the allegations in this paragraph as to him. With respect to

12    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

13    information to admit or deny the allegations in this paragraph, and on that basis denies those

14    allegations.

15        172.    Stinson denies that he materially breached any contract with Gallagher. Stinson

16    lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on

17    that basis denies those allegations.

18        173.    This paragraph states legal conclusions to which no response is required.

19                            **COUNT SEVEN**

20    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,
      Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Johnson, Martin,**

21    **Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

22        174.    Stinson realleges and incorporates by reference his responses to paragraphs 1

23    through 173.

24        175.    This paragraph states a legal conclusion to which no response is required.

25        176.    Stinson denies the allegations in this paragraph as to him. With respect to

26    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

27    information to admit or deny the allegations in this paragraph, and on that basis denies those

28    allegations.

177.     Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

178.     Stinson denies that he breached any duties contained in any agreements he signed with Gallagher.  Stinson lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

## COUNT EIGHT

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179.     Stinson realleges and incorporates by reference his responses to paragraphs 1 through 178.

180.     Stinson lacks sufficient information to admit or deny that he was a member of the employee categories listed by Plaintiffs, and on that basis denies those allegations.  With respect to allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.

181.     Stinson denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

182.     This paragraph states a legal conclusion to which no response is required.

183.     Stinson denies that he did any act willfully or maliciously with the intent to injure Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.  With respect to allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to which no response

19

1    is required.

2    **COUNT NINE**

3    **(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

4

5    184.    Stinson realleges and incorporates by reference his responses to paragraphs 1

6    through 183.

7    185.    This paragraph states a legal conclusion to which no response is required.

8    186.    Stinson admits that, prior to his resignation from Gallagher, he was an employee

9    of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

10    required.

11    187.    Stinson denies the allegations in this paragraph as to him.  With respect to

12    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

13    information to admit or deny the allegations in this paragraph, and on that basis denies those

14    allegations.

15    188.    Stinson denies the allegations in this paragraph as to him.  With respect to

16    allegations in this paragraph as to other Individual Defendants, Stinson lacks sufficient

17    information to admit or deny the allegations in this paragraph, and on that basis denies those

18    allegations.

19    189.    Stinson denies the allegations in the first two sentences of this paragraph as to

20    him.  With respect to allegations in the first two sentences this paragraph as to other Individual

21    Defendants, Stinson lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states

23    legal conclusions to which no response is required.

24    **COUNT TEN**

25    **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

26

27    190.    Stinson realleges and incorporates by reference his responses to paragraphs 1

28    through 189.

20

410305.01

191.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

192.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

193.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

194.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

195.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

196.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Stinson realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

199.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

200.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

201.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

202.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not required to and does not respond to the allegations in the paragraph.

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1

**COUNT TWELVE**

2

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

3      203.    Stinson realleges and incorporates by reference his responses to paragraphs 1

4  through 202.

5      204.    This paragraph states legal conclusions to which no response is required.

6      205.    This paragraph states legal conclusions to which no response is required.

7

**COUNT THIRTEEN**

8

**(Unjust Enrichment – Against All Defendants)**

9      206.    Stinson realleges and incorporates by reference his responses to paragraphs 1

10  through 205.

11      207.    Stinson denies the allegations in this paragraph as to him.  With respect to

12  allegations in this paragraph as to other Individual Defendants and EPIC, Stinson lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15      208.    This paragraph states legal conclusions to which no response is required.

16

**COUNT FOURTEEN**

17

**(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

18      209.    Stinson realleges and incorporates by reference his responses to paragraphs 1

19  through 208.

20      210.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

21  required to and does not respond to the allegations in the paragraph.

22      211.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

23  required to and does not respond to the allegations in the paragraph.

24      212.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

25  required to and does not respond to the allegations in the paragraph.

26      213.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

27  required to and does not respond to the allegations in the paragraph.

28      214.    This cause of action is not asserted against Stinson.  Stinson, therefore, is not

410305.01

1 required to and does not respond to the allegations in the paragraph.

2

### AFFIRMATIVE DEFENSES

3 For its affirmative defenses to the First Amended Complaint ("FAC"), Stinson alleges the

4 following:

5

### FIRST AFFIRMATIVE DEFENSE

6 (Failure to State a Claim)

7 The FAC, and each purported count therein, fails to state a claim upon which relief can

8 be granted.

