1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2   DANIEL PURCELL - #191424 (dpurcell@kvn.com)
    R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3   710 Sansome Street
    San Francisco, California  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5
    Attorneys for Defendants
6   ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
    COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7   SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
    HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8   SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
    WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9   STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10                      UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  ARTHUR J. GALLAGHER & CO., a Delaware          Case No. 07-CV-06418-JSW
    Corporation, ARTHUR J. GALLAGHER & CO.
15  INSURANCE BROKERS OF CALIFORNIA,               **ANSWER OF PAUL H. WAGENER**
    INC., a California Corporation,                **TO FIRST AMENDED**
16                                                 **COMPLAINT FOR DAMAGES AND**
                                      Plaintiffs,  **INJUNCTIVE RELIEF**
17
         v.
18
    EDGEWOOD PARTNERS INSURANCE
19  CENTER, a California corporation; DAN R.
    FRANCIS; JOHN G. HAHN; ANDREW
20  ("WALLY") BROWN, JR.; BRIAN F. QUINN;
    NEIL R. COHN; CAROLANN COHN;
21  MICHAEL J. BROWN; STEPHEN HAUSE;
    LAURA J. WICK; JAMES C. HALBLEIB;
22  STEPHEN HAUSE; LAURINDA ("LAURIE") A.
    MARTIN; ERIC CHUA; GEORGE J. PETTY;
23  LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
    M. ENGLISH; DON J. JOHNSON; ALLEN L.
24  AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
    DIRCK ("RICK") R. STINSON; ROBERT
25  ("BOB") D. ELLSWORTH; ROBERT H.
    WATKINS; PAUL H. WAGENER;
26  SHANDRANETTE MIDDLETON,

27                                     Defendants.

28

1    Defendant Paul H. Wagener ("Wagener") answers plaintiffs' First Amended Complaint

2    as follows:

3                I.        **NATURE OF ACTION**

4    1.    Wagener denies Gallagher's allegations of "illegal raiding" or "associated theft

5    and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of

6    business," and the existence of any ongoing misconduct.  Except as expressly denied above,

7    Wagener admits Gallagher's characterization of its complaint and the claims for relief set forth

8    therein.

9    2.    Wagener admits the allegations of this paragraph.

10    3.    Wagener admits that EPIC touts its belief in principles of business ethics, but

11    denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical

12    principles.  Wagener denies the remaining allegations in this paragraph as to him.  With respect

13    to the allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

14    information to admit or deny the allegations in this paragraph, and on that basis denies those

15    allegations.

16    4.    Wagener denies the allegations in this paragraph as to him.  With respect to the

17    allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

18    information to admit or deny the allegations in this paragraph, and on that basis denies those

19    allegations.

20    5.    This paragraph states legal conclusions to which no response is required.

21    6.    Wagener lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    7.    Wagener denies the allegations in this paragraph as to him.  With respect to the

24    allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

25    information to admit or deny the allegations in this paragraph, and on that basis denies those

26    allegations.

27    8.    Wagener denies the allegations in this paragraph as to him.  With respect to the

28    allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

1

1  information to admit or deny the allegations in this paragraph, and on that basis denies those

2  allegations.

3        9.      Wagener denies the allegations in this paragraph as to him.  With respect to the

4  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

5  information to admit or deny the allegations in this paragraph, and on that basis denies those

6  allegations.

7        10.     Wagener admits that Wally Brown and Brian Quinn held the most senior

8  management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

9  in this paragraph, Wagener lacks sufficient information to admit or deny, and on that basis denies

10  those allegations.

11       11.     Wagener denies the allegations in this paragraph as to him.  With respect to the

12  allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

13  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

14  those allegations.

15              **II.      SUBJECT-MATTER JURISDICTION AND VENUE**

16       12.     This paragraph states a legal conclusion to which no response is required.

17       13.     This paragraph states a legal conclusion to which no response is required.

