KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
710 Sansome Street
San Francisco, California 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R. STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ARTHUR J. GALLAGHER & CO., a Delaware Corporation, ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,

Plaintiffs,

v.

EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; STEPHEN HAUSE; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,

Defendants.

Case No. 07-CV-06418-JSW

**ANSWER OF WILLIAM PHILLIPS, JR. TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendant William Phillips, Jr. ("Phillips") answers plaintiffs' First Amended Complaint as follows:

## I. NATURE OF ACTION

1. Phillips denies Gallagher's allegations of "illegal raiding" or "associated theft and use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business," and the existence of any ongoing misconduct. Except as expressly denied above, Phillips admits Gallagher's characterization of its complaint and the claims for relief set forth therein.

2. Phillips admits the allegations of this paragraph.

3. Phillips admits that EPIC touts its belief in principles of business ethics, but denies, to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical principles. Phillips denies the remaining allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

4. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

5. This paragraph states legal conclusions to which no response is required.

6. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

7. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

8. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those

allegations.

9. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

10. Phillips admits that Wally Brown and Brian Quinn held the most senior management positions in Gallagher's San Ramon office. As to the remainder of the allegations in this paragraph, Phillips lacks sufficient information to admit or deny, and on that basis denies those allegations.

11. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

## II. SUBJECT-MATTER JURISDICTION AND VENUE

12. This paragraph states a legal conclusion to which no response is required.

13. This paragraph states a legal conclusion to which no response is required.

## III. PARTIES AND PERSONAL JURISDICTION

14. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

15. Phillips admits the allegations in this paragraph.

16. Phillips admits that Francis and Hahn are co-founders of EPIC and have experience in the insurance industry. As to the remaining allegations in this paragraph, Phillips lacks sufficient information to admit or deny, and on that basis denies those allegations.

17. Phillips admits that Wally Brown, Brian Quinn, Neil Cohn, Jim Halbleib, and Stephen Hause were former high-level employees of Gallagher. As to the allegations in this paragraph regarding the fiduciary status of certain individual defendants, those allegations state legal conclusions to which no response is required.

18. Phillips admits that the Individual Defendants, including himself, are current

employees of EPIC and former employees of Gallagher. Phillips admits that he is a resident of the State of California. Except as expressly admitted, Phillips denies the allegations of this paragraph as they relate to him, and denies the allegations of this paragraph as they relate to other Individual Defendants on the basis that he lacks sufficient information to admit or deny those allegations.

19. Phillips denies the allegations in this paragraph as they relate to him. For those allegations that relate to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny, and on that basis denies those allegations.

20. Phillips admits that Gallagher has sued each of the Individual Defendants individually as co-conspirators. Except as expressly admitted, Phillips denies the allegations of this paragraph as they relate to him. Phillips denies the allegations of this paragraph as they relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

21. Phillips admits that Gallagher has sued each of the Individual Defendants individually and is alleging that each Individual Defendant acted as an agent of the others. Except as expressly admitted, Phillips denies the allegations of this paragraph as they relate to him. Phillips denies the allegations of this paragraph as they relate to other Individual Defendants and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

## IV. FACTUAL ALLEGATIONS

22. Phillips denies that this paragraph accurately characterizes the job duties of former Gallagher employees who left to join EPIC. Phillips denies the characterization that the Individual Defendants left Gallagher "*en masse*."

23. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

24. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

25. Phillips lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

26. Phillips admits that Gallagher and its employees have invested resources in developing relationships with their clients. Phillips further admits that, if Gallagher possessed any confidential or trade-secret information, and, if that information were misappropriated by a competitor, that misappropriation potentially could enable that competitor to compete unfairly with Gallagher. Phillips specifically denies that he misappropriated any Gallagher confidential information. Except as expressly admitted or denied, Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

27. Phillips admits that, during his employment at Gallagher, he gained access to non-public Gallagher information. Except as expressly admitted, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

28. Phillips admits the existence of Gallagher's Code for Business Conduct and Ethics and Executive Agreements referenced in this paragraph. Without having those documents in his possession, Phillips lacks sufficient information to admit or deny Gallagher's allegations regarding the content of those documents, and on that basis denies those allegations. With respect to Gallagher's allegations regarding its Non-Competition Agreement with Wally Brown and Stockholder Agreement, Phillips lacks sufficient information to admit or deny those allegations, and on that basis denies those allegations. Finally, Plaintiffs' statement that they "take reasonable and appropriate measures to safeguard their nonpublic commercially valuable information" states a legal conclusion to which no response is required.

29. Phillips admits that he executed a Producer Agreement with EPIC in conjunction with beginning work at EPIC. Phillips further admits that his agreement contains provisions regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of loyalty, (d) solicitation of customers, and (e) injunctive relief. Except as expressly admitted, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

30. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

31. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

32. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

33. Phillips admits the allegations in this paragraph.

34. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

35. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

36. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

37. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

38. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

39. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

40. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

41. Phillips lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

42. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

43. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

44. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

45. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

46. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

47. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

48. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

49. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

50. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

51. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

52. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

53. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

54. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

55. Phillips lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

56. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

57. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

58. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

59. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

60. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

61. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

62. Phillips lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

63. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

64. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

65. The first sentence of this paragraph is a prefatory statement to which no response is required. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

66. Phillips admits that George Petty was responsible for IT and computer systems in Gallagher's San Ramon office. Except as expressly admitted, Phillips lacks sufficient information to admit or deny, and on that basis denies those allegations.

67. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

68. Phillips lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

69. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

70. Phillips lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

71. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

72. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

73. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

74. Phillips admits the allegations in this paragraph.

75. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

76. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient

information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

77. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

78. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

79. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

80. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

81. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

82. With respect to the allegations regarding Cohn's resignation letter, that letter is set forth in its entirety this paragraph. The document speaks for itself. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

83. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

84. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

85. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

86. Phillips lacks sufficient information to admit or deny the allegations in this

paragraph, and on that basis denies those allegations.

87. Phillips admits that Wally Brown and Brian Quinn announced their resignations at an all-hands meeting at Gallagher's San Ramon office on December 7, 2007. Except as expressly admitted, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

88. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

89. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

90. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

91. Phillips admits that he interviewed with EPIC on Friday, December 7, 2008 and received an employment offer from EPIC on Saturday, December 8, 2008. Except as expressly admitted, Phillips denies the allegations in this paragraph. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

92. Phillips admits that he resigned from Gallagher on December 10, 2007 without giving prior notice to work at EPIC. Phillips denies that he coordinated his resignation with any other employees or EPIC. Phillips denies the remaining allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

93. Phillips admits that he went to Gallagher's office on December 8, 2007 to complete time-sensitive work for two Gallagher clients. Phillips denies that his work was not for Gallagher's legitimate business purposes. Phillips denies that he intended to resign from Gallagher or had an offer from EPIC when he engaged in the December 8, 2007 work for Gallagher. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on

that basis denies those allegations.

94. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

95. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

96. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

97. Phillips admits that he resigned from Gallagher on December 10, 2007 without giving prior notice to work at EPIC. Phillips denies the remaining allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

98. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

99. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

100. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

101. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

102. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

103. This paragraph states a legal conclusion to which no response is required. To the degree a response is required, Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

those allegations. Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.

104. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

105. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

106. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

107. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

108. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

109. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

110. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

111. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

112. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

113. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

114. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient

information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

115. Phillips denies that he used any deceptive or unlawful business practices, or any Gallagher business information, to convince any client to switch its business from Gallagher to EPIC. Except as expressly denied, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies these allegations.

116. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

117. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

118. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

119. Phillips denies that he has solicited any Gallagher employees or customers. Except as expressly denied, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

120. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

121. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

122. This paragraph states a legal conclusion to which no response is required.

123. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient

information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

124. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

125. Phillips denies the allegations in this paragraph as to him. With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

126. This paragraph states legal conclusions to which no response is required.

127. This paragraph states legal conclusions to which no response is required.

**COUNT ONE**

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

128. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 127.

129. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

130. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

131. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

132. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

133. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

134. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT TWO**

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

135. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 134.

136. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

137. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

138. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

139. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

140. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

141. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

142. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT THREE**

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 142.

144. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

145. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

146. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

147. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

148. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

149. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

150. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

151. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

152. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

153. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT FOUR

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

154. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 153.

155. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

156. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

157. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

158. This cause of action is not asserted against Phillips. Phillips, therefore, is not

required to and does not respond to the allegations in the paragraph.

159. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

160. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT FIVE**

**(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

161. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 160.

162. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

163. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

164. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

165. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT SIX**

**(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause, Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

166. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 165.

167. Phillips admits that he signed an Executive Agreement with Gallagher. Without having possession of the Executive Agreement he signed, Phillips lacks sufficient information to admit or deny its contents, and on that basis denies the allegations in the first sentence of this paragraph. In any event, the Executive Agreement will speak for itself. Phillips admits that, when he began work with EPIC, he agreed to maintain and not to misappropriate any EPIC

confidential or proprietary information, and not to solicit EPIC employees.

168. Phillips admits that Gallagher requested that he sign Gallagher's Code of Business Conduct and Ethics. Without having possession of a copy of that Code, however, Phillips lacks sufficient information to admit or deny his execution of it or its contents, and on that basis denies the allegations in the first sentence of this paragraph. In any event, the Code will speak for itself.

169. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

170. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

171. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

172. Phillips denies that he materially breached any contract with Gallagher. Phillips lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

173. This paragraph states legal conclusions to which no response is required.

## COUNT SEVEN

**(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Johnson, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

174. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 173.

175. This paragraph states a legal conclusion to which no response is required.

176. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

177. Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

178. Phillips denies that he breached any duties contained in any agreements he signed with Gallagher. Phillips lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

**COUNT EIGHT**

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 178.

180. Phillips lacks sufficient information to admit or deny that he was a member of the employee categories listed by Plaintiffs, and on that basis denies those allegations. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself. The remaining allegations in this paragraph state a legal conclusion to which no response is required.

181. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

182. This paragraph states a legal conclusion to which no response is required.

183. Phillips denies that he did any act willfully or maliciously with the intent to injure Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. The remainder of this paragraph states legal conclusions to which no response

is required.

**COUNT NINE**

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

184. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 183.

185. This paragraph states a legal conclusion to which no response is required.

186. Phillips admits that, prior to his resignation from Gallagher, he was an employee of Gallagher. The remainder of this paragraph states legal conclusions to which no response is required.

187. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

188. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

189. Phillips denies the allegations in the first two sentences of this paragraph as to him. With respect to allegations in the first two sentences this paragraph as to other Individual Defendants, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations. The third sentence of this paragraph states legal conclusions to which no response is required.

**COUNT TEN**

**(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn, and Wick)**

190. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 189.

191. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

192. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

193. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

194. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

195. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

196. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 196.

198. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

199. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

200. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

201. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

202. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

**COUNT TWELVE**

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

203. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 202.

204. This paragraph states legal conclusions to which no response is required.

205. This paragraph states legal conclusions to which no response is required.

**COUNT THIRTEEN**

**(Unjust Enrichment – Against All Defendants)**

206. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 205.

207. Phillips denies the allegations in this paragraph as to him. With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Phillips lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

208. This paragraph states legal conclusions to which no response is required.

**COUNT FOURTEEN**

**(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

209. Phillips realleges and incorporates by reference his responses to paragraphs 1 through 208.

210. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

211. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

212. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

213. This cause of action is not asserted against Phillips. Phillips, therefore, is not required to and does not respond to the allegations in the paragraph.

214. This cause of action is not asserted against Phillips. Phillips, therefore, is not

required to and does not respond to the allegations in the paragraph.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to the First Amended Complaint ("FAC"), Phillips alleges the following:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The FAC, and each purported count therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Allege Sufficient Facts)

The FAC, and each purported count therein, fails to state facts sufficient to constitute a cause of action.

**THIRD AFFIRMATIVE DEFENSE**

(Justification)

The actions of EPIC that allegedly give rise to liability herein, if any such actions occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Establish Causation)

Without in any way admitting that any of the conduct alleged in the FAC occurred or is in any way unlawful, Gallagher may not recover any damages sought herein because there is no causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by Gallagher.

**FIFTH AFFIRMATIVE DEFENSE**

(Good Faith)

EPIC acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

////

////

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Conduct Reasonable Inquiry)

The FAC, and each and every purported cause of action alleged therein, is barred because Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

**SEVENTH AFFIRMATIVE DEFENSE**

(Privilege of Competition)

Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the privilege to compete.

**EIGHTH AFFIRMATIVE DEFENSE**

(Absence of Irreparable Harm)

To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief because the injury or damages suffered by Gallagher, if any, would be adequately compensated in an action at law for damages.

**NINTH AFFIRMATIVE DEFENSE**

(Equitable Estoppel)

Some of the claims are barred by the doctrine of equitable estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(Judicial Estoppel)

Some of the claims are barred by the doctrine of judicial estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Some of the claims are barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Establish Misappropriation)

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Establish Existence of Trade Secrets)

Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ. Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is readily ascertainable by proper means and is therefore not a "trade secret" under California law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Invalidity of Contracts)

Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid contracts as they lack consideration and/or are void for public policy reasons under California law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Establish a Private Cause of Action)

Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is barred as an improper cause of action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Public Policy)

Some of the claims are barred insofar as several contract provisions are void for public policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

Gallagher has waived the right, if any, to pursue the claims in the FAC, and each purported cause of action contained therein, by reason of Gallagher's own actions and course of conduct.

////

////

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Absence of Deception)

Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that EPIC's conduct is not likely to mislead the public or harm Gallagher.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Lack of Specificity)

The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim with the requisite particularity.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

The FAC, and each and every purported cause of action alleged therein, is barred because any recovery would result in Gallagher's unjust enrichment.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as required by law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Punitive Damages)

Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in the FAC, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and the award of punitive damages as applied to the facts of this case would violate EPIC's constitutional rights under the United States and California Constitution.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Improper Restraint of Competition)

Some of Plaintiffs' claims are improper efforts to restrain competition and employee mobility in violation of Cal. Bus. & Prof. Code § 16600.

////

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Incorporation of Other Defenses)

EPIC adopts and incorporates any and all other defenses raised or to be raised by any other defendant joined in this litigation to the extent that said defenses are not inconsistent with EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising out of this lawsuit.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

EPIC reserves the right to raise additional affirmative and other defenses as they are discovered or otherwise become available.

**PRAYER FOR RELIEF**

Phillips denies that Gallagher is entitled to any of the relief requested in its FAC. WHEREFORE, Phillips prays:

1. That Gallagher take nothing by reason of its FAC;
2. That judgment be rendered in favor of Phillips;
3. That Phillips be awarded his costs incurred in defense of this action; and,
4. That the Court provide such other relief as it deems proper.

Dated: February 8, 2008

KEKER & VAN NEST, LLP

By: s/Daniel Purcell
DANIEL PURCELL
Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R. STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS