1 | KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708 (epeters@kvn.com)
2 | DANIEL PURCELL - #191424 (dpurcell@kvn.com)
R. ADAM LAURIDSEN - #243780 (alauridsen@kvn.com)
3 | 710 Sansome Street
San Francisco, California 94111-1704
4 | Telephone: (415) 391-5400
Facsimile: (415) 397-7188
5 |
Attorneys for Defendants
6 | ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R.
COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH,
7 | SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN
HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN,
8 | SHANDRANETTE MIDDLETON, GEORGE J. PETTY,
WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R.
9 | STINSON, PAUL H. WAGENER, and ROBERT H. WATKINS

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

13 |

14 | ARTHUR J. GALLAGHER & CO., a Delaware
Corporation, ARTHUR J. GALLAGHER & CO.
15 | INSURANCE BROKERS OF CALIFORNIA,
INC., a California Corporation,
16 |
17 | Plaintiffs,
18 | v.
19 | EDGEWOOD PARTNERS INSURANCE
CENTER, a California corporation; DAN R.
FRANCIS; JOHN G. HAHN; ANDREW
20 | ("WALLY") BROWN, JR.; BRIAN F. QUINN;
NEIL R. COHN; CAROLANN COHN;
21 | MICHAEL J. BROWN; STEPHEN HAUSE;
LAURA J. WICK; JAMES C. HALBLEIB;
22 | STEPHEN HAUSE; LAURINDA ("LAURIE") A.
MARTIN; ERIC CHUA; GEORGE J. PETTY;
23 | LINDA SOO HOO; ROBERT E. DUTTO; SUSAN
M. ENGLISH; DON J. JOHNSON; ALLEN L.
24 | AMOS; WILLIAM ("BILL") PHILLIPS, JR.;
DIRCK ("RICK") R. STINSON; ROBERT
25 | ("BOB") D. ELLSWORTH; ROBERT H.
WATKINS; PAUL H. WAGENER;
26 | SHANDRANETTE MIDDLETON,

27 | Defendants.

28 |

Case No. 07-CV-06418-JSW

**ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

410580.01

1    Defendant Stephen Hause ("Hause") answers plaintiffs' First Amended Complaint as

2    follows:

3                          I.    **NATURE OF ACTION**

4    1.    Hause denies Gallagher's allegations of "illegal raiding" or "associated theft and

5    use of Plaintiffs' confidential data to unfairly compete and steal millions of dollars of business,"

6    and the existence of any ongoing misconduct.  Except as expressly denied above, Hause admits

7    Gallagher's characterization of its complaint and the claims for relief set forth therein.

8    2.    Hause admits the allegations of this paragraph.

9    3.    Hause admits that EPIC touts its belief in principles of business ethics, but denies,

10   to the best of his knowledge, that EPIC behaved in a manner contrary to such ethical principles.

11   Hause denies the remaining allegations in this paragraph as to him.  With respect to the

12   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

13   information to admit or deny the allegations in this paragraph, and on that basis denies those

14   allegations.

15   4.    Hause denies the allegations in this paragraph as to him.  With respect to the

16   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

17   information to admit or deny the allegations in this paragraph, and on that basis denies those

18   allegations.

19   5.    This paragraph states legal conclusions to which no response is required.

20   6.    Hause lacks sufficient information to admit or deny the allegations in this

21   paragraph, and on that basis denies those allegations.

22   7.    Hause denies the allegations in this paragraph as to him.  With respect to the

23   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

24   information to admit or deny the allegations in this paragraph, and on that basis denies those

25   allegations.

26   8.    Hause denies the allegations in this paragraph as to him.  With respect to the

27   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

28   information to admit or deny the allegations in this paragraph, and on that basis denies those

1

410580.01

1   allegations.

2        9.      Hause denies the allegations in this paragraph as to him.  With respect to the

3   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

4   information to admit or deny the allegations in this paragraph, and on that basis denies those

5   allegations.

6        10.     Hause admits that Wally Brown and Brian Quinn held the most senior

7   management positions in Gallagher's San Ramon office.  As to the remainder of the allegations

8   in this paragraph, Hause lacks sufficient information to admit or deny, and on that basis denies

9   those allegations.

10       11.     Hause denies the allegations in this paragraph as to him.  With respect to the

11  allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

12  information to admit or deny the allegations in this paragraph, and on that basis denies those

13  allegations.

14              **II.       SUBJECT-MATTER JURISDICTION AND VENUE**

15       12.     This paragraph states a legal conclusion to which no response is required.

16       13.     This paragraph states a legal conclusion to which no response is required.

17              **III.      PARTIES AND PERSONAL JURISDICTION**

18       14.     Hause lacks sufficient information to admit or deny the allegations in this

19  paragraph, and on that basis denies those allegations.

20       15.     Hause admits the allegations in this paragraph.

21       16.     Hause admits that Francis and Hahn are co-founders of EPIC and have experience

22  in the insurance industry.  As to the remaining allegations in this paragraph, Hause lacks

23  sufficient information to admit or deny, and on that basis denies those allegations.

24       17.     Hause admits that he, Wally Brown, Brian Quinn, Neil Cohn, and Jim Halbleib

25  were former high-level employees of Gallagher.  As to the allegations in this paragraph

26  regarding the fiduciary status of certain individual defendants, those allegations state legal

27  conclusions to which no response is required.

