# EXHIBIT B

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   STEPHEN N. YANG (SB# 142474)
3  stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410)
4  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
5  shannonsevey@paulhastings.com
   PATRICK S. SHERMAN (SB# 229959)
6  patricksherman@paulhastings.com
   EMILIE A.E. SMITH (SB #238845)
7  emiliesmith@paulhastings.com
   1117 S. California Avenue
8  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
9  Facsimile: (650) 320-1900

10 Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.
11 Insurance Brokers of California, Inc.

12

13                UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16 ARTHUR J. GALLAGHER & CO., INC.,        CASE NO. C 07-06418 JSW
   a Delaware Corporation, et. al.,
17                                         **PLAINTIFF ARTHUR J. GALLAGHER &**
                Plaintiffs,                **CO., INC.'S FIRST SET OF DOCUMENT**
18                                         **REQUESTS TO DEFENDANT**
        vs.                                **EDGEWOOD PARTNERS INSURANCE**
19                                         **CENTER**
   EDGEWOOD PARTNERS INSURANCE
20 CENTER, a California corporation; et al.,

21              Defendants.

22

23 PROPOUNDING PARTY:              Plaintiff Arthur J. Gallagher & Co., Inc.

24 RESPONDING PARTY:               Defendant EPIC

25 SET NO.:                        ONE

26

27

28

                                                   FIRST SET OF DOCUMENT REQUESTS TO
                                                                                EPIC

1  TO DEFENDANT EPIC AND TO ITS ATTORNEY OF RECORD:

2              PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26

3  and 34 ("Rule 34"), Defendant Edgewood Partners Insurance Center is hereby requested to

4  produce for inspection and copying the documents and tangible things described herein/ below

5  within thirty (30) days at the law offices of Paul, Hastings, Janofsky & Walker LLP, 1117 S.

6  California Avenue, Palo Alto, California 94304-1106.   Defendant may comply with this Request

7  by transmitting the documents and physical evidence by mail or overnight delivery service so

8  long as they arrive at the designated place by the aforestated date and time (attention: Bradford K.

9  Newman, Esq.).

10             In accordance with Rule 34, Defendant also must serve within 7 business days

11  after service of this Request a written response, responding separately to each item or category of

12  item included in the Request by a statement that Defendant will comply with the particular

13  request, a representation that Defendant lacks the ability to comply with the particular request, or

14  an objection to the particular request.  NOTICE:  ANY FAILURE TO SERVE A TIMELY

15  WRITTEN RESPONSE IN ACCORDANCE WITH RULE 34 WILL CONSTITUTE A

16  WAIVER BY DEFENDANT OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE

17  BASED ON PRIVILEGE OR WORK PRODUCT.

18

19

20

21

22

23

24

25

26

27

28

1

I.

2

## DEFINITIONS AND INSTRUCTIONS

3    A. Definitions

4        1. As used herein, the words "DOCUMENT" or "DOCUMENTS mean any kind of

5    written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium

6    and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits,

7    statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters,

8    reports, summaries, compilations, chronicles, publications, books, manuals, handbooks,

9    certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes,

10   facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or

11   video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored

12   information or representations of any kind (including but not limited to electronic mail, Internet

13   files, instant messages, internet chat relay, attachments to any of the foregoing, voicemail and

14   other recordings, databases and all electronic file formats) on any type of computer readable

15   storage media (including but not limited to programs, drives, desktops, laptops, servers, networks,

16   archives, back-up or disaster recovery systems, magnetic tapes, CDs, DVDs, cartridge media,

17   magneto-optical disks, floppy disks, thumb drives, smart cards, flash memory cards, cellular

18   phones, pagers and personal data assistants (e.g., Palm Pilots, Treos, Blackberries)), whether or

19   not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however

20   produced or reproduced, and further including, without limitation, originals, all file copies, all

21   other copies, no matter how prepared, and all drafts prepared in connection with such documents

22   whether or not used, within the possession, custody, and/or control of Defendant, or its agents,

23   attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may

24   act on its behalf, excepting only those documents that are privileged or otherwise protected from

25   discovery, as to which the claim of privilege or protection is specifically stated by written notice

26   to Plaintiffs.

27

28

-3-

FIRST SET OF DOCUMENT REQUESTS TO
EPIC

2.  "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever, through which there is an expression or exchange of information, whether in speech, writing, or any other form, and shall include all facts surrounding such exchange, including, but not limited to, the date of this exchange, the content of this exchange, the parties to this exchange, and any witnesses to this exchange.

3.  "ELECTRONIC STORAGE DEVICES" includes, without limitation, computers, compact discs, DVD discs, USB flash drives, Personal Digital Assistant devices ("PDAs"), cellular phones, hard drives, MP3 players, digital cameras, email accounts, Internet-based data storage accounts, Internet-based third party email and instant messenger accounts, portable email devices, external storage devices, any other electronic media , or any other third party data storage services.

4.  "PERSON(S)" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

5.  "YOU," "YOUR," or "EPIC" refers to Defendant Edgewood Partners Insurance Center and/or to any past or present officers, directors, employees and/or agents, including headhunters and/or other employment agencies, of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

6.  "INDIVIDUAL DEFENDANTS" refers to Defendants Dan Francis, John Hahn, Wally Brown, Brian Quinn, Neil Cohn, Carol Cohn, Michael Brown, Stephen Hause, Laura Wick, James Halbleib, Laurie Martin, Eric Chua, George Petty, Linda Soo Hoo, Robert Dutto, Susan English, Don Johnson, Allen Amos, Bill Phillips, Rick Stinson, Bob Ellsworth, Robert Watkins, Paul Wagener, and Shandranette Middleton.

