JAMES M. WAGSTAFFE (95535)
ADRIAN J. SAWYER (203712)
CHEROKEE D. M. MELTON (243265)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105–1528
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Defendants
ANDREW ("WALLY") BROWN, JR.,
BRIAN F. QUINN, MICHAEL J. BROWN, and
LAURA J. WICK

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
bradfordnewman@paulhastings.com
SARJU A. NARAN (SB# 215410)
sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319)
shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
ARTHUR J. GALLAGHER & CO., INC. &
ARTHUR J. GALLAGHER & CO.
INSURANCE BROKERS OF CALIFORNIA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California Corporation, et al.<br><br>      Defendants. | Case No. C07-06418 JSW (JCS)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING RETURN OF LAPTOP AND ERADICATION OF PRIVILEGED MATERIAL THEREON**<br><br>Hon. Jeffrey S. White |

# STIPULATION

WHEREAS, Defendants in this litigation have agreed to return to Arthur J. Gallagher & Co., Inc., and Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. (collectively "Gallagher"), Gallagher property retained by any defendants following their departure from Gallagher, as set forth in Defendant Edgewood Insurance Partners Certification Re: Voluntary Preventative Measures, filed January 17, 2008 ("Voluntary Certification");

WHEREAS, Defendant Wally Brown ("Brown") was issued a Compaq nc4400 laptop, Serial Number CND7231THX, during his employment at Gallagher, which he retained following his departure from Gallagher on December 7, 2007;

WHEREAS, the laptop computer is currently in the possession of Defendants' forensic experts, where it has been imaged in a forensically sound manner;

WHEREAS, the laptop computer represents the only remaining Gallagher property in defendants' possession, custody, or control that has not been returned to Gallagher;

WHEREAS, counsel for Brown has represented to counsel for Gallagher that there reside on said laptop one (1) active file that is privileged and resides in the temporary internet file cache on said laptop and that postdates Brown's departure from Gallagher, and fragments of two other privileged files that exist in unallocated space on the hard drive of said laptop, and that also postdate Brown's departure from Gallagher;

WHEREAS, the parties understand that it is possible to eradicate the active allegedly privileged file in a targeted manner with a high degree of certainty that said file will not thereafter be accessible, but not practicable to eradicate the fragments in unallocated space without wiping all files in unallocated space;

WHEREAS, counsel for Gallagher has communicated to counsel for Brown that Gallagher will not agree to any steps to wipe unallocated space on the hard drive of said laptop;

WHEREAS, in light of the need of Gallagher to recover the laptop and the need of Brown to protect his attorney-client privilege, counsel for Brown and counsel for Gallagher have met and conferred in an effort to agree on appropriate measures that will protect the allegedly privileged material on said laptop while allowing the return of said laptop to Gallagher; and

1     WHEREAS, through this meet and confer the parties have reached agreement on

2 appropriate measures;

3     NOW THEREFORE, Defendant Wally Brown and Gallagher, by and through their

4 counsel of record, do hereby stipulate as follows:

5     1. By no later than May 1, 2008, the laptop referenced in the above recitals shall be

6 returned to Gallagher, following the eradication of the one (1) active allegedly privileged file by

7 Defendants' forensic consultants, said eradication to be performed in the presence of Gallagher's

8 forensic consultants at the offices of Defendants' forensic consultants, located at Stroz Friedberg,

9 LLC, 1925 Century Park East, Suite 1350, Los Angeles, CA 90067, at Gallagher's request, and

10 said eradication to be performed in a forensically sound manner, so as to not delete, destroy, or

11 alter any other file or data residing on the laptop;

12     2. The unallocated space on the hard drive of said laptop shall not be wiped, with the

13 result that fragments of allegedly privileged files will remain on the hard drive;

14     3. By no later than May 1, 2008, counsel for Brown shall produce a privilege log to

15 Gallagher's counsel for the one active file and, so that Gallagher will have sufficient information

16 to comply with paragraphs 4 through 6 of this Stipulation, for the two fragmented files residing

17 on the laptop that Brown contends are privileged, consistent with the requirements set forth in

18 the Federal Rules of Civil Procedure and interpretation of such rules, including identification of

19 the general nature of each file, the identity and position of the author of each file, the date each

20 file was written, the identity and position of all addressees and recipients of each file, and the

21 specific reasons Brown contends each file is privileged (*see*, *e.g.*, *United States v. Construction

22 Products Research Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996);

23     4. Neither Gallagher nor its counsel, nor any consultant or testifying expert, nor any

24 other person or entity retained or hired by Gallagher or its counsel to perform any role

25 whatsoever in this litigation, shall take any steps to view either the allegedly privileged

26 fragments or any other privileged material that exists on said laptop;

27     5. Should any examination of said laptop by any person who is within the purview of

28 paragraph 4 of this stipulation yield any privileged material, whether an active file or fragments,

1  such privileged material shall not be reviewed, shall not be copied, shall not be accessed, and
2  shall not be distributed or disseminated in any way to any entity or person, including the Court in
3  this matter;
4        6.   Moreover, should any examination of the laptop by any person who is within the
5  purview of paragraph 4 of this stipulation yield any privileged material, whether an active file or
6  fragments, counsel for Gallagher shall notify counsel for Brown and confirm that the procedure
7  set forth in this stipulation was followed;
8        7.   The parties agree that the steps set forth in this Stipulation constitute objectively
9  reasonable steps to protect the privilege, so that no waiver of the attorney-client privilege shall be
10 deemed to arise out of the discovery by Gallagher of any attorney-client privileged material
11 discovered on said laptop, whether or not such material is referenced in this Stipulation;
12       8.   Notwithstanding Gallagher's agreement as set forth herein, Gallagher shall reserve its
13 right to challenge Brown's claim of privilege as to the allegedly privileged file residing in active
14 space, and the allegedly privileged file fragments that exist in unallocated space.

