1 | PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
2 | STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
3 | SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
4 | Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
5 | Facsimile: (650) 320-1900

6 | Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California,
7 | Inc.

8 | JEROME C. ROTH (SBN 159483)
MARTIN D. BERN (SBN 153203)
9 | MALCOLM A. HEINICKE (SBN 194174)
JEFFREY E. ZINSMEISTER (SBN 235516)
10 | Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
11 | 560 Mission Street
Twenty-Seventh Floor
12 | San Francisco, CA  94105-2907
Telephone:    (415) 512-4000
13 | Facsimile:    (415) 512-4077

14 | Attorneys for Defendants
EDGEWOOD PARTNERS INSURANCE CENTER, DAN R. FRANCIS & JOHN G. HAHN

15 |

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | SAN FRANCISCO DIVISION

19 |

20 | ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, et al.,

CASE NO. 3:07-CV-06418-JSW

21 | Plaintiffs,

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

22 | vs.

23 | EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation, et al.,

24 | Defendants.

25 |

26 |

27 |

28 |

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order, which shall govern all discovery, documents and papers served and exchanged by the parties from the inception of this action. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

a. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

b. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, records, exhibits, reports, samples, testimony, transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings—including copies or electronically-stored versions of any of the foregoing—or tangible things) that are served, exchanged, produced, or generated, whether voluntarily, by order of court, or in disclosures or responses to discovery in this matter.

c. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

d. "Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential"

4873173.2

1    information or items whose disclosure to another Party or non-party would create a

2    substantial risk of serious injury that could not be avoided by less restrictive means.

3    e.  "OUTSIDE ATTORNEYS' Eyes Only" Information or Items: extremely sensitive

4        "Confidential" information or items whose disclosure to another Party, House Counsel for

5        another Party, or any non-party would create a substantial risk of serious injury that could

6        not be avoided by less restrictive means.

7    f.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing

8        Party.

9    g.  Producing Party: a Party or non-party that produces Disclosure or Discovery Material in

10       this action.

11   h.  Designating Party: a Party or non-party that designates information or items that it

12       produces in disclosures or in responses to discovery as "Confidential," "Attorneys' Eyes

13       Only," or "OUTSIDE ATTORNEYS' Eyes Only."

14   i.  Protected Material: any Disclosure or Discovery Material that is designated as

15       "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only."

16   j.  Outside Counsel or Outside Attorneys: attorneys who are not employees of a Party but

17       who are retained to represent or advise a Party in this action.

18   k.  House Counsel: attorneys who are employees of a Party.

19   l.  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support

20       staffs).

21   m.  Expert: a person with specialized knowledge or experience in a matter pertinent to the

22       litigation who has been retained by a Party or its counsel to serve as an expert witness or

23       as a consultant in this action and who is not a past or a current employee of a Party or of a

24       competitor of a Party's and who, at the time of retention, is not anticipated to become an

25       employee of a Party or a competitor of a Party's. This definition includes a professional

26       jury or trial consultant retained in connection with this litigation.

27   n.  Professional Vendors: persons or entities that provide litigation support services (e.g.,

28       photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

-3-    STIPULATED PROTECTIVE ORDER, CASE
       NO. 3:07-CV-06418-JSW

4873173.2

1    storing, retrieving data in any form or medium; etc.) and their employees and

2    subcontractors.

3    3. SCOPE

4    The protections conferred by this Stipulated Protective Order cover not only Protected

5    Material (as defined above), but also any information copied or extracted therefrom, as well as all

6    copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

7    presentations by parties or counsel to or in court or in other settings that might reveal Protected

8    Material.

9    4. DURATION

10    Even after the termination of this litigation, the confidentiality obligations imposed by this

11    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12    otherwise directs.

