PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902) bradfordnewman@paulhastings.com
STEPHEN N. YANG (SB# 142474) stephenyang@paulhastings.com
SARJU A. NARAN (SB# 215410) sarjunaran@paulhastings.com
SHANNON S. SEVEY (SB# 229319) shannonsevey@paulhastings.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

JEROME C. ROTH (SBN 159483)
MARTIN D. BERN (SBN 153203)
MALCOLM A. HEINICKE (SBN 194174)
JEFFREY E. ZINSMEISTER (SBN 235516)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendants
EDGEWOOD PARTNERS INSURANCE CENTER, DAN R. FRANCIS & JOHN G. HAHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., Inc., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation, et al.,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

48731732

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order, which shall govern all discovery, documents and papers served and exchanged by the parties from the inception of this action. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

   a. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   b. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, records, exhibits, reports, samples, testimony, transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings—including copies or electronically-stored versions of any of the foregoing—or tangible things) that are served, exchanged, produced, or generated, whether voluntarily, by order of court, or in disclosures or responses to discovery in this matter.

   c. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

   d. <u>"Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential"

-2-   STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

e. <u>"OUTSIDE ATTORNEYS' Eyes Only" Information or Items</u>: extremely sensitive "Confidential" information or items whose disclosure to another Party, House Counsel for another Party, or any non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

f. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

g. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

h. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only."

i. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only."

j. <u>Outside Counsel or Outside Attorneys</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

k. <u>House Counsel</u>: attorneys who are employees of a Party.

l. <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

m. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

n. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

a. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify – so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Unjustified or indiscriminate designations are prohibited, although the parties recognize that, to address third-party privacy, employee, and/or party business concerns, classification of certain types of information as protected may be justified. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify

-4-    STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

all other parties that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(i) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY"). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY");

(ii) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(iii) <u>for information produced in non-paper media (e.g., video tapes, audio tapes, computers, electronic storage media, etc.), and for any other tangible</u>

items, that the Producing Party affix in a prominent place on the medium, if possible, and the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY," so as to clearly provide notice of the designation. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only." To the extent any Receiving Party prints or makes a photocopy of any of the information contained on non-paper media that is designated as Protected Material, the Receiving Party shall affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," OR "OUTSIDE ATTORNEYS' EYES ONLY" on each page that has been designated as containing Protected Material.

c. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential," "Attorneys' Eyes Only," or "OUTSIDE ATTORNEYS' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

a. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a Protected Material designation by electing not to mount a challenge promptly after the original designation is disclosed.

-7-   STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

c. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a Protected Material designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

a. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the

-8-    STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

1  persons authorized under this Stipulated Protective Order.

2      b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
3  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
4  disclose any information or item designated CONFIDENTIAL only to:

    (i) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (ii) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

    (iii) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

    (iv) the Court and its personnel;

    (v) court reporters and their staffs;

    (vi) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

    (vii) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated

Protective Order; and

    (viii)  the author of the document or the original source of the information.

  c.  <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

    (i)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (ii)  House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

    (iii)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph (e), below, have been followed;

    (iv)  the Court and its personnel;

    (v)  court reporters and their staffs;

    (vi)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

    (vii)  the author of the document or the original source of the information.

  d.  <u>Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

Party may disclose any information or item designated "OUTSIDE ATTORNEYS' EYES ONLY" only to:

    (i)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (ii)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph (e), below, have been followed;

    (iii)    the Court and its personnel;

    (iv)    court reporters and their staffs;

    (v)    professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

    (vi)    the author of the document or the original source of the information.

e. <u>Procedures for Approving Disclosure of "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

    (i)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated Protective Order) any information or item that has been designated "ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a

-11-    STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

4873173.2

|     |       |                                                                                      |
| --- | ----- | ------------------------------------------------------------------------------------ |
|     |       | copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years. |
|     | (ii)  | A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. |
|     | (iii) | A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing |

disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10. <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

    a. If a Receiving Party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party receiving such materials must refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she possesses material that appears to be privileged.

    The Receiving Party then must use its best efforts to retrieve the original and all copies of the above-referenced materials of which the Receiving Party is aware, and return them to the Producing Party within ten (10) calendar days of notifying the Producing Party as required by the preceding paragraph. The return of these materials shall not preclude the Receiving Party from later moving the Court to compel their production. Within a reasonable time after receiving the returned materials, the Producing Party shall provide a privilege log for those materials.

    b. If a Producing Party discovers that it has inadvertently produced materials subject to an attorney-client privilege or otherwise confidential and privileged, the Receiving Party must return to the Producing Party the originals and all copies of those materials within (10) calendar days of a written request by the Producing Party, provided that the Producing Party makes this written request within ten (10) calendar days of its discovery of the inadvertent production. The return of these materials shall not preclude the Receiving Party from later moving the Court to compel their production. Within a reasonable time after receiving the returned materials, the Producing Party shall provide a privilege log for those materials. This provision is without prejudice to the parties' rights

under subparagraph (a) of this section.

    c. The inadvertent production and return of privileged materials under this section shall not waive, or constitute an estoppel to, a claim of any applicable privilege with respect to the parties to this agreement, or with respect to any other party.

