KEVIN M. SMITH, ESQ., SBN 97920
BRADLEY, CURLEY, ASIANO,
BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN
NEIL R. COHN, ROBERT E. DUTTO, ROBERT D.
ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB,
STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A.
MARTIN, SHANDRANETTE MIDDLETON, GEORGE J.
PETTY, WILLIAM PHILLIPS, JR., LINDA SOO HOO,
DIRCK R. STINSON PAUL H. WAGENER, ROBERT H.
WATKINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO., INC., a Delaware Corporation, ARTHUR J. GALLAGHER & CO., INSURANCE BROKERS OF CALIFORNIA, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWOOD PARTNERS INSURANCE CENTER, a California corporation; DAN R. FRANCIS; JOHN G. HAHN; ANDREW ("WALLY") BROWN, JR.; BRIAN F. QUINN; NEIL R. COHN; CAROLANN COHN; MICHAEL J. BROWN; STEPHEN HAUSE; LAURA J. WICK; JAMES C. HALBLEIB; LAURINDA ("LAURIE") A. MARTIN; ERIC CHUA; GEORGE J. PETTY; LINDA SOO HOO; ROBERT E. DUTTO; SUSAN M. ENGLISH; DON J. JOHNSON; ALLEN L. AMOS; WILLIAM ("BILL") PHILLIPS, JR.; DIRCK ("RICK") R. STINSON; ROBERT ("BOB") D. ELLSWORTH; ROBERT H. WATKINS; PAUL H. WAGENER; SHANDRANETTE MIDDLETON,<br><br>Defendants. | CASE NO. 3:07-CV-06418-JSW<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS ERIC CHUA, NEIL COHN, JAMES HALBLEIB, STEPHEN HAUSE, LAURINDA MARTIN, SHANDRANETTE MIDDLETON, GEORGE PETTY, AND ROBERT WATKINS FOR PARTIAL JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     October 31, 2008<br>Time:    9:00 a.m.<br>Dept:    Courtroom 2, 17th<br>             Floor<br><br>**The Honorable Jeffrey S. White** |

TO THE PARTIES HERETO AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Jeffrey S. White in Courtroom 2 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94105, Defendants Eric Chua, Neil Cohn, James Halbleib, Stephen Hause, Laurinda Martin, Shandranette Middleton, George Petty, and Robert Watkins will and hereby do move, pursuant to Federal Rule of Civil Procedure 12(c), for partial judgment on the pleadings with respect to "Count Four," "Count Nine," and "Count Thirteen" of Plaintiffs' First Amended Complaint ("FAC"). Defendants are entitled to judgment on the pleadings because the putative causes of action presented in these Counts fail to state claims upon which relief can be granted.

This Motion is based upon the Memorandum of Points and Authorities attached hereto, the pleadings and records on file in this action, and such additional authority and argument as may be presented in Defendants' reply and at any hearing on this Motion.

Dated: July 31, 2008

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.

By: _____
Kevin M. Smith

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R. STINSON PAUL H. WAGENER, ROBERT H. WATKINS

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND PROCEDURAL BACKGROUND ............................................. 1

II. STANDARD OF REVIEW .......................................................................................... 3

III. ARGUMENT ............................................................................................................... 3

    A. Sections 2854, 2859, and 2860 of the California Labor Code Do Not Give Rise to Private Rights of Action ...................................................................... 4

    B. "Unjust Enrichment" Is a Measure of Damages, and Not an Independent Cause of Action ................................................................................................ 5

IV. CONCLUSION ............................................................................................................ 6

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ................................................................................ 3

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
   132 F.3d 526 (9th Cir. 1997) .................................................................................. 3

*Sports Form, Inc. v. United Press Int'l, Inc.*,
   686 F.2d 750 (9th Cir. 1982) .................................................................................. 2

*Strigliabotti v. Franklin Res., Inc.*,
   398 F. Supp. 2d 1094 (N.D. Cal. 2005) .................................................................. 3

**STATE CASES**

*Aetna Bldg. Maintenance Co. v. West*,
   39 Cal.2d 198 (1952) .............................................................................................. 5

*Crusader Ins. Co. v. Scottsdale Ins. Co.*,
   54 Cal. App. 4th 121 (1997) ................................................................................... 4

*Dinosaur Dev., Inc. v. White*,
   216 Cal. App. 3d 1310 (1989) ................................................................................ 5