9

### SECOND AFFIRMATIVE DEFENSE

10 (Failure to Allege Sufficient Facts)

11 The FAC, and each purported count therein, fails to state facts sufficient to constitute a

12 cause of action.

13

### THIRD AFFIRMATIVE DEFENSE

14 (Justification)

15 The actions of EPIC that allegedly give rise to liability herein, if any such actions

16 occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

17

### FOURTH AFFIRMATIVE DEFENSE

18 (Failure to Establish Causation)

19 Without in any way admitting that any of the conduct alleged in the FAC occurred or is

20 in any way unlawful, Gallagher may not recover any damages sought herein because there is no

21 causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

22 Gallagher.

23

### FIFTH AFFIRMATIVE DEFENSE

24 (Good Faith)

25 EPIC acted in good faith and did not directly or indirectly perform any acts that would

26 constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

27 ////

28 ////

410305.01

1

## SIXTH AFFIRMATIVE DEFENSE

2

(Failure to Conduct Reasonable Inquiry)

3    The FAC, and each and every purported cause of action alleged therein, is barred because

4 Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

5 because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

6 their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

7

## SEVENTH AFFIRMATIVE DEFENSE

8

(Privilege of Competition)

9    Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

10 privilege to compete.

11

## EIGHTH AFFIRMATIVE DEFENSE

12

(Absence of Irreparable Harm)

13    To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

14 because the injury or damages suffered by Gallagher, if any, would be adequately compensated

15 in an action at law for damages.

16

## NINTH AFFIRMATIVE DEFENSE

17

(Equitable Estoppel)

18    Some of the claims are barred by the doctrine of equitable estoppel.

19

## TENTH AFFIRMATIVE DEFENSE

20

(Judicial Estoppel)

21    Some of the claims are barred by the doctrine of judicial estoppel.

22

## ELEVENTH AFFIRMATIVE DEFENSE

23

(Unclean Hands)

24    Some of the claims are barred by the doctrine of unclean hands.

25

## TWELFTH AFFIRMATIVE DEFENSE

26

(Failure to Establish Misappropriation)

27    Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

28 Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

1  allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

2  **THIRTEENTH AFFIRMATIVE DEFENSE**

3  (Failure to Establish Existence of Trade Secrets)

4  Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

5  Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

6  readily ascertainable by proper means and is therefore not a "trade secret" under California law.

7  **FOURTEENTH AFFIRMATIVE DEFENSE**

8  (Invalidity of Contracts)

9  Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

10  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

11  Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

12  contracts as they lack consideration and/or are void for public policy reasons under California

13  law.

14  **FIFTEENTH AFFIRMATIVE DEFENSE**

15  (Failure to Establish a Private Cause of Action)

16  Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

17  barred as an improper cause of action.

18  **SIXTEENTH AFFIRMATIVE DEFENSE**

19  (Public Policy)

20  Some of the claims are barred insofar as several contract provisions are void for public

21  policy.

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23  (Waiver)

24  Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

25  purported cause of action contained therein, by reason of Gallagher's own actions and course of

26  conduct.

27  ////

28  ////

410305.01

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that EPIC's conduct is not likely to mislead the public or harm Gallagher.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim with the requisite particularity.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee mobility in violation of Cal. Bus. & Prof. Code § 16600.

////

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

## PRAYER FOR RELIEF

Stinson denies that Gallagher is entitled to any of the relief requested in its FAC. WHEREFORE, Stinson prays:

1. That Gallagher take nothing by reason of its FAC;

2. That judgment be rendered in favor of Stinson;

3. That Stinson be awarded his costs incurred in defense of this action; and,

4. That the Court provide such other relief as it deems proper.


Dated: February 8, 2008                  KEKER & VAN NEST, LLP



By: s/Daniel Purcell
DANIEL PURCELL
Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN
COHN, NEIL R. COHN, ROBERT E. DUTTO,
ROBERT D. ELLSWORTH, SUSAN M.
ENGLISH, JAMES C. HALBLEIB, STEPHEN
HAUSE, DON J. JOHNSON, LAURINDA A.
MARTIN, SHANDRANETTE MIDDLETON,
GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
LINDA SOO HOO, DIRCK R. STINSON,
PAUL H. WAGENER, and ROBERT H.
WATKINS

ANSWER OF DIRCK R. STINSON TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410305.01