18              **III.     PARTIES AND PERSONAL JURISDICTION**

19       14.     Wagener lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21       15.     Wagener admits the allegations in this paragraph.

22       16.     Wagener admits that Francis and Hahn are co-founders of EPIC and have

23  experience in the insurance industry.  As to the remaining allegations in this paragraph, Wagener

24  lacks sufficient information to admit or deny, and on that basis denies those allegations.

25       17.     Wagener admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and

26  Stephen Hause were former high-level employees of Gallagher.  As to the allegations in this

27  paragraph regarding the fiduciary status of certain individual defendants, those allegations state

28  legal conclusions to which no response is required.

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1       18.    Wagener admits that the Individual Defendants, including himself, are current

2  employees of EPIC and former employees of Gallagher.  Wagener admits that he is a resident of

3  the State of California.  Except as expressly admitted, Wagener denies the allegations of this

4  paragraph as they relate to him, and denies the allegations of this paragraph as they relate to

5  other Individual Defendants on the basis that he lacks sufficient information to admit or deny

6  those allegations.

7       19.    Wagener denies the allegations in this paragraph as they relate to him.  For those

8  allegations that relate to other Individual Defendants and EPIC, Wagener lacks sufficient

9  information to admit or deny, and on that basis denies those allegations.

10      20.    Wagener admits that Gallagher has sued each of the Individual Defendants

11  individually as co-conspirators.  Except as expressly admitted, Wagener denies the allegations of

12  this paragraph as they relate to him.  Wagener denies the allegations of this paragraph as they

13  relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information

14  to admit or deny those allegations.

15      21.    Wagener admits that Gallagher has sued each of the Individual Defendants

16  individually and is alleging that each Individual Defendant acted as an agent of the others.

17  Except as expressly admitted, Wagener denies the allegations of this paragraph as they relate to

18  him.  Wagener denies the allegations of this paragraph as they relate to other Individual

19  Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those

20  allegations.

21             **IV.**   **FACTUAL ALLEGATIONS**

22      22.    Wagener denies that this paragraph accurately characterizes the job duties of

23  former Gallagher employees who left to join EPIC.  Wagener denies the characterization that the

24  Individual Defendants left Gallagher "*en masse.*"

25      23.    Wagener lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27      24.    Wagener lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

3

1    25.    . Wagener lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    26.    Wagener admits that Gallagher and its employees have invested resources in

4    developing relationships with their clients.  Wagener further admits that, if Gallagher possessed

5    any confidential or trade-secret information, and, if that information were misappropriated by a

6    competitor, that misappropriation potentially could enable that competitor to compete unfairly

7    with Gallagher.  Wagener specifically denies that he misappropriated any Gallagher confidential

8    information.  Except as expressly admitted or denied, Wagener denies the allegations in this

9    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

10   Defendants, Wagener lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12   27.    Wagener admits that, during his employment at Gallagher, he gained access to

13   non-public Gallagher information.  Except as expressly admitted, Wagener lacks sufficient

14   information to admit or deny the allegations in this paragraph, and on that basis denies those

15   allegations.

16   28.    Wagener admits the existence of Gallagher's Code for Business Conduct and

17   Ethics, Executive Agreements, and Stockholder Agreement referenced in this paragraph.

18   Without having those documents in his possession, Wagener lacks sufficient information to

19   admit or deny Gallagher's allegations regarding the content of those documents, and on that

20   basis denies those allegations.  With respect to Gallagher's allegations regarding its Non-

21   Competition Agreement with Wally Brown, Wagener lacks sufficient information to admit or

22   deny those allegations, and on that basis denies those allegations.  Finally, Gallagher's statement

23   that it "takes reasonable and appropriate measures to safeguard its non-public commercially

24   valuable information" states a legal conclusion to which no response is required.