28       18.     Hause admits that the Individual Defendants, including himself, are current

1   employees of EPIC and former employees of Gallagher. Hause admits that he is a resident of the

2   State of California. Except as expressly admitted, Hause denies the allegations of this paragraph

3   as they relate to him, and denies the allegations of this paragraph as they relate to other

4   Individual Defendants on the basis that he lacks sufficient information to admit or deny those

5   allegations.

6          19.    Hause denies the allegations in this paragraph as they relate to him. For those

7   allegations that relate to other Individual Defendants and EPIC, Hause lacks sufficient

8   information to admit or deny, and on that basis denies those allegations.

9          20.    Hause admits that Gallagher has sued each of the Individual Defendants

10  individually as co-conspirators. Except as expressly admitted, Hause denies the allegations of

11  this paragraph as they relate to him. Hause denies the allegations of this paragraph as they relate

12  to other Individual Defendants and EPIC on the basis that he lacks sufficient information to

13  admit or deny those allegations.

14         21.    Hause admits that Gallagher has sued each of the Individual Defendants

15  individually and is alleging that each Individual Defendant acted as an agent of the others.

16  Except as expressly admitted, Hause denies the allegations of this paragraph as they relate to

17  him. Hause denies the allegations of this paragraph as they relate to other Individual Defendants

18  and EPIC on the basis that he lacks sufficient information to admit or deny those allegations.

19                      IV.    **FACTUAL ALLEGATIONS**

20         22.    Hause denies that this paragraph accurately characterizes the job duties of former

21  Gallagher employees who left to join EPIC. Hause denies the characterization that the

22  Individual Defendants left Gallagher "*en masse*."

23         23.    Hause lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25         24.    Hause lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27         25.    Hause lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

3

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1      26.    Hause admits that Gallagher and its employees have invested resources in

2 developing relationships with their clients. Hause further admits that, if Gallagher possessed any

3 confidential or trade-secret information, and, if that information were misappropriated by a

4 competitor, that misappropriation potentially could enable that competitor to compete unfairly

5 with Gallagher. Hause admits the facts stated in his declarations of January 3 and 16, 2008,

6 which are expressly incorporated herein. Except as admitted, Hause denies the allegations in this

7 paragraph as to him. With respect to the allegations in this paragraph as to other Individual

8 Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

9 and on that basis denies those allegations.

10      27.    Hause admits that, during his employment at Gallagher, he gained access to non-

11 public Gallagher information. Except as expressly admitted, Hause lacks sufficient information

12 to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

13      28.    Hause admits the existence of Gallagher's Code for Business Conduct and Ethics,

14 Executive Agreements, and Stockholder Agreement referenced in this paragraph. Without

15 having those documents in his possession, Hause lacks sufficient information to admit or deny

16 Gallagher's allegations regarding the content of those documents, and on that basis denies those

17 allegations. With respect to Gallagher's allegations regarding its Non-Competition Agreement

18 with Wally Brown, Hause lacks sufficient information to admit or deny those allegations, and on

19 that basis denies those allegations. Finally, Gallagher's statement that it "takes reasonable and

20 appropriate measures to safeguard its non-public commercially valuable information" states a

21 legal conclusion to which no response is required.

22      29.    Hause admits that he executed a Producer Agreement with EPIC in conjunction

23 with beginning work at EPIC. Hause further admits that his agreement contains provisions

24 regarding (a) confidential information and trade secrets, (b) solicitation of employees, (c) duty of

25 loyalty, (d) solicitation of customers, and (e) injunctive relief. Except as expressly admitted,

26 Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that

27 basis denies those allegations.

28      30.    Hause lacks sufficient information to admit or deny the allegations in this

4

410580.01

1   paragraph, and on that basis denies those allegations.

2       31.    Hause lacks sufficient information to admit or deny the allegations in this

3   paragraph, and on that basis denies those allegations.

4       32.    Hause lacks sufficient information to admit or deny the allegations in this

5   paragraph, and on that basis denies those allegations.

6       33.    Hause admits the allegations in this paragraph.

7       34.    Hause lacks sufficient information to admit or deny the allegations in this

8   paragraph, and on that basis denies those allegations.

9       35.    Hause denies the allegations in this paragraph as to him.  With respect to the

10   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

11   information to admit or deny the allegations in this paragraph, and on that basis denies those

12   allegations.

13       36.    Hause denies the allegations in this paragraph as to him.  With respect to the

14   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

15   information to admit or deny the allegations in this paragraph, and on that basis denies those

16   allegations.

17       37.    Hause denies the allegations in this paragraph as to him.  With respect to the

18   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

19   information to admit or deny the allegations in this paragraph, and on that basis denies those

20   allegations.

21       38.    Hause lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23       39.    Hause lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25       40.    Hause lacks sufficient information to admit or deny the allegations in this

26   paragraph, and on that basis denies those allegations.

27       41.    Hause lacks sufficient information to admit or deny the allegations in this

28   paragraph, and on that basis denies those allegations.

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410580.01

1    42.    Hause lacks sufficient information to admit or deny the allegations in this

2  paragraph, and on that basis denies those allegations.

3    43.    Hause lacks sufficient information to admit or deny the allegations in this

4  paragraph, and on that basis denies those allegations.

5    44.    Hause lacks sufficient information to admit or deny the allegations in this

6  paragraph, and on that basis denies those allegations.

7    45.    Hause lacks sufficient information to admit or deny the allegations in this

8  paragraph, and on that basis denies those allegations.

9    46.    Hause lacks sufficient information to admit or deny the allegations in this

10  paragraph, and on that basis denies those allegations.

11    47.    Hause lacks sufficient information to admit or deny the allegations in this

12  paragraph, and on that basis denies those allegations.

13    48.    Hause lacks sufficient information to admit or deny the allegations in this

14  paragraph, and on that basis denies those allegations.

15    49.    Hause lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17    50.    Hause lacks sufficient information to admit or deny the allegations in this

18  paragraph, and on that basis denies those allegations.

19    51.    Hause lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21    52.    Hause lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23    53.    Hause lacks sufficient information to admit or deny the allegations in this

24  paragraph, and on that basis denies those allegations.

25    54.    Hause lacks sufficient information to admit or deny the allegations in this

26  paragraph, and on that basis denies those allegations.

27    55.    Hause lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

410580.01

1     56.    Hause lacks sufficient information to admit or deny the allegations in this

2   paragraph, and on that basis denies those allegations.

3     57.    Hause lacks sufficient information to admit or deny the allegations in this

4   paragraph, and on that basis denies those allegations.

5     58.    Hause lacks sufficient information to admit or deny the allegations in this

6   paragraph, and on that basis denies those allegations.

7     59.    Hause lacks sufficient information to admit or deny the allegations in this

8   paragraph, and on that basis denies those allegations.

9     60.    Hause lacks sufficient information to admit or deny the allegations in this

10   paragraph, and on that basis denies those allegations.

11     61.    Hause lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13     62.    Hause lacks sufficient information to admit or deny the allegations of this

14   paragraph, and on that basis denies those allegations.

15     63.    Hause denies the allegations in this paragraph as to him.  With respect to the

16   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

17   information to admit or deny the allegations in this paragraph, and on that basis denies those

18   allegations.

19     64.    Hause denies the allegations in this paragraph as to him.  With respect to the

20   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

21   information to admit or deny the allegations in this paragraph, and on that basis denies those

22   allegations.

23     65.    The first sentence of this paragraph is a prefatory statement to which no response

24   is required.  Hause denies the remaining allegations in this paragraph as to him.  With respect to

25   the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

26   information to admit or deny the allegations in this paragraph, and on that basis denies those

27   allegations.

28     66.    Hause admits that George Petty was responsible for IT and computer systems in

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

410580.01

1    Gallagher's San Ramon office.  Except as expressly admitted, Hause lacks sufficient information

2    to admit or deny, and on that basis denies those allegations.

3         67.     Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

4    are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

5    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

6    Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

7    and on that basis denies those allegations.

8         68.     Hause lacks sufficient information to admit or deny the allegations of this

9    paragraph, and on that basis denies those allegations.

10        69.     Hause admits that, following the filing of the lawsuit, he had one Gallagher

11   document in his possession, which he immediately disclosed in his January 3, 2008 declaration.

12   Hause denies that he was still in possession of Gallagher's data as of the filing of the First

13   Amended Complaint.  Hause denies that the Gallagher data has not been returned to Gallagher.

14   With respect to the allegations in this paragraph as to other Individual Defendants and EPIC,

15   Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that

16   basis denies those allegations.

17        70.     Hause lacks sufficient information to admit or deny the allegations of this

18   paragraph, and on that basis denies those allegations.

19        71.     Hause lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21        72.     Hause lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23        73.     Hause lacks sufficient information to admit or deny the allegations in this

24   paragraph, and on that basis denies those allegations.

25        74.     Hause admits the allegations in this paragraph.

26        75.     Hause denies the allegations in this paragraph as to him.  With respect to the

27   allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

28   information to admit or deny the allegations in this paragraph, and on that basis denies those

8

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1  allegations.

2      76.     Hause denies the allegations in this paragraph as to him.  With respect to the

3  allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

4  information to admit or deny the allegations in this paragraph, and on that basis denies those

5  allegations.

6      77.     Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

7  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

8  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

9  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

10 and on that basis denies those allegations.

11     78.     Hause lacks sufficient information to admit or deny the allegations in this

12 paragraph, and on that basis denies those allegations.

13     79.     Hause admits that he resigned from Gallagher without notice on December 7,

14 2007.  Hause admits that he subsequently began work at EPIC.  Hause denies that he made "an

15 immediate and planned grab for Plaintiffs' business using unfair competition and other illegal

16 methods."  With respect to the allegations in this paragraph as to other Individual Defendants,

17 Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that

18 basis denies those allegations.

19     80.     Hause lacks sufficient information to admit or deny the allegations in this

20 paragraph, and on that basis denies those allegations.

21     81.     Hause denies the allegations in this paragraph as to him.  With respect to the

22 allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

23 information to admit or deny the allegations in this paragraph, and on that basis denies those

24 allegations.

25     82.     With respect to the allegations regarding Cohn's resignation letter, that letter is set

26 forth in its entirety this paragraph.  The letter speaks for itself.  With respect to the allegations in

27 this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or

28 deny the allegations in this paragraph, and on that basis denies those allegations.