7.  "PLAINTIFFS" refers to Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher & Co. Insurance Brokers of California, Inc., and each of them, and/or to any past or

-4-

FIRST SET OF DOCUMENT REQUESTS TO EPIC

1  present officers, employees and/or agents of said named entities and/or all divisions, subsidiaries,

2  parent, affiliated, related or predecessor companies, or any of them.

3      8. "PLAINTIFFS' CLIENTS" shall include any and all former, existing, and/or

4  prospective clients of PLAINTIFFS for whom any of the INDIVIDUAL DEFENDANTS

5  performed services, reviewed or compiled account-related information, to whom they prepared or

6  presented a business plan or policy/ risk management proposal, with whom they socialized or

7  communicated, or regarding whom they otherwise gained knowledge, through their employment

8  with PLAINTIFFS.

9      9. "COMPLAINT" refers to PLAINTIFFS' First Amended Complaint on file herein.

10     10. The phrase "RELATING TO" a given subject matter shall mean concerning, referring

11  to, summarizing, reflecting, constituting, comprising, stating, containing, embodying, pertaining

12  to, identifying, involved with, mentioning, discussing, consisting of, showing, commenting upon,

13  evidencing, responding to, dealing with, describing, analyzing, contradicting, or is in any way

14  pertinent to that subject, directly or indirectly, in whole or in part.

15

16     11. "ALL" and "ANY" mean "all, each and every."

17  B. Instructions

18     1. Documents Withheld

19         If any document is withheld under a claim of privilege or other protection, so as to

20  aid the Court and the parties hereto to determine the validity of the claim of privilege or other

21  protection, please provide the following information with respect to any such document:

22         a.   The identity of the person(s) who prepared the document, who signed it, and

23  over whose name it was sent or issued;

24         b.   The identity of each person(s) to whom the document was directed;

25         c.   The nature and substance of the document with sufficient particularity to

26  enable the Court and parties hereto to identify the document;

27         d.   The date of the document;

28

-5-                    FIRST SET OF DOCUMENT REQUESTS TO
                                           EPIC

Case No. C 07-06418-JSW

e.  The identity of the person(s) having custody of, or control over, the document and each copy thereof;

f.  The identity of each person to whom copies of the document were furnished;

g.  The number of pages;

h.  The basis on which any privilege or other protection is claimed; and

i.  Whether any non-privileged or non-protected matter is included in the document.

2.  <u>Partial Production</u>

Whenever you object to a particular request, or portion thereof, you must produce all documents called for which are not subject to that objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document that are not produced.

3.  <u>Orderly Response</u>

Wherever it is reasonably practicable, please produce documents in such manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

4.  <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

5.  <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

## II.

## **DOCUMENTS REQUIRED TO BE PRODUCED**

1.    ALL DOCUMENTS RELATING TO YOUR possession, use, or disclosure, at ANY time, of ANY property belonging to PLAINTIFFS, including, without limitation, PLAINTIFFS' confidential, proprietary, and/or trade secret information.

2.    ALL non-privileged DOCUMENTS RELATING TO the handling and return by YOU of ANY of PLAINTIFFS' data, including without limitation, PLAINTIFFS' confidential, proprietary, and/or trade secret information located by EPIC.

3.    ALL DOCUMENTS RELATING TO ANY categories of EPIC data that EPIC considers to constitute its proprietary or trade secret information.

4.    ALL DOCUMENTS RELATING TO EPIC's efforts to protect its confidential, proprietary, and/or trade secret information, including without limitation, ALL DOCUMENTS RELATING TO ANY contracts or policies that EPIC utilizes with its employees to protect data that EPIC considers to constitute its proprietary or trade secret information.

5.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS YOU have had since EPIC's formation through the present, with any PERSONS who have at ANY time been employed by PLAINTIFFS, RELATING TO the solicitation, recruitment or hiring of ANY of PLAINTIFFS' employees.

6.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS, from the date of EPIC's formation to the present, YOU have had with ANY EPIC employee, officer or director RELATING TO PLAINTIFFS.

7.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS, from the date of EPIC's formation to the present, YOU have had with ANY third party (including but not limited to Stone Point Capital or professional recruiters) RELATING TO PLAINTIFFS.

8.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS YOU have had from January 1, 2007 through the present with ANY attorney for any then-current employee of PLAINTIFFS.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

Case No. C 07-06418-JSW

1      9.     ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS YOU have

2  had since EPIC's formation through the present, with ANY former or current customer of

3  PLAINTIFFS.

4      10.    ALL DOCUMENTS RELATING TO ANY information used by EPIC to prepare

5  the bids or proposals presented to ANY former or current customer of PLAINTIFFS.

6      11.    ALL DOCUMENTS RELATING TO ANY work performed by YOU for ANY

7  entity that has ANY time been a customer of PLAINTIFFS.

8      12.    ALL ELECTRONIC STORAGE DEVICE(S) which have been in YOUR

9  possession at ANY time since the formation of EPIC through the present, and which have at ANY

10  time contained ANY data belonging to PLAINTIFFS.

11      13.    All ELECTRONIC STORAGE DEVICES provided by EPIC to ANY EPIC

12  employee who was formerly employed by PLAINTIFFS.

13      14.    ALL ELECTRONIC STORAGE DEVICES tendered to EPIC by ANY former

14  employee of PLAINTIFFS in connection with this litigation.

15      15.    DOCUMENTS sufficient to IDENTIFY the date on which ELECTRONIC

16  STORAGE DEVICES, furniture, utilities, and/or office supplies were leased, purchased, or

17  otherwise procured for EPIC's San Ramon office.

18      16.    ALL DOCUMENTS RELATING TO ANY projections reflecting anticipated

19  costs or budgeting of costs associated with establishing EPIC's Northern California offices.

20      17.    ALL DOCUMENTS RELATING TO ANY costs incurred by EPIC that relate to

21  the hire of PLAINTIFFS' employees.

22      18.    DOCUMENTS sufficient to IDENTIFY by entity name, every EPIC customer

23  located in California as of December 6, 2007.