Dated: April 28, 2008            KERR & WAGSTAFFE LLP

                                 By:      /s/Adrian J. Sawyer
                                          ADRIAN J. SAWYER

                                 Attorneys for Defendants
                                 ANDREW ("WALLY") BROWN, JR.,
                                 BRIAN F. QUINN, MICHAEL J. BROWN, and
                                 LAURA J. WICK

Dated: April __, 2008            PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                 By:_____
                                          SARJU A. NARAN

                                 Attorneys for Plaintiffs
                                 ARTHUR J. GALLAGHER & CO., INC. and
                                 ARTHUR J. GALLAGHER & CO., INSURANCE
                                 BROKERS OF CALIFORNIA, INC.



1  such privileged material shall not be reviewed, shall not be copied, shall not be accessed, and
2  shall not be distributed or disseminated in any way to any entity or person, including the Court in
3  this matter;

4        6. Moreover, should any examination of the laptop by any person who is within the
5  purview of paragraph 4 of this stipulation yield any privileged material, whether an active file or
6  fragments, counsel for Gallagher shall notify counsel for Brown and confirm that the procedure
7  set forth in this stipulation was followed;

8        7. The parties agree that the steps set forth in this Stipulation constitute objectively
9  reasonable steps to protect the privilege, so that no waiver of the attorney-client privilege shall be
10 deemed to arise out of the discovery by Gallagher of any attorney-client privileged material
11 discovered on said laptop, whether or not such material is referenced in this Stipulation;

12       8. Notwithstanding Gallagher's agreement as set forth herein, Gallagher shall reserve its
13 right to challenge Brown's claim of privilege as to the allegedly privileged file residing in active
14 space, and the allegedly privileged file fragments that exist in unallocated space.

Dated: April __, 2008        KERR & WAGSTAFFE LLP

By:_____
     ADRIAN J. SAWYER

Attorneys for Defendants
ANDREW ("WALLY") BROWN, JR.,
BRIAN F. QUINN, MICHAEL J. BROWN, and
LAURA J. WICK

Dated: April 28, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:_____
     SARJU A. NARAN

Attorneys for Plaintiffs
ARTHUR J. GALLAGHER & CO., INC. and
ARTHUR J. GALLAGHER & CO., INSURANCE
BROKERS OF CALIFORNIA, INC.

**[PROPOSED] ORDER**

Pursuant to the above Stipulation, IT IS HEREBY ORDERED that:

1. By no later than May 1, 2008, the laptop referenced in the above stipulation shall be returned to Gallagher following the eradication of the one (1) active allegedly privileged file by Defendants' forensic consultants, said eradication to be performed in the presence of Gallagher's forensic consultants at the offices of Defendants' forensic consultants, located at Stroz Friedberg, LLC, 1925 Century Park East, Suite 1350, Los Angeles, CA 90067, and said eradication to be performed in a forensically sound manner, so as to not delete, destroy, or alter any other file or data residing on the laptop;

2. The unallocated space on the hard drive of said laptop shall not be wiped, with the result that fragments of allegedly privileged files will remain on the hard drive;

3. By no later than May 1, 2008, counsel for Brown shall produce a privilege log to Gallagher's counsel for the one active file and, so that Gallagher will have sufficient information to comply with paragraphs 4 through 6 of this Stipulation, for the two fragmented files residing on the laptop that Brown contends are privileged, consistent with the requirements set forth in the Federal Rules of Civil Procedure and interpretation of such rules, including identification of the general nature of each file, the identity and position of the author of each file, the date each file was written, the identity and position of all addressees and recipients of each file, and the specific reasons Brown contends each file is privileged (*see*, *e.g.*, *United States v. Construction Products Research Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996);

4. Neither Gallagher nor its counsel, nor any consultant or testifying expert, nor any other person or entity retained or hired by Gallagher or its counsel to perform any role whatsoever in this litigation, shall take any steps to view either the allegedly privileged fragments or any other privileged material that exists on said laptop;

5. Should any examination of the laptop by any person who is within the purview of paragraph 4 of this stipulation yield any privileged material, whether an active file or fragments, such privileged material shall not be reviewed, shall not be copied, shall not be accessed, and

1  shall not be distributed or disseminated in any way to any entity or person, including the Court in
2  this matter;
3      6. Moreover, should any examination of the laptop by any person who is within the
4  purview of paragraph 4 of this stipulation yield any privileged material, whether an active file or
5  fragments, counsel for Gallagher shall notify counsel for Brown and confirm that the procedure
6  set forth in this stipulation was followed;
7      7. The steps set forth in this Stipulation are deemed to constitute objectively reasonable
8  steps to protect the privilege, so that no waiver of the attorney-client privilege shall arise out of
9  the discovery by Gallagher of any attorney-client privileged material discovered on said laptop,
10 whether or not such material is referenced in this Stipulation;
11     8. Notwithstanding Gallagher's agreement as set forth in this Stipulation, Gallagher
12 shall maintain its right to challenge Brown's claim of privilege as to the allegedly privileged file
13 residing in active space, and the allegedly privileged file fragments that exist in unallocated
14 space.

16 Dated: _____, 2008

_____
Hon. Joseph C. Spero
United States Magistrate Judge