13    5. DESIGNATING PROTECTED MATERIAL

14    a. Exercise of Restraint and Care in Designating Material for Protection. Each Party

15    or non-party that designates information or items for protection under this Stipulated Protective

16    Order must take care to limit any such designation to specific material that qualifies under the

17    appropriate standards. A Designating Party must take care to designate for protection only those

18    materials, documents, items, or oral or written communications that qualify – so that other

19    materials, documents, items, or communications for which protection is not warranted are not

20    swept unjustifiably within the ambit of this Stipulated Protective Order. Unjustified or

21    indiscriminate designations are prohibited, although the parties recognize that, to address third-

22    party privacy, employee, and/or party business concerns, classification of certain types of

23    information as protected may be justified. Designations that are shown to be clearly unjustified,

24    or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the

25    case development process, or to impose unnecessary expenses and burdens on other parties),

26    expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that

27    information or items that it designated for protection do not qualify for protection at all, or do not

28    qualify for the level of protection initially asserted, that Party or non-party must promptly notify

-4-    STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1   all other parties that it is withdrawing the mistaken designation.

2       b.    Manner and Timing of Designations. Except as otherwise provided in this Stipulated

3   Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under

4   this Order must be clearly so designated before the material is disclosed or produced.

5   Designation in conformity with this Stipulated Protective Order requires:

6           (i)     for information in documentary form (apart from transcripts of depositions

7                   or other pretrial or trial proceedings), that the Producing Party affix the

8                   legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR

9                   "OUTSIDE ATTORNEYS' EYES ONLY" on each page that contains

10                  Protected Material.  If only a portion or portions of the material on a page

11                  qualifies for protection, the Producing Party also must clearly identify the

12                  protected portion(s) (e.g., by making appropriate markings in the margins)

13                  and must specify, for each portion, the level of protection being asserted

14                  (either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR

15                  "OUTSIDE ATTORNEYS' EYES ONLY").  A Party or non-party that

16                  makes original documents or materials available for inspection need not

17                  designate them for protection until after the inspecting Party has indicated

18                  which material it would like copied and produced. During the inspection

19                  and before the designation, all of the material made available for inspection

20                  shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY." After the

21                  inspecting Party has identified the documents it wants copied and

22                  produced, the Producing Party must determine which documents, or

23                  portions thereof, qualify for protection under this Stipulated Protective

24                  Order, then, before producing the specified documents, the Producing Party

25                  must affix the appropriate legend ("CONFIDENTIAL," "ATTORNEYS'

26                  EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY") on each

27                  page that contains Protected Material. If only a portion or portions of the

28                  material on a page qualifies for protection, the Producing Party also must

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY");

(ii)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii)    for information produced in non-paper media (e.g., video tapes, audio tapes, computers, electronic storage media, etc.), and for any other tangible

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1    items, that the Producing Party affix in a prominent place on the medium, if

2    possible, and the exterior of the container or containers in which the

3    information or item is stored the legend "CONFIDENTIAL,"

4    "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES

5    ONLY," so as to clearly provide notice of the designation.  If only portions

6    of the information or item warrant protection, the Producing Party, to the

7    extent practicable, shall identify the protected portions, specifying whether

8    they qualify as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE

9    ATTORNEYS' Eyes Only." To the extent any Receiving Party prints or

10    makes a photocopy of any of the information contained on non-paper

11    media that is designated as Protected Material, the Receiving Party shall

12    affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR

13    "OUTSIDE ATTORNEYS' EYES ONLY" on each page that has been

14    designated as containing Protected Material.

15    c.   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

16    qualified information or items as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE

17    ATTORNEYS' Eyes Only" does not, standing alone, waive the Designating Party's right

18    to secure protection under this Order for such material. If material is appropriately

19    designated as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS'

20    Eyes Only" after the material was initially produced, the Receiving Party, on timely

21    notification of the designation, must make reasonable efforts to assure that the material is

22    treated in accordance with the provisions of this Stipulated Protective Order.

23    6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

24    a.   Timing of Challenges. Unless a prompt challenge to a Designating Party's designation of

25    Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic

26    burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right

27    to challenge a Protected Material designation by electing not to mount a challenge promptly after

28    the original designation is disclosed.

-7-

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1    b.  Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

2    confidentiality designation must do so in good faith and must begin the process by conferring

3    directly (in voice to voice dialogue; other forms of communication are not sufficient) with

4    counsel for the Designating Party. In conferring, the challenging Party must explain the basis for

5    its belief that the designation was not proper and must give the Designating Party an opportunity

6    to review the designated material, to reconsider the circumstances, and, if no change in

7    designation is offered, to explain the basis for the chosen designation. A challenging Party may

8    proceed to the next stage of the challenge process only if it has engaged in this meet and confer

9    process first.