## 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

## 13. MISCELLANEOUS

    a. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person

1  to seek its modification by the Court in the future.

2      b. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective

3  Order no Party waives any right it otherwise would have to object to disclosing or producing any

4  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

5  //

6  //

7  //

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 26, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Bradford K. Newman
    BRADFORD K. NEWMAN

Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

DATED: June 26, 2008        MUNGER, TOLLES & OLSON, LLP

By: /s/
    MARTIN BERN

Attorneys for Defendants Edgewood Partners Insurance Center, Dan R. Francis, And John G. Hahn

DATED: _____, 2008      KERR & WAGSTAFFE, LLP

By:_____
    ADRIAN SAWYER

Attorneys for Defendants Andrew ("Wally") Brown, Jr., Brian F. Quinn, Michael J. Brown, and Laura J. Wick

DATED: _____, 2008      KEKER & VAN NEST

By:_____
    DANIEL PURCELL

Attorneys for Defendants Neil R. Cohn; Carolann Cohn; Stephen Hause; James C. Halbleib; Laurinda ("Laurie") A. Martin; Eric Chua; George J. Petty; Linda Soo Hoo; Robert E. Dutto; Susan M. English; Don J. Johnson; Allen L. Amos; William ("Bill") Phillips, Jr.; Dirck ("Rick") R. Stinson; Robert ("Bob") D. Ellsworth; Robert H. Watkins; Paul H. Wagener; and Shandranette Middleton

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2008

By:_____
    United States District Judge

4873173.2

-17-

STIPULATED PROTECTIVE ORDER, CASE NO. 3:07-CV-06418-JSW

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
    BRADFORD K. NEWMAN

Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

DATED: _____, 2008        MUNGER, TOLLES & OLSON, LLP

By: _____
    MARTIN BERN

Attorneys for Defendants Edgewood Partners Insurance Center, Dan R. Francis, And John G. Hahn

DATED: June 26, 2008           KERR & WAGSTAFFE, LLP

By: _____
    ADRIAN SAWYER

Attorneys for Defendants Andrew ("Wally") Brown, Jr., Brian F. Quinn, Michael J. Brown, and Laura J. Wick

DATED: _____, 2008        BRADLEY, CURLEY, ASIANO, BARRABEE & GALE PC

By: _____
    KEVIN SMITH

Attorneys for Defendants Neil R. Cohn; Carolann Cohn; Stephen Hause; James C. Halbleib; Laurinda ("Laurie") A. Martin; Eric Chua; George J. Petty; Linda Soo Hoo; Robert E. Dutto; Susan M. English; Don J. Johnson; Allen L. Amos; William ("Bill") Phillips, Jr.; Dirck ("Rick") R. Stinson; Robert ("Bob") D. Ellsworth; Robert H. Watkins; Paul H. Wagener; and Shandranette Middleton

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2008

By: _____
    United States District Judge

4873173.2

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:_____
   BRADFORD K. NEWMAN

Attorneys for Plaintiffs Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc.

DATED: _____, 2008        MUNGER, TOLLES & OLSON, LLP

By:_____
   MARTIN BERN

Attorneys for Defendants Edgewood Partners Insurance Center, Dan R. Francis, And John G. Hahn

DATED: _____, 2008        KERR & WAGSTAFFE, LLP

By:_____
   ADRIAN SAWYER

Attorneys for Defendants Andrew ("Wally") Brown, Jr., Brian F. Quinn, Michael J. Brown, and Laura J. Wick

DATED: June 26, 2008        BRADLEY, CURLEY, ASIANO, BARRABEE & GALE PC

By:_____
   KEVIN SMITH

Attorneys for Defendants Neil R. Cohn; Carolann Cohn; Stephen Hause; James C. Halbleib; Laurinda ("Laurie") A. Martin; Eric Chua; George J. Petty; Linda Soo Hoo; Robert E. Dutto; Susan M. English; Don J. Johnson; Allen L. Amos; William ("Bill") Phillips, Jr.; Dirck ("Rick") R. Stinson; Robert ("Bob") D. Ellsworth; Robert H. Watkins; Paul H. Wagener; and Shandranette Middleton

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 1, 2008

By: _____
    Jeffrey S. White
    United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Northern District of California on _____ in the case of *Arthur J. Gallagher & Co., Inc. & Arthur J. Gallagher & Co., Insurance Brokers of California, Inc. v. Edgewood Partners Insurance Center, et. al.*, Case No. 3:07-CV-06418-JSW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4873173.2