*Huong Que, Inc. v. Luu*,
   150 Cal. App. 4th 400 (2007) ................................................................................. 5

*Lauriedale Assocs., Ltd. v. Wilson*,
   7 Cal. App. 4th 1439 (1992) ................................................................................... 5

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) ................................................................................. 6

*Melchior v. New Line Productions, Inc.*,
   106 Cal. App. 4th 779 (2003) ................................................................................. 6

*Moradi-Shalal v. Fireman's Fund Ins. Co.*,
   46 Cal.3d 287 (1988) .............................................................................................. 4

*Schaefer v. Williams*,
   15 Cal. App. 4th 1243 (1993) ................................................................................. 4

*So. Cal. Disinfecting Co. v. Lomkin*,
   183 Cal. App. 2d 431 (1960) .................................................................................. 5

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*,
   70 Cal. App. 4th 55 (1999) ..................................................................................... 4

**STATE STATUTES**

Cal. Lab. Code § 226(g) ................................................................................................. 5

Cal. Lab. Code § 1194(a) ........................................................................................... 4, 5

Cal. Lab. Code § 2853 .................................................................................................... 4

Cal. Lab. Code § 2854 .................................................................................................... 4

Cal. Lab. Code § 2855 .................................................................................................... 5

Cal. Lab. Code § 2859 .................................................................................................... 4

Mot. Partial Judg. on Pleadings; <u>Gallagher v. EPIC</u>,
Case No. 07-CV-06418-JSW

# TABLE OF AUTHORITIES
(continued)

Page

Cal. Lab. Code § 2860 ............................................................................................................... 4

Cal. Lab. Code § 2863 ............................................................................................................... 4

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 3

Fed. R. Civ. P. 12(c) .................................................................................................................. 3

## OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure
(3d ed. 2004) ........................................................................................................................ 3

William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe,
*Federal Civil Procedure Before Trial* (1997) .................................................................... 3

32 Cal. Jur. 2d 417 ..................................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' First Amended Complaint ("FAC") purports to state fourteen causes of action. While Defendants have denied all of these claims in their entirety and contend that they are all without merit,[1] the instant motion addresses three claims that are facially invalid as a matter of law. "Count Four" and "Count Nine" of the FAC rest on alleged violations of the California Labor Code, which do not give rise to private rights of action. "Count Thirteen" purports to assert a claim for "unjust enrichment." Yet, under California law, no such cause of action exists; instead, unjust enrichment describes a potential remedy, and not an independent claim. For these reasons, Defendants respectfully request that the Court grant the instant motion for partial judgment on the pleadings with respect to the fourth, ninth and thirteenth claims in the First Amended Complaint.[2]

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

In December of 2007, Defendants Wally Brown and Brian Quinn announced that they were leaving Plaintiff Arthur J. Gallagher & Co. ("Gallagher") to join another insurance brokerage, Defendant Edgewood Partners Insurance Company ("EPIC"). Surprised by this announcement, many of their former colleagues at Gallagher chose to follow them to EPIC. Contrary to Plaintiffs' allegations, these individuals switched jobs not because of a vast, unlawful conspiracy, but rather as a result of (1) their loyalty to, respect for, and desire to continue working with Mr. Brown and Mr. Quinn, with whom many employees had worked closely for years, (2) their desire to leave unpleasant working conditions at Gallagher, which included frequent layoffs, outsourcing to India, poor benefits, substandard or non-existent salary increases, and an increasing focus on the needs of the corporation, over and above those of its clients, and (3) their desire to pursue better opportunities at EPIC, such as higher compensation, better benefits, and an opportunity for equity participation in a new and exciting business venture.

---

[1] As the Court is aware, this litigation began with Plaintiffs seeking a temporary restraining order. This Court denied that request

[2] This motion seeks dismissal of the Counts as they are numbered in the body of Plaintiffs' First Amended Complaint. See FAC ¶¶ 254-60 (Count Four); id. ¶¶ 184-89 (Count Nine); id. ¶¶ 206-08 (Count Thirteen). These same putative causes of action are numbered as Count Five, Count Ten, and Count Fourteen, respectively, in the caption of the FAC.

1   In response to the departure of these employees, Plaintiffs filed this lawsuit. Their complaint appears to imagine an expansive and traitorous conspiracy in which its employees schemed for months to carry out a crippling attack on Gallagher's San Ramon office. The reality was quite different, and Defendants denied these allegations.