25   29.    Wagener admits that he executed a Producer Agreement with EPIC in conjunction

26   with beginning work at EPIC.  Wagener further admits that his agreement contains provisions

27   regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

28   loyalty, (d) solicitation of customers, and (e) injunctive relief.  Except as expressly admitted,

4

1  Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on

2  that basis denies those allegations.

3      30.    Wagener lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5      31.    Wagener lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7      32.    Wagener lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9      33.    Wagener admits the allegations in this paragraph.

10      34.    Wagener lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12      35.    Wagener denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

14  information to admit or deny the allegations in this paragraph, and on that basis denies those

15  allegations.

16      36.    Wagener denies the allegations in this paragraph as to him.  With respect to the

17  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

18  information to admit or deny the allegations in this paragraph, and on that basis denies those

19  allegations.

20      37.    Wagener denies the allegations in this paragraph as to him.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24      38.    Wagener lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26      39.    Wagener lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28      40.    Wagener lacks sufficient information to admit or deny the allegations in this

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  paragraph, and on that basis denies those allegations.

2    41.    Wagener lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4    42.    Wagener lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6    43.    Wagener lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8    44.    Wagener lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10    45.    Wagener lacks sufficient information to admit or deny the allegations in this

11  paragraph, and on that basis denies those allegations.

12    46.    Wagener lacks sufficient information to admit or deny the allegations in this

13  paragraph, and on that basis denies those allegations.

14    47.    Wagener lacks sufficient information to admit or deny the allegations in this

15  paragraph, and on that basis denies those allegations.

16    48.    Wagener lacks sufficient information to admit or deny the allegations in this

17  paragraph, and on that basis denies those allegations.

18    49.    Wagener lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20    50.    Wagener lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22    51.    Wagener lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24    52.    Wagener lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26    53.    Wagener lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28    54.    Wagener lacks sufficient information to admit or deny the allegations in this

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410404.01

1  paragraph, and on that basis denies those allegations.

2      55.    Wagener lacks sufficient information to admit or deny the allegations in this

3  paragraph, and on that basis denies those allegations.

4      56.    Wagener lacks sufficient information to admit or deny the allegations in this

5  paragraph, and on that basis denies those allegations.

6      57.    Wagener lacks sufficient information to admit or deny the allegations in this

7  paragraph, and on that basis denies those allegations.

8      58.    Wagener lacks sufficient information to admit or deny the allegations in this

9  paragraph, and on that basis denies those allegations.

10     59.    Wagener lacks sufficient information to admit or deny the allegations in this

11 paragraph, and on that basis denies those allegations.

12     60.    Wagener lacks sufficient information to admit or deny the allegations in this

13 paragraph, and on that basis denies those allegations.

14     61.    Wagener lacks sufficient information to admit or deny the allegations in this

15 paragraph, and on that basis denies those allegations.

16     62.    Wagener lacks sufficient information to admit or deny the allegations of this

17 paragraph, and on that basis denies those allegations.

18     63.    Wagener denies the allegations in this paragraph as to him.  With respect to the

19 allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

20 information to admit or deny the allegations in this paragraph, and on that basis denies those

21 allegations.

22     64.    Wagener denies the allegations in this paragraph as to him.  With respect to the

23 allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

24 information to admit or deny the allegations in this paragraph, and on that basis denies those

25 allegations.

26     65.    The first sentence of this paragraph is a prefatory statement to which no response

27 is required.  Wagener denies the remaining allegations in this paragraph as to him.  With respect

28 to the allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  information to admit or deny the allegations in this paragraph, and on that basis denies those

2  allegations.

3       66.    Wagener admits that George Petty was responsible for IT and computer systems

4  in Gallagher's San Ramon office.  Except as expressly admitted, Wagener lacks sufficient

5  information to admit or deny, and on that basis denies those allegations.

6       67.    Wagener denies the allegations in this paragraph as to him.  With respect to the

7  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

8  information to admit or deny the allegations in this paragraph, and on that basis denies those

9  allegations.