9

410580.01

1       83.    Hause lacks sufficient information to admit or deny the allegations in this
2   paragraph, and on that basis denies those allegations.

3       84.    Hause lacks sufficient information to admit or deny the allegations in this
4   paragraph, and on that basis denies those allegations.

5       85.    Hause lacks sufficient information to admit or deny the allegations in this
6   paragraph, and on that basis denies those allegations.

7       86.    Hause lacks sufficient information to admit or deny the allegations in this
8   paragraph, and on that basis denies those allegations.

9       87.    Hause admits that Wally Brown and Brian Quinn announced their resignations at
10  an all-hands meeting at Gallagher's San Ramon office on December 7, 2007.  Except as
11  expressly admitted, Hause lacks sufficient information to admit or deny the allegations in this
12  paragraph, and on that basis denies those allegations.

13      88.    Hause lacks sufficient information to admit or deny the allegations in this
14  paragraph, and on that basis denies those allegations.

15      89.    Hause lacks sufficient information to admit or deny the allegations in this
16  paragraph, and on that basis denies those allegations.

17      90.    Hause lacks sufficient information to admit or deny the allegations in this
18  paragraph, and on that basis denies those allegations.

19      91.    Hause lacks sufficient information to admit or deny the allegations in this
20  paragraph, and on that basis denies those allegations.

21      92.    Hause lacks sufficient information to admit or deny the allegations in this
22  paragraph, and on that basis denies those allegations.

23      93.    Hause lacks sufficient information to admit or deny the allegations in this
24  paragraph, and on that basis denies those allegations.

25      94.    Hause lacks sufficient information to admit or deny the allegations in this
26  paragraph, and on that basis denies those allegations.

27      95.    Hause lacks sufficient information to admit or deny the allegations in this
28  paragraph, and on that basis denies those allegations.

10

410580.01

1    96.    Hause lacks sufficient information to admit or deny the allegations in this

2   paragraph, and on that basis denies those allegations.

3    97.    Hause lacks sufficient information to admit or deny the allegations in this

4   paragraph, and on that basis denies those allegations.

5    98.    Hause lacks sufficient information to admit or deny the allegations in this

6   paragraph, and on that basis denies those allegations.

7    99.    Hause lacks sufficient information to admit or deny the allegations in this

8   paragraph, and on that basis denies those allegations.

9    100.    Hause lacks sufficient information to admit or deny the allegations in this

10   paragraph, and on that basis denies those allegations.

11    101.    Hause lacks sufficient information to admit or deny the allegations in this

12   paragraph, and on that basis denies those allegations.

13    102.    Hause lacks sufficient information to admit or deny the allegations in this

14   paragraph, and on that basis denies those allegations.

15    103.    Hause lacks sufficient information to admit or deny the allegations in this

16   paragraph, and on that basis denies those allegations.

17    104.    Hause lacks sufficient information to admit or deny the allegations in this

18   paragraph, and on that basis denies those allegations.

19    105.    Hause lacks sufficient information to admit or deny the allegations in this

20   paragraph, and on that basis denies those allegations.

21    106.    Hause lacks sufficient information to admit or deny the allegations in this

22   paragraph, and on that basis denies those allegations.

23    107.    Hause denies the allegations in this paragraph as to him.  With respect to the

24   allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

25   information to admit or deny the allegations in this paragraph, and on that basis denies those

26   allegations.

27    108.    Hause admits the allegations in the paragraph.

28    109.    Hause admits that while he was employed by Gallagher and before learning of or

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1   pursuing any employment opportunity with EPIC, he scheduled a meeting with a Gallagher

2   customer.  Hause denies that at the time he scheduled the meeting he "intended to immediately

3   solicit" this customer after resigning from Gallagher, or intended to resign from Gallagher at all.

4          110.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

5   are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

6   paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

7   Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

8   and on that basis denies those allegations.

9          111.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

10  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

11  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

12  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

13  and on that basis denies those allegations.

14         112.    Hause denies the allegations in this paragraph.

15         113.    Hause lacks sufficient information to admit or deny the allegations in this

16  paragraph, and on that basis denies those allegations.

17         114.    Hause denies the allegations in this paragraph as to him.  With respect to the

18  allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

19  information to admit or deny the allegations in this paragraph, and on that basis denies those

20  allegations.

21         115.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

22  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

23  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

24  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

25  and on that basis denies those allegations.

26         116.    Hause lacks sufficient information to admit or deny the allegations in this

27  paragraph, and on that basis denies those allegations.

28         117.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1   are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

2   paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

3   Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

4   and on that basis denies those allegations.

5        118.    Hause lacks sufficient information to admit or deny the allegations in this

6   paragraph, and on that basis denies those allegations.

7        119.    Hause denies that he has solicited any Gallagher employees or customers.  Except

8   as expressly denied, Hause lacks sufficient information to admit or deny the allegations in this

9   paragraph, and on that basis denies those allegations.

10       120.    Hause denies the allegations in this paragraph as to him.  With respect to the

11  allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

12  information to admit or deny the allegations in this paragraph, and on that basis denies those

13  allegations.

14       121.    Hause denies the allegations in this paragraph as to him.  With respect to the

15  allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

16  information to admit or deny the allegations in this paragraph, and on that basis denies those

17  allegations.