24      19.    DOCUMENTS sufficient to IDENTIFY, by entity name and date, every entity that

25  has transferred its business from PLAINTIFFS to EPIC.

26      20.    DOCUMENTS sufficient to IDENTIFY by entity name, every EPIC customer

27  located in California since December 7, 2007, other than those IDENTIFIED in response

28  Document Request Nos. 18 and 19.

-8-

21.    A list of all customers (listed in descending revenue) serviced by EPIC through its San Ramon office since its inception.

22.    DOCUMENTS sufficient to IDENTIFY, on an annual basis, the actual or projected revenue for EPIC associated with business generated from former customers of PLAINTIFFS.

23.    ALL DOCUMENTS RELATING TO the specific manner in which EPIC has used ANY funds that Stone Point Capital has invested in EPIC.

24.    ALL DOCUMENTS RELATING TO the monthly burn rate for EPIC's San Ramon office.

25.    ALL DOCUMENTS RELATING TO ANY cost projections for EPIC's San Ramon office.

26.    ALL DOCUMENTS RELATING TO the date on which EPIC fist took ANY action to create a corporate email account for each former employee of PLAINTIFFS now employed by EPIC.

27.    ALL DOCUMENTS RELATING TO ANY measures YOU took to ensure that ANY former employee of PLAINTIFFS did not retain ANY property belonging to PLAINTIFFS following the termination of his or her employment with PLAINTIFFS.

28.    ALL DOCUMENTS RELATING TO ANY measures YOU took at ANY time to ensure that ANY former employee of PLAINTIFFS did not improperly solicit ANY employee or customer of PLAINTIFFS.

29.    ALL DOCUMENTS RELATING TO ANY measures YOU took to investigate the allegations set forth in PLAINTIFFS' First Amended Complaint.

30.    ALL DOCUMENTS RELATING TO ANY disciplinary action(s) YOU have taken against ANY former employee of PLAINTIFFS who accepted employment with EPIC.

31.    ALL DOCUMENTS RELATING TO ANY work performed for EPIC by ANY PERSON who has at ANY time been employed by PLAINTIFFS.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

Case No. C 07-06418-JSW

32.    ALL DOCUMENTS RELATING TO ANY instance, other than this litigation, in which YOU have been accused of improper solicitation of employees or customers, or theft of data.

33.    ALL DOCUMENTS RELATING TO ANY response in YOUR Answer to PLAINTIFFS' COMPLAINT that is anything other than an unqualified admission.

34.    ALL DOCUMENTS RELATING TO ANY business plan created for or used by EPIC and/or its San Ramon office.

35.    ALL DOCUMENTS RELATING TO EPIC's plans and strategies regarding product development, market penetration and competitive strategies.

36.    ALL DOCUMENTS RELATING TO ANY competitive intelligence EPIC performed or acquired RELATING TO PLAINTIFFS.

37.    ALL organizational charts and other DOCUMENTS showing the organizational structure of EPIC and its San Ramon office from its inception through the present.

38.    ALL lists of employees maintained by EPIC since its formation RELATING TO its Northern California operations.

39.    ALL DOCUMENTS RELATING TO the hiring by YOU, since January 1, 2007, of ANY PERSON ever employed by PLAINTIFFS, including, without limitation, employment applications, resumes, employment offers, DOCUMENTS sufficient to IDENTIFY the date on which employment offers were prepared or entered into EPIC's computer systems, and notes from interviews.

40.    ALL DOCUMENTS RELATING TO efforts by YOU to hire persons not formerly employed by PLAINTIFFS, including, without limitation, employment applications, resumes, employment offers, and notes from interviews.

41.    ALL DOCUMENTS RELATING TO ANY compensation or benefits YOU provided to ANY person ever employed by PLAINTIFFS.

42.    ALL DOCUMENTS RELATING TO telephone calls with ANY current or former customer of PLAINTIFFS from the date EPIC was formed to the present.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

Case No. C 07-06418-JSW

43.    ALL DOCUMENTS RELATING TO telephone calls with ANY current or former employee of PLAINTIFFS from the date EPIC was formed to the present.

44.    ALL DOCUMENTS reflecting the cellular telephone numbers for ANY EPIC employee who communicated with ANY then-current employee of PLAINTIFFS via that cellular telephone, from January 1, 2007 through the present.

45.    ALL invoices or statements RELATING TO the cellular telephone of ANY INDIVIDUAL DEFENDANT from January 1, 2007 through the present.

46.    ALL DOCUMENTS RELATING TO EPIC's hiring policies, practices, plans, and procedures.

47.    ALL DOCUMENTS RELATING TO EPIC's Code of Conduct or other personnel-related manuals or policies.

48.    ALL DOCUMENTS RELATING TO ANY risks associated with EPIC's proposed or actual hiring practices.

49.    ALL DOCUMENTS RELATING TO ANY information used by EPIC to prepare its Answer to PLAINTIFFS' COMPLAINT.

50.    ALL DOCUMENTS RELATING TO EPIC's products and services, and their structure and pricing.

51.    ALL Broker of Record letters prepared by EPIC for ANY current or former customer of PLAINTIFFS.

52.    ALL Broker of Record letters executed by ANY current or former customer of PLAINTIFFS transferring business to EPIC.

53.    ALL Broker of Record letters EPIC's San Ramon office has obtained from ANY entity, other than a current or former customer of PLAINTIFFS, since EPIC's inception.

54.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS between EPIC and ANY third party, including without limitation, insurance carriers, investors (including Stone Point Capital,), headhunters, or recruiters, relating to PLAINTIFFS, their current or former customers, or their current or former employees.