10    c.  Judicial Intervention. A Party that elects to press a challenge to a Protected Material

11    designation after considering the justification offered by the Designating Party may file and serve

12    a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

13    that identifies the challenged material and sets forth in detail the basis for the challenge. Each

14    such motion must be accompanied by a competent declaration that affirms that the movant has

15    complied with the meet and confer requirements imposed in the preceding paragraph and that sets

16    forth with specificity the justification for the confidentiality designation that was given by the

17    Designating Party in the meet and confer dialogue. The burden of persuasion in any such

18    challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all

19    parties shall continue to afford the material in question the level of protection to which it is

20    entitled under the Producing Party's designation.

21    7.  ACCESS TO AND USE OF PROTECTED MATERIAL

22    a.  Basic Principles. A Receiving Party may use Protected Material that is disclosed or

23    produced by another Party or by a non-party in connection with this case only for prosecuting,

24    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

25    the categories of persons and under the conditions described in this Stipulated Protective Order.

26    When the litigation has been terminated, a Receiving Party must comply with the provisions of

27    section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by

28    a Receiving Party at a location and in a secure manner that ensures that access is limited to the

-8-    STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1    persons authorized under this Stipulated Protective Order.

2        b.  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

3    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

4    disclose any information or item designated CONFIDENTIAL only to:

5        (i)    the Receiving Party's Outside Counsel of record in this action, as well as

6               employees of said Counsel to whom it is reasonably necessary to disclose

7               the information for this litigation and who have signed the

8               "Acknowledgement and Agreement to Be Bound by Protective Order" that

9               is attached hereto as Exhibit A;

10       (ii)   the officers, directors, and employees (including House Counsel) of the

11              Receiving Party to whom disclosure is reasonably necessary for this

12              litigation and who have signed the "Acknowledgement and Agreement to

13              Be Bound by Protective Order" (Exhibit A);

14       (iii)  experts (as defined in this Order) of the Receiving Party to whom

15              disclosure is reasonably necessary for this litigation and who have signed

16              the "Acknowledgement and Agreement to Be Bound by Protective Order"

17              (Exhibit A);

18       (iv)   the Court and its personnel;

19       (v)    court reporters and their staffs;

20       (vi)   professional vendors to whom disclosure is reasonably necessary for this

21              litigation and who have signed the "Acknowledgement and Agreement to

22              Be Bound by Protective Order" (Exhibit A);

23       (vii)  during their depositions, witnesses in the action to whom disclosure is

24              reasonably necessary and who have signed the "Acknowledgement and

25              Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of

26              transcribed deposition testimony or exhibits to depositions that reveal

27              Protected Material must be separately bound by the court reporter and may

28              not be disclosed to anyone except as permitted under this Stipulated

-9-                    STIPULATED PROTECTIVE ORDER, CASE
                       NO. 3:07-CV-06418-JSW

1    Protective Order; and

2    (viii)    the author of the document or the original source of the information.

3    c.    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise

4    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5    disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

6    (i)    the Receiving Party's Outside Counsel of record in this action, as well as

7    employees of said Counsel to whom it is reasonably necessary to disclose

8    the information for this litigation and who have signed the

9    "Acknowledgement and Agreement to Be Bound by Protective Order" that

10    is attached hereto as Exhibit A;

11    (ii)    House Counsel of a Receiving Party (1) who has no involvement in

12    competitive decision-making, (2) to whom disclosure is reasonably

13    necessary for this litigation, and (3) who has signed the

14    "Acknowledgement and Agreement to Be Bound by Protective Order"

15    (Exhibit A);

16    (iii)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

17    necessary for this litigation, (2) who have signed the "Acknowledgement

18    and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as

19    to whom the procedures set forth in paragraph (e), below, have been

20    followed;

21    (iv)    the Court and its personnel;

22    (v)    court reporters and their staffs;

23    (vi)    professional vendors to whom disclosure is reasonably necessary for this

24    litigation and who have signed the "Acknowledgement and Agreement to

25    Be Bound by Protective Order" (Exhibit A); and

26    (vii)    the author of the document or the original source of the information.