Also at the outset of this matter, Plaintiffs sought a restraining order. After full briefing and consideration of evidence submitted by both sides, this Court denied Gallagher's request and concluded that Plaintiffs had "not demonstrated a likelihood of success on the merits." *See* Order Denying Plaintiff's Application for a Temporary Restraining Order at 5 (citing *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)) (Docket Entry 157). On the same day, the Court issued a case management schedule. (Docket Entry 158).

Shortly after the Court issued its Order denying Plaintiffs' requested restraining order, on January 25, 2008, Plaintiffs filed a First Amended Complaint. Defendants again answered the complaint and denied liability.

On March 11, 2008, the parties conducted a mediation before The Honorable Edward Infante (Ret.), and they were unable to reach a resolution. Following the mediation, Judge Infante engaged in private telephonic conferences with counsel, but no settlement was reached, and there is no date for a further mediation or other form of alternative dispute resolution currently scheduled.

Following these unsuccessful mediation efforts, the parties exchanged initial disclosures, and they have since commenced document and written discovery. The parties have litigated one discovery dispute before United States Magistrate Judge Spero. (Docket Entry 194).

Through its initial case management order, the Court set discovery cut off dates for fact (September 22, 2008) and expert discovery (February 6, 2009), but it did not set a trial date.

Through this motion, Defendants seek judgment with respect to three purported causes of action in the operative complaint that, Defendants contend, are facially defective as a matter of law.

//
//

## II. STANDARD OF REVIEW

A party may move "for judgment on the pleadings" at any time "[a]fter the pleadings are closed . . . but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is "an auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367, at 217 (3d ed. 2004). Defendants respectfully submit that in light of the procedural history and schedule set forth above, the instant motion has been submitted early enough so as not delay trial. As in the context of a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings requires the moving party to demonstrate "on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). Judgment on the pleadings should be granted where -- as here -- there is a "failure to state a claim upon which relief can be granted." *Id. See also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that Rule 12(h)(2) "specifically authorizes use of [a motion for judgment on the pleadings] to raise the defense of failure to state a claim"). Because Rule 12(c) motions are essentially the same as Rule 12(b)(6) motions filed after the complaint has been answered, federal courts have made clear that a defendant can seek judgment on the pleadings with respect to some (but not all) of the purported claims in the complaint. *See, e.g., Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 9:340 (1997) (stating that it is common practice to permit "partial judgment on the pleadings").

## III. ARGUMENT

Judgment on the pleadings is appropriate because the fourth, ninth and thirteenth claims do not state valid causes of action under California law. The first two of these claims are based on statutory provisions that do not give rise to a private right of action, and the last claim confuses a measure of damages with a theory of liability.

//

A.    Sections 2854, 2859, and 2860 of the California Labor Code Do Not Give Rise to Private Rights of Action.[3]

In their fourth claim, Plaintiffs allege that several former Gallagher employees violated Section 2860 of the California Labor Code. Similarly, in their ninth claim, Plaintiffs allege that another, larger group of former employees violated Sections 2854 and 2859 of the California Labor Code. On the basis of these alleged violations, Plaintiffs seek to assert claims for damages under these statutes.

None of these three statutory provisions contains a private right of action. Section 2860 provides that an employer owns "[e]verything which an employee acquires by virtue of his employment." Section 2854 states that someone who receives "good consideration" for his service to an employer "shall use ordinary care and diligence therein, so long as he is thus employed." Section 2859 provides that an employee "is always bound to use such skill as he possesses" in rendering the services he has agreed to provide to his employer. These three subsections do nothing more than state common-law principles; they do not create private causes of action.

California courts have repeatedly and consistently held that no private right of action should be inferred from the text of a statute unless the legislature has expressly provided for one. *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999) (quoting *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 294-95 (1988)); *Schaefer v. Williams*, 15 Cal. App. 4th 1243, 1248 (1993); *see also Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 133 (1997). None of the three Labor Code sections at issue expressly authorizes a private right of action. Indeed, these three provisions stand in sharp contrast to other sections of the Labor Code, where the California Legislature has provided for enforcement through private lawsuits with the necessary and explicit language that is required. *See, e.g.*, Cal. Lab. Code §

---

[3] A discrepancy exists between the sections of the Labor Code relied upon in the text of the First Amended Complaint and those referenced in the caption of that document. Specifically, in Paragraph 185 of the FAC, Plaintiffs allege a violation of Sections 2854 and 2859 of the Labor Code. By contrast, the caption of the FAC asserts a violation of Sections 2853 and 2863, which are mentioned nowhere in the text of the document. As noted above, this motion focuses on the statutory provisions actually discussed in the operative pleading, not as they are mistakenly described in the caption. *See supra* note 2.