10      68.    Wagener lacks sufficient information to admit or deny the allegations of this

11  paragraph, and on that basis denies those allegations.

12      69.    Wagener denies the allegations in this paragraph as to him.  With respect to the

13  allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

14  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

15  those allegations.

16      70.    Wagener lacks sufficient information to admit or deny the allegations of this

17  paragraph, and on that basis denies those allegations.

18      71.    Wagener lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20      72.    Wagener lacks sufficient information to admit or deny the allegations in this

21  paragraph, and on that basis denies those allegations.

22      73.    Wagener lacks sufficient information to admit or deny the allegations in this

23  paragraph, and on that basis denies those allegations.

24      74.    Wagener admits the allegations in this paragraph.

25      75.    Wagener denies the allegations in this paragraph as to him.  With respect to the

26  allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

27  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

28  those allegations.

410404.01

1   76.   Wagener denies the allegations in this paragraph as to him.  With respect to the

2   allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

3   information to admit or deny the allegations in this paragraph, and on that basis denies those

4   allegations.

5   77.   Wagener denies the allegations in this paragraph as to him.  With respect to the

6   allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

7   information to admit or deny the allegations in this paragraph, and on that basis denies those

8   allegations.

9   78.   Wagener lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11  79.   Wagener lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13  80.   Wagener lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15  81.   Wagener denies the allegations in this paragraph as to him.  With respect to the

16  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

17  information to admit or deny the allegations in this paragraph, and on that basis denies those

18  allegations.

19  82.   With respect to the allegations regarding Cohn's resignation letter, that letter is set

20  forth in its entirety this paragraph.  The document speaks for itself.  With respect to the

21  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

22  information to admit or deny the allegations in this paragraph, and on that basis denies those

23  allegations.

24  83.   Wagener lacks sufficient information to admit or deny the allegations in this

25  paragraph, and on that basis denies those allegations.

26  84.   Wagener lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28  85.   Wagener lacks sufficient information to admit or deny the allegations in this

9

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2         86.    Wagener lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4         87.    Wagener admits that Wally Brown and Brian Quinn announced their resignations

5    at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as

6    expressly admitted, Wagener lacks sufficient information to admit or deny the allegations in this

7    paragraph, and on that basis denies those allegations.

8         88.    Wagener lacks sufficient information to admit or deny the allegations in this

9    paragraph, and on that basis denies those allegations.

10        89.    Wagener lacks sufficient information to admit or deny the allegations in this

11   paragraph, and on that basis denies those allegations.

12        90.    Wagener lacks sufficient information to admit or deny the allegations in this

13   paragraph, and on that basis denies those allegations.

14        91.    Wagener admits that he interviewed with EPIC on December 7 and 8, 2007 and

15   received an employment offer on December 8, 2007.  With respect to the allegations in this

16   paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to

17   admit or deny the allegations in this paragraph, and on that basis denies those allegations.

18        92.    Wagener admits that he resigned from Gallagher on December 10, 2007 without

19   giving prior notice to work at EPIC.  Wagener denies that he coordinated his resignation with

20   any other employees or EPIC.  Wagener denies the remaining allegations in this paragraph as to

21   him.  With respect to the allegations in this paragraph as to other Individual Defendants,

22   Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on

23   that basis denies those allegations.

24        93.    Wagener denies the allegations in this paragraph as to him.  With respect to the

25   allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

26   information to admit or deny the allegations in this paragraph, and on that basis denies those

27   allegations.

28        94.    Wagener lacks sufficient information to admit or deny the allegations in this

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    paragraph, and on that basis denies those allegations.

2       95.     Wagener lacks sufficient information to admit or deny the allegations in this

3    paragraph, and on that basis denies those allegations.

4       96.     Wagener lacks sufficient information to admit or deny the allegations in this

5    paragraph, and on that basis denies those allegations.