18       122.    This paragraph states a legal conclusion to which no response is required.

19       123.    Hause admits that, following the filing of the lawsuit, he had one Gallagher

20  document in his possession, which he immediately disclosed in his January 3, 2008 declaration.

21  Except as expressly admitted, Hause denies the allegations in this paragraph.  With respect to the

22  allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

23  information to admit or deny the allegations in this paragraph, and on that basis denies those

24  allegations.

25       124.    Hause admits that, following the filing of the lawsuit, he had one Gallagher

26  document in his possession, which he immediately disclosed in his January 3, 2008 declaration.

27  Hause admits that he provided the document to his attorneys, who subsequently returned it to

28  Gallagher.  Except as expressly admitted, Hause denies the allegations in this paragraph.

125.    Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

126.    This paragraph states legal conclusions to which no response is required.

127.    This paragraph states legal conclusions to which no response is required.

## COUNT ONE

**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. §1030 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton, and Watkins)**

128.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 127.

129.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

130.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

131.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

132.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

133.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

134.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT TWO

**(Violation of California Penal Code §502 – Against Individual Defendants Neil Cohn, Halbleib, Martin, Petty, Chua, Middleton and Watkins)**

135.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 134.

410580.01

136.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

137.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

138.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

139.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

140.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

141.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

142.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT THREE

**(Misappropriation of Trade Secrets – Cal. Civ. Code §3426 *et seq.* – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Chua, Hause, Watkins, and Middleton, on behalf of and in furtherance of the conspiracy with EPIC)**

143.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 142.

144.    Hause denies the allegations in this paragraph.

145.    Gallagher's assertion that it possesses trade secrets under California law is a legal conclusion to which no response is required.  To the degree a response is required, Hause denies the allegations in this paragraph.

146.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Except as expressly admitted and denied, the

15

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410580.01

1    remaining allegations of this paragraph are legal conclusions to which no response is required.

2    147.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

3    are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

4    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

5    Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

6    and on that basis denies those allegations.

7    148.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

8    are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

9    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

10    Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

11    and on that basis denies those allegations.

12    149.    This paragraph states legal conclusions to which no response is required.  To the

13    degree a response is required, Hause admits the facts stated in his declarations of January 3

14    and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the

15    allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to

16    other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations

17    in this paragraph, and on that basis denies those allegations.

18    150.    The first sentence of this paragraph states legal conclusions to which no response

19    is required.  As to the allegations in the second sentence, Hause lacks sufficient information to

20    admit or deny the allegations in this paragraph, and on that basis denies those allegations.

21    151.    This paragraph states legal conclusions to which no response is required.  To the

22    degree a response is required, Hause denies the allegations in this paragraph.

23    152.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

24    are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

25    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

26    Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

27    and on that basis denies those allegations.  The remainder of this paragraph states legal

28    conclusions to which no response is required.

16

153.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to which no response is required.

## COUNT FOUR

**(Misappropriation of Other Employer Property – Cal. Labor Code §2860 – Against Defendants Neil Cohn, Halbleib, Martin, Petty, Hause, Chua, Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

154.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 153.

155.    This paragraph states a legal conclusion to which no response is required.  To the degree a response is required, Hause admits the facts stated in his declarations of January 3 and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

156.    This paragraph states a legal conclusion to which no response is required.  To the degree a response is required, Hause admits the facts stated in his declarations of January 3 and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

157.    Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

158.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

17

1  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

2  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

3  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

4  and on that basis denies those allegations.  The remainder of this paragraph states legal

5  conclusions to which no response is required.

6    159. Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

7  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

8  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

9  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

10  and on that basis denies those allegations.

11    160. Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

12  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

13  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

14  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

15  and on that basis denies those allegations.  The remainder of this paragraph states legal

16  conclusions to which no response is required.

17  **COUNT FIVE**

18  **(Conversion – Against Defendants EPIC, Neil Cohn, Halbleib, Martin, Petty, Hause, Chua,**
19  **Middleton and Watkins, on behalf of and in furtherance of the conspiracy with EPIC)**

20    161. Hause realleges and incorporates by reference his responses to paragraphs 1

21  through 160.

22    162. Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

23  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

24  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

25  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

26  and on that basis denies those allegations.

27    163. Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

28  are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

18

410580.01

1  paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

2  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

3  and on that basis denies those allegations.

4       164.   Hause denies the allegations in this paragraph as to him.  With respect to the

5  allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient

6  information to admit or deny the allegations in this paragraph, and on that basis denies those

7  allegations.

8       165.   Hause denies that he willfully and maliciously converted any property belonging

9  to Gallagher or deliberately intended to injure Gallagher's business for his own financial gain.

10  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks

11  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

12  those allegations.  The remainder of this paragraph states legal conclusions to which no response

13  is required.

## COUNT SIX

**(Breach Of Written Contract – Against Wally Brown, Quinn, N. Cohn, C. Cohn, Hause, Petty, Chua, Michael Brown, Amos, Dutto, English, Halbleib, Johnson, Martin, Phillips, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

16       166.   Hause realleges and incorporates by reference his responses to paragraphs 1

18  through 165.

19       167.   Hause lacks sufficient information to admit or deny the allegations in this

20  paragraph, and on that basis denies those allegations.

21       168.   Hause lacks sufficient information to admit or deny the allegations in this

22  paragraph, and on that basis denies those allegations.