FIRST SET OF DOCUMENT REQUESTS TO
EPIC

55.    DOCUMENTS SUFFICIENT TO IDENTIFY the total revenue earned by EPIC to date.

56.    DOCUMENTS SUFFICIENT TO IDENTIFY the total revenue earned by EPIC's San Ramon office to date.

57.    ALL DOCUMENTS reflecting the total revenue earned by EPIC to date RELATING TO ANY current or former customer of EPIC.

58.    ALL DOCUMENTS relating to ANY expenses incurred by ANY former employee of PLAINTIFFS now employed by EPIC relating to ANY current or former customer of PLAINTIFFS.

59.    ALL DOCUMENTS relating to ANY expenses incurred by ANY former employee of PLAINTIFFS now employed by EPIC relating to ANY customer of EPIC other than a current or former customer of PLAINTIFFS.

60.    ALL DOCUMENTS RELATING TO the lease of EPIC's San Ramon office, including ALL DOCUMENTS RELATING TO the timing of the lease, the individuals involved in procuring the lease, and the date on which ANY tenant improvements were ordered or performed.

61.    ALL DOCUMENTS RELATING TO ANY office spaces considered by EPIC for its San Ramon office before it executed its lease for office space at the Bishop Shop 8 Business Center.

62.    ALL DOCUMENTS RELATING TO the acquisition of equipment and furniture for EPIC's San Ramon office.

63.    ALL DOCUMENTS RELATING TO EPIC's plans to open, or consideration of opening, an office in or around San Jose, California.

64.    ALL DOCUMENTS RELATING TO the establishment at EPIC of email accounts, employee access cards, employee identification numbers, and office space for ANY current or former employee of PLAINTIFFS.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

Case No. C 07-06418-JSW

65.     ALL DOCUMENTS RELATING TO the procurement of any insurance, such as Directors & Officers insurance, Employment Practices Liability Insurance, or Workers' Compensation coverage, RELATING TO ANY employee of EPIC's San Ramon office.

66.     ALL DOCUMENTS RELATING TO ANY training materials EPIC issues to employees.

67.     ALL DOCUMENTS RELATING TO ANY marketing or advertising EPIC conducted RELATING TO its San Ramon office.

68.     DOCUMENTS SUFFICIENT TO IDENTIFY the date on which EPIC business cards were ordered for ANY former employee of PLAINTIFFS.

69.     DOCUMENTS SUFFICIENT TO IDENTIFY the date on which a receptionist was hired for EPIC's San Ramon office.

70.     DOCUMENTS SUFFICIENT TO IDENTIFY the date on which telephone systems, computer networks, or Internet service were ordered or installed at EPIC's San Ramon office.

71.     DOCUMENTS SUFFICIENT TO IDENTIFY the date on which bank accounts were established for EPIC's San Ramon office.

72.     ALL government or regulatory filings RELATING TO the establishment of EPIC's San Ramon office.

73.     ALL DOCUMENTS RELATING TO ANY actual or potential acquisition(s) by EPIC of ANY insurance brokerages since the inception of EPIC.

74.     ALL minutes from ANY meeting of the Board of Directors of EPIC in which PLAINTIFFS, PLAINTIFFS' current or former customers, PLAINTIFFS' current or former employees, and/or EPIC's San Ramon office was discussed.

75.     DOCUMENTS SUFFICIENT TO IDENTIFY the immediate prior employer of ANY employee of EPIC's Northern California offices.

76.     DOCUMENTS SUFFICIENT TO IDENTIFY the immediate prior employer of ANY employee of EPIC's San Ramon offices.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

77.    DOCUMENTS sufficient to IDENTIFY ALL EPIC Northern California Producers.

78.    DOCUMENTS sufficient to IDENTIFY ALL EPIC San Ramon Producers.

79.    ALL DOCUMENTS RELATING TO ANY efforts by YOU or ANY person formerly employed by PLAINTIFFS to transfer to EPIC ANY professional license affiliated with ANY former employee of PLAINTIFFS.

80.    ALL DOCUMENTS RELATING TO the procurement of ANY business license RELATING TO EPIC's San Ramon office.

81.    ALL DOCUMENTS RELATING TO ANY gifts EPIC gave to clients in or around December 2007, including without limitation DOCUMENTS RELATING TO what gifts EPIC gave, to whom it gave them, and when such gifts were ordered.

82.    ALL DOCUMENTS RELATING TO ANY measures EPIC took to ensure that ALL evidence RELATING TO this action has been preserved and not deleted, altered, or destroyed.

83.    ALL DOCUMENTS RELATING TO ANY evidence RELATING TO this litigation that has been deleted, altered, or destroyed.

84.    ALL DOCUMENTS relating to ANY accusation against YOU, other than in this litigation, of solicitation of customers, solicitation of employees, or theft of data.

85.    ALL calendars, notebooks, or logs reflecting the scheduled activities of EPIC employees Dan Crawford, Sarah Cox, Mary Smith, Laura Wick, Dan Francis, and/or John Hahn on October 1 - December 9, 2007.

86.    DOCUMENTS sufficient to IDENTIFY ANY insurance policy which may provide coverage, including payment of the cost of defense, RELATING TO PLAINTIFFS' lawsuit against DEFENDANTS.

FIRST SET OF DOCUMENT REQUESTS TO EPIC

Case No. C 07-06418-JSW

DATED:  March 13, 2008

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN
SHANNON S. SEVEY

By: _Shannon Sevey_
       SHANNON S. SEVEY

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher &
Co. Insurance Brokers of California, Inc.

-15-

FIRST SET OF DOCUMENT REQUESTS TO
EPIC

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   STEPHEN N. YANG (SB# 142474)
3  stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410)
4  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
5  shannonsevey@paulhastings.com
   PATRICK S. SHERMAN (SB# 229959)
6  patricksherman@paulhastings.com
   EMILIE A.E. SMITH (SB #238845)
7  emiliesmith@paulhastings.com
   1117 S. California Avenue
8  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
9  Facsimile: (650) 320-1900

10 Attorneys for Plaintiffs
   Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.
11 Insurance Brokers of California, Inc.