27    d.    Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless

28    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

4873173.2

1  Party may disclose any information or item designated "OUTSIDE ATTORNEYS' EYES

2  ONLY" only to:

3      (i)    the Receiving Party's Outside Counsel of record in this action, as well as

4             employees of said Outside Counsel to whom it is reasonably necessary to

5             disclose the information for this litigation and who have signed the

6             "Acknowledgement and Agreement to Be Bound by Protective Order" that

7             is attached hereto as Exhibit A;

8      (ii)   Experts (as defined in this Order) (1) to whom disclosure is reasonably

9             necessary for this litigation, (2) who have signed the "Acknowledgement

10            and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as

11            to whom the procedures set forth in paragraph (e), below, have been

12            followed;

13     (iii)  the Court and its personnel;

14     (iv)   court reporters and their staffs;

15     (v)    professional vendors to whom disclosure is reasonably necessary for this

16            litigation and who have signed the "Acknowledgement and Agreement to

17            Be Bound by Protective Order" (Exhibit A); and

18     (vi)   the author of the document or the original source of the information.

19  e.  Procedures for Approving Disclosure of "ATTORNEYS' EYES ONLY" or "OUTSIDE

20  ATTORNEYS' EYES ONLY" Information or Items to "Experts."

21     (i)    Unless otherwise ordered by the court or agreed in writing by the

22            Designating Party, a Party that seeks to disclose to an "Expert" (as defined

23            in this Stipulated Protective Order) any information or item that has been

24            designated "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS'

25            EYES ONLY" first must make a written request to the Designating Party

26            that (1) identifies the specific Protected Material that the Receiving Party

27            seeks permission to disclose to the Expert, (2) sets forth the full name of the

28            Expert and the city and state of his or her primary residence, (3) attaches a

                                              -11-        STIPULATED PROTECTIVE ORDER, CASE
                                                          NO. 3:07-CV-06418-JSW
4873173.2

copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(ii)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(iii)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing

-12-    STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1    disclosure to the Expert shall bear the burden of proving that the risk of

2    harm that the disclosure would entail (under the safeguards proposed)

3    outweighs the Receiving Party's need to disclose the Protected Material to

4    its Expert.

5        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

6    LITIGATION

7        If a Receiving Party is served with a subpoena or an order issued in other litigation that

8    would compel disclosure of any information or items designated in this action as

9    "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES

10   ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

11   immediately and in no event more than three court days after receiving the subpoena or order.

12   Such notification must include a copy of the subpoena or court order.  The Receiving Party also

13   must immediately inform in writing the Party who caused the subpoena or order to issue in the

14   other litigation that some or all the material covered by the subpoena or order is the subject of this

15   Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this

16   Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or

17   order to issue.  The purpose of imposing these duties is to alert the interested parties to the

18   existence of this Stipulated Protective Order and to afford the Designating Party in this case an

19   opportunity to try to protect its confidentiality interests in the court from which the subpoena or

20   order issued. The Designating Party shall bear the burdens and the expenses of seeking protection

21   in that court of its confidential material – and nothing in these provisions should be construed as

22   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

23   another court.

24       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

26   Material to any person or in any circumstance not authorized under this Stipulated Protective

27   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

28   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

-13-

1  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

2  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

3  Be Bound by Protective Order" that is attached hereto as Exhibit A.

4        10. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

5        a.  If a Receiving Party receives materials that obviously appear to be subject to an attorney-

6            client privilege or otherwise clearly appear to be confidential and privileged and where it

7            is reasonably apparent that the materials were provided or made available through

8            inadvertence, the Receiving Party receiving such materials must refrain from examining

9            the materials any more than is essential to ascertain if the materials are privileged, and

10           shall immediately notify the Producing Party in writing that he or she possesses material

11           that appears to be privileged.

12

13           The Receiving Party then must use its best efforts to retrieve the original and all copies of

14           the above-referenced materials of which the Receiving Party is aware, and return them to

15           the Producing Party within ten (10) calendar days of notifying the Producing Party as

16           required by the preceding paragraph.  The return of these materials shall not preclude the

17           Receiving Party from later moving the Court to compel their production.  Within a

18           reasonable time after receiving the returned materials, the Producing Party shall provide a

19           privilege log for those materials.