- 4 -    Mot. Partial Judg. on Pleadings; Gallagher v. EPIC, Case No. 07-CV-06418-JSW

1194(a) (providing that an employee "is entitled to recover *in a civil action* the unpaid balance of the full amount of this minimum wage or overtime compensation"); *id.* § 226(g) (indicating that an employee may "*bring an action for injunctive relief* to ensure compliance" with the employer's obligation to provide an "itemized" wage statement) (emphasis added); *id.* § 2855 (providing that both employers and employees "*shall have the right to recover damages* for a breach of [a] contract" for personal services) (emphasis added).

Plaintiffs cannot invent a private right of action where the statutes do not create one. Because there is no right of action for these statutes, Plaintiffs' efforts to bring these claims fails as a matter of law.[4]

### B. "Unjust Enrichment" Is a Measure of Damages, and Not an Independent Cause of Action.

Plaintiffs' thirteenth claim for "unjust enrichment" is not a valid claim. As the California Court of Appeal has stated: "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992).

The term "unjust enrichment" describes a measure of restitution, not a cognizable legal claim. The concept is invoked to disgorge the ill-gotten gains of a wrongdoer, but its invocation is proper only when the plaintiff establishes a right to recovery through an independent theory of liability in the first instance. *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1314-15 (1989). The emptiness of this putative cause of action is evident from the complaint

---

[4] The spurious character of the fourth and ninth claims is evident in the FAC itself, which separately asserts legal claims based on the same common-law duties and responsibilities that the three statutory provisions purport to codify. *See, e.g.*, FAC ¶¶ 179-83 ("breach of fiduciary duty and duty of loyalty"); *id.* ¶¶ 143-53 ("misappropriation of trade secrets"); *id.* ¶¶ 161-65 ("conversion"). The fact that these statutory provisions provide no basis for a private right of action is also apparent from California cases, which rely on these specific provisions to analyze common-law claims, but *never* rely on them as the foundation for an independent claim. *See, e.g., See, e.g., Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 414 (2007) (citing Section 2863 when analyzing a claim for breach of the duty of loyalty); *Aetna Bldg. Maintenance Co. v. West*, 39 Cal. 2d 198, 204 (1952) (citing Section 2860 when explaining a claim for misappropriation of trade secrets). In short, these statutory provisions are nothing more than "an expression of the familiar principle[s]" of the employer-employee relationship. *So. Cal. Disinfecting Co. v. Lomkin*, 183 Cal. App. 2d 431, 444 (1960) (quoting 32 Cal. Jur. 2d § 18).

itself, which contains no unique allegations in support of it, but instead invokes the "circumstances" of the case to assert a claim for damages. FAC ¶¶ 206, 207. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (ignoring a so-called claim for "unjust enrichment" and explaining that a court "must look to the actual gravamen of [a] complaint to determine what cause of action, if any, [is] stated").

Stated succinctly, "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003); *see also McBride*, 123 Cal. App. 4th at 387 ("Unjust enrichment is not a cause of action . . . ."). This claim therefore also fails as a matter of law and should be dismissed accordingly.

## IV.  CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion and dismiss the fourth, ninth and thirteenth claims within the First Amended Complaint.

Dated: July 31, 2008

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.

By: _____
Kevin M. Smith

Attorneys for Defendants
ALLEN L. AMOS, ERIC CHUA, CAROL ANN COHN, NEIL R. COHN, ROBERT E. DUTTO, ROBERT D. ELLSWORTH, SUSAN M. ENGLISH, JAMES C. HALBLEIB, STEPHEN HAUSE, DON J. JOHNSON, LAURINDA A. MARTIN, SHANDRANETTE MIDDLETON, GEORGE J. PETTY, WILLIAM PHILLIPS, JR., LINDA SOO HOO, DIRCK R. STINSON PAUL H. WAGENER, ROBERT H. WATKINS