6       97.     Wagener admits that he resigned from Gallagher on December 10, 2007 without

7    giving prior notice to work at EPIC.  Wagener denies the remaining allegations in this paragraph

8    as to him.  With respect to the allegations in this paragraph as to other Individual Defendants,

9    Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on

10    that basis denies those allegations.

11      98.     Wagener lacks sufficient information to admit or deny the allegations in this

12    paragraph, and on that basis denies those allegations.

13      99.     Wagener lacks sufficient information to admit or deny the allegations in this

14    paragraph, and on that basis denies those allegations.

15      100.     Wagener lacks sufficient information to admit or deny the allegations in this

16    paragraph, and on that basis denies those allegations.

17      101.     Wagener lacks sufficient information to admit or deny the allegations in this

18    paragraph, and on that basis denies those allegations.

19      102.     Wagener denies the allegations in this paragraph as to him.  With respect to the

20    allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

21    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

22    those allegations.

23      103.     This paragraph states a legal conclusion to which no response is required.  To the

24    degree a response is required, Wagener denies the allegations in this paragraph as to him.  With

25    respect to allegations in this paragraph as to other Individual Defendants and EPIC, Wagener

26    lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis

27    denies those allegations.  Although Plaintiffs do not specifically identify the document they

28    quote, any such document will speak for itself.

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1   104.   Wagener denies the allegations in this paragraph as to him.  With respect to the

2   allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

3   information to admit or deny the allegations in this paragraph, and on that basis denies those

4   allegations.

5   105.   Wagener lacks sufficient information to admit or deny the allegations in this

6   paragraph, and on that basis denies those allegations.

7   106.   Wagener lacks sufficient information to admit or deny the allegations in this

8   paragraph, and on that basis denies those allegations.

9   107.   Wagener denies the allegations in this paragraph as to him.  With respect to the

10   allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

11   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

12   those allegations.

13   108.   Wagener lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15   109.   Wagener lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17   110.   Wagener lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19   111.   Wagener lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21   112.   Wagener lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23   113.   Wagener lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25   114.   Wagener denies the allegations in this paragraph as to him.  With respect to the

26   allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

27   information to admit or deny the allegations in this paragraph, and on that basis denies those

28   allegations.

115.    Wagener denies that he used any deceptive or unlawful business practices, or any Gallagher business information, to convince any client to switch its business from Gallagher to EPIC.  Except as expressly denied, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies these allegations.

116.    Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

117.    Wagener denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

118.    Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

119.    Wagener denies that he has solicited any Gallagher employees or customers. Except as expressly denied, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

120.    Wagener denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

121.    Wagener denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

122.    This paragraph states a legal conclusion to which no response is required.

123.    Wagener denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1    124.    Wagener lacks sufficient information to admit or deny the allegations in this

2    paragraph, and on that basis denies those allegations.

3    125.    Wagener denies the allegations in this paragraph as to him.  With respect to the

4    allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

5    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

6    those allegations.

7    126.    This paragraph states legal conclusions to which no response is required.

8    127.    This paragraph states legal conclusions to which no response is required.

9    ## COUNT ONE

10   **(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual
     Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

11

12   128.    Wagener realleges and incorporates by reference his responses to paragraphs 1

13   through 127.

14   129.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

15   required to and does not respond to the allegations in the paragraph.

16   130.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

17   required to and does not respond to the allegations in the paragraph.

18   131.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

19   required to and does not respond to the allegations in the paragraph.

20   132.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

21   required to and does not respond to the allegations in the paragraph.

22   133.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

23   required to and does not respond to the allegations in the paragraph.

24   134.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

25   required to and does not respond to the allegations in the paragraph.

26

27

28

410404.01    ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
     INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

## COUNT TWO

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

135.    Wagener realleges and incorporates by reference his responses to paragraphs 1 through 134.

136.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

137.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

138.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

139.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

140.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

141.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

142.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT THREE

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143.    Wagener realleges and incorporates by reference his responses to paragraphs 1 through 142.