23       169.   Hause admits that he entered into a Stock Option Agreement with Gallagher.

24  Without having possession of the Stock Option Agreement he signed, Hause lacks sufficient

25  information to admit or deny its contents, and on that basis denies the allegations in the first

26  sentence of this paragraph.  In any event, the Stock Option Agreement will speak for itself.

27       170.   Hause lacks sufficient information to admit or deny the allegations in this

28  paragraph, and on that basis denies those allegations.

19

410580.01

1    171.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

2    are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this

3    paragraph as to him.  With respect to the allegations in this paragraph as to other Individual

4    Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

5    and on that basis denies those allegations.

6    172.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which

7    are expressly incorporated herein.  Except as admitted, Hause lacks sufficient information to

8    admit or deny the remaining allegations in this paragraph, and on that basis denies those

9    allegations.

10    173.    This paragraph states legal conclusions to which no response is required.

11    **COUNT SEVEN**

12    **(Breach of the Contract of Good Faith and Fair Dealing – Against Amos, Michael Brown, Wally Brown, N. Cohn, C. Cohn, Dutto, Petty, Hause, English, Halbleib, Dutto, Martin, Phillips, Jr., Quinn, Soo Hoo, Stinson, Wagener, Watkins, and Wick)**

13

14    174.    Hause realleges and incorporates by reference his responses to paragraphs 1

15    through 173.

16    175.    This paragraph states a legal conclusion to which no response is required.

17    176.    Hause denies the allegations in this paragraph as to him.  With respect to the

18    allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

19    information to admit or deny the allegations in this paragraph, and on that basis denies those

20    allegations.

21    177.    Hause lacks sufficient information to admit or deny the allegations in this

22    paragraph, and on that basis denies those allegations.

23    178.    Hause denies that he breached any duties contained in any agreements he signed

24    with Gallagher.  Hause lacks sufficient information to admit or deny the remaining allegations in

25    this paragraph, and on that basis denies those allegations.

26

27

28

20

## COUNT EIGHT

**(Breach of Fiduciary Duty and Breach of the Duty of Loyalty – Against Individual Defendants Wally Brown, N. Cohn, Halbleib, Quinn, Hause, Michael Brown, Alan Amos, Rob Dutto, Susan English, Laurie Martin, William Phillips, Rick Stinson, and Paul Wagener)**

179.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 178.

180.    Hause admits that he was an officer-level employee of Gallagher.  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  Although Plaintiffs do not specifically identify the document they quote, any such document will speak for itself.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.

181.    Hause denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

182.    This paragraph states a legal conclusion to which no response is required.

183.    Hause denies that he did any act willfully or maliciously with the intent to injure Gallagher or for his personal financial benefit or for the financial benefit of EPIC or anyone else.  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.  The remainder of this paragraph states legal conclusions to which no response is required.

## COUNT NINE

**(Violation of Cal. Labor Code §§2854 And 2859 – Against All Individual Defendants Except Francis and Hahn)**

184.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 183.

410580.01

1    185.    This paragraph states a legal conclusion to which no response is required.

2    186.    Hause admits that, prior to his resignation from Gallagher, he was an employee of

3  Gallagher.  The remainder of this paragraph states legal conclusions to which no response is

4  required.

5    187.    Hause denies the allegations in this paragraph as to him.  With respect to

6  allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

7  information to admit or deny the allegations in this paragraph, and on that basis denies those

8  allegations.

9    188.    Hause denies the allegations in this paragraph as to him.  With respect to

10  allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

11  information to admit or deny the allegations in this paragraph, and on that basis denies those

12  allegations.

13    189.    Hause denies the allegations in the first two sentences of this paragraph as to his.

14  With respect to allegations in the first two sentences this paragraph as to other Individual

15  Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph,

16  and on that basis denies those allegations.  The third sentence of this paragraph states legal

17  conclusions to which no response is required.

18                              **COUNT TEN**

19  **(Tortious Interference with Contract – Against EPIC, Hahn, Francis, Wally Brown, Quinn,**
                              **and Wick)**

20

21    190.    Hause realleges and incorporates by reference his responses to paragraphs 1

22  through 189.

23    191.    This cause of action is not asserted against Hause.  Hause, therefore, is not

24  required to and does not respond to the allegations in the paragraph.

25    192.    This cause of action is not asserted against Hause.  Hause, therefore, is not

26  required to and does not respond to the allegations in the paragraph.

27    193.    This cause of action is not asserted against Hause.  Hause, therefore, is not

28  required to and does not respond to the allegations in the paragraph.

22

194.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

195.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

196.    This cause of action is not asserted against Hause.  Hause, therefore, is not required to and does not respond to the allegations in the paragraph.

## COUNT ELEVEN

**(Tortious Interference with Prospective Business Advantage – Against Defendants EPIC, Hahn, Francis, Wally Brown, Amos, Michael Brown, Cohn, Chua, Dutto, Ellsworth, Halbleib, Hause, Johnson, Quinn, and Wagener)**

197.    Hause realleges and incorporates by reference his responses to paragraphs 1 through 196.

198.    Hause admits that Gallagher had and has business relationships with its employees and customers.  With respect to Gallagher's "business expectancies" with its employees and customers, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

199.    Hause admits the facts stated in his declarations of January 3 and 16, 2008, which are expressly incorporated herein.  Except as admitted, Hause denies the allegations in this paragraph as to him.  With respect to the allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

200.    Hause denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

201.    This paragraph states a legal conclusion to which no response is required.

202.    Hause denies that he did any act deliberately or maliciously with the deliberate intent to injure Gallagher's business or improve his own business or realize any financial gain.