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16
   ARTHUR J. GALLAGHER & CO., INC.,        CASE NO. C 07-06418 JSW
17 a Delaware Corporation, et al.,
                                           **PLAINTIFF ARTHUR J. GALLAGHER &**
18              Plaintiffs,                 **CO., INC.'S FIRST SET OF SPECIAL**
                                           **INTERROGATORIES TO DEFENDANT**
19      vs.                                 **EDGEWOOD PARTNERS INSURANCE**
                                           **CENTER**
20 EDGEWOOD PARTNERS INSURANCE
   CENTER, et al.,
21
                Defendants.
22

23

24 PROPOUNDING PARTY:          Plaintiff Arthur J. Gallagher & Co., Inc.

25 RESPONDING PARTY:           Defendant EPIC

26 SET NO.:                    ONE

27

28
   Case No.  C 07-06418-JSW                    FIRST SET OF SPECIAL INTERROGATORIES
                                               TO EPIC

1   PLEASE TAKE NOTICE that Defendant Edgewood Partners Insurance Center is

2   hereby requested to deliver its responses to the Special Interrogatories contained herein below

3   within thirty (30) days of service of these Interrogatories, to the law offices of Paul, Hastings,

4   Janofsky & Walker LLP, 1117 S. California Avenue, Palo Alto, California 94304 (attention:

5   Bradford K. Newman, Esq.)

6   NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN VERIFIED

7   RESPONSE WILL CONSTITUTE A WAIVER OF ANY OBJECTION TO THESE

8   INTERROGATORIES, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

9

10   ## I.  DEFINITIONS AND INSTRUCTIONS

11   **A.**   **Definitions**

12   1.  As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of

13   written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium

14   and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits,

15   statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters,

16   reports, summaries, compilations, chronicles, publications, books, manuals, handbooks,

17   certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes,

18   facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or

19   video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored

20   information or representations of any kind (including but not limited to electronic mail, Internet

21   files, instant messages, internet chat relay, attachments to any of the foregoing, voicemail and

22   other recordings, databases and all electronic file formats) on any type of computer readable

23   storage media (including but not limited to programs, drives, desktops, laptops, servers, networks,

24   archives, back-up or disaster recovery systems, magnetic tapes, CDs, DVDs, cartridge media,

25   magneto-optical disks, floppy disks, thumb drives, smart cards, flash memory cards, cellular

26   phones, pagers and personal data assistants (e.g., Palm Pilots, Treos, Blackberries)), whether or

27   not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however

28   produced or reproduced, and further including, without limitation, originals, all file copies, all

1   other copies, no matter how prepared, and all drafts prepared in connection with such documents

2   whether or not used, within the possession, custody, and/or control of Defendants, or their agents,

3   attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may

4   act on their behalf, excepting only those documents that are privileged or otherwise protected

5   from discovery, as to which the claim of privilege or protection is specifically stated by written

6   notice to Plaintiffs.

7       2.    "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

8   conference, face-to-face conversation, telephone conversation, or conference or communication

9   used by any media, as well as any written, taped, or recorded communication of any kind

10  whatsoever, through which there is an expression or exchange of information, whether in speech,

11  writing, or any other form, and shall include all facts surrounding such exchange, including, but

12  not limited to, the date of this exchange, the content of this exchange, the parties to this exchange,

13  and any witnesses to this exchange.

14      3.    "ELECTRONIC STORAGE DEVICES" includes, without limitation, computers,

15  compact discs, DVD discs, USB flash drives, Personal Digital Assistant devices ("PDAs"),

16  cellular phones, hard drives, MP3 players, digital cameras, email accounts, Internet-based data

17  storage accounts, Internet-based third party email and instant messenger accounts, portable email

18  devices, external storage devices, any other electronic media , or any other third party data

19  storage services.

20      4.    "PERSON(S)" includes a natural person, firm, association, organization,

21  partnership, business, trust, limited liability company, corporation, or public entity.

22      5.    "YOU," "YOUR," or "EPIC" refers to Defendant Edgewood Partners Insurance

23  Center and/or to any past or present officers, directors, employees and/or agents, including

24  headhunters and/or other employment agencies, of said named entity and/or all divisions,

25  subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

26      6.    "INDIVIDUAL DEFENDANTS" refers to Defendants Dan Francis, John Hahn,

27  Wally Brown, Brian Quinn, Neil Cohn, Carol Cohn, Michael Brown, Stephen Hause, Laura

28  Wick, James Halbleib, Laurie Martin, Eric Chua, George Petty, Linda Soo Hoo, Robert Dutto,

1  Susan English, Don Johnson, Allen Amos, Bill Phillips, Rick Stinson, Bob Ellsworth, Robert

2  Watkins, Paul Wagener, and Shandranette Middleton.

3        7.    "DEFENDANTS" refers to EPIC and the INDIVIDUAL DEFENDANTS.

4        8.    "PLAINTIFFS" refers to Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J.

5  Gallagher & Co. Insurance Brokers of California, Inc., and each of them, and/or to any past or

6  present officers, employees and/or agents of said named entities and/or all divisions, subsidiaries,

7  parent, affiliated, related or predecessor companies, or any of them.

8        9.    "PLAINTIFFS' CLIENTS" shall include any and all former, existing, and/or

9  prospective clients of PLAINTIFFS for whom any of the former employees of Plaintiffs now

10  employed by EPIC performed services, reviewed or compiled account-related information, to

11  whom they prepared or presented a business plan or policy/ risk management proposal, with

12  whom they socialized or communicated, or regarding whom they otherwise gained knowledge,

13  through their employment with PLAINTIFFS.

14        10.    "COMPLAINT" refers to PLAINTIFFS' First Amended Complaint on file herein.