20       b.  If a Producing Party discovers that it has inadvertently produced materials subject to an

21           attorney-client privilege or otherwise confidential and privileged, the Receiving Party

22           must return to the Producing Party the originals and all copies of those materials within

23           (10) calendar days of a written request by the Producing Party, provided that the

24           Producing Party makes this written request within ten (10) calendar days of its discovery

25           of the inadvertent production.  The return of these materials shall not preclude the

26           Receiving Party from later moving the Court to compel their production.  Within a

27           reasonable time after receiving the returned materials, the Producing Party shall provide a

28           privilege log for those materials.  This provision is without prejudice to the parties' rights

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1  under subparagraph (a) of this section.

2     c.  The inadvertent production and return of privileged materials under this section shall not

3  waive, or constitute an estoppel to, a claim of any applicable privilege with respect to the

4  parties to this agreement, or with respect to any other party.

5     11. FILING PROTECTED MATERIAL

6        Without written permission from the Designating Party or a court order secured after

7  appropriate notice to all interested persons, a Party may not file in the public record in this action

8  any Protected Material. A Party that seeks to file under seal any Protected Material must comply

9  with Civil Local Rule 79-5.

10     12. FINAL DISPOSITION

11        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

12  after the final termination of this action, each Receiving Party must return all Protected Material

13  to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

14  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

15  Protected Material. With permission in writing from the Designating Party, the Receiving Party

16  may destroy some or all of the Protected Material instead of returning it. Whether the Protected

17  Material is returned or destroyed, the Receiving Party must submit a written certification to the

18  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

19  deadline that identifies (by category, where appropriate) all the Protected Material that was

20  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

21  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

22  Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an

23  archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

24  attorney work product, even if such materials contain Protected Material. Any such archival

25  copies that contain or constitute Protected Material remain subject to this Stipulated Protective

26  Order as set forth in Section 4 (DURATION), above.

27     13. MISCELLANEOUS

28     a.  Right to Further Relief. Nothing in this Order abridges the right of any person

STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2

1    to seek its modification by the Court in the future.

2        b.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective

3    Order no Party waives any right it otherwise would have to object to disclosing or producing any

4    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

5    //

6    //

7    //

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER, CASE
        NO. 3:07-CV-06418-JSW

4873173.2

1  no Party waives any right to object on any ground to use in evidence of any of the material

2  covered by this Stipulated Protective Order.

3      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED: June 26 , 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

6                               By: _____
                                        BRADFORD K. NEWMAN
7

8  Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. &
   Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

9  DATED: June 26 , 2008        MUNGER, TOLLES & OLSON, LLP

10                              By: _____
                                        MARTIN BERN
11

12  Attorneys for Defendants Edgewood Partners Insurance
    Center, Dan R. Francis, And John G. Hahn

13  DATED: _____ , 2008    KERR & WAGSTAFFE, LLP

14                              By: _____
                                        ADRIAN SAWYER
15

16  Attorneys for Defendants Andrew ("Wally") Brown, Jr.,
    Brian F. Quinn, Michael J. Brown, and Laura J. Wick

17  DATED: _____ , 2008    KEKER & VAN NEST

18                              By: _____
                                        DANIEL PURCELL
19

20  Attorneys for Defendants Neil R. Cohn; Carolann Cohn;
    Stephen Hause; James C. Halbleib; Laurinda ("Laurie")
    A. Martin; Eric Chua; George J. Petty; Linda Soo Hoo;
21  Robert E. Dutto; Susan M. English; Don J. Johnson; Allen
    L. Amos; William ("Bill") Phillips, Jr.; Dirck ("Rick") R.
22  Stinson; Robert ("Bob") D. Ellsworth; Robert H. Watkins;
    Paul H. Wagener; and Shandranette Middleton
23
        PURSUANT TO STIPULATION, IT IS SO ORDERED.
24

25  DATED: _____ , 2008

26                              By: _____
                                        United States District Judge
27

28

4873173.2

1  no Party waives any right to object on any ground to use in evidence of any of the material

2  covered by this Stipulated Protective Order.