144.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

145.    This cause of action is not asserted against Wagener. Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

146.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

147.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

148.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

149.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

150.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

151.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

152.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

153.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

### **COUNT FOUR**

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

154.    Wagener realleges and incorporates by reference his responses to paragraphs 1 through 153.

155.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

156.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

157.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not required to and does not respond to the allegations in the paragraph.

158.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

16

1    required to and does not respond to the allegations in the paragraph.

2        159.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4        160.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

5    required to and does not respond to the allegations in the paragraph.

6                                    **COUNT FIVE**

7    **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
8    **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

9        161.    Wagener realleges and incorporates by reference his responses to paragraphs 1
10   through 160.

11       162.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not
12   required to and does not respond to the allegations in the paragraph.

13       163.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not
14   required to and does not respond to the allegations in the paragraph.

15       164.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not
16   required to and does not respond to the allegations in the paragraph.

17       165.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not
18   required to and does not respond to the allegations in the paragraph.

19                                    **COUNT SIX**

20   **(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause,**
21   **Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips,**
22   **Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

23       166.    Wagener realleges and incorporates by reference his responses to paragraphs 1
24   through 165.

25       167.    Wagener admits that he signed an Executive Agreement with Gallagher.  Without
26   having possession of the Executive Agreement he signed, Wagener lacks sufficient information
27   to admit or deny its contents, and on that basis denies the allegations in the first sentence of this
28   paragraph.  In any event, the Executive Agreement will speak for itself.  Wagener admits that,

410404.01

1  when he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

2  confidential or proprietary information, and not to solicit EPIC employees.

3       168.    Wagener admits that he agreed to abide by Gallagher's Code of Business Conduct

4  and Ethics.  Without having possession of a copy of that Code, Wagener lacks sufficient

5  information to admit or deny its contents, and on that basis denies the allegations in the first

6  sentence of this paragraph.  In any event, the Code will speak for itself.

7       169.    Wagener lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9       170.    Wagener lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11       171.    Wagener denies the allegations in this paragraph as to him.  With respect to

12  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

13  information to admit or deny the allegations in this paragraph, and on that basis denies those

14  allegations.

15       172.    Wagener denies that he materially breached any contract with Gallagher.

16  Wagener lacks sufficient information to admit or deny the remaining allegations in this

17  paragraph, and on that basis denies those allegations.

18       173.    This paragraph states legal conclusions to which no response is required.

19  **<u>COUNT SEVEN</u>**

20  **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown,**

21  **Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

22       174.    Wagener realleges and incorporates by reference his responses to paragraphs 1

23  through 173.

24       175.    This paragraph states a legal conclusion to which no response is required.

25       176.    Wagener denies the allegations in this paragraph as to him.  With respect to

26  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient

27  information to admit or deny the allegations in this paragraph, and on that basis denies those

28  allegations.

18

410404.01

177.    Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

178.    Wagener denies that he breached any duties contained in any agreements he signed with Gallagher.  Wagener lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

## COUNT EIGHT

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179.    Wagener realleges and incorporates by reference his responses to paragraphs 1 through 178.

180.    Wagener lacks sufficient information to admit or deny that he was a member of the employee categories listed by Plaintiffs, and on that basis denies those allegations.  With respect to allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.

181.    Wagener denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

182.    This paragraph states a legal conclusion to which no response is required.

183.    Wagener denies that he did any act willfully or maliciously with the intent to injure Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.  With respect to allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to

1   which no response is required.

2   ## COUNT NINE

3   **(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants**
4   **Except Francis and Hahn)**

5       184.    Wagener realleges and incorporates by reference his responses to paragraphs 1
6   through 183.

7       185.    This paragraph states a legal conclusion to which no response is required.

8       186.    Wagener admits that, prior to his resignation from Gallagher, he was an employee
9   of Gallagher.  The remainder of this paragraph states legal conclusions to which no response is
10  required.