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

1  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks

2  sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

3  those allegations.  The remaining allegations of this paragraph state legal conclusions to which

4  no response is required.

### COUNT TWELVE

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq.* – Against All Defendants)**

203.  Hause realleges and incorporates by reference his responses to paragraphs 1 through 202.

204.  This paragraph states legal conclusions to which no response is required.

205.  This paragraph states legal conclusions to which no response is required.

### COUNT THIRTEEN

**(Unjust Enrichment – Against All Defendants)**

206.  Hause realleges and incorporates by reference his responses to paragraphs 1 through 205.

207.  Hause denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants and EPIC, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

208.  This paragraph states legal conclusions to which no response is required.

### COUNT FOURTEEN

**(Fraud — Against Wally Brown, Cohn, Petty, Quinn, Wick, Hause)**

209.  Hause realleges and incorporates by reference his responses to paragraphs 1 through 208.

210.  Hause admits that following his resignation he mistakenly retained a Gallagher document, which has since been returned to Gallagher.  Except as expressly admitted, Hause denies the allegations in this paragraph as to him.  With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies those allegations.

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CASE NO. 07-CV-06418-JSW

410580.01

1    211.    Hause denies the allegations in this paragraph as to him.  With respect to

2    allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

3    information to admit or deny the allegations in this paragraph, and on that basis denies those

4    allegations.

5    212.    Hause denies that he intended to do harm to Gallagher, acted in coordinated or

6    surreptitious fashion to carry out any plan, or went to extraordinary lengths to conceal anything.

7    With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks

8    sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

9    those allegations.  With respect to allegations in this paragraph about Gallagher's state of mind,

10   Hause lacks sufficient information to admit or deny the allegations in this paragraph, and on that

11   basis denies those allegations.

12   213.    Hause denies the allegations in this paragraph as to him.  With respect to

13   allegations in this paragraph as to other Individual Defendants, Hause lacks sufficient

14   information to admit or deny the allegations in this paragraph, and on that basis denies those

15   allegations.

16   214.    Hause denies that he did any act deliberately or maliciously with the deliberate

17   intent to injure Gallagher's business or improve his own business or realize any financial gain.

18   With respect to allegations in this paragraph as to other Individual Defendants, Hause lacks

19   sufficient information to admit or deny the allegations in this paragraph, and on that basis denies

20   those allegations.  The remaining allegations of this paragraph state legal conclusions to which

21   no response is required.

**AFFIRMATIVE DEFENSES**

23   For its affirmative defenses to the First Amended Complaint ("FAC"), Hause alleges the

24   following:

**FIRST AFFIRMATIVE DEFENSE**

26   (Failure to State a Claim)

27   The FAC, and each purported count therein, fails to state a claim upon which relief can

28   be granted.

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1

## SECOND AFFIRMATIVE DEFENSE

2

(Failure to Allege Sufficient Facts)

3      The FAC, and each purported count therein, fails to state facts sufficient to constitute a

4  cause of action.

5

## THIRD AFFIRMATIVE DEFENSE

6

(Justification)

7      The actions of EPIC that allegedly give rise to liability herein, if any such actions

8  occurred, were legally justified and cannot give rise to any liability on the part of EPIC.

9

## FOURTH AFFIRMATIVE DEFENSE

10

(Failure to Establish Causation)

11      Without in any way admitting that any of the conduct alleged in the FAC occurred or is

12  in any way unlawful, Gallagher may not recover any damages sought herein because there is no

13  causal relationship between the alleged illegality and the injuries, if any, allegedly suffered by

14  Gallagher.

15

## FIFTH AFFIRMATIVE DEFENSE

16

(Good Faith)

17      EPIC acted in good faith and did not directly or indirectly perform any acts that would

18  constitute a violation of any rights of Gallagher or any duty owed to Gallagher.

19

## SIXTH AFFIRMATIVE DEFENSE

20

(Failure to Conduct Reasonable Inquiry)

21      The FAC, and each and every purported cause of action alleged therein, is barred because

22  Gallagher filed the FAC in violation of Rule 11 of the Federal Rules of Civil Procedure, and

23  because Gallagher failed to perform a reasonable inquiry into the allegations in the FAC and

24  their factual and evidentiary support prior to filing this lawsuit, as required by Rule 11.

25

## SEVENTH AFFIRMATIVE DEFENSE

26

(Privilege of Competition)

27      Gallagher's FAC, and each purported claim for relief alleged therein, are barred by the

28  privilege to compete.

410580.01

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

(Absence of Irreparable Harm)

3     To the extent Gallagher attempts to seek equitable relief, it is not entitled to such relief

4  because the injury or damages suffered by Gallagher, if any, would be adequately compensated

5  in an action at law for damages.