15        11.    The phrase "RELATING TO" a given subject matter shall mean concerning,

16  referring to, summarizing, reflecting, constituting, comprising, stating, containing, embodying,

17  pertaining to, identifying, involved with, mentioning, discussing, consisting of, showing,

18  commenting upon, evidencing, responding to, dealing with, describing, analyzing, contradicting,

19  or is in any way pertinent to that subject, directly or indirectly, in whole or in part.

20        12.    "IDENTIFY" when used with respect to a DOCUMENT means that YOU shall

21  identify the document either (1) by Bates number or (2) by providing sufficient identifying

22  information about the document, including but not limited to the author of the document, the

23  recipient of the document, the date the document was created or distributed, the subject of the

24  document, and the contents of the document.

25        13.    "IDENTIFY" when used with respect to a PERSON means that YOU are

26  requested to state the person's full name, present or last known residence and business address,

27  present or last known residence and business telephone numbers, present or last known employer,

28  and present or last known position in business.

1      14.    "ALL" and "ANY" mean "all, each and every."

2   **B.**   **INSTRUCTIONS**

3      1.    Each interrogatory be answered separately and fully in writing under oath, unless it

4 is objected to, in which case the answering party much specify each reason for its objection.

5      2.    All interrogatory responses are to be signed by the person making them and all

6 objections signed by the attorney making them, if the responding party is represented by counsel.

7 no part of the interrogatory shall be left unanswered merely because an objection has been

8 interposed to another part of that interrogatory.

9      3.    If the responding party elects to answer any interrogatory, it shall identify the

10 particular documents relating to the subject matter of the interrogatory (including specifying the

11 date of the document, the title of the document, if any, the authors of the document, the recipient

12 of the document, the type and subject matter of the document, and the present location and

13 custodian of the document.

14      4.    If the responding party cannot answer any interrogatory fully and completely after

15 exercising due diligence to inquire about and secure the information necessary to do so, the

16 responding party must so state and answer each such interrogatory that it claims it is unable to

17 answer fully and completely, state the facts upon which it relies to support its contention that it is

18 unable to answer that interrogatory fully and completely, and state any knowledge, information or

19 belief that it has concerning the unanswered portion of each such interrogatory.

20      5.    If the responding party withholds information responsive, in whole or in part, to

21 any interrogatory on any basis, it must identify: (a) any privilege or immunity from discovery

22 asserted; (b) all documents or things which contain or refer to the information; (c) all individuals

23 having knowledge of the information; (d) the subject matter and general nature of the

24 information; and (e) all facts which are alleged to support the assertion of privilege or immunity.

25      6.    <u>Construction of "And" and "Or"</u>.  As used herein, the words "and" and "or" shall

26 be construed both conjunctively and disjunctively, and each shall include the other wherever such

27 dual construction will serve to bring within the scope of this Request any documents which would

28 otherwise not be brought within its scope.

7.    Construction of the Singular and Plural Forms. As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents which would otherwise not be brought within its scope.

## II. SPECIAL INTERROGATORIES

1.    IDENTIFY all work performed for EPIC at any time by any person ever employed by PLAINTIFFS.

2.    IDENTIFY all categories of EPIC data that EPIC considers to constitute its proprietary or trade secret information.

3.    IDENTIFY all data belonging to PLAINTIFFS that has been in YOUR possession at any time since EPIC's formation.

4.    IDENTIFY the manner in which YOU searched EPIC computer media for the existence of data belonging to PLAINTIFFS.

5.    IDENTIFY, by breaking out the amount of each specific expense, all costs incurred by EPIC that relate to the establishment (including staffing) of EPIC's San Ramon office.

6.    IDENTIFY by entity name, every entity that was a customer of EPIC as of December 6, 2007 and whose revenue was attributed to EPIC's San Ramon office.

7.    IDENTIFY, by entity name and date, every entity that has transferred its business from PLAINTIFFS to EPIC.

8.    IDENTIFY, on an annual basis, the actual and projected revenue for EPIC associated with business generated from PLAINTIFFS' CLIENTS.

9.    IDENTIFY the date on which EPIC fist took any action to create a corporate email account for each former employee of PLAINTIFFS now employed by EPIC.

10.    IDENTIFY any disciplinary action(s) YOU have taken against ANY former employee of PLAINTIFFS who accepted employment with EPIC, including without limitation the reason for such disciplinary action(s).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: March 13, 2008

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN
SHANNON S. SEVEY


By: _Shannon Sevey_____
        SHANNON S. SEVEY

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher &
Co. Insurance Brokers of California, Inc.

Case No. C 07-06418-JSW          -6-          FIRST SET OF SPECIAL INTERROGATORIES
TO EPIC

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   STEPHEN N. YANG (SB# 142474)
3  stephenyang@paulhastings.com
   SARJU A. NARAN (SB# 215410)
4  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
5  shannonsevey@paulhastings.com
   PATRICK S. SHERMAN (SB# 229959)
6  patricksherman@paulhastings.com
   EMILIE A.E. SMITH (SB #238845)
7  emiliesmith@paulhastings.com
   1117 S. California Avenue
8  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
9  Facsimile: (650) 320-1900

10  Attorneys for Plaintiffs
    Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co.
11  Insurance Brokers of California, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16  ARTHUR J. GALLAGHER & CO., INC.,        CASE NO. C 07-06418 JSW
    a Delaware Corporation, et. al.,
17                                          **PLAINTIFF ARTHUR J. GALLAGHER &**
                   Plaintiffs,              **CO., INC.'S FIRST SET OF SPECIAL**
18                                          **COMMON INTERROGATORIES TO ALL**
         vs.                                **DEFENDANTS**
19
    EDGEWOOD PARTNERS INSURANCE
20  CENTER, a California corporation; et al.,

21                 Defendants.

22

23  PROPOUNDING PARTY:           Plaintiff Arthur J. Gallagher & Co., Inc.

24  RESPONDING PARTY:            All Defendants

25  SET NO.:                     ONE

26

27

28
                                                 FIRST SET OF SPECIAL COMMON
                                            INTERROGATORIES TO ALL DEFENDANTS

1    PLEASE TAKE NOTICE that Defendants are hereby requested to deliver their

2   responses to the Special Interrogatories contained herein below within thirty (30) days of service

3   of these Interrogatories, to the law offices of Paul, Hastings, Janofsky & Walker LLP, 1117 S.