3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED: _____, 2008     PAUL, HASTINGS, JANOFSKY & WALKER LLP

6       By:_____

7                BRADFORD K. NEWMAN

8       Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

9  DATED: _____, 2008     MUNGER, TOLLES & OLSON, LLP

10       By:_____

11                MARTIN BERN

12       Attorneys for Defendants Edgewood Partners Insurance Center, Dan R. Francis, And John G. Hahn

13  DATED: June 26, 2008     KERR & WAGSTAFFE, LLP

14       By: A Sawyer /comm

15                ADRIAN SAWYER

16       Attorneys for Defendants Andrew ("Wally") Brown, Jr., Brian F. Quinn, Michael J. Brown, and Laura J. Wick

17  DATED: _____, 2008     BRADLEY, CURLEY, ASIANO, BARRABEE & GALE PC

18       By:_____

19                KEVIN SMITH

20       Attorneys for Defendants Neil R. Cohn; Carolann Cohn; Stephen Hause; James C. Halbleib; Laurinda ("Laurie") A.

21       Martin;  Eric Chua; George J. Petty; Linda Soo Hoo; Robert E. Dutto; Susan M. English; Don J. Johnson; Allen L. Amos;

22       William ("Bill") Phillips, Jr.; Dirck ("Rick") R. Stinson; Robert ("Bob") D. Ellsworth; Robert H. Watkins; Paul H. Wagener;

23       and Shandranette Middleton

     PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25  DATED: _____, 2008

26       By:_____

27                United States District Judge

28

              -17-     STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

1    no Party waives any right to object on any ground to use in evidence of any of the material

2    covered by this Stipulated Protective Order.

3         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    DATED: _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

6                                   By:_____
                                          BRADFORD K. NEWMAN
7

8    Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J.
     Gallagher & Co., Insurance Brokers of California, Inc.

9    DATED: _____, 2008        MUNGER, TOLLES & OLSON, LLP

10                                  By:_____
                                          MARTIN BERN
11

12   Attorneys for Defendants Edgewood Partners Insurance Center,
     Dan R. Francis, And John G. Hahn

13   DATED: _____, 2008        KERR & WAGSTAFFE, LLP

14                                  By:_____
                                          ADRIAN SAWYER
15

16   Attorneys for Defendants Andrew ("Wally") Brown, Jr., Brian
     F. Quinn, Michael J. Brown, and Laura J. Wick

17   DATED: June 26, 2008           BRADLEY, CURLEY, ASIANO, BARRABEE & GALE PC

18                                  By:_____
                                          KEVIN SMITH
19

20   Attorneys for Defendants Neil R. Cohn; Carolann Cohn;
     Stephen Hause; James C. Halbleib; Laurinda ("Laurie") A.
21   Martin; Eric Chua; George J. Petty; Linda Soo Hoo; Robert E.
     Dutto; Susan M. English; Don J. Johnson; Allen L. Amos;
22   William ("Bill") Phillips, Jr.; Dirck ("Rick") R. Stinson; Robert
     ("Bob") D. Ellsworth; Robert H. Watkins; Paul H. Wagener;
23   and Shandranette Middleton

24        PURSUANT TO STIPULATION, IT IS SO ORDERED.

25   DATED: _____, 2008

26                                  By:_____
                                          United States District Judge
27

28

                                    -17-       STIPULATED PROTECTIVE ORDER, CASE
                                               NO. 3:07-CV-06418-JSW

4873173.2

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

3    I, _____, of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order issued by the United States District Court for the

6    Northern District of California on _____ in the case of *Arthur J. Gallagher &*

7    *Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. v. Edgewood*

8    *Partners Insurance Center, et. al.*, Case No. 3:07-CV-06418-JSW. I agree to comply with and to

9    be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

10   that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

11   I solemnly promise that I will not disclose in any manner any information or item that is subject

12   to this Stipulated Protective Order to any person or entity except in strict compliance with the

13   provisions of this Stipulated Protective Order.

14   I further agree to submit to the jurisdiction of the United States District Court for the

15   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16   Order, even if such enforcement proceedings occur after the termination of this action.

17   I hereby appoint _____ [print or type full name] of

18   _____ [print or type full address and

19   telephone number] as my California agent for service of process in connection with this action or

20   any proceedings related to enforcement of this Stipulated Protective Order.

21   Date: _____

22

23   City and State where sworn and signed: _____

24

25   Printed name: _____

26

27   Signature: _____

28

-18-    STIPULATED PROTECTIVE ORDER, CASE
NO. 3:07-CV-06418-JSW

4873173.2