11      187.    Wagener denies the allegations in this paragraph as to him.  With respect to
12  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient
13  information to admit or deny the allegations in this paragraph, and on that basis denies those
14  allegations.

15      188.    Wagener denies the allegations in this paragraph as to him.  With respect to
16  allegations in this paragraph as to other Individual Defendants, Wagener lacks sufficient
17  information to admit or deny the allegations in this paragraph, and on that basis denies those
18  allegations.

19      189.    Wagener denies the allegations in the first two sentences of this paragraph as to
20  him.  With respect to allegations in the first two sentences this paragraph as to other Individual
21  Defendants, Wagener lacks sufficient information to admit or deny the allegations in this
22  paragraph, and on that basis denies those allegations.  The third sentence of this paragraph states
23  legal conclusions to which no response is required.

24  ## COUNT TEN

25  **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn,**
26  **and Wick)**

27      190.    Wagener realleges and incorporates by reference his responses to paragraphs 1
28  through 189.

ANSWER OF PAUL H. WAGENER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410404.01

1    191.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

2    required to and does not respond to the allegations in the paragraph.

3    192.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

4    required to and does not respond to the allegations in the paragraph.

5    193.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

6    required to and does not respond to the allegations in the paragraph.

7    194.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

8    required to and does not respond to the allegations in the paragraph.

9    195.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

10   required to and does not respond to the allegations in the paragraph.

11   196.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

12   required to and does not respond to the allegations in the paragraph.

### COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Wagener realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    Wagener admits that Gallagher had and has business relationships with its employees and customers.  With respect to Gallagher's "business expectancies" with its employees and customers, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

199.    Wagener denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

200.    Wagener denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

21

410404.01

1    those allegations.

2       201.     This paragraph states a legal conclusion to which no response is required.

3       202.     Wagener denies that he did any act deliberately or maliciously with the deliberate

4 intent to injure Gallagher's business or improve his own business or realize any financial gain.

5 The remaining allegations of this paragraph state legal conclusions to which no response is

6 required.

7                        **COUNT TWELVE**

8     **(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

9       203.     Wagener realleges and incorporates by reference his responses to paragraphs 1

10 through 202.

11       204.     This paragraph states legal conclusions to which no response is required.

12       205.     This paragraph states legal conclusions to which no response is required.

13                        **COUNT THIRTEEN**

14             **(Unjust Enrichment – Against All Defendants)**

15       206.     Wagener realleges and incorporates by reference his responses to paragraphs 1

16 through 205.

17       207.     Wagener denies the allegations in this paragraph as to him.  With respect to

18 allegations in this paragraph as to other Individual Defendants and EPIC, Wagener lacks

19 sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

20 those allegations.

21       208.     This paragraph states legal conclusions to which no response is required.

22                        **COUNT FOURTEEN**

23     **(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

24       209.     Wagener realleges and incorporates by reference his responses to paragraphs 1

25 through 208.

26       210.     This cause of action is not asserted against Wagener.  Wagener, therefore, is not

27 required to and does not respond to the allegations in the paragraph.

28       211.     This cause of action is not asserted against Wagener.  Wagener, therefore, is not

410404.01

1    required to and does not respond to the allegations in the paragraph.

2        212.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

3    required to and does not respond to the allegations in the paragraph.

4        213.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

5    required to and does not respond to the allegations in the paragraph.

6        214.    This cause of action is not asserted against Wagener.  Wagener, therefore, is not

7    required to and does not respond to the allegations in the paragraph.

8                            **AFFIRMATIVE DEFENSES**

9        For its affirmative defenses to the First Amended Complaint ("FAC"), Wagener alleges

10   the following:

11                        **FIRST AFFIRMATIVE DEFENSE**

12                          (Failure to State a Claim)

13       The FAC, and each purported count therein, fails to state a claim upon which relief can

14   be granted.

15                        **SECOND AFFIRMATIVE DEFENSE**

16                       (Failure to Allege Sufficient Facts)

17       The FAC, and each purported count therein, fails to state facts sufficient to constitute a

18   cause of action.