6

**NINTH AFFIRMATIVE DEFENSE**

7

(Equitable Estoppel)

8     Some of the claims are barred by the doctrine of equitable estoppel.

9

**TENTH AFFIRMATIVE DEFENSE**

10

(Judicial Estoppel)

11     Some of the claims are barred by the doctrine of judicial estoppel.

12

**ELEVENTH AFFIRMATIVE DEFENSE**

13

(Unclean Hands)

14     Some of the claims are barred by the doctrine of unclean hands.

15

**TWELFTH AFFIRMATIVE DEFENSE**

16

(Failure to Establish Misappropriation)

17     Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

18  Code § 3426 *et seq.*, fails to state facts sufficient to constitute a cause of action because the

19  allegations are false and because EPIC has not "misappropriated" Gallagher's "trade secrets."

20

**THIRTEENTH AFFIRMATIVE DEFENSE**

21

(Failure to Establish Existence of Trade Secrets)

22     Gallagher's Third Claim for Relief for Misappropriation of Trade Secrets under Cal. Civ.

23  Code § 3426 *et seq.*, is barred on the grounds that the alleged proprietary information at issue is

24  readily ascertainable by proper means and is therefore not a "trade secret" under California law.

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26

(Invalidity of Contracts)

27     Plaintiffs' Sixth and Seventh Claims for Breach of Written Contract and Breach of the

28  Covenant of Good Faith and Fair Dealing are barred on the grounds that the Executive

27

410580.01

1    Agreements and/or the Code of Business Ethics and Other Corporate Policies are not valid

2    contracts as they lack consideration and/or are void for public policy reasons under California

3    law.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Establish a Private Cause of Action)

6        Gallagher's Ninth Cause of Action for violation of Cal. Labor Code §§ 2854 and 2859 is

7    barred as an improper cause of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Public Policy)

10        Some of the claims are barred insofar as several contract provisions are void for public

11    policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14        Gallagher has waived the right, if any, to pursue the claims in the FAC, and each

15    purported cause of action contained therein, by reason of Gallagher's own actions and course of

16    conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Absence of Deception)

19        Gallagher's Thirteenth Claim for Unfair Competition is barred on the grounds that

20    EPIC's conduct is not likely to mislead the public or harm Gallagher.

### NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Specificity)

23        The Fourteenth Claim for Fraud is barred because Gallagher has failed to plead its claim

24    with the requisite particularity.

### TWENTIETH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

27        The FAC, and each and every purported cause of action alleged therein, is barred because

28    any recovery would result in Gallagher's unjust enrichment.

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2

(Failure to Mitigate)

3      Gallagher has failed to mitigate or reasonably attempt to mitigate its damages, if any, as

4   required by law.

5

### TWENTY-SECOND AFFIRMATIVE DEFENSE

6

(Punitive Damages)

7      Gallagher is not entitled to recover any punitive or exemplary damages as prayed for in

8   the FAC, because California's laws regarding the alleged conduct in question in this action are

9   too vague to permit the imposition of punitive damages, and the award of punitive damages as

10  applied to the facts of this case would violate EPIC's constitutional rights under the United

11  States and California Constitution.

12

### TWENTY-THIRD AFFIRMATIVE DEFENSE

13

(Improper Restraint of Competition)

14      Some of Plaintiffs' claims are improper efforts to restrain competition and employee

15  mobility in violation of Cal. Bus. & Prof. Code § 16600.

16

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

(Incorporation of Other Defenses)

18      EPIC adopts and incorporates any and all other defenses raised or to be raised by any

19  other defendant joined in this litigation to the extent that said defenses are not inconsistent with

20  EPIC's assertions that it is not liable to Gallagher or anyone for any amount whatsoever arising

21  out of this lawsuit.

22

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

23

(Reservation of Rights)

24      EPIC reserves the right to raise additional affirmative and other defenses as they are

25  discovered or otherwise become available.

26

### PRAYER FOR RELIEF

27      Hause denies that Gallagher is entitled to any of the relief requested in its FAC.

28  WHEREFORE, Hause prays:

ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF; CASE NO. 07-CV-06418-JSW

1      1.      That Gallagher take nothing by reason of its FAC;

2      2.      That judgment be rendered in favor of Hause;

3      3.      That Hause be awarded his costs incurred in defense of this action; and,

4      4.      That the Court provide such other relief as it deems proper.

5

6   Dated: February 8, 2008                    KEKER & VAN NEST, LLP

7

8

9                                    By: s/Daniel Purcell
                                         DANIEL PURCELL
10                                       Attorneys for Defendants
                                         ALLEN L. AMOS, ERIC CHUA, CAROL ANN
11                                       COHN, NEIL R. COHN, ROBERT E. DUTTO,
                                         ROBERT D. ELLSWORTH, SUSAN M.
12                                       ENGLISH, JAMES C. HALBLEIB, STEPHEN
                                         HAUSE, DON J. JOHNSON, LAURINDA A.
13                                       MARTIN, SHANDRANETTE MIDDLETON,
                                         GEORGE J. PETTY, WILLIAM PHILLIPS, JR.,
14                                       LINDA SOO HOO, DIRCK R. STINSON,
                                         PAUL H. WAGENER, and ROBERT H.
15                                       WATKINS

16

17

18

19

20

21

22

23

24

25

26

27

28

410580.01    ANSWER OF STEPHEN HAUSE TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
             RELIEF; CASE NO. 07-CV-06418-JSW