4   California Avenue, Palo Alto, California 94304 (attention: Bradford K. Newman, Esq.)

5

6    NOTICE:  ANY FAILURE TO SERVE A TIMELY WRITTEN VERIFIED

7   RESPONSE WILL CONSTITUTE A WAIVER OF ANY OBJECTION TO THESE

8   INTERROGATORIES, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

9

10    I.   DEFINITIONS AND INSTRUCTIONS

11

12   A.   Definitions

13    1.   As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of

14   written, typewritten, printed, electronic, or recorded material whatsoever, stored in any medium

15   and including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits,

16   statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters,

17   reports, summaries, compilations, chronicles, publications, books, manuals, handbooks,

18   certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes,

19   facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or

20   video recordings and transcriptions of recordings, microfilm, microfiche, electronically stored

21   information or representations of any kind (including but not limited to electronic mail, Internet

22   files, instant messages, internet chat relay, attachments to any of the foregoing, voicemail and

23   other recordings, databases and all electronic file formats) on any type of computer readable

24   storage media (including but not limited to programs, drives, desktops, laptops, servers, networks,

25   archives, back-up or disaster recovery systems, magnetic tapes, CDs, DVDs, cartridge media,

26   magneto-optical disks, floppy disks, thumb drives, smart cards, flash memory cards, cellular

27   phones, pagers and personal data assistants (e.g., Palm Pilots, Treos, Blackberries)), whether or

28   not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however

FIRST SET OF SPECIAL COMMON
INTERROGATORIES TO ALL DEFENDANTS

Case No. C 07-06418-JSW

1    produced or reproduced, and further including, without limitation, originals, all file copies, all

2    other copies, no matter how prepared, and all drafts prepared in connection with such documents

3    whether or not used, within the possession, custody, and/or control of Defendants, or their agents,

4    attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may

5    act on their behalf, excepting only those documents that are privileged or otherwise protected

6    from discovery, as to which the claim of privilege or protection is specifically stated by written

7    notice to Plaintiffs.

8        2.    "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

9    conference, face-to-face conversation, telephone conversation, or conference or communication

10   used by any media, as well as any written, taped, or recorded communication of any kind

11   whatsoever, through which there is an expression or exchange of information, whether in speech,

12   writing, or any other form, and shall include all facts surrounding such exchange, including, but

13   not limited to, the date of this exchange, the content of this exchange, the parties to this exchange,

14   and any witnesses to this exchange.

15       3.    "ELECTRONIC STORAGE DEVICES" includes, without limitation, computers,

16   compact discs, DVD discs, USB flash drives, Personal Digital Assistant devices ("PDAs"),

17   cellular phones, hard drives, MP3 players, digital cameras, email accounts, Internet-based data

18   storage accounts, Internet-based third party email and instant messenger accounts, portable email

19   devices, external storage devices, any other electronic media , or any other third party data

20   storage services.

21       4.    "PERSON(S)" includes a natural person, firm, association, organization, partnership,

22   business, trust, limited liability company, corporation, or public entity.

23

24       5.    "YOU" or "YOUR" refers to the Defendant responding to the Interrogatories

25   contained herein and/or any PERSON acting in conjunction with such Defendant.

26       6.    "EPIC" refers to Defendant Edgewood Partners Insurance Center and/or to any past or

27   present officers, directors, employees and/or agents, including headhunters and/or other

28

-3-

FIRST SET OF SPECIAL COMMON
INTERROGATORIES TO ALL DEFENDANTS

1   employment agencies, of said named entity and/or all divisions, subsidiaries, parent, affiliated,

2   related or predecessor companies, or any of them.

3       7.  "INDIVIDUAL DEFENDANTS" refers to Defendants Dan Francis, John Hahn,

4   Wally Brown, Brian Quinn, Neil Cohn, Carol Cohn, Michael Brown, Stephen Hause, Laura

5   Wick, James Halbleib, Laurie Martin, Eric Chua, George Petty, Linda Soo Hoo, Robert Dutto,

6   Susan English, Don Johnson, Allen Amos, Bill Phillips, Rick Stinson, Bob Ellsworth, Robert

7   Watkins, Paul Wagener, and Shandranette Middleton.

8       8.  "DEFENDANTS" refers to EPIC and the INDIVIDUAL DEFENDANTS.

9

10      9.  "PLAINTIFFS" refers to Plaintiffs Arthur J. Gallagher & Co., Inc. and Arthur J.

11  Gallagher & Co. Insurance Brokers of California, Inc., and each of them, and/or to any past or

12  present officers, employees and/or agents of said named entities and/or all divisions, subsidiaries,

13  parent, affiliated, related or predecessor companies, or any of them.

14      10. "PLAINTIFFS' CLIENTS" shall include any and all former, existing, and/or

15  prospective clients of PLAINTIFFS for whom any of the former employees of Plaintiffs now

16  employed by EPIC performed services, reviewed or compiled account-related information, to

17  whom they prepared or presented a business plan or policy/ risk management proposal, with

18  whom they socialized or communicated, or regarding whom they otherwise gained knowledge,

19  through their employment with PLAINTIFFS.

20      11. "COMPLAINT" refers to PLAINTIFFS' First Amended Complaint on file herein.