19                        **THIRD AFFIRMATIVE DEFENSE**

20                              (Justification)

21       The actions of EPIC that allegedly give rise to liability herein, if any such actions

22   occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

23                        **FOURTH AFFIRMATIVE DEFENSE**

24                        (Failure to Establish Causation)

25       Without in any way admitting that any of the conduct alleged in the FAC occurred or is

26   in any way unlawful, Gallagher may not recover any damages sought herein because there is no

27   causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

28   Gallagher.

410404.01

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

EPIC acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Conduct Reasonable Inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

## SEVENTH AFFIRMATIVE DEFENSE

### (Privilege of Competition)

Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the privilege to compete.

## EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Irreparable Harm)

To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief because the injury or damages suffered by Gallagher, if any, would be adequately compensated in an action at law for damages.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Some of the claims are barred by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

Some of the claims are barred by the doctrine of judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Some of the claims are barred by the doctrine of unclean hands.

1

### TWELFTH AFFIRMATIVE DEFENSE

2

(Failure to Establish Misappropriation)

3      Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

4  Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

5  allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

6

### THIRTEENTH AFFIRMATIVE DEFENSE

7

(Failure to Establish Existence of Trade Secrets)

8      Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

9  Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

10  readily ascertainable by proper means and is therefore not a "trade secret" under California law.

11

### FOURTEENTH AFFIRMATIVE DEFENSE

12

(Invalidity of Contracts)

13      Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

14  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

15  Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

16  contracts as they lack consideration and/or are void for public policy reasons under California

17  law.

18

### FIFTEENTH AFFIRMATIVE DEFENSE

19

(Failure to Establish a Private Cause of Action)

20      Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

21  barred as an improper cause of action.

22

### SIXTEENTH AFFIRMATIVE DEFENSE

23

(Public Policy)

24      Some of the claims are barred insofar as several contract provisions are void for public

25  policy.

26

### SEVENTEENTH AFFIRMATIVE DEFENSE

27

(Waiver)

28      Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

25

410404.01

1  purported cause of action contained therein, by reason of Gallagher's own actions and course of

2  conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that EPIC's conduct is not likely to mislead the public or harm Gallagher.

### NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim with the requisite particularity.

### TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee

410404.01

1  mobility in violation of Cal. Bus. & Prof. Code § 16600.

2                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3                         (Incorporation of Other Defenses)

4         EPIC adopts and incorporates any and all other defenses raised or to be raised by any

5  other defendant joined in this litigation to the extent that said defenses are not inconsistent with

6  EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

7  out of this lawsuit.

8                     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9                           (Reservation of Rights)

10        EPIC reserves the right to raise additional affirmative and other defenses as they are

11 discovered or otherwise become available.

12                           **PRAYER FOR RELIEF**

13        Wagener denies that Gallagher is entitled to any of the relief requested in its FAC.

14 WHEREFORE, Wagener prays:

15              1.      That Gallagher take nothing by reason of its FAC;

16              2.      That judgment be rendered in favor of Wagener;

17              3.      That Wagener be awarded his costs incurred in defense of this action; and,

18              4.      That the Court provide such other relief as it deems proper.

19 Dated: February 8, 2008                KEKER & VAN NEST, LLP

20

21

22                               By:  s/Daniel Purcell
                                     DANIEL PURCELL
23                                   Attorneys for Defendants
                                     ALLEN L. AMOS, ERIC CHUA, CAROL ANN
24                                   COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                     ROBERT D. ELLSWORTH, SUSAN M.
25                                   ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                     HAUSE, DON J. JOHNSON, LAURINDA A.
26                                   MARTIN, SHANDRANETTE MIDDLETON,
                                     GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
27                                   LINDA SOO HOO, DIRCK R. STINSON,
                                     PAUL H. WAGENER, and ROBERT H.
28                                   WATKINS

                                         27