21      12. The phrase "RELATING TO" a given subject matter shall mean concerning, referring

22  to, summarizing, reflecting, constituting, comprising, stating, containing, embodying, pertaining

23  to, identifying, involved with, mentioning, discussing, consisting of, showing, commenting upon,

24  evidencing, responding to, dealing with, describing, analyzing, contradicting, or is in any way

25  pertinent to that subject, directly or indirectly, in whole or in part.

26      13. "IDENTIFY" when used with respect to a DOCUMENT means that YOU shall

27  identify the document either (1) by Bates number or (2) by providing sufficient identifying

28

-4-

1  information about the document, including but not limited to the author of the document, the

2  recipient of the document, the date the document was created or distributed, the subject of the

3  document, and the contents of the document.

4      14. "IDENTIFY" when used with respect to a PERSON means that YOU are requested to

5  state the person's full name, present or last known residence and business address, present or last

6  known residence and business telephone numbers, present or last known employer, and present or

7  last known position in business.

8      15. "ALL" and "ANY" mean "all, each and every."

9

10  B.    INSTRUCTIONS

11      1.    Each interrogatory be answered separately and fully in writing under oath, unless it

12  is objected to, in which case the answering party much specify each reason for its objection.

13      2.    All interrogatory responses are to be signed by the person making them and all

14  objections signed by the attorney making them, if the responding party is represented by counsel.

15  no part of the interrogatory shall be left unanswered merely because an objection has been

16  interposed to another part of that interrogatory.

17      3.    If the responding party elects to answer any interrogatory, it shall identify the

18  particular documents relating to the subject matter of the interrogatory (including specifying the

19  date of the document, the title of the document, if any, the authors of the document, the recipient

20  of the document, the type and subject matter of the document, and the present location and

21  custodian of the document.

22      4.    If the responding party cannot answer any interrogatory fully and completely after

23  exercising due diligence to inquire about and secure the information necessary to do so, the

24  responding party must so state and answer each such interrogatory that it claims it is unable to

25  answer fully and completely, state the facts upon which it relies to support its contention that it is

26  unable to answer that interrogatory fully and completely, and state any knowledge, information or

27  belief that it has concerning the unanswered portion of each such interrogatory.

28

1      5.    If the responding party withholds information responsive, in whole or in part, to

2  any interrogatory on any basis, it must identify: (a) any privilege or immunity from discovery

3  asserted; (b) all documents or things which contain or refer to the information; (c) all individuals

4  having knowledge of the information; (d) the subject matter and general nature of the

5  information; and (e) all facts which are alleged to support the assertion of privilege or immunity.

6      6.    <u>Construction of "And" and "Or"</u>. As used herein, the words "and" and "or" shall

7  be construed both conjunctively and disjunctively, and each shall include the other wherever such

8  dual construction will serve to bring within the scope of this Request any documents which would

9  otherwise not be brought within its scope.

10      7.    <u>Construction of the Singular and Plural Forms</u>. As used herein, the singular form

11  shall include the plural and vice versa whenever such dual construction will serve to bring within

12  the scope of this Request any documents which would otherwise not be brought within its scope.

13                  II. <u>SPECIAL INTERROGATORIES</u>

14      1.    IDENTIFY ALL work YOU performed for EPIC at ANY time.

15      2.    IDENTIFY ALL COMMUNICATIONS YOU have had since January 1, 2007

16  with ANY PERSONS who have at ANY time been employed by PLAINTIFFS RELATING TO

17  the solicitation, recruitment or hiring by EPIC of ANY of PLAINTIFFS' employees.

18      3.    IDENTIFY ALL knowledge YOU had, prior to December 7, 2007, RELATING

19  TO the actual or potential resignation of ANY employee of PLAINTIFF to join EPIC.

20      4.    IDENTIFY ALL COMMUNICATIONS YOU have had since December 7, 2007

21  with ANY PERSONS who have at ANY time been employed by PLAINTIFFS, RELATING TO

22  ANY of PLAINTIFFS' CLIENTS.

23      5.    IDENTIFY ALL COMMUNICATIONS YOU have had since January 1, 2007

24  with ANY of PLAINTIFFS' CLIENTS RELATING TO EPIC.

25      6.    IDENTIFY ALL data YOU used in connection with ANY work YOU performed

26  for EPIC RELATING TO ANY of PLAINTIFFS' CLIENTS.

27      7.    IDENTIFY ALL expenses YOU have incurred RELATING TO ANY work YOU

28  performed for EPIC RELATING TO ANY of PLAINTIFFS' CLIENTS.

FIRST SET OF SPECIAL COMMON
INTERROGATORIES TO ALL DEFENDANTS

1         8.    IDENTIFY ALL facts, including the date, RELATING TO ANY efforts by YOU

2    or ANY PERSON who was ever employed by PLAINTIFFS to transfer to EPIC ANY

3    professional license affiliated with ANY PERSON who was ever employed by PLAINTIFFS.

4         9.    IDENTIFY ALL COMMUNICATIONS YOU have had since January 1, 2007

5    with ANY EPIC employee, officer or director RELATING TO PLAINTIFFS.

6        10. IDENTIFY ALL ELECTRONIC STORAGE DEVICES YOU have used since

7    January 1, 2007 to store, send or receive ANY COMMUNICATIONS or data RELATING TO

8    PLAINTIFFS, (including their customers and employees), or EPIC.

9

10   DATED:  March 13, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

11                          BRADFORD K. NEWMAN
                       SHANNON S. SEVEY

12

13                          By: _____

14                                 SHANNON S. SEVEY

15                          Attorneys for Plaintiffs
                       Arthur J. Gallagher & Co., Inc. and Arthur J. Gallagher &

16                          Co. Insurance Brokers of California, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-06418-JSW

FIRST SET OF SPECIAL COMMON
INTERROGATORIES TO ALL DEFENDANTS